1

2

3

4

5

6

7

8

9

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 10 BOILERMAKERS NATIONAL ANNUITY<br>11 TRUST FUND, on behalf of itself and all<br>others similarly situated, | ) NO.  2:09-CV-00037-MJP<br>)<br>) |
| 12<br>13 Plaintiff, | ) FEDERAL DEPOSIT INSURANCE<br>) CORPORATION'S MOTION TO DISMISS<br>) FOR LACK OF SUBJECT MATTER |
| 14 v. | ) JURISDICTION<br>) |
| 15 WAMU MORTGAGE PASS THROUGH<br>16 CERTIFICATES, SERIES 2006-AR1, *et al.*, | ) ORAL ARGUMENT REQUESTED<br>)<br>) **Note on Motion Calendar:** |
| 17 Defendants. | ) **March 6, 2009**<br>) |
| 18 | |

19         The Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank,

20 a depository institution ("FDIC as Receiver"), through undersigned counsel and pursuant to

21 Federal Rule of Civil Procedure 12(b)(1) and 12 U.S.C. § 1821(d)(13)(D), hereby files this

22 motion to dismiss, for lack of subject matter jurisdiction, the claims of plaintiff Boilermakers

23 National Annuity Trust Fund ("Boilermakers") against the FDIC as Receiver.  As grounds for

24 its motion, the FDIC as Receiver states as follows:

25                                        **Introduction**

26         1.        Boilermakers filed its lawsuit after the FDIC was appointed receiver for

27 Washington Mutual Bank, but before it had even filed a claim in the receivership, much less

28

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

1   exhausted its administrative remedies. Pursuant to 12 U.S.C. § 1821(d)(13)(D), neither this

2   Court nor any other court has jurisdiction over Boilermakers' claims against the FDIC as

3   Receiver for Washington Mutual Bank until Boilermakers' has exhausted the claim process

4   established by the FDIC.

5        2.    As the Ninth Circuit Court of Appeals has explicitly and dispositively held:

6   "Section 1821(d)(13)(D) strips all courts of jurisdiction over claims made outside the

7   administrative procedures of section 1821." *Henderson v. Bank of New England*, 986 F.2d

8   319, 320 (9th Cir.), *cert. denied*, 510 U.S. 995 (1993). Requiring exhaustion of the FDIC's

9   administrative remedies fulfills the purpose of the Financial Institutions Reform, Recovery

10  and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821(d)(3)–(10) & (13), "'to ensure that the

11  assets of a failed institution are distributed fairly and properly among those with valid claims

12  against the institution' and promptly to 'wind up the affairs of failed banks.'" *McCarthy v.*

13  *Federal Deposit Ins. Corp.*, 348 F.3d 1075, 1079 (9th Cir. 2003) (quoting *Freeman v. Federal*

14  *Deposit Ins. Corp.*, 56 F.3d 1394, 1401–02 (D.C. Cir. 1995)).

15       3.    Boilermakers having failed to comply with the statutorily mandated

16  administrative process, the FDIC as Receiver respectfully requests that Boilermakers' claims

17  against it be dismissed for lack of subject matter jurisdiction.

18  **Procedural Posture**

19       4.    The FDIC is a corporation organized and existing pursuant to an Act of

20  Congress of the United States known as the Federal Deposit Insurance Act, 12 U.S.C. § 1811,

21  *et. seq.*, with its principal place of business located in Washington, D.C.

22       5.    On September 25, 2008, the Office of Thrift Supervision declared Washington

23  Mutual Bank insolvent and appointed the FDIC as its receiver. Pursuant to 12 U.S.C.

24  § 1821(c)(3)(A)(ii), the FDIC accepted the appointment as receiver of Washington Mutual

25  Bank. A copy of the documentation reflecting the September 25, 2008 appointment of the

26  FDIC as Receiver for Washington Mutual Bank by the Office of Thrift Supervision is

27  attached hereto as Exhibit A.

