1                                                 Honorable Marsha J. Pechman

2

3

4

5

6

7      UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9  BOILERMAKERS NATIONAL ANNUITY
TRUST, On Behalf of Itself and All Others      No. C09-0037 (MJP)

10 Similarly Situated,

11                          Plaintiff,     MOTION OF BOILERMAKERS
NATIONAL ANNUITY TRUST, NEW
ORLEANS EMPLOYEES' RETIREMENT

12     v.                             SYSTEM AND MARTA/ATU LOCAL 732
EMPLOYEES RETIREMENT PLAN FOR

13 WAMU MORTGAGE PASS-THROUGH      APPOINTMENT OF LEAD PLAINTIFFS
CERTIFICATES, SERIES 2006-ARI, *et al.*,     AND APPROVAL OF LEAD COUNSEL;

14                    Defendants.    MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

15

16                                     NOTE ON MOTION CALENDAR:
April 3, 2009

17

18

19  NEW ORLEANS EMPLOYEES'
RETIREMENT SYSTEM and MARTA/ATU     No. C09-00134 (RSM)

20 LOCAL 732 EMPLOYEES RETIREMENT
PLAN, Individually and on Behalf of All Others

21 Similarly Situated,

22                          Plaintiff,

23     v.

24 WASHINGTON MUTUAL BANK, *et al.*,

25                    Defendants.

26

MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS
AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case Nos. C09-0037 (MJP) / C09-00134 (RSM)

010094-11 291398 V1



HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1   The Boilermakers National Annuity Trust ("Boilermakers"), New Orleans Employees'

2   Retirement System ("New Orleans") and MARTA/ATU Local 732 Employees Retirement Plan

3   ("MARTA/ATU") (collectively, "Plaintiffs" or "Movants"), hereby move, pursuant to the

4   Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, for appointment of Lead

5   Plaintiffs and for approval of Schoengold Sporn Laitman & Lometti, P.C. ("SSLL"), Labaton

6   Sucharow LLP ("Labaton") and Barroway Topaz Kessler Meltzer & Check, LLP ("BTKMC") as

7   Lead Counsel for the Class and Hagens Berman Sobol Shapiro LLP ("HBSS") as Liaison

8   Counsel for the Class.

9                                   **I.      INTRODUCTION**

10      The complaints filed in these actions[1] allege violations of Sections 11, 12 and 15 of the

11   Securities Act of 1933, 15 U.S.C. § 77a *et seq.* ("Securities Act") on behalf of purchasers of

12   Washington Mutual Mortgage Pass-Through Certificates (the "Certificates" or the "WaMu

13   Certificates") who purchased the Certificates, backed by pools of residential mortgage loans,

14   pursuant to or traceable to a Registration Statement filed by Washington Mutual Asset

15   Acceptance Corporation, in a series of public offerings of Mortgage Pass-Through Certificates

16   ("MPTC") from January 2006 through July 2007 issued by the Defendant Issuer Trusts

17   (collectively, the "Offerings" or the "WaMu Offerings").

18      The Certificates were issued pursuant to a common Registration Statement filed with the

19   Securities Exchange Commission ("SEC") in or around January 2006 (the "Registration

20   Statement").  The Offerings occurred in this venue.  The Certificates herein are Mortgage Pass-

21   Through Certificates collateralized by mortgages originated principally by Washington Mutual

22

23      [1] A motion for consolidation of these two actions, *Boilermakers National Annuity Trust, et al. v. WaMu Mortgage Pass-Through Certificates Series 2006-AR1, et al.*, C09-0037 (MJP) (the "Boilermakers Action") and *New Orleans Employees Retirement System, et al. v. Washington Mutual Bank, et al.*, C09-00134 (RSM) (the "New Orleans Action"), was filed by Defendants WaMu Capital Corporation, Washington Mutual Asset Acceptance Corporation and the Individual Defendants on February 19, 2009.  Said motion is unopposed by all parties herein, except Defendant Federal Deposit Insurance Corporation ("FDIC"), as receiver for Defendant Washington Mutual Bank.

24

25

26



Bank, F.S.B. ("WMB") as well as various third-party mortgage loan originators, each of which at all relevant times were commercial and residential lenders. The mortgages and liens on the mortgaged properties constituting the Certificates collateral were, as set forth in the Prospectuses, to be the principal source by which Certificate purchasers were to obtain repayment of their investment, plus interest. As also set forth in the Registration Statements, the Certificate collateral was purportedly originated pursuant to specific underwriting procedures and guidelines.

