The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOILERMAKERS NATIONAL ANNUITY TRUST FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAMU MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-AR1, *et al.*,<br><br>Defendants. | NO.   C09-00037-MJP<br><br>OPPOSITION OF DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION TO THE MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL<br><br>**Noted on Motion Calendar:<br>April 3, 2009** |

The Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank, a depository institution ("FDIC as Receiver"), through undersigned counsel, hereby respectfully submits this brief in opposition to the motions for appointment of lead plaintiffs and approval of lead counsel made by (1) the Boilermakers National Annuity Trust Fund, New Orleans Employees' Retirement System and MARTA/ATU Local 732 Employees Retirement Plan (Dkt. #41, referred to herein as the "Boilermakers Motion"), and (2) the Policemen's Annuity and Benefit Fund of the City of Chicago (Dkt. #43, referred to herein as the "Chicago PABF Motion"). Identical motions have been filed in *New Orleans Employees' Retirement System and MARTA/ATU Local 732 Employees Retirement Plan v. Washington Mutual Bank, et al.*, No. 09-0134-RSM (the "New Orleans Action"), and motions have been filed to consolidate this

FDIC'S OPPOSITION TO MOTIONS TO APPOINT
LEAD PLAINTIFF AND APPROVE LEAD COUNSEL - 1
#704430 v1 / 30490-002

*Law Offices*
**KARR TUTTLE CAMPBELL**
*A Professional Service Corporation*
1212 Standard Plaza, 1100 S.W. Sixth Avenue
Portland, Oregon 97204-1019

case with the New Orleans Action. As grounds for its opposition to the Boilermakers Motion and the Chicago PABF Motion, the FDIC as Receiver states as follows:

## Introduction

1.  The Boilermakers Motion and the Chicago PABF Motion seek to take the first substantive steps in the case under the procedures of the Private Securities Litigation Reform Act, 15 U.S.C. § 77z, *et seq.* (the "PSLRA"), although this action should not be proceeding at this time. In this action, the FDIC as Receiver has a pending motion to dismiss because plaintiff Boilermakers National Annuity Trust Fund ("Boilermakers") filed its lawsuit after the FDIC was appointed receiver for Washington Mutual Bank, but before the plaintiff had even filed a claim in the receivership, much less exhausted its administrative remedies. Pursuant to 12 U.S.C. § 1821(d)(13)(D), neither this Court nor any other has jurisdiction over Boilermaker's claims against the FDIC as Receiver for Washington Mutual Bank until the plaintiff has exhausted the claim process established by the FDIC, and accordingly the FDIC has moved to dismiss the action against it. The motion to dismiss was noted for hearing on March 6, 2009.

2.  The plaintiffs in the New Orleans Action, meanwhile, also have failed to exhaust their administrative remedies. On or about February 12, 2009, the New Orleans Action plaintiffs filed proofs of claim in the FDIC receivership for Washington Mutual Bank for the same claims they allege against Washington Mutual Bank in their first amended complaint. Accordingly, the FDIC has moved to stay the New Orleans Action during the 180-day statutory period provided in 12 U.S.C. § 1821(d)(5) for the FDIC to evaluate claims filed against a depository institution. This motion, which was noted for hearing on February 20, 2009, is fully briefed and currently *sub judice.*

3.  Before its motion to be appointed as lead plaintiff in this action and the New Orleans Action, the Policemen's Annuity and Benefit Fund of the City of Chicago (the "Chicago PABF") had not appeared in either case. The Chicago PABF, too, has failed to exhaust administrative remedies. Therefore its claims against the FDIC as Receiver in this action are subject to dismissal, and its claims in the New Orleans Action are subject to stay.

FDIC'S OPPOSITION TO MOTIONS TO APPOINT
LEAD PLAINTIFF AND APPROVE LEAD COUNSEL - 2
#704430 v1 / 30490-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1212 Standard Plaza, 1100 S.W. Sixth Avenue
Portland, Oregon 97204-1019

4.     The other parties to this action and the Boilermakers Action have sought consolidation of the cases. The other defendants propose that both actions should be stayed following consolidation, with initial proceedings under the PSLRA delayed until both cases properly can proceed simultaneously. Dkt. #39, Moving Parties' Reply to Opposition of FDIC to Motion to Consolidate, at 2. But allowing the Boilermakers Motion and the Chicago PABF Motion to be heard while the FDIC's motion to dismiss this action is pending, and while its motion to stay the New Orleans Action is *sub judice*, would prejudice the FDIC by forcing it to engage in core litigation matters during its statutory stay period, when it should by rights be undiverted by litigation while assessing the claims filed against Washington Mutual Bank.

