Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BOILERMAKERS NATIONAL ANNUITY TRUST, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-ARI, *et al.*,<br><br>Defendants. | No. C09-0037 (MJP)<br><br>BOILERMAKERS NATIONAL ANNUITY TRUST, NEW ORLEANS EMPLOYEES' RETIREMENT SYSTEM AND MARTS/ATU LOCAL 73 EMPLOYEES RETIREMETN PLAN'S OPPOSITION TO THE MOTION OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND FOR THE CITY OF CHICAGO FOR LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND MOTION FOR LEAVE TO CONDUCT DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>NOTE ON MOTION CALENDAR:<br><br>APRIL 3, 2009 (LEAD PLAINTIFF MOTION)<br><br>APRIL 17, 2008 (MOTION TO CONDUCT DISCOVERY) |
| NEW ORLEANS EMPLOYEES' RETIREMENT SYSTEM and MARTA/ATU LOCAL 732 EMPLOYEES RETIREMENT PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, *et al.*,<br><br>Defendants. | No. C09-00134 (RSM) |

OPPOSITION TO MOTION TO APPOINT LEAD PLAINTIFF AND MOTION FOR LEAVE TO CONDUCT DISCOVERY
Case No. C09-0037 (MJP)/C09-00134 (RSM)

010094-11  294367 V1



1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

## I. INTRODUCTION

The Boilermakers National Annuity Trust (the "Boilermakers Trust"), New Orleans Employees' Retirement System ("New Orleans") and MARTA/ATU Local 732 Employees Retirement Plan ("MARTA/ATU") (collectively referred to herein as the "Movants") respectfully submit this memorandum of law in opposition to the competing motion for appointment of lead plaintiff and approval of selection of lead counsel filed by Policemen's Annuity and Pension Fund of the City of Chicago ("Policemen's Fund").

As explained more fully below, the Policemen's Fund's motion raises the question of whether or not they properly valued their investment in the WaMu Mortgage Pass-Through Certificates at issue. As a result, Movants respectfully request leave to take limited discovery of the Policemen's Fund in order to verify their financial interest in the relief being sought herein.

## II. ARGUMENT

**A. The Policemen's Fund's Financial Interest in the Relief Sought by the Class Appears to be Overstated**

Providing insufficient information can be a bar to appointment to lead plaintiff in analogous circumstances. *See In re Genstar-TV Guide Int'l, Inc. Sec. Litig.,* 209 F.R.D. 447, 452 & n.8 (C.D. Cal. 2002) (rejecting lead plaintiff movants who provide insufficient information about their identities, sophistication and resources); *Piven v. Sykes Enters.,* 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000) (rejecting lead plaintiff motion of institution that failed to provide information regarding its location, line of business, resources and experience); *Switzenbaum v. Orbital Sciences Corp.,* 187 F.R.D. 246, 250 (E.D. Va. 1999) ("having failed to volunteer anything more than conclusory assertions about its competence to manage this case, the Group has put its adequacy of representation in doubt"); *Norman v. Arcs Equities Corp.,* 72 F.R.D. 502, 506 (S.D.N.Y. 1976) ("[o]ne who will not comply wholeheartedly and fully with the discovery requirements of modern federal practice, is not to be regarded by the Court as one to whom the important fiduciary obligation of acting as a class representative should be entrusted"). Given

OPPOSITION TO MOTION TO APPOINT LEAD PLAINTIFF;
MOTION FOR LEAVE TO CONDUCT DISCOVERY - 1
Case No. C09-0037 (MJP)/ C09-00134 (RSM)

010094-11 294367 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

the need for clarification concerning the measure of the Policemen's Fund's losses and the Policemen's Fund's failure to provide basic information, limited discovery concerning the Policemen's Fund's adequacy and typicality is necessary.[1]

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, there exists a presumption that the most adequate lead plaintiff is the party which, in part, "has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(iii)(B)(iii)(I)(bb). However, pursuant to 15 U.S.C. §78u-4(a)(iii)(B)(iv), the court may permit "discovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff" when a competing movant "demonstrates a reasonable basis for a finding that the most adequate plaintiff is incapable of adequately representing the class." *Herrgott v. United States Dist. Court for the N. Dist. of Cal.*, 306 F.3d 726, 730 (9th Cir. 2002) (reversing lead plaintiff appointment that used improper standard; holding that district court may need to hold an evidentiary hearing in making a renewed motion of typicality and adequacy). "Uncertainty" or "unanswered questions" about a potential lead plaintiff's ability to properly represent the class are sufficient to trigger the PSLRA's lead plaintiff discovery provision. *See Fischler v. Amsouth Bancorp.,* No. 96-15676-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *11 (M.D. Fla. Feb 6, 1997) (permitting lead plaintiff movant to conduct discovery of competing movant in light of uncertainty and unanswered questions surrounding movant's interest in the case).

