| | |
|---|---|
| | The Honorable Marsha J. Pechman |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOILERMAKERS NATIONAL ANNUITY TRUST FUND, on behalf of itself and all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>WAMU MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-AR1, *et al.*,<br><br>   Defendants. | Case No. C09-0037 MJP<br><br>ORDER GRANTING FDIC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

  This matter comes before the Court on Federal Deposit Insurance Corporation's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Dkt. No. 14.) The Court has considered the motion, the response (Dkt. No. 35), the reply (Dkt. No. 38), and all other pertinent documents in the record. For the reasons set forth below, the Court GRANTS Defendant's motion. Pursuant to 12 U.S.C. § 1821(d)(13)(D), Plaintiff's claims against the Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank are dismissed.

ORDER GRANTING FDIC'S MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION - 1

**Background**

Plaintiff is a benefit fund that purchased WaMu Mortgage Pass-Through Certificates. (Compl. ¶ 8.) Plaintiff alleges Defendants violated several provisions of the Securities Act of 1933 by making material misstatements and omissions in their disclosures leading up to the offering. (Id.) Plaintiffs named Washington Mutual Bank ("WMB") as one of the Defendants and the "sponsor and servicer of the certificates." (Id. at ¶ 28.)

On September 25, 2008, the Office of Thrift Supervision appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for WMB. (Dkt. No. 14-2.) Plaintiffs filed their complaint against WMB on January 12, 2009, several months after the FDIC had been appointed as receiver. (Dkt. No. 1.) On February 10, 2009, this Court granted FDIC's unopposed motion to substitute itself as the real party of interest under Fed. R. Civ. P. 23(c). (Dkt. No. 13.) Defendant now moves for the Court to dismiss Plaintiff's claims against the FDIC for lack of subject matter jurisdiction.

**Discussion**

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") outlines the FDIC's powers and duties when acting as a receiver of a failed financial institution. See 12 U.S.C. § 1821(d), *et seq*. 12 U.S.C. § 1821(d)(13)(D) provides:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over--
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

Parties asserting claims for payment from a bank in FDIC receivership must participate in the administrative claim review process before pursing claims against the FDIC in court. 12 U.S.C. §1821(d)(3)-(10); see also Intercontinental Travel Marketing, Inc. v. Federal Deposit

ORDER GRANTING FDIC'S MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION - 2

Ins. Corp., 45 F.3d 1278, 1283 ("Because ITM failed to properly exhaust the statutorily mandated exhaustion requirements of § 1821(d), no jurisdiction exists over this action."). In Henderson v. Bank of New England, a plaintiff filed a claim in a federal district court against a bank in receivership before exhausting administrative remedies. 986 F.2d 319, 320 (9th Cir. 1993). In affirming dismissal, the Ninth Circuit observed § 1821(d)(13)(D) "strips all courts of jurisdiction over claims made outside the administrative procedures" of FIRREA." Id. Without disputing its failure to exhaust the administrative procedures prescribed by FIRREA, Plaintiff offers two arguments in opposition to Defendant's motion.

First, Plaintiff claims that dismissal is inappropriate because it has now commenced the administrative claim review process. (Dkt. No. 35 at 2.) Boilermakers offers no authority for the proposition that § 1821(d)(13)(D)'s exhaustion requirements are satisfied merely by filing an administrative claim. Moreover, the Court must analyze subject matter jurisdiction at the time of the filing of the complaint. See Henderson, 986 F.2d at 321 (citing Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc., 484 U.S. 49, 69 (1987)). There is no question that, at the time the complaint was filed, this Court lacked subject matter jurisdiction over the FDIC.

Second, Plaintiff urges the Court to deny FDIC's motion because they remain a party in a case that may be appropriate for consolidation. (Dkt. No. 35 at 2-3.) The FDIC's participation in the New Orleans Action, No. 2:09-cv-0134 RSM, has no bearing on this Court's jurisdiction over Plaintiff's claims. Plaintiff's argument is without merit.

The Court agrees with Defendant that, as in Henderson, dismissal without prejudice is appropriate. 986 F.3d at 321.

ORDER GRANTING FDIC'S MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION - 3

## Conclusion

Because Plaintiff has not exhausted it statutorily-required administrative remedies, Plaintiff's claims against Defendant Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank are DISMISSED without prejudice.

SO ORDERED this 20th day of April, 2009.

Marsha J. Pechman
United States District Judge

ORDER GRANTING FDIC'S MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION - 4