The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOILERMAKERS NATIONAL ANNUITY
TRUST FUND, on behalf of itself and all
others similarly situated,

Plaintiff,

v.

WAMU MORTGAGE PASS THROUGH
CERTIFICATES, SERIES 2006-AR1, *et al.*,

Defendants.

Case No. C09-0037 MJP

ORDER DENYING DEFENDANTS'
MOTION TO CONSOLIDATE

This matter comes before the Court on Defendants' motion to consolidate two related cases. (Dkt. No. 28.) The Court has considered the motion, the responses (Dkt. Nos. 32, 33, 35), the reply (Dkt. No. 39), and all other pertinent documents in the record. For the reasons set forth below, the Court DENIES Defendants' motion.

**Background**

Defendants move to consolidate two related actions pending in this district: *Boilermakers National Annuity Trust Fund v. WaMu Mortgage Pass Through Certificates, et al.*, No. 09-0037MJP (the "Boilermakers Action"), and *New Orleans Employees' Retirement System and MARTA/ATU Local 732 Employees Retirement Plan v. Washington Mutual bank, et al.*, No. 09-0134RSM (the "New Orleans Action"). Both are putative class actions asserting claims under the Securities Act of 1933 related to mortgage pass-through certificates.

ORDER - 1

The New Orleans Action was originally filed in King County on August 4, 2008, several weeks before the United States Department of the Treasury, through the Office of Thrift Supervision, declared Washington Mutual Bank insolvent. The Office of Thrift Supervision also appointed the Federal Deposit Insurance Corporation ("FDIC") as its receiver pursuant to 12 U.S.C. § 1821(c). The FDIC replaced Washington Mutual Bank as a defendant and removed the New Orleans Action pursuant to 12 U.S.C. § 1819(b)(2)(B). The Boilermakers Action was filed in this Court on January 12, 2009, after the FDIC was appointed receiver for Washington Mutual Bank. (Dkt. No. 1.) Plaintiffs filed a proof of claim to commence the administrative review process with the FDIC after they filed the complaint in this matter. (See Rehns Decl., Ex. A.)

Since the non-FDIC Defendants in the Boilermakers Action—WAAC, WaMu Capital Corp., Richard Careaga, David Beck, Diane Novak, and Rolland Jurgens—filed this motion to consolidate, there have been two significant developments. First, Judge Martinez granted the FDIC's motion to stay the proceedings in the New Orleans Action to allow the FDIC to complete the administrative review process required by Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). (No. 09-0134RSM, Dkt. No. 60.) Judge Martinez rejected Plaintiffs' argument that a stay should include "carve-outs" to allow for consolidation and the appointment of lead plaintiffs. (Id. at 6.) Allowing a partial stay in the New Orleans Action would "thwart FIRREA's mandate to first exhaust the administrative process." (Id. at 7.) Second, this Court granted dismissal of Boilermakers' claims against the FDIC because Plaintiff failed to exhaust administrative remedies before filing their complaint. (Dkt. No. 62 at 3.)

**Discussion**

Under Fed. R. Civ. P. 42(a), this Court can consolidate cases that "involve a common question of law or fact." Pursuant to the Private Securities Litigation Reform Act, this court must not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 77z-1(a)(3)(B)(ii).

Defendants argue that consolidation should take place "prior to a potential stay of the New Orleans Action." (Dkt. No. 28 at 2.) In the alternative, Defendants urge a limited stay of the New Orleans Action that would permit consolidation. (Id. at 5.) Both options are foreclosed by the complete stay in the New Orleans Action. (See No. 09-0134RSM, Dkt. No. 60.)

In opposing consolidation, the FDIC suggests a third option: "delay the initial proceedings under the PSLRA until both cases can properly proceed simultaneously." (Dkt. No. 33 at 6.) The non-FDIC's Defendants' reply embraces this suggestion. (Dkt. No. 39 at 3.) While all Plaintiffs do not oppose consolidation, nothing in their responses indicates they would support a stay of both actions. (See Dkt. Nos. 32, 34.) The moving Defendants did not propose such relief in their initial motion; it would be inappropriate for the Court to grant it at this time.

## Conclusion

Because the non-FDIC Defendants' requested relief is no longer available, the motion is DENIED without prejudice to bring a renewed motion to consolidate at a later time. If the parties intend to bring a motion to stay the Boilermakers Action, the Court requests that any such filing be made within ten (10) days of this Order. The Clerk is directed to transmit a copy of this Order to all counsel of record.

SO ORDERED this 9th day of May, 2009.

Marsha J. Pechman
United States District Judge

ORDER - 3