The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BOILERMAKERS NATIONAL ANNUITY TRUST FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAMU MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-ARI *et al.*,<br><br>Defendants. | NO. C09-0037 MJP<br><br>MOTION TO STAY THIS ACTION PENDING LIFTING OF THE STAY IN RELATED ACTION<br><br>**NOTED ON MOTION CALENDAR:**<br><br>**Friday, June 5, 2009** |

## I. INTRODUCTION

The plaintiffs in this action and the related action, *New Orleans Employees' Retirement System and MARTA/ATU Local 732 Employees Retirement Plan v. Washington Mutual Bank, et al.*, No. 09-0134RSM (the "New Orleans Action"), assert the same claims against almost all the same defendants and raise substantially the same questions of law and fact. Under normal circumstances, and pursuant to the Private Securities Litigation Reform Act ("PSLRA"), the two actions would be consolidated, and a lead plaintiff and lead plaintiff's counsel would be appointed. 15 U.S.C. § 77z-1(a)(3)(B)(ii). However, the New Orleans Action is stayed until August 18, 2009 (or the completion of the FDIC's administrative review of the claims alleged in that action). Consequently, the Court has determined that these cases cannot be consolidated at this time.

Pursuant to *Landis v. North American Company*, 299 U.S. 248, 254-55 (1936), Defendants[1] now move for a stay of this action pending the lifting of the stay in the New Orleans Action. A stay will preserve judicial resources, eliminate unnecessary expense and duplication of proceedings, and allow the related cases to move forward together, as required under the PSLRA. Due to these hardships, and because the requested stay will not work damage to any of the parties, the Court should grant Defendants' request for a *Landis* stay.

Defendants are filing the motion now in light of the Court's direction that this motion be filed by May 22, 2009.

---

[1] "Defendants" for purpose of this motion include WaMu Asset Acceptance Corp., WaMu Capital Corp., Richard Careaga, David Beck, Diane Novak, and Rolland Jurgens. It does not include the Federal Deposit Insurance Corporation ("FDIC"), which substituted as receiver for defendant Washington Mutual Bank on February 10, 2009 [2:09-cv-00037 Dkt. 12], or the various certificate series trust defendants, which have not been served.

*Motion to Stay This Action Pending Lifting of the Stay in Related Action (C09-0037 MJP) - Page 1 of 6*

HILLIS CLARK MARTIN &
PETERSON, P.S.

1221 Second Avenue, Suite 500
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

## II. PROCEDURAL BACKGROUND

The New Orleans Action was originally filed in King County Superior Court on August 4, 2008, several weeks before the United States Department of the Treasury, through the Office of Thrift Supervision, declared Washington Mutual Bank ("WMB") insolvent. The Office of Thrift Supervision also appointed the Federal Deposit Insurance Corporation ("FDIC") as WMB's receiver pursuant to 12 U.S.C. § 1821(c). The FDIC replaced WMB as a defendant and, on January 29, 2009, removed the New Orleans Action to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B). This action was filed in this Court on January 12, 2009, after the FDIC was appointed receiver for WMB. (Dkt. No. 1) Plaintiffs filed a proof of claim to commence the administrative review process with the FDIC after they filed the complaint in this matter.

On May 9, 2009, this Court denied without prejudice Defendants' Motion to Consolidate this action with the New Orleans Action. (Dkt. No. 64.) This Court noted that the requested relief was no longer available because the New Orleans Action had been stayed and that staying this case until the stay expires in the New Orleans Action was an option. *Id.* at 3. This Court requested that any motion to stay be brought within ten days. *Id.*

## III. ARGUMENT AND AUTHORITIES

### A. The Court Has the Authority to Stay This Action Pending the Outcome of the FDIC's Administrative Review.

The Supreme Court's ruling in *Landis* established courts' right to "stay proceedings . . . to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. In *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979), the Ninth Circuit granted a request to stay non-arbitrable claims pending an arbitration, stating that "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Id.* at 863. This power is not limited by the character of the proceedings, which can be "judicial, administrative, or arbitral in character," nor does it

"require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863-64. The court's "power to control its docket and calendar" is based upon a desire "to provide for a just determination of the cases pending before it." *Id.* at 864.

This action is related to the New Orleans Action, which has been stayed to allow the FDIC's administrative review of claims brought by the plaintiffs in that action. Although the FDIC's determination is not controlling of the action before the Court, the stay awarded to allow that review has prevented consolidation of the two cases. This Court, following *Landis* and *Leyva*, has the authority to stay this action pending the outcome of the FDIC's administrative review and the resulting lift of the New Orleans Action's stay so that these related cases may be properly consolidated before appointing a lead plaintiff.

**B.   Stay of This Action Is Appropriate and Necessary to Avoid Duplicative Proceedings.**

In order to obtain a stay, both *Landis* and *Leyva* require a showing of some hardship that will befall the party requesting the stay. In *Landis*, the hardship was that the defendant was being sued under an act that it was already trying to enjoin as unconstitutional in a separate proceeding. *Landis*, 299 U.S. at 249-50. In *Leyva*, the hardship was that the parties were already engaged in discovery in an arbitration, and therefore discovery in the judicial proceeding would be duplicative. *Leyva*, 593 F.2d at 864.

