The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOILERMAKERS NATIONAL ANNUITY TRUST FUND, on behalf of itself and all others similarly situated, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> WAMU MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-AR1, *et al.*, <br><br> Defendants. | Case No. C09-0037 MJP <br><br> **ORDER DENYING PLAINTIFFS' MOTION TO CONSOLIDATE** |

This matter comes before the Court on Plaintiffs' motion to consolidate related cases. (Dkt. No. 101.[1]) The Court has reviewed the motion, the response (Dkt. No. 102), the reply (Dkt. No. 107), the complaints in both matters, and all documents submitted in support thereof. For the reasons set forth below, the Court DENIES Plaintiffs' motion to consolidate without prejudice to bring a renewed motion at a later date.

---

[1] Unless otherwise noted, all citations refer to entries on the docket in No. C09-0037MJP.

ORDER - 1

**Background**

On October 23, 2009, the Court heard oral argument on various plaintiffs' motions for appointment as lead counsel in Boilermakers National Annuity Trust Fund, et al. v. WAMU Mortgage Pass Through Certificates, et al., (No. C09-0037MJP) (hereinafter "Boilermakers"). (Dkt. No. 95.) The Court appointed the Policemen's Annuity and Benefit for the City of Chicago ("Chicago PABF") as lead plaintiff and Scott + Scott LLP as lead counsel, with Tousley Brain Stephens PLLC as local counsel. (Id.) On November 2, 2009, the Court adopted the parties' stipulated scheduling order in Boilermakers. That Order provided that Plaintiffs would file a consolidated complaint by November 23, 2009 and Defendants would respond no later than December 23, 2009. (Dkt. No. 99.)

On October 30, 2009, Plaintiff Doral Bank Puerto Rico (the "Doral" action), also represented by Tousley Brain, filed a new complaint presenting similar allegations as the Boilermakers action. (Dkt. No. 101 at 2-3; see also No. C09-1557MJP at Dkt. No. 1.) Despite the similarity in allegations, Doral differs from Boilermakers in a number of critical aspects. While the Boilermakers complaint bases its allegations on purportedly false statements made in a December 30, 2005 registration statement, the Doral complaint raise allegations arising out of a March 13, 2007 statement. In other words, while both complaints raise concerns about the same type of mortgage-backed securities, the actual securities issued are different. (See Dkt. No. 102 at 5.) The Doral complaint includes allegations against Defendants who are not named in the Boilermakers action. (See Dkt. No. 102 at 5, n.1.)

On November 19, 2009, Plaintiffs in both actions filed this motion to consolidate. (Dkt. No. 101.) Operating on the assumption the motion would be granted, Plaintiffs included the Doral allegations in the consolidated Boilermakers complaint due on November 23, 2009.

(Id. at 3; Dkt. No. 103.) On December 3, 2009, before the motion to consolidate came ripe, the Court held a telephonic conference with counsel where Defendants objected to the inclusion of the Doral claims in the Boilermakers complaint. (Dkt. No. 111.)

**Discussion**

The parties do not dispute the appropriateness of consolidation under Rule 42(a). (Dkt. No. 101 at 3-4; Dkt. No. 102 at 3.) Rather, Defendants submit consolidation would be untimely because the Doral Plaintiffs have not complied with the notice requirements of the Private Securities Litigation Reform Act ("PSLRA").

Section 78u-4(a)(3)(A) outlines the notice requirements a putative lead plaintiff must complete before appointment in a potential class action alleging violation of federal securities laws. Notice must be provided to potential class members at least 60 days before the appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The dispute before the Court is whether, in order to proceed with the Doral claims, Plaintiffs must provide a new notice to potential class members.

In Teamsters Local 445 Freight Division Pension Fund v. Bombadier, Inc., plaintiffs in a securities action filed an amended complaint that extended their class period and added new securities. No. 05 Civ 1898, 2005 U.S. Dist. LEXIS 10780, at *1 (S.D.N.Y. June 1, 2005). Even though the plaintiffs asserted substantially identical allegations relating to identical statements, the court required republication of notice out of the concern over "potentially exclud[ing] qualified movants from the lead plaintiff selection process." Id. at *8-9. Distinguishing amendments that simply extended class periods, the court reasoned "where amendments include new factual and legal allegations against plaintiffs, as to separate transactions, affecting a new class of plaintiffs, entire classes of potential lead plaintiffs are

left out of the notice procedure." Id. at 8 (internal citations and quotations omitted) (further noting that the PSLRA's goals of notification and judicial efficiency are at odds in the context of republication); see also In re Thornburg Mortgage, Inc. Securities Litig., 629 F. Supp. 2d 1233, 1242 (D.N.M. 2009) (no new notice required when amended merely extended the class period and added defendants).

Plaintiffs attempt to distinguish Bombadier on the grounds that the proposed amendment here does not add as many securities as the plaintiffs in that case. (Dkt. No. 107 at 6.) In the Court's view, the issue is not a matter of degree. The necessity for publication arises out of a concern for potential plaintiffs and is a statutory requirement. See Bombadier, 2005 U.S. Dist. LEXIS 10780, at *8.

Plaintiffs further claim that no notice is required because one of the Boilermakers notices mistakenly listed three of the ten offerings that were added in the amendment. (Dkt. No. 107 at 3.) While the error may have provided sufficient notice to the purchasers of those three securities, it did nothing for the purchasers of the remaining seven securities.

Consolidation at this time would be inappropriate because it risks subverting the notice requirements of the PSLRA.

**Conclusion**

While these matters may ultimately be consolidated, it would be inappropriate to do so before notice has been provided to potential class members. The Court ORDERS as follows:

1. Plaintiffs' motion to consolidate (Dkt. No. 101) is DENIED without prejudice to revisit the issue after notice has been provided to potential Doral plaintiffs. Notice of the Court's ruling shall be entered on the docket of the Doral action.

2. The <u>Boilermakers</u> Plaintiffs are directed to file a second amended consolidated complaint complies with today's Order no later than December 31, 2009.

3. The Court further amends the case schedule as follows: Defendants must file an answer or a motion no later than January 29, 2009. Plaintiffs' Response shall be due on February 26, 2009. Defendants shall file a reply, and the motion shall be noted for consideration, on March 12, 2009.

4. Defendants have also filed an opposed motion for leave to file an overlength brief. (Dkt. No. 117.) The Court agrees that a single 48 page an omnibus motion on behalf of all Defendants is a more efficient method for presenting Defendants' arguments to the Court. The Court therefore GRANTS Defendants' motion, subject to the new deadlines outlined in this Order.

The Clerk is directed to transmit a copy of this Order to all counsel of record.

Dated this 18th day of December, 2009.

Marsha J. Pechman
United States District Judge