**HONORABLE MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOILERMAKERS NATIONAL ANNUITY TRUST FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAMU MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-AR1, et al.,<br><br>Defendants. | Case No. C09-0037MJP<br><br>**ORDER CONSOLIDATING THE BOILERMAKERS ACTION WITH THE DORAL ACTION AND SETTING DEADLINES TO FILE AN AMENDED COMPLAINT** |
| DORAL BANK PUERTO RICO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL ASSET ACCEPTANCE CORPORATION, et al.,<br><br>Defendants. | Case No. C09-1557MJP |

For the reasons set forth below, the Court hereby CONSOLIDATES Boilermakers National Annuity Trust Fund v. WaMu Mortgage Pass Through Certificates, et al., No. C09-0037MJP (the "Boilermakers action") with Doral Bank Puerto Rico v. WaMu Asset Acceptance Corp, et al., No. C09-1557MJP as related actions pending in this District.

ORDER CONSOLIDATING BOILERMAKERS AND DORAL
(NO. 2:09-CV-0037-MJP) - 1

**Background**

On January 12, 2009, Boilermakers filed a class action complaint in this Court naming a series of WaMu Mortgage Pass-Through Certificates Trusts, certain trustees, individuals, and several WaMu entities as Defendants. (No. C09-0037MJP, Dkt. No. 1.) The Boilermakers Plaintiffs assert violations of Sections 11, 12, and 15 of the Securities Act of 1933 and violations of Washington State securities laws. (No. C09-0037MJP, Dkt. No. 130.) The Court stayed this matter pending completion of a statutory stay in <u>New Orleans Employees' Retirement System and MARTA/ATU Local 732 Employees Retirement Plan v. Washington Mutual Bank, et al.</u>, No. C09-0134MJP (the "New Orleans I" action). After the conclusion of the stay, the Court consolidated the Boilermakers action, New Orleans I action, and <u>New Orleans Employees' Requirement System, et al. v. The First American Corp., et al.</u>, No. C09-0137MJP (the "New Orleans II action"). (No. C09-0037MJP, Dkt. No. 70.) After consolidation, the Court appointed Chicago PABF as lead plaintiff and approved its selection of Scott + Scott LLP as lead counsel for the action. (No. C09-0037MJP , Dkt. Nos. 97, 99.) Plaintiffs filed their most recent amended complaint on December 31, 2009 and Defendants have filed motions to dismiss, but the parties have repeatedly moved for an extension of the briefing deadlines in order to facilitate consolidation with the Doral Action. (<u>See</u> No. C09-0037MJP , Dkt. Nos. 153, 156.)

On October 30, 2009, Doral filed a class action complaint that mirrored the allegations in the Boilermakers action, but arose in connection with different securities. (No. C09-1557MJP, Dkt. No. 1.) Both Chicago PABF and Doral retained Tousley Brain Stephens as local counsel. On December 12, 2009, the Court denied Chicago PABF's motion to consolidate Boilermakers and Doral because no PSLRA notice had been issued in the Doral action. (No. C09-0037MJP, Dkt. No. 118.) The Court denied the motion to consolidate without prejudice to revisit the issue of consolidation after the requisite statutory notice period.

In a separate Order issued yesterday, the Court granted Doral Bank's motion for appointment as lead plaintiff and approved its selection of lead counsel.

**Discussion**

I. Consolidation

Under Fed. R. Civ. P. 42(a), this Court can consolidate cases that "involve a common question of law or fact." A district court may *sua sponte* consolidate actions as part of its broad discretion to manage its caseload. In re Adams Apple, 829 F.2d 1484, 1487 (9th Cir. 1987); see also Devlin v. Transp. Commc'ns. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999). In their stipulations regarding the briefing schedule in the Boilermakers action, the parties have indicated there are common questions of law and fact in Boilermakers and Doral. (See No. C09-0037MJP, Dkt. Nos. 153, 156.) In a telephonic conference with the parties in the Boilermakers action on March 18, 2010, no party raised an objection to the Court's suggestion these matters should be consolidated. (No. C09-0037MJP, Dkt. No. 160.) Likewise, during oral argument on the motions for appointment of lead plaintiff in the Doral action, no party expressed an objection to consolidation. (No. C09-1557MJP, Dkt. No. 51.) The Court therefore finds consolidation is appropriate.

II. Further Proceedings

In light of the significant delays that have hindered the progress of this case to date, the Court will not entertain an extended briefing schedule on any motions filed by Defendants. Plaintiffs in Doral and Boilermakers must file a single consolidated amended complaint within seven days of this Order. Defendants must either file answers or motions to dismiss no later than 30 days after Plaintiffs file their complaint. The parties shall note the motions for consideration under the timeline contemplated by Local Rule 7(d)(3). The WaMu Defendants and the Rating Agencies may file omnibus motions to dismiss as set forth in the Court's previous Orders. (Dkt. Nos. 118, 137.)

Defendants' pending motions to dismiss address a complaint that will soon be inoperative. (C09-0037MJP, Dkt. Nos. 138, 144, 146.) The Court finds these motions moot at this time, even though Defendants may raise identical arguments in addressing Plaintiffs forthcoming complaint. The Court further finds as moot Plaintiff's motion for leave to amend the complaint. (C09-0037MJP, Dkt. No. 152.) The parties need not file a joint status report until the Court rules on any motion to dismiss.

## Conclusion

Because Boilermakers and Doral involve common questions of fact, the Court CONSOLIDATES both into a single action under the case number C09-0037MJP. All future filings should be entered under the Boilermakers case number: C09-0037MJP. The Court further directs Plaintiffs to file a consolidated amended complaint within seven days of this Order. The Court finds as moot Defendants' motions to dismiss (C09-0037MJP, Dkt. Nos. 138, 144, 146) and Plaintiff's motion for leave (C09-0037MJP, Dkt. No. 152.) The Court directs the Clerk to transmit a copy of this Order to all counsel of record.

Dated this 25th day of March, 2010.

Marsha J. Pechman
United States District Judge