The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BOILERMAKERS NATIONAL
ANNUITY TRUST FUND, on behalf of
itself and all others similarly situated, *et al.*,

Plaintiffs,

v.

WAMU MORTGAGE PASS THROUGH
CERTIFICATES, SERIES 2006-AR1, *et
al.*,

Defendants.

Case No. C09-0037MJP

**REPLY IN SUPPORT OF THE
RATING AGENCIES' MOTION TO
DISMISS THE SECOND AMENDED
CONSOLIDATED CLASS ACTION
COMPLAINT**

**NOTE FOR MOTION CALENDAR:
MAY 28, 2010**

**ORAL ARGUMENT REQUESTED**

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS – CASE NO. C09-0037MJP
4817-6171-5974.01

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

# TABLE OF CONTENTS

SUMMARY OF ARGUMENT .......................................................................................1

ARGUMENT..................................................................................................................2

I.      PLAINTIFFS' § 15 CLAIMS AGAINST THE RATING AGENCIES SHOULD BE
        DISMISSED WITH PREJUDICE

        A.      Neither the SAC nor the Proposed TAC Assert Allegations that
                the Rating Agencies Had the Power to Control Anyone ...............................3

        B.      Plaintiffs' § 15 Claims Against the Rating Agencies Based on
                17 of the 36 Offerings Are Time-Barred by the Three-Year
                Statute of Repose .........................................................................................6

        C.      Plaintiffs' § 15 Claims Against the Rating Agencies Are Time-
                Barred by the One-Year Statute of Limitations ............................................6

II.     PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO FILE A THIRD
        AMENDED COMPLAINT

        A.      Plaintiffs' Request to Amend The SAC is Improper
                Gamesmanship...............................................................................................8

        B.      Any Amendment To The SAC Would be Futile As Plaintiffs
                Cannot Plead Control Person Liability Against the Rating
                Agencies.......................................................................................................12

CONCLUSION .............................................................................................................12

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS – CASE NO. C09-0037MJP - i
4817-6171-5974.01

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1

### TABLE OF AUTHORITIES

2

#### CASES

3

*Allen* v. *City of Beverly Hills*, 911 F.2d 367 (9th Cir. 1990) ...................................8

4

*In re Bear Stearns Mortgage Pass-Through Certificates Litig.*, No. 08-cv-8093
    (S.D.N.Y.) ...................................................................................10

5

*Fouad* v. *Isilon Systems, Inc.*, 2008 WL 5412397 (W.D. Wash. Dec. 29, 2008) ..............5n

6

*Indiana Electrical Workers Pension Trust Fund, IBEW* v. *Dunn*, 2007 WL
    1223220 (N.D. Cal. Mar. 1, 2007)..................................................................7

7

8

*In re IndyMac Mortgage-Backed Securities Litigation*, No. 09-cv-04583,
    Dkt. No. 195..........................................................................................9

9

*Johnson* v. *Buckley*, 356 F.3d 1067 (9th Cir. 2004) ...........................................12

10

*In re JWP Inc. Securities Litigation*, 928 F. Supp. 1239 (S.D.N.Y. 1996)...........................6

11

*In re Lehman Bros.*, 681 F. Supp. 2d 495 (S.D.N.Y. 2010) ................................... 4, 9-11

12

*Locals 302 and 612 of the International Union of Operating Engineers* v.
    *Mortgage Asset Securitization Transactions, Inc.*, No. 10-cv-898......................... 10-11

13

14

*Moore* v. *Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir. 1989) ...........................12

15

*In re Network Commerce Inc. Sec. Litig.*, 2006 WL 1375049 (W.D. Wash. May
    16, 2006), *aff'd in part and rev'd in part on other grounds in Sherman* v.
    *Network Commerce Inc.*, 346 Fed. App'x 211 (9th Cir. 2009) .......................................7

16

17

*New Jersey Carpenters Vacation Fund* v. *Novastar Mortgage, Inc.*, No. 08-cv-
    5310 (S.D.N.Y.).................................................................................. 9-10, 10n

18

*New Jersey Carpenters Vacation Fund* v. *Royal Bank of Scotland Group, PLC*,
    No. 08-cv-5093 (S.D.N.Y.) ...................................................................... 9-10

19

20

*Swartz* v. *Deutsche Bank*, 2008 WL 1968948 (W.D. Wash. May 2, 2008)...........................8

21

*In re Washington Mutual, Inc. Securities, Derivative & ERISA Litigation*, 259
    F.R.D. 490 (W.D. Wash. 2009) .................................................................5n

22

*In re Wells Fargo Mortgage-Backed Certificates Litigation*, 2010 WL 1661534
    (N.D. Cal. Apr. 22, 2010) ......................................................................4

23

24

25

26

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS – CASE NO. C09-0037MJP - ii

4817-6171-5974.01

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1

**STATUTES**

2  Securities Act of 1933

3  § 11, 15 U.S.C. §77k ............................................................... 1, 9-11

4  § 12(a)(2), 15 U.S.C. §77l ...............................................................9

5  § 15, 15 U.S.C. § 77o.............................................................*passim*

6  Securities Exchange Act of 1934

7  § 10(b), 15 U.S.C. § 78j(b) (2006) .......................................................1

8

**REGULATIONS**

9  17 C.F.R. § 229.1100 (2010) .........................................................11n

