**HONORABLE MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOILERMAKERS NATIONAL ANNUITY TRUST FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAMU MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-AR1, et al.,<br><br>Defendants. | Master Cause NO. 2:09-cv-00037-MJP<br><br>**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO AMEND COMPLAINT**<br><br>**Noted on Motion Calendar:<br>June 4, 2010**<br><br>**ORAL ARGUMENT REQUESTED** |
| DORAL BANK PUERTO RICO, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL ASSET ACCEPTANCE CORPORATION, et al.,<br><br>Defendants. | NO. 2:09-cv-01557-MJP |

//

//

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
THEIR MOTION TO AMEND COMPLAINT
(NO. 2:09-cv-00037-MJP)

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Lead Plaintiffs have asked the Court for leave to amend their Complaint for the sole purpose of correcting their misidentification of the "issuer" that was the controlled entity in their claim under Section 15 of the Securities Act of 1933. Plaintiffs incorrectly identified the Issuing Trusts as the issuer when in fact the issuer in this case was Washington Mutual Asset Acceptance Corp. ("WMAAC").[1] As the issuer, WMAAC was responsible for structuring and packaging the MBS sold to investors. The entire proposed amendment affects primarily six paragraphs (paragraphs 213-219) of the 222 paragraphs of the Complaint. The core supporting factual allegations in the Complaint—i.e. that the Rating Agencies determined all of the critical provisions of each MBS offering including, for example, the number of senior and subordinate classes, the rights of those classes in the event losses were incurred and the amount of overcollateralization and excess spread (¶¶ 12 & n.3, 110-12, 217)—remain unchanged. In other words, the amendment is technical and is sought to allow the Court to rule on a precise legal issue that has already been factually pled and which no other federal district court, despite Defendants protestations to the contrary, has squarely addressed: did the Rating Agencies' alleged control over all the critical structural and economic provisions of the Mortgage Backed Securities ("MBS") offerings give rise to an issue of fact as to whether the Rating Agencies controlled the issuer (WMAAC) under Section 15 of the Securities Act.[2]

Despite the undisputed *de minimis* and technical nature of the proposed amendment and the fact that the Rating Agency Defendants can show no possible prejudice, the Rating Agencies nevertheless assert that the Court should not grant the requested leave because the prior history of similar actions asserting Section 15 claims against the Rating Agencies

---

[1] Although, under Section 2(a)(4) of the Securities Act, in most contexts the issuer of a security (and the signer of the registration statement required by Section 11 of the Act) is the entity which issues the security, in the context of mortgage backed securities ("MBS") the issuer is the "depositor." The depositor signs MBS registration statements. Here WMAAC signed the registration statements as issuer/depositor.

[2] Section 15 imposes liability on one who controls anyone primarily liable under the Act. The issuer here is primarily liable under Section 11(a)(1) of the Act as a signatory to the MBS registration statements.

PLAINTIFFS' REPLY IN SUPPT OF
MOT. TO AMEND - 1
(NO. 2:09-cv-00037-MJP)

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

supposedly demonstrates that this amendment is made in bad faith and is, in all events, futile. Reply In Support Of The Rating Agencies' Motion To Dismiss The Second Amended Consolidated Class Action Complaint ("Rep.") Dkt. 184 at 8-12. Nothing could be further from the truth. There is no gamesmanship by Plaintiffs or prejudice to Defendants since, as noted, none of the critical factual allegations relating to the control person claim have changed. Moreover, the catalyst for the amendment was not the "rejection" of Plaintiffs' theory of control person liability by either Judge Kaplan in *In re Lehman Brothers Securities and ERISA Litig.*, 681 F. Supp. 2d 495 (S.D.N.Y. 2010) or Judge Baer in *New Jersey Carpenters Vacation Fund v. Royal Bank of Scotland Group, PLC,* No. 08 CV 5093, 2010 WL 1172694, (S.D.N.Y. Mar. 26, 2010). Indeed, it is clear, even from a cursory examination of those decisions, that they never overtly or implicitly addressed the specific control person theory advanced by Plaintiffs here. For this reason those courts cannot be construed to have, in any way, addressed the factual or legal theory properly put before this Court in the proposed amended complaint.

