

**HONORABLE MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BOILERMAKERS NATIONAL ANNUITY TRUST FUND, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>*v.*<br><br>WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES AR1, *et al.*,<br><br>Defendants. | **Master Case No.: C09-0037 (MJP)**<br><br>**<u>ECF CASE</u>**<br><br>**JOINT STATUS REPORT REGARDING SCHEDULING AND DISCOVERY ISSUES** |
| DORAL BANK PUERTO RICO, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>*v.*<br><br>WASHINGTON MUTUAL ASSET ACCEPTANCE CORPORATION, *et al.*<br><br>Defendants. | |



**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

The parties to the above-captioned actions respectfully jointly submit the following report on the status of this matter in accordance with Federal Rules of Civil Procedure 16 and 26 and the Court's Order dated September 30, 2010 (Dkt. No. 196):

1. **Nature of the Case.** This is a complex lawsuit pursuant to the Securities Act of 1933 involving Defendants' issuance and sale of mortgage backed securities. Plaintiffs allege that during 2006 and 2007 the Defendants securitized and sold billions of dollars worth of Mortgage Pass-Through Certificates that securitized mortgage loans for resale to investors and that the Offering Documents for those securities misstated and omitted material information concerning the underwriting practices used to originate the mortgages underlying the Certificates. Under the Securities Act of 1933, Plaintiffs allege that the Defendants are strictly liable for the misstatements and omissions in the Offering Documents used to sell the Certificates. Defendants deny that any misstatements or omissions were made in the Offering Documents, and deny that they are liable in any way to Plaintiffs or the proposed class.

2. **ADR Method.** The Parties believe that the appropriate ADR method is mediation supervised by a mediator agreed to by all parties with experience in the mediation of complex securities litigation.

3. **ADR Timing.** The Parties recognize that the Court encourages efforts to utilize ADR procedures to resolve litigation at as early a stage as reasonably possible. Plaintiffs believe that a mediation session should take place as soon as practicable and, given the overlap in issues and potential insurance coverage, in conjunction with the mediation in the non-ERISA claims *In re Washington Mutual Securities and ERISA Litigation*, Case No. C08-0387 MJP (the "Securities and ERISA Litigation"), which is set to occur within 60 days of the Court's ruling on class certification in that action. Specifically, Plaintiffs believe that the Parties should select a mediator agreeable to all parties in this litigation and in the Securities and ERISA Litigation, so that a mediation can proceed promptly following the Court's ruling on class certification with respect to the non-ERISA claims in the Securities and ERISA



TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Litigation. Defendants are considering Plaintiffs' suggestion regarding the timing of mediation.

4. **Joinder of Additional Parties.** Plaintiffs do not propose joining additional parties and, consequently, no deadline for joining additional Parties need be set. Plaintiffs do, however, reserve their right to request leave of the Court to join additional parties should future circumstances make it appropriate for them to do so as justice may require. Defendants reserve the right to oppose any such request.

5. **Discovery Plan.** An initial FRCP 26(f) Conference was held telephonically on October 4, 2010. All parties were represented at that Conference. The Parties respectfully request that the deadline to develop a discovery plan pursuant to Federal Rule of Civil Procedure 26(f) be extended until October 25, 2010. This will allow the Parties to negotiate the extent to which discovery in this litigation should be coordinated with other litigation pending before this Court. The discovery plan the Parties will develop will identify all aspects of such a plan on which the Parties agree and will identify and request that the Court resolve any areas of disagreement with respect to the terms of such a plan. Pursuant to the Court's Order, the provisions of Rule 26(f) and the circumstances of this case, the proposed Discovery Plan will include at least the following:

a. The subjects on which discovery may be needed;

b. Timing of discovery: Defendants believe that a topic of discussion should be the phasing of discovery on certain issues, such as class certification; Plaintiffs agree that the timing of various aspects of discovery should be discussed, but do not agree that there should be bifurcation or "phasing" of discovery;

c. How discovery should be conducted with respect to documents not controlled by Defendants: Plaintiffs believe that this discussion should include a specific discussion of issues created by the need to obtain discovery from any documents or witnesses controlled by J.P. Morgan Chase to the extent Defendants



TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

assert they do not control any such documents and witnesses; Defendants have not agreed that this should be a specific topic of discussion;

d. The Format for production of Electronically Stored Information ("ESI") and any other relevant ESI issues;

e. The entry of a protective order governing the production of confidential information;

f. What changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules, including the number of depositions and interrogatories that should be permitted, or, if more information is needed before an informed decision can be made on what changes are necessary, a deadline for submitting to the Court a proposal as to what proposed changes should be made;

g. Any issues relevant to disclosure to Plaintiffs in this case of discovery materials produced in other litigation pending before this court involving the same or similar Defendants.

h. Any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c).

