**HONORABLE MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BOILERMAKERS NATIONAL ANNUITY TRUST FUND, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES AR1, *et al.*,<br><br>Defendants. | **Master Case No.: C09-0037 (MJP)**<br><br><br><br>**JOINT DISCOVERY PLAN** |
| DORAL BANK PUERTO RICO, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL ASSET ACCEPTANCE CORPORATION, *et al.*<br><br>Defendants. | |

JOINT DISCOVERY PLAN
(NO. 2:09-CV-0037-MJP) - 1

4898/001/238072.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure, and subject to approval of the Court, the parties to the above-captioned action (the "Parties"), agree and stipulate to the following Plan to govern discovery in this litigation.

Where the Parties were unable to reach an agreement, separate sentences or sections provide Plaintiffs' position and the position of Defendants.

1. <u>Discovery Subjects and Timing</u>

The general subjects as to which discovery will be addressed in this action include, but are not limited to, the following:

- The loan underwriting guidelines in place at Washington Mutual Bank ("WMB") during the period of time each loan underlying the securities at issue was originated and WMB's adherence to those guidelines;
- The underwriting guidelines that are described in the offering documents.
- The origination, underwriting, pooling, servicing and performance of each of the loans underlying the securities at issue;
- The trading, value and performance of the securities at issue.
- The appropriateness of class treatment;
- The ability of lead plaintiffs, named plaintiffs, and their counsel to adequately represent any class that is certified in the action;
- Quality control relating to the loans and the originators of the loans;
- Information concerning the performance of the loans from the time of the offerings through the present;
- Warehouse lending or other financial arrangements used by Defendants to support their lending and securitization operations—Defendants do not agree this area of inquiry is relevant;
- Defendants' due diligence with respect to the accuracy of statements made in connection with the offerings; and
- Defendants' affirmative defenses.

JOINT DISCOVERY PLAN
(NO. 2:09-CV-0037-MJP) - 2

4898/001/238072.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Many of the documents pertaining to the issues identified above, particularly documents relating to loan underwriting at WMB, including the loan files for each of the loans underlying the securities at issue, are not in the possession, custody, or control of any of the Defendants in this action. Therefore, negotiations as to discovery protocols and forms of production will necessarily require the participation of, at least, JPMorgan Chase Bank National Association ("JPMC"), which purchased the assets of WMB and has information relevant to the claims and defenses of the parties. Plaintiffs are arranging to meet and confer with JPMC in the near future to discuss how discovery will proceed with respect to discovery in the possession of JPMC. Defendants have asked to participate in such a conference; Plaintiffs do not believe Defendants should be involved.

**Plaintiffs' Position**

In order to expedite the discovery process, Plaintiffs have requested that JPMC grant Plaintiffs access to all documents previously produced by JPMC to the Permanent Subcommittee on Investigation ("PSI") of the United States Senate and to parties in *In re Washington Mutual, Inc. Securities, Derivative and Erisa Litigation*, No. 2:08-md-01919-MJP (the "MDL Action") per the Court's Order in that case (Dkt. #115). Plaintiffs are able to arrange access to JPMC's PSI documents through a database already being used in the MDL Action, and therefore, if access is granted, could immediately begin reviewing the documents. Plaintiffs believe that waiting for Defendants to produce a list of custodians and search terms and to negotiate both will unnecessarily delay production of documents that already have been produced. Moreover, Plaintiffs' proposal would be the least burdensome demand on JPMC. Finally, given Defendants' position that they and JPMC are distinct entities, Plaintiffs contend that Defendants have no legitimate basis for interfering in Plaintiffs' subpoenaed production from a third party and should have no involvement in Plaintiffs' discussions with JPMC.

