HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

IN RE WASHINGTON MUTUAL
MORTGAGE BACKED SECURITIES
LITIGATION

12

Master Case No. 2:09-cv-00037-MJP

13

This Document Relates to: ALL CASES

**STIPULATED PROTECTIVE ORDER
AND STIPULATED ORDER
REGARDING "CLAWBACK" OF
INADVERTENTLY PRODUCED
DOCUMENTS**

14

15

16

17

18

19      Pursuant to Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502,

20   and in the interest of efficiency and judicial economy, particularly in the interest of avoiding

21   ancillary litigation over discovery issues relating to confidential or proprietary information or

22   the inadvertent production of privileged materials, the undersigned Plaintiffs and Defendants

23   hereby stipulate and agree to this order and the procedures set forth herein for designating

24   and protecting confidential or proprietary information and for addressing the inadvertent

25   production of Privileged Material as herein defined.

26

27   STIPULATED PROTECTIVE ORDER AND
     STIPULATED ORDER REGARDING "CLAWBACK" OF
     DOCUMENTS
     (NO. 2:09-CV-0037-MJP) - 1

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: (619) 233-4565

4898/001/238491.1

**CONFIDENTIALITY**

1.      This Order shall apply to and govern all information that the disclosing party designates as "CONFIDENTIAL" during discovery in this case.  This includes depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery in any form.

2.      When used in this Order, the phrase "disclosing party" shall refer to the parties to the above-captioned litigation or to non-parties who give testimony or produce documents or other material.

3.      When used in this Order, the word "document" encompasses, but is not limited to, any type of document or testimony, including all documents or things described in Federal Rule of Evidence 1001(1)-(4) and/or Rule 34.

4.      The disclosing party who designates any material "CONFIDENTIAL" (sometimes referred to herein as a "designating party") bears the burden of establishing the "CONFIDENTIAL" status of such material in any situation in which the designation is at issue, and nothing in this Order shall be construed to alter such burden.  The parties enter into and stipulate to this Order without prejudice to the rights of any party to assert or contest the "CONFIDENTIAL" status of any material as set forth below.

5.      A disclosing party may designate as "CONFIDENTIAL" any trade secret or other confidential research, design, development, financial or commercial information, as such terms are used in Rule 26(c)(1)(G) and any applicable case law interpreting Rule 26(c)(1)(G).  In addition, a disclosing party may designate as "CONFIDENTIAL" non-public personal information, other sensitive personally identifiable information (such as Social Security numbers, dates of birth, home addresses, phone numbers, email addresses and those categories of information identified in Local Rule 5.2(a)) or other information for which applicable federal or state law requires confidential treatment.

STIPULATED PROTECTIVE ORDER AND
STIPULATED ORDER REGARDING "CLAWBACK" OF
DOCUMENTS
(NO. 2:09-CV-0037-MJP) - 2

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: (619) 233-4565

4898/001/238491.1

1    6.    In designating material as "CONFIDENTIAL," a disclosing party shall make

2  such a designation only as to material which it in good faith believes is confidential.

3    7.    Any party or non-party receiving any non-public material from a disclosing

4  party, regardless of whether such material is designated as "CONFIDENTIAL," shall use that

5  material solely for the purpose of conducting this litigation and not for any other purpose

6  whatsoever.

7    8.    In the absence of written permission from the disclosing party or an order of

8  the Court, material designated as "CONFIDENTIAL" may be disclosed only to the following

9  persons:

10        (a)    The named parties (which would include any proposed class

11        representatives, but does not include unnamed putative class members) and the

12        attorneys working on the above-captioned litigation on behalf of any party, including

13        attorneys consulting with or advising any party to the above-captioned litigation, in-

14        house attorneys, paralegals, and staff, stenographic and clerical employees and

15        contractors working under the direct supervision of such counsel;

16        (b)    Any expert or consultant who is expressly retained by any attorney

17        described in Paragraph 8(a) to assist in the above-captioned litigation, with disclosure

18        only to the extent reasonably necessary to perform such work;

19        (c)    Any fact witness, including named parties, provided, however, that the

20        witness (i) shall not retain any documents marked as "CONFIDENTIAL," and

21        (ii) shall be informed, prior to being shown materials marked as "CONFIDENTIAL,"

22        that he/she is being shown such materials solely for use in this Action; and

23        (d)    The Court, jury, court personnel, court reporters, and other persons

24        connected with the Court.

