1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION,<br><br>This Document Relates to:  ALL CASES | Master Case No. C09-037 MJP<br><br>[Consolidated with: Case Nos. CV09-0134 MJP, CV09-0137 MJP, and CV09-01557 MJP]<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF WAMU ASSET ACCEPTANCE CORPORATION, WAMU CAPITAL CORPORATION, DAVID BECK, DIANE NOVAK, ROLLAND JURGENS, AND RICHARD CAREAGA TO SECOND AMENDED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF SECTIONS 11, 12 AND 15 OF THE SECURITIES ACT OF 1933** |

Defendants WaMu Asset Acceptance Corporation ("WMAAC"), WaMu Capital Corporation ("WCC"), and David Beck, Diane Novak, Rolland Jurgens and Richard Careaga (collectively, the "Individual Defendants," and with WMAAC and WCC, the "Defendants") hereby answer the Second Amended Consolidated Complaint for Violations of Sections 11, 12 and 15 of the Securities Act of 1933 ("Complaint"), filed on April 1, 2010, by Lead Plaintiffs Doral Bank Puerto Rico and Policemen's Annuity and Benefit Fund of the City of Chicago and Plaintiff Boilermakers National Annuity Trust (collectively, "Plaintiffs").  The

*Answer and Affirmative Defenses of WaMu Defendants (CV09-037 MJP) - 1*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Court's 9/28/2010 Order dismissed Plaintiffs' (1) claims as to 25 of the Certificates identified in the Complaint;[1]  (2) § 11 misrepresentation claims based on appraisal or loan-to-value ratios;[2]  (3) § 11 credit ratings allegations; (4) § 12 claims; and (5) § 15 claims.  The Court also dismissed Doral Bank's claims to the extent they include Certificates WaMu 2007-OA4, WaMu 2007-OA5, and WMALT-OA5.  As a result, Defendants will not be responding to any of these allegations or claims.  Similarly, the Court's 9/28/2010 Order had the effect of dismissing all claims relating to Certificates issued under the 2007 Registration Statement and associated Prospectus Supplements and, consequently, all claims against Thomas Lehman, Stephen Fortunato, and Donald Wilhelm.  Therefore, these defendants will not respond to any claims or allegations whatsoever, and Defendants will respond to any allegations or claims related to certificates issued under the 2007 Registration Statement and associated Prospectus Supplements.

No answer is required to the introductory material included in the unnumbered paragraph on page 1 of the Complaint because it contains a generalized summary of Plaintiffs' allegations. To the extent a response is required, Defendants deny the allegations in that paragraph.

Subject to the foregoing, Defendants otherwise answer the Complaint as follows:

---

[1] The 9/28/2010 Order dismissed all allegations relating to Certificates 2006-AR1, 2006-AR2, 2006-AR3, 2006-AR4, 2006-AR6, 2006-AR8, 2006-AR9, 2006-AR10, 2006-AR11, 2006-AR13, 2006-AR14, 2006-AR15, 2006-AR19, 2006-HY2, 2006-HY3, 2006-HY4, 2006-HY5, 2006-HY6, 2006-HY7, 2006-OA6, WMALT 2007-OC1, WMALT 2007-OC2, WMALT 2007-1, WMALT 2007-2, and WMALT 2007-3.

[2] The Court also dismissed most of the appraisal allegations on the alternative grounds that they are barred by applicable statutes of limitations.

*Answer and Affirmative Defenses of WaMu Defendants*
*(CV09-037 MJP) - 2*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

## I.   <u>SUMMARY OF THE ACTION</u>

1.      No answer is required to Paragraph 1 because it contains a generalized summary of Plaintiffs' allegations.  To the extent a response is required, Defendants admit that Plaintiffs purport to bring this action as a class action alleging claims under the Securities Act.  Defendants deny class treatment is appropriate.  Defendants otherwise deny the remaining allegations of Paragraph 1.

2.      No response is required insofar as Paragraph 2 refers to "Certificates," "Offerings," and "Offering Documents" as to which Plaintiffs' claims were previously dismissed by the Court.  For purposes of responding to this and all remaining Paragraphs, Defendants will use the terms "Certificates" and "Offerings" to refer only to the Offerings of Mortgage Pass Through Certificates that are still at issue in the matter (WaMu Mortgage Pass Through Certificates Series 2006-AR5, 2006-AR7, 2007-AR12, 2006-AR16, 2006-AR17, 2006-AR18, 2007-HY1), and will use the term "Offering Documents" to refer only to the Registration Statement and Prospectus Supplements issues for the "Certificates" as defined above.  Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations of Paragraph 2 concerning Plaintiffs' or purported class members' purchases of the Certificates and on that basis deny those allegations.  Defendants admit that WCC served as underwriter with respect to the Certificates and that the Certificates were issued pursuant to the 2006 Registration Statement and their respective Prospectus Supplements.  Defendants deny the remaining allegations of Paragraph 2.

3.      Defendants deny the allegations of Paragraph 3.

4.      No response is required to Paragraph 4 because it contains a generalized summary of the relief Plaintiffs' seek.  To the extent a response is required, Defendants admit

*Answer and Affirmative Defenses of WaMu Defendants*
*(CV09-037 MJP) - 3*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

2     that Plaintiffs seek redress against Defendants and that Plaintiffs sought redress against other

3     parties who or that have since been dismissed from this action.  Defendants admit that one or

4     more of the Ratings Agencies were engaged to rate the Certificates.  Defendants admit that

5     WMB was placed into receivership of the FDIC on or about September 25, 2008.  Defendants

6     admit that WMB was the sponsor of the Certificate offerings.  Defendants lack knowledge or

7     information sufficient to admit or deny the remaining allegations of Paragraph 4, and on that

8     basis, deny them.

9           5.      Defendants admit that Plaintiffs refer to WMAAC, WMB and WCC, together

10    with their affiliates and subsidiaries, as "WaMu."  Defendants deny that such a collective

11    reference is appropriate in general or more specifically in the context of the Complaint given

12    that the Complaint had already defined "WaMu" in other terms.  Defendants specifically deny

13    any allegation in the remainder of the Complaint that includes or relies on the definition of

14    WaMu in Paragraph 5 or the introductory paragraph of the Complaint.  Defendants deny the

15    remaining allegations of Paragraph 5.

16          6.      Defendants lack knowledge or information sufficient to admit or deny the

17    allegations of Paragraph 6 concerning Plaintiffs' purchases of securities, and, therefore deny

18    them.  Defendants deny the remaining allegations of Paragraph 6.

19          7.      The priorities among various classes of Certificates for repayment and/or

20    prepayment of loan proceeds, the payment of interest, and the risk of default, among other

21    things, were set forth in the applicable Offering Documents, which speak for themselves.

22    Defendants deny the remaining allegations of Paragraph 7.

23          8.      Defendants lack sufficient information or belief to admit or deny the

24    allegations in Paragraph 8 relating to the identity of Mr. Knobel or whether he made the

*Answer and Affirmative Defenses of WaMu Defendants
(CV09-037 MJP) - 4*

statements attributed to him and, on that basis, deny those allegations. Defendants deny the remaining allegations of Paragraph 8.

9.      Defendants admit that WCC engaged third-parties to assist it in its due diligence relating to the Offerings. Defendants deny the remaining allegations of Paragraph 9.

10.      Defendants admit as follows:

- WMB was the sponsor for the purpose of the Offerings and, as such, had the roles and responsibilities described in the Offering Documents, which speak for themselves.

