HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates to: ALL CASES | Master Case No. 2:09-cv-00037-MJP<br><br>**PLAINTIFFS' MOTION TO SEAL PORTIONS OF AN EXPERT DECLARATION FILED IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION**<br><br>**NOTED ON MOTION CALENDAR: April 1, 2011** |

### I.     INTRODUCTION

Lead Plaintiffs Doral Bank Puerto Rico ("Doral Bank") and Policemen's Annuity and Benefit Fund of the City of Chicago ("Chicago PABF") and Plaintiff Boilermakers National Annuity Trust ("Boilermakers") (collectively, "Plaintiffs") file this Motion to Seal contemporaneous with their Motion for Class Certification. Plaintiffs respectfully request that the Court issue an Order granting leave to seal marked excerpts on pages 5, 27, 28, 29, 30, 31, 41, 42, 43, 44, and 64 through 117 of the Expert Report of Professor Anne Zissu, Ph.D. ("Zissu Decl."), which is Exhibit A to the Declaration of Kenneth M. Rehns in Support of Plaintiffs' Motion for Class Certification ("Rehns Decl."). The Zissu Decl. contains

PLAINTIFFS' MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 1
4898/001/241398.2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1  information that is subject to protection under federal law and the Stipulated Protective Order
2  and Stipulated Order Regarding the "Clawback" of Documents ("Protective Order") the
3  Court entered in this case (Dkt. No. 213).

### II.   STATEMENT OF FACTS

Plaintiffs now move for class certification in this action, which arises out of the public offerings of purportedly investment grade mortgage backed securities ("MBS") which collapsed in value to "junk bonds" relatively soon after issuance when it became apparent that the underlying residential mortgage loans were fundamentally impaired. See Plaintiff's Motion for Class Certification, p. 1.

In addition to their Motion, Plaintiffs are filing the expert report of Dr. Anne Zissu, a Professor of Finance and Chairperson of the Department of Business at Citytech, City University of New York, to assist the Court in its determination of whether the requirements of numerosity and superiority are satisfied. See Rehns Decl., Exh. A. Pursuant to the Protective Order, Plaintiffs subpoenaed trading records from various third-party financial institutions for their expert's review and analysis. Information contained in these records includes the identification of the customers of the third-party financial institutions and the entities at which they transact business. Plaintiffs now seek to seal those sections of Dr. Zissu's report containing these references. As discussed below, the third party financial institutions are required by federal law to protect this information. Furthermore, because this information has little probative value as to the issues in this case, the Court should grant Plaintiffs' request.

### II.   ARGUMENT AND AUTHORITY

**A.   Standard of Review**

The Court has authority to seal documents, or portions of documents, that contain confidential or highly sensitive information. The Protective Order and LR 5(g)(3) provide that a party must obtain the Court's authority to file documents under seal by filing a motion to seal. This Court has previously ruled that it will not grant a motion to seal made in

PLAINTIFFS' MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 2
4898/001/241398.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1  connection with a motion for class certification absent compelling reasons.  See Order
2  Granting in Part and Denying in Part Motion to Seal, *Kelley v. Microsoft Corp.*, No. cv-
3  00475-MJP, Dkt. 129.

4        A "compelling reasons" standard applies to most judicial records.  *Pintos v. Pac.
5  Creditors Assoc.*, 605 F.3d 665, 678 (2010) (citing *Kamakana v. City & County of Honolulu*,
6  447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122,
7  1135-36 (9th Cir. 2003)).  This standard derives from the common law right "to inspect and
8  copy public records and documents, including judicial records and documents." *Id.* (quoting
9  *Kamakana*, 447 F.3d at 1178 (citation and internal quotation marks omitted).  To limit this
10 common law right of access, a party seeking to seal judicial records must show that
11 "compelling reasons supported by specific factual findings ... outweigh the general history of
12 access and the public policies favoring disclosure." *Id.* (citing *Kamakana*, 447 F.3d at 1178-
13 79 (internal quotation marks and citations omitted)).

