1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION, <br><br> This Document Relates to:  ALL CASES | Master Case No. C09-037 MJP <br><br> [Consolidated with: Case Nos. CV09-0134 MJP, CV09-0137 MJP, and CV09-01557 MJP] <br><br> **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> **NOTE ON MOTION CALENDAR: JULY 22, 2011** <br><br> **ORAL ARGUMENT REQUESTED** |

*Defendants' Motion for Judgment on the Pleadings:*
*(CV09-037 MJP)*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

# TABLE OF CONTENTS

2

**Page**

3

I.  INTRODUCTION AND RELIEF REQUESTED .......................................... 1

4

II. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND ..................... 1

5

A.  The Offerings and the Securities. ........................................... 1

6

B.  Plaintiffs' Purchases of the Securities ..................................... 4

7

C.  This Court's Decision to Dismiss Certain Claims. ......................... 5

8

III. ARGUMENT ...................................................................... 5

9

A.  Plaintiffs Lack Standing under Section 11 of the Securities Act to Assert Claims Based on Securities They Did Not Purchase. .................................. 6

B.  Plaintiffs Lack Constitutional Standing with Respect to Securities They Did Not Purchase Because They Have Not Suffered Injury-in-Fact. .......... 8

IV. CONCLUSION ................................................................... 11

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Defendants' Motion for Judgment on the Pleadings:*
*(CV09-037 MJP) - i*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

**TABLE OF AUTHORITIES**

2
                                                                                    **Page**

3  **Cases**

4  *Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840 (9th Cir. 2007) .......... 9

5  *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874 (3d Cir. 1992) ............................ 6

6  *Casey v. Lewis*, 4 F.3d 1516 (9th Cir. 1993) ............................................................... 8

7  *Forsythe v. Sun Life Fin., Inc.*, 417 F. Supp. 2d 100 (D. Mass. 2006)................................... 6, 8

8  *In re Seizure of One Blue Nissan Skyline Automobile*, 683 F. Supp. 2d 1087 (C.D. Cal. 2010) 5

   *In re Wash. Mut. Mortgage Backed Securities Litig.*, 748 F. Supp. 2d 1246 (W.D. Wash.
9      2010) ...................................................................................................... 5, 6

10  *In re Wash. Mut. Sec. Litig.*, 694 F.  Supp. 2d 1192 (W.D. Wash. 2009) ....................... passim

11  *In re Wells Fargo Mortgage-Backed Certificates Litig.*, 712 F. Supp. 2d 958 (N.D. Cal. 2010)
       ...................................................................................................................... 8

12  *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................................... 9

13  *Maine State Retirement Systems v. Countrywide Financial Corporation*, No. 10-0302, Order
14     Resolving Pending Motions to Dismiss (Dkt. No. 257) (C.D. Cal. May 5, 2011) ........ passim

15  *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 658 F.
       Supp. 2d 299 (D. Mass. 2009), *aff'd in part*, 632 F.3d 762 (1st Cir. 2011) ......................... 6

16  *San Diego County Gun Rights Comm'n v. Repo*, 98 F.3d 1121 (9th Cir. 1996)....................... 9

17  *San Luis Unit Food Producers v. U.S.*, No 09-01871, 2011 WL 693329 (E.D. Cal. Feb. 16,
18     2011) ............................................................................................................ 5

19  *Warth v. Seldin*, 422 U.S. 490 (1975)................................................................... 9

**Statutes**

20  15 U.S.C. § 77k(a) ........................................................................................... 6

21  **Rules**

22  Fed. R. Civ. P. 12(c) ....................................................................................... 1, 5

23  Fed. R. Civ. P. 12(h)(3) ................................................................................... 1, 5

24  **Constitutional Provisions**

25  U.S. Const. Art. III, § 2 ................................................................................ 6, 8

26

27

28

*Defendants' Motion for Judgment on the Pleadings:*
*(CV09-037 MJP) - ii*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

