UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION

This Document Relates to: ALL CASES

MASTER CASE NO. C09-37 MJP

ORDER ON MOTION TO SEAL

This matter comes before the Court on Defendants' motion to seal several exhibits attached to the declaration of Jee Young You. (Dkt. No. 250.) The Court has reviewed the motion and related documents, notes the lack of any response, and GRANTS in part, DENIES in part, and RESERVES RULING in part on the motion.

**Analysis**

A. Standard

Though the right of access is not absolute, "courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). Documents filed

under seal in conjunction with a motion for class certification will be kept under seal only if the party presents "compelling reasons" for preserving them under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006); Kelly v. Microsoft, Inc., No. C07-475 MJP, Dkt. No. 129 at 3-4 (W.D. Wash. Feb. 26, 2008). Defendants here bear the burden of showing "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178-79 (internal quotation marks and citations omitted).

B.    Sealing of Records

Defendants filed under seal several excerpts of deposition transcripts, as well the expert report of Christopher James. (See You Decl. Exs. G-M, O.) Defendants have largely failed to show compelling reasons to retain the excerpted deposition transcripts under seal. While there may be compelling reasons to keep the expert report under seal, Defendants have not provided sufficient specificity to permit the Court to make a ruling.

I.    Deposition Transcripts

Defendants represent that the matters discussed in the depositions are protected from disclosure by the Gramm-Leach-Bliley Act (15 U.S.C. § 6801 et seq.). Defendants' argument is not entirely persuasive, as explained below. The Act states that "each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801(a). Nonpublic information is defined as "personally identifiable financial information--(i) provided by a consumer to a financial institution; (ii) resulting from any transaction with the consumer or any service performed for the consumer; or (iii) otherwise obtained by the financial institution." 15 U.S.C. § 6809(4)(A). Examples of such information are:

(A) Information a consumer provides to you on an application to obtain a loan, credit card, or other financial product or service;
(B) Account balance information, payment history, overdraft history, and credit or debit card purchase information;
(C) The fact that an individual is or has been one of your customers or has obtained a financial product or service from you;
(D) Any information about your consumer if it is disclosed in a manner that indicates that the individual is or has been your consumer;
(E) Any information that a consumer provides to you or that you or your agent otherwise obtain in connection with collecting on, or servicing, a credit account;
(F) Any information you collect through an Internet "cookie" (an information collecting device from a web server); and
(G) Information from a consumer report.

16 C.F.R. § 313.3(o)(2)(i). The Act requires financial institutions to create procedures: "(1) to insure the security and confidentiality of customer records and information; (2) to protect against any anticipated threats or hazards to the security or integrity of such records; and (3) to protect against unauthorized access to or use of such records or information which could result in substantial harm or inconvenience to any customer." 15 U.S.C. § 6801(b).

Exhibit G does not contain any nonpublic information related to specific transactions or a consumer. Rather, it contains a discussion about how the deponent would analyze trade data in general. It does not appear to involve any nonpublic personal financial information, as that term is used in 15 U.S.C. § 6809. Defendants also state conclusorily that the deposition excerpt contains "sensitive nonpublic information about their clients' investment strategies, [and] proprietary processes used for investing bonds. . . ." (Dkt. No. 250 at 7.) This is not a sufficient statement to show a compelling reason to keep the information under seal. The Court UNSEALS this exhibit.

Exhibit H contains excerpts from the deposition of Marangal Domingo. The deposition does not contain information that appears covered by the Gramm-Leach-Bliley Act, as there is no separate financial institution involved. Rather, it contains internal information from one of

the Plaintiffs that does not involve a separate financial institution. Defendants have failed to provide sufficient support for a finding that a compelling reason to keep this material under seal exists and outweighs the public's interest in access to the Court's records. The Court UNSEALS the exhibit.

Exhibit I, excerpts of a deposition of John Van Tassel, contains information about what parameters he considered in choosing to buy certain mortgage-backed securities, and how certain investments were monitored. For the most part, this information is not specific to any customer, such that it is not covered by 15 U.S.C. § 6801. Moreover, Defendants have not put together sufficient evidence or argument to show a compelling reason to keep the materials under seal. On two pages, however, Van Tassel discusses nonpublic information specific to Chicago Police Annuity and Benefit Fund's ("PABF") that should be kept under seal as suggested by 15 U.S.C. § 6801. The Court therefore GRANTS the motion on this narrow ground and SEALS pages 49 and 63 of the Van Tassel Deposition. The remainder of the deposition shall be UNSEALED.

Exhibit J, excerpts of a deposition of Maulik Bhansali, contains details about how Bhansali and others analyzed mortgage-backed securities. It contains no trade-specific data or data related to any specific client. There is some questioning about Chicago PABF giving Wells Capital investment discretion, but this information is otherwise disclosed in the unsealed briefing. (See Dkt. No. 252.) There is no compelling reason provided to keep this information under seal. The Court UNSEALS this exhibit.

Exhibit K, excerpts from a deposition of Joanna Karger, contains testimony about how certain mortgage-backed securities involved in this litigation were analyzed. The discussion might be confidential, but it does not appear specific to any client, making 15 U.S.C. § 6801

inapplicable.  Further, there is no indication as to what compelling interest is served by keeping this information under seal.  The Court UNSEALS this exhibit.

Exhibits L and M contain information that certain boards delegate investment authority.  There is no convincing reason enunciated as to why this is sensitive information that should be kept under seal.  The Court UNSEALS both exhibits.

The Court directs Defendants to refile Exhibits G through M of the You Declaration with only pages 41 and 63 of the Van Tassel deposition transcript redacted.  The Court will otherwise keep the original filing (Dkt. No. 254) of these exhibits under seal to protect the two pages from disclosure.  Defendants must file the exhibits within 5 days of entry of this order.

II.     Expert Report

Exhibit O to the You Declaration contains the expert report of Christopher James.  Like the expert report of Anne Zissu, it contains confidential information about certain buyers of securities that should likely be kept under seal.  It also contains a substantial amount of public information and other non-sensitive data that should not be kept under seal.  Unlike Plaintiffs, Defendants have failed to distinguish between what is properly sealed and what is not.  Defendants do not point to any specific portions of the roughly 150-page report that should be filed under seal and they have filed no redacted version of the report.  See Local Rule CR 5(g)(3) ("If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal.")  The Court RESERVES ruling on this portion of the motion.

Within 10 days of entry of this order, Defendants must provide pinpoint citation to those portions or pages of the James Report that should be kept under seal.  They must also provide a more thorough explanation as to why such information should be kept under seal.  Briefing shall not exceed 5 pages.  Any response by Plaintiffs is due 14 days after entry of this order.  No reply

briefs shall be filed. Defendants must also file a redacted version of the report on the docket. Upon completion of the briefing, the Court will then analyze whether the specific pages cited should be kept under seal.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 8th day of July, 2011.

Marsha J. Pechman
United States District Judge