HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates to: ALL CASES | Master Case No. 2:09-cv-00037-MJP<br><br>**REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION AND MEMORANDUM FOR LEAVE TO AMEND TO ADD JPMC AS A DEFENDANT IN THIS ACTION**<br><br>**NOTE ON MOTION CALENDAR: JULY 15, 2011** |

## I. INTRODUCTION

J.P. Morgan Chase Bank, N.A ("JPMC") has filed an opposition to Plaintiffs' motion for leave to amend to add JPMC as a Defendant or, in the alternative, to substitute JPMC as the successor-in-interest to Washington Mutual Bank ("WMB") that is far more noteworthy for what it omits than for what it actually says. Tellingly, in the opposition:

- JPMC argues that Plaintiffs' proposed amendment would be futile because Plaintiffs cannot show that WMB's Executive Vice-President David Beck controlled WaMu Capital Corp., WaMu Asset Acceptance Corp., or WaMu Mortgage Securities Corp. – but JPMC fails to mention any of the specific facts and evidence contained in the Senate Permanent Subcommittee's April 13, 2011 Report, or Beck's opening statement before the Subcommittee, or Beck's actual testimony, *all of which show that Beck controlled the other WaMu entities*.

REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION
AND MEMORANDUM FOR LEAVE TO AMEND TO
ADD JPMC AS A DEFENDANT IN THIS ACTION - 1
(NO. 2:09-CV-0037-MJP)
4898/001/245533.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

- JPMC argues that it did not assume the WMB control person liabilities when it purchased WMB from the FDIC – but the language in the Purchase & Assumption ("P&A") Agreement between JPMC and the FDIC is ambiguous and the FDIC has recently revealed that its intent in structuring the sale of WMB was to provide for a broad assumption of liability by JPMC.

- JPMC argues that Plaintiffs' proposed amendment is not timely even though Plaintiffs had no way of ascertaining the intent of the FDIC and JPMC when entering into the P&A Agreement and *did not learn the FDIC's intent in structuring the sale to JPMC until the FDIC filed its papers in the Deutsche Bank case*. The court in *Deutsche Bank* agreed that extrinsic evidence was needed to interpret the breadth of the assumption of liabilities language in the P&A Agreement.

- JPMC argues that Plaintiffs' proposed amendment would prejudice this litigation – even though *none of the Defendants in this litigation have opposed or even responded to Plaintiffs' motion for leave to amend* to add JPMC as a defendant and motion to substitute JPMC for WMB under Rule 25(c).

- JPMC argues that Plaintiffs are required to exhaust administrative remedies under FIRREA before pursuing their claims against JPMC – even though the *claims Plaintiffs are asserting here could not be resolved through the administrative process*, and, thus, exhaustion is not required.

In sum, JPMC has provided no valid basis for denying Plaintiffs' motion for leave to amend or for denying their motion to substitute JPMC as the successor-in-interest to WMB under Rule 25(c). Accordingly, Plaintiffs' motion should be granted in its entirety.

## II. ARGUMENT

### A. Plaintiffs' Proposed Amendment Is Not Futile

JPMC argues in its opposition that Plaintiffs' proposed amendment is futile because Plaintiffs have not pled a plausible claim against JPMC under the Securities Act. JPMC's argument has two parts: first, JPMC argues that Plaintiffs have not sufficiently alleged a "control person" claim under Section 15 of the Securities Act against WMB; and, second, JPMC argues that Plaintiffs have not sufficiently alleged that JPMC assumed the WMB control person claims when JPMC acquired WMB from the FDIC on September 25, 2008. JPMC is wrong on both accounts.

REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION AND MEMORANDUM FOR LEAVE TO AMEND TO ADD JPMC AS A DEFENDANT IN THIS ACTION - 2
(NO. 2:09-CV-0037-MJP)
4898/001/245533.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1.   David Beck Had Complete Control Over WaMu Capital Corp., WaMu Asset Acceptance Corp., and WaMu Mortgage Securities Corp. in His Capacity as Head of WaMu's Capital Markets Organization

Plaintiffs can easily establish that WMB Executive Vice-President David Beck controlled WaMu Capital Corp., WaMu Asset Acceptance Corp and WaMu Mortgage Securities Corp. in his capacity as head of WMB's capital markets organization. Indeed, Beck's control over WaMu Capital Corp. (the entity that acted as the underwriter on all of WMB's securitization deals) as well as WaMu Asset Acceptance Corp. and WaMu Mortgage Securities Corp. (the entities that purchased the mortgage loans from WMB and sold them to the trusts for the WaMu Pass-Through Certificates) has been incredibly well-documented.

For instance, in Beck's opening statement to the Senate Subcommittee on Permanent Investigations, which has been investigating WaMu for almost two years, Beck stated:

> I understand that the Subcommittee is interested in various topics related to *my work in WaMu's capital markets organization* and to *my role and responsibilities with respect to three WaMu subsidiaries: WaMu Capital Corp., which is called "WCC"; WaMu Asset Acceptance Corp., which was called "WAAC"; and Washington Mutual Mortgage Securities Corp., which was called "WMMSC" (pronounced "WIM-zic"). . . .* Like most other banks that originated mortgage loans, WaMu originated substantially more loans than it could keep on its balance sheet for investment purposes. And so WaMu's capital markets organization managed WaMu's overall strategy for selling mortgage loans that WaMu did not retain on its books. *During the time that I was head of capital markets for WaMu, people who reported to me were responsible for overseeing the entities that purchased and held loans that were to be sold into the secondary markets (WMMSC and WAAC, depending on the time period).* WMMSC and WAAC purchased loans from WaMu, and from other mortgage originators, and held the loans until they were sold into the secondary market. WCC was a registered broker dealer and acted as an underwriter of securitization deals for a period of time beginning in 2004 and ending in the middle of 2007.

Opening Statement of David Beck (attached as Exhibit A to the Supplemental Declaration of Geoffrey M. Johnson in Support of Lead Plaintiffs' Motion for Leave to Amend to Add JPMC as a Defendant or, in the Alternative, Vacate the WMB Dismissal Order and Substitute JPMC ("Johnson Supp. Decl.")), at 1 (emphasis added).

Beck made similar admissions when testifying before the Senate Subcommittee:

REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION
AND MEMORANDUM FOR LEAVE TO AMEND TO
ADD JPMC AS A DEFENDANT IN THIS ACTION - 3
(NO. 2:09-CV-0037-MJP)
4898/001/245533.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

> *In early 2005, I received responsibility for the capital markets organization* in Washington Mutual's Home Loans Group . . . . *I will use these brief remarks to highlight a few aspects of WaMu's capital markets organization. WaMu Capital Corp. acted as an underwriter of securitization transactions generally involving Washington Mutual Mortgage Securities Corp. or WaMu Asset Acceptance Corp.  Generally, one of these two entities would sell loans into a securitization trust* in exchange for securities backed by the loans in question, and WaMu Capital Corp. would then underwrite the securities consistent with industry standards.  As an underwriter, WaMu Capital Corp. sold mortgage-backed securities to a wide variety of institutional investors . . . . Because WaMu's capital markets organization was engaged in the secondary mortgage market, it had ready access to information regarding how the market priced loan products.  Therefore, *my team* helped determine the initial prices at which WaMu could offer loans by beginning with the applicable market prices for private or agency-backed mortgage securities and adding the various costs WaMu incurred in the origination, sale, and servicing of home loans.

David Beck Testimony (attached as Exhibit B to the Johnson Supp. Decl.), at 38, 39 of 91 (emphasis added); *see also id.*, at 42 of 91 ("Senator Coburn: Alright, *Mr. Beck, were you made aware ever during your time at WMCC [WaMu Capital Corp.] that the loans underlying WaMu Securities were having problems?  Mr. Beck: I knew that we had underwriting problems, yes*.") (emphasis added); *id*, at 47 of 91 ("Senator Levin: Purchasers of these securities are relying on you as an underwriter to provide truthful information.  You had evidence of the fraud.  You knew of it.  You had heard of it.  And yet you did not check to see whether or not the fraud-tainted mortgages were removed from the security.  Wasn't that your job or part of your job?  Mr. Beck: I understood that there was fraud.").

