The Honorable Marsha J. Pechman

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10

11

12

13

| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION,<br><br>This Document Relates to:  ALL CASES | Master Case No. C09-037 MJP<br><br>[Consolidated with: Case Nos. CV09-0134 MJP, CV09-0137 MJP, and CV09-01557 MJP]<br><br>**DEFENDANTS' MOTION TO COMPEL DOCUMENTS FROM BOILERMAKERS NATIONAL ANNUITY TRUST**<br><br>**NOTE ON MOTION CALENDAR: AUGUST 12, 2011** |
| --- | --- |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Defendants' Motion to Compel Documents from Boilermakers National Annuity Trust (CV09-037 MJP) - 1*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

2

## I.    INTRODUCTION

3

Defendants WaMu Asset Acceptance Corporation, WaMu Capital Corporation, David

4

Beck, Diane Novak, Richard Careaga and Rolland Jurgens (collectively, "Defendants") have

5

6

propounded 43 separate requests for the production of documents to Lead Plaintiff Boilermakers

7

National Annuity Trust Fund ("Boilermakers"). In response to those requests, Boilermakers has

8

produced exactly *eleven documents*. It simply is not credible that Boilermakers has only eleven

9

responsive documents in its possession, custody or control. Indeed, productions received from

10

third-parties, the testimony of Boilermakers' own 30(b)(6) witness and Boilermakers'

11

12

representations during numerous meet-and-confers prove that Boilermakers has additional

13

responsive documents that should be produced.

14

*First*, Boilermakers has produced only one document reflecting communications with its

15

16

investment advisors. But those very investment advisors produced several additional responsive

17

documents that indisputably were sent to Boilermakers. Boilermakers does not even deny that it

18

has additional responsive documents on this topic; instead, it refuses to produce such documents

19

on the ground that they are "cumulative" of two account summaries that Boilermakers did

20

produce. But those "account summaries" are *not* reports from Boilermakers' investment advisors,

21

22

making Boilermakers "cumulative" argument nonsensical.

23

*Second*, Boilermakers has produced *only one email and no electronic documents*, despite

24

30(b)(6) deposition testimony confirming that, when Boilermakers searched its electronic archives

25

for responsive materials (using search terms chosen by its counsel to capture responsive

26

documents), it uncovered a "large file of data", including email.

27

*Third*, Boilermakers has refused to produce documents relevant to issues of valuation and

28

damages until it offers expert testimony on those issues. But Boilermakers' choice to wait until

---

*Defendants' Motion to Compel Documents from*
*Boilermakers National Annuity Trust*
*(CV09-037 MJP) - 1*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

expert discovery to take a position regarding it claimed damages does not relieve it of its discovery obligations with respect to those issues now.

## II.   FACTUAL BACKGROUND

### A.   DEFENDANTS' DOCUMENT REQUESTS AND BOILERMAKERS' DOCUMENT PRODUCTION.

On November 22 and December 27, 2010, Defendants served 43 separate requests for production of documents on Boilermakers (the "Requests"). Those Requests seek information and documents on the following subjects, among others:  (i) Boilermakers' and its investment advisors' knowledge of underwriting and origination practices for the residential mortgage-backed securities ("RMBS") at issue (the "Securities"); and (ii) the value of those Securities. The Requests and Boilermakers' responses are provided in Appendix A to this Motion. Specifically, Requests 9, 10 and 30 seek documents concerning Boilermakers' knowledge of the underwriting standards of the originators involved in the offerings at issue. Requests 13 and 14 seek documents relating to the RMBS in Boilermakers' portfolio, including when it made its purchases and how the RMBS performed. Requests 4, 8, 38 and 43 seek internal and external communications concerning Boilermakers' purchases of the Securities, including its communications with the third parties that it alleges performed its investment analysis, research and due diligence. Request 19 seeks information regarding Boilermakers' valuation of the Securities and alleged damages.

In response to the Requests, Boilermakers has produced *eleven documents*:  two redacted account summaries from the custodian bank; two investment policy statements (dated June 2006 and June 2008); two contracts with Boilermakers' investment consultant, Callan Associates, Inc. ("Callan"); Boilermakers' investment guidelines for one of Boilermakers' fixed income investment managers, McMorgan & Company ("McMorgan"); three pieces of correspondence

*Defendants' Motion to Compel Documents from*
*Boilermakers National Annuity Trust*
*(CV09-037 MJP) - 2*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

(including one email); and board minutes from a meeting of the board of trustees of Boilermakers. (Declaration of Jee Young You In Supp. of Defs.' Mot. to Compel ("You Decl.") at ¶ 5.) Boilermakers produced *no* documents concerning: (i) its decision to invest in the Securities in February 2007 and February 2008; (ii) its or its investment managers' valuation of the Securities and/or similar RMBS; or (iii) its knowledge of the origination and underwriting practices for the loans backing the Securities. (*Id.*)

