HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates to: ALL CASES | Master Case No. 2:09-cv-00037-MJP<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER**<br><br>**NOTED ON MOTION CALENDAR: August 5, 2011** |

## I. INTRODUCTION

Lead Plaintiffs Policemen's Annuity & Benefit Fund of the City of Chicago ("Chicago PABF"), Doral Bank of Puerto Rico ("Doral Bank") and Plaintiff Boilermakers National Annuity Trust (collectively, "Plaintiffs") respectfully submit their response to the motion filed by Defendants on July 28, 2011 ("Def. Mot.," Dkt. No. 287) for an order amending the October 29, 2010 scheduling order ("Scheduling Order," Dkt. No. 207).

## II. FACTS

This litigation commenced in January 2009 - more than two and a half years ago. Document discovery began a little less than a year later and was scheduled to be substantially complete on July 29, 2011. However, on the eve of their production deadline, due in large part to delays caused by their own lack of diligence, Defendants now seek a two-month

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER
(NO. 2:09-CV-0037-MJP) - 1
4898/001/246261.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

extension of that production deadline. *See* Proposed Amended Scheduling Order ("Proposed Order"), Dkt. No. 289 at 1. Defendants do not tell this Court that they failed to locate and begin the process of identifying WaMu Capital Corporation ("WCC") documents until recently. Declaration of Joseph P. Guglielmo ("Guglielmo Decl.") at ¶4 (On a July 19 telephone call, Defendants disclosed that they had not yet even determined how to locate responsive documents on WCC's main shared computer drive.). Defendants also do not tell the Court that their failure to locate and identify responsive documents from WCC and other sources will deprive Plaintiffs of needed time to review the materials produced belatedly and will hinder Plaintiffs' ability to take depositions of key witnesses.

Defendants seek an additional two months to produce documents with no consequences to themselves for their delay, but with significant consequences to Plaintiffs. Plaintiffs need time to conduct a meaningful review of Defendants' production before Plaintiffs can begin taking depositions. A two-month document production delay will prohibit Plaintiffs from taking any substantive depositions until October – significantly shortening their time to conduct discovery and leaving them just three months to take all of their fact depositions. Such a delay will shorten other time periods, all to Plaintiffs' detriment. Defendants have failed to show "good cause" for such an extension, especially in light of their failure to diligently proceed with discovery. Fed. R. Civ. P. l6(b). Of course, Plaintiffs recognize that Defendants do apparently need more time to produce the documents that Plaintiffs require to adequately prosecute this action; however, Plaintiffs believe that Defendants should be required to complete their document production by August 12 and that such delay must not come without consequences.

Defendants, through their instant motion, gallingly seek to ***benefit*** from their unreasonable delay by shortening Plaintiffs' time to review documents, depose witnesses and prepare critical arguments and reports. Defendants' motion, which was filed on the eve of the deadline by which their document production was to be completed (which has now

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER
(NO. 2:09-CV-0037-MJP) - 2
4898/001/246261.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

passed), seeks an **additional 63 days** for their document production. While this deadline benefits Defendants, it and Defendants' other proposed revised deadlines penalize Plaintiffs. Specifically, Defendants propose postponing the close of fact discovery from December 1 until only January 17, 2012, effectively **shortening Plaintiffs' time to conduct deposition discovery by more than a month** given the inherent difficulties in scheduling during the winter holidays. Similarly, Defendants propose extending the deadline for amending pleadings by *only 38 days*, effectively **reducing Plaintiffs' time to amend their pleadings by nearly one month**. Proposed Order at 2. Defendants propose extending the deadline for exchanging merit expert reports by only 24 days, effectively **reducing Plaintiffs' time for preparation of merit expert reports for exchange by 39 days**. *See id*. Defendants propose extending the deadline for close of expert discovery by only 18 days, thereby effectively **reducing Plaintiffs' time for expert discovery by 45 days**. *See id*. Defendants propose extending the deadline for expert discovery motions to be filed by only 18 days, effectively **reducing Plaintiffs' time for preparation of this motion by 45 days**. *See id*. Finally, Defendants propose no change at all for the deadline for Plaintiffs' response to any summary judgment motion filed by Defendants, **reducing Plaintiffs' time to prepare their case to respond to any such motion by 63 days – or two months**. *See id*.

