The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION,<br><br>This Document Relates to: ALL CASES | Master Case No. C09-037 MJP<br><br>[Consolidated with: Case Nos. CV09-0134 MJP, CV09-0137 MJP, and CV09-01557 MJP]<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL DOCUMENTS FROM BOILERMAKERS NATIONAL ANNUITY TRUST FUND**<br><br>**NOTE ON MOTION CALENDAR: AUGUST 12, 2011** |

*Reply in Support of Motion to Compel Documents from Boilermakers: (CV09-037 MJP)*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958), and to narrow and clarify the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). Boilermakers' production of *11 documents* scarcely affords Defendants the fodder to assess Plaintiff's claims and damages or to analyze its defenses. After only producing 11 documents, Plaintiff cannot genuinely characterize Defendants' Motion to Compel as a "fishing expedition." (*See* Opp'n Br. 5:5, 10:19-20.) More importantly, Plaintiff improperly defines "relevancy" as documents relating *only* to "the WaMu 2006-AR7 Certificates at issue here." (*Id.* at 6:18.) That definition is too narrow, but explains why Plaintiff believes that its production is sufficient. As discussed below and more fully in our opening memorandum, Boilermakers' production is inadequate. Accordingly, Defendants' Motion to Compel should be granted.

I.  **THE PROBATIVE VALUE AND BENEFIT OUTWEIGH ANY BURDEN OR EXPENSE OF ALLOWING DISCOVERY**

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's *claim or defense*." Fed. R. Civ. P. 26(b)(1)(emphasis added). The party resisting discovery has the burden of showing that discovery should not be allowed, and has the burden of clarifying, explaining and supporting its objections. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998). Boilermakers has failed to cite even one case supporting its position that discovery should be denied where, as here, the moving party has established the relevance of the documents sought, and the responding party has failed to proffer any evidence of burden or undue expense. The one relevant case cited by Boilermakers, *Weaving v. City of Hillsboro*, No. 10-1432, 2011 U.S. Dist. LEXIS 54480, at *4-5 (D. Ore. May 20, 2011), is inapposite, because in that action, the

*Reply in Support of Motion to Compel Documents from Boilermakers: (CV09-037 MJP) - 1*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

propounding party (a terminated employee) sought "[a]ny and all communication" between two senior personnel. The court found that the request was too broad because it would include emails wholly unrelated to the plaintiff's *claims*. The court, however ordered the production of all communication between the two personnel relating to the terminated employee. *Id* at *5. Here, however, Defendants seek a circumscribed set of documents, all of which concern Boilermakers' claims relating to its investment in the "Certificates at issue here" and Defendants' *defenses* to those claims.

### A. THE BENEFIT AND PROBATIVE VALUE OF THE DOCUMENTS SOUGHT OUTWEIGH ANY BURDEN ON BOILERMAKERS

#### 1. Investment Advisor Documents

To explain its scant production, Boilermakers denies all responsibility, knowledge, or role in the investments in WaMu 2006-AR7 and in RMBS valuation and origination practices in general. (Opp'n Br. 1:6-8, 1:20-21, 2:8-9, 2:19-22, 9:9-11, 11:7-10, 12:11-12.) However, Boilermakers concedes that its investment advisors played a central role in Boilermakers' investment in the Securities and in other RMBS in its portfolio. (*Id.* at 6:23-8:11.) Curiously, though, Boilermakers continues to deny the relevance of documents provided to or received from its investment advisors. (*Id.*) Boilermakers cannot have it both ways – it cannot simultaneously disavow any knowledge or involvement in the investments *and* deny Defendants documents sent to and received from its investment advisors. Defendants' Motion to Compel is no fishing expedition. Boilermakers has not produced a single report, communication, or other investment-related document from its investment advisors, aside from its investment guidelines.

