HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates to: ALL CASES | Master Case No. 2:09-cv-00037-MJP<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO SEAL EXHIBITS TO THE SUPPLEMENTAL YOU DECLARATION**<br><br>**NOTED ON MOTION CALENDAR: August 26, 2011** |

## I. INTRODUCTION

Plaintiff Boilermakers National Annuity Trust ("Boilermakers") files this response to Defendants' Motion to Seal Exhibits to the Supplemental You Declaration ("Supplemental You Declaration") (Dkt. No. 304). Plaintiff requests that the Court issue an Order sealing Exhibits A and B to the Supplemental You Declaration. These Exhibits contain information that is subject to protection under the Stipulated Protective Order and Stipulated Order ("Protective Order") the Court has entered in this case (Dkt. No. 213).

## II. STATEMENT OF FACTS

On August 12, 2011, Defendants filed a supplemental declaration in support of their motion to compel the production of certain documents from Boilermakers. That declaration

PLAINTIFF'S RESPONSE TO MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 1
4898/001/246746.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1  attached three exhibits.  Exhibit A is an excerpt of a report produced by Plaintiff's third-party
2  investment consultant, Callan & Associates ("Callan Report").  Exhibit B is an excerpt from
3  a report produced by Plaintiff's third-party investment manager, McMorgan & Company
4  ("McMorgan Report").[1]  Each of these exhibits references many securities investments made
5  by Plaintiff other than the WaMu 2006-AR7 Certificates at issue in this litigation.  This
6  information is confidential information that, if publicly disclosed, could be detrimental to
7  Plaintiff's ongoing business practices.  Plaintiff now responds to Defendants' motion to seal
8  also seeking to seal these exhibits that contain this confidential proprietary information.
9  Because good cause exists to seal these documents, Plaintiff respectfully requests that the
10 Court grant the motion to seal.

## III. ARGUMENT AND AUTHORITY

### A. Standard of Review

13 The Court has authority to seal documents, or portions of documents, that contain
14 confidential or highly sensitive information.  The Protective Order and LR 5(g)(3) provide
15 that a party must obtain the Court's authority to file documents under seal by filing a motion
16 to seal.  There are two standards that govern motions to seal.  *See* LR 5g(2).

17 Fed. R. Civ. P. 26(c) provides that "a trial court may grant a protective order to
18 protect a party or person from annoyance, embarrassment, oppression, or undue burden or
19 expense."  Where a party is seeking to seal documents pursuant to Rule 26(c), typically
20 documents attached to non-dispositive discovery motions such as the underlying motion to
21 compel here, that party need only show that good cause exists to protect the information from
22 being disclosed to the public by balancing the needs for discovery against the need for
23 confidentiality.  *Pintos v. Pac. Creditors Assoc.*, 605 F.3d 665, 678 (2010) (citing *Phillips ex*
24 *rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).  Such non-
25 dispositive motions are "often unrelated, or only tangentially related, to the underlying cause

---

[1] Plaintiff has no objection to the unsealing of Exhibit C.

PLAINTIFF'S RESPONSE TO MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 2
4898/001/246746.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to nondispositive materials." *Id.* Alternatively, to seal documents attached to a dispositive motion, such as a summary judgment motion, the movant must meet a "compelling reasons" standard. *See Kelley v. Microsoft Corp.*, No. cv-00475-MJP, Dkt. 129. *See also Pintos*, 605 F.3d at 678 (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted)).[2]

**B.   Good Cause Exists to Seal Exhibits A and B to the Supplemental You Declaration**

The law "gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. GMC*, 307 F.3d at 1211 (citing Fed. R. Civ. P. 26(c)(7)). Information concerning the value of Plaintiff's investment portfolio and rates of return on irrelevant securities investments made by Plaintiff's investment manager on Plaintiff's behalf is information that was compiled by Plaintiff and its third-party investment advisors during the normal course of Plaintiff's, McMorgan's and Callan's businesses. *See Carpenter v. U.S.*, 484 U.S. 19, 26, 108 S. Ct. 316 (1987) (holding that "[c]onfidential information acquired or compiled by a corporation in the course and conduct of its business is a species of property to which the corporation has the exclusive right and benefit"). *See also Selling Source, LLC v. Red River Ventures, LLC*, 2011 U.S. Dist. LEXIS 49664 (D. Nev. Apr. 29, 2011) (holding that good

