1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | CASE NO. C09-37 MJP<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Plaintiffs' motion for leave to amend their complaint.  (Dkt. No. 256.)  Having reviewed the motion, the response of Intervenor JP Morgan Chase Bank, N.A. ("JPMC") (Dkt. No. 268), the reply (Dkt. No. 274), and all related papers, the Court DENIES the motion.

**Background**

Plaintiffs pursue Securities Act claims against Defendants with regard to issuance of various mortgage backed securities.  Plaintiffs originally sued Washington Mutual Bank ("WMB"), among other defendants, at a time after WMB had been taken into receivership by the

ORDER DENYING MOTION FOR LEAVE TO
AMEND- 1

1   Federal Deposit Insurance Corporation ("FDIC").  Early in this case, the FDIC filed an

2   unopposed motion to substitute WMB, which the Court granted.  (Dkt. Nos. 12, 13.)  The FDIC

3   then moved to dismiss the claims against it (as receiver of WMB) because Plaintiffs had failed to

4   exhaust the administrative claims process mandated by the Financial Institutions Reform,

5   Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821(d)(3)-(10) & (13).  (Dkt. No.

6   14.)  On April 20, 2009, the Court granted the motion, finding Plaintiffs' failure to exhaust the

7   administrative claims process under FIRREA fatal to its claims against the FDIC as receiver of

8   WMB.  (Dkt. No. 62.)

9          Plaintiffs now claim they "recently learned that they have a plausible claim that JPMC

10  Bank, N.A. ('JPMC') assumed full responsibility for the liabilities of WMB when JPMC

11  purchased WMB from the FDIC. . . ."  (Dkt. No. 256 at 2.)  Plaintiffs argue that the FDIC has

12  changed its position with regard to whether it assumed WMB's liability at stake in this litigation.

13  Plaintiffs point out that in seeking dismissal of the claims against it, the FDIC argued that any

14  claims against WMB had to be brought against it because it had been appointed receiver.

15  Plaintiffs then point to a filing in an unrelated case where the FDIC stated "JPMC acquired

16  WaMu's ongoing banking operations in a 'whole bank' transaction, 'purchas[ing] substantially

17  all of the assets and assum[ing] all deposit and substantially all other liabilities' of WaMu."  (Id.

18  The FDIC wrote "[t]he only limitation on JPMC's assumption of WaMu's liabilities is that the

19  liability be 'reflected' on WaMu's 'Books and Records' as of September 25, 2008."  (Id.)

20  Plaintiffs argue the liabilities on the "Books and Records" sold to JPMC include the securities

21  liabilities related to this litigation and that Plaintiffs should be given leave to add JPMC as a

22  party.  (Id. at 7.)

23                                          **Analysis**

24

1  A.      Amendment Improper

2         Leave to amend is to be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).

3  "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory

4  motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

5  allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility

6  of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'"  Foman v.

7  Davis, 371 U.S. 178, 182 (1962).  "A proposed amendment is futile only if no set of facts can be

8  proved under the amendment to the pleadings that would constitute a valid and sufficient claim

9  or defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  Prejudice is the

10 factor accorded the greatest weight, but a strong showing of any of the other factors will counsel

11 against granting leave to amend.  Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th

12 Cir. 2003).  Given that Plaintiffs have already filed an amended complaint, the Court's

13 "discretion to deny leave to amend is particularly broad where plaintiff has previously amended

14 the complaint."  City of Los Angeles v. San Pedro Boat Works, 635 F.3d 440, 454 (9th Cir.

15 20011) (quotation omitted).

16        As explained below, Plaintiffs' proposed amendment is futile and untimely.  The Court

17 DENIES the motion.

18        1.      Futility

19        Plaintiffs have not shown a valid argument as to how JPMC acquired the liability at issue

20 in this litigation when it purchased WaMu's assets from the FDIC.  The proposed amendment is

21 futile.

