1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**HONORABLE MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE WASHINGTON MUTUAL
MORTGAGE BACKED SECURITIES
LITIGATION

This Document Relates to: ALL CASES

Master Case No. 2:09-cv-00037-MJP

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS**

**NOTED ON MOTION CALENDAR:
SEPTEMBER 16, 2011***

**ORAL ARGUMENT REQUESTED**

---

\*   This amended noting date was requested pursuant to the Third Stipulated Motion Modifying Briefing
    Schedule on Defendants' Motion for Judgment on the Pleadings, ECF No. 320.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. 2:09-cv-00037-MJP)
4898/001/247247.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

# **TABLE OF CONTENTS**

I.     Introduction ................................................................................................................ 1

II.    Background................................................................................................................. 2

III.   Argument .................................................................................................................. 3

   A.   The Vast Majority of Federal Courts Have Rejected Defendants' "Tranche
      Standing" Argument ............................................................................................. 3

     1.   The First Circuit's Decision in *Nomura* ...................................................... 3

     2.   Other District Court Authority .................................................................... 6

     3.   Countrywide Stands Alone........................................................................... 7

   B.   The "Tranche Standing" Argument Is Inconsistent with This Court's Reasoning
      When Deciding the "Certificate Standing" Issue ................................................. 9

   C.   Defendants' Reliance on This Court's Decision in the WaMu 10(b) Action Is
      Misplaced ............................................................................................................ 10

IV.    Conclusion............................................................................................................... 12

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS         i
(Case No. 2:09-cv-00037-MJP)
4898/001/247247.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

1

## <u>TABLE OF AUTHORITIES</u>

2
                                                                                          **Page(s)**
**CASES**

3

4
*Barnes v. Osofsky*,
    373 F.2d 269 (2d Cir. 1967) ................................................................................8

5
*Boilermakers Nat'l Annuity Trust Fund v. WaMu Mortgage Pass Through Certificates*,

6
    748 F. Supp. 2d 1246 (W.D. Wash. 2010) ....................................................... 1, 9

7
*Califano v. Yamasaki*,
    442 U.S. 682 (1979) ...................................................................................... 4, 8

8

9
*Casey v. Lewis*,
    4 F.3d 1516 (9th Cir. 1993) ...............................................................................5

10
*Graden v. Conexant Sys. Inc.*,

11
    496 F.3d 291 (3d Cir. 2007) ..............................................................................7

12
*Harris v. Amgen, Inc.*,
    573 F.3d 728 (9th Cir. 2009) ............................................................................8

13

14
*Hertzberg v. Dignity Partners, Inc.*,
    191 F.3d 1076 (9th Cir. 1999) ..........................................................................8

15
*In re Dynex Capital, Inc. Sec. Litig.*,

16
    No. 05 Civ. 1897, 2011 WL 781215 (S.D.N.Y. Mar. 7, 2011) ....................... 1, 7

17
*In re Lehman Brothers Sec. and ERISA Litig.*,
    684 F. Supp. 2d 485 (S.D.N.Y. 2010) ...............................................................1

18

19
*In re Washington Mut. Sec. Litig., Deriv. & ERISA*,
    694 F. Supp. 2d 1192 (W.D. Wash. 2009) .........................................................5

20
*In re Washington Mutual Sec. Litig.*,

21
    694 F. Supp. 2d 958 (W.D. Wash. 2009) ...........................................................2

22
*Kohen v. Pac. Inv. Mgmt. Co. LLC*,
    571 F.3d 672 (7th Cir. 2009) (Posner, J.) ..........................................................8

23

24
*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
    No. 10-0302 (C.D. Cal. May 5, 2011) ...............................................................7

25
*Morrison v. Nat'l Australia Bank Ltd.*,

26
    130 S. Ct. 2869 (2010) ......................................................................................3

27
*N.J. Carpenters Health Fund v. DLJ Mortgage Capital, Inc.*,
    No. 08-cv-05653 (S.D.N.Y. Aug. 16, 2011) ......................................................1

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS      ii
(Case No. 2:09-cv-00037-MJP)
4898/001/247247.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX  206.682.2992

*N.J. Carpenters Health Fund v. Residential Capital, LLC*,
    272 F.R.D. 160 (S.D.N.Y. 2011) ...................................................................................... 1, 6, 7

*Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*,
    632 F.3d 762 (1st Cir. 2011) ...................................................................................... 1, 4, 5, 12

*Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co. Inc.*,
    No. 08 Civ. 10841 (S.D.N.Y. Aug. 22, 2011) ....................................................................... 6

*Reed Elsevier, Inc. v. Muchnick*,
    130 S. Ct. 1237 (2010) ........................................................................................................... 8

*Reno v. American-Arab Anti-Discrimination Comm.*,
    525 U.S. 471 (1999) ................................................................................................................ 7

*Ret. Sys. of Miss. v. Merrill Lynch & Co. Inc.*,
    No. 08 Civ. 10841 (S.D.N.Y. Aug. 22, 2011) ....................................................................... 1

*Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs and Trainmen Gen. Comm. of
    Adjustment, Central Region*,
    130 S. Ct. 584 (2009) ............................................................................................................ 3

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    § 77k (a).................................................................................................................................. 8

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS          iii
(Case No. 2:09-cv-00037-MJP)
4898/001/247247.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

