The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION,

This Document Relates to: ALL CASES

Master Case No. C09-037 MJP

[Consolidated with: Case Nos. CV09-0134 MJP, CV09-0137 MJP, and CV09-01557 MJP]

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

**NOTE ON MOTION CALENDAR: Friday, September 16, 2011**

**ORAL ARGUMENT REQUESTED**



**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Plaintiffs concede that each of the 123 tranches at issue is a separate Security and that they purchased only 13 of those Securities. (Pls.' Br. at 5 (Dkt. No. 327) (referring to "all the securities issued in that offering"), 8; Hakala Tr. at 159:18-160:17 (You Decl. Ex. G (Dkt. No. 253)); *see also* Defs.' Br. at 4-5 (Dkt. No. 259).) Thus, for the 110 Securities that Plaintiffs did not purchase, they cannot dispute that there is "no named plaintiff who can be deemed a 'person acquiring such security' . . . as required by §11(a), and, thus, no named plaintiff has suffered an 'actual injury'" with respect to those Securities. *In re Washington Mut. Inc. Sec., Derivative & ERISA Litig.*, 694 F. Supp. 2d 1192, 1221 & n.5 (W.D. Wash. 2009) ("*WaMu*"). As a result, the claims related to those 110 Securities must be dismissed. *Id.* Plaintiffs' arguments to the contrary fail.

***First,*** Plaintiffs mischaracterize the applicable case law. To our knowledge, only three decisions have addressed whether named plaintiffs have standing to assert Section 11 claims for securities they ***did not purchase*** merely because those securities were issued pursuant to the same offering documents as different securities that the named plaintiffs ***did purchase***. Two of those decisions are from courts in this Circuit – *WaMu* and *Maine State Retirement Systems v. Countrywide Financial Corporation*, No. 2:10-CV-0302 (C.D. Cal. May 5, 2011), Order Resolving Pending Motions to Dismiss, ECF No. 257 ("*Countrywide*") – and found no standing. The third decision –*Public Employees' Retirement System of Mississippi v. Merrill Lynch & Co.*, No. 08 Civ. 10841 (S.D.N.Y. August 22, 2011), Op. & Order, ECF No. 156 ("*Merrill Lynch*") – (i) was issued by a court from a different circuit that did not have the benefit of separate briefing on the issue of tranche-based standing; (ii) did not mention *WaMu* or *Countrywide*; and (iii) did not even mention the standing requirements of Section 11. Plaintiffs' other cases do not address this issue at all. (*See infra* § I.)

***Second,*** this Court's motion to dismiss order is entirely consistent with Defendants' tranche-based standing argument. Indeed, Defendants' tranche-based standing argument is a



HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

logical extension of the Court's prior ruling. And, because Defendants' argument challenges Plaintiffs' standing, it is properly raised for the first time here. (*See infra* § II.)

***Third,*** Plaintiffs' attempt to distinguish *WaMu* fails. The bonds at issue in that case were "related notes", *Boilermakers Nat'l Annuity Trust Fund v. WaMu Mortg. Pass Through Certificates*, 748 F. Supp. 2d 1246, 1252 (W.D. Wash. 2010) ("*Boilermakers*"), not "completely unrelated" notes, as Plaintiffs now assert. (Pls.' Br. at 10.) (*See infra* § III.)

## I. PLAINTIFFS MISCHARACTERIZE THE RELEVANT CASE LAW.

Plaintiffs claim that the "tranche standing argument has been rejected by virtually every federal district court and the only federal appellate court to have considered this argument". (Pls.' Br. at 1, 3.) That is a mischaracterization of the case law. In reality, only three district courts – and no appellate courts – have addressed whether Section 11's standing requirements are met where the named plaintiff did not purchase the security at issue, but rather purchased different securities issued pursuant to the same prospectus supplement.

