UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION,<br><br>This Document Relates to: ALL CASES | CASE NO. C09-37 MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL |

This matter comes before the Court on Defendants' motion to compel documents from Boilermakers National Annuity Trust. (Dkt. No. 283.) Having reviewed the motion, the response (Dkt. No. 297), the reply (Dkt. No. 302), and all related papers, the Court GRANTS the motion.

**Background**

The main thrust of Defendants' motion is that Lead Plaintiff Boilermakers National Annuity Trust ("Boilermakers") has not produced a sufficient number of documents in response to various discovery requests. Defendants also complain that Boilermakers' refusal to provide

documents on the basis that they are "cumulative" is untenable. Defendants lastly complain that have not received documents relevant to valuation and damages in a timely manner.

**Analysis**

A.  Standard

Federal Rule of Civil Procedure 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

The Court may also "[f]or good cause, . . . order discovery of any matter relevant to the subject matter involved in the action." Id. Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is in the case. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978).

B.  Production Required

The Court agrees with Defendants that Boilermakers has failed to make an adequate production of documents it possesses. Boilermakers must provide all responsive materials regardless of whether the same or similar materials have been produced by others. Boilermakers is not permitted to refuse to produce documents that they believe are "cumulative." Such objections are meritless. Boilermakers must also produce documents it possesses that are responsive to the discovery requests regarding damages and valuations relevant to the WaMu Certificates. This includes the McMorgan and Callan reports/valuations. Boilermakers must also produce documents responsive to RFPs 13 and 14 to the extent it possesses documents showing its investment in other residential mortgage backed securities ("RMBS") during the

time period at issue in this litigation. This is potentially relevant to Defendants' defenses in this case.

In addition, Boilermakers is ordered to perform a diligent search of all materials potentially responsive to Defendants' discovery requests at issue in this motion. Boilermakers must provide a certification that it has performed such a search, explain the nature of the search, provide all responsive documents, and certify, where necessary, that no responsive documents were found. If Boilermakers believes that a document is responsive, but not relevant, it must still produce the document or seek an order of protection. It may not unilaterally claim that the document is not relevant and withhold it.

**Conclusion**

The Court GRANTS Defendants' motion to compel. Boilermakers is ordered to produce all documents responsive to RFPs 4, 8, 9, 10, 13, 14, 19, 30, 38, and 43. Boilermakers must also produce all responsive documents it has withheld on the basis of being cumulative or irrelevant. Boilermakers must produce the Callan and McMorgan reports/valuations and documents it possesses regarding its investment in other RMBS during the time periods at issue in this litigation. Lastly, Boilermakers must perform a diligent search in response to the above RFPs and provide a certification that all responsive documents have been produced. Boilermakers must provide all responsive documents and the certification of the diligent search within 10 days of entry of this order.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 21st day of September, 2011.

Marsha J. Pechman
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION
TO COMPEL- 3