THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION,<br><br>This Document Relates to: ALL CASES | Master Case No. C09-037 MJP<br><br>[Consolidated with: Case Nos. CV09-0134 MJP, CV09-0137 MJP, and CV09-01557 MJP]<br><br>**MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY ORDER RELATING TO LOAN FILE PRODUCTIONS**<br><br>**Hearing Date: November 25, 2011<br>w/o Oral Argument** |

Lead Plaintiff Doral Bank of Puerto Rico, Lead Plaintiff Policemen's Annuity and Benefit Fund of the City of Chicago, Named Plaintiff Boilermakers National Annuity Trust ("Plaintiffs") and nonparty JPMorgan Chase Bank, N.A. ("JPMC") (collectively, and only for purposes of this brief, the "Parties") respectfully submit this memorandum of law in support

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 1
Case No. C09-037-MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

of their proposed Supplemental Confidentiality Order Relating to Loan File Productions.[1]

## I.   BACKGROUND.

Plaintiffs have requested that nonparty JPMC produce certain documents relating to the origination and servicing of more than 14,000 individual mortgage loans originated by Washington Mutual Bank (the "loan files").[2] These loan files contain nonpublic personal information about nonparty borrowers, including personally identifiable financial or credit information, addresses, Social Security numbers, telephone numbers and places or positions of work. A number of federal and state laws protect customers of financial institutions from disclosure of their nonpublic personal information to third parties without the customer's consent ("financial privacy laws"). Certain of those laws prevent nonparty JPMC from producing loan files to Plaintiffs without notifying each affected consumer and/or absent a court order or other protection. (See Part II.A.1, infra.)

On October 19, 2011, the Parties submitted a Stipulation and Proposed Order ("Proposed Order"), pursuant to which JPMC would have been authorized to produce in response to a subpoena from Plaintiffs loan files that may contain nonpublic personal information of Washington Mutual Bank borrowers. (See Proposed Order ¶¶ 1, 4.)[3] The

---

[1] Defendants have advised that they do not oppose this motion, but they are not signatories to it because they are neither seeking nor producing the discovery at issue.

[2] Nonparty JPMC did not originate any of the mortgage loans at issue, but obtained possession of Washington Mutual Bank's origination files as a result of its acquisition of Washington Mutual's assets from the Federal Deposit Insurance Corporation.

[3] The Proposed Order contained other provisions that are not pertinent to the Court's October 27, 2011, Order Denying Confidentiality Stipulation, including a provision regarding the non-waiver

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 2
Case No. C09-037-MJP

**CORR CRONIN MICHELSON**
**BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Proposed Order's provision on nonpublic personal information contained three main stipulations:  (1) to the extent that any financial privacy law "permits disclosure of [nonpublic personal] information pursuant to an order of a court, this [Proposed Order] shall constitute compliance with such requirement"; (2) to the extent that any financial privacy law "requires a Party to obtain a court-ordered subpoena or give notice to or obtain consent" from a person prior to disclosure of that person's nonpublic personal information, "this [Proposed Order] shall constitute an express direction that the Party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from [such] person"; and (3) to the extent that any financial privacy law "requires that any person or entity be notified prior to disclosure of [nonpublic personal information] except where such notice is prohibited by court order, the Court directs that . . . the parties are explicitly prohibited from providing such notice".  (Proposed Order ¶ 4.)

On October 27, 2011, the Court denied the Proposed Order but indicated that it would "consider a renewed request for an exemption from [ ] specific privacy laws", and that "[s]uch a future request must:  (1) identify the laws from which compliance is sought to be exempted; (2) the reasons for such exemption; and (3) why compliance is not possible or is unreasonable."  (Order Denying Confidentiality Stipulation (Dkt. No. 346) ("October 27 Order").)

---

of privileges by virtue of the production of the loan files and a provision for the clawback of protected or erroneously produced documents.  (See Proposed Order ¶¶ 2-3.)

