THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION,<br><br>This Document Relates to: ALL CASES | Master Case No. C09-037 MJP<br><br>[Consolidated with: Case Nos. CV09-0134 MJP, CV09-0137 MJP, and CV09-01557 MJP]<br><br>**[PROPOSED] REVISED CONFIDENTIALITY ORDER RELATING TO LOAN FILE PRODUCTIONS**<br><br>Hearing Date: November 25, 2011<br>w/o Oral Argument |

The Court, having considered the Memorandum and Declaration submitted by JPMorgan Chase Bank, N.A., Lead Plaintiff Doral Bank of Puerto Rico, Lead Plaintiff Policemen's Annuity and Benefit Fund of the City of Chicago and Named Plaintiff Boilermakers National Annuity Trust in support of the Supplemental Confidentiality Order, and good cause appearing therefor, hereby orders as follows with respect to the production of loan files in this action:

[PROPOSED] REVISED CONFIDENTIALITY ORDER
RELATING TO LOAN FILE PRODUCTIONS - 1
Case No. C09-037-MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1.     <u>Nonparty Borrower Information</u>.  For purposes of this Order, "Nonparty Borrower Information" shall mean any information that constitutes "nonpublic personal information" within the meaning of the Gramm Leach Bliley Act, 15 U.S.C. § 6802, et seq. and its implementing regulations, including, but not limited to, any portion of a mortgage loan file or other document which includes financial or credit information for any person (including any credit history, report or score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, or place or position of work.  As set forth in Paragraph 4, this Order authorizes the disclosure of such Nonparty Borrower Information in this action.

2.     <u>Non-waiver of Privileges</u>.  This Order is entered pursuant to Federal Rule of Evidence 502(d). In order to allow for expeditious production of loan file documents, a Producing Party may, at its sole option, produce such materials without detailed, or any, review to determine whether privilege or other privilege or immunity from discovery applies to some of the documents produced.  In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, disclosure in the course of discovery of any document or information shall not be deemed to waive—in this litigation or in any other Federal or State proceeding— any applicable privilege or immunity from discovery that would otherwise attach to the document or information produced or to other documents or information, including without limitation the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, personal privacy protection, the bank examination privilege and

[PROPOSED] REVISED CONFIDENTIALITY ORDER
RELATING TO LOAN FILE PRODUCTIONS - 2
Case No. C09-037-MJP

**Corr Cronin Michelson Baumgardner & Preece LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

the deliberative process privilege, regardless of the extent (if any) to which the Producing Party has reviewed the document or information for privilege or other protection.  Likewise, where a Party has produced loan file documents in another action, investigation, or other proceeding without detailed, or any, review to determine whether privilege or other immunity from discovery applies, no Party shall claim that production of such documents in such other action, investigation, or other proceeding constitutes a waiver of any privilege or protection with respect to the documents produced.

      3.    <u>Clawback of Protected or Erroneously Produced Documents</u>.  The following provision applies to all loan file documents produced in this action, and supersedes the Stipulated Protective Order and Stipulated Order Regarding Clawback of Inadvertently Produced Documents dated November 24, 2010 (Doc. 213) with regard to the production of loan file documents, to the extent this provision and that Order conflict. Pursuant to Fed. R. Evid. 502(d), if a Party (hereinafter, "Producing Party") at any time notifies any other Party (hereinafter, "Receiving Party") that the Producing Party, for any reason, disclosed loan file documents that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure, pursuant to Rule 502(d), shall not be deemed a waiver – in this litigation or in any other proceeding, including in Federal or State proceedings – of the applicable privilege or protection.

[PROPOSED] REVISED CONFIDENTIALITY ORDER
RELATING TO LOAN FILE PRODUCTIONS - 3
Case No. C09-037-MJP

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

The Receiving Party shall upon request immediately return to the Producing Party or destroy all summaries or copies of such loan file documents, shall provide a certification of counsel that all such disclosed materials have been returned or destroyed, and shall not use such items for any purpose until further order of the Court.  In all events, such return or destruction and certification must occur within five business days of receipt of the request.  Within ten business days of the notification that the disclosed materials have been returned or destroyed, the Producing Party shall produce a privilege log with respect to the disclosed materials.  The return of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Party cannot assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced.  Allegedly privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status.  Nothing in this Order shall affect any Party's right to withhold from disclosure documents or information that are privileged or otherwise protected from disclosure.

    4.    <u>Disclosure of Nonparty Borrower Information</u>.  To the extent any federal or state law or other legal authority governing the disclosure or use of Nonparty Borrower Information (hereinafter, "Nonparty Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement.  To the extent any Nonparty Borrower Information Law requires a Party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner,

[PROPOSED] REVISED CONFIDENTIALITY ORDER
RELATING TO LOAN FILE PRODUCTIONS - 4
Case No. C09-037-MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

from any person or entity before disclosure of any Nonparty Borrower Information, the Court finds that, in view of the protections provided for the information disclosed in this Stipulation and Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the Party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Nonparty Borrower Information.  To the extent that any Nonparty Borrower Information Law requires that any person or entity be notified prior to disclosure of Nonparty Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, the parties are explicitly prohibited from providing such notice; provided, however, that this Order shall not prohibit either Party from contacting any person or entity for any other purpose.  Any Producing Party may seek additional orders from this Court that such Party believes may be necessary to comply with any Nonparty Borrower Information Law.  Nothing in this Order shall prohibit a party from designating any documents as CONFIDENTIAL under the Stipulated Protective Order and Stipulated Order Regarding "Clawback" of Inadvertently Produced Documents (Doc. 213).

   5.  Neither Plaintiffs nor Defendants shall use nonpublic personal information in the loan files to contact the borrowers whose information has been disclosed.

[PROPOSED] REVISED CONFIDENTIALITY ORDER
RELATING TO LOAN FILE PRODUCTIONS - 5
Case No. C09-037-MJP

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Having considered the foregoing, the Court hereby GRANTS Lead Counsel's Motion for Entry of a Revised Confidentiality Order Relating to Loan File Productions;

Dated this _____ day of _____, 2011.

        MARSHA J. PECHMAN
        UNITED STATES DISTRICT JUDGE

Presented by:

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP

*/s/ Steven W. Fogg*
Steven W. Fogg, WSBA No. 23528
Christina N. Dimock, WSBA No. 40159
1001 Fourth Avenue, Suite 3900
Seattle, WA  98154
(206) 625-8600

[PROPOSED] REVISED CONFIDENTIALITY ORDER RELATING TO LOAN FILE PRODUCTIONS - 6
Case No. C09-037-MJP

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900