THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION,<br><br>This Document Relates to: ALL CASES | Master Case No. 2:09-cv-00037-MJP<br><br>**PLAINTIFFS' EXPEDITED MOTION AND MEMORANDUM TO AMEND SCHEDULING ORDER**<br><br>**NOTED ON MOTION CALENDAR:**<br>**December 16, 2011**<br><br>**ORAL ARGUMENT REQUESTED** |

*Plaintiffs' Expedited Motion to Amend Scheduling Order*
*Case No. C09-037-MJP*

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

**TABLE OF CONTENTS**

I.   INTRODUCTION   1

II.  LEGAL AUTHORITY   4

III. ARGUMENT   5

    A.   Good Cause Exists for the Modification of the Scheduling Order ......................... 5

    B.   The Modification Will Not Result in Prejudice to Defendants ............................. 10

IV.  CONCLUSION   11

*Plaintiffs' Expedited Motion to Amend Scheduling Order*
*Case No. C09-037-MJP*

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Table of Authorities

**Page(s)**

**Cases**

*Dos Santos v. Borough of Flemington*,
    No. 10-1348, 2011 WL 4962383 (S.D.N.Y. Oct. 18, 2011) ........................................................ 8

*E.E.O.C. v. Bonneville Hot Springs, Inc.*,
    No. 07-CV-5321, 2008 WL 3891272 (W.D. Wash. Aug. 19, 2008) ......................................... 8

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) ................................................................................................... 4, 5

*Lam v. City and County of San Francisco*,
    No. 08-CV-4702, 2011 WL 4915812 (N.D. Cal. Oct. 17, 2011) ........................................... 12

*Lisker v. City of Los Angeles*,
    No. CV 09-09374, 2011 WL 3420665 (C.D. Cal. Aug. 4, 2011) ........................................... 12

*Miller v. Safeco Title Ins. Co.*,
    758 F.2d 364 (9th Cir. 1985) ...................................................................................................... 5

*Zivkovic v. Southern California Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) .................................................................................................... 5

**Other Authorities**

Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE
    §1522.2 (3d ed. 2011) ............................................................................................................ 5, 12

*Plaintiffs' Expedited Motion to Amend Scheduling Order*
Case No. C09-037-MJP

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

ii

Lead Plaintiff Doral Bank of Puerto Rico, Lead Plaintiff Policemen's Annuity and Benefit Fund of the City of Chicago and Named Plaintiff Boilermakers National Annuity Trust ("Plaintiffs") respectfully submit this motion for amendment of the October 29, 2010 scheduling order (ECF No. 207) (the "Scheduling Order"), as amended by the Court on September 6, 2011 (ECF No. 335).

## I. INTRODUCTION

The Court's October 29, 2010 Scheduling Order required that document production be substantially complete by July 29, 2011. As of July 29, 2011, Defendants and JPMorgan Chase Bank, N.A. ("JPMC") had produced approximately 217,000 documents, exclusive of those documents produced to the Permanent Subcommittee on Investigations during their investigation of Washington Mutual Bank ("WMB").[1] On July 29, 2011, Defendants moved this Court to extend the deadline for production of documents to September 30, 2011, and to move the close of fact discovery from December 1, 2011 to January 17, 2012. This Court granted, in part, Defendants' motion, setting September 12, 2011 as the date for "substantial completion of document production" and moving the fact discovery cut-off to January 17, 2011. (ECF No. 335.)

Since July 29, 2011, Defendants and JPMC have produced over 14.6 million pages of documents, excluding hard copy loan documents made available for review in Monroe, Louisiana and San Francisco, California, that, unlike many of the previously produced materials, are directly relevant to the litigation of this case. On September 12, 2011, the last day to produce

---

[1] In November 2008, the United States Senate Permanent Subcommittee on Investigations (the "Senate Subcommittee") initiated an investigation into some of the key causes of the 2008 financial crisis. As part of the investigation, the Senate Subcommittee used WMB as a case study in its examination of the events and actions that led to the 2008 financial crisis. Of the 1.5 million documents produced by Defendants and JPMC in this action, many were previously produced in response to Senate Subcommittee subpoenas and at least half do not pertain to this case. *See* Declaration of Anne L. Box filed concurrently herewith ("Box Decl."), ¶2.