28

FDIC'S MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION - 2
Cause No.: 2:09-CV-00037-MJP
#699097 v2 / 30490-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

1    6.    In accordance with 12 U.S.C. § 1821 (d)(3)(B), the FDIC as Receiver

2  published a Notice, first published on October 1, 2008, advising creditors of Washington

3  Mutual Bank to present all claims by the claims bar date of December 30, 2008, consistent

4  with 12 U.S.C. § 1821(d)(3). A copy of the published Notice is attached as Exhibit B.

5    7.    On or about January 12, 2009, more than three months after the FDIC was

6  appointed receiver of Washington Mutual Bank, Boilermakers filed the complaint in this

7  action against Washington Mutual Bank.

8    8.    On January 21, 2009, Boilermakers filed a purported "Declaration of Service

9  of Summons in a Civil Action," which purports to show service upon defendant Washington

10  Mutual Bank. A copy is attached as Exhibit C. The Declaration claims to have served a "Reg

11  Agent for Corp.," but does not identify the "Corp." to which it refers. Of course, Washington

12  Mutual Bank was a federally chartered bank and a depository institution, not a "corporation."

13  Moreover, service could not properly have been made on Washington Mutual Bank in January

14  of this year because 12 U.S.C. § 1821(d)(2)(A)(i) provides that the FDIC, as Receiver, succeeds

15  to "all rights, titles, powers and privileges of the insured depository institution," and the FDIC

16  was appointed as receiver in September 2008. Therefore, because the Office of Thrift

17  Supervision ceded all of Washington Mutual Bank's rights to the FDIC, including the right to

18  wind up its affairs, Washington Mutual Bank had ceased to exist and could not be served with

19  process by Boilermakers. *Cf. McAninch v. Wintermute*, 478 F.3d 882, 891 (8th Cir. 2007).

20  The FDIC as Receiver has not been served with the complaint or process in this action.

21    9.    Nevertheless, on February 9, 2009, the FDIC as Receiver moved for substitution

22  as a real party in interest pursuant to Federal Rule 23(c). All parties consented to the motion

23  for substitution. This Court granted that motion on February 11.

24                                   **ARGUMENT**

25  A.    Standard on Rule 12(b)(1) Motion

26    10.    It is a fundamental precept that federal courts are courts of limited jurisdiction.

27  Limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equip. & Erection*

28

FDIC'S MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION - 3
Cause No.: 2:09-CV-00037-MJP
#699097 v2 / 30490-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

1  *Co. v. Kroger*, 437 U.S. 365, 374, 98 S. Ct. 2396, 57 L.Ed.2d 274 (1978). The plaintiff has

2  the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life*

3  *Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994).

4      11.    A defendant may attack the existence of subject matter jurisdiction not only on

5  the face of the pleadings, but also with evidence extrinsic to the pleadings. *Mortenson v. First*

6  *Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (9th Cir. 1979). In such a case, the Court may

7  rely on evidence extrinsic to the pleadings. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th

8  Cir. 1989). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence

9  of disputed material facts will not preclude the trial court from evaluating for itself the merits

10  of jurisdictional claims." *Thornhill Publ'g Co. v. General Tel. Elec., Inc.*, 594 F.2d 730, 733

11  (9th Cir. 1979) (quoting *Mortenson*, 549 F.2d at 891).

12  B.    The Complaint Against FDIC as Receiver Should Be Dismissed for Lack of Subject
        Matter Jurisdiction.

13

14      12.    The Court should dismiss Boilermakers' claims against the FDIC as Receiver

15  because it currently lacks jurisdiction over these claims. 12 U.S.C. § 1821(d)(13)(D) directs

16  that no court shall have jurisdiction over any claim or action for payment from, or any action

17  seeking a determination of rights with respect to, the assets of any depository institution for

18  which the FDIC has been appointed receiver unless the plaintiff has first exhausted its

19  administrative remedies.

20      Except as otherwise provided in this subsection, **no court shall have
        jurisdiction over–**

21          **(i)** any claim or action for payment from, or any action seeking a
            determination of rights with respect to, the assets of any depository

22          institution for which the Corporation has been appointed receiver,

23          including assets which the Corporation may acquire from itself as
            such receiver; or

24          **(ii)** any claim relating to any act or omission of such institution or

25          the Corporation as a receiver.