The Underwriter for the Offerings was Washington Mutual Capital Corporation ("WMCC" or the "Underwriter"). The Underwriter was obligated to conduct meaningful due diligence to ensure that the Registration Statement contained no material misstatements and omissions, including as related to the stated manner in which the mortgages had been originated. The Underwriter received substantial fees for its work in connection with the Offerings. At the time of the Offerings, the Certificates were issued at or around par value.

The Boilermakers Action was first filed in United States District Court for the Western District of Washington on January 12, 2009. A PSLRA notice was published pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") in a national business-oriented wire service on January 14, 2009 (*See* Declaration of Steve Berman in Support of Motion for Appointment of Lead Plaintiffs and Approval of Lead Counsel (the "Berman Decl."), Exhibit ("Ex.") A). This motion is being filed within 60 days from the date of publication of that first notice.

The New Orleans Action was initially filed on or about August 4, 2008, in Washington State, King County Superior Court, Case No. 08-2-26210-3 SEA, and was assigned to the Honorable Michael J. Trickey (the "King County Action"). Thereafter, on December 16, 2008, Plaintiffs New Orleans and MARTA/ATU filed a First Amended Complaint in the King County Action. On January 29, 2009, Defendants filed a Notice of Removal to remove the King County Action to Federal District Court, which was assigned Docket No. 09-cv-00134 (RSM). A

MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS
AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF - 2
Case Nos. C09-0037 (MJP) / C09-00134 (RSM)

010094-11  291398 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

1    PSLRA notice was published pursuant to the Private Securities Litigation Reform Act of 1995

2    (the "PSLRA") in a national business-oriented wire service on February 18, 2009, by Labaton

3    and BTKMC on behalf of Plaintiffs New Orleans and MARTA/ATU, which included reference

4    and explanation of the Boilermakers Action and the PSLRA notice filed on January 12, 2009.

5    *See* Berman Decl. Ex. B.  This motion is being filed within 60 days from the date of publication

6    of that January 12, 2009, notice.

7            As set forth in the Boilermakers' Certification of Securities Class Action Complaint

8    ("Boilermakers Certification"), which is annexed as Ex. C to the Berman Decl., the Boilermakers

9    expended approximately $6,906,509.90 to purchase units of WaMu Mortgage Pass-Through

10   Certificates Series 2006-AR7 and Series 2007-HY7.  *See* Berman Decl., Ex. C.  As set forth in

11   New Orleans' Certification of Securities Class Action Complaint ("New Orleans Certification"),

12   which is annexed as Ex. D to the Berman Decl., New Orleans expended approximately

13   $899,741.66 to purchase units of WaMu Mortgage Pass-Through Certificates Series 2005-AR12,

14   Series 2006-AR14, Series 2006-AR16, Series 2006-AR18 and Series 2006-HY2.  Furthermore,

15   as set forth in MARTA/ATU's Certification of Securities Class Action Complaint

16   ("MARTA/ATU Certification"), which is annexed as Ex. E to the Berman Decl., MARTA/ATU

17   expended approximately $3,412,334.80 to purchase units of WaMu Mortgage Pass-Through

18   Certificates Series 2006-AR2, Series 2006-AR12, Series 2006-AR16, Series 2006-AR18, Series

19   2007-HY2, Series 2007-HY4 and Series 2007-HY7.  As of the filing date hereof, the collective

20   outstanding investments in Certificates of the proposed Lead Plaintiffs have declined in value in

21   excess of sixty-two percent (62%), thus, resulting in a substantial loss and giving rise to a

22   compelling financial interest in the relief sought by the putative class herein.  By virtue of this

23   loss, it is respectfully submitted that the Court should appoint the Boilermakers, New Orleans

24   and MARTA/ATU as Lead Plaintiffs, most capable of adequately representing the interests of

25   the Class and approve SSLL, Labaton and BTKMC as Lead Counsel, and HBSS as Liaison

26   Counsel for the Class.  SSLL, Labaton, BTKMC, as well as HBSS each have extensive

MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS
AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3
Case Nos. C09-0037 (MJP) / C09-00134 (RSM)
010094-11  291398 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

experience in securities fraud and derivative litigation and have won many important victories

for shareholders who have been injured as a result of securities fraud.  *See* Berman Decl., Exs. F,

G, H, I.