5.     The appointment of lead plaintiffs and lead counsel is a vital part of the PSLRA procedure. To permit this process to go forward during the stay period, or before a stay is granted, subverts FIRREA's requirements and the holdings of Ninth Circuit opinions that litigation is not to proceed until the administrative claims process is exhausted. The FDIC has a statutory right to the 180-day it seeks, so that it may administer the claims submitted in the Washington Mutual Bank receivership in an orderly process, as Congress envisioned, and undiverted by litigation. The FDIC also has a statutory right to participate in the full range of litigation proceedings in this case, if the administrative process proves unsuccessful at resolving the claims of the New Orleans Action plaintiffs or the plaintiff here. FIRREA provides the 180-day stay precisely so that the FDIC is not forced to make the type of Hobson's choice proposed by the moving parties here. The Boilermakers Motion and the Chicago PABF Motion should not be heard until after the FDIC's statutory stay is exhausted in the New Orleans action. Accordingly, the FDIC as Receiver respectfully requests that the Boilermakers Motion and the Chicago PABF Motion be denied, with leave to renew the motions after the expiration of the 180-day stay period in the New Orleans action.

**Procedural Posture**

6.     The FDIC is a corporation organized and existing pursuant to an Act of Congress of the United States known as the Federal Deposit Insurance Act, 12 U.S.C. § 1811, et. seq., with its principal place of business located in Washington, D.C.

FDIC'S OPPOSITION TO MOTIONS TO APPOINT
LEAD PLAINTIFF AND APPROVE LEAD COUNSEL - 3
#704430 v1 / 30490-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1212 Standard Plaza, 1100 S.W. Sixth Avenue
Portland, Oregon 97204-1019

7. On September 25, 2008, the Office of Thrift Supervision declared Washington Mutual Bank insolvent and appointed the FDIC as its receiver. Pursuant to 12 U.S.C. § 1821(c)(3)(A)(ii), the FDIC accepted the appointment as receiver of Washington Mutual Bank.

8. In accordance with 12 U.S.C. § 1821(d)(3)(B), the FDIC as Receiver published a Notice, first publication on October 1, 2008, advising creditors of Washington Mutual Bank to present all claims to the FDIC, consistent with 12 U.S.C. § 1821(d)(3).

9. On or about January 12, 2009, more than three months after the FDIC was appointed receiver of Washington Mutual Bank, Boilermakers filed the complaint in this action against Washington Mutual Bank. The claims of Boilermakers constitute claims for payment from, or an action seeking a determination of rights with respect to, the assets of Washington Mutual Bank. Boilermakers' opposition to the FDIC's motion to dismiss this case announced that it had recently filed a proof of claim form and thereby "commenced the administrative claim review process with the Receiver, defendant FDIC." Dkt. #35, Boilermakers Opposition to Motion to Dismiss at 1, & Dkt. #36, Declaration of Daniel Rohn at ¶ 2 & Ex. A. Commencing the administrative claim review process is not the same as completing it, of course, and Boilermakers has not exhausted its administrative remedies, but merely started the process. Because Boilermakers' claims against the FDIC as Receiver are subject to mandatory administrative remedies, this Court lacks jurisdiction over the FDIC and the complaint against it must be dismissed.

10. The New Orleans Action plaintiffs commenced an action against, among others, Washington Mutual Bank on August 4, 2008. On January 28, 2009, the FDIC substituted in place of Washington Mutual Bank as a real party in interest, and on January 29, 2009, removed the case to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B). The claims of the plaintiffs in the New Orleans Action indisputably constitute claims for payment from, or an action seeking a determination of rights with respect to, the assets of Washington Mutual Bank. The New Orleans Action plaintiffs filed proofs of claim in the FDIC receivership for Washington Mutual Bank, dated February 12, 2009. The New Orleans Action plaintiffs have not exhausted their

FDIC'S OPPOSITION TO MOTIONS TO APPOINT
LEAD PLAINTIFF AND APPROVE LEAD COUNSEL - 4
#704430 v1 / 30490-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1212 Standard Plaza, 1100 S.W. Sixth Avenue
Portland, Oregon 97204-1019

administrative remedies at this point in time. The FDIC moved to stay the New Orleans Action, and that motion presently is *sub judice*.