---

[1] Furthermore, the Policemen's Fund's Certification Pursuant to Federal Securities Laws (annexed to the Shingler Decl. as Ex. B) omits the Policemen's Fund's appointment and prosecution, serving as Lead Plaintiff, in the action *Policemen's Annuity and Benefit Fund of Chicago v. Seibel Systems, Inc., et al.,* No. CV-04-983-CRB (N.D. Cal). While this matter was dismissed by the District Court in 2005, Policemen's Fund appealed the decision to the Ninth Circuit Court of Appeals, which then issued its decision affirming dismissal of the complaint against Defendants in January 2008. *See Policemen's Annuity and Benefit Fund of Chicago v. Seibel Systems, Inc., et al.,* No. 06-15129 (9th Cir. entered Jan. 17, 2008). As such, the Policemen's Fund was in fact serving as a representative party on behalf of a class in an action arising under the Securities Laws and/or Exchange Act within the last three years, which was omitted from the signed executed Certification. *See* Shingler Decl. Ex. B.

OPPOSITION TO MOTION TO APPOINT LEAD PLAINTIFF;
MOTION FOR LEAVE TO CONDUCT DISCOVERY  - 2
Case No. C09-0037 (MJP)/ C09-00134 (RSM)

010094-11  294367 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1    Although a wide-ranging analysis concerning an applicant's background may not be
2    warranted, the failure to permit discovery and promptly address obvious potential inadequacies
3    can result in adverse consequences to the Class being represented. *Cf. In re Sonus Networks Inc.*
4    *Sec. Litig.,* 229 F.R.D. 339 (D. Mass. 2005) (decertifying class after lead plaintiff withdrew or
5    were found inadequate.)

6    In the instant matter, there exists a discrepancy in the methodology by which Movants
7    and the Policemen's Fund accounted for their respective investments in WaMu Certificates. *Cf.*
8    Declaration of Steve Berman in Support ("Berman Decl."), Exhibits ("Ex.") C, D, E with
9    Declaration of Art Shingler in Support (Shingler Decl."), Ex. B. As is evident from the
10   Certifications of Securities Class Action submitted by the Movants, they priced their Certificate
11   purchases at an approximate initial par value of $1.00 per Certificate,[2] resulting in an aggregate
12   investment for the Movants of approximately $4.5 million on purchases of 10.5 million
13   Certificates. *See* Movants Memorandum in Support ("Movants Memo") at 3; *see also*, Berman
14   Decl., Exs. C, D, E.

15   In contrast, the Counsel for the Policemen's Fund valued the WaMu Certificates using a
16   par value of $100.00 per Certificate, claiming to have invested over $34.0 million in purchasing
17   349,893 million WaMu Certificates. However, the Prospectus Supplements pursuant to which
18   the Certificates were issued price the Certificates at $1.00 per certificate. (*See* accompanying
19   Declaration of Christopher Lometti ("Lometti Decl."), Ex. A). Thus, there is a serious question
20   as to the Policemen's Fund's true out-of-pocket expenditures, and in turn, their financial interest
21   in the relief sought herein. Under these circumstances, Movants respectfully request permission

---

25   [2] A par value of $1.00 does not take into account the discount or premium at which the proposed lead plaintiff's actually purchased the various Certificates, which is referred to as the
26   Coupon.

OPPOSITION TO MOTION TO APPOINT LEAD PLAINTIFF;
MOTION FOR LEAVE TO CONDUCT DISCOVERY - 3
Case No. C09-0037 (MJP)/ C09-00134 (RSM)

010094-11 294367 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1  to conduct limited discovery in order to verify the Policemen's Fund's financial interest in the

2  relief sought. *See, e.g., Fischler,* 1997 U.S. Dist. LEXIS 2875.[3]

### III.    CONCLUSION

For the forgoing reasons, the Policemen's Fund's motion for appointment of lead plaintiff and approval of selection of lead counsel should be denied. Instead, it is respectfully submitted that the Movants should be permitted to conduct discovery in order to determine the true extent of the Policemen's Fund's financial interest in the relief being sought herein.

DATED this 30th day of March, 2009.