Here, the PSLRA requires the appointment of a lead plaintiff and lead counsel. 15 U.S.C. § 77z-1(a)(3)(B). When, as here, there are related cases, the PSLRA requires that any consolidation be addressed prior to appointment of lead counsel. 15 U.S.C. § 77z-1(a)(3)(B)(ii). However, because the New Orleans Action is stayed, consolidation cannot occur at this time. If this action is not stayed, a lead plaintiff for this action, but not the New Orleans Action, will be appointed and, then, when the stay in the New Orleans Action expires, the cases will proceed separately. To have these related cases proceed separately will result in duplicative proceedings that would preclude the management of the cases as required

by the PSLRA; would be a hardship to Defendants, to the FDIC, to Plaintiffs in this action, and to the New Orleans Plaintiffs; and would needlessly tax the resources of the Court.

**C.     Staying This Action Would Not Work Damage to Any Party.**

The second consideration in staying a case is whether there the stay will work damage to any party. *Landis*, 299 U.S. at 255. Here, as demonstrated above, failing to issue a stay would work damage to all parties. Because no party opposes the consolidation of the cases, and the two cases properly should be consolidated, no party would be damaged by a stay of this action until it can be consolidated with the New Orleans Action.

There is no dispute among the parties regarding the propriety of consolidation of these two actions, which assert the same claims against almost all the same defendants and raise substantially the same questions of law and fact. Neither the FDIC nor the plaintiffs in either action opposed Defendants' prior motion for consolidation. In fact, the plaintiffs in this action and the New Orleans Action filed notices to that effect in response to Defendants' motion to consolidate. (Dkt. Nos. 32, 34.) Additionally, each of the applicants for appointment as lead plaintiff in this action also sought consolidation of the two actions. (Dkt. Nos. 41, 43.)

In denying Defendants' motion to consolidate, this Court did not rule that consolidation was not appropriate, but only held that consolidation could not occur at this time because of the stay of the New Orleans Action. As described in this Court's order, a solution to this issue is to "delay the initial proceedings under the PSLRA until both cases can properly proceed simultaneously." (Dkt. No. 64, at 3.) Staying this action for an additional three months will not damage any of the parties, but will avoid causing undue hardship to Defendants and will place the actions in the appropriate procedural posture. This Court should stay this action pending the lifting of the stay in the New Orleans Action.

## IV.   CONCLUSION

For the above reasons, Defendants respectfully request that the Court stay this case pending the lifting of the stay in the New Orleans Action.

DATED this 21st day of May, 2009.

        HILLIS CLARK MARTIN & PETERSON, P.S.

By   s/ Brian C. Free
      Louis D. Peterson, WSBA #5776
      Brian C. Free, WSBA #35788
      1221 Second Avenue, Suite 500
      Seattle WA 98101-2925
      Telephone:  (206) 623-1745
      Facsimile:  (206) 623-7789
      Email:  ldp@hcmp.com; bcf@hcmp.com

BINGHAM MCCUTCHEN LLP
      David M. Balabanian (*pro hac vice*)
      John D. Pernick (*pro hac vice*)
      Frank Busch (*pro hac vice*)
      Three Embarcadero Center
      San Francisco, CA  94111-4067
      Telephone: (415) 393-2000
      Facsimile:  (415) 393-2286
      Email:  david.balabanian@bingham.com;
      john.pernick@bingham.com;
      frank.busch@bingham.com

Attorneys for Defendants
WaMu Asset Acceptance Corporation,
WaMu Capital Corporation, David Beck,
Richard Careaga, Rolland Jurgens, and Diane Novak

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of May, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael H. Barr - mbarr@sonnenschein.com

Walter Eugene Barton - gbarton@karrtuttle.com

Steve W. Berman - steve@hbsslaw.com

Kevin P. Chavous - kchavous@sonnenschein.com

Leslie D. Davis - ldavis@sonnenschein.com

Reed R. Kathrein - reed@hbsslaw.com

Joel P. Laitman - joel@spornlaw.com

Bruce Earl Larson - blarson@karrtuttle.com

Mike Liles , Jr. - mliles@karrtuttle.com

Christopher E. Lometti - chris@spornlaw.com

Kenneth J. Pfaehler - kpfaehler@sonnenschein.com

Daniel B. Rehns - daniel@spornlaw.com

Frank R. Schirripa - frank@spornlaw.com

Dennis H. Walters - dwalters@karrtuttle.com

DATED this 21st day of May, 2009, at Seattle, Washington.

By   s/ Brian C. Free
Brian C. Free, WSBA #35788
1221 Second Avenue, Suite 500
Seattle WA 98101-2925
Telephone:  (206) 623-1745
Facsimile:  (206) 623-7789
Email:  bcf@hcmp.com