10  17 C.F.R. § 230.405 (2010) ...........................................................3

11

**RULES**

12  Fed. R. Civ.P. 11...................................................................11n

13  Fed. R.Civ. P. 15.....................................................................8

14

15

16

17

18

19

20

21

22

23

24

25

26

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS – CASE NO. C09-0037MJP - iii
4817-6171-5974.01

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1    The Rating Agencies respectfully submit this memorandum of law in further

2  support of their motion to dismiss the Second Amended Consolidated Class Action

3  Complaint (the "SAC").

### SUMMARY OF ARGUMENT

5    Plaintiffs' Opposition to the Rating Agencies' Joint Motion to Dismiss ("Pl. Opp.")

6  concedes that the SAC fails to state a claim against the Rating Agencies.  Notwithstanding

7  this admission, Plaintiffs now seek this Court's permission to file yet another new

8  complaint (the "Proposed TAC") so that they can try again to plead a viable claim against

9  the Rating Agencies.  Such an amendment would be futile, and Plaintiffs' further

10  protraction of these proceedings should not be countenanced.

11    Indeed, given the numerous complaints and requests to amend filed by Plaintiffs in

12  this consolidated action, this would be Plaintiffs' *fifth* legal theory against the Rating

13  Agencies based on the same alleged set of facts.  First, Plaintiffs asserted that the Rating

14  Agencies were "underwriters" of the securities they rate under § 11 of the Securities Act of

15  1933 (the "1933 Act").  After the explicit rejection of this exact theory in six cases to date,

16  Plaintiffs dropped it.  Plaintiffs also tried to assert that the Rating Agencies were "sellers"

17  under the Washington State Securities Act.  Plaintiffs since dropped that theory as well.

18  Next, Plaintiffs sought to amend their complaint to bring a claim against the Rating

19  Agencies under § 10(b) of the Securities Exchange Act of 1934; they have since dropped

20  that request.  Fourth, in the SAC, Plaintiffs asserted § 15 claims against the Rating

21  Agencies, asserting that those Agencies controlled the trusts that issued the securities here

22  (the "Issuing Trusts").  Now, in response to the overwhelming showing in the Rating

23  Agencies' Joint Motion to Dismiss the Second Amended Consolidated Class Action

24  Complaint ("Opening Brief" or "RA Br.") that this theory too is legally unsustainable,

25  Plaintiffs claim that the SAC "inadvertently misidentifies the entity" allegedly controlled

26  by the Rating Agencies (Pl. Opp. at 1) and seek permission to assert a new, fifth theory of

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS – CASE NO. C09-0037MJP – 1
4817-6171-5974.01

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

liability against the Rating Agencies: that the Rating Agencies controlled Washington Mutual Asset Acceptance Corporation ("WMAAC" or the "Depositor"), the entity that deposited the underlying collateral into the Issuing Trusts.

Plaintiffs' request to amend is nothing more than an attempt to distract this Court from the clear and inevitable conclusion that Plaintiffs' fundamental allegation here — that the Rating Agencies purportedly influenced, or determined, the "structure" of the issued securities — is insufficient to plead that the Ratings Agencies "controlled" *anyone* under the federal securities laws. Accordingly, the claims against the Rating Agencies in the SAC should be dismissed in their entirety. *See* Section I. Furthermore, Plaintiffs' request to amend should be denied both because, as demonstrated below, Plaintiffs' theory in the SAC was not an "error," but a deliberate, strategic decision (*see* Section II.A) and because permitting Plaintiffs the opportunity to change their legal theory yet again would be futile (*see* Section II.B).[1]

## ARGUMENT

### I.   PLAINTIFFS' § 15 CLAIMS AGAINST THE RATING AGENCIES SHOULD BE DISMISSED WITH PREJUDICE

Recognizing that the actual allegations in the SAC — that the Rating Agencies "controlled" the "Issuing Trusts" — are completely unfounded as a factual and legal matter, Plaintiffs now argue instead that the Court should ignore what the SAC claimed and treat as a "technical error" its identification of the entities that the Rating Agencies supposedly controlled in favor of what Plaintiffs now claim is their actual theory — that the Rating Agencies allegedly controlled the Depositor within the meaning of § 15. (Pl. Opp. at 5). But, as demonstrated in the Opening Brief and below, Plaintiffs' underlying

---

[1]   The Rating Agencies also join in the arguments made in the opening and reply briefs of the WaMu Defendants, which further demonstrate that Plaintiffs have not properly pled an underlying violation of the 1933 Act by WMAAC or the Issuing Trusts.

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS – CASE NO. C09-0037MJP - 2
4817-6171-5974.01

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

allegations in both the SAC and the Proposed TAC are insufficient as a matter of law to constitute "control" of *anyone*.  Indeed, the basic allegation at issue here — that the Rating Agencies "dictat[ed] the structure' of the MBS at issue" (*Id.* at 4) — has been determined to be insufficient to plead "control" by every court to decide this issue, irrespective of the identity of the allegedly controlled entity.  *See* RA Br. at 1-2.

### A.    Neither the SAC nor the Proposed TAC Assert Allegations that the Rating Agencies Had the Power to Control Anyone

Plaintiffs' § 15 claims should be dismissed as a matter of law because they have not and cannot plead that the Rating Agencies had the requisite control over any entity.  Even the Proposed TAC, which replaces references to the "Issuing Trusts" with references to the "Depositor" and attempts to bolster the allegations of control, does not set forth a facially plausible claim that the Rating Agencies had the power to control either the Issuing Trusts or the Depositor.  Plaintiffs' arguments to the contrary are without merit.