For the same reasons, the Rating Agencies' argument that prior decisions render the amendment futile also fail. Rep. at 9-11. For example, Judge Kaplan in *Lehman* only addressed whether the Rating Agencies controlled Lehman—i.e. the investment bank underwriter liable under Section 11(a)(5). The court in that case wrote as follows:

> This complaint fairly read, alleges only that the Rating Agencies had the power to influence Lehman with respect to the composition of the pools of mortgages to be securitized and the credit enhancements the Rating Agencies regarded as necessary to obtain the desired ratings. But those allegations fall considerably short of anything that could justify a reasonable trier of fact in concluding that the decision making power lay entirely with the Rating Agencies.

*Lehman*, 681 F. Supp. 2d at 501. The issuer/depositor in Lehman was an entity identified in the complaint in that case as Structured Asset Securities Corporation, not Lehman itself. On its face, the *Lehman* decision gives no consideration to the Rating Agencies' control over the Structured Asset Securities Corporation. Further, the *Lehman* decision relied heavily on a

PLAINTIFFS' REPLY IN SUPPT OF
MOT. TO AMEND - 2
(NO. 2:09-cv-00037-MJP)

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

factual allegation that does not exist in this case: i.e. "that Lehman 'controlled every aspect of the securitization and underwriting process." *Id.* at 500. Finally, the decision in *Lehman* applied a legal standard for control that does not exist in this Circuit (or in the Second Circuit), which was that Plaintiff must allege that "decision making power lay entirely with the Rating Agencies." *Id.* at 501.

Similarly, Judge Baer's decision in *Royal Bank* does not remotely render the proposed amended complaint futile. In fact, in that case the district court dismissed the control person allegations solely based on the mistaken assumption that Plaintiff had to allege a primary allegation against the Rating Agencies in order to state control allegations against them: "Since Plaintiffs have failed to allege primary liability against the Rating Agency Defendants, their claims under section 15 must also be dismissed." *Royal Bank*, 2010 WL 1172694, at *7. Even if this was a correct formulation of the law of control under Section 15—which it is clearly not—in no event can it be construed as addressing whether the Rating Agencies were control persons of the issuer in this case, WMAAC.[3]

**This Issue Should Be Decided On The Merits**

One of the fundamental principles of the Federal Rules of Civil Procedure is that cases should be "deci[ded] on the merits, rather than on the pleadings or technicalities," *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), and the application of that principle is particularly appropriate here. Many key facts are not in dispute: there is no dispute that the Ratings Agencies assigned investment grade ratings to the overwhelming majority of the MBS that are the subject of this litigation, that these ratings advised investors that the purchasers of these MBS would have very little credit risk, that investors bought in reliance on these ratings,

---

[3] The other cases defendants purport to rely upon— *In re Bear Sterns Mortgage Pass-Through Certificates Litig.*, No. 08-cv-8093 (S.D.N.Y.) and *New Jersey Carpenters Vacation Fund v. Novastar Mortgage, Inc.*, No. 08-cv-5310 (S.D.N.Y.)—cannot render the proposed amended complaint futile since there has been no decision by the courts in these cases on the pending motions to dismiss.