6. **Discovery Completion Date.** The Parties propose that all discovery in this case be completed by March 16, 2012. Plaintiffs believe that the parties should be permitted to respond to contention interrogatories after the March 16, 2012 deadline.

7. **Denial of Consent to Referral to a Magistrate.** The Parties do not agree that a full-time Magistrate Judge may conduct all proceedings, including trial and the entry of judgment, under 28 U.S.C. § 636(c) and Local Rule MJR 13.

8. **Bifurcation.** The parties disagree on whether discovery should be bifurcated:

a. Plaintiffs do not believe that discovery should be bifurcated. While Plaintiffs are amenable to prioritizing discovery concerning class certification issues in the first months of discovery, equally important to Plaintiffs is the production to them of documents that were produced to regulatory or governmental entities.



TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiffs believe there is no clear distinction between merit and class discovery and thus, this Court should allow all discovery to proceed as it did in the Securities and ERISA litigation.

b. Defendants believe that discovery should be phased so that an initial period of discovery focuses on issues associated with class certification, and all document production and written discovery and most if not all fact depositions relating to class certification are completed prior to the filing of Plaintiffs' motion for class certification.

9. **Pretrial Statements and Order.** The Parties do not believe that, at this time, there is any reason to conclude that the pretrial statements and pretrial order called for by Local Rules CR 16(e), (h), (i), and (l), and 16.1 should be dispensed with in part or in their entirety for the sake of economy.

10. **Suggested Procedures to Simplify the Case.** The Parties propose the following special procedures for simplifying this case:

a. Plaintiffs propose that the Parties shall adopt a procedure similar to that employed in the Securities and ERISA Litigation, pursuant to which Defendants and/or J.P. Morgan Chase shall be required to produce to Plaintiffs in this case documents produced to any relevant regulatory or government entity that requested documents from Washington Mutual (including officers, directors or affiliates) as part of formal or informal investigations, that Such documents shall be referred to as Investigatory Disclosure Documents, and that the deadline for such production shall be December 1, 2010. Defendants do not agree to this proposal at this time.

b. For the avoidance of confusion, the Parties recommend that the caption of this case be modified to read as follows: *In re Washington Mutual Mortgage Backed Securities Litigation,* Master Case No.: C09-0037 (MJP).

11. **Trial Date.** The Parties believe that this case will be ready for trial by August 15, 2012.



TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

12. **Trial by Jury.** Plaintiffs have requested a jury trial.

13. **Length of Trial.** The Parties estimate that approximately 25 trial days will be required for this trial.

14. **Trial Counsel.** The names, addresses, telephone numbers and e-mail addresses of the parties' trial counsel are contained in the signature blocks below.

15. **Service.** All Defendants in this matter have been served or waived service and the FRCP 26(f) Conference process has commenced. The parties propose that initial disclosures shall be exchanged by November 11, 2010.

16. **Proposed Schedule.** The Parties request a scheduling conference, after the proposed October 25, 2011 submission of a discovery plan to the Court, and prior to a scheduling order being entered in the case. The Parties further recommend that the Court adopt the following deadlines:

| **Event** | **Deadline (Plaintiffs' Proposal)** | **Deadline (Defendants' Proposal)** |
|---|---|---|
| Mediation Deadline | Equivalent to the deadline in Case Nos. C08-0387 MJP, and C07-1874 MJP, | No deadline |
| Continue and Finalize FRCP 26(f) Conference (to discuss rule 26 issues not dealt with in this report) | 10/20/2010 | same |
| Proposed Joint Discovery Plan Submitted to the Court | 10/25/2010 | same |
| Initial Disclosures per FRCP 26(a)(1) | 11/11/2010 | same |
| Production of Investigatory Disclosure Documents (documents produced in connection with government or regulatory investigations) | 12/01/2010 | none |
| Answer to Complaint | 12/15/2010 | |
| Written Discovery and Document Production on Class Certification Complete | Plaintiffs do not believe bifurcation is necessary or appropriate | 4/06/2011 |



TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

| Event | Deadline (Plaintiffs' Proposal) | Deadline (Defendants' Proposal) |
|---|---|---|
| Motion for Class Certification | 02/11/2011[1] | same |
| Response to Motion for Class Certification | 03/25/2011 | 04/08/2011 |
| Reply for Motion for Class Certification | 4/29/2011 | 05/06/2011 |
| Document Production Substantially Complete | 07/29/2011 | same |
| Fact Discovery Close | 12/01/2011 | |
| Last Day to File Fact Discovery Motions | 12/15/2011 | same |
| Deadline for Amending any Pleadings | 01/07/2012 | same |
| Exchange Merits Expert Reports | 01/21/2012 | same |
| Exchange Rebuttal Merits Expert Reports | 02/18/2012 | 3/07/2012 |
| Close of Expert Discovery (except for discovery motions); | 03/16/2012 | 03/30/2012 |
| Deadline for Expert Discovery Motions to be Filed | 03/16/2012 | 04/06/2012 |
| Motions for Summary Judgment | 04/13/2012 | same |
| Responses to Motions for Summary Judgment | 05/11/2012 | same |
| Replies for Motions for Summary Judgment | 05/25/2012 | same |
| Filing of Motions in Limine | 07/01/2012 | same |
| Proposed Pre-Trial Order (LR 16(e)) | 07/15/2012 | same |
| Parties Designate Trial Counsel | 07/15/2012 | same |
| Pre-Trial Conference | TBD | same |
| **TRIAL** | **08/15/2012** | same |

[1] This deadline assumes no unforeseen issues arise regarding obtaining trade data from Washington Mutual entities due to its bankruptcy or from relevant third parties.



TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Dated: October 12, 2010

Respectfully submitted,

**TOUSLEY BRAIN STEPHENS PLLC**

By: /s/ Nancy A. Pacharzina
Kim D. Stephens, WSBA #11984
Nancy A. Pacharzina, WSBA #25946
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com
npacharzina@tousley.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

**SCOTT+SCOTT LLP**

Arthur L. Shingler III (admitted pro hac vice)
Hal D. Cunningham (admitted pro hac vice)
600 B Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
Email: ashingler@scott-scott.com
hcunningham@scott-scott.com

Joseph P. Guglielmo (admitted pro hac vice)
500 Fifth Avenue, 40th Floor
New York, New York 10110
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
Email: jguglielmo@scott-scott.com

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Steven J. Toll
Julie Goldsmith Reiser, WSBA #27485
Joshua S. Devore (admitted pro hac vice)
Matthew B. Kaplan (admitted pro hac vice)
S. Douglas Bunch (admitted pro hac vice)
1100 New York Avenue, NW
Suite 500 West
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
jreiser@cohenmilstein.com
jdevore@cohenmilstein.com
mkaplan@cohenmilstein.com
dbunch@cohenmilstein.com

Joel P. Laitman (admitted pro hac vice)
Christopher Lometti (admitted pro hac vice)
Daniel B. Rehns (admitted pro hac vice)
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: jlaitman@cohenmilstein.com
clometti@cohenmilstain.com
drehns@cohenmilstein.com

*Lead Counsel for the Proposed Class*

**BINGHAM McCUTCHEN LLP**

David M. Balabanian (*Pro Hac Vice*)
John D. Pernick (*Pro Hac Vice*)
Frank Busch (*Pro Hac Vice*)
Three Embarcadero Center
San Francisco, CA 94111-4067
Tel: (415) 393-2544
Fax: (415) 262-9203
Email: david.balabanian@bingham.com
john.pernick@bingham.com
frank.busch@bingham.com

Susan L. Hoffman (admitted pro hac vice)
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Tel: (213) 680-6454
Fax: (213) 680- 6499
Email: susan.hoffman@bingham.com

**HILLIS CLARK MARTIN & PETERSON**

By: /s/__________________
Brian C. Free, WSBA #35788
Louis D. Peterson
1221 Second Ave, Suite 500
Seattle, WA 98101-2925
Tel: (206) 470-7646
Email: bcf@hcmp.com
ldp@hcmp.com

*Counsel for Defendants WaMu Asset Acceptance Corporation, WaMu Capital Corporation, David Beck, Diane Novak, Rolland Jurgens, Richard Careaga, Thomas Lehman, Stephen Fortunato, and Donald Wilhelm*