JOINT DISCOVERY PLAN
(NO. 2:09-CV-0037-MJP) - 3

4898/001/238072.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**Defendants' Positions**

Defendants understand and share Plaintiffs' desire to obtain relevant documents as quickly and efficiently as possible. However, the issues in this action, in particular after the Court's Order on Defendants' Motion to Dismiss, are significantly narrower in scope than the issues in the MDL Action and than the issues as to which the PSI subpoenaed documents. The vast bulk of documents produced in the MDL Action, and documents that were produced to the PSI, are thus irrelevant to this proceeding. Consequently, rather than the wholesale production of those documents, Defendants propose that the parties and JPMC (the custodian of the documents that were produced to the PSI and in the MDL) agree to a list of custodians and a set of search terms designed to identify documents within the PSI and MDL productions that are relevant to the issues identified above and that JPMC therefore will produce to the parties. Defendants must be involved in the discussions with JPMC because JPMC is the custodian of documents that are relevant to Defendants' defense of this action and, therefore, Defendants must also have input into what documents are searched for and how those documents are produced. Rather than Plaintiffs and Defendants serving separate subpoenas on, and having separate discussions with, JPMC, the more efficient procedure would be for Plaintiffs, Defendants, and JPMC to discuss the appropriate process for document search and production.

Defendants believe that discovery relating to class certification should be prioritized so that all documents relating to class certification issues have been produced, and substantially all depositions relating to class certification have been conducted, prior to Plaintiffs' filing of their motion for class certification and prior to merits depositions being undertaken. Plaintiffs believe there is no basis to bifurcate discovery such that class certification topics are addressed first because of, among other reasons, the complete lack of burden involved in reviewing JPMC's PSI production. However, Plaintiffs generally agree that class certification

JOINT DISCOVERY PLAN
(NO. 2:09-CV-0037-MJP) - 4

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

4898/001/238072.1

depositions would be conducted before merits depositions based on the proposed schedule for class certification. Accordingly, Plaintiffs believe the parties will work together to schedule depositions without any requirement of depositions being formally bifurcated.

2. Protective Order

The Parties will agree to a protective order governing production of confidential documents by November 12, 2010. The Parties believe the terms of the protective order entered in *In re Washington Mutual Securities, Derivative & ERISA Litigation* may be applied to this litigation as well, with only minor modifications to protect personally identifiable information of loan borrowers such as bank account and social security numbers which are present in loan files that will be produced. The Parties will ask the Court to resolve any terms of the proposed protective order to which they are unable to reach agreement if any arise.

3. Discovery Disputes

To the extent that they disagree on whether certain documents or categories of documents shall be produced, the Parties shall cooperate to clearly delineate their areas of disagreement so that their disagreements can be resolved by the Court following the process set forth in Local Rule 37.

4. Document Production

Production of documents (including ESI) will be made on a rolling basis, as soon as is practicable. A producing party will begin rolling production.

**Plaintiffs' Position**

Plaintiffs propose that the producing party shall begin to produce documents no later than thirty days after it receives the requesting parties' document request. Plaintiffs do not mean by this that production need be completed within thirty days; rather only that Defendants produce readily available and identifiable documents in their custody or control within that time frame and continue a rolling production from there.

JOINT DISCOVERY PLAN
(NO. 2:09-CV-0037-MJP) - 5

4898/001/238072.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

**Defendants' Position**

Defendants cannot agree to the 30-day turnaround, given the uncertainty at this time regarding (1) the scope of the discovery sought by as-yet unpropounded document requests, (2) the difficulty of locating the relevant documents, and (3) the volume of the potentially responsive documents. Defendants also note that the Parties cannot, by agreement or otherwise through this report, obligate JPMC to such a production schedule. Defendants will exercise their best efforts to produce relevant documents in a timely manner, and on a rolling basis, and assume that all parties and non-party recipients will do likewise.

To facilitate planning for document review and management, the Parties shall, to the extent practicable, attempt to keep the requesting Party informed as to the expected size of the producing Party's document production. The Parties recognize that such estimates may prove to be inaccurate and are likely to change over time.

5. Electronically Stored Information

The Parties will work cooperatively to resolve format of production issues with respect to Electronically Stored Information (ESI) and will, to the extent practicable, refer technical issues to their technical experts who will communicate directly with each other to resolve such issues.