25    9.    The persons described in Paragraphs 8(a)-(c) shall have access to

26  "CONFIDENTIAL" material only after they have been made aware of the provisions of this

27  STIPULATED PROTECTIVE ORDER AND
STIPULATED ORDER REGARDING "CLAWBACK" OF
DOCUMENTS
(NO. 2:09-CV-0037-MJP) - 3

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: (619) 233-4565

4898/001/238491.1

1   Order (including, without limitation, Paragraph 7).  Counsel retaining or representing the

2   persons described in Paragraph 8(b) shall require that such persons manifest their assent to be

3   bound by the provisions of this Order by signing a copy of the annexed

4   "ACKNOWLEDGMENT."  The persons described in Paragraph 8(c) shall have access to

5   "CONFIDENTIAL" material only after Counsel retaining, representing, interviewing or

6   deposing those persons has provided a copy of this Order to such persons for review and

7   requests (but shall not require) those persons to manifest their assent to be bound by the

8   provisions of this Order by signing a copy of the annexed "ACKNOWLEDGMENT."

9   Counsel shall retain copies of the signed "ACKNOWLEDGMENT" forms until the

10   completion of the above-captioned litigation.  Any person receiving "CONFIDENTIAL"

11   material is enjoined from disclosing that material to any other person, except in conformance

12   with this Order.  The parties shall act in good faith to eliminate, whenever possible, the

13   expenditure of "on the record" time to effectuate or confirm compliance with this Paragraph

14   at any deposition.

15       10.     A list shall be maintained by counsel for the parties hereto of the names of all

16   persons (except for counsel and their support personnel) to whom any "CONFIDENTIAL"

17   material is disclosed, or to whom the information contained therein is disclosed.  Upon a

18   good faith showing by a party that this Order has been violated, the Court may review such

19   lists if necessary and appropriate to address or resolve the purported violation.

20       11.     This Court shall retain jurisdiction over this Order, including any proceedings

21   relating to performance under or compliance with the Order. Individuals who receive

22   "CONFIDENTIAL" material shall be subject to this Order and to the jurisdiction of this

23   Court concerning this Order.

24       12.     The recipient of any "CONFIDENTIAL" material that is provided under this

25   Order shall maintain such material in a secure and safe area and shall exercise the same

26   standard of due and proper care with respect to the storage, custody, use and/or dissemination

27   STIPULATED PROTECTIVE ORDER AND
STIPULATED ORDER REGARDING "CLAWBACK" OF
DOCUMENTS
(NO. 2:09-CV-0037-MJP) - 4

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: (619) 233-4565

4898/001/238491.1

1    of such material as is exercised by the recipient with respect to its own proprietary material.

2    "CONFIDENTIAL" material shall not be copied, reproduced, summarized, extracted or

3    abstracted, except to the extent that such copying, reproduction, summarization, extraction or

4    abstraction is reasonably necessary for the conduct of this lawsuit.   All such copies,

5    reproductions, summarizations, extractions, and abstractions shall be subject to the terms of

6    the Order and labeled in the same manner as the designated material on which they are based.

7            13.       Disclosing parties shall designate "CONFIDENTIAL" material as follows:

8                (a)      In the case of documents, interrogatory answers, responses to requests

9            to admit, and the information contained therein, designation shall be made, as

10           appropriate under the terms of this Stipulation and Order, by placing the following

11           legend on each page of any such document: "CONFIDENTIAL."  In the event that a

12           disclosing party inadvertently fails to stamp or otherwise designate a document or

13           other material as "CONFIDENTIAL" at the time of its production, that disclosing

14           party may stamp or otherwise designate the document or other material as

15           "CONFIDENTIAL" at any reasonable time thereafter.  The delay in designating a

16           document as "CONFIDENTIAL" shall not, in and of itself, be deemed to have

17           effected a waiver of any of the protections of this Order, but such document or other

18           material shall be treated as "CONFIDENTIAL" only beginning at the time such

19           designation occurs, provided, however, that the foregoing provision shall not apply to

20           any documents or material that had already been made publicly available prior to the

21           designation.