- WMAAC was the depositor for the purpose of the Offerings and, as such, had the roles and responsibilities described in the Offering Documents, which speak for themselves.

- WCC was the underwriter for the purpose of the Offerings and, as such, had the roles and responsibilities described in the Offering Documents, which speak for themselves.

Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 10 and, on that basis, deny the allegations.

11.      No response is required to Paragraph 11 because the Court dismissed all claims related to Rating Agencies. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12.      To the extent Paragraph 12 refers to credit ratings and Ratings Agencies, no response is required because the Court dismissed all such claims. The allegations of Paragraph 12 as to the regulatory prohibitions placed on public pension funds, banks, insurance companies, and mutual funds state legal conclusions to which no response is

*Answer and Affirmative Defenses of WaMu Defendants (CV09-037 MJP) - 5*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

required.  To the extent a response is required Defendants lack information or knowledge
sufficient to admit or deny those allegations, and, on that basis, deny them.  Defendants lack
knowledge or information sufficient to admit or deny the allegations of Paragraph 12
concerning the purported statements of Mr. Clarkson, and, on that basis, deny those
allegations.  The Oct. 17, 2008, *Financial Times* article speaks for itself.  The terms of each
Certificate, including any credit enhancement, are described in the Offering Documents,
which speak for themselves.  Defendants deny the remaining allegations of Paragraph 12.

13.     Defendants lack knowledge and information sufficient to admit or deny
Plaintiffs' allegations regarding the ratings of the remaining Certificates, and on that basis
deny those allegations.  Defendants deny the remaining allegations of Paragraph 13.

14.     Defendants deny the allegations contained in the first sentence of Paragraph
14.  The representations regarding the origination of the loans underlying the Certificates are
contained in the Offering Documents, which speak for themselves.  Defendants deny the
remaining allegations of Paragraph 14.

15.     Defendants deny the allegations of Paragraph 15.

16.     Paragraph 16 states legal conclusions to which no response is required.  To the
extent a response is required, Defendants deny the allegations of Paragraph 16.

17.     Paragraph 17 states legal conclusions to which no response is required.  To the
extent a response is required, Defendants deny the allegations of Paragraph 17.

## II.     <u>JURISDICTION AND VENUE</u>

18.     Defendants admit that this Court has jurisdiction over this action and that
venue is proper in this District.  Defendants otherwise deny the allegations of Paragraph 18.

*Answer and Affirmative Defenses of WaMu Defendants*
*(CV09-037 MJP) - 6*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

19.    Defendants admit that this Court has personal jurisdiction over Defendants and that venue is proper in this District.  Defendants otherwise deny the allegations of Paragraph 19.

## III.   **PARTIES**

20.    Defendants lack knowledge and information sufficient to admit or deny the allegations of Paragraph 20 and, on that basis, deny them.

21.    Defendants lack knowledge and information sufficient to admit or deny the allegations of Paragraph 21 and, on that basis, deny them.

22.    Defendants lack knowledge and information sufficient to admit or deny the allegations of Paragraph 22 and, on that basis, deny them.

23.    Defendants admit that WMB served as the sponsor and WMAAC was the depositor for purposes of the Certificates and that they had the roles and responsibilities described in the Offering Documents, which speak for themselves.  Defendants deny the remaining allegations of Paragraph 23.

24.    Defendants admit that WMAAC was a wholly subsidiary of Washington Mutual Bank, served as the depositor for purposes of the Certificates, and had the roles and responsibilities described in the Offering Documents, which speak for themselves. Defendants deny the remaining allegations of Paragraph 24.

25.    Defendants admit that Defendant WMAAC filed the 2006 Registration Statement.  As to the remaining allegations of Paragraph 25, the terms of the 2006 Registration Statement, along with the other Offering Documents, speak for themselves.

26.    No response to Paragraph 27 is required as the Court has dismissed all claims relating to Certificates issued under the 2007 Registration Statement.

*Answer and Affirmative Defenses of WaMu Defendants
(CV09-037 MJP) - 7*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

27.     Defendants admit that Beck signed the 2006 Registration Statement and that Beck was a Director of, and President and Principal Executive Officer of, WMAAC.

28.     Defendants admit that Novak signed the 2006 Registration Statement and that Novak was a Director of WMAAC.

29.     Defendants admit that Green was Chief Financial Officer and Principal Financial Officer of WMAAC.  Defendants admit, on information and belief, that Green signed the 2006 Registration Statement.  Defendants further aver that Green is deceased.

30.     Defendants admit that Jurgens signed the 2006 Registration Statement and that Jurgens was Controller and Principal Accounting Officer of WMAAC.

31.     Defendants admit that Careaga signed the 2006 Registration Statement and that Careaga was Vice President and served as Attorney-In-Fact of WMAAC.

32.     No response is required to the allegations concerning the 2007 Registration Statement because the Court has dismissed all claims relating to Certificates issued under the 2007 Registration Statement.

33.     No response is required to the allegations concerning the 2007 Registration Statement because the Court has dismissed all claims relating to Certificates issued under the 2007 Registration Statement.

34.     No response is required to the allegations concerning the 2007 Registration Statement because the Court has dismissed all claims relating to Certificates issued under the 2007 Registration Statement.

35.     Defendants admit that Plaintiffs refer to Defendants Beck, Novak, Green, Jurgens, Careaga, Lehmann, Fortunato, and Wilhelm as the "Individual Defendants."  As set forth above, the claims against Lehmann, Fortunato, and Wilhelm have been dismissed and,

*Answer and Affirmative Defenses of WaMu Defendants (CV09-037 MJP) - 8*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

therefore, no response is required to any allegations made against them.  For the purposes of this answer, Defendants will refer to Defendants Beck, Novak, Green, Jurgens and Careaga as the "Individual Defendants."  Defendants admit that the Individual Defendants signed the 2006 Registration Statement.  Defendants deny the remaining allegations of Paragraph 35.

36.       Defendants deny the allegations of Paragraph 36.

37.       Defendants admit that WCC served as the underwriter for purposes of the Certificates and had the roles and responsibilities as described in the Offering Documents, which speak for themselves.  Defendants admit that WCC was an SEC-registered broker-dealer and that it engaged third-parties to assist it in its due diligence in connection with the Offerings.  Defendants deny the remaining allegations of Paragraph 37.

38.       Defendants admit that WCC served as the underwriter for purposes of the Certificates and had the roles and responsibilities described in the Offering Documents, which speak for themselves.  The information concerning the principal amounts, offering dates and other particulars of the Certificate Offerings listed in Paragraph 38 are contained in the Offering Documents and other SEC filings, which speak for themselves.

39.       No answer is required as to Certificates issued under the 2007 Registration Statement as Plaintiffs' claims as to those Certificates have been dismissed by the Court.

40.       Defendants admit that there an Issuing Trust was associated with each Certificate Offering and had the roles and responsibilities described in the Offering Documents, which speak for themselves.  Defendants deny the remaining allegations of Paragraph 40.

41.       Defendants admit that WMB was a subsidiary of Washington Mutual, Inc., WMB served as the sponsor for purposes of the Certificates, and Washington Mutual, Inc.,

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

had offices at 1301 Second Avenue, Seattle, WA 98101.  Defendants lack sufficient

information or knowledge to admit or deny the remaining allegations of Paragraph 41 and, on

that basis, deny them.

42.     No response is required to Paragraph 42 because the Court dismissed all claims

related to credit ratings, Rating Agencies, and Section 15 control person liability.  To the

extent a response is required, Defendants lack knowledge or information sufficient to admit or

deny the allegations in Paragraph 42, and therefore, deny them.