14       Under the "compelling reasons" standard, a district court must weigh "relevant
15 factors," base its decision "on a compelling reason," and "articulate the factual basis for its
16 ruling, without relying on hypothesis or conjecture." *Id.* at 679 (quoting *Hagestad v.
17 Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  Courts in the Ninth Circuit have considered
18 the following factors in determining whether compelling reasons exist to warrant sealing
19 records:  (1) the public's interest in understanding the judicial process; (2) whether disclosure
20 of the material at issue could result in improper use (such as to incite scandal, libel a party, or
21 enable infringement of a party's trade secrets); (3) the interests of the parties, and the balance
22 of equities; and (4) the duty of the court to balance all of these competing interests and to
23 inform the public of the basis for its decision.  *See California ex rel. Lockyer v. Safeway,
24 Inc.*, 355 F. Supp. 2d 1111, 1115 (C.D. Cal. 2005) (citing *Nixon v. Warner Comm'n, Inc.*,
25 435 U.S. 589, 602-04, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978); *Hagestad*, 49 F.3d at 1434;
26 *Valley Broad. Co. v. U.S. District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986)) (finding in the
27 context of a labor dispute that consideration of these factors as well as "the national labor

PLAINTIFFS' MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 3
4898/001/241398.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

policy" were relevant in evaluating a non-party's motion to seal exhibits containing personal financial information).

**B.   Compelling Reasons Exist to Redact Portions of the Zissu Declaration**

   1.   <u>Financial Institutions, Including Third Parties Who Produce Trade Data, Are Bound by Federal Law to Protect Consumers' Financial Information</u>

Financial institutions, including the third parties who produced trade data in this matter, are bound by federal law to protect consumers' financial information. The Gramm-Leach-Bliley Act (the "Act") declares that financial institutions have affirmative and continuing obligations to respect the privacy of their customers and to protect the security and confidentiality of those customers' nonpublic, personal, information. *See* 15 U.S.C. § 6801. To further this goal, Congress enacted broad privacy protective provisions. The Act provides in relevant part:

> (a) Privacy obligation policy
>
> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.
>
> (b) Financial institutions safeguards
>
> In furtherance of the policy in subsection (a) of this section, each agency or authority described in section 6805(a) of this title shall establish appropriate standards for the financial institutions subject to their jurisdiction relating to administrative, technical, and physical safeguards—
>
> (1) to insure the security and confidentiality of customer records and information;
>
> (2) to protect against any anticipated threats or hazards to the security or integrity of such records; and
>
> (3) to protect against unauthorized access to or use of such records or information which could result in substantial harm or inconvenience to any customer.

PLAINTIFFS' MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 4
4898/001/241398.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1  *Id.*

2  "Nonpublic personal information" is defined as personally identifiable financial information provided by a consumer to a financial institution, resulting from any transaction with the consumer or any service performed for the consumer or otherwise obtained by the financial institution. 15 U.S.C. § 6809(4)(A). It does not include publicly available information. 15 U.S.C. § 6809(4)(B). The term "publicly available information" is defined in the regulations promulgated under the rule-making subtitle of the Act. 16 C.F.R. § 313.3(p)(1). Section 313.3(p)(1) of title 16 of the Code of Federal Regulations provides that "publicly available information" means any information that one has a reasonable basis to believe is lawfully made available to the general public from: (1) federal, state, or local government records; (2) widely distributed media; or (3) disclosures to the general public that are required to be made by federal, state, or local law.

The identities of the customers of each of the subpoenaed third-party financial institutions, and the fact that they are customers of those particular institutions, is not "publicly available" and is therefore subject to the Act's privacy protections. Therefore, the third parties here have a continuing obligation to protect the security and confidentiality of those customers' nonpublic, personal information. Indeed, these parties agreed to provide information to Plaintiffs with the understanding that such information would be subject to the parties' protective order. Declaration of Kenneth R. Rehns in Support of Plaintiffs' Motion to Seal Portions of An Expert Declaration Filed in Support of Their Motion for Class Certification ("Rehns Supp. Decl."), ¶ 2. This alone warrants sealing the documents at issue here.

2. <u>The Court Has Entered a Protective Order Limiting Disclosure of This Type of Information</u>

The Protective Order provides in pertinent part:

[A] disclosing party may designate as "CONFIDENTIAL" non-public personal information …. or other information for which applicable federal or state law requires confidential treatment.

PLAINTIFFS' MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 5
4898/001/241398.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

¶ 5.

Because these documents contain such confidential information, Plaintiffs now move to file them in compliance with Rule 26(c) and LR 5(g) under the protective order.

### C. Sealing These Documents Will Not Hamper the Public's Understanding of the Judicial Process

Moreover, other "relevant factors" warrant sealing this information. First, sealing the identities of the financial institutions and their customers will neither hamper nor threaten the public's interest in understanding the judicial process. Indeed, the other exhibits filed in this action provide a wealth of information regarding the issues in this case. The main premise upon which Plaintiffs base their claims against Defendants is that the public offerings of purportedly investment grade mortgage backed securities ("MBS") collapsed in value to "junk bonds" relatively soon after issuance when it became apparent that the underlying residential mortgage loans were fundamentally impaired, and that WaMu's Offering Documents contained material misstatements and omissions in violation of Sections 11 of the Securities Act of 1933 (the "Securities Act") (Dkt. No. 195 at 8-12). See Plaintiff's Motion for Class Certification, p. 1. That the information Plaintiffs seek to seal is necessary to establish numerosity and superiority does not override the protections of federal law.