## I.     INTRODUCTION AND RELIEF REQUESTED

Lead Plaintiffs Doral Bank Puerto Rico ("Doral") and Policemen's Annuity and Benefit Fund of Chicago ("Chicago PABF") and Plaintiff Boilermakers National Annuity Trust Fund ("Boilermakers", and collectively, "Plaintiffs") seek to assert claims under Section 11 of the Securities Act with respect to 123 distinct investment tranches in the six offerings (the "Offerings") that remain at issue in this case.  Each of those 123 investment tranches is a distinct security (the "Securities").  Plaintiffs purchased certificates in only 13 of those 123 Securities.  Despite the fact that the 110 Securities that Plaintiffs did not purchase were "issued in the same offering[s]" as those purchased by Plaintiffs, "[t]here is no named [P]laintiff who can be deemed a 'person acquiring such security' . . . as required by § 11(a), and, thus, no named [P]laintiff has suffered an 'actual injury'".  *In re Wash. Mut. Sec. Litig.*, 694 F. Supp. 2d 1192, 1221 (W.D. Wash. 2009) (citation omitted).  Plaintiffs thus lack standing to sue with respect to the 110 Securities they did not purchase.  Pursuant to Rules 12(c) and 12(h)(3) of the Federal Rules of Civil Procedure, the Defendants therefore move to dismiss Plaintiffs' asserted claims with respect to those 110 Securities.

## II.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

### A.     THE OFFERINGS AND THE SECURITIES.

The six Offerings that remain at issue in this case (2006 AR-7, 2006 AR-12, 2006 AR-16, 2006 AR-17, 2006 AR-18 and 2007 HY-1) comprise, by their own description, 123 separate classes of "Certificates"—*i.e.*, 123 unique Securities.

Those Securities were issued through the following process.  First, Washington Mutual Bank ("WMB") originated mortgage loans to borrowers who were buying homes or refinancing existing mortgages.  (Second Am. Consol. Compl. ("SAC") ¶ 10 (Dkt. #164); *see*

*Defendants' Motion for Judgment on the Pleadings:*
*(CV09-037 MJP) - 1*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

*also* Expert Report of Prof. Christopher M. James, dated June 22, 2011 (the "James Report") ¶ 15 (Declaration of Jee Young You In Supp. of Opp'n to Mot. for Class Cert. ("You Decl."), Ex. O (Dkt. #255).)  WMB then sold the loans to defendant WaMu Asset Acceptance Corporation ("WAAC"), which "deposited", or transferred, the loans into six separate trusts (one for each Offering).  (James Report ¶ 15 (You Decl. Ex. O).)  The "pools" of loans in each trust were further segmented into different loan groups (between two and five groups, depending on the Offering).  The loans in each group share certain characteristics that differentiate them from the loans in other loan groups within the same pool.  For example, the loans in the 2006 AR-12 Offering are grouped by the fixed interest rate period, wherein Group One contains loans with a five-year fixed rate period, Group Two contains loans with a seven-year fixed rate period and Group Three contains loans with a ten-year fixed rate period. (*See* 2006 AR-12 Pro. Supp. at S-5 (You Decl. Ex. A (Dkt. #253)).)  In other Offerings, the loans are grouped by interest rate index.  (*See, e.g.*, 2006 AR-7 Pro. Supp. at S-5 (You Decl. Ex. E); 2006 AR-17 Pro. Supp. at S-5 (You Decl. Ex. F).)

   In exchange for the loans deposited in each trust, WAAC issued numerous certificates that represent fractional interests in the income streams generated by the loans deposited in the trust.  (*See* SAC ¶ 10; James Report ¶ 15(You Decl. Ex. O).)  Those certificates are the Securities at issue here.  After it received the Securities for a particular Offering from the trust, WAAC sold the Securities to WaMu Capital Corporation ("WCC"), which, as "underwriter", sold them to investors.  (*See* James Report ¶¶ 36-37 (You Decl. Ex. O).)