Similarly, the Report that the Senate Subcommittee prepared on April 13, 2011 – which Plaintiffs have referenced in their Proposed Amended Complaint – contains numerous emails and other documents to and from David Beck showing that he had total and complete control over WaMu Capital Corp., WaMu Asset Acceptance Corp. and WaMu Mortgage Securities Corp., and was intimately involved in running those aspects of WaMu's business, in his capacity as head of WaMu's capital markets organization.  *See, e.g.,* Senate Report (attached as Exhibit C to the Johnson Supp. Decl.), at 122-25 (discussing David Beck's

REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION
AND MEMORANDUM FOR LEAVE TO AMEND TO
ADD JPMC AS A DEFENDANT IN THIS ACTION - 4
(NO. 2:09-CV-0037-MJP)
4898/001/245533.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

leadership role in the "Deficient Securitization Practices" of WaMu Capital Corp., WaMu Asset Acceptance Corp. and WaMu Mortgage Securities Corp.); *id.,* at 125-36 (discussing David Beck's leadership role in WaMu Capital Corp.'s "Securitizing Delinquency-Prone Loans"). In sum, the Senate Report shows definitively that WaMu Capital Corp., WaMu Asset Acceptance Corp. and WaMu Mortgage Securities Corp. all were run on a day-to-day basis by David Beck and "his team" in WMB's capital markets organization.[1]

### 2. JPMC Assumed The WMB Control Person Liabilities

JPMC goes on to argue that amendment is futile because JPMC did not assume WMB's control person liabilities when it purchased the assets and liabilities of WMB. As described in Plaintiffs' moving papers, this argument fails because the P&A Agreement uses general but broad language with respect to JPMC's assumption of WMB's liabilities, and does not explicitly carve out the WMB control person claims from those that JPMC assumed when it purchased WMB from the FDIC. The P&A Agreement is ambiguous on this point and its interpretation turns on the intent of the parties when entering into the contract. Thus, the question of whether the P&A Agreement transferred WMB's control person liabilities to JPMC cannot be decided on the pleadings alone, and amendment is not futile.

**B.  Plaintiffs' Proposed Amendment Is Timely**

JPMC also argues that Plaintiffs' proposed amendment is untimely because Deutsche Bank filed its case against the FDIC and JPMC on August 26, 2009 and, from the outset of that litigation, alleged that "based on the Purchase and Assumption Agreement, and on information and belief, the Trustee believes that JPMC has assumed the [WMB] liabilities." This argument ignores the main point in Plaintiffs' motion for leave to amend. The language in the P&A Agreement describing the breadth of the liabilities transferred to JPMC is unclear

---

[1] This Court may take judicial notice of documents that are referenced in a complaint. *United States v. Richie,* 342 F.3d 903, 908-09 (9th Cir. 2003). In addition, the Court may take judicial notice of David Beck's opening statement, his testimony and the Senate Subcommittee report under Fed. R. Evid. 201. Furthermore, to the extent that Plaintiffs are seeking leave to amend, the Court should allow them to include the facts and testimony from the Senate's report, David Beck's opening statement and his testimony in their Proposed Amended Complaint under Fed. R. Civ. P. 15(a).

REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION AND MEMORANDUM FOR LEAVE TO AMEND TO ADD JPMC AS A DEFENDANT IN THIS ACTION - 5
(NO. 2:09-CV-0037-MJP)
4898/001/245533.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

and therefore turns on the intent of the parties – *i.e.,* the FDIC and JPMC – when they entered into the agreement. Although JPMC accuses Plaintiffs of acting tactically by failing to challenge the FDIC's motion to substitute itself as the successor of WMB, JPMC offers absolutely nothing to support this nonsensical conclusion.[2] Here Plaintiffs were faced with an ambiguous contract and the representations of the FDIC, the arm of the U.S. Government that had devised the WMB sale transaction, with respect to which party had succeeded to WMB's obligations for securities laws violations. Under these circumstances it is hardly surprising and not unreasonable that Plaintiffs accepted the FDIC's position at face value.