In its initial production, Boilermakers produced only *seven* documents, and so, on March 4, 2011, Defendants wrote to complain about Boilermakers' inadequate production, including its failure to provide *any* electronic communications or to produce documents even for certain requests to which Boilermakers indicated it would respond. (*See* Letter from John Pernick (March 4, 2011), Ex. A.)[1] On March 14, 2011, Boilermakers supplemented its initial production with three additional documents, and declared that its production was "substantially complete."[2] (*See* Letter from Christopher Lometti (Mar. 14, 2011), Ex. B at ¶¶ 1, 2, 4, 5, 8, 9 and 10.)

On March 21, 2011, the parties met and conferred by phone regarding the continued deficiencies in Boilermakers' production. (*See* You Decl. at ¶ 6.) Defendants again requested documents regarding Boilermakers' or its investment advisors' knowledge of underwriting and origination practices, different valuation methodologies and other information related to damages. (*Id.*) Boilermakers reiterated that apart from the three Requests to which it objected (and which are not at issue in this motion), Boilermakers had searched for and produced all relevant documents in its possession, custody or control. (*Id.*) In particular, both in the March 14 letter and during the March 21 teleconference, Boilermakers represented that (i) counsel had used

---

[1] References to "Ex __" are to the exhibits attached to the You Declaration.

[2] On April 29, 2011, Plaintiffs further supplemented the production with redacted minutes of the Boilermakers' September 7, 2008, board of directors meeting. (You Decl. at ¶ 4.)

*Defendants' Motion to Compel Documents from*
*Boilermakers National Annuity Trust*
*(CV09-037 MJP) - 3*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

reasonable means to search for documents, including conducting searches of electronic files using a "broad range of search terms"; (ii) documents were produced in the form "ordinarily maintained" by Boilermakers in the normal course of business; and (iii) no responsive documents were withheld. (*Id* at ¶ 7.) Due to those representations, Defendants did not move to compel further production at that time.

**B.     THIRD PARTY PRODUCTIONS AND THE 30(b)(6) DEPOSITION OF BOILERMAKERS REVEALS SIGNIFICANT GAPS IN BOILERMAKERS' PRODUCTION.**

Defendants received third party productions from Callan on April 4, 2011, and from McMorgan on May 26 and 27, 2011. (You Decl. at ¶ 8.) Both produced relevant, responsive documents of the sort that one would reasonably expect to have been in Boilermakers' possession but that, for some reason, Boilermakers did not produce. Specifically, the third party productions contained emails to and from Boilermakers regarding its investments in the Securities, including an email regarding the performance of Boilermakers' fixed income portfolio, as well as numerous monthly and quarterly reports (although seemingly not complete sets) from both investment advisors to Boilermakers. (*Id.*) The emails and reports contained information relevant and responsive to the Requests, including the Securities' ratings, allocation of Boilermakers' investment in RMBS, investment strategies, the purchase and disposition of the Securities and information about market conditions. (*Id.*) And, from the face of the documents, it is clear they were sent to Boilermakers (and, thus, should be in Boilermakers' files).

At the Rule 30(b)(6) deposition of Boilermakers' Chief Investment Officer, Mario Rodriguez, held on April 26, 2011, Mr. Rodriguez testified that: (i) Boilermakers' counsel provided him with a list of documents to produce as well as a list of search terms (Rodriguez Tr. 84:5-85:5, Ex. E); (ii) the search terms were used to search for electronically stored information

*Defendants' Motion to Compel Documents from Boilermakers National Annuity Trust (CV09-037 MJP) - 4*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

*(id* ); (iii) Boilermakers' archives— where all electronic documents at Boilermakers are stored after six or ten months and are "maintained forever"—were searched (*id* 88:2-88:19); ***and (iv) the results of the search yielded "a large file of data," including email documents*** (*id* 134:25-135:11). He also testified that Boilermakers was in possession of various reports from Callan and McMorgan (*id.* 37:6-12; 61:16-62:14; 67:25-68:13; 70:24-72:4; 79:18-80:10), ***and that there was no reason those reports would not have been produced*** (*id* 87:5-14).

### C.  THE PARTIES CONFER REGARDING DISCOVERY BUT DO NOT REACH ANY RESOLUTION.

On April 29, 2011, the parties again met and conferred. (You Decl. at ¶ 9.) During that teleconference, Boilermakers abandoned its prior position that it had produced all responsive documents and, instead, refused to produce the investment advisors' reports on the basis that they were "cumulative" of the two redacted custodian bank reports already produced. (*Id* at ¶ 9.) Boilermakers did indicate that it would investigate whether it had any additional responsive documents but, by May 26, 2011, Boilermakers had failed to inform Defendants that a supplemental production would be forthcoming. (*Id* at ¶¶ 9-10.) Defendants sent another letter requesting the production of the reports, and any emails and electronic documents that were missing from the production. (*See* Letter from John Pernick (May 27, 2011), Ex. C.)