Plaintiffs' principal allegation in this case is that Defendants – Washington Mutual Bank ("WMB"), Washington Mutual Asset Acceptance Corporation and WCC, among others – misrepresented the underwriting standards followed in originating the mortgage loans collateralizing certain WaMu Mortgage-Backed Securities. Despite the fact that Plaintiffs served discovery requests in October 2010, giving Defendants approximately eight months to produce documents, Defendants have failed to produce numerous documents responsive to Plaintiffs' discovery requests, and repeatedly postponed Plaintiffs' efforts to conduct discovery. Indeed, although on March 24, 2011, Plaintiffs served a 30(b)(6) deposition notice concerning the identification of documents and the process by which Defendants

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER
(NO. 2:09-CV-0037-MJP) - 3
4898/001/246261.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

securitized the loans and ultimately sold the Certificates to Plaintiffs and other class members, Defendants asked to reschedule the deposition numerous times due to their delays in producing their documents. It is apparent from Defendants' conduct concerning the production of responsive documents that they seek only to stall Plaintiffs' prosecution of this action.

## III. LEGAL STANDARD

Under Rule 16(b), a scheduling order set by the Court "may be modified only for *good cause* and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Interscope Records v. Leadbetter*, No. C05-1149, 2007 WL 1217705, at *5 (W.D.Wash. Apr. 23, 2007). "To hold otherwise undermines the whole thrust and purpose of scheduling orders." *Eiden v. Home Depot USA, Inc*., No. C04-977, 2006 WL 1490418, at *6 (E.D. Cal. May 26, 2006) (citing *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604 (9th Cir.1992)). To determine whether the movant has demonstrated "good cause" under 16(b), the Court primarily considers the diligence of the party seeking the amendment. *Schultz v. Olympic Medical Center*, No. C07-5377, 2008 WL 3977523, at *5 (W.D.Wash. Aug 22, 2008) (citing *Johnson*, at 975 F.2d at 609.) While the focus of the inquiry is upon the movant's reasons for seeking modification, the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion. *Id*.; *see also Bush v. Pioneer Human Services*, No. C09-0518, 2010 WL 324432, at *3 (W.D. Wash. Jan. 21, 2010).

## IV. ARGUMENT

Defendants' proposed amendment is unjustified.[1] Indeed, although Defendants seek a two-month extension, they have not even identified the universe of additional documents they intend to produce in this time frame. Furthermore, they have not demonstrated the requisite diligence in locating and producing documents responsive to Plaintiffs' requests.

---

[1] Plaintiffs are somewhat sympathetic to JPMorgan Chase's ("Chase") issues as a non-party and the volumes of material it is preparing for production, and previously offered to discuss a separate extension with Chase. Guglielmo Decl., ¶7.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER
(NO. 2:09-CV-0037-MJP) - 4
4898/001/246261.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Indeed, many of the proffered reasons for Defendant's inability to produce documents in a timely manner – "the effort requires third-party vendors" (Def. Mot. at 4), the "absence of former WCC employees knowledgeable about the location and nature of WCC's documents" (Def. Mot. at 5), and that JPMorgan had no prior involvement with WMB (*id.*) – were known by Defendants when they negotiated the dates in the Scheduling Order with Plaintiffs. Defendants do not explain why they never previously searched the WCC documents they now request a two-month extension to produce. Moreover, the fact that Defendants have only recently discovered an additional WCC data set, that "may include responsive documents" (*see* Dkt. No. 288 at ¶7), does not in any way explain why document production could not have been *substantially complete* by July 29, 2011.[2]

Aside from Defendants' failure to show good cause for amendment, Plaintiffs respectfully submit that the Court should consider the prejudice that would inure on Plaintiffs and the putative class -- or conversely the tactical advantage enjoyed by Defendants by way of their lack of diligence -- should the Court enter Defendants' proposed amended order. *See Bush*, 2010 WL 324432, at *4. As discussed *supra*, Plaintiffs would lose months in informed preparation for substantive briefs and reports. They will face a massive "document dump" with very little time to review the additional documents. The prejudice to Plaintiffs is exacerbated by Defendants' last minute proposed amended scheduling order, which was the first time Plaintiffs learned that Defendants would not produce the documents Plaintiffs seek until September 30, 2011. Indeed, it was not until a July 19 meet and confer call that Defendants suggested they would need additional time to complete document production, and even then suggested that it was only a matter of a few weeks delay. Guglielmo Decl., ¶¶ 4-5. During that call, Plaintiffs told Defendants that they were reluctant to consent to any