The relevance of McMorgan or Callan (or other investment advisors') reports relating to the 2006-AR7 Securities cannot be disputed. Indeed, in Boilermakers' July 29, 2011 letter (Ex. C. to Rehns Decl.), Boilermakers concedes as much by volunteering to produce the McMorgan

*Reply in Support of Motion to Compel Documents from Boilermakers: (CV09-037 MJP) - 2*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

documents. Plaintiffs disingenuously state that Defendants rejected their offer to produce the McMorgan documents. (*See* Opp'n Br. 6:3-4.) In Defendants' August 4, 2011 letter, Defendants confirmed its belief that the reports were *not* cumulative and requested that those documents be produced, but refused to ***withdraw this motion*** unless all the documents sought by the motion were produced. (*See* Ex. C and D to Rehns Decl., Dkt. Nos. 299-1 and 299-2.)

Boilermakers' argument that the investment advisor reports are cumulative of the custodian account summaries because the custodian records "list the same type of information and whose values vary by less than two pennies for most months" (Opp'n Br. 5:10-13) is incorrect. The custodian bank's valuation of WaMu 2006-AR7 differs significantly from that of at least one of Boilermakers' investment advisors; and Callan's valuation of these Securities also differs from McMorgan's valuation of the same Securities. On March 31, 2008, for example, Callan valued the 2006-AR7 Securities at $2,013,846, whereas McMorgan valued the same Securities at $2,192,098 (99.91 per share); the custodian bank's valuation for these Securities on April 1, 2008 (the closest date to the other reports) is $1,894,916 (99.907 per share). (*Compare* June 22, 2008 Callan Reports at Callan_02115 (Ex. A to Suppl. Decl. of Jee Young You, In Supp. of Reply Br. ("Suppl. You Decl.")) *to* June 30, 2008 McMorgan Investment Report at MCM_00234 (Ex. B to Suppl. You Decl.) *and* Custodian Summary at BNT0000099 (Ex. C to Suppl. You Decl.).) Accordingly, Boilermakers should be compelled to produce all documents containing information about Boilermakers' agents' valuation of the 2006-AR7 Securities, because this information is relevant to valuation methodologies as well as damages. (*See* Mot. to Compel at 6:13-18.)

**2.      Documents Related to Other RMBS**

Plaintiffs misunderstand Defendants' argument as to why Defendants are entitled to documents related to Boilermakers' investments in other RMBS. Plaintiffs mischaracterize

*Reply in Support of Motion to Compel Documents from Boilermakers: (CV09-037 MJP) - 3*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Defendants' argument as relating only to their expert's work. In reality, the investment advisors' reports and communication relating to Boilermakers' investment in other RMBS during the relevant time period are responsive because they go to Defendants' defense of investor knowledge under Section 11. (*See* Mot. to Compel at 9:24-10:13.) Indeed, Boilermakers' own compatriots—Doral Bank and Chicago PABF (the other two named Plaintiffs)—have conceded the relevance of their investments in other RMBS and have both produced documents relating to those investment. (Suppl. You Decl. ¶ 2.) Boilermakers' disavowal of any "hands-on involvement" with the investment in the Securities and knowledge regarding RMBS underscores the importance of the production of all of Boilermakers' reports and communications to and from its investment advisors, whether they relate specifically to the 2006-AR7 or to investments in other RMBS.

Boilermakers is wrong to represent that Defendants have the requested documents. Defendants are missing at least twenty-two of the twenty-four Callan Monthly Snapshot Performance Reports from 2007 and 2008. (Suppl. You Decl. ¶ 3.) As for the Callan quarterly reports, Defendants have at least one version of each report in 2007 and 2008; however, Defendants cannot determine which version was sent to Boilermakers, since there are several drafts for some of these reports. (*Id.* (for example, there are at least 5 different iterations of the January 2007 report).) As for the McMorgan reports, which contain information regarding 2006-AR7, Defendants are in possession of only one report from 2006, one report from 2007, and four reports from 2008. (*Id.*) And again, Boilermakers has failed to produce ***any communication or other documents*** from its investment advisors other than the investment guidelines.