---

[2] Under the "compelling reasons" standard, a district court must weigh "relevant factors," base its decision "on a compelling reason," and "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Courts in the Ninth Circuit have considered the following factors in determining whether compelling reasons exist to warrant sealing records: (1) the public's interest in understanding the judicial process; (2) whether disclosure of the material at issue could result in improper use (such as to incite scandal, libel a party, or enable infringement of a party's trade secrets); (3) the interests of the parties, and the balance of equities; and (4) the duty of the court to balance all of these competing interests and to inform the public of the basis for its decision. *See California ex rel. Lockyer v. Safeway, Inc.*, 355 F. Supp. 2d 1111, 1115 (C.D. Cal. 2005) (citing *Nixon v. Warner Comm'n, Inc.*, 435 U.S. 589, 602-04, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978); *Hagestad*, 49 F.3d at 1434; *Valley Broad. Co. v. U.S. District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986)) (finding in the context of a labor dispute that consideration of these factors as well as "the national labor policy" were relevant in evaluating a non-party's motion to seal exhibits containing personal financial information).

PLAINTIFF'S RESPONSE TO MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 3
4898/001/246746.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

cause existed to seal documents concerning Selling Source's propriety business operations and trade secrets). The public disclosure of this information could subject Plaintiff, McMorgan and Callan to annoyance, embarrassment, oppression, or undue burden or expense from third-party competitors and others who may obtain their confidential business records.  As a result, good cause exists for it to be sealed.

**C.     Even if a Compelling Reason Standard is Applied, Such Reasons Exist to Seal Portions of Exhibit A and B.**

"It is well-settled that the court has the authority to shield proprietary information related to the ongoing operations of a business from public review. *Selling Source*, 2011 U.S. Dist. LEXIS 49664 (D. Nev. Apr. 29, 2011).  In *Selling Source*, faced with a motion to seal discovery documents and deposition transcripts that related to the Defendant's business, the court held that, "most of the material consists of detailed information regarding the parties' business operations, customer agreements, corporate structure, the details of Selling Source's customer base and how the company works with and licenses products to its customers and measures it takes to protect its intellectual property. Based on the content of this material, the parties' interest in protecting their trade secrets and proprietary business practices outweighs the general public interest in public filings." *Selling Source*, 2011 U.S. Dist. LEXIS 49664 at *5. *See* the Declaration of Kenneth M. Rehns in Response to Defendants' Motion to Seal Exhibits to the Supplemental You Declaration ("Rehns Declaration").

The proposed sealing of confidential information discussed in the Callan and McMorgan Reports includes information regarding investments that are not at issue in this litigation.  This information constitutes proprietary information that should be shielded from disclosure.  Public disclosure of this information could further subject Plaintiff and its third party investment advisors McMorgan and Callan to the risk that this information will be used improperly by third-party competitors.

PLAINTIFF'S RESPONSE TO MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 4
4898/001/246746.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

### D. Sealing These Documents Will Not Hamper the Public's Understanding of the Judicial Process

Moreover, other "relevant factors" warrant sealing this information. First, sealing the non-public investments of Plaintiff will neither hamper nor threaten the public's interest in understanding the judicial process. Indeed, the proposed redactions seek to seal information concerning only those securities investments that are not at issue in this litigation. Further, the other documents that have been filed provide a wealth of information regarding the issues in this case. The sealing of irrelevant portions of just two exhibits does not negatively impact the public's interest.

Continued access to the other exhibits filed in this case will ensure that the public is able to review and assess the information most relevant to this case. The public's interest in understanding the claims and defenses in this case and, ultimately, the public's interest in understanding the judicial process by which those claims and defenses will be evaluated, will not be impaired if the Court grants this motion.