22        Plaintiffs fail to advance a legally-supported theory to explain how JMPC acquired

23 WMB's liability for any violations of the Securities Act in relation to the mortgage backed

24

ORDER DENYING MOTION FOR LEAVE TO
AMEND- 3

1  securities at issue her.  The one published Ninth Circuit case Plaintiffs rely on is inapposite.  In

2  Heinrichs v. Valley View Dev., 474 F.3d 609, 614-15 (9th Cir. 2007), the court held that once an

3  asset (in that case a loan note) held by the FDIC as receiver is sold by the FDIC, any contractual

4  claims against that asset are not to be brought against the FDIC and are not subject to FIRREA.

5  That is, once an asset is sold, any contractual claims related to the asset are to be brought against

6  the purchaser of the asset, not the FDIC.  This is not the same principle Plaintiffs attempt to

7  invoke here.  Plaintiffs do not seek to assert a contractual claim against JPMC.  Instead, Plaintiffs

8  argue that JPMC acquired all liability for any Securities Act claims tied to misrepresentations or

9  omission made in the sale of certain mortgage backed securities.  The court's ruling in Heinrichs

10  does not support Plaintiffs' argument that JPMC acquired such non-contractual liability.  The

11  Court rejects any reliance on Heinrichs.

12         Plaintiffs also argue that the FDIC's purportedly "new" position in a different case

13  involving Deutsche Bank supports their claims.  Like the holding in Heinrichs, the FDIC's

14  position is both factually and legally unrelated to the case before the Court.  In the case Plaintiffs

15  rely on, Deutsche Bank sought to enforce contractual obligations against the FDIC related to

16  various trusts WaMu held on its  "Books and Records" when WaMu failed.  (Dkt. No. 269-1 at

17  1-5.)  In response to Deutsche Bank's claims, the FDIC argued that it had sold those contractual

18  liabilities to JPMC and that any claims had to be brought against JPMC.  (Id. at 36-37.)  Similar

19  to Heinrichs, the FDIC merely took the position that any contractual liabilities tied to securities

20  sold to JPMC belong to JPMC.  The FDIC nowhere argued that JPMC assumed any liability for

21  Securities Act claims tied to any such securities.  The FDIC's position in the Deutsche Bank case

22  does not open the door to amendment.  Plaintiffs also argue that the D.C. Circuit has found

23  FIRREA inapplicable to claims identical to theirs and that JPMC should therefore be added as a

24

ORDER DENYING MOTION FOR LEAVE TO
AMEND- 4

1  party. (Dkt. No. 274 at 7.) Yet the case Plaintiffs cite involved a question of whether FIRREA

2  applied to JPMC where JPMC was sued for acts and omissions it itself allegedly undertook. Am.

3  Nat'l Ins. Co. v. FDIC, 642 F.3d 1137 (D.C. Cir. 2011). The case is inapposite, as Plaintiffs here

4  nowhere suggest that JPMC itself engaged in any acts or omissions.

5        Plaintiffs lastly argue that there is a genuine dispute about whether the Securities Act

6  claims they assert were on the "Books and Records" of WMB at the time JPMC made its

7  purchase from FDIC of WMB's assets and liabilities. They have failed to advance a legal theory

8  to support this assertion and it is highly attenuated. That a lawsuit was filed does not mean it

9  became a liability on the "Books and Records." Plaintiffs cite to no authority to support this

10  factual assertion. Contrary to Plaintiffs' position, JPMC has cited to a number of cases where

11  courts have rejected Plaintiffs' argument that JPMC assumed liability for acts or omission of

12  WaMu or its agents. (Dkt. No. 268 at 24-25.) For example, in In re Shirk, 437 B.R. 592, 602

13  (Bankr. S.D. Ohio 2010), the court concluded that JPMC assumed no liability for acts or

14  omissions of WaMu's employees with regard to a particular loan. See also Aber-Shukofsky v.