# I. INTRODUCTION

In their motion for judgment on the pleadings, Defendants argue Plaintiffs lack standing to bring class-wide claims on behalf of investors who purchased the same Certificates[1] as Plaintiffs, but who did not purchase the same "tranche" or "class" of the certificates as Plaintiffs (the "tranche standing" argument or "Defendants' argument"). Defendants' argument is far more noteworthy for what it omits. *First*, Defendants fail to mention that *virtually every federal district court and the only federal appellate court to consider the tranche standing argument has either flat out rejected it, or has allowed a class of different tranche investors in the same certificates to proceed.*[2] *Second*, Defendants failed to raise the tranche standing argument when they raised their "certificate standing" argument in their motion to dismiss, and the tranche standing argument *conflicts with this Court's decision on the certificate standing issue in its opinion on the motion to dismiss*.[3] *Third*, Defendants fail to mention that this Court's order on the motion to dismiss in the WaMu 10(b)

---

[1] The Certificates are known as 2006 AR-7, 2006 AR-12, 2006 AR-16, 2006 AR-17, 2006 AR-18, and 2007 HY-1. Box Decl., Exs. H-L and WaMu Mortgage Pass-Through Certificates, Series 2007-HY1, dated Jan. 22, 2007 (James Depo. Ex. 9) (Declaration of Anne L. Box in Support of Plaintiffs' Opposition to Defendants' Motion for Judgment on the Pleadings ("9.2.11 Box Decl.,"), Ex. A).

[2] *See, e.g., Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.,* 632 F.3d 762, 768-72 (1st Cir. 2011) (allowing plaintiffs to bring class-wide claims on behalf of all investors who purchased tranches of the same certificate, but not on behalf of investors who purchased other certificates in other offerings, and explaining that *the key question is whether "the necessary identity of issues and alignment of incentives" are present*) (unless otherwise noted, all citations are omitted and emphasis is added). *See also Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co. Inc.,* No. 08 Civ. 10841, Opinion and Order (S.D.N.Y. Aug. 22, 2011) (holding that "the proposition that standing must be determined on a tranche-by-tranche basis," is "without merit"); Ex. B to Declaration of Anne L. Box in Support of Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Box Decl."), ECF No. 323; *N.J. Carpenters Health Fund v. Residential Capital, LLC,* 272 F.R.D. 160 (S.D.N.Y. 2011) (same); *In re Dynex Capital, Inc. Sec. Litig.,* No. 05 Civ. 1897, 2011 WL 781215 (S.D.N.Y. Mar. 7, 2011) (rejecting argument that the plaintiffs lacked standing to bring claims on behalf of investors who purchased other tranches of the same certificates); *N.J. Carpenters Health Fund v. DLJ Mortgage Capital, Inc.,* No. 08-cv-05653 (S.D.N.Y. Aug. 16, 2011) (Box Decl., Ex. A) (same); *In re Lehman Brothers Sec. and ERISA Litig.,* 684 F. Supp. 2d 485, 490 (S.D.N.Y. 2010) (plaintiffs have standing to sue on behalf of purchasers in the same offering).

[3] *See Boilermakers Nat'l Annuity Trust Fund v. WaMu Mortgage Pass Through Certificates,* 748 F. Supp. 2d 1246, 1252 (W.D. Wash. 2010) (plaintiffs have standing on behalf of those who purchased certificates in the same "offering").

---

securities case[4] – which Defendants claim is dispositive on the tranche standing issue – did not involve tranches or classes of the same WaMu Certificates, but ***involved two distinct types of debt instruments, Floating Rate Notes and 5.50% Notes, that were completely unrelated to one another***.

## II. BACKGROUND

This case involves residential mortgage-backed securities ("RMBS") sold to investors in six offerings. Each Certificate consisted of tranches,[5] backed by a single collateral pool of residential mortgage loans unique to each Offering. There was a single combined prospectus and prospectus supplement (the "Offering Documents") applicable to all tranches issued in each particular Certificate. The Offering Documents described the underwriting standards which were uniformly applied to all mortgage loans that comprise each of the six collateral pools for each of the six Certificates.[6]

The tranches within any one of the six Certificates are tied to the single respective mortgage pool that provides principal and interest to all investors in that offering.[7] Tranches within any one of the six Certificates cannot exist independently without the structure of the entire offering that enables the allocation and distribution of principal and interest from the

---

[4] *In re Washington Mutual Sec. Litig.*, 694 F. Supp. 2d 958 (W.D. Wash. 2009) ("WaMu 10(b) Action").

[5] "Tranche" is a French word that means "piece," "portion," or "slice." Merriam-Webster's dictionary defines "tranche" as follows: "a division or portion of a pool or whole; ***specifically***: an issue of bonds derived from a pooling of like obligations (as securitized mortgage debt) that is differentiated from other issues especially by maturity or rate of return."