***First,*** in *WaMu*, this Court held that Section 11 standing must exist at the security level, not merely at the offering level, because, without having purchased "'such security' . . . as required by § 11(a)", "no named plaintiffs ha[d] suffered an 'actual injury'". *WaMu*, 694 F. Supp. 2d at 1221. The Court dismissed all claims related to bonds that the named plaintiffs had not purchased, ***even related bonds issued pursuant to the same prospectus supplement.*** *Id.*

***Second,*** in *Countrywide*, Judge Pfaelzer of the Central District of California discussed the tranche-based standing argument at length and – after extensive briefing from the parties and "careful consideration" of the Securities Act, the characteristics of RMBS and governing Ninth Circuit case law – held that the named plaintiffs did not have standing to assert claims with respect to tranches they did not purchase. *Countrywide* at 4. That decision is directly on point and Plaintiffs do not contend otherwise. Instead, Plaintiffs argue that *Countrywide* was wrongly decided because Section 11's "such security" language only "refer[s] to conventional



HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

individual actions", not purported class actions. (Pls.' Br. at 8.) Plaintiffs cite no authority for this novel proposition. Nor could they: the "such security" language of Section 11 expressly has been held to apply to class actions, including in this Court's *WaMu* opinion. *See WaMu*, 694 F. Supp. 2d at 1221; *see also Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d, 1157, 1163 & n.6 (C.D. Cal. 2010) (citing cases). Plaintiffs also attempt to distinguish *Countrywide* on the basis that the Securities within each Offering are "interconnected". (Pls.' Br. at 5, 8.) But the Securities are not as "interconnected" as Plaintiffs would have this Court believe – among other things, they have different interest rates, payment rights, collateral pools and credit ratings (Defs.' Br. at 3) – and so it simply is not true that "problems with the quality of any of the loans in the pool would likely depress the price of all the [S]ecurities issued in that offering" (Pls.' Br. at 5). The *Countrywide* Court expressly considered that argument, and rightly rejected it:

> Plaintiffs cannot plausibly allege to be injured by another group of loans merely because one tranche they purchased had a credit enhancement that entitled them to cash flows from another group if their own pool performed poorly. Such an enhancement would never be triggered if the loans underlying their own tranche paid out sufficiently. It is therefore speculative to conclude that any injury to one tranche will necessarily result in injury to a different tranche.

*Countrywide* at 16.

***Third,*** in *Merrill Lynch*, Judge Rakoff of the Southern District of New York certified a class consisting of purchasers of different RMBS offerings, in part because "Defendants ***cite no case*** for the proposition that standing must be determined on a tranche-by-tranche basis". *Id.* at 24 (emphasis added). Perhaps for that reason, the *Merrill Lynch* opinion does not even mention *WaMu* or *Countrywide*, the latter of which was decided only a few months earlier. Instead, the court focuses on the typicality of the named plaintiffs under Rule 23, ignoring the threshold issue of whether different tranches are separate securities, such that named plaintiffs had to have purchased at the tranche-level to have standing under Section 11. Indeed, the court did not mention Section 11's "such security" requirement at all during its analysis. In short, the *Merrill*



HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

*Lynch* Court either was not presented with – or glossed over – the constitutional and statutory standing arguments presented here. At a minimum, the *Merrill Lynch* decision conflicts with the law in this Circuit, as demonstrated by the contrary holdings in *WaMu* and *Countrywide*.

And *Merrill Lynch* is the best Plaintiffs can do. Plaintiffs' other cases do not even consider the issues presented here. Defendants' tranche-based standing argument rests on two premises: (i) the Securities Act and the Constitution require that named plaintiffs in Section 11 cases purchase the security at issue; and (ii) each RMBS tranche is a separate security. (Defs.' Br. at 6, 9.) Plaintiffs' cases do not address those topics. Instead, Plaintiffs' cases discuss tranche-based differences (if at all) in the context of class certification, and not the tranche-based ***standing*** issues presented here. None of Plaintiffs' cases discusses or analyzes whether each tranche is a separate security and, if so, whether Section 11 standing is limited to the securities the named plaintiffs purchased. The cases Plaintiffs cite did not, in other words, "reject[]" the "tranche standing argument" (Pls.' Br. at 1):

- The First Circuit's *Nomura* decision, which Plaintiffs cite extensively (*see* Pls.' Br. at 3-5), addressed only ***offering-based standing***, and ***affirmed*** the district court's dismissal of claims related to offerings in which the named plaintiffs did not purchase. *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 771 (1st Cir. 2011). The *Nomura* court did not, as Plaintiffs suggest, reverse any part of the district court's standing ruling; the only claims that the First Circuit reinstated had been dismissed for failure to state a claim, ***not*** for lack of standing.