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 3
Case No. C09-037-MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Pursuant to the Court's October 27 Order, the Parties hereby renew their request for approval of the Proposed Order, which is being submitted with this motion with minor changes ("Revised Proposed Order").

## II.   THE REVISED PROPOSED ORDER IS JUSTIFIED.

Entry of the Revised Proposed Order is justified because: (1) the Revised Proposed Order is designed to make any production of loan files comply with the applicable financial privacy laws; (2) alternative modes of compliance with the financial privacy laws would be infeasible and perhaps impossible; and (3) the Revised Proposed Order and other confidentiality provisions negotiated by the Parties ensure that disclosure of nonpublic personal information for the limited purpose of this litigation would not harm the borrowers or significantly intrude on their privacy.

### A.   The Revised Proposed Order Is Designed to Comply with the Financial Privacy Laws.

#### 1.   Applicable Financial Privacy Laws.

Congress and approximately half of the 50 states have enacted laws restricting when and how financial institutions may share individuals' nonpublic personal information with third parties. At the federal level, the Gramm-Leach Bliley Act ("GLB") states that a "financial institution may not . . . disclose to a nonaffiliated party any nonpublic personal information[4], unless such financial institution provides or has provided to the consumer a

---

[4] GLB defines "nonpublic personal information" as "personally identifiable information[] (i) provided by a consumer to a financial institution; (ii) resulting from any transaction with the consumer or any service performed for the consumer; or (iii) otherwise obtained by the financial

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 4
Case No. C09-037-MJP

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

notice". 15 U.S.C. § 6802(a).  GLB contains an exception, however, for "disclosure of nonpublic personal information . . . to respond to judicial process".  Id. § 6802(e) (emphasis added).  This exception "permits a financial institution to disclose the non-public personal financial information of its customers to comply with a discovery request".  Marks v. Global Mortg. Grp. Inc., 218 F.R.D. 492, 496 (S.D. W. Va. 2003); see also Lehman Bros. Holdings, Inc. v. Equity Res., Inc., No. 2:09-cv-735, 2009 WL 2246236, at *1 (W.D. Pa. July 27, 2009); Barkley v. Olympia Mortg. Co., No. 04-cv-875, 2007 WL 656250, at *3-5 (E.D.N.Y. Feb. 27, 2007); Ex Parte Mut. Sav. Life Ins. Co., 899 So.2d 986, 992 (Ala. 2004).  Thus, GLB itself does not preclude JPMC from responding to Plaintiffs' subpoena by producing the loan files.

GLB expressly permits states to enact their own financial privacy laws that afford individuals greater protection from disclosure than that afforded by the GLB.  See 15 U.S.C. § 6807(b).  Approximately half of the 50 states have enacted such laws, which can be divided into two basic categories:  (1) laws that broadly govern disclosure of nonpublic personal information; and (2) laws that govern only the disclosure of consumer information related to an electronic funds transfer ("EFT"),[5] which also is potentially included in the loan files held

---

institution." 15 U.S.C. § 6809(4)(A).  Nonpublic personal information "does not include publicly available information".  Id. § 6809(4)(B).

[5] For example, a New Jersey statute states that "[a] financial institution may disclose information relative to an electronic fund transfer or account to a third party" only in certain circumstances, including when "[t]he possessor of the account gives written permission to the financial institution to disclose the information".  N.J. Stat. Ann. § 17:16k-3.  "Electronic fund transfer" is defined as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, that is initiated through an electronic terminal, telephone, or computer or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit an account".  N.J. Stat. Ann. § 17:16K-2(c); see also Mont. Ann. Code §§ 32-6-103(3), 32-6-105(1).

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 5
Case No. C09-037-MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

by nonparty JPMC. Most of the states that have enacted their own financial privacy laws appear, as the GLB does, to permit financial institutions to disclose nonpublic personal information of its customers to comply with a discovery request. See, e.g., Cal. Fin. Code § 4056(b) ("[A] financial institution may release nonpublic personal information . . . to respond to judicial process . . . ."); La. Rev. Stat. § 6:333(F)(11) (authorizing "[t]he disclosure . . . of financial records in situations governed by, pursuant to, and in accordance with the provisions of . . . [the GLB]"). Thus, these states, like the GLB, do not appear to present a problem for production of the loan files held by nonparty JPMC.