*Plaintiffs' Expedited Motion to Amend Scheduling Order*
*Case No. C09-037-MJP*

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1  documents, Defendants and JPMC notified Plaintiffs by letter[2] of, among other things, the

2  following production of additional documents:

### WCC's Document Production

- Documents found during the search of the WCC shared drive
- 203 boxes of archived hard copy documents available for inspection in San Francisco, California

### JPMC's Document Production

- Approximately 190 boxes of WMB hard copy documents available for review in San Francisco, California[3]
- Approximately 9,000[4] hard copy loan origination files available for review in Monroe, Louisiana[5]

Defendants have failed to provide any explanation as to why they waited until the eleventh hour to inform Plaintiffs of the existence of the hard copy documents in Louisiana and California. Moreover, key documents, including servicing files and over 14,000 electronic files, remain unproduced.

To date, Defendants and JPMC have produced over 26 million pages of documents, not including hard copy documents located in San Francisco and the approximately 2.7 to 4.5 million pages of loan documents recently made available for review in Monroe, Louisiana. *See* Box Decl., ¶3. Many of these documents were produced after the initial July 29, 2011 cutoff, and they relate to witnesses who Plaintiffs have determined need to be deposed. A thorough review

---

[2]  *See* Box Decl., Ex. A.

[3]  *Id.*

[4]  Although Mr. Pernick states in his September 12, 2011 letter that there are 4,000 loan files, in actuality, the number is 9,000. *See* Box Decl, ¶3 and Ex. C.

[5]  The 9,000 loan files made available for review in Monroe, Louisiana, many of which pertain to the collateral loans underlying the securities in this case, were only coordinated for an initial cursory review on December 7, 2011, in order to determine the resources needed to conduct a thorough review.

*Plaintiffs' Expedited Motion to Amend Scheduling Order*
*Case No. C09-037-MJP*

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1  of these documents is obviously necessary prior to taking these depositions. Furthermore,
2  Defendants and JPMC have withheld approximately 78,250 documents on the basis of privilege.
3  And of these 78,250 documents withheld for privilege, approximately 4,000 of those relate to
4  Defendant Richard Careaga, a fact that has necessitated the postponement of Mr. Careaga's
5  deposition while the parties attempt to work through the privilege issues.

6        To date, nine percipient witnesses have been deposed by Plaintiffs and 17 other
7  depositions have taken place. An additional 17 depositions are scheduled to be conducted from
8  the date of this motion through January 18, 2012, and under the current schedule, many of these
9  depositions will be double or triple-tracked. As a result, important information gleaned in one
10 deposition will not be available for use in the other currently scheduled depositions.[6]

11       Given the number of documents produced since July 29, 2011 which are likely relevant
12 to the upcoming depositions, Plaintiffs believe good cause exists for the Court to amend the
13 current scheduling order. Good cause is also present as a result of the voluminous privilege logs
14 produced by Defendants and JPMC on October 25 and 26, 2011, respectively, and the fact that
15 receiving the bulk of the documents produced so late in the discovery period has significantly
16 hampered Plaintiffs' efforts to determine what, if any, additional discovery must be done. In
17 short, Plaintiffs should not be prejudiced by the production of approximately 14.6 million pages[7]
18 of documents after the conclusion of the Court's initial July 29, 2011 discovery deadline.