26  12 U.S.C. § 1821(d)(13)(D) (emphasis added).

27

28

FDIC'S MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION - 4
Cause No.: 2:09-CV-00037-MJP
#699097 v2 / 30490-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

1        13.    Boilermakers' claims constitute claims for payment from, or an action seeking

2    a determination of rights with respect to, the assets of Washington Mutual Bank.   Yet

3    Boilermakers has not even initiated, let alone exhausted, its administrative remedies.

4        14.    FIRREA, 12 U.S.C. § 1821(d)(3)–(10) & (13), makes participation in the

5    administrative claim review process a mandatory condition precedent to pursuing claims

6    against the FDIC in court.   *See, e.g., Intercontinental Travel Marketing, Inc. v. Federal*

7    *Deposit Ins. Corp.*, 45 F.3d 1278, 1282–84 (9th Cir. 1994); *Freeman v. FDIC*, 56 F.3d at

8    1400; *Abbott Bldg. Corp. v. United States*, 951 F.2d 191, 194 n.3 (9th Cir. 1991).   No court

9    has jurisdiction over Boilermakers' claims against the FDIC as Receiver until the exhaustion

10   of this mandatory administrative process.   *Intercontinental Travel*, 45 F.3d at 1282–83.

11       15.    FIRREA contains no provision granting federal jurisdiction over claims filed

12   after a receiver is appointed but before administrative exhaustion.   *Henderson v. Bank of New*

13   *England*, 986 F.2d at 320 (citing *Meliezer v. Resolution Trust Corp.*, 952 F.2d 879, 882 (5th

14   Cir. 1992)).   To the contrary, FIRREA bars judicial review of any non-exhausted claim that is

15   susceptible of resolution through the claims process.   *Rosa v. Resolution Trust Corp.*, 938

16   F.2d 383, 391 (3d Cir.), *cert. denied*, 502 U.S. 981 (1991).   "Section 1821(d)(13)(D) strips all

17   courts of jurisdiction over claims made outside the administrative procedures of section

18   1821."   *Henderson*, 986 F.2d at 320.   Thus, a claimant *must first file a claim with the FDIC*

19   before a claimant can file suit in district court.   Boilermakers has failed to do so.

20       16.    Requiring exhaustion fulfills the purpose of FIRREA "'to ensure that the assets

21   of a failed institution are distributed fairly and properly among those with valid claims against

22   the institution' and promptly to 'wind up the affairs of failed banks.'"   *McCarthy v. FDIC*,

23   348 F.3d at 1079 (quoting *Freeman v. FDIC*, 56 F.3d at 1401–02).   Congress emphasized that

24   the "exhaustion requirement was a key linchpin in achieving the legislative goal of resolving

25   the 'bulk of claims against failed financial institutions expeditiously and fairly' through the

26   administrative process without 'unduly burdening the District Courts.'"   *Feise v. Resolution*

27

28

1 │ *Trust Corp.*, 815 F. Supp. 344, 348 (E.D. Cal. 1993) (quoting H.R. Rep. No. 54(1), 101st

2 │ Cong., 1st Sess., *reprinted in* 1989 U.S.C.C.A.N. 215).

3 │      17.     Because exhaustion of administrative remedies is required pursuant to FIRREA

4 │ prior to any court having jurisdiction over such a claim and Boilermakers has failed to exhaust

5 │ its administrative remedies, dismissal is appropriate under FIRREA.

6 │ **Prayer For Relief**

7 │      WHEREFORE, on the basis of the foregoing, the FDIC as Receiver for Washington

8 │ Mutual Bank respectfully requests that this Court dismiss Boilermakers' complaint against the

9 │ FDIC for lack of subject matter jurisdiction, together with such other and further relief

10 │ deemed just and proper under the circumstances. A proposed Order has been submitted to the

11 │ Court.

12 │      DATED this 12th day of February, 2009.