## II.      ARGUMENT

### A.      Movants Are The Most Adequate Plaintiffs Under The Securities Act

On December 22, 1995, Congress enacted Public Law 104-67, 109 Stat. 737

(December 22, 1995), entitled the Private Securities Litigation Reform Act of 1995 (the

"PSLRA"), codified at 15 U.S.C. § 77z-1.  The PSLRA amends the Securities Act to include a

new Section 27 that, *inter alia*, sets forth a detailed procedure for selecting the lead plaintiff to

oversee class actions brought under the federal securities laws.

Section 27(a)(3)(B)(i) of the Securities Act directs the court to appoint as lead plaintiff

"the member or members of the purported plaintiff class that the court determines to be most

capable of adequately representing the interests of class members."  Section 27(a)(3)(B)(iii)

requires a presumption that the most adequate plaintiff:

> (aa)     has either filed the complaint or made a motion in response
> to a notice under [the PSLRA];
>
> (bb)     in the determination of the court, has the largest financial
> interest in the relief sought by the class; and
>
> (cc)     otherwise satisfies the requirements of Rule 23 of the
> Federal Rules of Civil Procedure.

Section 27(a)(3)(B)(iii), 15 U.S.C. § 77z-1(a)(3)(B)(iii); *see also Richardson v. TVIA, Inc.*, No.

C-06-06304 RMW, 2007 U.S. Dist. Lexis 28406 at *8-9 (N.D. Cal. Apr. 16, 2007) (citing *In re

Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

The goal of Congress in enacting this provision was to "empower investors" to "have the

greater control over class action cases."  *See* "Private Securities Litigation Reform Act of 1995 –

Conference Report," 141 Cong. Rec. S17933-97, at S17956 (daily ed. Dec. 5, 1995).

MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS
AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4
Case Nos. C09-0037 (MJP) / C09-00134 (RSM)
010094-11  291398 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

The proposed Lead Plaintiffs are institutional investors that have suffered substantial losses as a result of Defendants' alleged wrongful conduct.  In order to reduce "lawyer-driven" litigation, "through the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors."  *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997).  *See also Sakhrani v. Brightpoint, Inc.*, 78 F. Supp. 2d 845, 850 (S.D. Ind. 1999) ("The PSLRA was enacted with the explicit hope that institutional investors … would step forward to represent the class and exercise effective management and supervision of the class lawyers.").  By appointing the Boilermakers, New Orleans and MARTA/ATU as Lead Plaintiffs in this case, the Court would be fulfilling one of Congress's major aims in passing the PSLRA, namely giving institutional investors an increased role in securities class actions.

### 1.    The Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person . . . that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also TVIA*, 2007 U.S. Dist. 28406 at *8 (citing *Cavanaugh*, 306 F.3d at 730).  "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005); *see* also *TVIA*, 2007 U.S. Dist. 28406 at *14 (approximate loss is most determinative).

The Boilermakers, New Orleans and MARTA/ATU each have a major financial stake in this litigation.  As set forth more fully in the Boilermakers, New Orleans and MARTA/ATU's Certifications of Securities Class Action Complaint, each expended substantial amounts in purchasing the Certificates.  *See* Berman Decl., Exs. C, D, E.  The Movants' initial investments in the Certificates owned as of the date of the filing of the instant motion have declined in value in excess of sixty-two percent (62%), and thus, have declined precipitously from the price that

MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS
AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF - 5
Case Nos. C09-0037 (MJP) / C09-00134 (RSM)
010094-11  291398 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1   each had paid – resulting in substantial financial loss as a result of the wrongful conduct alleged.

2   Plaintiffs are not aware of any other persons who suffered greater losses in connection with the

3   purchase of the Certificates.  Thus, the Boilermakers, New Orleans and MARTA/ATU are

4   precisely the type of investors that should be appointed as Lead Plaintiffs in this consolidated

5   action.

> **2.    The Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 27(a)(3)(B) of the Securities Act further provides that the lead plaintiff must also

8   "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15

9   U.S.C. § 77z-1(a)(3)(B).  Rule 23(a) provides that a party may serve as a class representative

10  only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

15  Fed. R. Civ. P. 23(a).

16  For purposes of appointing the lead plaintiff, "of the four prerequisites to class

17  certification, the focus is only on the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4))

18  requirements."  *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000) (citation omitted);

19  *Siegall v. Tibco Software, Inc.*, 2006 U.S. Dist. Lexis 26780, at *14-15 (N.D. Cal. 2006) ("In the

20  context of determining the appropriate lead plaintiff under the PSLRA, the requirements of

21  'typicality' and adequacy of representation are the key factors."); *see also Gluck v. CellStar*

22  *Corp.*, 976 F. Supp. at 546.  As a general rule, a plaintiff's claim meets the typicality requirement