## ARGUMENT

A. <u>The FDIC Is Entitled To Be Free From Litigation While Assessing the Plaintiffs' Claims in this Action and the Boilermakers Action</u>.

11. Without rearguing the pending motion to dismiss here, it is important for purposes of this motion to note that the Financial Institutions Reform, Recovery and Enforcement Act, 12 U.S.C. § 1821(d)(3)-(10) & (13) ("FIRREA"), makes participation in the administrative claim review process a mandatory condition precedent to pursuing claims against the FDIC in court. *See, e.g., Intercontinental Travel Marketing, Inc. v. Federal Deposit Ins. Corp.*, 45 F.3d 1278, 1282–84 (9th Cir. 1994); *Freeman v. Federal Deposit Ins. Corp.*, 56 F.3d 1394, 1400 (9th Cir. 1995); *Abbott Bldg. Corp. v. United States*, 951 F.2d 191, 194 n.3 (9th Cir. 1991). "Section 1821(d)(13)(D) strips all courts of jurisdiction over claims made outside the administrative procedures of section 1821." *Henderson v. Bank of New England*, 986 F.2d 319, 320 (9th Cir.), *cert. denied*, 510 U.S. 995 (1993). Thus, a claimant *must first file a claim with the* FDIC before the claimant can file suit in district court. Boilermakers has failed to do so. The new asserted lead plaintiff, the Chicago PABF, also has failed to first exhaust its administrative remedies.

12. With respect to the New Orleans Action, the FDIC as Receiver is entitled to a suspension or stay of pre-receivership claims pending the claimant's exhaustion of the statutory administrative claims process. *See, e.g., Intercontinental Travel Marketing*, 45 F.3d at 1282–84. Pursuant to 12 U.S.C. § 1821(d)(3)–(10), the FDIC is statutorily provided with 180 days to evaluate a claim filed against a depository institution. No court has jurisdiction over the claims of the New Orleans Action plaintiffs' until the exhaustion of this mandatory administrative process. *Id.* at 1282–83.

13. Requiring exhaustion fulfills the purpose of FIRREA "'to ensure that the assets of a failed institution are distributed fairly and properly among those with valid claims against the institution' and promptly to 'wind up the affairs of failed banks.'" *McCarthy v. Federal*

FDIC'S OPPOSITION TO MOTIONS TO APPOINT
LEAD PLAINTIFF AND APPROVE LEAD COUNSEL - 5
#704430 v1 / 30490-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1212 Standard Plaza, 1100 S.W. Sixth Avenue
Portland, Oregon 97204-1019

*Deposit Ins. Corp.*, 348 F.3d 1075, 1079 (9th Cir. 2003) (quoting *Freeman v. Federal Deposit Ins. Corp.*, 56 F.3d 1394, 1401-02 (D.C. Cir. 1995)). Congress emphasized that the "exhaustion requirement was a key linchpin in achieving the legislative goal of resolving the 'bulk of claims against failed financial institutions expeditiously and fairly' through the administrative process without 'unduly burdening the District Courts.'" *Feise v. Resolution Trust Corp.*, 815 F. Supp. 344, 348 (E.D. Cal. 1993) (quoting H.R. Rep. No. 54(1), 101st Cong., 1st Sess., *reprinted in* 1989 U.S.C.C.A.N. 215).

B. <u>The FDIC Cannot Be Forced to Forego Either The Benefits Of Its Statutory Stay or Its Rights Under the PSLRA</u>.

14. FIRREA requires that the entire New Orleans Action be stayed. To conclude otherwise would undermine the purpose of the statutory stay. FIRREA permits the FDIC to administer claims in an orderly and fair fashion, without being burdened by litigation related to those claims while doing so or being prejudiced later in the litigation by not having been party to motions, proceedings and discovery. "The orderly process Congress enacted would be threatened if administrative remedies and judicial remedies were allowed to proceed simultaneously." *Brady Dev. Co. v. Resolution Trust Corp.*, 14 F.3d 998, 1006 (4th Cir. 1994). "Congress was clear in providing the FDIC with the opportunity to settle claims on its own before federal judicial intervention." *Aguilar v. Federal Deposit Ins. Corp.*, 63 F.3d 1059, 1062 (11th Cir. 1995).