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By       /s/ Steve W. Berman
    Steve W. Berman, WSBA #12536
    Reed R. Kathrein
1301 Fifth Avenue, Suite 2900
Seattle, Washington  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*Liaison Counsel for Plaintiffs and for the Class*

Joel P. Laitman
Christopher Lometti
Daniel B. Rehns
**SCHOENGOLD SPORN LAITMAN & LOMETTI, P.C.**
19 Fulton Street, Suite 406
New York, NY 10038
Telephone: (212) 964-0046
Facsimile:  (212) 267-8137

*Counsel for Plaintiff Boilermakers
and Proposed Lead Counsel for the Class*

---

[3] Moreover, Counsel for the Movants has requested documentation from Counsel for the Policemen's Fund which could be used to verify the calculations set forth in the Policemen's Fund's competing motion and supporting papers. To date, Counsel for the Policemen's Fund has failed to provide any documentation to Movants' Counsel. *See* Lometti Decl. ¶ 2.

OPPOSITION TO MOTION TO APPOINT LEAD PLAINTIFF;
MOTION FOR LEAVE TO CONDUCT DISCOVERY  - 4
Case No. C09-0037 (MJP)/ C09-00134 (RSM)
010094-11  294367 V1

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

Joseph A. Fonti
Jonathan Gardner
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

John A. Kehoe
Saran Nirmul
Naumon A. Amjed
**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, Pennsylvania 19807
Telephone: 610-667-7706
Facsimile: 610-667-7056

*Counsel for Plaintiffs New Orleans and MARTA/ATU and Proposed Lead Counsel for the Class*

OPPOSITION TO MOTION TO APPOINT LEAD PLAINTIFF;
MOTION FOR LEAVE TO CONDUCT DISCOVERY - 5
Case No. C09-0037 (MJP)/ C09-00134 (RSM)

010094-11  294367 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of March, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **Naumon A. Amjed**<br>namjed@btkmc.com | **John A. Kehoe**<br>jkehoe@btkmc.com |
| **David M. Balabanian**<br>david.balabanian@bingham.com | **Bruce E. Larson**<br>blarson@karrtuttle.com |
| **Michael H. Barr**<br>mbarr@sonnenschein.com | **Mike Liles, Jr.**<br>mliles@karrtuttle.com |
| **Walter E. Barton**<br>gbarton@karrtuttle.com | **Sharan Nirmul**<br>snirmul@btkmc.com |
| **Steve W. Berman**<br>steve@hbsslaw.com | **Louis D. Peterson**<br>ldp@hcmp.com |
| **Frank Busch**<br>frank.busch@bingham.com | **Kenneth J. Pfaehler**<br>kpfaehler@sonnenschein.com |
| **Kevin P. Chavous**<br>kchavous@sonnenschein.com | **Dennis H. Walters**<br>dwalters@karrtuttle.com |
| **Leslie D. Davis**<br>ldavis@sonnenschein.com | **Robert D. Stewart**<br>stewart@kiplinglawgroup.com |
| **Brian C. Free**<br>bcf@hcmp.com | **Timothy M. Moran**<br>moran@kiplinglawgroup.com |
| **Reed R. Kathrein**<br>reed@hbsslaw.com | **Christopher E. Lometti**<br>chris@spornlaw.com |
| **Frank R. Schirripa**<br>frank@spornlaw.com | **Daniel B. Rehns**<br>Daniel@spronlaw.com |
| **Joel P. Laitman**<br>joel@spornlaw.com | **Stephen M. Rummage**<br>steverummage@dwt.com |
| **Jonathan Gardner**<br>jgardner@labaton.com | **Steven Caplow**<br>stevencaplow@dwt.com |
| **Joseph A. Fonti**<br>jfonti@labaton.com | **Paul Scarlato**<br>pscarloto@labaton.com |
| **Arthur L. Shingler**<br>ashingler@scott-scott.com | **Serena Richardson**<br>srichardson@labaton.com |
| **Hal D. Cunningham**<br>hcunningham@scott-scott.com | |
| **Kim D. Stephens**<br>kstephens@tousley.com | |

OPPOSITION TO MOTION TO APPOINT LEAD PLAINTIFF;
MOTION FOR LEAVE TO CONDUCT DISCOVERY - 6
Case No. C09-0037 (MJP)/ C09-00134 (RSM)

010094-11 294367 V1

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1  Executed this 30th day of March, 2009, in Seattle, Washington.

2  HAGENS BERMAN SOBOL SHAPIRO LLP

4  By: /s/ Steve W. Berman
    Steve W. Berman

OPPOSITION TO MOTION TO APPOINT LEAD PLAINTIFF;
MOTION FOR LEAVE TO CONDUCT DISCOVERY  - 7
Case No. C09-0037 (MJP)/ C09-00134 (RSM)

010094-11  294367 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594