First, Plaintiffs imply that the parties dispute the governing standard in the Ninth Circuit.  (Pl. Opp. at 9).  This is false.  As *all* parties recognize, "control" under the federal securities laws is "the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise."  *See* RA Br. at 9-10; Pl. Opp. at 9 (citing 17 C.F.R. § 230.405).  Plaintiffs simply have not met and cannot meet this standard.

Plaintiffs allege only that the Rating Agencies influenced, or determined, certain aspects of the transactions at issue here.   Specifically, as summarized in their Opposition Brief, "[h]ere, Plaintiffs allege that the Rating Agencies controlled the management, policies, and actions of the Issuer, including which loans would be included in the mortgage pools underlying the Certificates, the number of classes or tranches in each Offering, and the amount and type of investment protection or 'credit enhancement' built into the Offering." (Pl. Opp. at 10).  *See also id.* (arguing that "[b]ut for the Rating

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1  Agencies' role . . . the Certificates would never have been issued"). This very theory of

2  alleged "control" **has** been uniformly  rejected as a matter of law in every case to decide

3  the issue. *See* RA Br. at 10-12; *In re Lehman Bros. Securities and ERISA Litigation*, 681

4  F. Supp. 2d 495, 501 (S.D.N.Y. 2010) ("This complaint, fairly read, alleges only that the

5  Rating Agencies had the power to influence Lehman with respect to the composition of the

6  pools of mortgages to be securitized and the credit enhancements the Rating Agencies

7  regarded as necessary to obtain the desired ratings. But those allegations fall considerably

8  short of anything that could justify a reasonable trier of fact in concluding that the decision

9  making power lay entirely with the Rating Agencies."); *In re Wells Fargo Mortgage-*

10 *Backed Certificates Litig.*, 2010 WL 1661534, at *8-*9 (N.D. Ca. Apr. 22, 2010) ("The

11 fact that the Rating Agencies were able to influence certain portions of the transactions,"

12 including allegedly "structuring the Certificates," "is insufficient to plead a control person

13 theory."). *See also id.* (rejecting a "but for" theory of controlling person liability and

14 holding that "[t]he fact that the 'AAA' grades assigned by the Rating Agencies were

15 necessary to the creation of the Certificates is similarly insufficient" to plead control).

16      Plaintiffs ignore the clear holding in these cases and continue to assert that the

17 Rating Agencies' alleged role in assigning credit ratings to the Certificates, and the credit

18 enhancement necessary to support those ratings, is adequate to plead control. Yet, as in

19 each of the previous cases in which this theory has been asserted and rejected, Plaintiffs

20 here do not and cannot explain how these alleged activities, even if true, demonstrate the

21 requisite "power to control" the Issuing Trusts, the Depositor or anyone else, rather than

22 demonstrate mere influence over certain aspects of the securitization transactions —

23 influence that, as the cases above expressly hold, is insufficient to plead control. Plaintiffs'

24 underlying allegations of "control" are simply insufficient to confer § 15 liability on the

25

26

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS – CASE NO. C09-0037MJP - 4
4817-6171-5974.01

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1   Rating Agencies regardless of which entity they allegedly controlled.[2]

2       Finally, Plaintiffs' attempt to reconcile their allegations of "control" against the

3   Rating Agencies with the overarching focus of the SAC on the conduct of the WaMu

4   Defendants (Pl. Opp. at 13) is entirely without force.   As set forth in the Rating Agencies'

5   Opening Brief, throughout the SAC, Plaintiffs repeatedly allege that the WaMu Defendants

6   controlled the ratings assigned to the Certificates through an alleged "ratings shopping"

7   process. (RA Br. at 13-14).  Plaintiffs try to reconcile these allegations with their § 15

8   claims against the Rating Agencies by asserting, without supporting authority, that "[m]ore

9   than one person can control the same primary violator." (Pl. Opp. at 13).  But Plaintiffs

10  miss the point.  The issue is not whether there can be more than one controlling entity, but

11  rather that the allegations about the WaMu Defendants directly contradict and fatally

12  undermine any assertion of control by the Rating Agencies.  Put another way, Plaintiffs'

13  theory boils down to the conflicting and circular claim that the Rating Agencies allegedly

14  controlled the very entity that allegedly controlled the Rating Agencies.  *Compare*

15  Proposed TAC ¶¶ 213, 216 (asserting that the Rating Agencies were "control persons of

16  WMAAC" because they directed WMAAC to "set the structure of each of the Issuing Trust

17  shell entities to conform with the ratings to be assigned by the Rating Agency

18  Defendants"), *with* Proposed TAC ¶¶ 91, 115, 117 (alleging that "WaMu," defined as

19  "WMAAC, WMB and WCC" (TAC ¶ 5), "leveraged" the Rating Agencies to obtain higher

20  ratings).  Such a claim is inherently unsupportable.

---

22  [2]   Plaintiffs attempt to distinguish the present case from two additional authorities on which the
23  Rating Agencies rely — *Fouad* v. *Isilon Systems, Inc.*, 2008 WL 5412397 (W.D. Wash. Dec. 29,
    2008) and *In re Washington Mutual, Inc. Securities, Derivative & ERISA Litigation*, 259 F.R.D.
24  490 (W.D. Wash. 2009) — asserting that "the Rating Agencies' degree of control over the Issuer
    exceeds the degree of control found to be sufficient in the cases the Rating Agencies cite." (Pl.
25  Opp. at 12).  Plaintiffs do not and cannot explain how these two cases — which presented claims
    of "control" against actual directors of the company — "exceeds the degree of control" alleged
26  here by unrelated corporated entities not alleged to have any ownership interest in or contractual
    rights over any alleged controlled entity.