PLAINTIFFS' REPLY IN SUPPT OF
MOT. TO AMEND - 3
(NO. 2:09-cv-00037-MJP)

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

and that investors lost billions of dollars when, despite the initial ratings assigned by the Ratings Agencies, the value of these MBS collapsed when it became clear that they might not pay their promised principal and interest. *See also Lehman*, 681 F. Supp. 2d at 501 ("The collapse of the mortgage-backed securities market has been a national disaster. Many actors, quite likely including the Rating Agencies, contributed to the catastrophe."). The dispute is not over these facts, but over whether the Rating Agencies' conduct violated the Securities Act. Plaintiffs allege that the Ratings Agencies are liable as control persons under the Securities Act because they plead facts that permit a plausible inference that the Rating Agencies controlled the operations of WMAAC—whose sole purpose was to, under the direction of the Rating Agencies, arrange for the issuance of the MBS at issue. For their part, the Rating Agencies contend that the facts alleged in the Complaint (and the amended complaint) are such that the Court must affirmatively find as a matter of law, without permitting any discovery, that the Rating Agencies were not control persons. It is on this fundamental legal issue—not the technicalities of who is the issuer—that the Court should decide whether Plaintiffs' claim against the Ratings Agencies can proceed.

**Plaintiffs Acted In Good Faith**

Rejecting the veracity of Plaintiffs' explanation that they made an honest mistake, the Rating Agencies make the unsupported and illogical assertion that Plaintiffs' admittedly incorrect statement in the current Complaint that the Issuing Trusts created to issue the MBS were the issuer of the MBS for purposes of the Securities Act "was not an 'error,' but a deliberate, strategic decision" by Plaintiffs. Rep. at 2, 9. But as discussed above, and as Defendants point out, control person liability under that Act only applies to persons who controlled an issuer and it is clear that the Issuing Trusts are not, for purposes of the Act, the issuers of the MBS. Consequently, incorrectly naming the trusts rather than WMAAC as the controlled entity provided no strategic advantage to Plaintiffs—instead it required them to

PLAINTIFFS' REPLY IN SUPPT OF
MOT. TO AMEND - 4
(NO. 2:09-cv-00037-MJP)

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

acknowledge that they had made a mistake and ask the Court for permission to fix it. To support their assertion of "gamesmanship" the Rating Agencies urge the Court to look at other cases involving MBS in which certain lead counsel in this case have had some role. Rep. at 9-11. Their apparent point is that plaintiffs in some of these cases have made the same mistake (alleging that the trusts were the issuers) as here, while in other of these cases the plaintiffs did not make this error. Even if these cases are factually analogous to this case, and even assuming the Rating Agencies have accurately described the allegations made by the plaintiffs in these cases, it is difficult to see why the fact highlighted by the Rating Agencies—that mistakes were made in some of these cases but not in others—in any way suggests that, for some unspecified strategic advantage, Plaintiffs in this case intentionally misidentified the Issuing Trusts as the controlled persons while actually knowing that they should have named WMAAC.

**Plaintiffs Are Not Advancing A New Theory Of Liability**

The Rating Agencies' separate assertion, that the proposed amendments "assert a new . . . theory of liability against the Rating Agencies" (Rep. at 1-2), is equally unfounded. Although the identity of the controlled entity has been corrected, as discussed above Plaintiffs' theory of the Rating Agencies' liability remains exactly the same. In fact, it is the Rating Agencies themselves who emphasize that "Plaintiffs' fundamental allegation" in both the operative Complaint and the proposed amended complaint is that Defendants controlled the issuer of the MBS. Rep. at 2. Tellingly, despite their assertion that the proposed amended complaint advances a new theory of liability, the Rating Agencies do not make any fundamentally new arguments in their reply brief, which discusses the proposed amendment, or claim to need additional briefing to make new arguments. Instead the reply brief emphasizes the points the Rating Agencies set forth in their initial brief in support of their motion to dismiss, points which they claim clearly establish that "allegations in both the SAC

PLAINTIFFS' REPLY IN SUPPT OF
MOT. TO AMEND - 5
(NO. 2:09-cv-00037-MJP)

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

and the Proposed TAC are insufficient as a matter of law to constitute 'control' of **anyone.**" *Id.* at 3 (emphasis in original).