Upon reasonable notice by another Party, a Party will make available one of its technical experts to discuss basic issues related to ESI production with a technical expert of the requesting Party, including system architecture, type of data (e.g. email, databases, instant messages, voice recordings, etc.), format of data, location of data and steps taken to preserve data.

Plaintiffs' Proposal

Plaintiffs propose that ESI will be produced in reasonably usable form. Production will include searchable text and accompanying metadata.

JOINT DISCOVERY PLAN
(NO. 2:09-CV-0037-MJP) - 6

4898/001/238072.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Spreadsheets and databases will be produced in usable Excel or appropriate non-proprietary database format.  To the extent such documents have previously been produced in the MDL Action, the prior production format shall be used.  However, for any document, the requesting party shall have the right to request production in an alternate format should the original format be unworkable.

Plaintiffs propose that to the extent search terms are used to identify responsive ESI, the producing Party, as the Party most familiar with its own ESI, shall be responsible for choosing search terms which are, in good faith designed to identify the documents in the ESI the producing Party agrees should be produced pursuant to the other Party's document requests.  Each Party will, however, allow the other Party to examine the list of search terms and permit the other Party to suggest modifications to the list.  The producing Party shall be obligated to review the results of any search term usage to determine additional search terms that should also be used, and following production, the requesting Party may request the usage of additional search terms as may be determined during the course of the review of the production.  The use of search terms does not obviate any Party from any other obligations to locate and produce responsive ESI that would not be located by the use of search terms.

Plaintiffs agree with Defendants that JPMC's participation in the discovery process is necessary.  However, as previously stated, Plaintiffs do not believe Defendants should interfere with Plaintiffs' dealings with JPMC.  However, to the extent documents are in the possession of Defendants and not JPMC, Defendants have an independent duty to produce documents that they own or control and Defendants' obligation to timely comply with document requests should not be contingent on any agreement with JPMC on discovery procedures, as Defendants suggest.

Defendants' Proposal

Defendants first note that any ESI protocol will require the agreement of JPMC as custodian of the bulk of the WMB documents that will be relevant to this action.  From

JOINT DISCOVERY PLAN
(NO. 2:09-CV-0037-MJP) - 7

4898/001/238072.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

review of the discovery plans filed in the MDL Action, Defendants understand that there are different categories of information repositories relating to WMB including both ESI and non-ESI as follows; (1) Windows-based ESI ("WESI") maintained by individual custodians; (2) department-shared WESI; (3) intranet servers; (4) non-windows-based applications and data; (5) hard-copy documents; (6) warehoused documents; and (7) backup tapes.

For each of these seven categories of ESI and non-ESI, Defendants propose that the parties negotiate with JPMC a protocol for narrowing and identifying relevant and responsive information from each source or agree that certain sources need not be searched. As set forth above, Defendants must also be involved in discussions with JPMC regarding document production issues because JPMC is the custodian of documents relevant and necessary to Defendants' defense in this action and Defendants need to ensure that those documents are produced. Additionally, it would be most efficient if the productions in this action, whether by JPMC or one of the Defendants, or Plaintiffs for that matter, are done, to the extent possible, using similar procedures as to the production of ESI.

As a preliminary step, Defendants propose that the Parties and JPMC reach an agreement regarding the custodians and the search terms to be used to locate relevant documents in category 1, the WESI maintained by individual custodians. JPMC would then produce all non-privileged documents that meet the agreed-upon criterion that are not identified as potentially privileged through JPMC's privilege screening process.

6. <u>Privilege Issues</u>

There are not likely to be unusual issues of privilege.

Pursuant to Fed R. Evid. 502, the Parties will include in their draft Protective Order language confirming that the inadvertent production of privileged documents shall not constitute a waiver of privilege, provided that, upon learning of its inadvertent production, the

JOINT DISCOVERY PLAN
(NO. 2:09-CV-0037-MJP) - 8

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

4898/001/238072.1

1  producing Party expeditiously brings its inadvertent production to the attention of the
2  receiving Party.