22               (b)      "CONFIDENTIAL" material may be used in depositions.  Designation

23           of the portion of the deposition transcript (including exhibits) that contains

24           "CONFIDENTIAL" material shall be made by a statement to such effect on the

25           record in the course of the deposition or, upon review of such transcript, by the

26           disclosing party or counsel for the disclosing party to whose "CONFIDENTIAL"

27   STIPULATED PROTECTIVE ORDER AND
     STIPULATED ORDER REGARDING "CLAWBACK" OF
     DOCUMENTS
     (NO. 2:09-CV-0037-MJP) - 5

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: (619) 233-4565

4898/001/238491.1

1    material the deponent has had access, which shall be so designated within twenty-one

2    (21) days after the transcript of the deposition is made available.  During those

3    twenty-one (21) days, the entire deposition transcript, including exhibits, shall be

4    deemed "CONFIDENTIAL."

5             (c)     Any "CONFIDENTIAL" material produced in a non-paper media

6    (*e.g.*, videotape, audiotape, computer disc) may be designated as such by labeling the

7    outside of such non-paper media as "CONFIDENTIAL."  In the event a receiving

8    party generates any electronic copy, "hard copy," transcription, or printout from any

9    such designated non-paper media, such party must treat each copy, transcription, or

10    printout as "CONFIDENTIAL" pursuant to the terms of this Order.

11    14.     Nothing in this Order shall be taken as indicating that any information is in

12 fact "CONFIDENTIAL" or entitled to confidential treatment.  No party shall be obligated to

13 challenge the propriety of a "CONFIDENTIAL" designation at the time made, and a failure

14 to do so shall not preclude a subsequent challenge thereto, nor shall a party that has

15 designated materials or information as "CONFIDENTIAL" contend that any delay by

16 another party in objecting to the designating party's "CONFIDENTIAL" designation in any

17 way (a) lends support to the designating party's "CONFIDENTIAL" designation or

18 (b) invalidates or diminishes in any way the objecting party's challenge of the

19 "CONFIDENTIAL" designation for any such materials or information.  In the event that any

20 party disagrees at any stage of these proceedings with such designation, counsel for such

21 party shall notify counsel for the disclosing party in writing (the "Notice").  The objecting

22 party shall identify each particular document bearing a designation to which it objects and

23 shall specify the reason(s) for the objection, provided that the party challenging the

24 "CONFIDENTIAL" designation may identify multiple documents by Bates number (whether

25 in a range of consecutive numbers or otherwise) in its Notice when the reason or reasons for

26 challenging the "CONFIDENTIAL" designation apply in the same manner to the documents

27    STIPULATED PROTECTIVE ORDER AND
STIPULATED ORDER REGARDING "CLAWBACK" OF
DOCUMENTS
(NO. 2:09-CV-0037-MJP) - 6

                                    **SCOTT+SCOTT LLP**
                                    707 Broadway, Suite 1000
                                    San Diego, California 92101
                                    Telephone: (619) 233-4565

4898/001/238491.1

1  identified in the Notice.  Within seven (7) calendar days of the receipt of the Notice, counsel

2  for the parties (and any non-party involved) shall promptly schedule a date and time to meet

3  and confer to attempt to resolve the dispute in good faith on an informal basis consistent with

4  the requirement to confer in good faith under Rule 26(c)(1) and Rule 37(a)(1).  If the dispute

5  cannot be resolved, the party that designated the materials in question as "CONFIDENTIAL"

6  may request appropriate relief from the Court, and the objecting party may also request any

7  relief from the Court that it deems appropriate (which shall have first been raised no later

8  than during the parties' meet and confer) in its opposition to the designating party's motion

9  or other proposed method of seeking relief from the Court.  The materials in question shall

10  retain their "CONFIDENTIAL" status until the Court rules on any such motion so long as the

11  party that designated the materials in question as "CONFIDENTIAL" seeks relief from the

12  Court within:  (i) thirty (30) days of the date the parties initially met and conferred, if the

13  disagreement pertains to fewer than ten documents; or (ii) forty-five (45) days of the date the

14  parties initially met and conferred, if the disagreement pertains to ten or more documents.