43.     No response is required to Paragraph 43 because the Court dismissed all claims

related to credit ratings, Rating Agencies, and Section 15 control person liability.  To the

extent a response is required, Defendants lack knowledge or information sufficient to admit or

deny the allegations in Paragraph 43, and on that basis, deny them.

## IV.     **ALLEGATIONS**

44.     The allegations set forth in Paragraph 44 purport to describe certain industry

customs and practices without alleging facts particularly pertaining to Defendants, and

Defendants deny that the allegations set forth a complete and accurate statement either of such

industry customs and practices or of the practices of any of the Defendants.  To the extent a

further response is required Defendants deny the allegations of Paragraph 44.

45.     The allegations set forth in Paragraph 45 purport to describe certain industry

customs and practices without alleging facts particularly pertaining to Defendants, and

Defendants deny that the allegations set forth a complete and accurate statement of such

industry customs and practices or of the practices of any of the Defendants.  To the extent a

further response is required Defendants deny the allegations of Paragraph 45.

*Answer and Affirmative Defenses of WaMu Defendants*
*(CV09-037 MJP) - 10*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

46.     The allegations set forth in Paragraph 46 purport to describe certain industry customs and practices without alleging facts particularly pertaining to Defendants, and Defendants deny that the allegations set forth a complete and accurate statement of such industry customs and practices or of the practices of any of the Defendants.  To the extent a further response is required Defendants deny the allegations of Paragraph 46.

47.     The allegations set forth in Paragraph 47 purport to describe certain industry customs and practices without alleging facts particularly pertaining to Defendants, and Defendants deny that the allegations set forth a complete and accurate statement of such industry customs and practices or of the practices of any of the Defendants.  To the extent a further response is required Defendants deny the allegations of Paragraph 47.

48.     The allegations set forth in Paragraph 48 purport to describe certain industry customs and practices without alleging facts particularly pertaining to Defendants, and Defendants deny that the allegations set forth a complete and accurate statement of such industry customs and practices or of the practices of any of the Defendants.  To the extent a further response is required Defendants deny the allegations of Paragraph 48.

49.     The allegations set forth in Paragraph 49 purport to describe certain industry customs and practices without alleging facts particularly pertaining to Defendants, and Defendants deny that the allegations set forth a complete and accurate statement of such industry customs and practices or of the practices of any of the Defendants.  To the extent a further response is required Defendants deny the allegations of Paragraph 49.

50.     Theallegations set forth in Paragraph 50 purport to describe certain industry customs and practices without alleging facts particularly pertaining to Defendants, and Defendants deny that the allegations set forth a complete and accurate statement of such

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

industry customs and practices or of the practices of any of the Defendants. To the extent a further response is required Defendants deny the allegations of Paragraph 50.

51.     The allegations set forth in Paragraph 51 purport to describe certain industry customs and practices without alleging facts particularly pertaining to Defendants, and Defendants deny that the allegations set forth a complete and accurate statement of such industry customs and practices or of the practices of any of the Defendants. To the extent a further response is required Defendants deny the allegations of Paragraph 51.

52.     Defendants lack knowledge and information sufficient to admit or deny the allegations in Paragraph 52 and, on that basis, deny them.

53.     Defendants deny the allegations of Paragraph 53.

54.     Defendants lack knowledge and information sufficient to admit or deny the allegations of Paragraph 54 and, moreover, the allegations are unintelligible and, on that basis, Defendants deny them.

55.     Defendants admit that Washington Mutual Bank acquired loans from correspondent lenders and that certain of these loans were included in securitizations. Defendants deny the remaining allegations of Paragraph 55.

56.     The allegations of Paragraph 56 are unintelligible and vague as to the time frame and location of any statements regarding the origination of the mortgages described in Paragraph 56. To the extent Paragraph 56 is referring to statements in the Offering Documents concerning the origination of loans underlying the Certificates, the Offering Documents speak for themselves. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 56 and, on that basis, deny them.

*Answer and Affirmative Defenses of WaMu Defendants (CV09-037 MJP) - 12*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

57.     No response is required to Paragraph 57 because the Court dismissed all claims related to appraisals and LTV ratios.  To the extent a response is required, Paragraph 57 contains legal conclusions and hypotheticals rather than factual allegations, and Defendants lack knowledge and information sufficient to admit or deny the statements in Paragraph 57 and, on that basis, deny the allegations of Paragraph 57.

58.     No response is required to Paragraph 58 because the Court dismissed all claims related to appraisals and LTV ratios.  To the extent a response is required, Paragraph 58 contains legal conclusions and hypotheticals to which no response is required.  Defendants otherwise lack knowledge and information sufficient to admit or deny the statements in Paragraph 58 and, on that basis, deny the allegations of Paragraph 58.

59.     No response is required to Paragraph 59 because the Court dismissed all claims related to appraisals and LTV ratios.  To the extent a response is required, the Prospectus Supplements speak for themselves.

60.     No response is required to Paragraph 60 because the Court dismissed all claims related to appraisals and LTV ratios.  To the extent a response is required, the 2006 Registration Statement speaks for itself.

61.     No response is required to Paragraph 61 because the Court dismissed all claims related to appraisals and LTV ratios.  To the extent a response is required, the Prospectus Supplements for the Certificates speak for themselves.

62-84.  No response is required to Paragraphs 62 through 84, inclusive,  because the Court dismissed all claims related to appraisals and LTV ratios.  To the extent a response is required, Defendants deny, on information and belief, the allegations of Paragraphs 62 through 84, inclusive.

*Answer and Affirmative Defenses of WaMu Defendants (CV09-037 MJP) - 13*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

85.     Defendants admit that due diligence was conducted on mortgage loans prior to securitization.  Defendants deny the remaining allegations of Paragraph 85.

86.     Defendants admit that WCC engaged third-parties to assist it in due diligence in connection with its underwriting of the Certificates.  Defendants deny the remaining allegations of Paragraph 86.

87.     Defendants admit that WCC was a wholly owned subsidiary of WMB. Defendants deny the remaining allegations and conclusion in Paragraph 87.

88.     Defendants deny the allegations of Paragraph 88.

89.     Defendants deny the allegations of Paragraph 89.

90.     Defendants admit that the Offerings for the Certificates were completed between January 26, 2006 and January 22, 2007.  Defendants further admit that the Certificates were issued through the Issuing Trusts designated with a "shelf" name. Defendants deny the remaining allegations of Paragraph 90.

91.     No response is required to Paragraph 91 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants deny the allegations of Paragraph 91.

92.     No response is required to Paragraph 92 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, the Offering Documents and July 2008 SEC Report speak for themselves.  Defendants deny the remaining allegations of Paragraph 92.

93.     No response is required to Paragraph 93 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, the July 2008 SEC Report speaks for itself.  Defendants deny the remaining allegations of Paragraph 93.

*Answer and Affirmative Defenses of WaMu Defendants (CV09-037 MJP) - 14*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

94.     No response is required to Paragraph 94 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, the July 2008 SEC Report speaks for itself.  Defendants deny the remaining allegations of Paragraph 94.

95.     No response is required to Paragraph 95 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, the June 6, 2008, *Washington Post* article speaks for itself.  Defendants lack sufficient information or knowledge to affirm or deny the remaining allegations of Paragraph 95 and, on that basis, deny them.