Continued access to the other exhibits filed in this case, including the rest of expert Zissu's declaration and the other expert reports in this matter, will ensure that the public is able to review and assess the information most relevant to this case. *See, e.g.*, Rehns Decl., Exh. B. The public's interest in understanding Plaintiffs' claims against Defendants and, ultimately, its interest in understanding the judicial process by which these claims will be evaluated, will not be impaired if the Court grants Plaintiffs' motion.

### D. Disclosure of This Information Could Result in Improper Use

Furthermore, information regarding the identity, finances, and investments of the third parties' customers could be used to threaten the customers' personal and/or financial security, the potential of which should be considered in determining whether compelling

PLAINTIFFS' MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 6
4898/001/241398.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

reasons exist to seal documents. By bringing this motion, Plaintiffs seek to prevent the possibility of other third parties misusing, manipulating, or otherwise exploiting this information to the detriment of the third parties' customers. Rehns Supp. Decl., ¶ 3.

E. <u>Neither the Parties' Interests Nor A Balancing of the Equities Precludes Sealing This Information, and The Court Must Balance These Competing Interests and Inform the Public of the Basis for its Decision</u>

Finally, Plaintiffs' interest in protecting this information outweighs those interests of the public. Under the Protective Order, the parties have stipulated to the confidentiality of this sort of information and the public's interest in reviewing this information is minimal at best. The information Plaintiffs seek to seal has little probative value as to the issues raised in their Motion and sealing it will not impede the public's ability to independently assess the case. And, as previously discussed, continued access to other exhibits filed in this matter will ensure that this interest is adequately protected.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court seal excerpts on pages 5, 27, 28, 29, 30, 31, 41, 42, 43, 44, and 64 through 117 of Exhibit A to the Declaration of Kenneth M. Rehns in Support of Plaintiffs' Motion for Class Certification.

### IV.   PROPOSED ORDER

A proposed order is submitted herewith.

Dated: March 11, 2011

PLAINTIFFS' MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 7
4898/001/241398.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | **TOUSLEY BRAIN STEPHENS PLLC** |
| 3 | By: /s/ Janissa A. Strabuk |
| 4 | Kim D. Stephens, WSBA #11984 |
| | Janissa A. Strabuk, WSBA #21827 |
| 5 | 1700 Seventh Avenue, Suite 2200 |
| | Seattle, Washington 98101 |
| 6 | Telephone: (206) 682-5600 |
| 7 | Facsimile: (206) 682-2992 |
| | Email: kstephens@tousley.com |
| 8 |        jstrabuk@tousley.com |
| 9 | *Liaison Counsel for Plaintiffs and the Proposed Class* |
| 10 | |
| 11 | **SCOTT+SCOTT LLP** |
| 12 | Arthur L. Shingler III (admitted pro hac vice) |
| 13 | Hal D. Cunningham (admitted pro hac vice) |
| | 600 B Street, Suite 1500 |
| 14 | San Diego, California 92101 |
| | Telephone: (619) 233-4565 |
| 15 | Facsimile: (619) 233-0508 |
| | Email: ashingler@scott-scott.com |
| 16 |        hcunningham@scott-scott.com |
| 17 | |
| | Joseph P. Guglielmo (admitted pro hac vice) |
| 18 | 500 Fifth Avenue, 40th Floor |
| | New York, New York 10110 |
| 19 | Telephone: (212) 223-6444 |
| | Facsimile: (212) 223-6334 |
| 20 | Email: jguglielmo@scott-scott.com |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |

PLAINTIFFS' MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 8
4898/001/241398.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | **COHEN MILSTEIN SELLERS & TOLL PLLC** |
| 2 | |
| 3 | Steven J. Toll |
| | Julie Goldsmith Reiser |
| 4 | Joshua S. Devore (admitted pro hac vice) |
| | Matthew B. Kaplan (admitted pro hac vice) |
| 5 | S. Douglas Bunch (admitted pro hac vice) |
| | 1100 New York Avenue, NW |
| 6 | Suite 500 West |
| | Washington, D.C. 20005 |
| 7 | Telephone: (202) 408-4600 |
| | Facsimile: (202) 408-4699 |
| 8 | Email: stoll@cohenmilstein.com |
| 9 | jreiser@cohenmilstein.com |
| | jdevore@cohenmilstein.com |
| 10 | mkaplan@cohenmilstein.com |
| | dbunch@cohenmilstein.com |
| 11 | |
| 12 | Joel P. Laitman (admitted pro hac vice) |
| | Christopher Lometti (admitted pro hac vice) |
| 13 | Daniel B. Rehns (admitted pro hac vice) |
| | 150 East 52nd Street, Thirtieth Floor |
| 14 | New York, New York 10022 |
| | Telephone: (212) 838-7797 |
| 15 | Facsimile: (212) 838-7745 |
| | Email: jlaitman@cohenmilstein.com |
| 16 | clometti@cohenmilstain.com |
| | drehns@cohenmilstein.com |
| 17 | |
| 18 | *Lead Counsel for the Proposed Class* |

PLAINTIFFS' MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 9
4898/001/241398.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Certificate of service with service list

# CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record and additional persons listed below:

Steve W. Berman (Terminated) steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

Larry Steven Gangnes gangnesl@lanepowell.com, docketing-sea@lanepowell.com, donnellyjossm@lanepowell.com, sebringl@lanepowell.com

David Daniel Hoff dhoff@tousley.com, efile@tousley.com

Stellman Keehnel stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com

Paul Joseph Kundtz pkundtz@riddellwilliams.com, mbergquam@riddellwilliams.com, mdowns@riddellwilliams.com

Bruce Earl Larson blarson@karrtuttle.com, psteinfeld@karrtuttle.com

John D Lowery jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com

Louis David Peterson ldp@hcmp.com, smp@hcmp.com

Stephen M. Rummage steverummage@dwt.com, jeannecadley@dwt.com

Kim D Stephens kstephens@tousley.com, cbonifaci@tousley.com, wcruz@tousley.com

Robert D Stewart stewart@kiplinglawgroup.com, cannon@kiplinglawgroup.com

Dennis H Walters dwalters@karrtuttle.com, wbarker@karrtuttle.com

Mike Liles, Jr mliles@karrtuttle.com

Steven P Caplow stevencaplow@dwt.com, chrisevo@dwt.com, jasonSchattenkerk@dwt.com, patrickwatts@dwt.com, sheilarowden@dwt.com

Janissa Ann Strabuk jstrabuk@tousley.com, wcruz@tousley.com

Walter Eugene Barton gbarton@karrtuttle.com, danderson@karrtuttle.com, nrandall@karrtuttle.com

Gavin Williams Skok gskok@riddellwilliams.com, dhammonds@riddellwilliams.com

PLAINTIFFS' MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 10
4898/001/241398.2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | David M Balabanian david.balabanian@bingham.com |
| 2 | Douglas C McDermott doug@mcdermottnewman.com, eric@mcdermottnewman.com |
| 3 | Steven J Toll stoll@cohenmilstein.com, efilings@cohenmilstein.com |
| 4 | John D Pernick john.pernick@bingham.com |
| 5 | Brian C Free bcf@hcmp.com, gcp@hcmp.com |
| 6, 7 | Rogelio Omar Riojas omar.riojas@dlapiper.com, karen.hansen@dlapiper.com, nina.marie@dlapiper.com |
| 8 | Timothy Michael Moran moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com |
| 9 | Arthur L Shingler ashingler@scott-scott.com, efile@scott-scott.com |
| 10, 11 | Richard A Speirs rspeirs@cohenmilstein.com |
| 12 | Bradley T. Meissner bradley.meissner@dlapiper.com |
| 13 | Mary Kay Vyskocil mvyskocil@stblaw.com |
| 14 | Barry Robert Ostrager bostrager@stblaw.com, managingclerk@stblaw.com |
| 15 | Richard F Hans richard.hans@dlapiper.com, dorinda.castro@dlapiper.com |
| 16 | Kerry F Cunningham kerry.cunningham@dlapiper.com |
| 17, 18 | Corey E Delaney corey.delaney@dlapiper.com, kerry.cunningham@dlapiper.com, patrick.smith@dlapiper.com, richard.hans@dlapiper.com |
| 19 | S Douglas Bunch dbunch@cohenmilstein.com |
| 20 | Darren J Robbins e_file_sd@csgrr.com |
| 21, 22 | Jonathan Gardner jgardner@labaton.com |
| 23 | Hollis Lee Salzman (Terminated) hsalzman@labaton.com, ElectronicCaseFiling@labaton.com |
| 24 | Daniel B Rehns drehns@cohenmilstein.com, efilings@cohenmilstein.com |
| 25 | Joel P Laitman jlaitman@cohenmilstein.com |
| 26, 27 | Christopher E Lometti clometti@cohenmilstein.com |