   As is typical in the industry, the certificates at issue here were sold in different "tranches".  (*See, e.g.*, 2006 AR-7 Pro. Supp. at S-6 (You Decl. Ex. E); 2006 AR-12 Pro. Supp. at S-6 (You Decl. Ex. A); 2006 AR-16 Pro. Supp. at S-6 (You Decl. Ex. B); 2006 AR-

*Defendants' Motion for Judgment on the Pleadings:*
*(CV09-037 MJP) - 2*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

17 Pro. Supp. at S-6 (You Decl. Ex. F); 2006 AR-18 Pro. Supp. at S-6 (You Decl. Ex. C);

2007 HY-1 Pro. Supp. at S-6 (You Decl. Ex. D).)  Each tranche (and each class of

certificates):  (1) has its own distinct characteristics, including a unique CUSIP identifier,

original principal note balance, interest rate, payment rights, priority for receiving "pass-

through" distributions and credit rating; and (2) is associated with a specific loan group (or

multiple loan groups) out of the overall loan pool for the relevant Offering.  (*See, e.g.*, 2006

AR-7 Pro. Supp. at S-14 (You Decl. Ex. E); 2006 AR-17 Pro. Supp. at S-6-S-22 (You Decl.

Ex. F); 2006 AR-18 Pro. Supp. at S-6-S-20 (You Decl. Ex. C); *see also* James Report ¶¶ 32,

43-44 (You Decl. Ex. O); Declaration of Scott Hakala, dated Mar. 11, 2011 ("Hakala Decl.")

¶ 12 (attached to the Declaration of Kenneth M. Rehns In Supp. of Mot. for Class Cert.

("Rehns Decl."), Ex. B (Dkt. #226).))  Cash flows from the underlying mortgages in each loan

group (or groups) were allocated to the various tranches associated with such group in

different ways based on a prioritization mechanism known as a "waterfall".  (*See, e.g.*,

2006 AR-16 Pro. Supp. at S-8-S-10 (You Decl. Ex. B); James Report ¶ 17 (You Decl.

Ex. O).)  Senior tranches receive the most protection against losses on the underlying loans

through credit enhancements such as subordination (higher classes receive mortgage

pass-through distributions before lower classes) and loss allocation (underlying loan losses are

borne first by lower classes).  (*See, e.g.*, 2006 AR-16 Pro. Supp. at S-16-S-17, S-45-S-46

(You Decl. Ex. B); *see also* James Report ¶ 18 (You Decl. Ex. O).)

    For example, in the 2006 AR-7 Offering, there were three senior tranches of

certificates—1A, 2A and 3A, which, respectively, are tied to the loans in Group One, Two

and Three within the trust.  Further, each of those three senior Securities has first priority for

payments from the proceeds from the loan group to which it is tied.  (2006 AR-7 Pro. Supp.

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

at S-18-S-19 (You Decl. Ex. E); *see also* James Report ¶¶ 20, 29 (You Decl. Ex. O); Hakala

Decl. ¶ 12 (Rehns Decl. Ex. B).)  In that same Offering, the subordinate Securities have lower

priority for payments from one or more loan groups.  For example, tranche 3A-1B also is tied

to the loans in Group Three and tranche CA1B1 is tied to the loans in Groups One and Two.

(2006 AR-7 Pro. Supp. at S-14 (You Decl. Ex. E).)  Because of the differences in loan

collateral and payment priority from one tranche of certificates to another, the 123 Securities

at issue in this action differed from the outset in their risk and return profiles.

Given these variations and the unique characteristics of each of the Securities, it is

unsurprising that Defendants' expert, Chris James, and Plaintiffs' expert, Scott Hakala, ***agree***

that each of the 123 classes of certificates represents a unique, distinct, and separate Security.

(*See* James Report ¶ 32 (You Decl. Ex. O); Dep. Tr. of Scott Hakala ("Hakala Tr.") at 159:18-

159:23 (You Decl. Ex. G).)

B.       PLAINTIFFS' PURCHASES OF THE SECURITIES.

The named Plaintiffs purchased only 13 of the 123 Securities issued pursuant to the

Offerings:

- Chicago PABF purchased certificates from seven different tranches of the 2006 AR-16 (*i.e.*, 2A1, LB1, LB2, LB3, 3B1, 3B2 and 3B3), two tranches in the 2007 HY-1 Offering (*i.e.*, 1A1 and 3A3) and one tranche in the 2006 AR-12 Offering (*i.e.*, 1A1).  (Cert., Ex. B to Decl. of Arthur L. Shingler III in Supp. of Notice of Mot. and Mem. of Law in Supp. of Appointment of Lead Pl. and Approval of Selection of Lead Counsel (Mar. 16, 2009) (Dkt. #44).)