By contrast, Deutsche Bank was not a party to the negotiations of the P&A Agreement, and, thus, the fact that Deutsche Bank was asserting a belief that JPMC might be on the hook for the WaMu liabilities (though it was not so certain as to sue JPMC in the first instance) told Plaintiffs nothing about the actual intent of the parties at the time of the WMB seizure and sale to JPMC. It was not until the FDIC filed its motion to dismiss -- and particularly its Surreply on March 7, 2011 -- that Plaintiffs learned that the FDIC had consciously chosen a structure for the sale of WMB that differed from other bank seizures, and that here the seemingly broad but vague assumption of liabilities contract language was intended to capture liabilities that went far beyond those incurred to depositors or arising in other routine banking business. That was the key disclosure that alerted Plaintiffs that they had viable claims against JPMC. Until the FDIC provided the window into its intent and negotiations with JPMC at the time of the seizure and sale, Plaintiffs in this case had no basis to second-guess the FDIC's earlier portrayal of its role as successor to WMB's liabilities for securities violations.

---

[2] By the same token JPMC's "judicial estoppel" argument is meritless. "Judicial estoppel . . . precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Local 343,* 94 F.3d 597, 600 (9th Cir. 1996). JPMC has identified no "unfair advantage" enjoyed by Plaintiffs from its failure to oppose the FDIC's substitution motion. *See, e.g., Hartford Fire Ins. Co. v. Leahy,* -- F.Supp.2d --, 2011 WL 813458, at *9 (W.D. Wash. Mar. 1, 2011). Obviously, it is Plaintiffs who have most significantly suffered from the delay in prosecuting the securities claims against JPMC generated by the FDIC's actions.

REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION
AND MEMORANDUM FOR LEAVE TO AMEND TO
ADD JPMC AS A DEFENDANT IN THIS ACTION - 6
(NO. 2:09-CV-0037-MJP)
4898/001/245533.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1   Moreover, as is more fully described in Plaintiffs' moving papers, even if Plaintiffs'
2   proposed amendment were untimely (and it is not), untimeliness alone is not a valid basis for
3   denying a motion for leave to amend. *See, e.g., DCD Programs, Ltd. v. Leighton,* 833 F.2d
4   183, 186 (9th Cir. 1987) ("[D]elay alone no matter how lengthy is an insufficient ground for
5   denial of leave to amend.")

6   **C.   Plaintiffs' Proposed Amendment Would Not Prejudice The Litigation**

7   JPMC goes on to argue that Plaintiffs' proposed amendment would prejudice the
8   litigation. JPMC makes this argument even though ***none*** of Defendants have opposed
9   Plaintiffs' motion to amend. Indeed, responses to Plaintiffs' motion for leave to amend were
10  due on July 11, 2011. None of the parties to this litigation filed a response. Instead, the only
11  filing on July 11, 2011 came from JPMC, in the form of its motion to intervene for the
12  purposes of opposing Plaintiffs' motion to amend. For the reasons described in Plaintiffs'
13  moving papers, and as the silence of the Defendants to this motion tacitly admits, no
14  prejudice will be imposed by adding JPMC as a party to this litigation at this juncture.

15  **D.   Plaintiffs Need Not Exhaust Administrative Remedies to Sue JPMC**

16  Finally, JPMC argues that amendment should not be allowed because Plaintiffs have
17  failed to exhaust their claim through the FIRREA administrative process. Here, the recent
18  opinion in *American Nat'l Ins. Co. v. FDIC,* -- F.3d --, 2011 WL 2506043 (D.C. Cir. June 24,
19  2011) is directly on point. There, a group of bondholders sued JPMC for tortious
20  interference with a contract and unjust enrichment for JPMC's alleged misconduct when
21  acquiring the assets and liabilities of WMB from the FDIC. The FDIC intervened in the
22  action and – along with JPMC – argued that the bondholders were required to exhaust their
23  administrative remedies under FIRREA before pursuing the claims against JPMC. The
24  district court agreed and dismissed the bondholder's claims.