On June 2, 2011, Boilermakers reiterated its position that the Callan and McMorgan reports were "cumulative of the custodian bank reports that have already been produced" and that because the reports were already produced by Callan and McMorgan, it would not produce any such reports. (*See* Letter from Christopher Lometti (June 2, 2011), Ex. D.) Boilermakers also responded that emails regarding the Securities had been produced. (*Id.*) But, to the contrary, Boilermakers has produced only one email in this case, which dealt with the hiring of

*Defendants' Motion to Compel Documents from Boilermakers National Annuity Trust (CV09-037 MJP) - 5*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

its lawyers (and had nothing to do with the Securities). Boilermakers never responded to

Defendants' more general request for all responsive electronic documents and communications.

(*See* Ex. C at 2; Ex. D at ¶ 6.) The parties are at an impasse.

## II.   ARGUMENT

### A.   THE DOCUMENTS SOUGHT ARE NECESSARY FOR THE DEFENSE OF THIS ACTION AND BOILERMAKERS' PRODUCTION IS WOEFULLY INADEQUATE.

The Requests seek documents regarding (i) Boilermakers' knowledge of underwriting

practices at issue in this action (which relate to Defendants' statutory defense of knowledge as

provided by Section 11); and (ii) Boilermakers' alleged damages, if any. Boilermakers has never

contested that such documents are responsive—nor could it. It is well established that

documents that bear on a party's defenses or on the calculation of damages are relevant and,

therefore, proper subjects of discovery. *See, e g , Green v. Seattle Art Museum*, No. C07-58,

2008 WL 624961, at *6 (W.D. Wash. Feb. 8, 2008) (Pechman, J.); *see also City of Seattle v.*

*Prof'l Basketball Club, LLC*, No. C07-1620, 2008 WL 539809, at *2 (W.D. Wash. Feb. 25,

2008) (Pechman, J.).

Instead, Boilermakers initially represented to Defendants that it ***had produced*** all

responsive documents within its possession, custody or control. That is demonstrably false.

Callan and McMorgan each produced responsive documents sent to Boilermakers in the ordinary

course of business. Boilermakers has refused to produce those same documents (and others like

them) from its own files. Similarly, Boilermakers' CIO testified that Boilermakers found "a large

file of data" in its electronic archives using search terms designed by counsel to uncover

responsive documents (Rodriguez Tr. 134:25-135:11), but none of those documents were

*Defendants' Motion to Compel Documents from*
*Boilermakers National Annuity Trust*
*(CV09-037 MJP) - 6*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

produced. Boilermakers apparently now concedes that it has additional responsive documents in its possession, but still refuses to produce them.

Boilermakers' position "suggest[s] a less than diligent, thorough review of and search for responsive documents". *Woods v. Kraft Foods, Inc.*, No. CV F 05-1587, 2006 WL 2724096, at *7 (E.D. Cal. 2006). Indeed, Boilermakers' failure to produce documents that indisputably should exist within its own files suggests fundamental problems with Boilermakers' production. *See, e.g., Play Visions, Inc. v. Dollar Tree Stores, Inc.*, No. C09-1769, 2011 WL 2292326, at *7 (W.D. Wash. June 8, 2011) (plaintiff "abused the discovery process" where "the record ma[d]e clear that [the plaintiff's] response to [the defendant's] first requests for production was not complete"); *cf. Nursing Home Pension Fund v. Oracle Corp.*, 254 F.R.D. 559, 565 (N.D. Cal. 2008) (sanctioning party for failure to produce emails because "having established with certainty that numerous emails were not produced from Ellison's email files—because the emails *were* produced from other files or accounts—it is impossible to know whether additional unproduced emails were also deleted or not turned over. This uncertainty about the existence of other emails is precisely the reason all of Ellison's emails should have been preserved and produced.").

### B.   THE REPORTS OF BOILERMAKERS' INVESTMENT ADVISORS ARE NOT UNREASONABLY CUMULATIVE.

Boilermakers resists producing the reports of its investment advisors on the grounds that they are "cumulative" of documents that have been produced. (*See* Ex. D at ¶¶ 1, 4.) As an initial matter, discovery may be limited on that basis only if it is "*unreasonably* cumulative or duplicative," Fed. R. Civ. P. 26(b)(2)(C) (emphasis added), and it is Boilermakers' burden to prove as much. *Balarezo v. Nth Connect Telecom, Inc.*, C 07-5243, 2008 WL 2705095, at *2 (N.D. Cal. July 8, 2008) (citing *Blakenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975));

*Defendants' Motion to Compel Documents from Boilermakers National Annuity Trust (CV09-037 MJP) - 7*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

*Ramos v. U S Bank Nat Ass'n*, CV 08-1150, 2009 WL 3854108, at *4 (D. Or. Nov. 17, 2009).