---

[2] Defendants tout the number of documents already produced to Plaintiffs. While JPMorgan, a non-party, has indeed produced over 1.5 million documents, the majority of these documents were previously produced to the Senate Permanent Subcommittee on Investigations ("PSI") and thus required minimal effort or diligence by JPMorgan or Defendants. Defendants themselves have timely produced less than 2 million pages of documents (and in violation of the current scheduling order, an additional 700,000 pages of documents on August 1). Guglielmo Decl. ¶13.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER
(NO. 2:09-CV-0037-MJP) - 5
4898/001/246261.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

extension and that Defendants should file a motion at that time to seek an extension. However, Defendants waited until the day before the deadline to propose a modified schedule of the form they propose in their motion. *See* Guglielmo Decl., Ex. A (July 28, 2011 11:47 ET email from J. Pernick to J. Guglielmo & J. Devore). Plaintiffs reluctantly offered a two-week extension with no other modifications to the scheduling order to attempt to keep the case on schedule, *id.,* Ex. B (July 28, 2011 email from J. Devore to J. Pernick et al.), but Defendants persisted in promoting their self-serving modified schedule.

Notably, other than their failure to timely locate the responsive materials, Defendants offer no explanation why they could not simply retain additional technical consultants and attorneys to expedite the review and production now that they have located the records. Given that the Confidentiality Order entered in this Action contains a "claw back" provision, Defendants could immediately turn over the documents they have located via the use of search terms without conducting a page-by-page review of the production for privileged communications, thereby saving a tremendous amount of time associated with the production of the WCC documents.

As discussed above, Plaintiffs will undoubtedly be prejudiced by Defendants' proposed amendment, and Defendants have failed to demonstrate diligence of any substance or the good cause necessary to merit extension of the dates in the case scheduling order. While Plaintiffs believe that the Court should deny Defendants' motion in its entirety, Plaintiffs see no reason why Defendants cannot complete their production by August 12, a date Plaintiffs had previously offered Defendants, with no further modifications to the schedule. If the Court is considering any additional modifications to the schedule, in fairness, they should provide Plaintiffs with at-least equal if not greater time to complete any tasks they were already scheduled to undertake, and should shorten the time allowed for Defendants' other tasks to avoid postponing the action any more than already necessary.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER
(NO. 2:09-CV-0037-MJP) - 6
4898/001/246261.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

## V. CONCLUSION

Plaintiffs respectfully request that Defendants' motion to amend the Court's Scheduling Order be denied and that Defendants be required to complete their production of all documents by August 12, 2011. Alternatively, should the Court be inclined to extend the schedule, any extension should be applied in a way so as not to benefit defendants nor prejudice plaintiffs.

Dated: August 3, 2011

Respectfully submitted,

**TOUSLEY BRAIN STEPHENS PLLC**

By: /s/ Janissa A. Strabuk
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com
  jstrabuk@tousley.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

**SCOTT+SCOTT LLP**
David R. Scott (admitted *pro hac vice*)
156 South Main Street
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
Email: dscott@scott-scott.com

Beth A. Kaswan (admitted *pro hac vice*)
Joseph P. Guglielmo (admitted *pro hac vice*)
500 Fifth Avenue, 40th Floor
New York, New York 10110
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
Email: jguglielmo@scott-scott.com
  bkaswan@scott-scott.com

Geoffrey M. Johnson (admitted *pro hac vice*)