Regardless of whether some of the requested documents has been produced by third parties, Defendants are entitled to the documents in Boilermaker's own files. (*See* Mot. to Compel at 8:22-9:8.) Indeed, the case cited by Boilermakers, *In re Northfield Laboratories Inc. Securities*

*Reply in Support of Motion to Compel Documents from Boilermakers.* (CV09-037 MJP) - 4

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

*Litigation*, 264 F.R.D. 407 (N.D. Ill. 2009), concedes the same. (*See* Opp. 9:2-9:4.) There, the court compelled the production of account statements, which plaintiffs had refused to produce on the basis that they had already produced "trade confirmations" from the same brokerage accounts. 264 F.R.D. at 409. The court held that "Defendants are entitled to test the accuracy of Plaintiffs' trade confirmations," and rejected plaintiffs' objection that the request was unduly burdensome because plaintiffs had, to date, produced only 30 pages to defendants. *Id* at 409-10.

Based on their faulty understanding of Defendants' argument, Plaintiffs try to evade their discovery obligations by stating that Defendants must seek discovery from Plaintiffs' expert regarding other RMBS. (*See* Opp'n Br. 8:20-10:4.) That attempt fails. Plaintiffs' expert opined that there was an "abandonment" of underwriting standards relating to the WaMu Securities by comparing the performance of the loans underlying the Securities against the performance of loans underlying other RMBS. (*See* Mot. to Compel at 10:15-11:5.) By adopting Dr. Hakala's position, Plaintiffs have put their knowledge of other RMBS at issue. For that independent reason, Defendants are entitled to the documents from Boilermakers related to its investments in other RMBS.

### 3. Requests 9, 10, 30; Requests 4, 8, 28 43; Request 19

As to Requests 9, 10, and 30, Boilermakers does not challenge Defendants' right to documents regarding Boilermakers' knowledge of the underwriting standards of the originators of the Securities. Instead, Boilermakers claims that no responsive documents exist. (Opp'n Br. 3:13-20.) Similarly, for requests pertaining to communication regarding Boilermakers' purchase of the Securities (Requests 4, 8, 28 and 43), Boilermakers denies that any responsive documents have been withheld. (*Id.* at 3:21-4:13.) If Boilermakers has documents indicating that their ***investment advisors or other agents*** had knowledge of the underwriting standards of originators, or

*Reply in Support of Motion to Compel Documents from Boilermakers: (CV09-037 MJP) - 5*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

communications between it and its investment advisors or other agents regarding the purchase of the Securities, such documents would be responsive to these requests, and Boilermakers must produce such documents. As to Request 19, Boilermakers claims that it has produced all responsive documents relating to damages. Because it concedes that the valuations of its custodian bank and investment advisors *are not the same*, Boilermakers' representation that it has produced all responsive documents is false, at least with regard to the McMorgan and Callan valuations. Boilermakers must produce all documents regarding potential damages, including all valuations of the Securities from all its agents, including but not limited to the McMorgan and Callan reports.

### B. BOILERMAKERS HAS FAILED TO ESTABLISH THAT THE REQUESTS IMPOSE AN IMPERMISSIBLE BURDEN OR EXPENSE

Boilermakers has not proffered any evidence that the production of documents sought would be unduly burdensome, and has failed to provide "sufficient detail in terms of time, money and procedure required to produced the requested documents." *City of Seattle v. Prof'l Baseball Club, LLC*, No. C07-1620, 2008 WL 539809, at *3 (W.D. Wash. Feb. 25, 2008). Nor can it. With regard to the investment advisor reports, Rodriguez testified that they are kept in Boilermakers' trust files (Rodriguez Tr. 62:8-14, 72:2-4, Ex. E to You Decl.), as are letters from investment advisors when a certificate is downgraded (*id.* at 80:7-10). Presumably other such communications or documents from the investment advisors are also kept in the trust files, and there will be minimal burden or expense to produce these files.

### II.    CONCLUSION

All documents sought by this Motion are within Boilermakers' control, and are not cumulative. Production of them will not be unduly burdensome or expensive. Therefore, the Court should compel Boilermakers to produce all documents requested in Defendants' Motion to Compel.