### E. Disclosure of This Information Could Result in Improper Use

Furthermore, information regarding Boilermakers' securities investments could be used against Plaintiff, McMorgan and Callan by competitors, the potential of which should be considered in determining whether compelling reasons exist to seal documents. Plaintiff seeks to prevent the possibility of other entities misusing, manipulating, or otherwise exploiting this information to the detriment of Boilermakers and its third-party investment advisors.

### F. Neither the Parties' Interests Nor a Balancing of the Equities Precludes Sealing This Information, and the Court Must Balance These Competing Interests and Inform the Public of the Basis for its Decision

Finally, Plaintiff's interest in protecting this information outweighs those interests of the public. The information Plaintiff seeks to seal has little probative value as to the issues raised in this case, and sealing this information will not impede the public's ability to independently assess the case. As previously discussed, continued access to other exhibits filed in this matter will ensure the public's interest is adequately protected.

PLAINTIFF'S RESPONSE TO MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 5
4898/001/246746.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

## IV. CONCLUSION

Exhibits A and B to the Supplemental You Declaration should be sealed because good cause and compelling reasons exist to keep this information confidential. Proposed redactions to Exhibits A and B to the You Declaration for public filing are attached as Exhibits A and B to the Rehns Declaration submitted herewith.

Dated: August 22, 2011

                                        Respectfully submitted,

**TOUSLEY BRAIN STEPHENS PLLC**

By: /s/ Janissa A. Strabuk
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com
       jstrabuk@tousley.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

**SCOTT+SCOTT LLP**

Arthur L. Shingler III (admitted pro hac vice)
Hal D. Cunningham (admitted pro hac vice)
600 B Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
Email: ashingler@scott-scott.com
       hcunningham@scott-scott.com

Joseph P. Guglielmo (admitted pro hac vice)
500 Fifth Avenue, 40th Floor
New York, New York 10110
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
Email: jguglielmo@scott-scott.com

PLAINTIFF'S RESPONSE TO MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 6
4898/001/246746.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | **COHEN MILSTEIN SELLERS & TOLL PLLC** |
| 2 | |
| 3 | Steven J. Toll |
| | Julie Goldsmith Reiser |
| 4 | Joshua S. Devore (admitted pro hac vice) |
| | Matthew B. Kaplan (admitted pro hac vice) |
| 5 | S. Douglas Bunch (admitted pro hac vice) |
| | 1100 New York Avenue, NW |
| 6 | Suite 500 West |
| | Washington, D.C. 20005 |
| 7 | Telephone: (202) 408-4600 |
| | Facsimile: (202) 408-4699 |
| 8 | Email: stoll@cohenmilstein.com |
| 9 |        jreiser@cohenmilstein.com |
| |        jdevore@cohenmilstein.com |
| 10 |        mkaplan@cohenmilstein.com |
| |        dbunch@cohenmilstein.com |
| 11 | |
| 12 | Joel P. Laitman (admitted pro hac vice) |
| | Christopher Lometti (admitted pro hac vice) |
| 13 | Daniel B. Rehns (admitted pro hac vice) |
| | 150 East 52nd Street, Thirtieth Floor |
| 14 | New York, New York 10022 |
| | Telephone: (212) 838-7797 |
| 15 | Facsimile: (212) 838-7745 |
| | Email: jlaitman@cohenmilstein.com |
| 16 |        clometti@cohenmilstain.com |
| |        drehns@cohenmilstein.com |
| 17 | |
| 18 | *Lead Counsel for the Proposed Class* |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |

PLAINTIFF'S RESPONSE TO MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 7
4898/001/246746.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

# **CERTIFICATE OF SERVICE**

1

2  I hereby certify that on August 22, 2011, I electronically filed the foregoing with the

3  Clerk of the Court using the CM/ECF system which will send electronic notification of such

4  filing to all counsel of record and additional persons listed below:

5

6  Steve W. Berman (Terminated) steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

7  Larry Steven Gangnes gangnesl@lanepowell.com, docketing-sea@lanepowell.com,
8  donnellyjossm@lanepowell.com, sebringl@lanepowell.com

9  David Daniel Hoff dhoff@tousley.com, efile@tousley.com

10  Stellman Keehnel stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com

11  Paul Joseph Kundtz pkundtz@riddellwilliams.com, mbergquam@riddellwilliams.com,
12  mdowns@riddellwilliams.com

13  Bruce Earl Larson blarson@karrtuttle.com, psteinfeld@karrtuttle.com

14  John D Lowery jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com

15  Louis David Peterson ldp@hcmp.com, smp@hcmp.com

16  Stephen M. Rummage steverummage@dwt.com, jeannecadley@dwt.com

17  Kim D Stephens kstephens@tousley.com, cbonifaci@tousley.com, wcruz@tousley.com
18
19  Robert D Stewart stewart@kiplinglawgroup.com, cannon@kiplinglawgroup.com

20  Dennis H Walters dwalters@karrtuttle.com, wbarker@karrtuttle.com

21  Mike Liles, Jr mliles@karrtuttle.com

22  Steven P Caplow stevencaplow@dwt.com, chrisevo@dwt.com,
23  jasonSchattenkerk@dwt.com, patrickwatts@dwt.com, sheilarowden@dwt.com

24  Janissa Ann Strabuk jstrabuk@tousley.com, wcruz@tousley.com

25  Walter Eugene Barton gbarton@karrtuttle.com, danderson@karrtuttle.com,
26  nrandall@karrtuttle.com

27  Gavin Williams Skok gskok@riddellwilliams.com, dhammonds@riddellwilliams.com

PLAINTIFF'S RESPONSE TO MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 8
4898/001/246746.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | David M Balabanian david.balabanian@bingham.com |
| 2 | Douglas C McDermott doug@mcdermottnewman.com, eric@mcdermottnewman.com |
| 3 | Steven J Toll stoll@cohenmilstein.com, efilings@cohenmilstein.com |
| 4 | John D Pernick john.pernick@bingham.com |
| 5 | Brian C Free bcf@hcmp.com, gcp@hcmp.com |
| 6 7 | Rogelio Omar Riojas omar.riojas@dlapiper.com, karen.hansen@dlapiper.com, nina.marie@dlapiper.com |
| 8 | Timothy Michael Moran moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com |
| 9 | Arthur L Shingler ashingler@scott-scott.com, efile@scott-scott.com |
| 10 11 | Richard A Speirs rspeirs@cohenmilstein.com |
| 12 | Bradley T. Meissner bradley.meissner@dlapiper.com |
| 13 | Mary Kay Vyskocil mvyskocil@stblaw.com |
| 14 | Barry Robert Ostrager bostrager@stblaw.com, managingclerk@stblaw.com |
| 15 | Richard F Hans richard.hans@dlapiper.com, dorinda.castro@dlapiper.com |
| 16 | Kerry F Cunningham kerry.cunningham@dlapiper.com |
| 17 18 | Corey E Delaney corey.delaney@dlapiper.com, kerry.cunningham@dlapiper.com, patrick.smith@dlapiper.com, richard.hans@dlapiper.com |
| 19 | S Douglas Bunch dbunch@cohenmilstein.com |
| 20 | Darren J Robbins e_file_sd@csgrr.com |
| 21 22 | Jonathan Gardner jgardner@labaton.com |
| 23 | Hollis Lee Salzman (Terminated) hsalzman@labaton.com, ElectronicCaseFiling@labaton.com |
| 24 | Daniel B Rehns drehns@cohenmilstein.com, efilings@cohenmilstein.com |
| 25 26 | Joel P Laitman jlaitman@cohenmilstein.com |
| 27 | Christopher E Lometti clometti@cohenmilstein.com |

PLAINTIFF'S RESPONSE TO MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 9
4898/001/246746.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1  Michael H. Barr mbarr@sonnenschein.com