15  JPMorgan Chase & Co., 755 F. Supp. 2d 441, 446 (E.D.N.Y. 2010) (FLSA claims arising out of

16  WaMu's acts or omissions did not pass to JPMC). Plaintiffs argue in a footnote that Shirk is

17  distinguishable because the agreement between JPMC and the FDIC expressly carved out

18  borrower claims like the ones in Shirk. (Dkt. No. 274 at 8 n.3.) It is true that the clause in the

19  agreement exists, but the court's conclusion in Shirk turned instead on a straightforward reading

20  of FIRREA and its conclusion that acts or omissions undertaken by WaMu employees did not

21  transfer to JPMC. Shirk, 437 B.R. at 602. Without a legal theory as to how the liability was

22  transferred, the mere possibility of factual allegations alone does not serve to support an

23  amendment that is legally untenable.

24

1    The Court finds Plaintiffs' proposed amendment futile in light of Plaintiffs' failure to

2    advance any theory of liability against JPMC.

3        2.    <u>Undue Delay</u>

4    JPMC argues that Plaintiffs have failed to move for amendment in a timely manner.  The

5    Court finds this argument persuasive.  The only new "fact" Plaintiffs trot out is the position the

6    FDIC has taken in an unrelated case involving Deutsche Bank.  As explained above, this position

7    is not relevant to the present litigation.  Plaintiffs were free to argue that JPMC assumed the

8    liabilities of WMB at the outset of this litigation.  Instead, they permitted the FDIC to intervene.

9    Moreover, the Deutsche Bank case cited was filed on August 26, 2009 and the FDIC presented

10   its purportedly "new" position as early as June 17, 2010.  The FDIC's position was thus

11   publically available over a year ago, and the proposed amendment is untimely.  In addition to

12   finding the proposed amendment legally futile, the Court finds the motion untimely.

13       3.    <u>Bad Faith</u>

14   JPMC has not argued that there is any evidence of bad faith and the Court does not find

15   any.  Its absence, however, does not outweigh the futile and untimely nature of the proposed

16   amendment.

17       4.    <u>Prejudice</u>

18   The Court finds there to be little prejudice to JPMC if amendment is allowed.  Plaintiffs

19   make much of the fact that none of the current parties to the litigation opposed the motion to

20   amend as evidence there is no prejudice.  This carries little weight.  JPMC has argued that

21   litigating the question of whether JPMC assumed the control person liability will expend extra

22   resources to litigate a collateral issue.  This is not the most compelling argument.  The issue

23   could likely be resolved through motions practice that would not delay the proceedings,

24

ORDER DENYING MOTION FOR LEAVE TO
AMEND- 6

1  particularly given the amount of time left before dispositive motions deadline.  It is possible that

2  JPMC would need to conduct discovery beyond the current deadline, which is a small but not

3  insignificant issue that could prejudice its efforts if it is brought in as a party.  Given these

4  considerations, the Court finds there to be some prejudice to JPMC if the amendment is allowed.

5          5.      Conclusion

6          Having considered all four factors, the Court finds the proposed amendment improper.

7  The proposed amendment is both untimely and futile.  While there is no evidence of bad faith

8  and little evidence of prejudice, the Court does not find the amendment proper.  Plaintiffs'

9  motion is DENIED.

10  B.      Request to Vacate

11          As an alternative request, Plaintiffs ask the Court to vacate its order dismissing WMB

12  and instead issue an order naming JPMC as the successor-in-interest to WMB.  As explained

13  above, Plaintiffs have advanced no legal basis on which to permit JPMC to be substituted as a

14  party.  Plaintiffs' unsupported request to vacate the order is DENIED.

15                                          **Conclusion**

16          Plaintiffs have not provided a cogent or reasoned theory of successor liability as to

17  JPMC.  They have failed to show any valid reason why they should be permitted to file another

18  amended complaint, where the proposed amendment is untimely and futile.  There is also no

19  basis to vacate the Court's prior order.  The Court DENIES the motion.

20          The clerk is ordered to provide copies of this order to all counsel.

21          Dated this 2nd day of September, 2011.

22

23          _____

24          Marsha J. Pechman
            United States District Judge

ORDER DENYING MOTION FOR LEAVE TO
AMEND- 7