[6] Defendants' expert claims that "applicable underwriting standards differed among [loan] groups," but the Offering Documents contradict this – each document has a single explanation of underwriting standards, which purportedly applies to every loan in the loan pool that backs that offering. Expert Report of Professor Christopher M. James ("James Rep."), ¶41, attached as Exhibit O to the Declaration of Jee Young You in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification, ECF No. 253. Whether different aspects of WaMu's uniform underwriting standards were applied to specific loans is immaterial because the underwriting standards that are being challenged were, according to the Offering Documents, uniformly applied across all loans in each pool. *See* James Depo. Ex. 4, at S-38 – 40, S-59; James Depo. Ex. 5, at S-26 – 28; S-45 – 46; James Depo. Ex. 6, at S-22 – 24, S-40 – 41; James Depo. Ex. 7, at S-37 – 39, S-58; James Depo. Ex. 8, at S-22 – 24, S-40 – 41. Box Decl., Exs. H-L. *See also* James Depo. Ex. 9 at S-25 – 27 (9.2.11 Box Decl., Ex. A).

[7] *See* 9.2.11 Box Decl., Ex. C, Expert Report of Professor Anne Zissu, Ph.D. in Response to the Expert Report of Christopher M. James, Ph.D. ("Zissu Resp. Rep."), ¶21; James Rep. ¶41.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. 2:09-cv-00037-MJP) - 2
4898/001/247247.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

mortgage loans that comprise the mortgage pool.   Zissu Resp. Rep. ¶22.   Thus, each Certificate is a self-sustaining investment vehicle, whereas each individual tranche is not.   *Id.* at ¶23.   In other words, a single tranche cannot be issued, and therefore traded, unless it is created simultaneously with the other tranches that comprise any one offering or Certificate.

## III. ARGUMENT

### A.   The Vast Majority of Federal Courts Have Rejected Defendants' Tranche Standing Argument

Defendants' tranche standing argument has been rejected by virtually every federal district court and the only federal appellate court to have considered this argument.   In fact, Judge Pfaelzer's May 5, 2011, opinion in the *Countrywide RMBS* case stands alone against the great weight of authority as the only court that has accepted the tranche standing argument. For the reasons set forth in detail below, *Countrywide RMBS* was wrongly decided.   This Court should follow the approach taken by the First Circuit in *Nomura*, and by federal district courts in the five cases holding that purchasers of mortgage-backed securities have standing to bring class-wide claims on behalf of investors who purchased different tranches of the same certificates in the same offerings.[8]

### 1.   The First Circuit's Decision in *Nomura*

The First Circuit's decision in *Nomura* is highly instructive.   There, the district court dismissed the claims that the named plaintiffs were pursuing on behalf of investors who purchased other certificates in other offerings for lack of standing, and dismissed the claims that the named plaintiff was pursuing on behalf of investors who purchased the same certificates for failure to state a claim.   On appeal, the First Circuit affirmed the district court's dismissal of the certificates that the named plaintiffs had not purchased, and reversed the

---

[8] Defendants' insistence that the scope of the class is a jurisdictional issue is at odds with recent Supreme Court cases that warn against unwarranted dismissals for supposed lack of jurisdiction.   *See, e.g., Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs and Trainmen Gen. Comm. of Adjustment, Central Region,* 130 S. Ct. 584, 596 (2009) ("Recognizing that the word 'jurisdiction' has been used by courts, including this Court, to convey 'many, too many, meanings,' . . . we have cautioned, in recent decisions, against profligate use of the term."); *cf. Morrison v. Nat'l Australia Bank Ltd.,* 130 S. Ct. 2869, 2876-77 (2010) (issue had nothing to do with subject matter jurisdiction despite years of misplaced jurisprudence).

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. 2:09-cv-00037-MJP) - 3
4898/001/247247.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

1   district court's dismissal of the claims relating to the certificates that the named plaintiffs had,

2   in fact, purchased.

3          The First Circuit explained that the key question for purposes of the standing inquiry

4   was whether:

5          [T]he claims of the named plaintiffs necessarily give them—not just their
           lawyers—essentially the same incentive to litigate the counterpart claims of the
6          class members because the establishment of the named plaintiffs' claims
           necessarily establishes those of other class members.  The matter is one of
7          identity of issues not in the abstract but at a ground floor level."

8   *Nomura,* 632 F.3d at 770.  The court noted that this was the real issue because "[i]n a properly

9   certified class action, the named plaintiffs regularly litigate not only their own claims but also

10  claims of other class members based on transactions in which the named plaintiffs played no

11  part."  *Id.* at 769.  After noting confusion among earlier opinions as to the extent to which the

12  Constitution's standing requirement limits class actions,[9] the First Circuit expressed the view

13  that, although "Article III creates some outer limit" on the scope of class actions, at the class

14  certification stage, the focus should be on Rule 23.  *Id.*  The Constitution merely requires that a

15  named plaintiff have "'such a personal stake in the outcome of the controversy as to assure . . .

16  concrete adverseness.'"[10]   In other words, the very purpose of a class action is to allow one

17  person to litigate claims that belong to another.  *Califano v. Yamasaki*, 442 U.S. 682, 700-01

18  (1979) ("[T]he Rule 23 class-action device was designed to allow an exception to the usual

19  rule that litigation is conducted by and on behalf of the individual named parties only.").

20  Thus, where the named plaintiffs and the absent class members share "the necessary identity of

21  issues and alignment of incentives," the case should be allowed to proceed on a class-wide

22  basis.[11]  *Nomura,* 632 F.3d at 771.

23  _____

    [9] *Nomura*, 632 F.3d at 770 (both sides could cite to "stray Supreme Court quotations").