- *Dynex* did not, as Plaintiffs contend, "reject[] [the] argument that the plaintiffs lacked standing to bring claims on behalf of investors who purchased other tranches of the same certificates". (Pls.' Br. at 1 n.2.) The *Dynex* court never even considered that argument. The court only discussed tranche-based differences in the context of the adequacy element of Rule 23(a). *In re Dynex Capital, Inc. Sec. Litig.*, No. 05-cv-1897, 2011 WL 781215, at *3 (S.D.N.Y. Mar. 7, 2011). In its separate standing discussion, the *Dynex* Court addressed only offering-based standing, and, contrary to the weight of RMBS precedent (including this Court's motion to dismiss decision), certified a class that included an offering from which the named plaintiff had not purchased. *Id.*

- *Residential Capital* and *DLJ Mortgage* addressed tranche-related issues only in the context of assessing Rule 23 elements. *See N.J. Carpenters Health Fund v. Residential Capital, LLC*, 272 F.R.D. 160, 165 (S.D.N.Y. 2011); *N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*, No. 08-cv-05653 (S.D.N.Y. Aug. 16, 2011).



HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Those courts never addressed tranche-based standing or even mentioned Section 11's "such security" requirement. The courts were not even briefed on those issues.

- *Lehman Brothers* did not consider tranche-based standing. The court there simply held that the named plaintiffs lacked standing to sue with respect offerings in which they did not purchase. *See In re Lehman Bros. Sec. and ERISA Litig.*, 684 F. Supp. 2d 485, 490 (S.D.N.Y. 2010). That decision plainly does not support Plaintiffs' arguments. *See id.* at 490-91 (standing is a "threshold constitutional requirement" that "cannot be dispensed with by styling the complaint as a class action").

To be sure, the courts in some of those cases certified classes consisting of purchasers in various offerings (which, by implication, was a class consisting of purchasers of different tranches). But nothing suggests that any of those courts considered the arguments made here, and so none of those cases is relevant to the issue before this Court. Moreover, to the extent those cases can somehow be read to undercut Defendants' tranche-based standing argument (and they should not), they are from different circuits and inconsistent with the law in this Circuit. Indeed, the only Ninth Circuit case that Plaintiffs cite on this issue – *Casey v. Lewis*, 4 F.3d 1516 (9th Cir. 1993) – supports Defendants' arguments. There, the Ninth Circuit held that the "named plaintiff" must demonstrate "actual injury" to have standing. *Id.* at 1519. But Plaintiffs "suffered no injury from . . . investments they did not make" and "may not avoid" dismissal on that basis "merely by styling their suit as a class action". *Countrywide* at 6, 13.

## II. TRANCHE-BASED STANDING IS CONSISTENT WITH THIS COURT'S MOTION TO DISMISS ORDER.

In its motion to dismiss order, the Court did not, as Plaintiffs suggest, rule that Plaintiffs have standing to assert class claims with respect to all Securities issued pursuant to the same prospectus supplement. To the contrary, the Court explicitly held that "named plaintiffs who purchased certain types of notes lack[] standing to pursue § 11 claims for other related notes which they did not purchase" and that "[w]ithout any purchaser who suffered a loss, plaintiffs cannot identify an injury in fact traceable to the offering as required for Article III Standing". *Boilermakers*, 748 F. Supp. 2d at 1252-53. Thus, far from contradicting Defendants' tranche-based standing argument, the Court's motion to dismiss



HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

decision supports it. Defendants admittedly did not raise the tranche-based standing argument as part of their motion to dismiss briefing. But lack of standing cannot be waived and indisputably is proper grounds for a motion for judgment on the pleadings. *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994); *Libertarian Party of L.A. v. Bowen*, No. CV 10-2488, 2011 WL 486553, at *2 (C.D. Cal. Feb. 3, 2011).