The financial privacy laws of seven states do <u>not</u> contain an analog to the GLB's "judicial process" exception (the "seven states").[6] The seven states permit disclosure of nonpublic personal information or information related to an EFT—even in response to a subpoena or discovery request—<u>only</u> (1) if made pursuant to a valid court order or court-ordered subpoena; <u>and/or</u> (2) if prior notice is given to the customer, unless such notice is explicitly waived or prohibited by court order. The pertinent seven state statutes and case law are as follows:

- Illinois permits disclosure of nonpublic personal information "only in response to a lawful <u>subpoena</u>, summons, warrant, citation to discover assets, or <u>court order</u>", and requires that notice be given to the customer "unless the bank is specifically <u>prohibited</u> from notifying the person by <u>order of court</u>". 205 Ill. Comp. Stat. §§ 5/48.1(c)-(d) (emphases added).

---

[6] JPMC has produced origination files with respect to loans to consumers whose last known addresses are other than in the seven states.

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 6
Case No. C09-037-MJP

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

- Maryland permits disclosure of nonpublic personal information only "in compliance with a subpoena served on the fiduciary institution", and that subpoena must be served on the customer prior to disclosure unless the subpoena "[c]ontains a certification that service has been <u>waived by the court for good cause</u>". MD Code, Fin. Inst., § 1-304(b) (emphasis added).

- Montana permits disclosure of information relating to an EFT pursuant to "a <u>subpoena issued by a court of record</u> directing the financial institution to disclose such information". Mont. Ann. Code § 32-6-105(1)(b) (emphasis added).

- New Jersey permits production of information related to an EFT if "[t]he possessor of the account gives written permission to the financial institution to disclose the information". N.J. Stat. Ann. § 17:16K-3 (emphasis added). In <u>Hirl ex. rel. Hirl v. Bank of America, N.A.</u>, 952 A.2d 479 (N.J. App. Div. 2008), a New Jersey appeals court stated that, "[a]lthough compliance with a subpoena <u>duces tecum</u> issued in relation to civil litigation is not an enumerated circumstance for disclosure, neither party argues that [Bank of America] could fail to <u>respond to the facially valid subpoena</u>". <u>Id.</u> at 484 (emphasis added). Although somewhat ambiguous, that statement is best read to mean that disclosure of information related to an EFT in response to a subpoena is permissible even without obtaining prior written permission from the customer.

- Rhode Island's general privacy statute provides a cause of action for disclosure of personal information "which would be offensive or objectionable to a reasonable man of ordinary sensibilities". R.I. Gen. Laws § 9-1-28.1(a)(3)(i)(B). In <u>Pontbriand v. Sundlun</u>, 699 A.2d 856 (R.I. 1997), the Rhode Island Supreme Court "conclude[d] that a trier of fact might well determine that . . . depositors [have] an expectation of privacy in their bank records [and that] depositors entertain[] a good faith belief that their bank records [will] not be publicized". <u>Id.</u> at 865. Rhode Island courts have suggested, however, that release of personal information pursuant to a court-ordered subpoena would not violate the statute. See, e.g., <u>Washburn v. Rite Aid Corp.</u>, 695 A.2d 495, 500 (R.I. 1997); <u>O'Coin v. Woonsocket Inst. Tr. Co.</u>, 535 A.2d 1263, 1264 (R.I. 1988); <u>Atturo v. Evora</u>, No. 08-0807, 2009 WL 948732 (R.I. Sup. Ct. Mar. 19, 2009).