19       Accordingly, pursuant to Rule 16 of the Federal Rules of Civil Procedure, Plaintiffs
20 respectfully request that the Court continue the fact discovery cut-off 76 days – until April 2,
21 2012. Granting Plaintiffs' request for additional time will allow them the opportunity to review

---

[6] For example, on January 10, 2012, Defendant Fortunato is scheduled to be deposed in New York City, while the deposition of James Tiegen is scheduled to occur in Florida. On January 13, 2012, Donald Wilhelm is scheduled to be deposed in Seattle, Washington, Diane Novak is scheduled to be deposed in Long Beach, California, and third party J.B. Zamora is scheduled to be deposed in Greensboro, North Carolina.

[7] The 14.6 million does not include the hard copy documents located in San Francisco, California and Monroe, Louisiana.

*Plaintiffs' Expedited Motion to Amend Scheduling Order*
*Case No. C09-037-MJP*

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

3

1 the documents fully and to complete the remainder of the depositions in a thorough, orderly
2 manner. Additionally, given the volume of materials placed on the privilege logs, Plaintiffs
3 would then have time to challenge documents Defendants and JPMC have withheld on grounds
4 of privilege prior to the completion of discovery and the remaining depositions.[8] Finally, as
5 discussed below, good cause exists for granting this motion because Plaintiffs have diligently
6 pursued this action.

7 For the foregoing reasons, Plaintiffs respectfully request that the Court amend the
8 Scheduling Order to extend the close of fact discovery by 76 days, until April 2, 2012. Plaintiffs
9 do not seek in any way to disturb the Court's September 17, 2012 trial date.

10 **II. LEGAL AUTHORITY**

11 Rule 16 of the Federal Rules of Civil Procedure governs deadlines and dates set by the
12 court. A scheduling order controls the subsequent course of an action unless it is modified by the
13 court, Fed. R. Civ. P. 16(e); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir.
14 1992), and cannot be modified except "upon a showing of good cause." Fed. R. Civ. P. 16(b);
15 *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16(b)'s
16 good cause standard primarily considers the diligence of the party seeking the amendment, and
17 the court may modify the scheduling order if it cannot reasonably be met despite the diligence of
18 the party seeking the extension. *Johnson*, 975 F.2d at 609. A party demonstrates good cause for
19 the modification of a scheduling order by showing that, even with the exercise of due diligence,
20 it was unable to meet the timetable set forth in the order. *Zivkovic*, 302 F.3d at 1087. Although
21 the existence or degree of prejudice to the party opposing the modification might supply
22 additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons
23 for seeking modification. *Johnson*, 975 F.2d at 609. The decision to modify a scheduling order

---

[8] Prior to bringing this motion, Plaintiffs conferred with Defendants and were unable to reach an agreement as to the extension of the fact discovery cut-off. Defendants proposed an agreed extension to February 10, 2012.

*Plaintiffs' Expedited Motion to Amend Scheduling Order*
*Case No. C09-037-MJP*

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

4

1  is within the broad discretion of the district court. *Id*. at 607; *Miller v. Safeco Title Ins. Co.*, 758
2  F.2d 364, 369 (9th Cir. 1985). However, "[i]n general, if the party seeking relief can show that
3  the deadlines cannot reasonably be met despite the party's diligence, relief may be given."
4  Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE §1522.2 (3d ed. 2011).

## III.  ARGUMENT

### A.  Good Cause Exists for the Modification of the Scheduling Order

Pursuant to the Scheduling Order, the original deadline for document production to be "substantially complete" in this case was July 29, 2011. On July 28, 2011, the day before that deadline, Defendants filed their motion to extend the document production cut-off, which the Court granted in part, moving the deadline to September 12, 2011. Pursuant to that motion, the Court extended the deadline for fact discovery cut-off from December 1, 2011 to January 17, 2012.