13 │

14 │                        Respectfully submitted,

15 │

16 │                        KARR TUTTLE CAMPBELL

                       By: s/Walter E. Barton
                           Bruce E. Larson, WSBA #6209
                           Dennis H. Walters, WSBA #9994
                           Walter E. Barton, WSBA #26408
                           Mike Liles, Jr., WSBA #01365
                           Karr Tuttle Campbell
                           1201 3rd Avenue, Suite 2900
                           Seattle, Washington 98101-3028
                           Email: blarson@karrtuttle.com
                           Email: dwalters@karrtuttle.com
                           Email: gbarton@karrtuttle.com
                           Email: mliles@karrtuttle.com
                           Phone: (206) 224-8027
                           Fax: (206) 682-7100

                           Attorneys for Defendant Federal
                           Deposit Insurance Corporation as
                           Receiver for Washington Mutual
                           Bank

FDIC'S MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION - 6
Cause No.: 2:09-CV-00037-MJP
#699097 v2 / 30490-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

1    Of Counsel:

2    Kevin P. Chavous
3    Kenneth J. Pfaehler
     Sonnenschein Nath & Rosenthal LLP
4    1301 K Street, NW, Suite 600 East Tower
     Washington, D.C.  20005
5    kchavous@sonnenschein.com
6    kpfaehler@sonnenschein.com
     Phone: (202) 408-6468
7    Fax:    (202) 408-6399

8    Michael H. Barr
9    Sonnenschein Nath & Rosenthal LLP
     1221 Avenue of the Americas, 24th Floor
10   New York, New York  10020
11   mbarr@sonnenschein.com
     Phone: (212) 768-6700
12   Fax:    (212) 768-6800

13   Leslie D. Davis
14   Sonnenschein Nath & Rosenthal LLP
     7800 Sears Tower, 233 S. Wacker Drive
15   Chicago, Illinois  60606
     ldavis@sonnenschein.com
16   Phone: (312) 876-8000
17   Fax:    (312) 876-7934

18

19

20

21

22

23

24

25

26

27

28

FDIC'S MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION - 7
Cause No.: 2:09-CV-00037-MJP
#699097 v2 / 30490-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

1

DECLARATION OF SERVICE

2

    I hereby certify that on February 12, 2009, I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4

following:

5

**HAGENS BERMAN SOBOL SHAPIRO LLP**

6

1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

7

Phone: 206-623-7292
Fax:    206-623-0594

8

Steve W. Berman, WSBA #12536

9

steve@hbsslaw.com
Reed R Kathrein

10

reed@hbsslaw.com

11

**SCHOENGOLD SPORN LAITMAN & LOMETTI, P.C.**

12

19 Fulton Street, Suite 406
New York, NY 10038

13

Phone: 212-964-0046
Fax:    212-267-8137

14

Joel P. Laitman

15

joel@spornlaw.com
Christopher E. Lometti

16

chris@spornlaw.com
Frank R. Schirripa

17

frank@spornlaw.com
Daniel B. Rehns

18

daniel@spornlaw.com

19

Counsel for Plaintiff and the Proposed Class

20

21

22

23

24

25

26

27

28

FDIC'S MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION - 8
Cause No.: 2:09-CV-00037-MJP
#699097 v2 / 30490-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

s/Walter E. Barton
Bruce E. Larson, WSBA #6209
Dennis H. Walters, WSBA #9994
Walter E. Barton, WSBA #26408
Mike Liles, Jr., WSBA #01365
Karr Tuttle Campbell
Attorneys for Defendant Federal Deposit Insurance
Corporation as Receiver for Washington Mutual Bank
1201 3rd Avenue, Suite 2900
Seattle, Washington  98101-3028
Email: blarson@karrtuttle.com, Phone: (206) 224-8027
Email: dwalters@karrtuttle.com, Phone: (206) 224-8018
Email: gbarton@karrtuttle.com, Phone: (206) 224-8030
Email: mliles@karrtuttle.com, Phone: (206) 224-8068
Fax:  (206) 682-7100

FDIC'S MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION - 9
Cause No.: 2:09-CV-00037-MJP
#699097 v2 / 30490-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100