23  if it is both legally and factually similar and arises out of the same events or course of conduct

24  that gives rise to the claims of the other class members.  This does not require that the claims be

25  identical, but there must be some common question of fact or law.  *See In re Independent Energy*

26  *Holdings PLC Sec. Litig.*, 210 F.R.D. 476, 480 (S.D.N.Y. 2002) (citing *In re Drexel Burnham*

1  *Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  This Court's analysis of any other

2  requirements of Rule 23 as it relates to class certification should be deferred until the Lead

3  Plaintiffs move for class certification.  *Schriver v. Impac Mortg. Holdings, Inc.*, 2006 U.S. Dist.

4  Lexis 40607, at *15-16 (C.D. Cal. May 1, 2006) ("At the lead plaintiff appointment stage, the

5  Rule 23 inquiry is not as searching as it would be on a motion for class certification; the

6  prospective lead plaintiff need only make a prima facie showing that it meets the typicality and

7  adequacy factors.").

8  　　　　Here, the Boilermakers, New Orleans and MARTA/ATU's claims are typical, if not

9  identical, to the claims of the members of the Class.  As set forth above, the losses suffered by

10  the Boilermakers, New Orleans and MARTA/ATU resulted from Defendants' common course of

11  conduct which violated the Securities Act by publicly disseminating materially misstatements in

12  the Registration Statements.  Thus, the Boilermakers, New Orleans and MARTA/ATU satisfy

13  the typicality requirement.

14  　　　　Further, Section 27(a)(3)(B)(iii) of the Securities Act directs the Court, in evaluating the

15  adequacy of a proposed lead plaintiff, to limit its inquiry to the existence of any conflicts

16  between the interests of the proposed representative and members of the class, and allows the

17  lead plaintiff to retain counsel of their choice to represent the Class "subject to the approval of

18  the court."  *See* Securities Act § 27(a)(3)(B)(v), 15 U.S.C. 77z-1(a)(3)(B)(v).  The adequacy

19  standard is met where (1) the named plaintiff has interests common with the Class' interests; and

20  (2) the representatives will vigorously pursue the interests of the Class through qualified counsel.

21  *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000) (citing *Drexel*,

22  960 F.2d at 291).

23  　　　　As set forth above, the Boilermakers, New Orleans and MARTA/ATU's interests are

24  clearly aligned with the members of the Class, and there is no evidence of any antagonism

25  between their interests and those of the Class.  The Boilermakers, New Orleans and

26  MARTA/ATU share numerous common questions of law and fact with the members of the

MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS
AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF - 7
Case Nos. C09-0037 (MJP) / C09-00134 (RSM)
010094-11  291398 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 ● Seattle, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

1    Class, and their claims are typical of the members of the Class. Further, the proposed Lead

2    Plaintiffs have retained competent counsel to represent it in this case. Thus, the alignment of

3    interests between the proposed Lead Plaintiffs and the Class and the skill of the proposed Lead

4    Plaintiffs' chosen counsel favor granting the instant motion.[2]

5    **B.    The Court Should Approve The Lead Plaintiffs' Choice of Lead Counsel**

6        The amendments to the Securities Act vest authority in the lead plaintiff to select and

7    retain lead counsel, subject to the approval of the court. *See* Securities Act § 27(a)(3)(B)(v), 15

8    U.S.C. § 77z-1(a)(3)(B)(v). A court should not disturb the lead plaintiff's choice of counsel

9    unless necessary to protect the interests of the plaintiff class. In the present case, the three

10   proposed Lead Plaintiffs have retained SSLL, Labaton and BTKMC, as well as Proposed Liaison

11   Counsel HBSS, as Lead Counsel to pursue this litigation on their behalf. As stated above, each

12   of these firms have extensive experience in both securities and complex commercial litigation.

13   As a result, the Proposed Lead Plaintiffs' choice of counsel should not be disturbed.

14                          **III.    CONCLUSION**

15       For all the foregoing reasons, the Plaintiffs respectfully request that the Court grant the

16   instant motion and:

17       i)      appoint the Boilermakers, New Orleans and MARTA/ATU as Lead Plaintiffs in

18   the above-captioned action pursuant to Section 27(a)(3)(B) of the Securities Act, 15 U.S.C.

19   § 77z-1(a)(3)(B);

20       ii)     approve the Lead Plaintiffs' choice of counsel and appoint SSLL, Labaton and

21   BTKMC as Lead Counsel, and HBSS as Liaison Counsel, pursuant to Section 27(a)(3)(B)(v) of

22   the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B)(v); and

23       iii)    grant such other and further relief as the Court may deem just and proper.