15. The Boilermakers Motion and the Chicago PABF Motion seek to force the FDIC to choose between exercising its stay rights and exercising its right as a litigant to participate in the procedures provided by the PSLRA. The procedure for choosing the lead plaintiff and lead counsel is a critical part of the PSLRA.

16. Moreover, the motion to consolidate should be decided before initial PSLRA procedures are undertaken. Therefore, the FDIC as Receiver submits that the appropriate course of action is to wait to determine the motion to consolidate until after the FDIC's stay is complete, and to delay the initial proceedings under the PSLRA until both cases can properly proceed simultaneously.

FDIC'S OPPOSITION TO MOTIONS TO APPOINT
LEAD PLAINTIFF AND APPROVE LEAD COUNSEL - 6
#704430 v1 / 30490-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1212 Standard Plaza, 1100 S.W. Sixth Avenue
Portland, Oregon 97204-1019

17. If the parties other than the FDIC feel they must proceed to the lead plaintiff selection stage immediately without awaiting the FDIC's stay, the plaintiffs can simply dismiss the FDIC with prejudice from both actions, and the other parties are then free to proceed on the schedule they choose within the PSLRA framework.

18. What should not be done here is to force the FDIC to litigate critical steps under the PSLRA when the New Orleans Action plaintiffs, Boilermakers and Chicago PABF have not exhausted their statutorily required administrative remedies. "Given Congress' insistence that virtually all claims against failed financial institutions should be subjected to administrative scrutiny once the FDIC steps in as a receiver, we see no reason why, in the vast majority of leftover pre-receivership cases, district judges would not, upon request of a party, hold pending litigation in abeyance until the administrative review process has run its course, or 180 days has passed, whichever first occurs." *Marquis v. FDIC*, 965 F.2d 1148, 1155 (1st Cir. 1992).

### Prayer for Relief

WHEREFORE, on the basis of the foregoing, the FDIC as Receiver for Washington Mutual Bank respectfully requests this Court to deny the Boilermakers Motion and the Chicago PABF Motion for appointment of lead plaintiffs and approval of class counsel, with leave to renew the motions after the completion of the stay period in the New Orleans Action.

FDIC'S OPPOSITION TO MOTIONS TO APPOINT
LEAD PLAINTIFF AND APPROVE LEAD COUNSEL - 7
#704430 v1 / 30490-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1212 Standard Plaza, 1100 S.W. Sixth Avenue
Portland, Oregon 97204-1019

| | | |
|---|---|---|
| 1 | Dated this 30th day of March, 2009 | Respectfully submitted, |
| 2 | | KARR TUTTLE CAMPBELL |
| 3 | | |
| 4 | | By: s/Walter E. Barton |
| 5 | | Bruce E. Larson, WSBA #6209 |
| | | Dennis H. Walters, WSBA #9994 |
| 6 | | Walter E. Barton, WSBA #26408 |
| 7 | | Karr Tuttle Campbell |
| | | 1201 3rd Avenue, Suite 2900 |
| 8 | | Seattle, Washington 98101-3028 |
| | | Email: blarson@karrtuttle.com |
| 9 | | Email: dwalters@karrtuttle.com |
| 10 | | Email: gbarton@karrtuttle.com |
| | | Phone: (206) 223-1313 |
| 11 | | Fax: (206) 682-7100 |
| 12 | | Attorneys for Defendant Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank |
| 13 | | |
| 14 | Of counsel: | |
| 15 | Kevin P. Chavous (*admitted pro hac vice*) | |
| 16 | Kenneth J. Pfaehler (*admitted pro hac vice*) | |
| | Sonnenschein Nath & Rosenthal LLP | |
| 17 | 1301 K Street, NW | |
| | Suite 600 East Tower | |
| 18 | Washington, DC 20005 | |
| | kchavous@sonnenschein.com | |
| 19 | kpfaehler@sonnenschein.com | |
| 20 | Phone: (202) 408-6400 | |
| | Fax: (202) 408-6399 | |
| 21 | | |
| 22 | Michael H. Barr (*admitted pro hac vice*) | |
| | Sonnenschein Nath & Rosenthal LLP | |
| 23 | 1221 Avenue of the Americas | |
| | New York, NY 10020 | |
| 24 | mbarr@sonnenschein.com | |
| 25 | Phone: (212) 768-6788 | |
| | Fax: (202) 768-6800 | |
| 26 | | |
| 27 | | |
| 28 | | |