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Plaintiffs' only attempt to address this issue is to cite *In re JWP Inc. Securities Litigation*, 928 F. Supp. 1239, 1267 (S.D.N.Y. 1996) — a case which suggests that "the same person may have the authority to exercise control in some situations while being controlled in others." But this is not what is alleged here. Rather, Plaintiffs' conflicting allegations all relate to the *same* "situation," *i.e.*, the rating of the Certificates. Plaintiffs' "rating shopping" allegations simply preclude any notion that the Rating Agencies had the requisite "power to control" because, as pled by Plaintiffs, the issuer at all times retained the ultimate decisions over whether to accept the rating of a given Rating Agency and whether to go forward with a transaction.

In light of Plaintiffs' failure to provide a plausible factual basis to assert the Rating Agencies "controlled" anyone, Plaintiffs' § 15 claims should be dismissed with prejudice.

**B.     Plaintiffs' § 15 Claims Against the Rating Agencies Based on 17 of the 36 Offerings Are Time-Barred by the Three-Year Statute of Repose**

Plaintiffs' claims against the Rating Agencies based on almost half of the offerings at issue here also fail for an additional reason: they are barred by the applicable three-year statute of repose. (RA Br. at 15). Plaintiffs do not address this argument in their Opposition Brief, and thus concede that their claims as to 17 offerings are precluded as time-barred. For this reason as well, these claims should be dismissed.

**C.     Plaintiffs' § 15 Claims Against the Rating Agencies Are Time-Barred by the One-Year Statute of Limitations**

With regard to the 19 remaining offerings,[3] Plaintiffs argue that claims relating to these offerings are not time-barred by the applicable one-year statute of limitations. (Pl. Opp. at 13-16). Plaintiffs' arguments are without merit.

In attempting to defend their claims, Plaintiffs do not dispute that the SAC is filled with "'pre-November 23, 2008 public reports'" regarding the Rating Agencies. (Pl. Opp.

---

[3]  Plaintiffs only purchased securities from 5 of these 19 offerings. *See* SAC ¶¶ 38-39.

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS – CASE NO. C09-0037MJP - 6
4817-6171-5974.01

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1   at 14).  Instead, Plaintiffs assert that "[i]n addition" to these reports, the SAC "also rel[ies]

2   on events in 2009," specifically a January 2009 congressional report.  (*Id.*, citing SAC ¶

3   97).  But Plaintiffs fail to identify any new facts allegedly learned in the 2009 report that

4   would have triggered inquiry notice where none existed before, or why the facts they

5   learned prior to November 2008 were insufficient to put them on notice of their claims.

6   *See, e.g., In re Network Commerce Inc. Securities Litigation*, 2006 WL 1375049, at *3

7   (W.D. Wash. May 16, 2006) (finding claims to be time-barred where the plaintiffs did not

8   attempt to explain why public disclosure of facts related to the alleged omission did not

9   constitute inquiry notice of the plaintiffs' claims), *aff'd in part and rev'd in part on other*

10  *grounds in Sherman v. Network Commerce Inc.*, 346 Fed. App'x 211 (9th Cir. Sept. 22,

11  2009).  Indeed, the claims in the 2009 report regarding the Rating Agencies' role in the

12  types of transactions at issue here are the same type of claims made in the pre-November

13  23, 2008 public reports Plaintiffs cite in the SAC.  The fact that a plaintiff can point to

14  more recent reports of the same underlying claims repeated after the relevant inquiry notice

15  date does not preclude dismissal on statute of limitations grounds.  *See, e.g., Indiana*

16  *Electrical Workers Pension Trust Fund, IBEW* v. *Dunn*, 2007 WL 1223220, at *3-*4 (N.D.

17  Cal. Mar. 1, 2007).

18          Nonetheless, Plaintiffs argue that they "had little reason to believe that the Rating

19  Agencies had done anything wrong" until February 2009 when, they assert, "a series of

20  downgrades of unprecedented scope and magnitude" occurred.  (Pl. Opp. at 15).  Yet

21  Plaintiffs do not and cannot explain how later downgrades of the ratings of the securities

22  allegedly put them any more on notice of the claims they seek to assert here, *i.e.*, that the

23  Rating Agencies "controlled" the Depositor, than Plaintiffs already were in 2008.

24  Plaintiffs' claim is also striking given that by February 2009, counsel for Plaintiffs had

25  already asserted multiple 1933 Act claims against the Rating Agencies based on their

26  alleged role in structured finance transactions.  *See* Appendix A.

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS – CASE NO. C09-0037MJP - 7
4817-6171-5974.01

Finally, Plaintiffs' insistence that the timeliness of their claims is "an intensely factual determination that cannot properly be made on a motion to dismiss" (Pl. Opp. at 16) simply ignores established law — cited by the Rating Agencies in their Opening Brief — that courts will dismiss claims as time-barred as a matter of law where the allegations of the complaint, as well as other public information, indisputably puts a plaintiff on notice of the facts that allegedly support its claims over a year before filing them. *See* RA Br. at 15. Accordingly, Plaintiffs' claims based on *all* offerings at issue here are time-barred.