**The Rating Agencies Would Suffer No Prejudice**

Perhaps most importantly with respect to whether leave to amend should be granted, the Rating Agencies do not claim that they would be prejudiced if the Court grants Plaintiffs' motion for leave to amend. The most important factor in determining whether leave to amend should be granted is "prejudice to the opposing party." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Defendants do complain that Plaintiffs have advanced several theories of liability during the course of this complex, multi-billion dollar litigation (even though the proposed amendment does not advance a new theory of liability), but the Rating Agencies do not and cannot claim that they were unfairly prejudiced by these multiple theories. There is nothing improper with successive complaints advancing new liability theories—in *Eminence Capital* the court found that the fact that a new complaint proposed a new theory of liability actually weighed in favor of its decision to reverse the district court's refusal to allow the filing of an amended complaint. *Id.* at 1053. The teaching of *Eminence Capital*, which the Court should apply in this case, is that "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment." *Id.* at 1052.

**Leave To Amend Should Be Granted**

Plaintiffs' proposed amended complaint provides for only *de minimis* modifications of the current Complaint, is not offered in bad faith and does not raise a new theory of liability. Given the absence of prejudice to the Rating Agencies and the fact that allowing the amendment would permit a decision on the merits of an important legal issue, Plaintiffs' motion for leave to amend should be granted.

PLAINTIFFS' REPLY IN SUPPT OF
MOT. TO AMEND  - 6
(NO. 2:09-cv-00037-MJP)

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

| | | |
|---|---|---|
| 1 | Dated: June 4, 2010 | Respectfully submitted, |
| 2 | | **TOUSLEY BRAIN STEPHENS PLLC** |
| 3 | | By: /s/ Nancy A. Pacharzina |
| | | Nancy A. Pacharzina, WSBA #25946 |
| 4 | | Kim D. Stephens, WSBA #11984 |
| | | 1700 Seventh Avenue, Suite 2200 |
| 5 | | Seattle, Washington 98101 |
| | | Telephone: (206) 682-5600 |
| 6 | | Facsimile: (206) 682-2992 |
| | | kstephens@tousley.com |
| 7 | | npacharzina@tousley.com |
| 8 | | *Liaison Counsel for Lead Plaintiffs and the Proposed Class* |
| 9 | | |
| 10 | | **SCOTT+SCOTT LLP** |
| | | Arthur L. Shingler III (admitted pro hac vice) |
| 11 | | Hal D. Cunningham (admitted pro hac vice) |
| | | 600 B Street, Suite 1500 |
| 12 | | San Diego, California 92101 |
| | | Telephone: (619) 233-4565 |
| 13 | | Facsimile: (619) 233-0508 |
| | | ashingler@scott-scott.com |
| 14 | | hcunningham@scott-scott.com |
| 15 | | |
| | | Joseph P. Guglielmo (admitted pro hac vice) |
| 16 | | 500 Fifth Avenue, 40th Floor |
| | | New York, New York 10110 |
| 17 | | Telephone: (212) 223-6444 |
| | | Facsimile: (212) 223-6334 |
| 18 | | jguglielmo@scott-scott.com |
| 19 | | |
| | | *Counsel for Lead Plaintiff Policeman's Annuity* |
| 20 | | *and Benefit Fund of the City of Chicago and the Proposed Class* |
| 21 | | |
| 22 | | **COHEN MILSTEIN SELLERS & TOLL PLLC** |
| | | Joel P. Laitman (admitted pro hac vice) |
| 23 | | Christopher Lometti (admitted pro hac vice) |
| 24 | | Daniel B. Rehns (admitted pro hac vice) |
| | | Kenneth M. Rehns (admitted pro hac vice) |
| 25 | | 150 East 52nd Street, Thirtieth Floor |
| | | New York, New York 10022 |
| 26 | | Telephone: (212) 838-7797 |
| 27 | | Facsimile: (212) 838-7745 |