**Defendants' Position**

Defendants understand from the recent status report filed in the MDL Action that JPMC has produced the electronic equivalent of tens of millions of pages of records. Although JPMC's productions in this case will be substantially smaller than in the MDL action, given the time and expense of conducting a document by document privilege review of what will be millions and millions of pages, the Defendants propose, in lieu of traditional privilege logs, that the producing party, whether one of the Defendants or JPMC, produce privilege reports generated automatically from their document review and production system. These reports will identify those documents that were screened as potentially privileged and therefore withheld from production.

**Plaintiffs' Position**

Plaintiffs propose (with one exception noted below), that privilege logs be produced on a rolling basis and a complete privilege log will be produced within five days of a Party's completion of production.

Plaintiffs have reviewed samples of the automatically generated privilege logs, and believe that a substantial number of the entries either appear clearly not to be privileged documents or cannot be seen to be privileged on the face of the report. Plaintiffs believe that, given Defendants' claim that document production will be narrower in this case than in the MDL Action, Defendants must comply with their ordinary obligations to review documents for privilege. Plaintiffs do not object to Defendants' use of a search-term-based privilege screen to identify potentially privileged material; however, Plaintiffs do object to shifting the burden of identifying which documents are actually privileged to Plaintiffs. Plaintiffs note that the party asserting a privilege has the obligation to set forth the basis of the privilege, and the reports do not meet that obligation. However, while Plaintiffs object to Defendants'

JOINT DISCOVERY PLAN
(NO. 2:09-CV-0037-MJP) - 9

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

4898/001/238072.1

and non-parties' use of this method for production in this action, they do not object to non-party JPMC using the previously identified privilege report method solely for documents that it has previously produced in the MDL Action. Under this proposal, Plaintiffs and JPMC will negotiate a protocol to provide the opportunity for a supplementary privilege review of certain documents to identify relevant non-privileged documents that were inadvertently withheld from production by the privilege screen.

7. Depositions and Interrogatories

Because of the number of Parties and the complexity of issues, the Parties agree that it will be appropriate for each side to take more than the number of depositions authorized by the Federal Rules of Civil Procedure. The Parties further believe, however, that a reasonable limit on depositions can be best determined at a later stage in the discovery process. Consequently, the Parties will agree on the number of depositions available to each side by May 15, 2011 or if unable to agree, will refer the issue to the Court for decision. This does not preclude any party from taking depositions, where appropriate, prior to this date. The fact that a witness has been deposed in connection with the MDL Action will not be the basis for a party's objecting to the deposition of that witness in this action.

Because of the number of Parties and the complexity of issues, all Plaintiffs collectively shall not serve more than a total of 75 interrogatories, collectively on all defendants and all Defendants collectively shall not serve more than 75 interrogatories, collectively on all Plaintiffs. This 75 interrogatory limit includes sub-parts.

8. Third Parties

When so requested, a Party shall facilitate production requested by another Party from third parties.

To the extent reasonable, and, when confidential information is involved, pursuant to the terms of any protective order entered by the Court meant to preserve confidentiality, a Party shall facilitate another Party's discovery request to a third party by promptly consenting

JOINT DISCOVERY PLAN
(NO. 2:09-CV-0037-MJP) - 10

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

4898/001/238072.1

1  to the production of materials by third parties with respect to which third parties assert that the non-requesting Party's consent is necessary to permit production.

To the extent reasonable, and, when confidential information is involved, pursuant to the terms of any protective order entered by the Court meant to preserve confidentiality, a Party shall facilitate another Party's discovery request to a third party by promptly providing information in the non-producing Party's custody or control, such as loan numbers, that third parties assert will facilitate their ability to respond to Plaintiffs' subpoenas.

9. <u>Protection of Expert Materials</u>

The Parties agree that they will consider themselves to be bound by the proposed amendments to Rule 26 of the Federal Rules of Civil procedure regulating discovery from experts, scheduled to enter into force on December 1, 2010 as if that amendment had been in force during the entire course of this lawsuit.