15  The parties (and any non-party involved) may agree to extend the time for the disclosing

16  party to apply to the Court for relief.  If the designating party does not apply to the Court for

17  a ruling on the designation of discovery material as "CONFIDENTIAL" within the time

18  period prescribed herein or agreed to by the parties, the discovery material will no longer be

19  deemed "CONFIDENTIAL."  The designating party may request a telephonic hearing with

20  respect to the "CONFIDENTIAL" status of materials in compliance with Local Rule 7(i).

21  Nothing in this Order shall alter the burden on the disclosing party to establish the

22  "CONFIDENTIAL" status of information it has so designated.

23      15.      Nothing contained in this Order shall be construed to limit any party's right to

24  use  or  offer  in  Court  any  "CONFIDENTIAL"  information,  except  that  no

25  "CONFIDENTIAL" information shall be used or offered in Court or filed in the public

26  record absent the consent of the disclosing party or permission of the Court.

27  STIPULATED PROTECTIVE ORDER AND
STIPULATED ORDER REGARDING "CLAWBACK" OF
DOCUMENTS
(NO. 2:09-CV-0037-MJP) - 7

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: (619) 233-4565

4898/001/238491.1

16.     Documents containing "CONFIDENTIAL" material shall not be filed with the Court unless the filing party reasonably believes it is reasonably necessary to do so for purposes of trial, motions (including without limitation, motions for class certification or summary judgment) or other Court matters.  The parties will comply with Local Rule 5.2(a) pertaining to redacted filings and shall refrain from including, or shall partially redact where inclusion is necessary, personal data identifiers from all documents filed with the court or used as exhibits in any hearing or at trial, unless otherwise ordered by the Court.  In the event that any "CONFIDENTIAL" material is filed, such material, and any pleadings, motions or other papers filed with the Court disclosing any such material, shall be filed in compliance with Rule 26(c) and Local Rule 5(g).  In such instance:

(a)     The party submitting the material shall submit to the Court a motion to seal pursuant to Local Rule 5(g)(3) contemporaneous with the filing of the "CONFIDENTIAL" material and shall adhere to all requirements in Local Rule 5(g)(3) and (4) for filing such material under seal.

(b)     If the disclosing party is not the party filing the motion to seal, then the disclosing party shall make the showing required by Local Rule 5(g) in its response to the motion, which shall be filed in accordance with the schedule for motions seeking protective orders pursuant to Local Rule 7(d)(2).

(c)     Any motion to seal filed under any subsection of this Paragraph 16 shall be noted for consideration not less than twenty-one days after filing. The Clerk of the Court shall maintain the "CONFIDENTIAL" materials under seal until the Court rules on the motion to seal, subject to the provisions of the following Paragraph 17.

17.     In the event the Court denies a motion to seal documents labeled "CONFIDENTIAL," the Clerk of the Court shall leave the documents under seal for a period of three (3) days after the date of the Court's denial of the motion to seal.  If the filing party

STIPULATED PROTECTIVE ORDER AND
STIPULATED ORDER REGARDING "CLAWBACK" OF
DOCUMENTS
(NO. 2:09-CV-0037-MJP) - 8

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: (619) 233-4565

4898/001/238491.1

1    initially designated the documents "CONFIDENTIAL," then within that three-day period, the

2    filing party may, at its option, file replacement documents that do not contain

3    "CONFIDENTIAL" material or any reference to "CONFIDENTIAL" material, in which case

4    the documents initially filed under seal shall remain under seal and will not be considered by

5    the Court.  If the filing party does not file replacement documents within the time period

6    prescribed by this Paragraph, the material shall be filed unsealed in the Court file.

7         18.        In the event that any "CONFIDENTIAL" material is used in any Court

8    proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL" status

9    through such use, and the parties shall take all steps reasonably required to protect its

10   confidentiality during such use.  In particular, while a motion to seal is pending and before

11   the Court has ruled, no party shall make use in open court of any documents that are subject

12   to that motion to seal without the consent of the designating party or the permission of the

13   Court.

14        19.        If "CONFIDENTIAL" material is disclosed to any person other than in the

15   manner authorized by this Order, the person or party responsible for the disclosure must

16   seasonably bring all pertinent facts relating to such disclosure to the attention of counsel for

17   the disclosing party and, without prejudice to any other rights and remedies of the parties or

18   non-parties, make every effort to prevent further disclosure by it or by the person who was

19   the recipient of such material.