96.     No response is required to Paragraph 96 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, the June 6, 2008 *Washington Post* article speaks for itself.  Defendants lack sufficient information or knowledge to affirm or deny the remaining allegations of Paragraph 96 and, on that basis, deny them.

97.     No response is required to Paragraph 97 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, The January 2009 Congressional Oversight Panel Report speaks for itself.  Defendants lack sufficient information or knowledge to affirm or deny the remaining allegations of Paragraph 97 and, on that basis, deny them.

98.     The allegations set forth in Paragraph 98 purport to describe certain industry customs and practices without alleging facts particularly pertaining to Defendants, and Defendants deny that the allegations set forth a complete and accurate statement of such industry customs and practices.  Defendants otherwise deny the allegations of Paragraph 98.

99.     Defendants deny the allegations of Paragraph 99.

*Answer and Affirmative Defenses of WaMu Defendants
(CV09-037 MJP) - 15*

100.    The July 10, 2007, S&P announcement speaks for itself, and delinquency information regarding the loans underlying the Certificates speaks for itself and is publicly available at www.wamusecurities.com.   Defendants otherwise lack sufficient information or knowledge to admit or deny the allegations of Paragraph 100 relating to delinquencies and foreclosures.  Defendants lack sufficient information to admit or deny the allegations of Paragraph 100 relating to the reasons for any downgrade by S&P of any of its ratings for any of the Certificates and, on that basis, deny those allegations.  Defendants deny the remaining allegations of Paragraph 100.

101.    The July 10, 2007, S&P announcement speaks for itself, and Defendants lack sufficient knowledge or information to admit or deny the statements in the SEC's announcement and, for that reason, Defendants deny the allegations of Paragraph 101.

102.    Moody's July 11, 2007 announcement and its statements regarding the downgrades of any of the Certificates speak for themselves.  Defendants lack sufficient information to admit or deny the allegations of Paragraph 102 relating to the reasons for any downgrade by Moody's of any of its ratings for any of the Certificates and, on that basis, deny those allegations.  Defendants deny the remaining allegations of Paragraph 102.

103.    The initial ratings of the Certificates are described in SEC filings made in conjunction with the Registration Statement, and any changes to those ratings are described in statements made by the ratings agencies, which statements speak for themselves.  Defendants deny the remaining allegations of Paragraph 103.

104.    The August 1, 2007, *Mortgage Banking* article described in Paragraph 104 speaks for itself.  Defendants lack sufficient knowledge or information to admit or deny the

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

accuracy of that article or the reasons for any ratings agency action, and deny the allegations of Paragraph 104 on that basis.

105.    No response is required to Paragraph 105 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 105 relating to ratings agency models and, on that basis, deny those allegations.  Defendants deny the remaining allegations of Paragraph 105.

106.    No response is required to Paragraph 106 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 106 relating to ratings agency models and, on that basis, deny those allegations.  Defendants deny the remaining allegations in Paragraph 106.

107.    No response is required to Paragraph 107 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, the April 2008 *Mortgage Banking* article speaks for itself.  Defendants lack sufficient information or knowledge to admit or deny the accuracy of any of the statements from that article and, on that basis, deny each and every allegation in Paragraph 107.

108.    No response is required to Paragraph 108 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, the April 8, 2008, *New York Times* article speaks for itself.  Defendants lack sufficient information or knowledge to admit or deny the accuracy of any of the statements from that article and, on that basis, deny each and every allegation in Paragraph 108.

*Answer and Affirmative Defenses of WaMu Defendants (CV09-037 MJP) - 17*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

109.    No response is required to Paragraph 109 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, the April 8, 2008, *New York Times* article speaks for itself.  Defendants lack sufficient information or knowledge to admit or deny the accuracy of any of the statements from that article and, on that basis, deny each and every allegation in Paragraph 109.

110.    No response is required to Paragraph 110 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 110 and, on that basis, deny the allegations.

111.    No response is required to Paragraph 111 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, the April 3, 2007, Moody's report speaks for itself.  Defendants lack sufficient knowledge or information to admit or deny the accuracy of any of the statements in the April 3, 2007, Moody's report or any of the other allegations of Paragraph 111, and, on that basis, deny the allegation.

112.    No response is required to Paragraph 112 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 112 and, on that basis, deny the allegations.

113.    No response is required to Paragraph 113 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 113 and, on that basis, deny the allegations.

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

114.    No response is required to Paragraph 114 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, the 2006 Registration Statement speaks for itself.  Defendants deny the remaining allegations of Paragraph 114.

115.    No response is required to Paragraph 115 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants deny the allegations of Paragraph 115.

116.    No response is required to Paragraph 116 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Paragraph 116 presents a hypothetical situation without any allegations linking it to any of the Certificates remaining at issue in the case and does not accurately describe the securitization process and, on that basis, Defendants deny the allegations of Paragraph 116.

117.    No response is required to Paragraph 117 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Paragraph 117 presents a hypothetical situation without any allegations linking it to any of the Certificates remaining at issue in the case and does not accurately describe the securitization process and, on that basis, Defendants deny the allegations of Paragraph 117.

118.    No response is required to Paragraph 118 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Paragraph 118 presents a hypothetical situation without any allegations linking it to any of the Certificates remaining at issue in the case and does not accurately describe the securitization process and, on that basis, Defendants the allegations of Paragraph 118.

119.    No response is required to Paragraph 119 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants lack

*Answer and Affirmative Defenses of WaMu Defendants
(CV09-037 MJP) - 19*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

sufficient information or knowledge to admit or deny the allegations of Paragraph 119 relating to the motivation of the Ratings Agencies and, on that basis, deny those allegations. Defendants deny the remaining allegations of Paragraph 119.

120.    No response is required to Paragraph 120 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants deny the allegations of Paragraph 120.

121.    No response is required to Paragraph 121 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants deny the allegations of Paragraph 121.

122.    No response is required to Paragraph 122 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, the October 17, 2008, *Financial Times* article speaks for itself.  Defendants lack sufficient information or knowledge to admit or deny the accuracy of any of the statements in the October 17, 2008, *Financial Times* article and, on that basis, Defendants deny the allegations of Paragraph 122.

123.    No response is required to Paragraph 123 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, the July 2008 SEC Report speaks for itself.  Defendants lack sufficient information or knowledge to admit or deny the accuracy of any of the statements in the July 2008 SEC report and, on that basis deny the allegations of Paragraph 123.

124.    No response is required to Paragraph 124 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants deny the allegations of Paragraph 124.

*Answer and Affirmative Defenses of WaMu Defendants (CV09-037 MJP) - 20*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1
2
3
4
5
6

125.    No response is required to Paragraph 125 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants aver that Paragraph 125 presents a hypothetical situation without any allegations linking it to any of the Certificates remaining at issue in the case and does not accurately describe the securitization process and, on that basis, Defendants deny the allegations of Paragraph 125.

7
8
9
10
11
12

126.    No response is required to Paragraph 126 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants aver that Paragraph 126 presents a hypothetical situation without any allegations linking it to any of the Certificates remaining at issue in the case and does not accurately describe the securitization process and, on that basis, Defendants deny the allegations of Paragraph 126.

13
14
15
16
17
18
19
20

127.    No response is required to Paragraph 127 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants aver that Paragraph 127 presents a hypothetical situation without any allegations linking it to any of the Certificates remaining at issue in the case.  Defendants lack sufficient information or knowledge of S&P's internal processes to admit or deny the allegations regarding those processes.  On that basis, Defendants deny the allegations of Paragraph 127.