PLAINTIFFS' MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 11
4898/001/241398.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | Michael H. Barr mbarr@sonnenschein.com |
| 2 | Kenneth J Pfaehler kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com |
| 3 | Leslie D Davis ldavis@sonnenschein.com |
| 4 | Kevin P Chavous kchavous@sonnenschein.com |
| 5 | Joseph A. Fonti (Terminated) jfonti@labaton.com, ElectronicCaseFiling@labaton.com |
| 6 | |
| 7 | Paul Scarlato pscarlato@labaton.com, ElectronicCaseFiling@labaton.com |
| 8 | Serena Richardson (Terminated) srichardson@labaton.com, ElectronicCaseFiling@labaton.com |
| 9 | |
| 10 | Frank Busch frank.busch@bingham.com, frank.downing@bingham.com, theo.robins@bingham.com |
| 11 | Hal D Cunningham hcunningham@scott-scott.com, efile@scott-scott.com, halcunningham@gmail.com |
| 12 | |
| 13 | Julie Hwang (Terminated) jhwang@labaton.com, ElectronicCaseFiling@labaton.com |
| 14 | Joseph P Guglielmo jguglielmo@scott-scott.com, efile@scott-scott.com |
| 15 | Kenneth M Rehns krehns@cohenmilstein.com |
| 16 | Adam Zurofsky azurofsky@cahill.com |
| 17 | Tammy Roy troy@cahill.com |
| 18 | |
| 19 | Floyd Abrams fabrams@cahill.com |
| 20 | James J. Coster jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com |
| 21 | Joshua M. Rubins jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com |
| 22 | Brian O. O'Mara bomara@csgrr.com |
| 23 | Joshua S. Devore jdevore@cohenmilstein.com, efilings@cohenmilstein.com |
| 24 | Matthew B. Kaplan mkaplan@cohenmilstein.com, efilings@cohenmilstein.com |
| 25 | |
| 26 | Julie Goldsmith Reiser jreiser@cohenmilstein.com |
| 27 | **2:09-cv-00037-MJP Notice will not be electronically mailed to:** |

PLAINTIFFS' MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 12
4898/001/241398.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

WaMu Officer Defendants Securities MDL

**2:09-cv-00134-MJP Notice has been electronically mailed to:**

Bruce Earl Larson dwalters@karrtuttle.com

Naumon A Amjed namjed@btkmc.com, knguyen@btkmc.com

John A. Kehoe jkehoe@btkmc.com

Sharan Nirmul snirmul@btkmc.com

Andrew B Brettler (Terminated) abrettler@gmail.com

**2:09-cv-00134-MJP Notice will not be electronically mailed to:**

WaMu Officer Defendants Securities MDL

**2:09-cv-00137-MJP Notice has been electronically mailed to:**

Christopher M Huck huck@pypfirm.com, dana@pypfirm.com

**2:09-cv-00137-MJP Notice will not be electronically mailed to:**

WaMu Officer Defendants Securities MDL

**2:09-cv-01557-MJP Notice has been electronically mailed to:**

Gavin Williams Skok azurofsky@cahill.com, fabrams@cahill.com, troy@cahill.com

**2:09-cv-01557-MJP Notice will not be electronically mailed to:**

**2:10-cv-00990-JCC Notice has been electronically mailed to:**

Joel E. Wright jw@leesmart.com, sm@leesmart.com

John M Casey jcasey@curranfirm.com, kchurch@curranfirm.com

Marc Rosenberg mr@leesmart.com, Lawyermarc@comcast.net

Michael T. Pines info@pinesandassociates.com, michaelpines@gmail.com

PLAINTIFFS' MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 13
4898/001/241398.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | By: /s/ Janissa A. Strabuk |
| 2 | Kim D. Stephens, WSBA #11984 |
| | Janissa A. Strabuk, WSBA #21827 |
| 3 | 1700 Seventh Avenue, Suite 2200 |
| | Seattle, Washington 98101 |
| 4 | Telephone: (206) 682-5600 |
| | Facsimile: (206) 682-2992 |
| 5 | Email: kstephens@tousley.com |
| | jstrabuk@tousley.com |

*Liaison Counsel for Plaintiffs and the Proposed Class*

PLAINTIFFS' MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 14
4898/001/241398.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992