- Doral purchased certificates from one tranche in the 2006 AR-18 Offering (*i.e.*, 2A1) and one tranche in the 2006 AR-17 Offering (*i.e.*, 1A). (*See* Doral Bank Puerto Rico's Suppl. Resp. and Objections to Defs.' First Set of Interrogs. (You Decl. Ex. N) at 7-8.)

- Boilermakers purchased certificates from one tranche in the 2006 AR-7 Offering (*i.e.*, 1A).  (*See* SAC ¶ 22; *see also* Cert., Ex. C to Decl. of Steve W.

*Defendants' Motion for Judgment on the Pleadings:*
*(CV09-037 MJP) - 4*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Berman in Supp. of Mot. for Appointment of Lead Pls. and Approval of Lead
Counsel (Mar. 16, 2009) (Dkt. #42).)

Plaintiffs did not purchase any of the other 110 Securities that were issued pursuant to the

Offerings.

### C.    THIS COURT'S DECISION TO DISMISS CERTAIN CLAIMS.

On September 28, 2010, this Court dismissed Plaintiffs claims in part.  In so doing the

Court concluded that Plaintiffs lacked standing to assert Section 11 claims with respect to

Offerings in which they did not purchase a Security.  *In re Wash. Mut. Mortgage Backed*

*Securities Litig.*, 748 F. Supp. 2d 1246, 1252 (W.D. Wash. 2010).  The Court did not address,

and the parties did not brief, whether Plaintiffs must have purchased certificates from a given

tranche in order to have standing to sue with respect to that tranche.  That issue is the subject

of Defendants' current motion.

### III.    ARGUMENT

"After pleadings are closed—but early enough not to delay trial—a party may move

for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  One ground for a motion for judgment

on the pleadings under Rule 12(c) is that the court lacks subject matter jurisdiction over some

or all of the plaintiff's claims.  *See San Luis Unit Food Producers v. U.S.*, No 09-01871,

2011 WL 693329, at *4 (E.D. Cal. Feb. 16, 2011).  The court may consider extrinsic evidence

on a challenge to the Court's subject matter jurisdiction brought pursuant to Rule 12(c).  *In re*

*Seizure of One Blue Nissan Skyline Automobile*, 683 F. Supp. 2d 1087, 1089 (C.D. Cal. 2010).

A party may also move pursuant to Federal Rule of Civil Procedure 12(h)(3) to dismiss an

action for lack of subject matter jurisdiction.  A motion made pursuant to Rule 12(h)(3) "may

*Defendants' Motion for Judgment on the Pleadings:*
*(CV09-037 MJP) - 5*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

be asserted at any time and need not be responsive to any pleading of the other party."

*Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3d Cir. 1992).

Here, Plaintiffs lack standing to sue with respect to the 110 Securities they did not

purchase pursuant to both:  (1) Section 11 of the 1933 Securities Act; and (2) the case or

controversy requirement of Article III, § 2 of the United States Constitution.

### A.    PLAINTIFFS LACK STANDING UNDER SECTION 11 OF THE SECURITIES ACT TO ASSERT CLAIMS BASED ON SECURITIES THEY DID NOT PURCHASE.

Section 11 creates a cause of action for "any person *acquiring* [a] security" issued

pursuant to a "registration statement [which] contained an untrue statement of a material fact

or omitted to state a material fact".  15 U.S.C. § 77k(a) (emphasis added).  It is well-settled

that a Section 11 plaintiff may bring suit only with respect to a security that it actually

acquired.  *See In re Wash. Mut. Sec. Litig.*, 694 F. Supp. 2d at 1221; *see also Plumbers'*

*Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 658 F. Supp. 2d 299,

303 & n.3 (D. Mass. 2009), *aff'd in part*, 632 F.3d 762 (1st Cir. 2011); *Forsythe v. Sun Life*

*Fin., Inc.*, 417 F. Supp. 2d 100, 118-19 (D. Mass. 2006).  Based on that law, this Court

previously dismissed Plaintiffs' claims with respect to Offerings in which they not purchase,

reasoning that Plaintiffs "lacked standing to pursue § 11 claims for other related notes".  *In re*

*Wash. Mut. Mortgage Backed Sec. Litig.*, 748 F. Supp. 2d at 1252.