25  On appeal, the D.C. Circuit reversed. Chief Judge David Sentelle, writing for the full
26  panel, explained that FIRREA's exhaustion requirement applies "only to claims that are

27  
REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION
AND MEMORANDUM FOR LEAVE TO AMEND TO
ADD JPMC AS A DEFENDANT IN THIS ACTION - 7
(NO. 2:09-CV-0037-MJP)
4898/001/245533.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

resolvable through the FIRREA administrative process." *Id.* at *4. Claims resolvable through the administrative process include those "where either the failed depository institution or the FDIC-as-receiver might be held legally responsible to pay or otherwise resolve the asserted claim." *Id.* at *6. The Court went on to explain: "Where, as here, neither the failed depository institution nor the FDIC-as-receiver bears any legal responsibility for claimant's injuries, the claims process offers only a pointless bureaucratic exercise. And we doubt Congress intended to force claimants into a process incapable of resolving their claims." *Id.* at *6 (internal citation omitted). That is true of this case.[3]

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend should be granted.

Dated: July 15, 2011                             Respectfully submitted,

**TOUSLEY BRAIN STEPHENS PLLC**

By: /s/ Janissa A. Strabuk
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com
         jstrabuk@tousley.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

---

[3] The cases that JPMC cites in its opposition are not on point because they involve liabilities that were unquestionably carved out from the P&A and remained with WMB. *See, e.g., In re Shirk,* 437 B.R. 592, 597 (Bankr. S.D. Ohio 2010) (claims asserted by mortgage borrowers for violations of the Truth in Lending Act, which are explicitly carved out of P&A under Section 2.5, which carves out all "Borrower Claims); *Rockwell v. Chase Bank,* No. 10-1602, 2011 WL 2292353, at *3-4 (W.D. Wash. June 7, 2011) (claims by credit card borrowers for Truth in Lending Act violations that were explicitly carved out from the P&A in Section 2.5). There is no similar language in the P&A carving out the WMB control person claims, and, thus, these liabilities were assumed by JPMC when it purchased WMB from the FDIC.

REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION
AND MEMORANDUM FOR LEAVE TO AMEND TO
ADD JPMC AS A DEFENDANT IN THIS ACTION - 8
(NO. 2:09-CV-0037-MJP)
4898/001/245533.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

**SCOTT+SCOTT LLP**
David R. Scott (admitted *pro hac vice*)
156 South Main Street
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
Email: dscott@scott-scott.com

Beth A. Kaswan (admitted *pro hac vice*)
Joseph P. Guglielmo (admitted *pro hac vice*)
500 Fifth Avenue, 40th Floor
New York, New York 10110
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
Email: jguglielmo@scott-scott.com
        bkaswan@scott-scott.com

Geoffrey M. Johnson (admitted *pro hac vice*)
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone: (216) 229-6088
Facsimile: (216) 229-6092
Email: gjohnson@scott-scott.com

**COHEN MILSTEIN SELLERS &
TOLL PLLC**
Steven J. Toll
Julie Goldsmith Reiser
Joshua S. Devore (admitted pro hac vice)
Matthew B. Kaplan (admitted pro hac vice)
S. Douglas Bunch (admitted pro hac vice)
1100 New York Avenue, NW
Suite 500 West
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
        jreiser@cohenmilstein.com
        jdevore@cohenmilstein.com
        mkaplan@cohenmilstein.com
        dbunch@cohenmilstein.com

Joel P. Laitman (admitted pro hac vice)
Christopher Lometti (admitted pro hac vice)
Daniel B. Rehns (admitted pro hac vice)
88 Pine Street

REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION
AND MEMORANDUM FOR LEAVE TO AMEND TO
ADD JPMC AS A DEFENDANT IN THIS ACTION - 9
(NO. 2:09-CV-0037-MJP)
4898/001/245533.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

|   |   |
|---|---|
| 1 | 14th Floor |
| 2 | New York, NY 10005 |
|   | Telephone: (212) 838-7797 |
| 3 | Facsimile: (212) 838-7745 |
|   | Email: jlaitman@cohenmilstein.com |
| 4 | clometti@cohenmilstein.com |
|   | drehns@cohenmilstein.com |