Boilermakers has made no such showing.

   *First*, the two custodian bank reports that Boilermakers did produce are ***different*** reports

prepared and provided to Boilermakers by ***different*** entities for ***different*** purposes than the

investment advisors' reports. The custodian bank reports are merely redacted account statements

with limited information regarding the WaMu Mortgage Pass Thru Certificate Series 2006-AR7,

such as the balance, debit and credit on the account. (You Decl. at ¶ 11.) In contrast, the

McMorgan reports provide descriptive information regarding responses to particular inquiries by

Boilermakers, valuations of various RMBS, investment summaries, fixed income quality ratings

and transaction activity. (*Id*) Callan's quarterly reports provide similarly descriptive information

regarding Boilermakers' monthly asset allocation report; quarterly investment measurement

report; market overview; comparison of investment manager returns to indexes; investment

manager returns and peer group rankings; portfolio-specific details (including investment-level

details); and market indicators. (*Id*) *See, e g , Deployment Med. Consultants, Inc. v. Pipes*,

08cv1959, 2011 WL 811579, at *3 (S.D. Cal. Mar. 2, 2011) (request was not unreasonably

cumulative or duplicative even though the records were "similar" to those already produced).

   *Second*, the fact that McMorgan and Callan produced ***some*** investment reports does not

obviate Boilermakers' obligation to provide ***all*** the reports in ***its*** possession. There are obvious

gaps in what the third parties produced—Defendants have received less than all of Callan's

quarterly reports from the 2007-2008 time period, none of Callan's monthly snapshot performance

reports and only a fraction of McMorgan's quarterly reports. (*See* You Decl. at ¶ 8.) Defendants

should not be forced to go back to Callan and McMorgan to fill the gaps in Boilermakers'

production. *Arista Records LLC v. Lime Group LLC*, No. 2:10-CV-02074, 2011 WL 679490, at

*Defendants' Motion to Compel Documents from*
*Boilermakers National Annuity Trust*
*(CV09-037 MJP) - 8*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

*2 (W.D. Wash. Feb. 9, 2011) (Pechman, J.); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575,

577 (N.D. Cal. 2007). Instead, Boilermakers should be compelled to produce the complete set of

whatever Callan and McMorgan reports it has in its files. *Woods,* 2006 WL 2724096, at *6 (party

must "produce all specified relevant and nonprivileged documents or other things" in its

possession, custody or control); *Carter v. Dawson*, No. 1:07-01325, 2010 WL 4483814, at *5

(E.D. Cal. Nov. 1, 2010) (same).

   *Third*, even if Callan and McMorgan had produced complete sets of the reports (and they

have not), Defendants still would be entitled to copies of the reports from Boilermakers' own files.

*Woods*, 2006 WL 2724096, at *6; *Oracle Corp.*, 254 F.R.D. at 565 ("Defendants . . . argue that

plaintiffs are not entitled to receive multiple copies of Ellison's emails. The Court disagrees. It

could have been helpful to plaintiffs to demonstrate that certain emails were discovered in

Ellison's files; otherwise, for instance, Ellison could argue that he never actually read or received

an email that was sent to him, and thus had no knowledge of its contents.").

### C.   REQUESTS FOR PRODUCTION 9, 10, 30.

   Boilermakers stated that it would produce documents responsive to Requests 9, 10 and 30,

but none of its eleven documents responds to these Requests. Requests 9, 10 and 30 seek

documents relating to Boilermakers' knowledge of "whether the underlying mortgage loans were

originated in conformity with the underwriting guidelines stated in the Offering Documents."

(*See* SAC ¶ 9.) Section 11 provides a complete defense against any claimant if "it is proved that

at the time of . . . acquisition [the claimant] knew of such [alleged] untruth or omission." 15

U.S.C. § 77k(a). Documents responsive to the above requests bear on that defense in at least two

ways. *First*, Requests 9 and 10 seek documents demonstrating Boilermakers' knowledge of

WaMu's and others' mortgage origination and underwriting practices. In other words, if

*Defendants' Motion to Compel Documents from*
*Boilermakers National Annuity Trust*
*(CV09-037 MJP) - 9*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Boilermakers had knowledge whether the underlying mortgage loans were originated in conformity with the underwriting standards it alleges "ceased to exist," *see Boilermakers Nat'l Annuity Trust Fund v. WaMu Mortgage Pass Through Certificates*, 748 F. Supp. 2d 1246, 1255 (W.D. Wash. 2010), Defendants have a complete defense to that claim (even if the underwriting guidelines did "cease to exist," which Defendants strongly dispute). *Second*, Request 30 seeks documents evidencing the risks associated with investing in the Securities. Those documents are relevant to Defendants' knowledge defense in that they may demonstrate when Boilermakers became aware of the default and delinquency rates for the loans backing the Securities that Plaintiffs allege occurred within months after the "Offerings were consummated" and which allegedly "are reflective of a disregard for underwriting guidelines." (*See* SAC ¶¶ 132-33.)