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER
(NO. 2:09-CV-0037-MJP) - 7
4898/001/246261.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | 12434 Cedar Road, Suite 12 |
| 2 | Cleveland Heights, OH 44106 |
| | Telephone: (216) 229-6088 |
| 3 | Facsimile: (216) 229-6092 |
| | Email: gjohnson@scott-scott.com |
| 4 | |
| 5 | **COHEN MILSTEIN SELLERS & TOLL PLLC** |
| 6 | Steven J. Toll |
| | Julie Goldsmith Reiser |
| 7 | Joshua S. Devore (admitted pro hac vice) |
| | Matthew B. Kaplan (admitted pro hac vice) |
| 8 | S. Douglas Bunch (admitted pro hac vice) |
| 9 | 1100 New York Avenue, NW |
| | Suite 500 West |
| 10 | Washington, D.C. 20005 |
| | Telephone: (202) 408-4600 |
| 11 | Facsimile: (202) 408-4699 |
| 12 | Email: stoll@cohenmilstein.com |
| | jreiser@cohenmilstein.com |
| 13 | jdevore@cohenmilstein.com |
| | mkaplan@cohenmilstein.com |
| 14 | dbunch@cohenmilstein.com |
| 15 | Joel P. Laitman (admitted pro hac vice) |
| | Christopher Lometti (admitted pro hac vice) |
| 16 | Daniel B. Rehns (admitted pro hac vice) |
| 17 | 88 Pine Street |
| | 14th Floor |
| 18 | New York, NY 10005 |
| | Telephone: (212) 838-7797 |
| 19 | Facsimile: (212) 838-7745 |
| | Email: jlaitman@cohenmilstein.com |
| 20 | clometti@cohenmilstein.com |
| 21 | drehns@cohenmilstein.com |
| 22 | *Lead Counsel for the Proposed Class* |

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER
(NO. 2:09-CV-0037-MJP) - 8
4898/001/246261.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

# CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record and additional persons listed below:

**2:09-cv-00037-MJP Notice has been electronically mailed to:**

Adam Zurofsky     azurofsky@cahill.com

Arthur L Shingler     ashingler@scott-scott.com, efile@scott-scott.com

Barry Robert Ostrager     bostrager@stblaw.com, managingclerk@stblaw.com

Bradley T. Meissner     bradley.meissner@dlapiper.com

Brian C Free     bcf@hcmp.com, gcp@hcmp.com

Brian O. O'Mara     bomara@csgrr.com

Bruce Earl Larson     blarson@karrtuttle.com, psteinfeld@karrtuttle.com

Christopher E Lometti     clometti@cohenmilstein.com

Corey E Delaney     corey.delaney@dlapiper.com, kerry.cunningham@dlapiper.com, patrick.smith@dlapiper.com, richard.hans@dlapiper.com

Daniel B Rehns     drehns@cohenmilstein.com, efilings@cohenmilstein.com

Darren J Robbins     e_file_sd@csgrr.com

David Daniel Hoff     dhoff@tousley.com, efile@tousley.com

David M Balabanian     david.balabanian@bingham.com

Dennis H Walters     dwalters@karrtuttle.com, wbarker@karrtuttle.com

Douglas C McDermott     doug@mcdermottnewman.com, eric@mcdermottnewman.com

Floyd Abrams     fabrams@cahill.com

Frank Busch     frank.busch@bingham.com, frank.downing@bingham.com

Gavin Williams Skok     gskok@riddellwilliams.com, lmoore@riddellwilliams.com

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER
(NO. 2:09-CV-0037-MJP) - 9
4898/001/246261.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Geoffrey M Johnson    gjohnson@scott-scott.com, efile@scott-scott.com

Hal D Cunningham    hcunningham@scott-scott.com, efile@scott-scott.com, halcunningham@gmail.com

Hollis Lee Salzman (Terminated)    hsalzman@labaton.com, ElectronicCaseFiling@labaton.com

James J. Coster    jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

Janissa Ann Strabuk    jstrabuk@tousley.com, wcruz@tousley.com

Jee Young You    jeeyoung.you@bingham.com

Joel P Laitman    jlaitman@cohenmilstein.com

John D Lowery    jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com

John D Pernick    john.pernick@bingham.com

Jonathan Gardner    jgardner@labaton.com

Joseph P Guglielmo    jguglielmo@scott-scott.com, efile@scott-scott.com

Joseph A. Fonti (Terminated)    jfonti@labaton.com, ElectronicCaseFiling@labaton.com