*Reply in Support of Motion to Compel Documents from Boilermakers (CV09-037 MJP) - 6*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  DATED this 12th day of August 2011.

2                               HILLIS CLARK MARTIN & PETERSON P.S.

3
                                By    s/ Brian C. Free
4                                     Louis D. Peterson, WSBA #5776
                                      Brian C. Free, WSBA #35788
5                                     Hillis Clark Martin & Peterson P.S.
                                      1221 Second Avenue, Suite 500
6                                     Seattle WA 98101-2925
                                      Telephone: (206) 623-1745
7                                     Facsimile: (206) 623-7789
                                      Email: ldp@hcmp.com; bcf@hcmp.com
8
9
                                OF COUNSEL
10                              ADMITTED PRO HAC VICE
                                BINGHAM MCCUTCHEN LLP
11                                    David M. Balabanian
                                      John D. Pernick
12                                    Frank Busch
                                      Three Embarcadero Center
13                                    San Francisco, CA 94111-4067
                                      Telephone: (415) 393-2000
14                                    Facsimile: (415) 393-2286
15                                    Email: david.balabanian@bingham.com;
                                      john.pernick@bingham.com;
16                                    frank.busch@bingham.com
17                              Attorneys for Defendants
                                WaMu Asset Acceptance Corporation, WaMu
18                              Capital Corporation, David Beck, Diane Novak,
                                Rolland Jurgens and Richard Careaga
19
20
21
22
23
24
25
26
27
28

*Reply in Support of Motion to Compel Documents from*     HILLIS CLARK MARTIN & PETERSON P.S.
*Boilermakers (CV09-037 MJP) - 7*                         1221 Second Avenue, Suite 500
                                                          Seattle, Washington 98101-2925
                                                          Telephone: (206) 623-1745
                                                          Facsimile: (206) 623-7789

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Floyd Abrams - fabrams@cahill.com

Michael H. Barr -mbarr@sonnenschein.com

Walter Eugene Barton -
    gbarton@karrtuttle.com,nrandall@karrtuttle.com,danderson@karrtuttle.com

Steve W. Berman -
    steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com

S Douglas Bunch -dbunch@cohenmilstein.com

Steven P Caplow -
    stevencaplow@dwt.com,patrickwatts@dwt.com,sheilarowden@dwt.com,jason
    Schattenkerk@dwt.com

Kevin P Chavous -kchavous@sonnenschein.com

James J. Coster -jcoster@ssbb.com,managingclerk@ssbb.com,jregan@ssbb.com

Hal D Cunningham -hcunningham@scott-
    scott.com,halcunningham@gmail.com,efile@scott-scott.com

Kerry F Cunningham -kerry.cunningham@dlapiper.com

Leslie D Davis -ldavis@sonnenschein.com

Corey E Delaney -
    corey.delaney@dlapiper.com,kerry.cunningham@dlapiper.com,richard.hans@
    dlapiper.com,patrick.smith@dlapiper.com

Joshua S. Devore -jdevore@cohenmilstein.com,efilings@cohenmilstein.com

Joseph A. Fonti -jfonti@labaton.com,ElectronicCaseFiling@labaton.com

Larry Steven Gangnes -
    gangnesl@lanepowell.com,sebringl@lanepowell.com,docketing-
    sea@lanepowell.com,donnellyjossm@lanepowell.com

Jonathan Gardner  jgardner@labaton.com

Joseph P Guglielmo -jguglielmo@scott-scott.com,efile@scott-scott.com

Richard F Hans -richard.hans@dlapiper.com,dorinda.castro@dlapiper.com

David Daniel Hoff -dhoff@tousley.com,efile@tousley.com

Julie Hwang -jhwang@labaton.com,ElectronicCaseFiling@labaton.com

Geoffrey M Johnson - gjohnson@scott-scott.com,efile@scott-scott.com

Matthew B. Kaplan -mkaplan@cohenmilstein.com,efilings@cohenmilstein.com

Stellman Keehnel -stellman.keehnel@dlapiper.com,patsy.howson@dlapiper.com

*Certificate of Service - (CV09-037 MJP)*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