2  Kenneth J Pfaehler kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com

3  Leslie D Davis ldavis@sonnenschein.com

4  Kevin P Chavous kchavous@sonnenschein.com

5  Joseph A. Fonti (Terminated) jfonti@labaton.com, ElectronicCaseFiling@labaton.com

6  Paul Scarlato pscarlato@labaton.com, ElectronicCaseFiling@labaton.com

7

8  Serena Richardson (Terminated) srichardson@labaton.com, ElectronicCaseFiling@labaton.com

9  Frank Busch frank.busch@bingham.com, frank.downing@bingham.com,
10  theo.robins@bingham.com

11  Hal D Cunningham hcunningham@scott-scott.com, efile@scott-scott.com, halcunningham@gmail.com
12

13  Julie Hwang (Terminated) jhwang@labaton.com, ElectronicCaseFiling@labaton.com

14  Joseph P Guglielmo jguglielmo@scott-scott.com, efile@scott-scott.com

15  Kenneth M Rehns krehns@cohenmilstein.com

16  Adam Zurofsky azurofsky@cahill.com

17  Tammy Roy troy@cahill.com

18  Floyd Abrams fabrams@cahill.com
19

20  James J. Coster jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

21  Joshua M. Rubins jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

22  Brian O. O'Mara bomara@csgrr.com

23  Joshua S. Devore jdevore@cohenmilstein.com, efilings@cohenmilstein.com

24  Matthew B. Kaplan mkaplan@cohenmilstein.com, efilings@cohenmilstein.com

25  Julie Goldsmith Reiser jreiser@cohenmilstein.com

26
    **2:09-cv-00037-MJP Notice will not be electronically mailed to:**
27

PLAINTIFF'S RESPONSE TO MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 10
4898/001/246746.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

WaMu Officer Defendants Securities MDL

**2:09-cv-00134-MJP Notice has been electronically mailed to:**

Bruce Earl Larson dwalters@karrtuttle.com

Naumon A Amjed namjed@btkmc.com, knguyen@btkmc.com

John A. Kehoe jkehoe@btkmc.com

Sharan Nirmul snirmul@btkmc.com

Andrew B Brettler (Terminated) abrettler@gmail.com

**2:09-cv-00134-MJP Notice will not be electronically mailed to:**

WaMu Officer Defendants Securities MDL

**2:09-cv-00137-MJP Notice has been electronically mailed to:**

Christopher M Huck huck@pypfirm.com, dana@pypfirm.com

**2:09-cv-00137-MJP Notice will not be electronically mailed to:**

WaMu Officer Defendants Securities MDL

**2:09-cv-01557-MJP Notice has been electronically mailed to:**

Gavin Williams Skok azurofsky@cahill.com, fabrams@cahill.com, troy@cahill.com

**2:09-cv-01557-MJP Notice will not be electronically mailed to:**

**2:10-cv-00990-JCC Notice has been electronically mailed to:**

Joel E. Wright jw@leesmart.com, sm@leesmart.com

John M Casey jcasey@curranfirm.com, kchurch@curranfirm.com

Marc Rosenberg mr@leesmart.com, Lawyermarc@comcast.net

Michael T. Pines info@pinesandassociates.com, michaelpines@gmail.com

PLAINTIFF'S RESPONSE TO MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 11
4898/001/246746.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

|   |   |
|---|---|
| 1 | By: /s/ Janissa A. Strabuk |
|   | Kim D. Stephens, WSBA #11984 |
| 2 | Janissa A. Strabuk, WSBA #21827 |
|   | 1700 Seventh Avenue, Suite 2200 |
| 3 | Seattle, Washington 98101 |
|   | Telephone: (206) 682-5600 |
| 4 | Facsimile: (206) 682-2992 |
|   | Email: kstephens@tousley.com |
| 5 | jstrabuk@tousley.com |

*Liaison Counsel for Plaintiffs and the Proposed Class*

PLAINTIFF'S RESPONSE TO MOTION TO SEAL
(NO. 2:09-CV-0037-MJP) - 12
4898/001/246746.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992