24  [10] *Id.* (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

25  [11] *Nomura* thus concluded that the district court was correct when it held that the named plaintiffs could not
    pursue claims on behalf of investors who purchased different certificates in different offerings.  The Court
26  explained that "no named plaintiff has a significant interest in establishing wrongdoing by the particular group of
    banks that financed a trust from which the named plaintiffs made no purchases" and "the named plaintiffs have no
27  stake in establishing liability as to misconduct involving the sales of those [other] certificates."  632 F.3d at 771.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. 2:09-cv-00037-MJP) - 4
4898/001/247247.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

1    *Nomura*'s reasoning is consistent with the Ninth Circuit law; in *Casey v. Lewis*, 4 F.3d

2    1516, 1519 (9th Cir. 1993), a class action, the court held that the standing inquiry focuses on

3    the claims of the individual named plaintiff: "[t]he [standing] inquiry is whether any named

4    plaintiff has demonstrated that he has sustained or is imminently in danger of sustaining a

5    direct injury as the result of the challenged conduct."  The Ninth Circuit went on to explain

6    that in a class action, the issue is not whether the injuries suffered by the named plaintiff were

7    identical to those suffered by absent class members, but whether the plaintiff's injury gave it

8    an incentive to vigorously prosecute the claims of absent class members.  *Id*.  In *Casey*, the

9    proposed class representatives "met this burden" because "[t]hey have established a sufficient

10   'personal stake' in the outcome of this action to 'assure that concrete adverseness which

11   sharpens the presentation of issues upon which the court so largely depends for illumination of

12   difficult constitutional questions.'"  4 F.3d at 1519-20 (quoting *Baker*, 369 U.S. at 204).

13        Here, the "challenged conduct," *i.e.*, the allegedly false and misleading statements in

14   the Offering Document, which governed all tranches in each respective offering, is the same

15   for purchasers of all tranches in a specific Certificate.  Although each loan pool may have been

16   subdivided into loan groups, these groups are interconnected.  In part, because of this

17   interconnection, problems with the quality of any of the loans in the pool would likely depress

18   the price of all the securities issued in that offering.  The interests of the lead plaintiffs are

19   aligned with the interests of each and every class member in proving that the statements in the

20   Offering Documents were false.[12]

---

23   As for the claims relating to the certificates that the named plaintiffs actually purchased, the First Circuit held that those claims should be allowed to proceed.  *Id.*

24   [12] *Casey* is the only authority cited in the paragraph in *In re Washington Mut. Sec. Litig., Deriv. & ERISA*, 694 F.

25   Supp. 2d 1192, 1221 (W.D. Wash. 2009), which Defendants say supports their restrictive view of standing.  *See* Defendants' Motion for Judgment on the Pleadings, ECF No. 259 at 1.  Moreover, *Washington Mut. Sec. Litig., Deriv. & ERISA* is factually distinguishable because the tranches in this case are connected, for example by cross collateralization, while there was apparently no such connection between the two conventional debt securities in that case.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. 2:09-cv-00037-MJP) - 5
4898/001/247247.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

Applying *Nomura* and *Casey* here, it is clear Plaintiffs have standing to assert the claims of absent class members who purchased different tranches of the same Certificate and that this Court has subject matter jurisdiction over Plaintiffs' claims.  Each named plaintiff purchased in at least one of the six Certificates remaining in the case and has alleged an injury therefrom.  The only remaining question is whether class treatment is appropriate under Rule 23 as already addressed in Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Class Certification.  ECF No. 322.

### 2.        Other District Court Authority

Numerous federal district courts have also either rejected the tranche standing argument outright, or have allowed named plaintiffs in a Section 11 case to represent investors who purchased different tranches of the same certificates.  In *Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co. Inc.*, No. 08 Civ. 10841, Opinion and Order (S.D.N.Y. Aug. 22, 2011), the court held "the proposition that standing must be determined on "a tranche-by-tranche basis," is "without merit" and that plaintiffs who had purchased any tranche in an offering could represent the purchasers of all tranches in the offering.[13]  The court emphasized two factors that are also present in this case – the interconnection of the tranches and the fact that the statements made in the offering document for each "Offering apply equally to all tranches within that Offering."  *Merrill Lynch RMBS*, at 24.

In *Residential Capital*, 272 F.R.D. 160, defendants in that case, like Defendants here, argued that the named plaintiffs could only represent investors who purchased the same tranches as they had purchased because, according to defendants, "each different tranche is comprised of different loan groups, has different payment priorities, different loss protections, and different risk profiles." *Id.* at 165.  The court disagreed:

> The heart of Plaintiffs' claims under . . . the Securities Act is that the offering documents were materially misleading as to whether the underlying loans were originated in compliance with underwriting guidelines . . . .  The

---

[13] Box Decl., Ex. B, at 24 (citing *Dynex Capital, Inc.*, 2011 WL 781215, and *Residential Capital*, 272 F.R.D. 160).

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. 2:09-cv-00037-MJP) - 6
4898/001/247247.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX  206.682.2992

1   alleged disregard for those guidelines thus impacted all proposed class
    members in the same manner, irrespective of which tranche they purchased.

2   *Id.* at 165-66.