## III. THIS COURT'S *WAMU* DECISION IS DIRECTLY ON POINT.

Plaintiffs claim that the Court's opinion in *WaMu* is inapposite because that case "involved two distinct types of debt instruments . . . that were completely unrelated to one another". (Pls.' Br. at 10.) That is wrong. This Court has made clear that the notes in that action were "related". *Boilermakers*, 748 F. Supp. 2d at 1252. Indeed, both classes of notes were issued pursuant to the same prospectus supplement. (Box Decl., Ex. B (Dkt. No. 328) at S-6.) And, far from being "unrelated", both classes of *WaMu* notes relied on the same source of funds for payments of principal and interest – Washington Mutual's general coffers. (*Id.* (the notes "rank equally with all of [Washington Mutual's] other unsecured and unsubordinated debt").) In that way, the Securities here are even ***less*** connected: many of the Securities here, even where issued pursuant to the same prospectus supplement, are backed by ***different*** loan groups, which, even where cross-collateralized, means they depend on the same cash flow source as the other Securities only in limited circumstances.

## IV. CONCLUSION

For the reasons set forth above and in Defendants' Opening Brief, Defendants respectfully request that the Court grant Defendants' Motion for Judgment on the Pleadings.

DATED this 16th day of September, 2011.

HILLIS CLARK MARTIN & PETERSON P.S.

By s/ Brian C. Free

Louis D. Peterson, WSBA #5776
Brian C. Free, WSBA #35788
Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500



HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Seattle WA 98101-2925
Tel: (206) 623-1745 Fax: (206) 623-7789
Email: ldp@hcmp.com; bcf@hcmp.com

BINGHAM MCCUTCHEN LLP
ADMITTED *PRO HAC VICE*

Susan L. Hoffman
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Tel: (213) 680-6400
Fax: (213) 680-6499
Email: susan.hoffman@bingham.com

David M. Balabanian
John D. Pernick
Jee Young You
Frank Busch
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
Tel: (415) 393-2000 Fax: (415) 393-2286
Email: david.balabanian@bingham.com; john.pernick@bingham.com; jeeyoung.you@bingham.com frank.busch@bingham.com

Theo J. Robins
Bingham McCutchen LLP
399 Park Avenue,
New York, NY 10022-4689
Tel: (212) 705-7000 Fax: (212) 702-3680
Email: theo.robins@bingham.com

Attorneys for Defendants
Washington Mutual Asset Acceptance Corporation, Washington Mutual Capital Corporation, David Beck, Richard Careaga, Rolland Jurgens, and Diane Novak

CRAVATH, SWAINE & MOORE LLP
ADMITTED *PRO HAC VICE*

Evan R. Chesler
Thomas G. Rafferty
Daniel Slifkin
Michael A. Paskin
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, NY 10019
Tel: (212) 474-1000 Fax: (212) 474-3700
Email: echesler@cravath.com; trafferty@cravath.com; dslifkin@cravath.com; mpaskin@cravath.com.

Attorneys for Defendants
Washington Mutual Asset Acceptance Corporation and Washington Mutual Capital Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of September, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam Zurofsky azurofsky@cahill.com

Barry Robert Ostrager bostrager@stblaw.com, managingclerk@stblaw.com

Bradley T. Meissner bradley.meissner@dlapiper.com

Brian O. O'Mara bo'mara@rgrdlaw.com, e_file_sd@rgrdlaw.com

Christopher E Lometti clometti@cohenmilstein.com

Corey E Delaney corey.delaney@dlapiper.com, kerry.cunningham@dlapiper.com, patrick.smith@dlapiper.com, richard.hans@dlapiper.com