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 7
Case No. C09-037-MJP

**CORR CRONIN MICHELSON**
**BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

- Texas law permits financial institutions to disclose nonpublic personal information upon request from a party in a judicial proceeding if the party "request[s] the customer's written consent authorizing the financial institution to comply with the request". TX Fin. Code § 59.006(c)(3). But because the Texas statute "does not create a right of privacy in a record", id. § 59.006(a), it appears to allow production of nonpublic personal information pursuant to a court order without giving notice to the customer, see British Int'l Ins. Co., Ltd. v. Seguros La Republica, S.A., 200 F.R.D. 586, 593-94 (W.D. Tex. 2000) (ordering production of customer banking information without notice to the customer).

- Vermont permits disclosure of nonpublic personal information without notice to the customer if "required by order of court". 8 Vt. Stat. Ann. § 10204(20) (emphasis added).

In sum, a court order and a court-ordered subpoena prior to disclosure of nonpublic personal information (Illinois, Maryland, Texas, Rhode Island and Vermont) and information related to an EFT (New Jersey and Montana) should address the concerns raised in each of the seven states. In addition, two of the states (Illinois and Maryland) require that notice be given to the customer prior to disclosure even if that disclosure is required by a court order or a subpoena, unless the court explicitly prohibits such notice (Illinois) or waives the notice requirement for good cause (Maryland).

    2.     The Revised Proposed Order's Compliance with the Financial Privacy Laws.

The Revised Proposed Order is designed to make any production of the loan files consistent with the financial privacy laws and caselaw in the seven states. As discussed above, the Revised Proposed Order's provision on nonpublic personal information contains three main stipulations, each of which is intended to address different states' requirements.

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 8
Case No. C09-037-MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

First, the Revised Proposed Order provides that, to the extent that any financial privacy law "permits disclosure of [nonpublic personal] information pursuant to an order of a court, this shall constitute compliance with such requirement". (Revised Proposed Order ¶ 4.) This language addresses Illinois', Texas' and Vermont's requirement that a financial institution obtain a court order prior to disclosure of nonpublic personal information. See 205 Ill. Comp. Stat. § 5/48.1(c);[7] 8 Vt. Stat. Ann. § 10204(20); Seguros, 200 F.R.D. at 593-94.

Second, the Revised Proposed Order provides that, to the extent that any financial privacy law "requires a Party to obtain a court-ordered subpoena or give notice to or obtain consent" from a person prior to disclosure of nonpublic personal information, "the Court finds that . . . there is good cause to excuse such requirement, and this shall constitute an express direction that the Party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from [such] person". (Revised Proposed Order ¶ 4.) This language addresses the law of Maryland, Montana, New Jersey and Rhode Island, pursuant to which disclosure of nonpublic personal information or (in the case of Montana and New Jersey) of information related to an EFT may be made pursuant to a court-ordered subpoena. See MD Code, Fin. Inst., § 1-304(b); Mont. Ann. Code § 32-6-105(1)(b); Atturo, 695 A.2d at 500; Hirl, 952 A.2d at 484. It also addresses Maryland's requirement that, even if a subpoena is served on a financial institution requiring disclosure of nonpublic personal information, such information can be disclosed without notice to the customer only if this notice "has been

---

[7] Illinois law requires either a court order or a court-ordered subpoena prior to disclosure of nonpublic personal information. See 205 Ill. Comp. Stat. § 5/48.1(c).

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 9
Case No. C09-037-MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

waived by the court for good cause". MD Code Fin. Inst., § 1-304(b). Good cause is demonstrated below.

<u>Third</u>, the Revised Proposed Order provides that, to the extent that any financial privacy law "requires that any person or entity be notified prior to disclosure of [nonpublic personal information] except where such notice is <u>prohibited</u> by court order, the Court directs that . . . the parties are explicitly prohibited from providing such notice". (Revised Proposed Order ¶ 4 (emphasis added).) This language is directed specifically to Illinois' requirement that, even if disclosure of nonpublic personal information is required by court order, notice of the disclosure must be given to the customer "unless the bank is specifically prohibited from notifying the person by order of the court". 205 Ill. Comp. Stat. § 5/48.1(d). There is good reason to prohibit such notice, as discussed below.