Plaintiffs have worked diligently to comply with the January 17, 2012 fact discovery deadline. Specifically, Plaintiffs have reviewed documents obtained from Defendants, JPMC, and a myriad of non-parties, taken the depositions of Defendants' expert, Christopher James, defended the depositions of the Plaintiffs' employees and two experts, Scott Hakala and Anne Zissu, prepared for and attended the depositions of Plaintiffs' financial advisors, taken a 30(b)(6) deposition, and taken nine 30(b)(1) depositions. Despite Plaintiffs' diligence, they have been unable to complete their review of the documents produced given the timing and sheer volume of the productions. Indeed, although this litigation has been in discovery for over 12 months, over half of the documents produced by Defendants and JPMC in this matter were produced ***after July 29, 2011*** – many of which were produced days prior to the Court's cut-off.

As of July 29, 2011, Defendants and JPMC had produced over 11 million pages of documents. Since then, Defendants and JPMC have produced, at a minimum, 17 million pages to Plaintiffs, which included: (a) over eight million pages of electronic loan files; (b) 9,000 files,

*Plaintiffs' Expedited Motion to Amend Scheduling Order*
*Case No. C09-037-MJP*

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

5

each file consisting of 300 – 500 pages (2.7 million – 4.5 million pages total) of paper loan documents made available for on-site review in Monroe, Louisiana;[9] and (c) approximately 400 boxes of documents (the page count is unavailable) made available by Defendants and JPMC to Plaintiffs for an on-site review in San Francisco.[10]

With respect to the 9,000 loan files Defendants have made available for review in Monroe, Louisiana, Plaintiffs were only notified of the existence of this massive paper production, which requires on-site review, in a letter from Defendants dated September 12, 2011 – the same day as the amended deadline for completion of substantial production. *See* Box Decl., Ex. A. While Plaintiffs have committed considerable resources to, and have completed review of, the on-site documents located in San Francisco, commencing review of the larger and more significant production of paper loan files located in Monroe, Louisiana will not occur until mid-December at the earliest.

Moreover, a considerable amount of responsive documents still remain unproduced by Defendants and JPMC, even at this late stage of the litigation, including servicing files for the WaMu loans which made up the pools at issue and the balance of the electronic loan files in the possession of JPMC. Furthermore, Plaintiffs have only received a portion of the documents for which Defendant Careaga, an attorney, was the custodian. Defendants marked the majority of documents related to Mr. Careaga privileged and recorded these documents on privilege logs that WCC produced on October 25, 2011, and JPMC produced on October 26, 2011. *See* Box Decl.,

---

[9] From the initial cursory review conducted on December 7 – 8, 2011, it appears the loan files contain the following documents relevant to this litigation: identification verification; employment verification; loan application; appraisal documentation; credit report; loan approval report; exception documentation; income verification; and collateral valuation reports.

[10] On September 26 – 30 and October 17 – 19, 2011, five attorneys from local and Lead Counsel's firms traveled to San Francisco to review paper loan files made available by Defendants and JPMC. Plaintiffs' counsel isolated approximately 12,000 pages, out of the hundreds of thousands reviewed, and requested copies of these documents from Defendants. Despite the relatively low volume of relevant documents which Plaintiffs requested be produced, Defendants delayed production of this isolated set for almost an entire month and Plaintiffs did not receive them until November 16, 2011. *See* Box Decl., ¶4.

*Plaintiffs' Expedited Motion to Amend Scheduling Order*
*Case No. C09-037-MJP*

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Ex. B.  Plaintiffs believe that Mr. Careaga's documents are highly relevant due to the fact that Mr. Careaga is a defendant in this matter, and they further believe that he was acting in a business, rather than a legal, capacity when he created or received many of these documents. Plaintiffs are currently working with Defendants to resolve this issue, but it may require Court intervention, and, at a minimum, it has forced Plaintiffs to postpone Mr. Careaga's deposition.