24   _____

25   [2] It is obvious that the requirements of numerosity and the common questions of law or fact
     are met as all purchases arose as a result of Defendants' material misstatements and omissions in
26   the Registration Statements. Thousands of Certificates valued in the millions of dollars were
     sold to many thousands of investors.

MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS
AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF - 8
Case Nos. C09-0037 (MJP) / C09-00134 (RSM)



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

1

2       DATED this 16th day of March, 2009.

3                               HAGENS BERMAN SOBOL SHAPIRO LLP

4

5                               By_____/s/ Steve W. Berman_____
                                    Steve W. Berman, WSBA #12536
6                                   Reed R. Kathrein
                                1301 Fifth Avenue, Suite 2900
7                               Seattle, Washington 98101
                                Telephone: (206) 623-7292
8                               Facsimile: (206) 623-0594

9                               *Liaison Counsel for Plaintiffs and for the Class*

10                              Joel P. Laitman
                                Christopher Lometti
11                              Daniel B. Rehns
                                **SCHOENGOLD SPORN LAITMAN &**
12                              **LOMETTI, P.C.**
                                19 Fulton Street, Suite 406
13                              New York, NY 10038
                                Telephone: (212) 964-0046
14                              Facsimile: (212) 267-8137

15                              *Counsel for Plaintiff Boilermakers*
                                *and Proposed Lead Counsel for the Class*
16

17                              Joseph A. Fonti
                                Jonathan Gardner
18                              **LABATON SUCHAROW LLP**
                                140 Broadway
19                              New York, New York 10005
                                Telephone: (212) 907-0700
20                              Facsimile: (212) 818-0477

21                              John A. Kehoe
                                Saran Nirmul
22                              Naumon A. Amjed
                                **BARROWAY TOPAZ KESSLER**
23                              **MELTZER & CHECK, LLP**
                                280 King of Prussia Road
24                              Radnor, Pennsylvania 19807
                                Telephone: 610-667-7706
25                              Facsimile: 610-667-7056

26                              *Counsel for Plaintiffs New Orleans and*
                                *MARTA/ATU and Proposed Lead Counsel for the Class*



1

## CERTIFICATE OF SERVICE

2
3
4
5

I hereby certify that on the 16th day of March, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

**Naumon A. Amjed**
namjed@btkmc.com
**David M. Balabanian**
david.balabanian@bingham.com
**Michael H. Barr**
mbarr@sonnenschein.com
**Walter E. Barton**
gbarton@karrtuttle.com
**Steve W. Berman**
steve@hbsslaw.com
**Frank Busch**
frank.busch@bingham.com
**Kevin P. Chavous**
kchavous@sonnenschein.com
**Leslie D. Davis**
ldavis@sonnenschein.com
**Brian C. Free**
bcf@hcmp.com
**Reed R. Kathrein**
reed@hbsslaw.com
**Frank R. Schirripa**
frank@spornlaw.com
**Joel P. Laitman**
joel@spornlaw.com
**Jonathan Gardner**
jgardner@labaton.com
**Joseph A. Fonti**
jfonti@labaton.com

**John A. Kehoe**
jkehoe@btkmc.com
**Bruce E. Larson**
blarson@karrtuttle.com
**Mike Liles, Jr.**
mliles@karrtuttle.com
**Sharan Nirmul**
snirmul@btkmc.com
**Louis D. Peterson**
ldp@hcmp.com
**Kenneth J. Pfaehler**
kpfaehler@sonnenschein.com
**Dennis H. Walters**
dwalters@karrtuttle.com
**Robert D. Stewart**
stewart@kiplinglawgroup.com
**Timothy M. Moran**
moran@kiplinglawgroup.com
**Christopher E. Lometti**
chris@spornlaw.com
**Daniel B. Rehns**
Daniel@spronlaw.com
**Stephen M. Rummage**
steverummage@dwt.com
**Steven Caplow**
stevencaplow@dwt.com
**Paul Scarlato**
pscarloto@labaton.com
**Serena Richardson**
srichardson@labaton.com

21

Executed this 16th day of March, 2009, in Seattle, Washington.

22

HAGENS BERMAN SOBOL SHAPIRO LLP

23
24

By: _____/s/ Steve W. Berman_____
       Steve W. Berman

25
26

MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS
AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF - 10
Case Nos. C09-0037 (MJP) / C09-00134 (RSM)

010094-11 291398 V1



HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594