FDIC'S OPPOSITION TO MOTIONS TO APPOINT
LEAD PLAINTIFF AND APPROVE LEAD COUNSEL - 8
#704430 v1 / 30490-002

*Law Offices*
**KARR TUTTLE CAMPBELL**
*A Professional Service Corporation*
1212 Standard Plaza, 1100 S.W. Sixth Avenue
Portland, Oregon 97204-1019

| | |
|---|---|
| 1 | DECLARATION OF SERVICE |

I hereby certify that on March 30, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Louis D. Peterson | **Of Counsel**: |
| ldp@hcmp.com | |
| Brian C. Free | David M. Balabanian |
| bcf@hcmp.com | david.balabanian@bingham.com |
| Hillis Clark Martin & Peterson, P.S. | John D. Pernick |
| 500 Galland Building | john.pernick@bingham.com |
| 1221 Second Ave. | Frank Busch |
| Seattle, WA  98101-2925 | frank.busch@bingham.com |
| Telephone:   (206) 623-1745 | Bingham McCutchen LLP |
| Facsimile:   (206) 623-7789 | Three Embarcadero Center |
| **Attorneys for Defendants** | San Francisco, CA  94111-4067 |
| **   Other than FDIC as Receiver** | Telephone:   (415) 393-2000 |
| **   for Washington Mutual Bank** | Facsimile: |
| | |
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | **SCHOENGOLD SPORN LAITMAN & LOMETTI, P.C.** |
| 1301 Fifth Avenue, Suite 2900 | 19 Fulton Street, Suite 406 |
| Seattle, WA  98101 | New York, NY  10038 |
| Phone: 206-623-7292 | Phone: 212-964-0046 |
| Fax:    206-623-0594 | Fax:    212-267-8137 |
| Steve W. Berman, WSBA #12536 | Joel P. Laitman |
| steve@hbsslaw.com | joel@spornlaw.com |
| Reed R. Kathrein | Christopher E. Lometti |
| reed@hbsslaw.com | chris@spornlaw.com |
| | Frank R. Schirripa |
| | frank@spornlaw.com |
| | Daniel B. Rehns |
| | daniel@spornlaw.com |
| | |
| | Counsel for Plaintiff and the Proposed Class |

FDIC'S OPPOSITION TO MOTIONS TO APPOINT
LEAD PLAINTIFF AND APPROVE LEAD COUNSEL - 9
#704430 v1 / 30490-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1212 Standard Plaza, 1100 S.W. Sixth Avenue
Portland, Oregon  97204-1019

Kim D. Stephens
kstephens@tousley.com
Tousley Brain Stephens PLLC
1700 Seventh Ave., Suite 2200
Seattle, WA 98101
Telephone: (206) 682-5600

Attorneys for Policemen's Annuity and
Benefit Fund of the City of Chicago

Of Counsel:

Hal Cunningham
hcunningham@scott-scott.com
Arthur L. Shingler III
ashingler@scott-scott.com
Scott + Scott, LLP
600 B. Street, #1500
San Diego, CA 92101
Telephone: (619) 233-4565

s/Walter E. Barton
Bruce E. Larson, WSBA #6209
Dennis H. Walters, WSBA #9994
Walter E. Barton, WSBA #26408
Karr Tuttle Campbell
Attorneys for Defendant Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank
1201 3rd Avenue, Suite 2900
Seattle, Washington 98101-3028
Email: blarson@karrtuttle.com, Phone: (206) 224-8027
Email: dwalters@karrtuttle.com, Phone: (206) 224-8018
Email: gbarton@karrtuttle.com, Phone: (206) 224-8030

Fax: (206) 682-7100

FDIC'S OPPOSITION TO MOTIONS TO APPOINT
LEAD PLAINTIFF AND APPROVE LEAD COUNSEL - 10
#704430 v1 / 30490-002

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1212 Standard Plaza, 1100 S.W. Sixth Avenue
Portland, Oregon 97204-1019