## II.  PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO FILE A THIRD AMENDED COMPLAINT

While courts have broad discretion under Rule 15 of the Federal Rules of Civil Procedure to grant leave to amend a complaint, their discretion to deny leave is equally broad when, as here, a plaintiff has had multiple opportunities to amend its complaint. *See Allen* v. *City of Beverly Hills*, 911 F.2d 367 (9th Cir. 1990). Leave should be denied here because it is clear that, "not only [would] further amendment . . . be futile, but . . . the dictates of justice and judicial economy require that [Plaintiffs'] merry-go-round of re-wording, re-fashioning and reinventing the nature of this litigation be halted." *Swartz* v. *Deutsche Bank*, 2008 WL 1968948, at * 27 (W.D. Wash. May 2, 2008).

### A.  Plaintiffs' Request to Amend The SAC is Improper Gamesmanship

Despite their current statements to the contrary, it is clear that Plaintiffs' identification of the Issuing Trusts as the alleged "controlled" entities in the SAC was not a "technical error," but a planned legal strategy that Plaintiffs' counsel is now attempting to jettison in the face of the Rating Agencies' incontrovertible showing in their Opening Brief that Plaintiffs' theory is untenable as a matter of law. Plaintiffs argue that they "inadvertently" misidentified the alleged controlled entities here and repeatedly attempt to shift blame onto Defendants' counsel for not raising this alleged "error" sooner. (Pl. Opp.

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS – CASE NO. C09-0037MJP - 8
4817-6171-5974.01

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1   at 5, 8). But Plaintiffs' request to amend their claims here is nothing more than

2   gamesmanship and their attempts to blame Defendants' counsel are baseless. To

3   understand why this is so, it is important to summarize the context in which Plaintiffs now

4   make their "error" claim.

5       Plaintiffs' attempt to plead a claim under the 1933 Act against the Rating Agencies

6   is not new. Indeed, as demonstrated in Appendix A, co-Lead Counsel for Plaintiffs here

7   collectively have filed *eight* other cases across the country, which assert (or asserted) 1933

8   Act claims against the Rating Agencies in connection with offerings of mortgage-backed

9   securities rated by those Agencies. As shown in Appendix A, in two of these cases, the

10  claims against the Rating Agencies have been dismissed in their entirety with prejudice and

11  in three others, the claims against the Rating Agencies were later voluntarily dropped. In

12  the remaining three, which are each at earlier stages, motions to dismiss are either pending

13  or will be filed. Putting aside failed attempts to plead §§ 11 and 12(a)(2) claims against the

14  Rating Agencies, in five of these eight cases, counsel for Plaintiffs assert(ed) § 15 claims

15  against the Rating Agencies on the exact theory alleged here in both the SAC and the

16  Proposed TAC — *i.e.*, that the Rating Agencies allegedly controlled the asserted primary

17  violators because the Rating Agencies supposedly determined the structure of the

18  certificates at issue and the credit enhancement needed to support the credit ratings

19  assigned to those certificates.

20      As noted above, in orders issued on February 1 and 5, 2010, Plaintiffs' theory of

21  "control" was expressly rejected in two cases — one of which was a case brought by

22  Plaintiffs' counsel here. *See In re Lehman Bros.*, 681 F. Supp. 2d 495. *See also In re*

23  *IndyMac Mortgage-Backed Securities Litigation,* No. 09-cv-04583, Dkt. No. 195

24  (S.D.N.Y. Feb. 5, 2010) (Kaplan, J.) (Abrams Decl., Ex. C). Shortly thereafter, on

25  February 9, 2010 and February 16, 2010, counsel for Plaintiffs wrote letters to the court in

26  their two other cases in which motions to dismiss were then pending, *New Jersey*

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS – CASE NO. C09-0037MJP - 9
4817-6171-5974.01

1  *Carpenters Vacation Fund et al.* v. *Royal Bank of Scotland Group, PLC et al.*, No. 08-cv-

2  5093 (S.D.N.Y.) (Baer, J.); and *New Jersey Carpenters Health Fund* v. *Novastar*

3  *Mortgage, Inc., et al.*, No. 08-cv-5310 (S.D.N.Y.) (Batts, J.), urging Judge Baer and Judge

4  Batts not to follow *In re Lehman*.  In these letters, counsel for Plaintiffs was forced to

5  concede that the court in *In re Lehman* had rejected the plaintiffs' claim (similar to the

6  claim made here) that the Rating Agencies had controlled participants to the transactions

7  by allegedly dictating the structure needed to support the assigned ratings.  (Supplemental

8  Declaration of Floyd Abrams ("Abrams Supp. Decl."), Ex. 1-2).  Counsel nonetheless

9  maintained that the *Lehman* court had not expressly addressed "whether the Complaint

10  sufficiently alleged that the Rating Agencies controlled the ***issuer trusts***" (*id*; emphasis in

11  original) and thus, counsel urged Judges Baer and Batts to disregard the *Lehman* opinion

12  and focus on that theory of liability instead.  This attempt to distinguish *Lehman* was

13  ultimately rejected on March 26, 2010 when Judge Baer in *Royal Bank of Scotland*

14  dismissed plaintiffs' § 15 claims against the Rating Agencies in their entirety with

15  prejudice.[4]

16        In February 2010, counsel for Plaintiffs filed two new complaints in other courts

17  (one amended and one new action).  On February 19, 2010, counsel filed an amended