PLAINTIFFS' REPLY IN SUPPT OF
MOT. TO AMEND  - 7
(NO. 2:09-cv-00037-MJP)

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

| | |
|---|---|
| 1 | jlaitman@cohenmilstein.com |
| 2 | clometti@cohenmilstain.com |
| | drehns@cohenmilstein.com |
| 3 | krehns@cohenmilstein.com |
| 4 | Steven J. Toll |
| | 1100 New York Avenue, NW, Suite 500 West |
| 5 | Washington, D.C. 20005 |
| 6 | Telephone: (202) 408-4600 |
| | Facsimile: (202) 408-4699 |
| 7 | stoll@cohenmilstein.com |
| 8 | *Counsel for Lead Plaintiff Doral Bank Puerto Rico, Plaintiff Boilermakers National Annuity Trust Fund and the Proposed Class* |
| 9 | |
| 10 | Steven J. Toll |
| | Joshua S. Devore |
| 11 | Matthew B. Kaplan |
| 12 | S. Douglas Bunch |
| | 1100 New York Avenue, NW |
| 13 | Suite 500 West |
| | Washington, D.C. 20005 |
| 14 | Telephone: (202) 408-4600 |
| 15 | Facsimile: (202) 408-4699 |
| | stoll@cohenmilstein.com |
| 16 | jdevore@cohenmilstein.com |
| | mkaplan@cohenmilstein.com |
| 17 | dbunch@cohenmilstein.com |
| 18 | *Counsel for Lead Plaintiff Doral Bank, Plaintiff Boilermakers and the Proposed Class* |

PLAINTIFFS' REPLY IN SUPPT OF
MOT. TO AMEND - 8
(NO. 2:09-cv-00037-MJP)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record and additional persons listed below.

Adam Zurofsky     azurofsky@cahill.com

Andrew B Brettler     abrettler@stblaw.com

Arthur L Shingler     ashingler@scott-scott.com, efile@scott-scott.com

Barry Robert Ostrager     bostrager@stblaw.com, managingclerk@stblaw.com

Bradley T. Meissner     bradley.meissner@dlapiper.com

Brian C Free     bcf@hcmp.com, gcp@hcmp.com

Bruce Earl Larson     blarson@karrtuttle.com, psteinfeld@karrtuttle.com

Christopher E Lometti     clometti@cohenmilstein.com

Christopher M Huck     Christopher.huck@dlapiper.com, karen.hansen@dlapiper.com

Corey E Delaney     corey.delaney@dlapiper.com, kerry.cunningham@dlapiper.com, patrick.smith@dlapiper.com, richard.hans@dlapiper.com

Daniel B Rehns     drehns@cohenmilstein.com

David Daniel Hoff     dhoff@tousley.com, efile@tousley.com

David M Balabanian     david.balabanian@bingham.com

Dennis H Walters     dwalters@karrtuttle.com, wbarker@karrtuttle.com

Floyd Abrams     fabrams@cahill.com

Frank Busch     frank.busch@bingham.com, frank.downing@bingham.com

Gavin Williams Skok     gskok@riddellwilliams.com, dhammonds@riddellwilliams.com

Hal D Cunningham     hcunningham@scott-scott.com, efile@scott-scott.com, halcunningham@gmail.com

Hollis Lee Salzman (Terminated)     hsalzman@labaton.com, ElectronicCaseFiling@labaton.com

PLAINTIFFS' REPLY IN SUPPT OF
MOT. TO AMEND  - 9
(NO. 2:09-cv-00037-MJP)