Dated:  October 25, 2010

Respectfully submitted,

**TOUSLEY BRAIN STEPHENS PLLC**

By:  /s/ Kim D. Stephens
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
Nancy A. Pacharzina, WSBA #25946
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com
         jstrabuk@tousley.com
         npacharzina@tousley.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

JOINT DISCOVERY PLAN
(NO. 2:09-CV-0037-MJP) - 11

4898/001/238072.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

|   |   |
|---|---|
| 1 | |
| 2 | **SCOTT+SCOTT LLP** |
|   | Arthur L. Shingler III (admitted pro hac vice) |
| 3 | Hal D. Cunningham (admitted pro hac vice) |
|   | 600 B Street, Suite 1500 |
| 4 | San Diego, California 92101 |
|   | Telephone: (619) 233-4565 |
| 5 | Facsimile: (619) 233-0508 |
|   | Email: ashingler@scott-scott.com |
| 6 |       hcunningham@scott-scott.com |
|   | Joseph P. Guglielmo (admitted pro hac vice) |
| 7 | 500 Fifth Avenue, 40th Floor |
|   | New York, New York 10110 |
| 8 | Telephone: (212) 223-6444 |
|   | Facsimile: (212) 223-6334 |
| 9 | Email: jguglielmo@scott-scott.com |
| 10 | |
| 11 | **COHEN MILSTEIN SELLERS &** |
|    |    **TOLL PLLC** |
| 12 | Steven J. Toll |
|    | Julie Goldsmith Reiser |
| 13 | Joshua S. Devore (admitted pro hac vice) |
|    | Matthew B. Kaplan (admitted pro hac vice) |
| 14 | S. Douglas Bunch (admitted pro hac vice) |
| 15 | 1100 New York Avenue, NW |
|    | Suite 500 West |
| 16 | Washington, D.C. 20005 |
|    | Telephone: (202) 408-4600 |
| 17 | Facsimile: (202) 408-4699 |
|    | Email: stoll@cohenmilstein.com |
| 18 |       jreiser@cohenmilstein.com |
| 19 |       jdevore@cohenmilstein.com |
|    |       mkaplan@cohenmilstein.com |
| 20 |       dbunch@cohenmilstein.com |
| 21 | Joel P. Laitman (admitted pro hac vice) |
|    | Christopher Lometti (admitted pro hac vice) |
| 22 | Daniel B. Rehns (admitted pro hac vice) |
|    | 150 East 52nd Street, Thirtieth Floor |
| 23 | New York, New York 10022 |
|    | Telephone: (212) 838-7797 |
| 24 | Facsimile: (212) 838-7745 |
|    | Email: jlaitman@cohenmilstein.com |
| 25 |       clometti@cohenmilstain.com |
| 26 |       drehns@cohenmilstein.com |
| 27 | |

JOINT DISCOVERY PLAN
(NO. 2:09-CV-0037-MJP) - 12

4898/001/238072.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

*Lead Counsel for the Proposed Class*

HILLIS CLARK MARTIN & PETERSON, P.S.
By:   s/ Louis D. Peterson
Louis D. Peterson, WSBA #5776
Brian C. Free, WSBA #35788
1221 Second Avenue, Suite 500
Seattle WA 98101-2925
Telephone:  (206) 623-1745
Facsimile:  (206) 623-7789
Email:  ldp@hcmp.com
         bcf@hcmp.com


OF COUNSEL
BINGHAM MCCUTCHEN LLP
David M. Balabanian   (Admitted pro hac vice)
John D. Pernick (Admitted pro hac vice)
Frank Busch (Admitted pro hac vice)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone: (415) 393-2000
Facsimile:  (415) 393-2286
Email: david.balabanian@bingham.com
         john.pernick@bingham.com
         frank.busch@bingham.com

*Attorneys for Defendants WaMu Asset Acceptance Corporation, WaMu Capital Corporation, David Beck, Richard Careaga, Rolland Jurgens, and Diane Novak*

JOINT DISCOVERY PLAN
(NO. 2:09-CV-0037-MJP) - 13

4898/001/238072.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992