20        20.        Nothing in this Order shall preclude any parties or non-parties to the lawsuit

21   or their attorneys (a) from showing a document or part of a document designated as

22   "CONFIDENTIAL" to an individual who either prepared the document or is identified on the

23   face of the document as an addressee or copy addressee, or (b) from disclosing or using, in

24   any manner or for any purpose, any material or documents from the disclosing party's own

25   files which the disclosing party itself has designated as "CONFIDENTIAL."

26

27   STIPULATED PROTECTIVE ORDER AND
     STIPULATED ORDER REGARDING "CLAWBACK" OF
     DOCUMENTS
     (NO. 2:09-CV-0037-MJP) - 9

                                    **SCOTT+SCOTT LLP**
                                    707 Broadway, Suite 1000
                                    San Diego, California 92101
                                    Telephone: (619) 233-4565

     4898/001/238491.1

1    21.    In the event any receiving party having possession, custody or control of any

2    "CONFIDENTIAL" material receives a subpoena, request for production of documents, or

3    other process or order to produce such material in another legal proceeding, from a nonparty

4    to the above-captioned litigation, the receiving party shall:

5                (a)    give prompt written notice of the subpoena, request for production of

6            documents, or other process or order to counsel for the disclosing party that

7            designated the material as "CONFIDENTIAL";

8                (b)    furnish counsel for that disclosing party with a copy of the subpoena,

9            request for production of documents, or other process or order; and

10                (c)    cooperate with respect to all reasonable and legitimate procedures

11            sought to be pursued by the disclosing party whose interests may be affected.  The

12            disclosing party asserting the "CONFIDENTIAL" treatment shall have the burden of

13            defending against such subpoena, process or order.  The party receiving the subpoena,

14            request for production of documents, or other process or order shall be entitled to

15            comply with it except to the extent the disclosing party asserting the

16            "CONFIDENTIAL" treatment is successful in obtaining an order modifying or

17            quashing the subpoena, request for production of documents, or other process or

18            order, provided, however, that the party receiving the subpoena, request for

19            production of documents, or other process shall await the disposition of any motion to

20            quash or motion for a protective order timely filed by the disclosing party before

21            producing any "CONFIDENTIAL" information in response to the subpoena, request

22            for production of documents, or other process or order.

23    22.    Within sixty (60) days of the termination of litigation between the parties,

24    including final appellate action or the expiration of time to appeal or seek further review, the

25    parties shall (at the request of the disclosing party) return to one another or destroy all

26    nonpublic material and all copies thereof (other than those copies filed with the Court)

27    STIPULATED PROTECTIVE ORDER AND
STIPULATED ORDER REGARDING "CLAWBACK" OF
DOCUMENTS
(NO. 2:09-CV-0037-MJP) - 10

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: (619) 233-4565

4898/001/238491.1

1    produced by the disclosing party, regardless of whether such nonpublic material has been

2    designated "CONFIDENTIAL."   If destroyed, counsel shall certify the destruction and

3    provide a copy of the certification to the disclosing party.   Counsel for each disclosing party

4    shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and

5    work product.

6         23.        Except as specifically provided herein, the terms, conditions, and limitations

7    of this Order shall survive the termination of the above-captioned litigation.

8         24.        This Order is without prejudice to the right of any party or non-party to seek

9    relief from the Court from any of the provisions contained herein.

10        25.        This Order shall not be construed as waiving any right to assert a claim of

11   privilege, relevance, overbreadth, burdensomeness or other grounds for not producing

12   material called for, and access to all material (whether designated as "CONFIDENTIAL" or

13   not) shall be only as provided by the discovery rules and other applicable law.

14        26.        No party shall produce or be requested to produce or identify any material or

15   information that the party is prohibited by law from disclosing under 31 U.S.C. §5318(g), 31

16   CFR 103.18(e), 12 CFR 510.5 or any similar law, regulation, rule or court order.

17        27.        The parties will abide by all Court orders and statutory provisions (including

18   applicable law and court orders concerning such provisions) concerning the eligibility of

19   each party to receive documents or other material through discovery.   Any party that is

20   eligible to receive such documents or material shall not provide any documents or material,

21   or information that is contained in or derived from such documents or material, to any other

22   party unless the other party also is eligible to receive such documents or material.   Nothing in

23   this Paragraph, however, shall be read to prevent the parties from filing documents in support

24   of or in opposition to motions in this Court.