21
22
23
24
25
26
27

128.    No response is required to Paragraph 128 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants aver that Paragraph 128 presents a hypothetical situation without any allegations linking it to any of the Certificates remaining at issue in the case.  Defendants lack sufficient information or knowledge of S&P's internal processes to admit or deny the allegations regarding those processes.  On that basis, Defendants deny the allegations of Paragraph 128.

28

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

129.    No response is required to Paragraph 129 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants aver that Paragraph 129 presents a hypothetical situation without any allegations linking it to any of the Certificates remaining at issue in the case and does not accurately describe the securitization process and, on that basis, Defendants deny the allegations of Paragraph 129.

130.    Defendants admit that, in December 2007, WMB contemplated closing WCC. Defendants further admit that WCC was among the assets of WMB that JPMC acquired from the FDIC following the FDIC's appointment as receiver for WMB.  Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 130 regarding purported Federal and State investigations of WCC and, on that basis, deny them. Defendants deny the remaining allegations of Paragraph 130.

131.    Information regarding the delinquency rates of loans underlying the remaining Certificates is publicly available at www.wamusecurities.com, and that information speaks for itself.  Defendants otherwise lack information or knowledge to admit or deny the allegations of Paragraph 131 relating to delinquencies and, on that basis, deny those allegations. Defendants deny the remaining allegation of Paragraph 131.

132.    Information regarding the delinquency rates of loans underlying the remaining Certificates is publicly available at www.wamusecurities.com, and that information speaks for itself.  Defendants otherwise lack information or knowledge to admit or deny the allegations of Paragraph 132 relating to delinquencies and, on that basis, deny those allegations. Defendants deny the remaining allegation of Paragraph 132.

133.    The 2006 and 2007 Federal Bureau of Investigation Mortgage Fraud Reports speak for themselves and Defendants lack sufficient information or knowledge to admit or

*Answer and Affirmative Defenses of WaMu Defendants (CV09-037 MJP) - 22*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

deny the accuracy of the statements attributed to those reports and, on that basis, Defendants deny the allegations of Paragraph 133.

134.    Information regarding the delinquency rates of loans underlying the remaining Certificates is publicly available at www.wamusecurities.com, and that information speaks for itself.  Defendants otherwise lack sufficient information or knowledge to admit or deny the allegations of Paragraph 134 relating to delinquencies and, on that basis, deny those allegations.  Defendants deny the remaining allegations of Paragraph 134.

135.    The Offering Documents speak for themselves.  Defendants deny the remaining allegations of Paragraph 133.

136.    No response is required to Paragraph 136 because the Court has dismissed all claims relating to appraisals.  To the extent a response is required, the 2006 Registration Statement speaks for itself.

137.    No response is required to Paragraph 137 because the Court has dismissed all claims relating to appraisals.  To the extent a response is required Defendants deny the allegations of Paragraph 137.

138.    The 2006 Registration Statement speaks for itself.  Defendants deny the remaining allegations of Paragraph 138.

139.    No response is required to the allegations in Paragraph 139 relating to appraisals because the Court has dismissed all claims relating to appraisals.  To the extent a response is required, Defendants deny the allegations of Paragraph 139.

140.    The 2006 Registration Statement speaks for itself.  Defendants deny the remaining allegations of Paragraph 140.

141.    Defendants deny the allegations of Paragraph 141.

*Answer and Affirmative Defenses of WaMu Defendants (CV09-037 MJP) - 23*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

142.     Defendants admit that WMB was the sponsor for purposes of the Certificates and had the roles and responsibilities set forth in the Offering Documents, which speak for themselves.  To the extent the Prospectus Supplements describe WMB's underwriting guidelines, the Prospectus Supplements speak for themselves.   Defendants admit, on information and belief, that the loans underlying the Certificates at issue were originated pursuant to the underwriting guidelines of WMB, including guidelines relating to exceptions. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 142 and, on that basis, deny the allegations.

143.     Defendants lack sufficient information or knowledge of WMB's underwriting guidelines to admit or deny the allegations of Paragraph 143 relating to those guidelines and, on that basis, deny the allegations.  The Prospectus Supplements speak for themselves.

144.     Defendants deny, on information and belief, the allegations in Paragraph 144.

145.     The Prospectus Supplements speak for themselves.  Defendants deny the remaining allegations of Paragraph 145.

146.     The Prospectus Supplements speak for themselves.  Defendants deny the remaining allegations of Paragraph 146.

147.     No response is required to Paragraph 147 because the Court has dismissed all claims relating to appraisals.  To the extent a response is required, Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 147 and, on that basis, deny the allegations.

148.     The Prospectus Supplements speak for themselves.  Defendants deny the remaining allegations of Paragraph 148.

149.     Defendants deny, on information and belief, the allegations of  Paragraph 149.

*Answer and Affirmative Defenses of WaMu Defendants (CV09-037 MJP) - 24*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   150.    No response is required to Paragraph 150 because the Court dismissed all

2   claims related to appraisal and LTV ratios.  To the extent a response is required, the 2006

3   Registration Statement speaks for itself.  Defendants deny the remaining allegations of

4   Paragraph 150.

5   151.    No response is required to Paragraph 151 because the Court dismissed all

6   claims related to appraisal and LTV ratios.  To the extent a response is required, the 2006

7   Registration Statement speaks for itself.  Defendants deny the remaining allegations of

8   Paragraph 151.

9   152.    No response is required to Paragraph 152 because the Court dismissed all

10  claims related to appraisal and LTV ratios.  To the extent a response is required, the 2006

11  Registration Statement speaks for itself.  Defendants deny the remaining allegations of

12  Paragraph 152.

13  153.    No response is required to Paragraph 153 because the Court dismissed all

14  claims related to appraisal and LTV ratios.  To the extent a response is required, the 2006

15  Registration Statement speaks for itself.  Defendants deny the remaining allegations of

16  Paragraph 153.

17  154.    No response is required to Paragraph 154 because the Court dismissed all

18  claims related to appraisal and LTV ratios.  To the extent a response is required, Defendants

19  are without sufficient information or knowledge to admit or deny the allegations of Paragraph

20  154 regarding the actions of appraisers and, on that basis, deny the allegations.  Defendants

21  deny the remaining allegations of Paragraph 154 on information and belief.

22  155.    No response is required to Paragraph 155 because the Court dismissed all

23  claims related to appraisal and LTV ratios.  To the extent a response is required, the

*Answer and Affirmative Defenses of WaMu Defendants
(CV09-037 MJP) - 25*

Prospectus Supplements speak for themselves.  Defendants deny the remaining allegations of Paragraph 155.

156.     No response is required to Paragraph 156 because the Court dismissed all claims related to appraisal and LTV ratios.  To the extent a response is required, Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 156 regarding the actions of appraisers and, on that basis, deny the allegations.  Defendants deny the remaining allegations of Paragraph 156 on information and belief.

157.     No response is required to Paragraph 157 because the Court dismissed all claims related to appraisal and LTV ratios.  To the extent a response is required, the Prospectus Supplements speak for themselves.  Defendants deny the remaining allegations of Paragraph 157.

158.     No response is required to Paragraph 158 because the Court dismissed all claims related to appraisal and LTV ratios.  To the extent a response is required, the Prospectus Supplements speak for themselves.  Defendants deny the remaining allegations of Paragraph 158.