The result is the same at the level of each tranche of certificates, as Judge Pfaelzer of

the Central District of California concluded following extensive analysis of the issue in *Maine*

*State Retirement Systems v. Countrywide Financial Corporation*, No. 10-0302, Order

Resolving Pending Motions to Dismiss (Dkt. No. 257) (C.D. Cal. May 5, 2011).  In

*Countrywide*, the court dismissed the operative complaint "as to all Certificates that at least

*Defendants' Motion for Judgment on the Pleadings:*
*(CV09-037 MJP) - 6*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

one named plaintiff did not purchase" because "Plaintiffs must establish that they have tranche-based standing". *Id.* at 39. As here, prior to issuing that Order, the *Countrywide* court had dismissed claims with respect to a number of *offerings* in which none of the named plaintiffs had purchased securities. *Id.* at 3. Judge Pfaelzer then considered additional briefing on the tranche-level issue. *See id.* at 4. And, after further "careful consideration" of the Securities Act and the distinguishing characteristics of the tranche-based Securities at issue in RMBS deals, the court concluded that the same logic applied at the Security level and that plaintiffs in RMBS actions lack standing to bring Securities Act claims as to tranches in which they did not purchase certificates. *Id.* at 4.

With respect to statutory standing, the court observed that Sections 11 and 12(a)(2) have been construed "to mean that a plaintiff must actually have purchased the security upon which it seeks to sue". *Id.* at 9. The court recognized that "[e]ach Certificate represents a different tranche within an offering". *Id.* at 1 n.1; *see also id.* at 10. Because "the plain text of the Securities Act dictates that Plaintiffs must have acquired or purchased the security on which they sue" and because it was "undisputed that each Certificate is a separate security", the Court found that under Sections 11 and 12, "Plaintiffs have standing to sue to assert their claims with respect only to those Certificates a named Plaintiff has purchased". *Id.* at 12.

This Court considered the same principles and similarly concluded that standing must exist at the Security level, not the offering level, in *In re Washington Mutual Securities Litigation*, 694 F. Supp. 2d 1192 (W.D. Wash. 2009). There, the named plaintiffs asserted Section 11 claims for alleged misstatements in a single 2006 offering pursuant to which two separate securities were issued—the "5.50% Notes" and the "Floating Rate Notes". *Id.* at 1221. One of the named plaintiffs had purchased Floating Rate Notes, but none had

*Defendants' Motion for Judgment on the Pleadings: (CV09-037 MJP) - 7*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

purchased 5.50 percent Notes.  *Id.*  The Court held that plaintiffs lacked standing to assert

Section 11 claims with respect to the 5.50 percent Notes because there was "no named

plaintiff who [could] be deemed 'a person acquiring such security' (the 5.50 % Notes) as

required by § 11(a), and, thus, no named plaintiff ha[d] suffered an 'actual injury'" with

respect to that security.  *Id.* (quoting *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993)).  That

was true notwithstanding that the plaintiffs had acquired different securities (the Floating Rate

Notes) "that were issued in the same offering".  *Id.*

The same is true here.  Each of the 123 Securities at issue is a distinct, separate

security—with its own CUSIP identifier, original principal note balance, interest rate,

payment rights, credit rating and priority for receiving "pass-through" distributions.  Plaintiffs

purchased only 13 of those Securities.  As a result, the claims relating to the 110 Securities

not bought by a named Plaintiff must be dismissed.