*Lead Counsel for the Proposed Class*

| | |
|---|---|
| REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION AND MEMORANDUM FOR LEAVE TO AMEND TO ADD JPMC AS A DEFENDANT IN THIS ACTION - 10 (NO. 2:09-CV-0037-MJP)<br>4898/001/245533.1 | **TOUSLEY BRAIN STEPHENS PLLC**<br>1700 Seventh Avenue, Suite 2200<br>Seattle, Washington 98101-1332<br>TEL. 206.682.5600 • FAX 206.682.2992 |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record and additional persons listed below:

**2:09-cv-00037-MJP Notice has been electronically mailed to:**

Adam Zurofsky     azurofsky@cahill.com

Arthur L Shingler     ashingler@scott-scott.com, efile@scott-scott.com

Barry Robert Ostrager     bostrager@stblaw.com, managingclerk@stblaw.com

Bradley T. Meissner     bradley.meissner@dlapiper.com

Brian C Free     bcf@hcmp.com, gcp@hcmp.com

Brian O. O'Mara     bomara@csgrr.com

Bruce Earl Larson     blarson@karrtuttle.com, psteinfeld@karrtuttle.com

Christopher E Lometti     clometti@cohenmilstein.com

Corey E Delaney     corey.delaney@dlapiper.com, kerry.cunningham@dlapiper.com, patrick.smith@dlapiper.com, richard.hans@dlapiper.com

Daniel B Rehns     drehns@cohenmilstein.com, efilings@cohenmilstein.com

Darren J Robbins     e_file_sd@csgrr.com

David Daniel Hoff     dhoff@tousley.com, efile@tousley.com

David M Balabanian     david.balabanian@bingham.com

Dennis H Walters     dwalters@karrtuttle.com, wbarker@karrtuttle.com

Douglas C McDermott     doug@mcdermottnewman.com, eric@mcdermottnewman.com

Floyd Abrams     fabrams@cahill.com

Frank Busch     frank.busch@bingham.com, frank.downing@bingham.com

REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION AND MEMORANDUM FOR LEAVE TO AMEND TO ADD JPMC AS A DEFENDANT IN THIS ACTION - 11
(NO. 2:09-CV-0037-MJP)
4898/001/245533.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | Gavin Williams Skok    gskok@riddellwilliams.com, lmoore@riddellwilliams.com |
| 2 | Geoffrey M Johnson    gjohnson@scott-scott.com, efile@scott-scott.com |
| 3 | Hal D Cunningham    hcunningham@scott-scott.com, efile@scott-scott.com, halcunningham@gmail.com |
| 4 | |
| 5 | Hollis Lee Salzman (Terminated)    hsalzman@labaton.com, ElectronicCaseFiling@labaton.com |
| 6 | |
| 7 | James J. Coster    jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com |
| 8 | Janissa Ann Strabuk    jstrabuk@tousley.com, wcruz@tousley.com |
| 9 | Jee Young You    jeeyoung.you@bingham.com |
| 10 | Joel P Laitman    jlaitman@cohenmilstein.com |
| 11 | John D Lowery    jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com |
| 12 | John D Pernick    john.pernick@bingham.com |
| 13 | Jonathan Gardner    jgardner@labaton.com |
| 14 | |
| 15 | Joseph P Guglielmo    jguglielmo@scott-scott.com, efile@scott-scott.com |
| 16 | Joseph A. Fonti (Terminated)    jfonti@labaton.com, ElectronicCaseFiling@labaton.com |
| 17 | Joshua M. Rubins    jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com |
| 18 | Joshua S. Devore    jdevore@cohenmilstein.com, efilings@cohenmilstein.com |
| 19 | Julie Goldsmith Reiser    jreiser@cohenmilstein.com |
| 20 | Julie Hwang (Terminated)    jhwang@labaton.com, ElectronicCaseFiling@labaton.com |
| 21 | Kenneth J Pfaehler    kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com |
| 22 | |
| 23 | Kenneth M Rehns    krehns@cohenmilstein.com |
| 24 | Kerry F Cunningham    kerry.cunningham@dlapiper.com |
| 25 | Kevin P Chavous    kchavous@sonnenschein.com |
| 26 | Kim D Stephens    kstephens@tousley.com, cbonifaci@tousley.com, wcruz@tousley.com |
| 27 | |

REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION
AND MEMORANDUM FOR LEAVE TO AMEND TO
ADD JPMC AS A DEFENDANT IN THIS ACTION - 12
(NO. 2:09-CV-0037-MJP)
4898/001/245533.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | Larry Steven Gangnes    gangnesl@lanepowell.com, docketing-sea@lanepowell.com, donnellyjossm@lanepowell.com, sebringl@lanepowell.com |
| 2 | |
| 3 | Leslie D Davis    ldavis@sonnenschein.com |
| 4 | Louis David Peterson    ldp@hcmp.com, smp@hcmp.com |
| 5 | Mary Kay Vyskocil    mvyskocil@stblaw.com |
| 6 | Matthew B. Kaplan    mkaplan@cohenmilstein.com, efilings@cohenmilstein.com |
| 7 | Michael H. Barr    mbarr@sonnenschein.com |
| 8 | Mike Liles , Jr    mliles@karrtuttle.com |
| 9 | Nancy A Pacharzina (Terminated)    npacharzina@tousley.com, mhottman@tousley.com |
| 10 | Paul Scarlato    pscarlato@labaton.com, ElectronicCaseFiling@labaton.com |
| 11 | Paul Joseph Kundtz    pkundtz@riddellwilliams.com, mbergquam@riddellwilliams.com, mdowns@riddellwilliams.com |
| 12 | |
| 13 | Richard A Speirs    rspeirs@cohenmilstein.com |
| 14 | Richard F Hans    richard.hans@dlapiper.com, dorinda.castro@dlapiper.com |
| 15 | Robert D Stewart    stewart@kiplinglawgroup.com |
| 16 | Rogelio Omar Riojas    omar.riojas@dlapiper.com, karen.hansen@dlapiper.com, nina.marie@dlapiper.com |
| 17 | |
| 18 | S Douglas Bunch    dbunch@cohenmilstein.com |
| 19 | Serena Richardson (Terminated)    srichardson@labaton.com, ElectronicCaseFiling@labaton.com |
| 20 | |
| 21 | Stellman Keehnel    stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com |
| 22 | Stephen M. Rummage    steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com |
| 23 | |
| 24 | Steve W. Berman    steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com |
| 25 | Steven J Toll    stoll@cohenmilstein.com, efilings@cohenmilstein.com |
| 26 | Steven P Caplow    stevencaplow@dwt.com, jasonSchattenkerk@dwt.com, |
| 27 | |

REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION
AND MEMORANDUM FOR LEAVE TO AMEND TO
ADD JPMC AS A DEFENDANT IN THIS ACTION - 13
(NO. 2:09-CV-0037-MJP)
4898/001/245533.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com |
| 2 | Steven W Fogg    sfogg@corrcronin.com, hpowell@corrcronin.com, reception@corrcronin.com |
| 3 | |
| 4 | Susan L Hoffman    susan.hoffman@bingham.com |
| 5 | Tammy Roy    troy@cahill.com |
| 6 | Theo J. Robins    theo.robins@bingham.com |
| 7 | Timothy Michael Moran    moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com |
| 8 | Walter Eugene Barton    gbarton@karrtuttle.com, danderson@karrtuttle.com, |
| 9 | nrandall@karrtuttle.com |
| 10 | Walter W. Noss    wnoss@scott-scott.com, efile@scott-scott.com |
| 11 | **2:09-cv-00037-MJP Notice will not be electronically mailed to:** |
| 12 | WaMu Officer Defendants Securities MDL |

By: /s/ Janissa A. Strabuk
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com
       jstrabuk@tousley.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION
AND MEMORANDUM FOR LEAVE TO AMEND TO
ADD JPMC AS A DEFENDANT IN THIS ACTION - 14
(NO. 2:09-CV-0037-MJP)
4898/001/245533.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992