### D.   REQUESTS FOR PRODUCTION 13 & 14.

Boilermakers refuses to produce documents in response to Requests 13 and 14 to the extent they seek information relating to RMBS other than those at issue here on the ground that those documents "do not reference the WaMu Certificates and are therefore irrelevant to this litigation". (Ex. D at 2.) However, *Plaintiffs* put the performance of other RMBS at issue. Specifically, Plaintiffs' proposed expert, Scott Hakala, opined that there had been an "abandonment" of underwriting standards and he purportedly reached that opinion, in part, by comparing the performance of the loans underlying the Securities against the performance of loans underlying other, purportedly similar RMBS. (Declaration of Scott Hakala ("Hakala Decl.") ¶¶ 9(l-m) (Declaration of Kenneth M. Rehns In Supp. of Mot. for Class Cert., Ex. B (Dkt. No. 226).) If the performance of other RMBS is relevant to determining whether the underwriting guidelines here "ceased to exist" (as Plaintiffs' expert claims), then Defendants are entitled to documents about other RMBS in Boilermakers' custody, possession and control. *See Beckner v*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

*El Cajon Police Dep't*, No. 07CV509, 2008 WL 2033708, at \*4, 6 (S.D. Cal. May 9, 2008)

(information discoverable where plaintiff placed the underlying facts at issue); *Fresenius Med*

*Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 652-53 (N.D. Cal. 2004).

### E.   REQUESTS FOR PRODUCTION 4, 8, 38, 43

Boilermakers claims that the ***three*** pieces of correspondence it produced—only one of

which relates to its investment in the Securities—satisfy Request Nos. 4, 8, 38 and 43, which seek

relevant communications between it and its investment advisors. (*See* Ex. B at 1.) Boilermakers

cannot properly dispute the relevance of the requested documents—Boilermakers itself has

repeatedly put at issue its reliance on its investment advisors in making investment decisions.

(*See, e.g.*, Pls. Resp. and Obj. to Interrogatories, Set One (Ex. F).)

Boilermakers' position that, apart from ***one*** communication with McMorgan, it has no

documents (and no emails or other electronic files at all) responsive to these Requests concerning

an investment of millions of dollars (*see* SAC ¶ 22) strains credulity. As explained above,

Boilermakers' third party investment advisors produced the sort of relevant documents that one

would expect to be found in Boilermakers' own files, suggesting that Boilermakers' search (or

production) has been inadequate. The testimony of Boilermakers' CIO that Boilermakers

conducted electronic searches that yielded a large amount of electronic data, and that

Boilermakers has reliable document retention policies and practices, reinforces the conclusion that

Boilermakers has responsive documents that have not been produced. (*See supra* Part I.B.)

### F.   REQUEST FOR PRODUCTION 19

Boilermakers has refused to produce any documents relating to its alleged injury or

damages, claiming that those documents "will be the subject of expert reports and discovery,

which have not yet commenced." (Ex. B at 3.) It is no secret that damages are a necessary

*Defendants' Motion to Compel Documents from*
*Boilermakers National Annuity Trust*
*(CV09-037 MJP) - 11*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

element of a Section 11 claim, which a plaintiff must demonstrate by comparing the price at which it purchased the security at issue with the value of such security at the time the action is filed. *See* 15 U.S.C. § 77k(e). Especially in this case, where there is no predetermined value (or exchange trading price) for the Securities, information concerning Boilermakers' valuation methodologies and proprietary models is particularly relevant to valuation and damages issues. (*See* James Report ¶¶ 74-77.) Regardless of whether Boilermakers or its proffered experts opt to rely on any of Boilermakers' own internal documents concerning its valuation of the Securities, such documents are plainly fair game for discovery. *Green*, 2008 WL 624961, at* 6. Indeed, Plaintiffs' proposed expert has already broached the issue of Plaintiffs' damages calculation in his report in support of Plaintiffs' motion for class certification. (*See* Hakala Decl. ¶¶ 33-34); *see also Green*, 2008 WL 624961, at *6.

### III.   CONCLUSION

For the aforementioned reasons, the Court should compel Boilermakers to produce documents responsive to the Requests.