Joshua M. Rubins    jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

Joshua S. Devore    jdevore@cohenmilstein.com, efilings@cohenmilstein.com

Julie Goldsmith Reiser    jreiser@cohenmilstein.com

Julie Hwang (Terminated)    jhwang@labaton.com, ElectronicCaseFiling@labaton.com

Kenneth J Pfaehler    kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com

Kenneth M Rehns    krehns@cohenmilstein.com

Kerry F Cunningham    kerry.cunningham@dlapiper.com

Kevin P Chavous    kchavous@sonnenschein.com

Kim D Stephens    kstephens@tousley.com, cbonifaci@tousley.com, wcruz@tousley.com

Larry Steven Gangnes    gangnesl@lanepowell.com, docketing-sea@lanepowell.com, donnellyjossm@lanepowell.com, sebringl@lanepowell.com

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER
(NO. 2:09-CV-0037-MJP) - 10
4898/001/246261.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | Leslie D Davis     ldavis@sonnenschein.com |
| 2 | Louis David Peterson     ldp@hcmp.com, smp@hcmp.com |
| 3 | |
| 4 | Mary Kay Vyskocil     mvyskocil@stblaw.com |
| 5 | Matthew B. Kaplan     mkaplan@cohenmilstein.com, efilings@cohenmilstein.com |
| 6 | Michael H. Barr     mbarr@sonnenschein.com |
| 7 | Mike Liles , Jr     mliles@karrtuttle.com |
| 8 | Nancy A Pacharzina (Terminated)     npacharzina@tousley.com, mhottman@tousley.com |
| 9 | Paul Scarlato     pscarlato@labaton.com, ElectronicCaseFiling@labaton.com |
| 10 | |
| 11 | Paul Joseph Kundtz     pkundtz@riddellwilliams.com, mbergquam@riddellwilliams.com, mdowns@riddellwilliams.com |
| 12 | Richard A Speirs     rspeirs@cohenmilstein.com |
| 13 | Richard F Hans     richard.hans@dlapiper.com, dorinda.castro@dlapiper.com |
| 14 | |
| 15 | Robert D Stewart     stewart@kiplinglawgroup.com |
| 16 | Rogelio Omar Riojas     omar.riojas@dlapiper.com, karen.hansen@dlapiper.com, nina.marie@dlapiper.com |
| 17 | S Douglas Bunch     dbunch@cohenmilstein.com |
| 18 | |
| 19 | Serena Richardson (Terminated)     srichardson@labaton.com, ElectronicCaseFiling@labaton.com |
| 20 | Stellman Keehnel     stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com |
| 21 | |
| 22 | Stephen M. Rummage     steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com |
| 23 | Steve W. Berman     steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com |
| 24 | Steven J Toll     stoll@cohenmilstein.com, efilings@cohenmilstein.com |
| 25 | |
| 26 | Steven P Caplow     stevencaplow@dwt.com, jasonSchattenkerk@dwt.com, patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com |
| 27 | |

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER
(NO. 2:09-CV-0037-MJP) - 11
4898/001/246261.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | Steven W Fogg     sfogg@corrcronin.com, hpowell@corrcronin.com, reception@corrcronin.com |
| 2 | |
| 3 | Susan L Hoffman     susan.hoffman@bingham.com |
| 4 | Tammy Roy     troy@cahill.com |
| 5 | Theo J. Robins     theo.robins@bingham.com |
| 6 | Timothy Michael Moran     moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com |
| 7 | Walter Eugene Barton     gbarton@karrtuttle.com, danderson@karrtuttle.com, nrandall@karrtuttle.com |
| 8 | |
| 9 | Walter W. Noss     wnoss@scott-scott.com, efile@scott-scott.com |

**2:09-cv-00037-MJP Notice will not be electronically mailed to:**

WaMu Officer Defendants Securities MDL

> By: /s/ Janissa A. Strabuk
> Kim D. Stephens, WSBA #11984
> Janissa A. Strabuk, WSBA #21827
> 1700 Seventh Avenue, Suite 2200
> Seattle, Washington 98101
> Telephone: (206) 682-5600
> Facsimile: (206) 682-2992
> Email: kstephens@tousley.com
>        jstrabuk@tousley.com
>
> *Liaison Counsel for Plaintiffs and the Proposed Class*

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER
(NO. 2:09-CV-0037-MJP) - 12
4898/001/246261.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992