| | |
|---|---|
| 1 | Paul Joseph Kundtz - |
| 2 | pkundtz@riddellwilliams.com,mdowns@riddellwilliams.com,mbergquam@riddellwilliams.com |
| 3 | Joel P Laitman -jlaitman@cohenmilstein.com |
| 4 | Bruce Earl Larson -blarson@karrtuttle.com,psteinfeld@karrtuttle.com |
| 5 | Mike Liles , Jr-mliles@karrtuttle.com |
| | Christopher E Lometti -clometti@cohenmilstein.com |
| 6 | John D Lowery -jlowery@riddellwilliams.com,dhammonds@riddellwilliams.com |
| 7 | Douglas C McDermott -doug@mcdermottnewman.com,eric@mcdermottnewman.com |
| 8 | Bradley T. Meissner -bradley.meissner@dlapiper.com |
| 9 | Timothy Michael Moran - moran@kiplinglawgroup.com,cannon@kiplinglawgroup.com |
| 10 | Brian O. O'Mara -bomara@csgrr.com |
| 11 | Barry Robert Ostrager -bostrager@stblaw.com,managingclerk@stblaw.com |
| 12 | Nancy A Pacharzina -npacharzina@tousley.com,mhottman@tousley.com |
| 13 | Kenneth J Pfaehler -kenneth.pfaehler@snrdenton.com,nicole.reeber@snrdenton.com |
| | Daniel B Rehns -drehns@cohenmilstein.com,efilings@cohenmilstein.com |
| 14 | Kenneth M Rehns -krehns@cohenmilstein.com |
| 15 | Julie Goldsmith Reiser -jreiser@cohenmilstein.com |
| 16 | Serena Richardson -srichardson@labaton.com,ElectronicCaseFiling@labaton.com |
| 17 | Rogelio Omar Riojas - omar.riojas@dlapiper.com,nina.marie@dlapiper.com,karen.hansen@dlapiper.com |
| 18 | Darren J Robbins -e_file_sd@csgrr.com |
| 19 | Tammy Roy -troy@cahill.com |
| | Joshua M. Rubins -jrubins@ssbb.com,managingclerk@ssbb.com,jregan@ssbb.com |
| 20 | Stephen M. Rummage -steverummage@dwt.com,jeannecadley@dwt.com |
| 21 | Hollis Lee Salzman -hsalzman@labaton.com,ElectronicCaseFiling@labaton.com |
| 22 | Paul Scarlato -pscarlato@labaton.com,ElectronicCaseFiling@labaton.com |
| 23 | Arthur L Shingler -ashingler@scott-scott.com,efile@scott-scott.com |
| | Gavin Williams Skok -gskok@riddellwilliams.com,dhammonds@riddellwilliams.com |
| 24 | Richard A Speirs -rspeirs@cohenmilstein.com |
| 25 | Kim D Stephens - kstephens@tousley.com,wcruz@tousley.com,cbonifaci@tousley.com |
| 26 | Robert D Stewart -stewart@kiplinglawgroup.com,cannon@kiplinglawgroup.com |
| 27 | Janissa Ann Strabuk - jstrabuk@tousley.com,wcruz@tousley.com |
| 28 | Steven J Toll -stoll@cohenmilstein.com,efilings@cohenmilstein.com |

*Certificate of Service - (CV09-037 MJP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Mary Kay - Vyskocil mvyskocil@stblaw.com
Dennis H Walters -dwalters@karrtuttle.com,wbarker@karrtuttle.com
Adam Zurofsky -azurofsky@cahill.com

DATED this 12th day of August, 2011 at Seattle, Washington.

By   s/ Brian C. Free
Brian C. Free, WSBA #35788
1221 Second Avenue, Suite 500
Seattle WA 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789
Email: bcf@hcmp.com

*Certificate of Service - (CV09-037 MJP)*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789