3       Similarly, the court in *Dynex Capital, Inc.*, 2011 WL 781215, a securities fraud case

4   involving mortgage-backed securities, allowed a plaintiff to represent tranches that the plaintiff

5   had not purchased, but that were issued in the same offering as the plaintiff's securities.

6   Although the rights of the class members would "vary slightly based on the seniority of the

7   tranches they purchased," this did not prevent the lead plaintiffs from representing the

8   purchasers of other tranches.  *Id.*, at *2.  And, in *DLJ Mortgage Capital, Inc.*, Order at 6

9   (S.D.N.Y. Aug. 16, 2011) (Box Decl., Ex. A), the court certified a class of MBS purchasers

10  that included multiple tranches issued in the same offering, emphasizing that the purchasers of

11  all tranches "were allegedly damaged by the same actions by Defendants" – the false and

12  misleading offering document issued in connection with the challenged offering.[14]

13                  **3.**      ***Countrywide RMBS* Stands Alone**

14      The lone case relied upon by Defendants, Judge Pfaelzer's May 5, 2011 opinion[15] in

15  the *Countrywide RMBS* case, stands alone against the great weight of authority, which either

16  rejects the "tranche standing" argument or allows a class-wide case on behalf of purchasers of

17  all tranches in a certificate to proceed.   The *Countrywide RMBS* opinion rests upon a

18  fundamental misunderstanding of the interplay between Section 11's standing requirements

19  and the requirements of Rule 23 of the Federal Rules of Civil Procedure, a point repeatedly

20  emphasized by the First Circuit in *Nomura*.

21      "Statutory standing . . . asks . . . whether Congress has accorded ***this*** injured plaintiff

22  the right to sue the defendant to redress his injury."  *Graden v. Conexant Sys. Inc.*, 496 F.3d

23

24  [14] Although *Residential Capital*, *Dynex*, and *DLJ Mortgage* properly focus on Rule 23 rather than standing, it is
    difficult to see how these cases could be certifiable as a class yet not be a case or controversy under the
    Constitution.  Moreover, courts are required to *sua sponte* deal with possible jurisdictional defects, *Reno v.*

25  *American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 488 n.10 (1999), and the fact that these courts
    expressed no concern about their jurisdiction is telling.

26  [15] *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, No. 10-0302, Order Resolving Pending Motions to Dismiss
    (C.D. Cal. May 5, 2011).

27

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. 2:09-cv-00037-MJP) - 7
4898/001/247247.1

291, 295 (3d Cir. 2007) (emphasis in original); *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009) (Posner, J.) (statutory standing "usually refers to a situation in which . . . the plaintiff . . . is suing under a statute that was not intended to give him a right to sue; he is not within the class intended to be protected by it"). Here, all members of the proposed class are the type of plaintiffs that Congress meant to protect and permit to bring Section 11 claims.[16]

While Section 11 provides that if a security is issued pursuant to a false or misleading registration statement, then any person who acquires "***such security***" can seek damages, Defendants are wrong to suggest that this phrase means that, in a class action, a named plaintiff can sue only on behalf of others who purchased the same security.[17]  The statute is referring to conventional individual actions and there is no reason to believe that this language, enacted some five years before the adoption of the Federal Rules of Civil Procedure, was meant to establish a limitation on the scope of class actions unique to Securities Act claims.  It is, of course, true that a plaintiff who sues in her individual capacity only has a claim for "such security" that she actually purchased, and not for securities purchased by others.  But, as noted above, the very purpose of class actions is to allow a representative of similarly injured persons to bring claims for which the representative would not normally have standing.[18]  It is

---

[16] Statutory standing is not jurisdictional.  For example, *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (2010), held that a mandate in the copyright act that "no civil action for infringement . . . shall be instituted" until the copyright has been registered was not jurisdictional and, consequently, a settlement class including both registered and unregistered copyright holders could be certified.  *Id.* at 1241-42, 1247.  Limitations on a statute's scope are not jurisdictional unless Congress "clearly states" the contrary.  *Id.* at 1244 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006)); *accord Harris v. Amgen, Inc.*, 573 F.3d 728, 732 n.3 (9th Cir. 2009).

[17] 15 U.S.C. §77k (a).

[18] *Yamasaki*, 442 U.S. at 700-01.  The "such security" phrasing has been interpreted to mean that only those who can link their securities to the offering involving the allegedly false statement have a Section 11 claim.  *See, e.g., Barnes v. Osofsky*, 373 F.2d 269, 271-73 (2d Cir. 1967); *see also Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076, 1080 (9th Cir. 1999) (provision in Section 11 that "any person" must have purchased "such security" means "that the person must have purchased a security issued under that, rather than some other, registration statement").  In this case the shares of the named plaintiffs and all class members are linked to the offerings at issue, and Defendants do not argue, nor could they, that the named plaintiffs themselves lack standing to assert their own claims under the Securities Act.

---

this point that the *Countrywide RMBS* court got wrong, and it is why every other court that has had the opportunity to consider the tranche standing argument has rejected it.