Daniel B Rehns drehns@cohenmilstein.com, efilings@cohenmilstein.com

Darren J Robbins e_file_sd@csgrr.com

David Daniel Hoff dhoff@tousley.com, efile@tousley.com

Douglas C McDermott doug@mcdermottnewman.com, eric@mcdermottnewman.com

Floyd Abrams fabrams@cahill.com

Gavin Williams Skok gskok@riddellwilliams.com, jsherred@riddellwilliams.com, lmoore@riddellwilliams.com

Geoffrey M Johnson gjohnson@scott-scott.com, efile@scott-scott.com

Hal D Cunningham hcunningham@scott-scott.com, efile@scott-scott.com, halcunningham@gmail.com

Hollis Lee Salzman (Terminated) hsalzman@labaton.com, ElectronicCaseFiling@labaton.com

James J. Coster jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

Janissa Ann Strabuk jstrabuk@tousley.com, lrolling@tousley.com, wcruz@tousley.com

Joel P Laitman jlaitman@cohenmilstein.com

John D Lowery jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com

Jonathan Gardner jgardner@labaton.com

Joseph P Guglielmo jguglielmo@scott-scott.com, efile@scott-scott.com

Joseph A. Fonti (Terminated) jfonti@labaton.com, ElectronicCaseFiling@labaton.com

Joshua M. Rubins jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

Joshua S. Devore jdevore@cohenmilstein.com, efilings@cohenmilstein.com



HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Julie Goldsmith Reiser jreiser@cohenmilstein.com

Julie Hwang (Terminated) jhwang@labaton.com, ElectronicCaseFiling@labaton.com

Kenneth J Pfaehler kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com

Kenneth M Rehns krehns@cohenmilstein.com

Kerry F Cunningham kerry.cunningham@dlapiper.com

Kevin P Chavous kchavous@sonnenschein.com

Kim D Stephens kstephens@tousley.com, cbonifaci@tousley.com, lrolling@tousley.com, wcruz@tousley.com

Larry Steven Gangnes gangnesl@lanepowell.com, docketing-sea@lanepowell.com, donnellyjossm@lanepowell.com, sebringl@lanepowell.com

Leslie D Davis ldavis@sonnenschein.com

Mary Kay Vyskocil mvyskocil@stblaw.com

Matthew B. Kaplan mkaplan@cohenmilstein.com, efilings@cohenmilstein.com

Michael H. Barr mbarr@sonnenschein.com

Nancy A Pacharzina (Terminated) npacharzina@tousley.com, mhottman@tousley.com

Paul Scarlato pscarlato@labaton.com, ElectronicCaseFiling@labaton.com

Paul Joseph Kundtz pkundtz@riddellwilliams.com, mbergquam@riddellwilliams.com, mdowns@riddellwilliams.com

Richard A Speirs rspeirs@cohenmilstein.com

Richard F Hans richard.hans@dlapiper.com, dorinda.castro@dlapiper.com

Robert D Stewart stewart@kiplinglawgroup.com

Rogelio Omar Riojas omar.riojas@dlapiper.com, karen.hansen@dlapiper.com, nina.marie@dlapiper.com

S Douglas Bunch dbunch@cohenmilstein.com

Serena Rich ardson (Terminated) srichardson@labaton.com, ElectronicCaseFiling@labaton.com

Stellman Keehnel stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com

Stephen M. Rummage steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com

Steve W. Berman steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

Steven J Toll stoll@cohenmilstein.com, efilings@cohenmilstein.com

Steven P Caplow stevencaplow@dwt.com, jasonSchattenkerk@dwt.com, patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com

Steven W Fogg sfogg@corrcronin.com, hpowell@corrcronin.com, reception@corrcronin.com



**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Tammy Roy troy@cahill.com

Timothy Michael Moran moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com

Walter W. Noss wnoss@scott-scott.com, efile@scott-scott.com

DATED this 16th day of September, 20112011 at Seattle, Washington.

By___s/ Brian C. Free____________

Louis D. Peterson, WSBA #5776
1221 Second Avenue, Suite 500
Seattle WA 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789
Email: ldp@hcmp.com

ND: 19719.002 4828-4092-1354v1



**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789