Thus, each component of the Revised Proposed Order's provision on nonpublic personal information is designed to comply with the various state financial privacy laws. Authorizing disclosure of this information for the limited purpose of Plaintiffs' discovery requests is therefore lawful and appropriate; indeed, courts have routinely ordered production of documents potentially containing nonpublic personal information in the context of a discovery request, and have approved confidentiality stipulations and orders containing language similar to the Revised Proposed Order. <u>See, e.g.</u>, Confidentiality Stipulation and Order, <u>Deutsche Bank Nat'l Tr. Co. v. FDIC</u>, No. 1:09-cv-01656, at ¶ 12 (D.D.C. Oct. 11, 2011) (approving stipulation and order with virtually identical provision on nonpublic personal information to the Revised Proposed Order); Protective Order, <u>Pub. Emps. Ret. Sys.</u>

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 10
Case No. C09-037-MJP

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

of Miss. v. Merrill Lynch & Co., Inc., No. 08-cv-10841, at ¶ 9 (S.D.N.Y. Feb. 25, 2011) (approving protective order stating that, "[t]o the extent any federal or state law governing the disclosure and use of [nonpublic personal information] permits such disclosure only as required by order of a court, the producing party's production of [nonpublic personal information] in accordance with this Order shall constitute compliance with such requirement", and "[t]o the extent any such laws require a producing or requesting party to give notice to the subject of any [nonpublic personal information] prior to disclosure, the Court finds that there is good cause to excuse such requirement"); Goodman v. Merrill Lynch & Co., Inc., No. 09-cv-5841, 2010 WL 1286363, at *1 (S.D.N.Y. Apr. 5, 2010) (ordering production, in response to a third-party subpoena, of "a list of client accounts and the asset value and production associated with the accounts serviced by" defendants' employees, despite defendant's objection that the Financial Services Modernization Act of 1999 imposed on it a duty to protect "its client's nonpublic personal information . . . absent a court order compelling disclosure"); Spann v. PNC Bank, N.A., No. 06-768, 2008 WL 8183818, at *1, *5 (W.D. Pa. Oct. 14, 2008) (approving the parties' agreed-upon "Stipulation and Protective Order" stating that "[t]he entry of this Order shall be deemed the requisite judicial process to facilitate the production of Nonpublic Personal Information under any law protecting such information, including the Gramm Leach Bliley Act" (emphasis added)); Ex Parte Mut. Savings, 899 So.2d at 993 (holding that "the trial court did not exceed the scope of its discretion when it ordered Mutual Savings to disclose its customers' nonpublic personal information without providing notice to those customers", so long as the trial court "also

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 11
Case No. C09-037-MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

issue[d] a comprehensive protective order to guard the customers' privacy" (footnote omitted)).

### B. Alternative Modes of Compliance with the Financial Privacy Laws Would Be Infeasible or Impossible.

As discussed above, the Revised Proposed Order is designed to comply with the applicable state financial privacy laws. The alternative would in theory obligate nonparty JPMC to comply with the laws of the seven states by either: (1) redacting consumer nonpublic personal information; or (2) complying with the various state notice requirements prior to production. These alternatives would, however, be highly impracticable and perhaps impossible, and as such good cause exists to prohibit such attempts to otherwise satisfy Maryland's and Illinois's requirements.

First, Plaintiffs' requests for production encompass more than 14,000 mortgage loans, and such documents are extremely voluminous, sometimes totaling more than a thousand pages for a single loan. Of those 14,000 loans, 957 potentially implicate the financial privacy laws of the seven states. The loan files for those 957 loans contain 52,395 documents totaling 787,453 pages. (Decl. of Matthew S. Jackson, ¶ 2.)