It is clear that the majority of Defendants' production occurred after the original deadline and a significant amount of production occurred within weeks, and in large part on the September 12 revised deadline. Even using one of the most advanced online document review systems, Relativity, and using searches tailored to identify the most important and potentially relevant documents, a large portion of these documents remain unreviewed by Plaintiffs. Therefore, Plaintiffs require additional time to analyze the documents sufficiently before conducting the remaining necessary depositions. As an example, the deposition of David Beck, the former Executive Vice-President of Capital Markets,[11] originally scheduled for December 13, 2011, has now been postponed until January 18, 2012, due to the fact that Plaintiffs must review over 5,000 documents in preparation for his deposition – many of which were produced on or near the Court's September 12 deadline.

Based on information uncovered in the completed depositions, as well as information contained in recently produced documents, Plaintiffs believe that they will need to conduct, at minimum, nine additional depositions prior to the close of fact discovery. This need for additional depositions is good cause to extend the discovery cut-off. *See E.E.O.C. v. Bonneville Hot Springs, Inc.*, No. 07-CV-5321, 2008 WL 3891272 (W.D. Wash. Aug. 19, 2008) (finding need to take additional depositions was sufficient good cause in granting motion to extend close of fact discovery); *Dos Santos v. Borough of Flemington*, No. 10-1348, 2011 WL 4962383 (S.D.N.Y. Oct. 18, 2011) (granting motion to extend discovery deadline to complete

---

[11] The President of WCC during the relevant time period, Tim Maimone, reported to Mr. Beck.

*Plaintiffs' Expedited Motion to Amend Scheduling Order*
*Case No. C09-037-MJP*

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

7

depositions). Notably, one of the key witnesses Plaintiffs are seeking to depose, Hugh Boyle, now resides in the Barbados.[12] As such, Mr. Boyle must be served through the Hague Service Convention, a process that takes considerable time and effort.

Moreover, given the complicated nature of the case, the geographic diversity of the parties and non-parties,[13] the massive volume of documents, and the upcoming holidays, the upcoming and yet to be scheduled depositions will entail significant travel and coordination that cannot be done within the current timeframe.

It is also important to recognize that Plaintiffs have prosecuted this action in a diligent manner. In addition to the massive effort devoted to obtaining and reviewing documents, Plaintiffs have taken, defended, or participated in numerous depositions. The following table depicts depositions already conducted in this matter and the remaining depositions that must be taken:

| Deponent | Proposed Date | Proposed Location | Status | Category |
|---|---|---|---|---|
| Mario Rodriguez | April 26, 2011 | New York, NY | Deposed | Boilermakers' 30(b)(6) |
| Enrique Ubarri | May 3, 2011 | New York, NY | Deposed | Doral's 30(b)(6) |
| Marangal Domingo | May 4, 2011 | New York, NY | Deposed | Doral's 30(b)(6) |
| Anne Zissu | May 6, 2011 | New York, NY | Deposed | Plaintiffs' Expert Witness |
| John Gallagher | May 10, 2011 | Chicago, IL | Deposed | Policemen's 30(b)(6) |
| Scott Hakala | May 12, 2011 | New York, NY | Deposed | Plaintiffs' Expert Witness |
| Paul Erlendson | May 27, 2011 | San Francisco, | Deposed | 30(b)(1) |

---

[12] Mr. Boyle's deposition is necessary given that in 2005 he was a Division Executive in Corporate Counterparty Risk, reporting to Jim Vanasek, the Chief Enterprise Risk Officer for WaMu. During the relevant time period, 2006-2007, Mr. Boyle became the Chief Credit Officer and reported to Ronald Cathcart, the Chief Enterprise Risk Officer for Enterprise Risk Management. Significantly, Mr. Boyle oversaw Cynthia Abercrombie in this position, and Ms. Abercrombie cannot be deposed at this time as the result of having recently suffered a stroke. *See* Box Decl., ¶5.

[13] Depositions have been taken or are anticipated to take place in, among other places, Seattle, Dallas, Long Beach, San Francisco, New York, Miami, Kansas City, Los Angeles, Greensboro, Barbados and Chicago.