18  complaint in *In re Bear Stearns Mortgage Pass-Through Certificates Litig.*, No. 08-cv-

19  8093 (S.D.N.Y.) (Swain, J.).  In it, counsel asserted §§ 11 and 15 claims against the Rating

20  Agencies, the latter on the theory that the Agencies allegedly "controlled" the depositor for

21  the securities at issue — the identical theory that Plaintiffs now want to assert in a Third

22  Amended Complaint here.  On February 22, 2010, in a separate case, *Locals 302 and 612*

23  *of the International Union of Operating Engineers* v. *Mortgage Asset Securitization*

---

[4]  The motion to dismiss in *Novastar* remains pending.  Significantly, to date, notwithstanding their February 16, 2010 letter urging Judge Batts to consider its theory that the Rating Agencies controlled the "issuing trusts" — *i.e.,* the theory that it now concedes in this case is flawed — counsel for Plaintiffs has not written to Judge Batts to withdraw its claim or correct this "error."

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS -- CASE NO. C09-0037MJP - 10
4817-6171-5974.01

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

*Transactions, Inc.*, No. 10-cv-898 (D.N.J.) (Cavanaugh, J.), counsel for Plaintiffs filed a new complaint asserting §§ 11 and 15 claims against the Rating Agencies on the theory that the Rating Agencies "controlled" the issuing trusts — the theory that they had urged Judges Baer and Batts to consider in an attempt to distinguish the clear holding in *Lehman*. On April 1, 2010, counsel for Plaintiffs filed their SAC here, dropping their § 11 claims but asserting the same § 15 theory as they do in the District of New Jersey.

This history simply underscores that the fatal flaw in Plaintiffs' theory is not the identity of the entity that was allegedly "controlled" but rather that the Rating Agencies' alleged conduct here does not constitute "control" over anyone. Moreover, this history further demonstrates that the naming of the Issuing Trusts as the allegedly controlled entities in the SAC was not an "error," but rather a consciously crafted and chosen — though fatally flawed — legal theory that Plaintiffs now seek to abandon in this case. Similarly flawed is Plaintiffs' attempt to shift blame to the Rating Agencies for not raising this "error" with Plaintiffs "informally." (Pl. Opp. at 8). Given the history outlined above, the Rating Agencies plainly understood that counsel's assertion of their Issuing Trust control theory here was not an "error," but rather just another in a long series of attempts by counsel for Plaintiffs to assert claims against the Rating Agencies that fly in the face of more than 75 years of securities law.[5]

Plaintiffs' attempt to avoid the consequences of having filed (yet again) a legally insufficient claim against the Rating Agencies by recasting their change in strategy as a

_____

[5] At one point, Plaintiffs argue that their references to the "Issuing Trusts" as the controlled entities resulted from their "understandable" confusion about the relevant securities laws and regulations, and in particular 17 C.F.R. § 229.1100. (Pl. Opp. at 6). To the extent counsel for Plaintiffs is asserting that despite their other cases, and the three prior complaints filed in the present case — all of which assert alleged failure-to-disclose claims in connection with offerings of mortgage-backed securities — they were unaware of the regulations governing the disclosure obligations for mortgage-backed securities contained in 17 C.F.R. § 229.1100, it is hard to imagine how they could ever argue that they have met their obligations both as appointed Lead Counsel in this matter and under Rule 11 of the Federal Rules of Civil Procedure.

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS – CASE NO. C09-0037MJP - 11
4817-6171-5974.01

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

"technical mistake" should not be condoned, and this Court should exercise its broad discretion to deny Plaintiffs' request to file the Proposed TAC on this basis alone.

**B.     Any Amendment To The SAC Would be Futile As Plaintiffs Cannot Plead Control Person Liability Against the Rating Agencies**

Plaintiffs' request for leave to amend also should be denied for the independent reason that amendment would be futile because they have not and cannot plead facts establishing that the Rating Agencies controlled *anyone*. As demonstrated *supra* and in the Rating Agencies' Opening, Plaintiffs' § 15 claims against the Rating Agencies are fundamentally flawed and changing the alleged "controlled entity" does not salvage them. *See* RA Br. at 10-14; pp. 2-6, *supra*. Accordingly, Plaintiffs' request to amend should be denied. *See, e.g.*, *Johnson* v. *Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend.") (citation and internal quotation marks omitted); *Moore* v. *Kayport Package Express, Inc.*, 885 F.2d 531, 541-42 (9th Cir. 1989).

## CONCLUSION

Plaintiffs' claims against the Rating Agencies should be dismissed in their entirety with prejudice.

DATED this 28th day of May, 2010.

RIDDELL WILLIAMS P.S.

By _____
     Paul J. Kundtz, WSBA #13548
     Gavin W. Skok, WSBA #29766

Floyd Abrams (*pro hac vice*)
Adam Zurofsky (*pro hac vice*)
Tammy L. Roy (*pro hac vice*)
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3000

Counsel for The McGraw-Hill
Companies, Inc.

LANE POWELL PC

By _____
     Larry S. Gangnes, WSBA #8118

James J. Coster
Joshua M. Rubins
SATTERLEE STEPHENS BURKE & BURKE
230 Park Avenue, Suite 1130
New York, New York 10169
Telephone: (212) 818-9200

Counsel for Moody's Investors Service, Inc.