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

| | |
|---|---|
| 1 | James J. Coster jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com |
| 2 | Joel P Laitman jlaitman@cohenmilstein.com |
| 3 | John D Lowery jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com |
| 4 | John D Pernick john.pernick@bingham.com |
| 5 | Jonathan Gardner jgardner@labaton.com |
| 6 | Joseph A. Fonti (Terminated) jfonti@labaton.com, ElectronicCaseFiling@labaton.com |
| 7 | Joseph P Guglielmo jguglielmo@scott-scott.com, efile@scott-scott.com |
| 8 | Joshua M. Rubins jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com |
| 9 | Julie Hwang (Terminated) jhwang@labaton.com, ElectronicCaseFiling@labaton.com |
| 10 | Kenneth J Pfaehler kpfaehler@sonnenschein.com, nreeber@sonnenschein.com |
| 11 | Kenneth M Rehns krehns@cohenmilstein.com |
| 12 | Kerry F Cunningham kerry.cunningham@dlapiper.com |
| 13 | Kevin P Chavous kchavous@sonnenschein.com |
| 14 | Kim D Stephens kstephens@tousley.com, cbonifaci@tousley.com, kzajac@tousley.com |
| 15 | Larry Steven Gangnes gangnesl@lanepowell.com, docketing-sea@lanepowell.com, |
| 16 | donnellyjossm@lanepowell.com, sebringl@lanepowell.com |
| 17 | Leslie D Davis ldavis@sonnenschein.com |
| 18 | Louis David Peterson ldp@hcmp.com, smp@hcmp.com |
| 19 | Mary Kay Vyskocil mvyskocil@stblaw.com |
| 20 | Michael H. Barr mbarr@sonnenschein.com |
| 21 | Mike Liles , Jr mliles@karrtuttle.com |
| 22 | Nancy A Pacharzina npacharzina@tousley.com, kzajac@tousley.com |
| 23 | Paul Scarlato pscarlato@labaton.com, ElectronicCaseFiling@labaton.com |
| 24 | Paul Joseph Kundtz pkundtz@riddellwilliams.com, mbergquam@riddellwilliams.com, |
| 25 | mdowns@riddellwilliams.com |
| 26 | Richard F Hans richard.hans@dlapiper.com, dorinda.castro@dlapiper.com |
| 27 | |

PLAINTIFFS' REPLY IN SUPPT OF
MOT. TO AMEND - 10
(NO. 2:09-cv-00037-MJP)

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | Robert D Stewart     stewart@kiplinglawgroup.com, cannon@kiplinglawgroup.com |
| 2 | Robert J Pfister     rpfister@stblaw.com |
| 3 | Rogelio Omar Riojas     omar.riojas@dlapiper.com, nina.marie@dlapiper.com |
| 4 | Serena Richardson (Terminated)     srichardson@labaton.com, |
| 5 | ElectronicCaseFiling@labaton.com |
| 6 | Stellman Keehnel     stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com |
| 7 | Stephen M. Rummage     steverummage@dwt.com, jeannecadley@dwt.com |
| 8 | Steve W. Berman     steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com |
| 9 | Steven J Toll     stoll@cohenmilstein.com, efilings@cohenmilstein.com |
| 10 | Steven P Caplow     stevencaplow@dwt.com, belenjohnson@dwt.com |
| 11 | Tammy Roy     troy@cahill.com |
| 12 | Timothy Michael Moran     moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com |
| 13 | Walter Eugene Barton     gbarton@karrtuttle.com, danderson@karrtuttle.com, |
| 14 | nrandall@karrtuttle.com |

                                  /s/ Nancy A. Pacharzina
                                  Nancy A. Pacharzina, WSBA #25946
                                  Kim D. Stephens, P.S., WSBA #11984
                                  Email: kstephens@tousley.com
                                  Liaison Counsel for the Class
                                  TOUSLEY BRAIN STEPHENS PLLC
                                  1700 Seventh Avenue, Suite 2200
                                  Seattle, Washington 98101-4416
                                  Tele:    206.682.5600
                                  Fax:     206.682.2992

PLAINTIFFS' REPLY IN SUPPT OF
MOT. TO AMEND - 11
(NO. 2:09-cv-00037-MJP)