25

26

27   STIPULATED PROTECTIVE ORDER AND
     STIPULATED ORDER REGARDING "CLAWBACK" OF
     DOCUMENTS
     (NO. 2:09-CV-0037-MJP) - 11

     **SCOTT+SCOTT LLP**
     707 Broadway, Suite 1000
     San Diego, California 92101
     Telephone: (619) 233-4565

4898/001/238491.1

1

**INADVERTENT PRODUCTION**

2      28.      To the maximum extent permitted by law, the undersigned agree, and the

3   Court orders, that the production of documents by parties, non-parties JPMorgan Chase

4   Bank, N.A. ("JPMC"), and Washington Mutual, Inc. ("WMI"), and other non-parties that

5   produce documents in these actions (collectively, the "Producing Party") shall be governed

6   by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 regarding

7   the inadvertent production of material protected by the attorney-client privilege, the work

8   product doctrine, or any other privilege or protection from disclosure recognized under

9   applicable law ("Privileged Material").

10      29.      The procedure set forth below is intended to reduce the time and expense of

11   an initial review for privilege (including any privilege or protection from disclosure

12   recognized under applicable law) and work product protection by providing the Producing

13   Party or any other party purporting to hold a privilege, with an efficient method for retrieving

14   or "clawing back" inadvertently produced Privileged Material, subject to any resolution of

15   any dispute over the privileged or protected status of the Privileged Material, and for

16   foreclosing any arguments of waiver, subject to the procedures outlined below for bringing

17   disputed claims to the Court for resolution.

18      30.      If a Producing Party, or any other party purporting to hold a privilege, has a

19   good faith belief that Privileged Material has been inadvertently produced, it shall promptly

20   notify the receiving parties of its claim of privilege or protection. In connection with this

21   provision, the parties, JPMC and WMI shall comply with their ethical and legal obligations

22   concerning the actual or apparent inadvertent production of Privileged Material, including

23   their obligation to promptly notify the Producing Party in appropriate circumstances.

24      31.      Upon receipt of any notice claiming that a document is or includes Privileged

25   Material, all other parties, JPMC and WMI (regardless of whether they agree with the claim

26   of privilege or work-product protection) shall promptly:

27   STIPULATED PROTECTIVE ORDER AND
STIPULATED ORDER REGARDING "CLAWBACK" OF
DOCUMENTS
(NO. 2:09-CV-0037-MJP) - 12

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: (619) 233-4565

4898/001/238491.1

1    (a)    use reasonable efforts to destroy or sequester all copies of the

2    inadvertently produced documents or material in their possession, custody, or control,

3    and notify the Producing Party, or any other party purporting to hold a privilege, that

4    they have done so;

5    (b)    notify the Producing Party that they have taken reasonable steps to

6    retrieve and destroy or sequester the inadvertently produced documents or material

7    from other persons, if any, to whom such documents or material have been provided,

8    consistent with Rule 26(b)(5)(B).

9    32.    To the extent a receiving party disputes the claim of privilege or work-product

10   protection (the "Disputing Party"), the Disputing Party shall notify the Producing Party, or

11   any other party purporting to hold a privilege, of its position within seven (7) days of

12   receiving the notice (the "Dispute Notification").  Within seven (7) days of receiving the

13   Dispute Notification, the Producing Party, or any other party purporting to hold a privilege,

14   shall either withdraw its claim of privilege or confer with the Disputing Party in an effort to

15   resolve their disagreement.  If the disagreement is not resolved, the Producing Party, or any

16   other party purporting to hold a privilege, and the Disputing Party shall cooperate in

17   presenting the dispute to the Court through the expedited procedure set forth in Local Rule

18   37(a)(1)(B).  The Producing Party, or any other party purporting to hold a privilege, shall

19   provide the Disputing Party with its draft of the joint statement contemplated by Local Rule

20   37(a)(1)(B)(i) within seven (7) days of the conclusion of the parties' conference.  In arguing

21   issues concerning an asserted protection for Privileged Material, no party shall claim a

22   waiver by reason of the inadvertent production in this action, a related action, or to a

23   government agency of documents that are the subject of the dispute.