159.     Defendants deny, on information and belief, the allegations of Paragraph 159.

160.     The allegations set forth in Paragraph 160 purport to describe certain industry customs and practices without alleging facts particularly pertaining to Defendants, and Defendants deny that the allegations set forth a complete and accurate statement of such industry customs and practices.  Defendants deny the remaining allegations of Paragraph 160.

161.     The 2006 Registration Statement speaks for itself.  Defendants deny the remaining allegations of Paragraph 161.

*Answer and Affirmative Defenses of WaMu Defendants (CV09-037 MJP) - 26*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

162.     The Prospectus Supplements speak for themselves.  Defendants deny the remaining allegations of Paragraph 162.

163.     The Prospectus Supplements speak for themselves.  Defendants deny the remaining allegations of Paragraph 163.

164.     No response is required to Paragraph 164 because the Court dismissed all claims related to Rating Agencies.  To the extent a response is required, Defendants deny the allegations of Paragraph 164.

165.     No response is required to Paragraph 165 because the Court dismissed all claims related to appraisal and LTV ratios.  To the extent a response is required, the 2006 Registration Statement speaks for themselves.  Defendants deny the remaining allegations of Paragraph 165.

166.     No response is required to Paragraph 166 because the Court dismissed all claims related to appraisal and LTV ratios.  To the extent a response is required, the Prospectus Supplements speak for themselves.  Defendants deny the remaining allegations of Paragraph 166.

167.     No response is required to Paragraph 167, and each subpart thereof, because the Court dismissed all claims related to appraisal and LTV ratios.  To the extent a response is required, Defendants deny, on information and belief, the allegations of Paragraph 167.

168.      No response is required to Paragraph 168 because the Court dismissed all claims related to credit ratings and Rating Agencies.  To the extent a response is required, the 2006 Registration Statement and the Prospectus Supplements speak for themselves.  Defendants deny the remaining allegations of Paragraph 168.

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

169.    No response is required to Paragraph 169 because the Court dismissed all claims related to credit ratings and Rating Agencies.  To the extent a response is required, the Prospectus Supplements speak for themselves.  Defendants deny the remaining allegations of Paragraph 169.

170.    No response is required to Paragraph 170 because the Court dismissed all claims related to credit ratings and Rating Agencies.  To the extent a response is required, the Prospectus Supplements speak for themselves.  Defendants deny the remaining allegations of Paragraph 170.

171.    No response is required to Paragraph 171 because the Court dismissed all claims related to credit ratings and Rating Agencies.  To the extent a response is required, Defendants deny the allegations of Paragraph 171, and each subpart thereof.

## VI.    CLASS ACTION ALLEGATIONS

172.    Defendants admit that Plaintiffs purport to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, but deny that class certification is appropriate in this matter.  No response is required to Paragraph 172 to the extent it states legal conclusions.  Insofar as a response is required, Defendants deny the remaining allegations of Paragraph 172.

173.    No response is required to Paragraph 173 to the extent it states legal conclusions.  Insofar as a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 173, and on that basis, deny them.

174.    No response is required to Paragraph 174 to the extent it states legal conclusions.  Insofar as a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 174, and on that basis, deny them.

*Answer and Affirmative Defenses of WaMu Defendants (CV09-037 MJP) - 28*

175.    No response is required to Paragraph 175 to the extent it states legal conclusions.  Insofar as a response is required, Defendants deny the allegations in Paragraph 175.

176.    Defendants admit that Plaintiffs purport to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), but deny that class certification is appropriate in this matter.  Defendants deny the remaining allegations of Paragraph 176.

177.    No response is required to Paragraph 177 to the extent it states legal conclusions.  Insofar as a response is required, Defendants deny the allegations in Paragraph 177.

178.    No response is required to Paragraph 178 to the extent it states legal conclusions.  Insofar as a response is required, Defendants deny the allegations in Paragraph 178.

## VII.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### For Violations of § 11 of the Securities Act

179.    Defendants incorporate and reassert its responses to paragraphs 1-178, inclusive, as if set forth fully herein.

180.    Defendants admit that Plaintiffs purport to bring this action pursuant to § 11 of the Securities Act of 1933 against WMAAC, the Individual Defendants and WCC.  To the extent Paragraph 180 states a legal conclusion, no response is required.  To the extent that an answer is required, Defendants state that Sections 11 of the Securities Act is a statute, the terms of which speak for themselves, and deny any allegations inconsistent with the terms of this statute.  Defendants deny the remaining allegations of Paragraph 180.

*Answer and Affirmative Defenses of WaMu Defendants*
*(CV09-037 MJP) - 29*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

181.    Defendants aver that Paragraph 181 recites legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 181.

182.    Defendants aver that Paragraph 182 recites legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 182.

183.    Defendants admit that Defendants Beck, Novak, Jurgens, and Careaga signed the 2006 Registration Statement.

184.    Defendants admit that WCC was the underwriter for purposes of the Certificates and that, as such, it had the roles and responsibilities described in the Offering Documents.  Defendants admit that WCC, as underwriter, participated in the sale of the Certificates to investors.  Defendants deny that Paragraph 184 accurately describes WCC's actions in connection with the issuance and sale of the Certificates.  Defendants deny the remaining allegations of Paragraph 184.

185.    Paragraph 185 recites legal conclusions that require no response.  To the extent a response is required, Defendants' duties are governed by the securities laws, which speak for themselves.  Defendants deny the allegations of Paragraph 185 to they are inconsistent with the securities laws.

186.    Paragraph 186 recites legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 186.

187.    Paragraph 187 recites legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 187.

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

188.    Paragraph 188 recites legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 188.

189.    Paragraph 189 recites legal conclusions that require no response.  To the extent that an answer is required, Defendants state that Section 11 of the Securities Act is a statute, the terms of which speak for themselves, and deny any allegations inconsistent with the terms of this statute.  Defendants deny the remaining allegations of Paragraph 189.

190.    Defendants deny the allegation in Paragraph 190 that the 2006 Registration Statement contained misstatements and omissions, and refer to it for the complete and accurate contents thereof.  Defendants deny the remaining allegations in Paragraph 190.

191.    Paragraph 191 recites legal conclusions that require no response. Furthermore, Defendants aver that no answer is required to the second sentence of Paragraph 191 because the Court dismissed all claims related to credit ratings and rating agencies.  To the extent an answer is required, Defendants deny the allegations of Paragraph 191.

192.    Paragraph 192 recites legal conclusions that require no response.  To the extent that an answer is required, Defendants state that Sections 11 of the Securities Act is a statute, the terms of which speak for themselves, and deny any allegations inconsistent with the terms of this statute.  Defendants deny the remaining allegations of Paragraph 192.

193.    Defendants deny the allegations of Paragraph 193.

## SECOND CAUSE OF ACTION
### For Violations of § 12(a)(2) of the Securities Act

194.    Defendants incorporate and reassert its responses to paragraphs 1-193, inclusive, as if set forth fully herein.

*Answer and Affirmative Defenses of WaMu Defendants
(CV09-037 MJP) - 31*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1    195.    Defendants state that the claims in the second cause of action have been

2    dismissed, and the allegations of Paragraphs 195 through 202, inclusive require no response.

3    To the extent a response is required, Defendants deny the allegations of Paragraphs 195

4    through 202, inclusive.

5

6                        **THIRD CAUSE OF ACTION**
7                   **For Violations of § 15 of the Securities Act**

8    203.    Defendants incorporate and reassert its responses to paragraphs 1-202,

9    inclusive, as if set forth fully herein.