Plaintiffs "may not avoid" this outcome "merely by styling [their] suit as a class

action".  *Countrywide*, No. 10-0302, at 6 (quoting *Forsythe*, 417 F. Supp. 2d at 119).  That the

other 110 Securities were purchased by absent class members is insufficient to establish

standing, because "a lead plaintiff cannot prosecute a class action based on claims he could

not advance individually".  *In re Wells Fargo Mortgage-Backed Certificates Litig.*,

712 F. Supp. 2d 958, 965 (N.D. Cal. 2010).

**B.     PLAINTIFFS LACK CONSTITUTIONAL STANDING WITH RESPECT TO SECURITIES THEY DID NOT PURCHASE BECAUSE THEY HAVE NOT SUFFERED INJURY-IN-FACT.**

Article III of the United States Constitution limits the jurisdiction of federal courts to

"cases" and "controversies".  U.S. Const. Art. III, § 2.  "Standing is an essential, core

component of the case or controversy requirement."  *San Diego County Gun Rights*

*Defendants' Motion for Judgment on the Pleadings:*
*(CV09-037 MJP) - 8*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

*Comm'n v. Repo*, 98 F.3d 1121, 1126 (9th Cir. 1996).  To establish standing, Plaintiffs bear the burden of demonstrating:  "(1) that [Plaintiffs] suffered an injury in fact that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'"; (2) that there is a "causal connection between that injury and the complained-of conduct"; and (3) "that a favorable decision will likely redress the alleged injury".  *Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 848 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Failure to establish any of those three elements requires dismissal.  *Id.*  Here, Plaintiffs cannot establish that they have suffered "injury in fact".

For Plaintiffs to satisfy the "injury in fact" requirement, they must show that they "*personally* have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent".  *Warth v. Seldin*, 422 U.S. 490, 502 (1975) (emphasis added).  Plaintiffs allege that they suffered "injury" because the value of their own Securities declined as a result of Defendants' purported material misstatements in the offering documents (*i.e.*, the Prospectus Supplements and Registration Statements).  (*See* SAC ¶¶ 185, 191.)  However, that alleged "injury" does not establish standing with respect to Securities that Plaintiffs did not purchase.  This Court rejected the same argument in *In re Washington Mutual*, concluding that constitutional standing is lacking because "no named plaintiff ha[d] suffered an 'actual injury'" with respect to the 5.50 percent Notes.  694 F. Supp. 2d at 1221.

The *Countrywide* court similarly considered the issue and held that "under Article III, Plaintiffs lack standing to sue on Certificates they did not purchase because they have suffered no injury from those investments they did not make".  *Countrywide*, No. 10-0302,

---

*Defendants' Motion for Judgment on the Pleadings: (CV09-037 MJP) - 9*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

at 13.  There (as here), "the key to the standing issue is the significant differences between the underlying pools of mortgages" and thus, "because each investment provided a different investment opportunity with unique characteristics" and because "the potential cash flow to be distributed to one tranche would come from a specific subgroup of loans different from the subgroups that would fund distributions to other tranches", "any alleged injury flowing from an alleged misstatement as to one tranche would not necessary constitute injury to purchasers of different tranches backed by different loan groups".  *Id.* at 13-15.

Here, as in *Countrywide*, even within the same Offering, different tranches have different characteristics and are backed by different loan groups, and there are substantial differences among the various loan groups.  Indeed, because "[t]he injury arises when the specific loans do not conform to the representations in the prospectus supplement", "an alleged misstatement as to the origination practices with respect to one loan group backing a particular tranche would not necessarily constitute a misstatement as to a different loan group backing a different tranche".  *Countrywide*, No. 10-0302, at 15.  "[F]or standing purposes, any alleged injury flowing from an alleged misstatement as to one tranche would not necessarily constitute injury to purchasers of different tranches backed by different loan groups."  *Id.*

Plaintiffs have not alleged—because they cannot allege—that they suffered an "injury in fact" with respect to the 110 Securities they did not purchase and, accordingly, they lack constitutional standing to sue with respect to those Securities.

//

//

//

//

*Defendants' Motion for Judgment on the Pleadings:*
*(CV09-037 MJP) - 10*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

## IV.   CONCLUSION

2

For the reasons set forth above, Defendants respectfully request that the Court grant

3

judgment on the pleadings in favor of Defendants and dismiss for lack of standing all claims

4

relating to the 110 Securities that no named Plaintiff is alleged to have purchased.