DATED this 26th day of July, 2011.

HILLIS CLARK MARTIN & PETERSON P.S.

By    s/ Brian C. Free
Louis D. Peterson, WSBA #5776
Brian C. Free, WSBA #35788
Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle WA 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789
Email: ldp@hcmp.com; bcf@hcmp.com

OF COUNSEL
ADMITTED PRO HAC VICE
BINGHAM MCCUTCHEN LLP

*Defendants' Motion to Compel Documents from*
*Boilermakers National Annuity Trust*
*(CV09-037 MJP) - 12*

Susan L. Hoffman
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Tel: (213) 680-6400
Fax: (213) 680-6499
Email: susan.hoffman@bingham.com

David M. Balabanian
John D. Pernick
Jee Young You
Frank Busch
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA  94111-4067
Tel: (415) 393-2000 Fax:  (415) 393-2286
Email:  david.balabanian@bingham.com;
john.pernick@bingham.com;
jeeyoung.you@bingham.com
frank.busch@bingham.com

Theo J. Robins
Bingham McCutchen LLP
399 Park Avenue,
New York, NY  10022-4689
Tel: (212) 705-7000 Fax:  (212) 702-3680
Email:  theo.robins@bingham.com

Attorneys for Defendants
WaMu Asset Acceptance Corporation, WaMu Capital Corporation, David Beck,
Richard Careaga, Rolland Jurgens, and Diane Novak

*Defendants' Motion to Compel Documents from
Boilermakers National Annuity Trust
(CV09-037 MJP) - 13*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Appendix A

**DISPUTED DISCOVERY REQUESTS**

A.     **Request for Production Nos. 9, 10, 30**

| Request | Response |
|---|---|
| No. 9:  All documents relating to the underwriting standards of any residential mortgage loan originator involved in the Offering. | Plaintiffs incorporate the general objections above as if set forth herein, Plaintiffs further object that this Request is overly broad, unduly burdensome, vague, and ambiguous; and fails to describe the requested information with reasonable particularity.  Subject to and without waiving the foregoing specific and general objections, Plaintiffs will produce, to the extent they exist, responsive non-privileged and non-cumulative documents in their possession, custody, or control relating to the Certificates. |
| No. 10: All documents relating to the mortgage loan underwriting standards of Washington Mutual Bank, NA. | Plaintiffs incorporate the general objections above as if set forth herein Plaintiffs further object that this Request is overly broad, unduly burdensome, vague, and ambiguous; seeks information not relevant to the claim or defense of any party or not reasonably calculated to lead to the discovery of admissible evidence; fails to describe the requested information with reasonable particularity; and is oppressive. Subject to and without waiving the foregoing specific and general objections, Plaintiffs will produce, to the extent they exist, responsive non-privileged and non-cumulative documents in their possession, custody, or control. |
| No. 30: All documents relating to increases in borrower delinquency rates, as alleged in  Complaint paragraph 132. | Plaintiffs incorporate the general objections above as if set forth herein Plaintiffs further object that this Request is overly broad, unduly burdensome, vague, and ambiguous; fails to describe the requested information with reasonable particularity; seeks information not relevant to the claim or defense of any party or not reasonably calculated to lead to the discovery of admissible evidence; seeks information already publicly available; and is oppressive. Subject to and without waiving the foregoing specific and general objections, Plaintiffs will produce, to the extent they exist, responsive non-privileged and non-cumulative documents in their possession, custody, or control related to the Certificates at issue in this |

| | action. |
|---|---|
| | |

**B.    Request for Production Nos. 13, 14**

| Request | Response |
|---|---|
| No. 13: All documents relating to any purchase, sale, trade, or any other disposition by You of any mortgage-backed securities, including, but not limited to, the Certificates. | Plaintiffs incorporate the general objections above as if set forth herein Plaintiffs further object that this Request is overly broad, unduly burdensome, vague, and ambiguous; fails to describe the requested information with reasonable particularity; and seeks information not relevant to the claim or defense of any party or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this Request to the extent that it seeks documents that are duplicative and redundant of those requested in Request #1.<br><br>Subject to and without waiving the foregoing specific and general objections, Plaintiffs will produce, to the extent they exist, responsive non-privileged and non-cumulative documents in their possession, custody, or control that relate to the Certificates. |
| No. 14: All documents relating to any market for the purchase, sale or trade of mortgage-backed securities, including, but not limited to, the Certificates. | Plaintiffs incorporate the general objections above as if set forth herein Plaintiffs further object that this Request is overly broad, unduly burdensome, vague, and ambiguous; fails to describe the requested information with reasonable particularity; and is oppressive.<br><br>Subject to and without waiving the foregoing specific and general objections, Plaintiffs will produce, to the extent they exist, responsive non-privileged and non-cumulative documents in their possession, custody, or control that relate to the Certificates. |