**B.    The Tranche Standing Argument Is Inconsistent with This Court's Reasoning When Deciding the "Certificate Standing" Issue**

Defendants' tranche standing argument is also inconsistent with this Court's reasoning in its order on the motion to dismiss. *Boilermakers*, 748 F. Supp. 2d 1246.  There, this Court explained that Section 11 standing is tied to the ***public offering*** in which the plaintiffs purchased their securities. *Id.* at 1252 ("To establish standing under §11, a plaintiff must allege 'they purchased shares either (1) directly in the public offering for which the misleading registration statement was filed or (2) traceable to that public offering.'") (quoting *Guenther v. Cooper Life Sciences, Inc.,* 759 F. Supp. 1437, 1439 (N.D. Cal. 1990)).  The Court explained that under Section 11, plaintiffs must show that the defendants made false or misleading statements in the offering documents. *Boilermakers*, 748 F. Supp. 2d at 1253.

Thus, where the false statements were contained in different offering documents issued in different offerings, the plaintiffs lacked standing to bring class-wide claims. *Id.*  However, where the plaintiffs purchased pursuant to the same offering documents containing the same false statements, they had standing to bring class-wide claims on behalf of other investors who purchased securities pursuant to the same offering documents containing the same misstatements.  *Id.*  This analysis supports this Court's conclusion that "[p]laintiffs lack standing to sue for losses related to the 25 certificates for which they have failed to identify a purchaser," but had standing to bring class-wide claims on behalf of investors who purchased the same six Certificates at issue in this case.  *Id.* at 1260.  The Court's reasoning when ruling on the "certificate standing" issue is dispositive – and is arguably law of the case – and is another reason why the Court should reject Defendants' tranche standing argument, and deny the motion for judgment on the pleadings.

**C. Defendants' Reliance on This Court's Decision in the WaMu 10(b) Action Is Misplaced**

Defendants also argue this Court's opinion on the motion to dismiss in the WaMu 10(b) Action is dispositive of the tranche standing argument.  Not so.  The WaMu 10(b) Action involved two distinct types of debt instruments, Floating Rate Notes and 5.50% Notes.  The two types of Notes were completely unrelated and just happened to be included in the same offering because they were issued at the same time.   This is clear from the prospectus:

*Floating Rate Notes*

The floating rate notes due August 24, 2009 will initially be limited to a total principal amount of $500,000,000 (the ''floating rate notes'').   The floating rate notes will mature on August 24, 2009.

The floating rate notes will bear interest from August 24, 2006 to, but excluding, November 24, 2006 at a rate per annum equal to the initial interest rate and thereafter will be reset as described below at a rate per annum equal to LIBOR (as defined below) plus 0.14% per annum.  The initial interest rate will be equal to LIBOR plus 0.14% per annum as determined by the calculation agent as described below.  Interest on the floating rate notes will be payable quarterly in arrears on February 24, May 24, August 24 and November 24 of each year (each an ''interest payment date''), commencing November 24, 2006, to the person in whose name such notes are registered at the close of business on the preceding February 9, May 9, August 9 or November 9, as applicable (whether or not a business day).[19]

\*          \*          \*

*5.50% Notes due August 24, 2011*

The 5.50% notes due August 24, 2011 will initially be limited to a total principal amount of $400,000,000 (the ''5.50% notes'').  The 5.50% notes will mature on August 24, 2011.

The 5.50% notes will bear interest from August 24, 2006 or from the most recent date to which we have paid or provided for interest, at the annual rate of 5.50%.  We will pay interest semiannually on the 5.50% notes on each February 24 and August 24, beginning on February 26, 2007, to the person in whose name the notes are registered at the close of business on February 9 or August 9 prior to the payment date.

We will compute interest on the 5.50% notes on the basis of a 360-day year of twelve 30-day months.  If an interest payment date or the maturity date falls on a day that is not a business day, the payment will be made on the next business day as if it were made on the date the payment was due, and no interest will accrue on the amount so payable for the period from and after that

---

[19] 9.2.11 Box Decl., Ex. B, at 6.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. 2:09-cv-00037-MJP) - 10
4898/001/247247.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

interest payment date or the maturity date, as the case may be, to the date the payment is made.[20]

That is not the case here.  As Plaintiffs' expert, Dr. Anne Zissu, explains in both her opening and rebuttal report, the tranches within any one of the six WaMu Certificates are tied to the single respective mortgage pool that provides principal and interest to all investors in that offering.  *See, e.g.*, Zissu Resp. Rep. ¶21.  This is a point that Defendants' expert, Dr. Christopher M. James, also acknowledged in his report.  James Rep. ¶15.  Furthermore, tranches within any of the six Certificates cannot exist independently without the structure of the entire offering that enables the allocation and distribution of principal and interest from the mortgage loans that comprise the mortgage pool.  Zissu  Resp. Rep. ¶22.  Thus, **each Certificate is a self-sustaining investment vehicle, where each individual tranche is not.**  *Id.* at ¶23.  In other words, a single tranche cannot be issued, and therefore traded, unless it is brought to market with the other publicly offered tranches that comprise any one offering or Certificate.  *Id.*

Moreover, tranches of the same Certificate – including those tranches that are tied to separate loan "groups" – are tied together by the provisions of the payment waterfall.  As Defendants' expert, Dr. James, acknowledges, the Offering Documents provide for cross collateralization – under defined circumstances, cash flow from loans assigned to one group can be diverted to another group.  *See* James Rep. ¶118 ("The cross-collateralization mechanisms . . . [in the offerings in this case] create some interdependence between securities collateralized by a specific group of mortgages and those collateralized by another group"); *see also* Zissu Opening 3-10-11 Rep. ¶¶42, 50, 58, 65, 73.  Therefore, the experts agree that, while some tranches are associated with specific loan groups within a loan pool, tranches within Certificates are related to each other.  For example, the owners of a tranche affiliated with Group 1 of 2006-AR7 may have a claim on the cash generated by Group 2 of that offering if the Group 1 cash flow is insufficient to produce the payment to which they are