The loan files include only a handful of scattered financial details on borrowers that would fall within the protection of the financial privacy laws—especially with respect to information related to EFTs, which is only incidentally included in the loan files (often because loan proceeds were transferred electronically). But, because the nature and location of such information varies from loan file to loan file, removal of that information from loan

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 12
Case No. C09-037-MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

files would require a page-by-page review of each file.  Loan files can be reviewed for nonpublic personal information and redacted at a rate of approximately 45 pages per hour. (Jackson Decl. ¶ 3.)  Reviewing all 787,453 pages of the loan files potentially implicating the financial privacy laws of the seven states would thus take a total of approximately 17,500 total hours of review time.  (Jackson Decl. ¶ 3.)  As will be discussed below, such an expenditure of time is not justified based on the minimal potential downside (if any) of the Revised Proposed Order.

Second, an even less feasible alternative would be to provide pre-disclosure notice to the individuals whose mortgages were included in the pertinent securitizations.  In addition to being costly, such an endeavor would be enormously time-consuming because each of the borrowers would have to be provided with notice and given an opportunity to object to the disclosure.  Providing notice would be especially difficult in those cases where the borrowers' mailing address or contact information available to nonparty JPMC is out of date.  Further, requiring notice to these borrowers might cause confusion of the borrowers as to why the information is sought, and cause those borrowers to spend resources questioning or responding to the requests.  Thus, there is good cause to prohibit notice to the borrowers.

C. **Disclosure of Nonpublic Personal Information Pursuant to the Revised Proposed Order Would Not Harm Borrowers or Significantly Intrude on their Privacy.**

The Revised Proposed Order and other confidentiality provisions negotiated by the Parties ensure that the privacy concerns captured in the financial privacy laws and associated case law are respected.  The Revised Proposed Order makes clear that its provisions are

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 13
Case No. C09-037-MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

limited to "information that may be produced by the Parties in response to requests for loan file documents" (Revised Proposed Order at 2), and that it only "authorizes disclosure of [nonpublic personal information] in this action" (id. ¶ 1 (emphasis added)).  In addition, since submitting the Proposed Order to the Court on October 19, 2011, the Parties have amended it to include a provision explicitly prohibiting both Plaintiffs and Defendants from using the nonpublic personal information in the loan files to contact the borrowers whose information has been disclosed.  (Id. ¶ 5.)  The information would be used only for the purposes of this litigation, resulting in no cost, inconvenience or intrusion on privacy to the borrowers.  In other words, there is no apparent downside to the Revised Proposed Order.

\* \* \* \* \*

In sum, it is difficult to justify the significant costs and delays that would result from either redacting consumer financial information in the loan files or complying with the various state notice requirements, given that, as discussed above (1) compliance with the applicable financial privacy laws is possible without redaction or notice; and (2) the Revised Proposed Order and other robust protective orders negotiated by the Parties would strictly limit the use of nonpublic personal information to this litigation, preventing any harm to the borrowers.  The financial privacy laws at issue appear to be directed toward requests for financial information of specific individuals for potentially invidious purposes, rather than requests for thousands of loan files pertaining to a securitization for the purposes of civil discovery.  That is presumably why the GLB and the vast majority of state financial privacy laws explicitly provide an exception for disclosures related to a "judicial process", and why

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 14
Case No. C09-037-MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

courts have so readily ordered the production of nonpublic personal information in that context.  See, e.g., Goodman, 2010 WL 1286363, at *1; Spann, 2008 WL 8183818, at *1, *5; Ex Parte Mut. Savings, 899 So. 2d at 993.  Thus, the Parties request that the Court grant the Revised Proposed Order.

### III.   CONCLUSION

For the reasons set forth above, the Parties respectfully request that the Court grant the Revised Proposed Order.

DATED this 16th day of November, 2011.