*Plaintiffs' Expedited Motion to Amend Scheduling Order*
*Case No. C09-037-MJP*

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

8

| Deponent | Proposed Date | Proposed Location | Status | Category |
|---|---|---|---|---|
| | | CA | | |
| John Van Tassel | June 1, 2011 | Chicago, IL | Deposed | 30(b)(1) |
| David Steele | June 2, 2011 | San Francisco, CA | Deposed | 30(b)(1) |
| Joanna Karger | June 3, 2011 | San Francisco, CA | Deposed | 30(b)(1) |
| Maulik Bhansali | June 15, 2011 | San Francisco, CA | Deposed | 30(b)(1) |
| Christopher James | August 18, 2011 | New York, NY | Deposed | Defendants' Expert Witness |
| Helaine Hebble | September 14, 2011 | New York, NY | Deposed | WCC's 30(b)(6) |
| John Drastal | September 20, 2011 | New York, NY | Deposed | 30(b)(1) |
| Mark Brown | October 4, 2011 | Chicago, IL | Deposed | 30(b)(1) |
| Michael Aaknes | October 5, 2011 | Seattle, WA | Deposed | 30(b)(1) |
| Samuel Kunz | November 4, 2011 | Chicago, IL | Deposed | Policemen's 30(b)(6) |
| Timothy Maimone | November 14, 2011 | Seattle, WA | Deposed | 30(b)(1) |
| Juanita Gephardt | November 16, 2011 | Seattle, WA | Deposed | 30(b)(1) |
| Rolland Jurgens | November 18, 2011 | San Francisco, CA | Deposed | 30(b)(1) |
| Cyndy DeKeyser | November 29, 2011 | Kansas City, KS | Deposed | 30(b)(1) |
| Richard Calcara | November 29, 2011 | Kansas City, KS | Deposed | 30(b)(1) |
| Vince Varca | November 30, 2011 | New York, NY | Deposed | 30(b)(1) |
| Thomas Lehmann | December 1, 2011 | Chicago, IL | Deposed | 30(b)(1) |
| Michael Coyne | December 6, 2011 | New York, NY | Deposed | 30(b)(1) |
| Marangal Domingo | December 13, 2011 | Los Angeles, CA | Pending | 30(b)(1) |
| Megan Davidson | December 15, 2011 | Los Angeles, CA | Pending | 30(b)(1) |
| Mark Hillis | December 21, 2011 | Dallas, TX | Pending | 30(b)(1) |

*Plaintiffs' Expedited Motion to Amend Scheduling Order*
*Case No. C09-037-MJP*

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| Deponent | Proposed Date | Proposed Location | Status | Category |
|---|---|---|---|---|
| Melissa Martinez | January 5, 2012 | Los Angeles, CA | Pending | 30(b)(1) |
| James Tiegen | January 10, 2012 | Miami, FL | Pending | 30(b)(1) |
| Steven Fortunato | January 10, 2012 | New York, NY | Pending | 30(b)(1) |
| Diane Novak | January 13, 2012 | Long Beach, CA | Pending | 30(b)(1) |
| Donald Wilhelm | January 13, 2012 | Seattle, WA | Pending | 30(b)(1) |
| Jose B. Zamora | January 13, 2012 | Greensboro, NC | Pending | 30(b)(1) |
| David Beck | January 18, 2012 | New York, NY | Pending | 30(b)(1) |
| Cliff Rossi | Pending | Pending | Pending | 30(b)(1) |
| David Schneider | Pending | Pending | Pending | 30(b)(1) |
| Glenn Wakeman | Pending | Pending | Pending | 30(b)(1) |
| Hugh Boyle | Pending | Pending | Pending | 30(b)(1) |
| Kerry Killinger | Pending | Pending | Pending | 30(b)(1) |
| Richard Careaga | Pending | Pending | Pending | 30(b)(1) |
| Steve Rotella | Pending | Pending | Pending | 30(b)(1) |

Finally, without an extension, Plaintiffs will have little, or no, opportunity to seek follow-up discovery concerning any areas in which Defendants' production proves deficient or in any additional areas newly revealed during the course of deposition testimony. An extension of the fact discovery deadline is, therefore, critical to the effective litigation of this case. Plaintiffs strongly believe that an extension of two and a half months, until April 2, 2012, will allow the parties to complete the fact discovery process in an efficient manner, without further requests for extensions.