**CERTIFICATE OF SERVICE**

Donna Hammonds, declares as follows:

I am over 18 years of age and a citizen of the United States.  I am employed as an executive assistant by the law firm of Riddell Williams P.S. On the date noted below, I electronically filed the foregoing document using the CM/ECF system which will notify the following:

- **Floyd Abrams**
  fabrams@cahill.com

- **David M Balabanian**
  david.balabanian@bingham.com

- **Michael H. Barr**
  mbarr@sonnenschein.com

- **Walter Eugene Barton**
  gbarton@karrtuttle.com, nrandall@karrtuttle.com, danderson@karrtuttle.com

- **Steve W. Berman**
  steve@hbsslaw.com, robert@hbsslaw.com, heatherw@hbsslaw.com

- **Andrew B Brettler**
  abrettler@stblaw.com

- **S Douglas Bunch**
  dbunch@cohenmilstein.com

- **Frank Busch**
  frank.busch@bingham.com, theo.robins@bingham.com,
  frank.downing@bingham.com

- **Steven P Caplow**
  stevencaplow@dwt.com, patrickwatts@dwt.com, robinklein@dwt.com,
  sheilarowden@dwt.com

- **Kevin P Chavous**
  kchavous@sonnenschein.com

- **James J. Coster**
  jcoster@ssbb.com, managingclerk@ssbb.com, jregan@ssbb.com

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS – CASE NO. C09-0037MJP - 13
4817-6171-5974.01

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

- **Hal D Cunningham**
  hcunningham@scott-scott.com, halcunningham@gmail.com, efile@scott-scott.com

- **Kerry F Cunningham**
  kerry.cunningham@dlapiper.com

- **Leslie D Davis**
  ldavis@sonnenschein.com

- **Corey E Delaney**
  corey.delaney@dlapiper.com, kerry.cunningham@dlapiper.com,
  richard.hans@dlapiper.com, patrick.smith@dlapiper.com

- **Joshua S. Devore**
  jdevore@cohenmilstein.com

- **Joseph A. Fonti (Terminated)**
  jfonti@labaton.com, ElectronicCaseFiling@labaton.com

- **Brian C Free**
  bcf@hcmp.com, gcp@hcmp.com

- **Larry Steven Gangnes**
  gangnesl@lanepowell.com, sebringl@lanepowell.com, docketing-
  sea@lanepowell.com, donnellyjossm@lanepowell.com

- **Jonathan Gardner**
  jgardner@labaton.com

- **Joseph P Guglielmo**
  jguglielmo@scott-scott.com, efile@scott-scott.com

- **Richard F Hans**
  richard.hans@dlapiper.com, dorinda.castro@dlapiper.com

- **David Daniel Hoff**
  dhoff@tousley.com, efile@tousley.com

- **Julie Hwang (Terminated)**
  jhwang@labaton.com, ElectronicCaseFiling@labaton.com

- **Matthew B. Kaplan**
  mkaplan@cohenmilstein.com

- **Stellman Keehnel**
  stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS – CASE NO. C09-0037MJP - 14
4817-6171-5974.01

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

- **Paul Joseph Kundtz**
  pkundtz@riddellwilliams.com, mdowns@riddellwilliams.com,
  mbergquam@riddellwilliams.com

- **Joel P Laitman**
  jlaitman@cohenmilstein.com

- **Bruce Earl Larson**
  blarson@karrtuttle.com, psteinfeld@karrtuttle.com

- **Mike Liles, Jr**
  mliles@karrtuttle.com

- **Christopher E Lometti**
  clometti@cohenmilstein.com

- **John D Lowery**
  jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com

- **Douglas C McDermott**
  doug@mcdermottnewman.com, eric@mcdermottnewman.com

- **Bradley T. Meissner**
  bradley.meissner@dlapiper.com

- **Timothy Michael Moran**
  moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com

- **Brian O. O'Mara**
  bomara@csgrr.com

- **Barry Robert Ostrager**
  bostrager@stblaw.com, managingclerk@stblaw.com

- **Nancy A Pacharzina**
  npacharzina@tousley.com, mhottman@tousley.com

- **John D Pernick**
  john.pernick@bingham.com

- **Louis David Peterson**
  ldp@hcmp.com, smp@hcmp.com

- **Kenneth J Pfaehler**
  kpfaehler@sonnenschein.com, nreeber@sonnenschein.com

- **Robert J Pfister (Terminated)**
  rpfister@stblaw.com

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS – CASE NO. C09-0037MJP - 15
4817-6171-5974.01

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1

- **Daniel B Rehns**
  drehns@cohenmilstein.com

2

3

- **Kenneth M Rehns**
  krehns@cohenmilstein.com

4

- **Serena Richardson (Terminated)**
  srichardson@labaton.com, ElectronicCaseFiling@labaton.com

5

6

- **Rogelio Omar Riojas**
  omar.riojas@dlapiper.com, nina.marie@dlapiper.com, karen.hansen@dlapiper.com

7

- **Darren J Robbins**
  e_file_sd@csgrr.com

8

9

- **Tammy Roy**
  troy@cahill.com

10

- **Joshua M. Rubins**
  jrubins@ssbb.com, managingclerk@ssbb.com, jregan@ssbb.com

11

12

- **Stephen M. Rummage**
  steverummage@dwt.com, jeannecadley@dwt.com

13

14

- **Hollis Lee Salzman (Terminated)**
  hsalzman@labaton.com, ElectronicCaseFiling@labaton.com