24   33.    Pursuant to Fed. R. Evid. 502(d), the inadvertent production of Privileged

25   Material in this proceeding shall not constitute a waiver of any applicable privilege,

26

27   STIPULATED PROTECTIVE ORDER AND
     STIPULATED ORDER REGARDING "CLAWBACK" OF
     DOCUMENTS
     (NO. 2:09-CV-0037-MJP) - 13

     **SCOTT+SCOTT LLP**
     707 Broadway, Suite 1000
     San Diego, California 92101
     Telephone: (619) 233-4565

     4898/001/238491.1

1    protection or prohibition from disclosure of that Privileged Material in any other federal or

2    state proceeding.

3         34.      If, during a deposition, a party claims that a document being used in the

4    deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of

5    examination) is subject to privilege or work-product protection, it may at its sole election

6    (a) allow the document to be used in the deposition without waiver of its claim of privilege or

7    work-product protection or (b) consistent with Federal Rule of Civil Procedure 30(c)(2),

8    instruct the witness not to answer questions concerning the document pending a prompt

9    resolution of any disagreement concerning the document's privileged or work-product

10   protected status.  If the party allows the examination concerning the document to proceed on

11   a non-waiver basis, the parties shall sequester all copies of the purportedly–privileged or

12   work-product protected document. Immediately following the deposition, the parties will

13   commence the procedure outlined in the preceding paragraphs to address the claim of

14   privilege or other protection.  Until the dispute is resolved, all parties shall treat the transcript

15   of such deposition as confidential.  If the party instructs the witness not to answer questions

16   concerning the document, the parties will then cooperate in promptly submitting the issue of

17   the document's status to the Court for expedited resolution using the procedures set forth in

18   Local Rule 37(a)(1)(B).  A party that halts a deposition on the basis of a privilege that the

19   Court deems not to exist may bear the cost of completing the deposition.

20

21   Dated:  November 24, 2010                Respectfully submitted,

22                                           **SCOTT+SCOTT LLP**

23                                           By:    /s/ Hal D. Cunningham
     Arthur L. Shingler III (admitted pro hac vice)

24                                           Hal D. Cunningham (admitted pro hac vice)
     707 Broadway, Suite 1000

25                                           San Diego, California 92101
     Telephone: (619) 233-4565

26                                           Facsimile: (619) 233-0508

27   STIPULATED PROTECTIVE ORDER AND
     STIPULATED ORDER REGARDING "CLAWBACK" OF
     DOCUMENTS
     (NO. 2:09-CV-0037-MJP) - 14

                                                            **SCOTT+SCOTT LLP**
            707 Broadway, Suite 1000
            San Diego, California 92101
            Telephone: (619) 233-4565

4898/001/238491.1

| | |
|---|---|
| 1 | Email: ashingler@scott-scott.com<br>        hcunningham@scott-scott.com |
| 2 | |
| 3 | Joseph P. Guglielmo (admitted pro hac vice)<br>500 Fifth Avenue, 40th Floor<br>New York, New York 10110 |
| 4 | Telephone: (212) 223-6444<br>Facsimile: (212) 223-6334 |
| 5 | Email: jguglielmo@scott-scott.com |
| 6 | |
| 7 | **COHEN MILSTEIN SELLERS & TOLL<br>PLLC** |
| 8 | |
| 9 | Steven J. Toll<br>Julie Goldsmith Reiser |
| 10 | Joshua S. Devore (admitted pro hac vice)<br>Matthew B. Kaplan (admitted pro hac vice) |
| 11 | S. Douglas Bunch (admitted pro hac vice)<br>1100 New York Avenue, N.W. |
| 12 | Suite 500, West Tower<br>Washington, D.C. 20005 |
| 13 | Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699 |
| 14 | Email: stoll@cohenmilstein.com |
| 15 |         jreiser@cohenmilstein.com<br>        jdevore@cohenmilstein.com |
| 16 |         mkaplan@cohenmilstein.com<br>        dbunch@cohenmilstein.com |
| 17 | |
| 18 | Joel P. Laitman (admitted pro hac vice)<br>Christopher Lometti (admitted pro hac vice) |
| 19 | Daniel B. Rehns (admitted pro hac vice)<br>150 East 52nd Street, Thirtieth Floor |
| 20 | New York, New York 10022<br>Telephone: (212) 838-7797 |
| 21 | Facsimile: (212) 838-7745 |
| 22 | Email: jlaitman@cohenmilstein.com<br>        clometti@cohenmilstain.com |
| 23 |         drehns@cohenmilstein.com |
| 24 | *Lead Counsel for the Proposed Class* |
| 25 | |
| 26 | |
| 27 | STIPULATED PROTECTIVE ORDER AND<br>STIPULATED ORDER REGARDING "CLAWBACK" OF<br>DOCUMENTS<br>(NO. 2:09-CV-0037-MJP) - 15 |