10

11   204.    Defendants state that the claims in the third cause of action have been

12   dismissed, and the allegations of Paragraphs 204 through 211, inclusive require no response.

13   To the extent a response is required, Defendants deny the allegations of Paragraphs 204

14   through 211, inclusive.

15

16                      **FOURTH CAUSE OF ACTION**
17                  **For Violations of § 15 of the Securities Act**

18   212.    Defendants incorporate and reassert its responses to paragraphs 1-211,

19   inclusive, as if set forth fully herein.

20

21   213.     Defendants state that the claims in the fourth cause of action have been

22   dismissed, and the allegations of Paragraphs 213 through 222, inclusive require no response.

23   To the extent a response is required, Defendants deny the allegations of Paragraphs 213

24   through 222, inclusive.

25

26                        **AFFIRMATIVE DEFENSES**

27       As separate and distinct affirmative defenses to the claims asserted in the Complaint,

28   and each of them, Defendants allege as follows:

*Answer and Affirmative Defenses of WaMu Defendants*
*(CV09-037 MJP) - 32*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

2

**FIRST AFFIRMATIVE DEFENSE**

The claims asserted against Defendants under Sections 11 of the Securities Act of

1933 ("Securities Act") fail to allege facts sufficient to state a claim upon which relief may be

granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs and members of the alleged plaintiff class are estopped by reason of their

acts, conduct, and omissions from obtaining any recovery in this action.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs and members of the alleged plaintiff class would be unjustly enriched if they

were permitted to obtain any recovery in this action.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs and members of the alleged plaintiff class have knowingly and voluntarily

waived any alleged claims they might have against Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs and members of the alleged plaintiff class are barred by the doctrines of

laches and unclean hands from obtaining any recovery in this action.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs and members of the alleged plaintiff class have, by reason of their acts,

conduct and inaction, ratified the alleged acts, omissions and conduct of which they now

complain.

**SEVENTH AFFIRMATIVE DEFENSE**

*Answer and Affirmative Defenses of WaMu Defendants*
*(CV09-037 MJP) - 33*

1    Plaintiffs' claims are barred by the applicable statutes of limitations.

2

3                    **EIGHTH AFFIRMATIVE DEFENSE**

4    Plaintiffs' claims are barred in whole or in part because Plaintiffs and members of the

5    alleged plaintiff class were expressly advised in public statements regarding the material facts

6    and risks concerning their investments.  Plaintiffs and members of the alleged plaintiff class

7    therefore assumed the risk of any loss and are precluded from any recovery herein.

8

9                    **NINTH AFFIRMATIVE DEFENSE**

10   The matters now claimed by the Complaint to be the subject of misrepresentations and

11   omissions, which are denied, were, in fact, publicly disclosed or were in the public domain

12   and, as such, were available to Plaintiffs and members of the alleged plaintiff class.

13

14                   **TENTH AFFIRMATIVE DEFENSE**

15   The matters now claimed by the Complaint to be the subject of misrepresentations and

16   omissions, which are denied, were known to Plaintiffs and members of the alleged plaintiff

17   class.

18

19

20                   **ELEVENTH AFFIRMATIVE DEFENSE**

21   Plaintiffs' claims are barred in whole or in part because Plaintiffs and members of the

22   alleged plaintiff class failed to make reasonable efforts to mitigate their alleged injury or

23   damage, which efforts would have prevented all or part of any such alleged injury or damage.

24

25                   **TWELFTH AFFIRMATIVE DEFENSE**

26   Plaintiffs' claims are barred in whole or in part because factors other than the

27   allegedly untrue statements of material fact, omissions of material fact, misleading statements

28

*Answer and Affirmative Defenses of WaMu Defendants*
*(CV09-037 MJP) - 34*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  or other allegedly actionable conduct attributed to Defendants, all of which are denied, caused

2  some or all of the losses or damages allegedly sustained by Plaintiffs and members of the

3  alleged plaintiff class.

4

5  <u>**THIRTEENTH AFFIRMATIVE DEFENSE**</u>

6  Plaintiffs' claims are barred in whole or in part because, to the extent that Plaintiffs or

7  members of the alleged plaintiff class incurred injury or damages as alleged in the Complaint,

8  which is denied, any such injury or damages was caused in whole or in part by the negligent

9  conduct of Plaintiffs and members of the alleged plaintiff class.

10

11  <u>**FOURTEENTH AFFIRMATIVE DEFENSE**</u>

12  Plaintiffs' claims are barred in whole or in part because no conduct attributable to

13  Defendants was the cause in fact or probable cause of the losses or damages Plaintiffs and

14  members of the alleged plaintiff class seek to recover in this action.

15

16  <u>**FIFTEENTH AFFIRMATIVE DEFENSE**</u>

17  Plaintiffs' claims are barred in whole or in part because, to the extent that Plaintiffs

18  and members of the alleged plaintiff class incurred any injury or damage as alleged in the

19  Complaint, which is denied, any such injury or damage was caused and brought about by the

20  acts, conduct or omissions of individuals and/or entities other than Defendants and, as such,

21  any recovery herein should be precluded or diminished in proportion to the amount of fault

22  attributable to such other individuals and/or entities.

23

24  <u>**SIXTEENTH AFFIRMATIVE DEFENSE**</u>

25  Even if the misstatements and omissions alleged in the Complaint had been made,

26

27

28

*Answer and Affirmative Defenses of WaMu Defendants*
*(CV09-037 MJP) - 35*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

which is denied, Defendants at all times reasonably and in good faith relied upon the work, opinions, information, representations, and advice of others upon whom Defendants were entitled to rely.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because some or all of Defendants' alleged statements are forward-looking statements within the scope of, and protected or insulated from liability by, the "safe harbor" provisions of the Private Securities Litigation Reform Act of 1995, including 15 U.S.C. § 78u-5(c).

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part inasmuch as Plaintiffs lack standing to assert any such claim.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the alleged plaintiff class are not entitled to any recovery under the Securities Act from Defendants because, at all relevant times, Defendants conducted a reasonable investigation and had reasonable ground to believe, and did believe, at the time the 2006 Registration Statement became effective, that the statements therein were true and that there was no omitted material fact required to be stated therein or necessary to make the statements therein not misleading.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs and members of the alleged plaintiff class are not entitled to any recovery from Defendants because, with respect to portions of the 2006 Registration Statement

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

purporting to be made on the authority of experts, Defendants had no reasonable ground to believe, and did not believe, at the time such part of the 2006 Registration Statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the 2006 Registration Statement did not fairly represent the statement of the expert.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants are not liable under Section 11 of the Securities Act for damages in excess of the total price at which the specific offered securities underwritten and distributed by such underwriter to the public were offered to the public.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any damages recoverable must be reduced under Section 11(f) of the Securities Act to reflect contribution to which Defendants may be entitled for the violations alleged in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs and members of the alleged plaintiff class is subject to offset in the amount of any benefits received by Plaintiffs and members of the alleged plaintiff class.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs and members of the alleged plaintiff class purchased the offered securities in the secondary market that are not traceable to the 2006 Registration

*Answer and Affirmative Defenses of WaMu Defendants (CV09-037 MJP) - 37*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Statement, they are not entitled to any recovery from Defendants.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants are absolved from any and all liability for the wrongs alleged in the Complaint by reason of their full compliance with all statutes, regulations or other laws in effect at the time of the conduct alleged in the Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise any additional defenses, counterclaims, crossclaims, and third-party claims, not asserted herein of which it may become aware through discovery or other investigation and will withdraw, amend or modify its Answer accordingly.  Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this case.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.     That the Court refuse to certify this suit as a class action;

2.     That Plaintiffs and members of the alleged plaintiff class take nothing by reason of the claims asserted herein;

3.     That judgment be entered in favor of Defendants on all claims asserted herein;

4.     For costs of suit herein; and

5.     For such other and further relief as the Court may deem just and proper.

*Answer and Affirmative Defenses of WaMu Defendants (CV09-037 MJP) - 38*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

       DATED this 1st day of December, 2010.