5

6        DATED this 30th day of June, 2011.

7                                         HILLIS CLARK MARTIN & PETERSON P.S.

8                        By      s/ Louis D. Peterson

9                                 Louis D. Peterson, WSBA #5776
                                  Brian C. Free, WSBA #35788
10                                Hillis Clark Martin & Peterson P.S.
                                  1221 Second Avenue, Suite 500
11                                Seattle WA 98101-2925
                                  Telephone:  (206) 623-1745
12                                Facsimile:  (206) 623-7789
                                  Email:  ldp@hcmp.com; bcf@hcmp.com
13

14                                OF COUNSEL
                                 ADMITTED PRO HAC VICE
15                              BINGHAM MCCUTCHEN LLP
16   Theo J. Robins                      David M. Balabanian
     Bingham McCutchen LLP               John D. Pernick
17   399 Park Avenue,                    Jee Young You
     New York, NY  10022-4689            Frank Busch
18   Telephone: (212) 705-7000           Bingham McCutchen LLP
     Facsimile:  (212) 702-3680          Three Embarcadero Center
19   Email:  theo.robins@bingham.com     San Francisco, CA  94111-4067
                                         Telephone: (415) 393-2000
20                                       Facsimile:  (415) 393-2286
                                         Email:  david.balabanian@bingham.com;
21                                       john.pernick@bingham.com;
                                         jeeyoung.you@bingham.com
22                                       frank.busch@bingham.com
23
                              Attorneys for Defendants
24      WaMu Asset Acceptance Corporation, WaMu Capital Corporation, David Beck,
             Richard Careaga, Rolland Jurgens, and Diane Novak
25

26

27

28

*Defendants' Motion for Judgment on the Pleadings:*
*(CV09-037 MJP) - 11*

1
2

**CERTIFICATE OF SERVICE**

3       I hereby certify that on the 30th day of June, 2011, I electronically filed the foregoing

4  with the Clerk of the Court using the CM/ECF system which will send notification of such

5  filing to the following:

6       Floyd Abrams - fabrams@cahill.com

7       Michael H. Barr -mbarr@sonnenschein.com

8       Walter Eugene Barton -
            gbarton@karrtuttle.com,nrandall@karrtuttle.com,danderson@karrtuttle.com

9       Steve W. Berman -
            steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com

10      S Douglas Bunch -dbunch@cohenmilstein.com

11      Steven P Caplow -
            stevencaplow@dwt.com,patrickwatts@dwt.com,sheilarowden@dwt.com,jason
12          Schattenkerk@dwt.com

13      Kevin P Chavous -kchavous@sonnenschein.com

14      James J. Coster -jcoster@ssbb.com,managingclerk@ssbb.com,jregan@ssbb.com

15      Hal D Cunningham -hcunningham@scott-
            scott.com,halcunningham@gmail.com,efile@scott-scott.com

16      Kerry F Cunningham -kerry.cunningham@dlapiper.com

17      Leslie D Davis -ldavis@sonnenschein.com

18      Corey E Delaney -
            corey.delaney@dlapiper.com,kerry.cunningham@dlapiper.com,richard.hans@
            dlapiper.com,patrick.smith@dlapiper.com

19      Joshua S. Devore -jdevore@cohenmilstein.com,efilings@cohenmilstein.com

20      Joseph A. Fonti -jfonti@labaton.com,ElectronicCaseFiling@labaton.com

21      Larry Steven Gangnes -
            gangnesl@lanepowell.com,sebringl@lanepowell.com,docketing-
22          sea@lanepowell.com,donnellyjossm@lanepowell.com

23      Jonathan Gardner  jgardner@labaton.com

24      Joseph P Guglielmo -jguglielmo@scott-scott.com,efile@scott-scott.com

25      Richard F Hans -richard.hans@dlapiper.com,dorinda.castro@dlapiper.com

        David Daniel Hoff -dhoff@tousley.com,efile@tousley.com

26      Julie Hwang -jhwang@labaton.com,ElectronicCaseFiling@labaton.com

27      Geoffrey M Johnson - gjohnson@scott-scott.com,efile@scott-scott.com

28      Matthew B. Kaplan -mkaplan@cohenmilstein.com,efilings@cohenmilstein.com

---

*Defendants' Motion for Judgment on the Pleadings: C09-037 MJP -*
*12*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   Stellman Keehnel -stellman.keehnel@dlapiper.com,patsy.howson@dlapiper.com