**C.    Request for Production Nos. 4, 8, 38, 43**

| Request | Response |
|---|---|
| No. 4: All documents relating to any communication between You and any Person relating to the Certificates or the Offering. | Plaintiffs incorporate the general objections above as if set forth herein. Plaintiffs further object that this Request is overly broad, unduly burdensome, vague, and ambiguous; seeks information not relevant to the claim or defense of any party or not reasonably calculated to lead to the discovery of admissible evidence; fails to describe the requested information |

| | with reasonable particularity; and is oppressive. Subject to and without waiving the foregoing specific and general objections, Plaintiffs will produce, to the extent they exist, responsive non-privileged and non-cumulative documents in their possession, custody, or control which reasonably appear to be responsive to this request. |
|---|---|
| No. 8: All documents relating to due diligence performed by any Person with respect to the Pool. | Plaintiffs incorporate the general objections above as if set forth herein, Plaintiffs further object that this Request is overly broad, unduly burdensome, vague, and ambiguous; fails to describe the requested information with reasonable particularity; and is oppressive. Subject to and without waiving the foregoing specific and general objections, Plaintiffs will produce, to the extent they exist, responsive non-privileged and non-cumulative documents in their possession, custody, or control. |
| No. 38: All documents relating to Your monitoring or management of the size, value and risks of Your Certificates, including without limitation all position management reports and communications relating to monitoring or management of Your investments in the Certificates. | Plaintiffs incorporate the general objections above as if set forth herein. Plaintiffs further object that this Request is overly broad, unduly burdensome, vague, and ambiguous; fails to describe the requested information with reasonable particularity; seeks information not relevant to the claim or defense of any party or not reasonably calculated to lead to the discovery of admissible evidence; is duplicative and redundant of requests included in Defendants' First Requests for Production; and is oppressive. Without waiving the foregoing objections, see Plaintiffs' responses to Defendants' First Request for Production. |
| No. 43: All documents relating to communications, whether internal or between You and any Person, about risks or potential risks relating to the Certificates, whether before or after You purchased the Certificates, including any communications relating to Your decision to purchase, sell, or otherwise dispose of the Certificates. | Plaintiffs incorporate the general objections above as if set forth herein. Plaintiffs further object that this Request is overly broad, unduly burdensome, vague, and ambiguous; fails to describe the requested information with reasonable particularity; seeks information not relevant to the claim or defense of any party or not reasonably calculated to lead to the discovery of admissible evidence; is duplicative and redundant of requests included in Defendants' First Requests for Production; and is oppressive, Without waiving the foregoing objections, see Plaintiffs' responses to Defendants' First Request for Production. |

**D.      Request for Production No. 19**

| Request | Response |
|---|---|
| No. 19: All documents relating to the alleged injury for which You seek compensation in this action, including, but not limited to, your alleged damages. | Plaintiffs incorporate the general objections above as if set forth herein. Plaintiffs further object that this Request is overly broad, unduly burdensome, vague, and ambiguous; fails to describe the requested information with reasonable particularity; seeks information that is redundant and duplicative of other requests; and is oppressive. Plaintiffs further object to this Request on the grounds that it calls for information and documents which will be the subject of expert reports and discovery, which have not yet commenced and seeks information and documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing specific and general objections, Plaintiffs will produce, to the extent they exist, responsive non-privileged and non-cumulative documents in their possession, custody, or control. |

1

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July, 2011, I electronically filed the foregoing

3

with the Clerk of the Court using the CM/ECF system which will send notification of such

4

filing to the following:

5

6         Adam Zurofsky   azurofsky@cahill.com

Arthur L Shingler   ashingler@scott-scott.com, efile@scott-scott.com

7         Barry Robert Ostrager   bostrager@stblaw.com, managingclerk@stblaw.com

Bradley T. Meissner   bradley.meissner@dlapiper.com

8         Brian O. O'Mara   bomara@csgrr.com

9         Bruce Earl Larson   blarson@karrtuttle.com, psteinfeld@karrtuttle.com

Christopher E Lometti   clometti@cohenmilstein.com

10        Corey E Delaney   corey.delaney@dlapiper.com, kerry.cunningham@dlapiper.com,

11              patrick.smith@dlapiper.com, richard.hans@dlapiper.com

Daniel B Rehns   drehns@cohenmilstein.com, efilings@cohenmilstein.com

12        Darren J Robbins   e_file_sd@csgrr.com

13        David Daniel Hoff   dhoff@tousley.com, efile@tousley.com

Dennis H Walters   dwalters@karrtuttle.com, wbarker@karrtuttle.com

14        Douglas C McDermott   doug@mcdermottnewman.com,

15              eric@mcdermottnewman.com

Floyd Abrams   fabrams@cahill.com

16        Gavin Williams Skok   gskok@riddellwilliams.com, lmoore@riddellwilliams.com

17        Geoffrey M Johnson   gjohnson@scott-scott.com, efile@scott-scott.com

Hal D Cunningham   hcunningham@scott-scott.com, efile@scott-scott.com,

18              halcunningham@gmail.com

19        Hollis Lee Salzman (Terminated)   hsalzman@labaton.com,

20              ElectronicCaseFiling@labaton.com

James J. Coster   jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

21        Janissa Ann Strabuk   jstrabuk@tousley.com, wcruz@tousley.com

22        Joel P Laitman   jlaitman@cohenmilstein.com

John D Lowery   jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com

23        Jonathan Gardner   jgardner@labaton.com

24        Joseph P Guglielmo   jguglielmo@scott-scott.com, efile@scott-scott.com

25        Joseph A. Fonti (Terminated)   jfonti@labaton.com,

              ElectronicCaseFiling@labaton.com

26        Joshua M. Rubins   jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

27        Joshua S. Devore   jdevore@cohenmilstein.com, efilings@cohenmilstein.com

Julie Goldsmith Reiser   jreiser@cohenmilstein.com

28

*Certificate of Service - (CV09-037 MJP)*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Julie Hwang (Terminated)    jhwang@labaton.com,
        ElectronicCaseFiling@labaton.com
Kenneth J Pfaehler    kenneth.pfaehler@snrdenton.com,
        nicole.reeber@snrdenton.com
Kenneth M Rehns    krehns@cohenmilstein.com
Kerry F Cunningham    kerry.cunningham@dlapiper.com
Kevin P Chavous    kchavous@sonnenschein.com
Kim D Stephens    kstephens@tousley.com, cbonifaci@tousley.com,
        wcruz@tousley.com
Larry Steven Gangnes    gangnesl@lanepowell.com, docketing-sea@lanepowell.com,
        donnellyjossm@lanepowell.com, sebringl@lanepowell.com
Leslie D Davis    ldavis@sonnenschein.com
Mary Kay Vyskocil    mvyskocil@stblaw.com
Matthew B. Kaplan    mkaplan@cohenmilstein.com, efilings@cohenmilstein.com
Michael H. Barr    mbarr@sonnenschein.com
Mike Liles , Jr    mliles@karrtuttle.com
Nancy A Pacharzina (Terminated)    npacharzina@tousley.com,
        mhottman@tousley.com
Paul Scarlato    pscarlato@labaton.com, ElectronicCaseFiling@labaton.com
Paul Joseph Kundtz    pkundtz@riddellwilliams.com,
        mbergquam@riddellwilliams.com, mdowns@riddellwilliams.com
Richard A Speirs    rspeirs@cohenmilstein.com
Richard F Hans    richard.hans@dlapiper.com, dorinda.castro@dlapiper.com
Robert D Stewart    stewart@kiplinglawgroup.com
Rogelio Omar Riojas    omar.riojas@dlapiper.com, karen.hansen@dlapiper.com,
        nina.marie@dlapiper.com
S Douglas Bunch    dbunch@cohenmilstein.com
Serena Richardson (Terminated)    srichardson@labaton.com,
        ElectronicCaseFiling@labaton.com
Stellman Keehnel    stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com
Stephen M. Rummage    steverummage@dwt.com, jeannecadley@dwt.com,
        seadocket@dwt.com
Steve W. Berman    steve@hbsslaw.com, heatherw@hbsslaw.com,
        robert@hbsslaw.com
Steven J Toll    stoll@cohenmilstein.com, efilings@cohenmilstein.com
Steven P Caplow    stevencaplow@dwt.com, jasonSchattenkerk@dwt.com,
        patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com
Susan L Hoffman susan.hoffman@bingham.com
Tammy Roy    troy@cahill.com
Timothy Michael Moran    moran@kiplinglawgroup.com,

*Certificate of Service - (CV09-037 MJP)*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1          cannon@kiplinglawgroup.com

2    Walter Eugene Barton    gbarton@karrtuttle.com, danderson@karrtuttle.com, nrandall@karrtuttle.com

3    Walter W. Noss    wnoss@scott-scott.com, efile@scott-scott.com

4    DATED this 26th day of July, 2011 at Seattle, Washington.

5                     By___ s/ Brian C. Free_____

6                         Brian C. Free, WSBA #35788

7                         1221 Second Avenue, Suite 500

                         Seattle WA 98101-2925

8                         Telephone: (206) 623-1745

                        Facsimile: (206) 623-7789

9                         Email: bcf@hcmp.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Certificate of Service - (CV09-037 MJP)*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789