---

[20] *Id.* at 9.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. 2:09-cv-00037-MJP) - 11
4898/001/247247.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

entitled.  In other words, each loan in either Group within the entire AR-7 pool ultimately backs all tranches issued in that offering, and no one tranche could exist without the others.[21] This is in stark contrast to the Floating Rate and 5.50% Notes at issue in the WaMu 10(b) Action., that, other than coincidentally being issued by WaMu in the same offering, have no structural connection with each other whatsoever.

## IV.  CONCLUSION

For all the above reasons, Defendants' motion should be denied.[22]

Dated:  September 2, 2011                    Respectfully submitted,

                                             **TOUSLEY BRAIN STEPHENS PLLC**

                                             By:  /s/ Janissa A. Strabuk
                                             Kim D. Stephens, WSBA #11984
                                             Janissa A. Strabuk, WSBA #21827
                                             1700 Seventh Avenue, Suite 2200
                                             Seattle, Washington 98101
                                             Telephone: (206) 682-5600
                                             Facsimile: (206) 682-2992
                                             Email: kstephens@tousley.com
                                                       jstrabuk@tousley.com

                                             *Liaison Counsel for Plaintiffs and the Proposed Class*

---

[21] This is not to mention that all loans in all groups within the single pool for each offering were originated using the same standards that Plaintiffs will attempt to prove were disregarded, plainly giving Plaintiffs the required "alignment of incentives" to represent all purchasers of all tranches in the Offering. *Nomura*, 632 F.3d at 771.

[22] Nothing in this brief is meant to prejudice Plaintiffs' ability to renew on appeal any argument previously made in opposition to earlier motions to dismiss rejected by this Court.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. 2:09-cv-00037-MJP) - 12
4898/001/247247.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**SCOTT+SCOTT LLP**

Anne L. Box (admitted *pro hac vice*)
Hal D. Cunningham (admitted *pro hac vice*)
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
Email: abox@scott-scott.com
          hcunningham@scott-scott.com

Joseph P. Guglielmo (admitted *pro hac vice*)
500 Fifth Avenue, 40th Floor
New York, New York 10110
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
Email: jguglielmo@scott-scott.com

**COHEN MILSTEIN SELLERS &
TOLL PLLC**

Steven J. Toll
Julie Goldsmith Reiser
Joshua S. Devore (admitted *pro hac vice*)
Matthew B. Kaplan (admitted *pro hac vice*)
S. Douglas Bunch (admitted *pro hac vice*)
1100 New York Avenue, NW
Suite 500 West
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
          jreiser@cohenmilstein.com
          jdevore@cohenmilstein.com
          mkaplan@cohenmilstein.com
          dbunch@cohenmilstein.com

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. 2:09-cv-00037-MJP) - 13
4898/001/247247.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX  206.682.2992

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Joel P. Laitman (admitted *pro hac vice*)
Christopher Lometti (admitted *pro hac vice*)
Daniel B. Rehns (admitted *pro hac vice*)
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: jlaitman@cohenmilstein.com
       clometti@cohenmilstain.com
       drehns@cohenmilstein.com

*Lead Counsel for the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record and additional persons listed below:

**2:09-cv-00037-MJP Notice has been electronically mailed to:**

Steve W. Berman (Terminated) steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

Larry Steven Gangnes gangnesl@lanepowell.com, docketing-sea@lanepowell.com, donnellyjossm@lanepowell.com, sebringl@lanepowell.com

David Daniel Hoff dhoff@tousley.com, efile@tousley.com

Stellman Keehnel stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com

Paul Joseph Kundtz pkundtz@riddellwilliams.com, mbergquam@riddellwilliams.com, mdowns@riddellwilliams.com

Bruce Earl Larson (Terminated) blarson@karrtuttle.com, psteinfeld@karrtuttle.com

John D Lowery jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com

Louis David Peterson ldp@hcmp.com, smp@hcmp.com

Stephen M. Rummage (Terminated) steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com

Kim D Stephens kstephens@tousley.com, cbonifaci@tousley.com, lrolling@tousley.com, wcruz@tousley.com

Robert D Stewart stewart@kiplinglawgroup.com

Dennis H Walters (Terminated) dwalters@karrtuttle.com, wbarker@karrtuttle.com

Mike Liles, Jr (Terminated) mliles@karrtuttle.com

Steven P Caplow (Terminated) stevencaplow@dwt.com, jasonSchattenkerk@dwt.com, patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com

Janissa Ann Strabuk jstrabuk@tousley.com, lrolling@tousley.com, wcruz@tousley.com

Nancy A Pacharzina (Terminated) npacharzina@tousley.com, mhottman@tousley.com

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. 2:09-cv-00037-MJP) - 15
4898/001/247247.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   Walter Eugene Barton (Terminated) gbarton@karrtuttle.com, danderson@karrtuttle.com,
    nrandall@karrtuttle.com