SCOTT+SCOTT LLP

By: _/s/ Joseph P. Guglielmo_
Joseph P. Guglielmo (admitted pro hac vice)
500 Fifth Avenue, 40th Floor
New York, New York 10110
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
Email: jguglielmo@scott-scott.com

Hal D. Cunningham (admitted pro hac vice)
600 B Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
Email: hcunningham@scott-scott.com

COHEN MILSTEIN SELLERS &
TOLL PLLC

Steven J. Toll
Julie Goldsmith Reiser
Joshua S. Devore (admitted pro hac vice)
Matthew B. Kaplan (admitted pro hac vice)
S. Douglas Bunch (admitted pro hac vice)

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 15
Case No. C09-037-MJP

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

           1100 New York Avenue, N.W.
           Suite 500, West Tower
           Washington, D.C. 20005
           Telephone: (202) 408-4600
           Facsimile: (202) 408-4699
           Email:    stoll@cohenmilstein.com
                      jreiser@cohenmilstein.com
                      jdevore@cohenmilstein.com
                      mkaplan@cohenmilstein.com
                      dbunch@cohenmilstein.com

Joel P. Laitman (admitted pro hac vice)
Christopher Lometti (admitted pro hac vice)
Daniel B. Rehns (admitted pro hac vice)
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email:    jlaitman@cohenmilstein.com
            clometti@cohenmilstain.com
            drehns@cohenmilstein.com

Lead Counsel for the Class

TOUSLEY BRAIN STEPHENS PLLC

Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email:    kstephens@tousley.com
            jstrabuk@tousley.com

Liaison Counsel for Plaintiffs and the Class

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 16
Case No. C09-037-MJP

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

|   |   |
|---|---|
| 1 | CORR CRONIN MICHELSON |
| 2 | BAUMGARDNER & PREECE LLP |
| 3 | By: /s/ Steven W. Fogg |

Steven W. Fogg, WSBA No. 23528
Christina Dimock, WSBA No. 40159
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154
Telephone: (206) 625-8600
Facsimile: (206) 625-0900
E-mail:    sfogg@corrcronin.com
           cdimock@corrcronin.com

Attorneys for JPMorgan Chase Bank, N.A.

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 17
Case No. C09-037-MJP

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**CERTIFICATE OF SERVICE**

The undersigned certifies as follows:

1. I am employed at Corr Cronin Michelson Baumgardner & Preece LLP, attorneys for Defendant JP Morgan Chase Bank, N.A. herein.

2. On November 16, 2011, I caused a true and correct copy of the foregoing document to be served on the following parties in the matter indicated below:

Floyd Abrams - fabrams@cahill.com

Michael H. Barr - mbarr@sonnenschein.com

Walter Eugene Barton - gbarton@karrtuttle.com, nrandall@karrtuttle.com, danderson@karrtuttle.com

Steve W. Berman - steve@hbsslaw.com, robert@hbsslaw.com, heatherw@hbsslaw.com

S Douglas Bunch - dbunch@cohenmilstein.com

Steven P Caplow - stevencaplow@dwt.com, patrickwatts@dwt.com, sheilarowden@dwt.com, jasonSchattenkerk@dwt.com

Kevin P Chavous - kchavous@sonnenschein.com

James J. Coster - jcoster@ssbb.com, managingclerk@ssbb.com, jregan@ssbb.com

Hal D Cunningham - hcunningham@scott-scott.com, halcunningham@gmail.com, efile@scott-scott.com

Kerry F Cunningham - kerry.cunningham@dlapiper.com

Leslie D Davis - ldavis@sonnenschein.com

Corey E Delaney - corey.delaney@dlapiper.com, kerry.cunningham@dlapiper.com, richard.hans@dlapiper.com, patrick.smith@dlapiper.com

Joshua S. Devore - jdevore@cohenmilstein.com, efilings@cohenmilstein.com

Joseph A. Fonti - jfonti@labaton.com, ElectronicCaseFiling@labaton.com

Larry Steven Gangnes - gangnesl@lanepowell.com, sebringl@lanepowell.com, docketing-sea@lanepowell.com, donnellyjossm@lanepowell.com