**B.     The Modification Will Not Result in Prejudice to Defendants**

Extending fact discovery in this case will not unduly delay the action and Defendants will not be prejudiced by the modification as the trial date has not changed. *See Lisker v. City of Los Angeles*, No. CV 09-09374, 2011 WL 3420665, at *1 (C.D. Cal. Aug. 4, 2011) (citing 6A

*Plaintiffs' Expedited Motion to Amend Scheduling Order*
*Case No. C09-037-MJP*

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

10

1  Wright, *et al*., FEDERAL PRACTICE AND PROCEDURE §1522.2 (3d ed. 1990)).  Good cause exists
2  for an extension of the deadline for close of fact discovery and is not burdensome to Defendants,
3  given that the trial date will remain intact.  *See Lam v. City and County of San Francisco*, No.
4  08-CV-4702, 2011 WL 4915812 (N.D. Cal. Oct. 17, 2011) (granting plaintiff's request for
5  extension of close of fact discovery where good cause outweighed alleged prejudice to
6  defendants).  Moreover, the requested extension will not disturb the Court's September 17, 2012
7  trial date.  The proposed schedule would still allow for five and a half months between the
8  proposed close of discovery on April 2, 2012 and the September 17, 2012 trial.  Plaintiffs believe
9  that this is sufficient time to prepare and file dispositive pre-trial motions and responses to those
10 motions.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court amend the October 29, 2010 Scheduling Order, to extend the deadline for close of fact discovery to April 2, 2012, and to make additional corresponding changes outlined in Plaintiffs' Proposed Schedule attached as Ex. D to the Box Decl.

DATED this 8th day of December, 2011.

**TOUSLEY BRAIN STEPHENS PLLC**

 /s/ Kim D. Stephens
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com
       jstrabuk@tousley.com

*Liaison Counsel for Plaintiffs and the Class*

*Plaintiffs' Expedited Motion to Amend Scheduling Order*
*Case No. C09-037-MJP*

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

11

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll
Julie Goldsmith Reiser
Joshua S. Devore (admitted *pro hac vice*)
S. Douglas Bunch (admitted *pro hac vice*)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
       jreiser@cohenmilstein.com
       jdevore@cohenmilstein.com
       dbunch@cohenmilstein.com

Joel P. Laitman (admitted *pro hac vice*)
Christopher Lometti (admitted *pro hac vice*)
Daniel B. Rehns (admitted *pro hac vice*)
150 East 52nd Street, Thirtieth Floor
New York, NY 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: jlaitman@cohenmilstein.com
       clometti@cohenmilstain.com
       drehns@cohenmilstein.com

**SCOTT+SCOTT LLP**
Anne L. Box (admitted *pro hac vice*)
Hal D. Cunningham (admitted *pro hac vice*)
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
Email: abox@scott-scott.com
       hcunningham@scott-scott.com

Joseph P. Guglielmo (admitted *pro hac vice*)
500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
Email: jguglielmo@scott-scott.com

*Lead Counsel for the Class*

*Plaintiffs' Expedited Motion to Amend Scheduling Order*
*Case No. C09-037-MJP*

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 8, 2011.

   /s/ Kim D. Stephens
Kim D. Stephens, WSBA #11984
**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com

*Plaintiffs' Expedited Motion to Amend Scheduling Order*
*Case No. C09-037-MJP*

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

13