15

- **Paul Scarlato**
  pscarlato@labaton.com, ElectronicCaseFiling@labaton.com

16

17

- **Arthur L Shingler**
  ashingler@scott-scott.com, efile@scott-scott.com

18

- **Gavin Williams Skok**
  gskok@riddellwilliams.com, dhammonds@riddellwilliams.com

19

20

- **Kim D Stephens**
  kstephens@tousley.com, kzajac@tousley.com, cbonifaci@tousley.com,
  edebowgarcia@tousley.com

21

22

- **Robert D Stewart**
  stewart@kiplinglawgroup.com, cannon@kiplinglawgroup.com

23

24

- **Steven J Toll**
  stoll@cohenmilstein.com, efilings@cohenmilstein.com

25

26

- **Mary Kay Vyskocil**
  mvyskocil@stblaw.com

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS -- CASE NO. C09-0037MJP - 16
4817-6171-5974.01

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

- **Dennis H Walters**
  dwalters@karrtuttle.com, wbarker@karrtuttle.com

- **Adam Zurofsky**
  azurofsky@cahill.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 28th day of May, 2010.

Donna Hammonds

REPLY IN SUPPORT OF RATING AGENCY DEFENDANTS'
MOTION TO DISMISS – CASE NO. C09-0037MJP - 17
4817-6171-5974.01

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

# APPENDIX A

**APPENDIX A**

**Co-Lead Counsel's Other 1933 Act Cases With Claims Against The Rating Agencies Filed To Date**

| | Case Name | Date Claims First Filed Against the Rating Agencies | Claims Asserted Against the Rating Agencies | "Control" Theory, if any, Plead in the Operative Complaint | Status |
|---|---|---|---|---|---|
| 1 | *New Jersey Carpenters Vacation Fund et al. v. Royal Bank of Scotland Group, PLC et al.*, No. 08-cv-5093 (S.D.N.Y.) (Baer, J.) | May 14, 2008[1] | §§ 11, 15 | Asserts the Rating Agencies "controlled" the issuing trusts, the depositor, and the sponsor of the offerings (Consolidated First Amended Securities Class Action Complaint, May 19, 2009). | All claims against the Rating Agencies were *dismissed* in their entirety with prejudice. |
| 2 | *New Jersey Carpenters Health Fund v. Novastar Mortgage, Inc., et al.*, No. 08-cv-5310 (S.D.N.Y.) (Batts, J.) | May 21, 2008[2] | §§ 11, 15 | Asserts the Rating Agencies "controlled" the issuing trusts, the depositor, and the sponsor of the offerings (Consolidated First Amended Securities Class Ac- | A motion to dismiss is pending. |

---

[1] This case was filed in New York State Supreme Court.

[2] This case was filed in New York State Supreme Court.

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

| | | | | |
|---|---|---|---|---|
| 3 | New Jersey Carpenters Health Fund v. *Home Equity Mortgage Trust 2006-5*, No. 08-cv-05653 (S.D.N.Y.) (Crotty, J.) | June 3, 2008[3] | § 11 | ...tion Complaint, June 16, 2009). No "control" theory asserted. | All claims against the Rating Agencies were *voluntarily dropped.* |
| 4 | *Boilermaker-Blacksmith National Pension Trust v. Wells Fargo Mortgage-Backed Securities 2006-AR1 Trust*, No. 09-cv-833 (S.D.N.Y.) (Sand, J.) | Jan. 29, 2009 | §§ 11, 12 | No "control" theory asserted. | All claims against the Rating Agencies were *voluntarily dropped.* |
| 5 | *In re Lehman Brothers Securities and ERISA Litigation*, No. 08-cv-6762 (S.D.N.Y.) (Kaplan, J.) | Feb. 23, 2009 | §§ 11, 12, 15 | Asserts the Rating Agencies "controlled" the issuing trusts and the entities that served as the sponsor, depositor, underwriter and one of the originators of the offerings (Consolidated Securities Class Action Complaint, Feb. 23, 2009). | All claims against the Rating Agencies were *dismissed* in their entirety with prejudice. |
| 6 | *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*, No. 09-cv-3701 (S.D.N.Y.) (Koeltl, J.) | Mar. 12, 2009[4] | §§ 11, 12 | No "control" theory asserted. | All claims against the Rating Agencies were *voluntarily dropped.* |

[3] This case was filed in New York State Supreme Court.

[4] This case was filed in New York State Supreme Court.

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

| 7 | *In re Bear Stearns Mortgage Pass-Through Certificates Litigation*, No. 08-cv-8093 (S.D.N.Y.) (Swain, J.) | May 15, 2009 | §§ 11, 15 | Asserts the Rating Agencies "controlled" the depositors (Consolidated Class Action Complaint, Feb. 19, 2010). | A motion to dismiss is pending. |
| 8 | *Locals 302 and 612 of the International Union of Operating Engineers v. Mortgage Asset Securitization Transactions, Inc.*, No. 10-cv-898 (D.N.J) (Cavanaugh, J.) | Feb. 22, 2010[5] | §§ 11, 15 | Asserts the Rating Agencies "controlled" the issuing trusts (Complaint for Violations of Sections 11, 12 and 15 of the Securities Act of 1933, Feb. 22, 2010). | Lead plaintiff has not yet been appointed; a motion to dismiss will be filed. |

---

[5] This complaint is dated Feb. 22, 2009; however, it was filed on Feb. 22, 2010.

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600