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: (619) 233-4565

4898/001/238491.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**TOUSLEY BRAIN STEPHENS PLLC**

Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
Nancy A. Pacharzina, WSBA #25946
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com
        jstrabuk@tousley.com
        npacharzina@tousley.com

*Liaison Counsel for Plaintiffs and the Proposed
Class*

**HILLIS CLARK MARTIN & PETERSON,
P.S.**

By:    s/ Louis D. Peterson
Louis D. Peterson, WSBA #5776
Brian C. Free, WSBA #35788
1221 Second Avenue, Suite 500
Seattle WA 98101-2925
Telephone:  (206) 623-1745
Facsimile:  (206) 623-7789
Email: ldp@hcmp.com
        bcf@hcmp.com

*Of Counsel*

STIPULATED PROTECTIVE ORDER AND
STIPULATED ORDER REGARDING "CLAWBACK" OF
DOCUMENTS
(NO. 2:09-CV-0037-MJP) - 16

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: (619) 233-4565

4898/001/238491.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**BINGHAM MCCUTCHEN LLP**

David M. Balabanian (admitted pro hac vice)
John D. Pernick (admitted pro hac vice)
Frank Busch (admitted pro hac vice)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
Email: david.balabanian@bingham.com
        john.pernick@bingham.com
        frank.busch@bingham.com

*Attorneys for Defendants WaMu Asset*
*Acceptance Corporation, WaMu Capital*
*Corporation, David Beck, Richard Careaga,*
*Rolland Jurgens, and Diane Novak*

STIPULATED PROTECTIVE ORDER AND
STIPULATED ORDER REGARDING "CLAWBACK" OF
DOCUMENTS
(NO. 2:09-CV-0037-MJP) - 17

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: (619) 233-4565

4898/001/238491.1

1

**ORDER**

2

3

IT IS SO ORDERED.

4

5

Dated: _____

6
                                                    _____
                                                    The Honorable Marsha J. Pechman
                                                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

STIPULATED PROTECTIVE ORDER AND
STIPULATED ORDER REGARDING "CLAWBACK" OF
DOCUMENTS
(NO. 2:09-CV-0037-MJP) - 18

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: (619) 233-4565

4898/001/238491.1

1

**ACKNOWLEDGMENT**

2       I have been informed that on _____, the U.S. District Court for the Western

3   District of Washington at Seattle entered a STIPULATED PROTECTIVE ORDER in *IN RE*

4   *WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION*, Case No.

5   C09-0037 (MJP).  I have read the STIPULATED PROTECTIVE ORDER, I agree to abide

6   by the obligations of the STIPULATED PROTECTIVE ORDER as they apply to me, and I

7   voluntarily submit to the jurisdiction of the U.S. District Court for the Western District of

8   Washington for purposes of any proceeding related to the STIPULATED PROTECTIVE

9   ORDER, including my receipt or review of information that has been designated as

10  "CONFIDENTIAL."

11

12                                              _____
                                                (Signature)
13

14

15                                              _____
                                                (Printed Name)
16

17                                              _____
                                                (Title or Position)
18

19                                              _____
                                                (Company)
20

21

22                                              Dated: _____

23

24

25

26

27  STIPULATED PROTECTIVE ORDER AND                          **SCOTT+SCOTT LLP**
    STIPULATED ORDER REGARDING "CLAWBACK" OF                 707 Broadway, Suite 1000
    DOCUMENTS                                                San Diego, California 92101
    (NO. 2:09-CV-0037-MJP) - 19                              Telephone: (619) 233-4565

    4898/001/238491.1