2

OF COUNSEL - ADMITTED PRO HAC VICE                    HILLIS CLARK MARTIN & PETERSON, P.S.

3

BINGHAM MCCUTCHEN LLP

4

By____s/John D. Pernick_____

5

       David M. Balabanian                              Louis D. Peterson, WSBA #5776

6

       John D. Pernick                                  Brian C. Free, WSBA #35788
       Frank Busch                                      Hillis Clark Martin & Peterson P.S.

7

       Three Embarcadero Center                         1221 Second Avenue, Suite 500
       San Francisco, CA  94111-4067                    Seattle WA 98101-2925

8

       Telephone: (415) 393-2000                        Telephone:  (206) 623-1745
       Facsimile:  (415) 393-2286                       Facsimile:  (206) 623-7789

9

       Email:  david.balabanian@bingham.com;            Email:  ldp@hcmp.com;

10

       john.pernick@bingham.com;                        bcf@hcmp.com
       frank.busch@bingham.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Answer and Affirmative Defenses of WaMu Defendants*
*(CV09-037 MJP) - 39*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of December, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Floyd Abrams - fabrams@cahill.com

Michael H. Barr -mbarr@sonnenschein.com

Walter Eugene Barton -
    gbarton@karrtuttle.com,nrandall@karrtuttle.com,danderson@karrtuttle.com

Steve W. Berman -
    steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com

S Douglas Bunch -dbunch@cohenmilstein.com

Steven P Caplow -
    stevencaplow@dwt.com,patrickwatts@dwt.com,sheilarowden@dwt.com,jason
    Schattenkerk@dwt.com

Kevin P Chavous -kchavous@sonnenschein.com

James J. Coster -jcoster@ssbb.com,managingclerk@ssbb.com,jregan@ssbb.com

Hal D Cunningham -hcunningham@scott-
    scott.com,halcunningham@gmail.com,efile@scott-scott.com

Kerry F Cunningham -kerry.cunningham@dlapiper.com

Leslie D Davis -ldavis@sonnenschein.com

Corey E Delaney -
    corey.delaney@dlapiper.com,kerry.cunningham@dlapiper.com,richard.hans@
    dlapiper.com,patrick.smith@dlapiper.com

Joshua S. Devore -jdevore@cohenmilstein.com,efilings@cohenmilstein.com

Joseph A. Fonti -jfonti@labaton.com,ElectronicCaseFiling@labaton.com

Larry Steven Gangnes -
    gangnesl@lanepowell.com,sebringl@lanepowell.com,docketing-
    sea@lanepowell.com,donnellyjossm@lanepowell.com

Jonathan Gardner  jgardner@labaton.com

Joseph P Guglielmo -jguglielmo@scott-scott.com,efile@scott-scott.com

Richard F Hans -richard.hans@dlapiper.com,dorinda.castro@dlapiper.com

David Daniel Hoff -dhoff@tousley.com,efile@tousley.com

Julie Hwang -jhwang@labaton.com,ElectronicCaseFiling@labaton.com

Geoffrey M Johnson - gjohnson@scott-scott.com,efile@scott-scott.com

Matthew B. Kaplan -mkaplan@cohenmilstein.com,efilings@cohenmilstein.com

*Certificate of Service - (CV09-037 MJP)*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   Stellman Keehnel -stellman.keehnel@dlapiper.com,patsy.howson@dlapiper.com

2   Paul Joseph Kundtz -
3         pkundtz@riddellwilliams.com,mdowns@riddellwilliams.com,mbergquam@ri
          ddellwilliams.com

4   Joel P Laitman -jlaitman@cohenmilstein.com

5   Bruce Earl Larson -blarson@karrtuttle.com,psteinfeld@karrtuttle.com

6   Mike Liles , Jr-mliles@karrtuttle.com

    Christopher E Lometti -clometti@cohenmilstein.com

7   John D Lowery -jlowery@riddellwilliams.com,dhammonds@riddellwilliams.com

8   Douglas C McDermott -doug@mcdermottnewman.com,eric@mcdermottnewman.com

9   Bradley T. Meissner -bradley.meissner@dlapiper.com

10  Timothy Michael Moran -
          moran@kiplinglawgroup.com,cannon@kiplinglawgroup.com

11  Brian O. O'Mara -bomara@csgrr.com

12  Barry Robert Ostrager -bostrager@stblaw.com,managingclerk@stblaw.com

13  Nancy A Pacharzina -npacharzina@tousley.com,mhottman@tousley.com

    Kenneth J Pfaehler -kenneth.pfaehler@snrdenton.com,nicole.reeber@snrdenton.com

14  Daniel B Rehns -drehns@cohenmilstein.com,efilings@cohenmilstein.com

15  Kenneth M Rehns -krehns@cohenmilstein.com

16  Julie Goldsmith Reiser -jreiser@cohenmilstein.com

17  Serena Richardson -srichardson@labaton.com,ElectronicCaseFiling@labaton.com

18  Rogelio Omar Riojas -
          omar.riojas@dlapiper.com,nina.marie@dlapiper.com,karen.hansen@dlapiper.com

19  Darren J Robbins -e_file_sd@csgrr.com

20  Tammy Roy -troy@cahill.com

    Joshua M. Rubins -jrubins@ssbb.com,managingclerk@ssbb.com,jregan@ssbb.com

21  Stephen M. Rummage -steverummage@dwt.com,jeannecadley@dwt.com

22  Hollis Lee Salzman -hsalzman@labaton.com,ElectronicCaseFiling@labaton.com

23  Paul Scarlato -pscarlato@labaton.com,ElectronicCaseFiling@labaton.com

24  Arthur L Shingler -ashingler@scott-scott.com,efile@scott-scott.com

25  Gavin Williams Skok -gskok@riddellwilliams.com,dhammonds@riddellwilliams.com

    Richard A Speirs -rspeirs@cohenmilstein.com

26  Kim D Stephens -
          kstephens@tousley.com,wcruz@tousley.com,cbonifaci@tousley.com

27  Robert D Stewart -stewart@kiplinglawgroup.com,cannon@kiplinglawgroup.com

28  Janissa Ann Strabuk - jstrabuk@tousley.com,wcruz@tousley.com

*Certificate of Service - (CV09-037 MJP)*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1    Steven J Toll -stoll@cohenmilstein.com,efilings@cohenmilstein.com

2    Mary Kay - Vyskocil mvyskocil@stblaw.com

3    Dennis H Walters -dwalters@karrtuttle.com,wbarker@karrtuttle.com

4    Adam Zurofsky -azurofsky@cahill.com

     DATED this 1st day of December, 2010 at San Francisco, California.

5
                                    By___s/ John D. Pernick_____
6                                       John D. Pernick
7                                       Three Embarcadero Center
                                        San Francisco, CA  94111-4067
8                                       Telephone: (415) 393-2000
                                        Facsimile:  (415) 393-2286
9                                       Email:  john.pernick@bingham.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Certificate of Service - (CV09-037 MJP)*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789