2   Paul Joseph Kundtz -
        pkundtz@riddellwilliams.com,mdowns@riddellwilliams.com,mbergquam@ri
3       ddellwilliams.com

4   Joel P Laitman -jlaitman@cohenmilstein.com

5   Bruce Earl Larson -blarson@karrtuttle.com,psteinfeld@karrtuttle.com

6   Mike Liles, Jr-mliles@karrtuttle.com

    Christopher E Lometti -clometti@cohenmilstein.com
7
    John D Lowery -jlowery@riddellwilliams.com,dhammonds@riddellwilliams.com
8
    Douglas C McDermott -doug@mcdermottnewman.com,eric@mcdermottnewman.com
9
    Bradley T. Meissner -bradley.meissner@dlapiper.com
10
    Timothy Michael Moran -
11      moran@kiplinglawgroup.com,cannon@kiplinglawgroup.com

12  Walter W. Noss - wnoss@scott-scott.com,efile@scott-scott.com

13  Brian O. O'Mara -bomara@csgrr.com

14  Barry Robert Ostrager -bostrager@stblaw.com,managingclerk@stblaw.com

    Kenneth J Pfaehler -kenneth.pfaehler@snrdenton.com,nicole.reeber@snrdenton.com
15
    Daniel B Rehns -drehns@cohenmilstein.com,efilings@cohenmilstein.com
16
    Kenneth M Rehns -krehns@cohenmilstein.com
17
    Julie Goldsmith Reiser -jreiser@cohenmilstein.com
18
    Serena Richardson -srichardson@labaton.com,ElectronicCaseFiling@labaton.com
19
    Rogelio Omar Riojas -
20      omar.riojas@dlapiper.com,nina.marie@dlapiper.com,karen.hansen@dlapiper.com

21  Darren J Robbins -e_file_sd@csgrr.com

22  Tammy Roy -troy@cahill.com

23  Joshua M. Rubins -jrubins@ssbb.com,managingclerk@ssbb.com,jregan@ssbb.com

    Stephen M. Rummage -steverummage@dwt.com,jeannecadley@dwt.com
24
    Hollis Lee Salzman -hsalzman@labaton.com,ElectronicCaseFiling@labaton.com
25
    Paul Scarlato -pscarlato@labaton.com,ElectronicCaseFiling@labaton.com
26
    Arthur L Shingler -ashingler@scott-scott.com,efile@scott-scott.com
27
    Gavin Williams Skok -gskok@riddellwilliams.com,dhammonds@riddellwilliams.com
28
    Richard A Speirs -rspeirs@cohenmilstein.com

    Kim D Stephens -
        kstephens@tousley.com,wcruz@tousley.com,cbonifaci@tousley.com

    Robert D Stewart -stewart@kiplinglawgroup.com,cannon@kiplinglawgroup.com

    Janissa Ann Strabuk - jstrabuk@tousley.com,wcruz@tousley.com

---

*Defendants' Motion for Judgment on the Pleadings: C09-037 MJP - 13*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1    Steven J Toll -stoll@cohenmilstein.com,efilings@cohenmilstein.com

2    Mary Kay - Vyskocil mvyskocil@stblaw.com

3    Dennis H Walters -dwalters@karrtuttle.com,wbarker@karrtuttle.com

4    Adam Zurofsky -azurofsky@cahill.com

     DATED this 30th day of June, 2011 at Seattle, Washington.

5
                                            By    s/ Louis D. Peterson
6                                                Louis D. Peterson, WSBA #5776
7                                                1221 Second Avenue, Suite 500
                                                 Seattle WA 98101-2925
8                                                Telephone:  (206) 623-1745
                                                 Facsimile:  (206) 623-7789
9                                                Email:  ldp@hcmp.com

10   ND:  19719.002  4842-6961-9977v1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

*Defendants' Motion for Judgment on the Pleadings: C09-037 MJP - 14*     **HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789