2

3   Gavin Williams Skok gskok@riddellwilliams.com, jsherred@riddellwilliams.com,
    lmoore@riddellwilliams.com

4   David M Balabanian david.balabanian@bingham.com

5   Douglas C McDermott doug@mcdermottnewman.com, eric@mcdermottnewman.com

6
    Susan L Hoffman susan.hoffman@bingham.com
7

8   Steven J Toll stoll@cohenmilstein.com, efilings@cohenmilstein.com

9   John D Pernick john.pernick@bingham.com

10  Steven W Fogg sfogg@corrcronin.com, hpowell@corrcronin.com, reception@corrcronin.com

11  Brian C Free bcf@hcmp.com, gcp@hcmp.com

12  Christopher M Huck (Terminated) buck@kdg-law.com

13  Rogelio Omar Riojas omar.riojas@dlapiper.com, karen.hansen@dlapiper.com,
    nina.marie@dlapiper.com
14

15  Timothy Michael Moran moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com

16  Richard A Speirs rspeirs@cohenmilstein.com

17  Bradley T. Meissner bradley.meissner@dlapiper.com

18
    Geoffrey M Johnson gjohnson@scott-scott.com, efile@scott-scott.com
19

20  Mary Kay Vyskocil mvyskocil@stblaw.com

21  Barry Robert Ostrager bostrager@stblaw.com, managingclerk@stblaw.com

22  Richard F Hans richard.hans@dlapiper.com, dorinda.castro@dlapiper.com

23  Kerry F Cunningham kerry.cunningham@dlapiper.com

24  Corey E Delaney corey.delaney@dlapiper.com, kerry.cunningham@dlapiper.com,
    patrick.smith@dlapiper.com, richard.hans@dlapiper.com
25

26  S Douglas Bunch dbunch@cohenmilstein.com

27  Darren J Robbins e_file_sd@csgrr.com

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. 2:09-cv-00037-MJP) - 16
4898/001/247247.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

Jonathan Gardner jgardner@labaton.com

Hollis Lee Salzman (Terminated) hsalzman@labaton.com, ElectronicCaseFiling@labaton.com

Daniel B Rehns drehns@cohenmilstein.com, efilings@cohenmilstein.com

Joel P Laitman jlaitman@cohenmilstein.com

Christopher E Lometti clometti@cohenmilstein.com

Michael H. Barr mbarr@sonnenschein.com

Kenneth J Pfaehler kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com

Leslie D Davis ldavis@sonnenschein.com

Kevin P Chavous kchavous@sonnenschein.com

Joseph A. Fonti (Terminated) jfonti@labaton.com, ElectronicCaseFiling@labaton.com

Paul Scarlato pscarlato@labaton.com, ElectronicCaseFiling@labaton.com

Serena Richardson (Terminated) srichardson@labaton.com, ElectronicCaseFiling@labaton.com

Frank Busch frank.busch@bingham.com, frank.downing@bingham.com

Hal D Cunningham hcunningham@scott-scott.com, efile@scott-scott.com, halcunningham@gmail.com

Julie Hwang (Terminated) jhwang@labaton.com, ElectronicCaseFiling@labaton.com

Joseph P Guglielmo jguglielmo@scott-scott.com, efile@scott-scott.com

Kenneth M Rehns krehns@cohenmilstein.com

Adam Zurofsky azurofsky@cahill.com

Tammy Roy troy@cahill.com

Floyd Abrams fabrams@cahill.com

James J. Coster jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

Joshua M. Rubins jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

1  Theo J. Robins theo.robins@bingham.com

2  Brian O. O'Mara bo'mara@rgrdlaw.com, e_file_sd@rgrdlaw.com

3  Joshua S. Devore jdevore@cohenmilstein.com, efilings@cohenmilstein.com

4  Matthew B. Kaplan mkaplan@cohenmilstein.com, efilings@cohenmilstein.com

5  Julie Goldsmith Reiser jreiser@cohenmilstein.com

6
   Jee Young You jeeyoung.you@bingham.com
7

8  Walter W. Noss wnoss@scott-scott.com, efile@scott-scott.com

9  Evan R. Chesler echesler@cravath.com

10 Thomas G. Rafferty trafferty@cravath.com

11 Daniel Slifkin dslifkin@cravath.com

12 Michael A. Paskin mpaskin@cravath.com

13
   J. Wesley Earnhardt wearnhardt@cravath.com
14
   **2:09-cv-00037-MJP Notice will not be electronically mailed to:**
15
   WaMu Officer Defendants Securities MDL
16
   Dated September 2, 2011.
17
                                        By:  /s/ Janissa A. Strabuk
18                                      Kim D. Stephens, WSBA #11984
                                        Janissa A. Strabuk, WSBA #21827
19                                      1700 Seventh Avenue, Suite 2200
                                        Seattle, Washington 98101
20                                      Telephone: (206) 682-5600
                                        Facsimile: (206) 682-2992
21                                      Email: kstephens@tousley.com
                                                jstrabuk@tousley.com
22

23                                      *Liaison Counsel for Plaintiffs and the Proposed*
                                        *Class*
24

25

26

27

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. 2:09-cv-00037-MJP) - 18
4898/001/247247.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992