Jonathan Gardner jgardner@labaton.com

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 18
Case No. C09-037-MJP

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1. Joseph P Guglielmo -jguglielmo@scott-scott.com, efile@scott-scott.com
2. Richard F Hans -richard.hans@dlapiper.com, dorinda.castro@dlapiper.com
3. David Daniel Hoff -dhoff@tousley.com, efile@tousley.com
4. Julie Hwang -jhwang@labaton.com, ElectronicCaseFiling@labaton.com
5. Geoffrey M Johnson - gjohnson@scott-scott.com, efile@scott-scott.com
6. Matthew B. Kaplan -mkaplan@cohenmilstein.com, efilings@cohenmilstein.com
7. Stellman Keehnel -stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com
8. Paul Joseph Kundtz - pkundtz@riddellwilliams.com, mdowns@riddellwilliams.com, mbergquam@riddellwilliams.com
9. Joel P Laitman - jlaitman@cohenmilstein.com
10. Bruce Earl Larson - blarson@karrtuttle.com, psteinfeld@karrtuttle.com
11. Mike Liles - Jr-mliles@karrtuttle.com
12. Christopher E Lometti - clometti@cohenmilstein.com
13. John D Lowery - jlowery@riddellwilliams.com,dhammonds@riddellwilliams.com
14. Douglas C McDermott - doug@mcdermottnewman.com, eric@mcdermottnewman.com
15. Bradley T. Meissner - bradley.meissner@dlapiper.com
16. Timothy Michael Moran - moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com
17. Walter W. Noss - wnoss@scott-scott.com, efile@scott-scott.com
18. Brian O. O'Mara - bomara@csgrr.com
19. Barry Robert Ostrager - bostrager@stblaw.com, managingclerk@stblaw.com
20. Kenneth J Pfaehler - kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com
21. Daniel B Rehns - drehns@cohenmilstein.com, efilings@cohenmilstein.com
22. Kenneth M Rehns - krehns@cohenmilstein.com
23. Julie Goldsmith Reiser - jreiser@cohenmilstein.com
24. Serena Richardson - srichardson@labaton.com, ElectronicCaseFiling@labaton.com
25. Rogelio Omar Riojas - omar.riojas@dlapiper.com, nina.marie@dlapiper.com, karen.hansen@dlapiper.com
26. Darren J Robbins -e_file_sd@csgrr.com

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY
ORDER RELATING TO LOCAN FILE PRODUCTIONS - 19
Case No. C09-037-MJP

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Tammy Roy - troy@cahill.com

Joshua M. Rubins - jrubins@ssbb.com, managingclerk@ssbb.com, jregan@ssbb.com

Stephen M. Rummage - steverummage@dwt.com, jeannecadley@dwt.com

Hollis Lee Salzman - hsalzman@labaton.com, ElectronicCaseFiling@labaton.com

Paul Scarlato - pscarlato@labaton.com, ElectronicCaseFiling@labaton.com

Arthur L Shingler - ashingler@scott-scott.com, efile@scott-scott.com

Gavin Williams Skok - gskok@riddellwilliams.com, dhammonds@riddellwilliams.com

Richard A Speirs - rspeirs@cohenmilstein.com

Kim D Stephens - kstephens@tousley.com, wcruz@tousley.com, cbonifaci@tousley.com

Robert D Stewart - stewart@kiplinglawgroup.com, cannon@kiplinglawgroup.com

Janissa Ann Strabuk - jstrabuk@tousley.com, wcruz@tousley.com

Steven J Toll - stoll@cohenmilstein.com, efilings@cohenmilstein.com

Mary Kay - Vyskocil mvyskocil@stblaw.com

Dennis H Walters - dwalters@karrtuttle.com, wbarker@karrtuttle.com

Adam Zurofsky - azurofsky@cahill.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 16th day of November, 2011, at Seattle, Washington.

*/s/Heidi M. Powell*
Heidi M. Powell

MOTION FOR ENTRY OF A REVISED CONFIDENTIALITY ORDER RELATING TO LOCAN FILE PRODUCTIONS - 20
Case No. C09-037-MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900