The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION,<br><br>This Document Relates to: ALL CASES | Master Case No. C09-037 MJP<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EXPEDITED MOTION TO AMEND SCHEDULING ORDER**<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, December 16, 2011**<br><br>**ORAL ARGUMENT REQUESTED** |

*Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order: (CV09-037 MJP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION. ........................................................................................................ 1

II. PROCEDURAL HISTORY. ....................................................................................... 2

III. ARGUMENT. .............................................................................................................. 6

    A. Plaintiffs' Motion Is Not Supported By Good Cause. .................................... 6

    B. Plaintiffs' Proposed Scheduling Order Is Unreasonable And Would Prejudice Defendants. ................................................................................... 11

IV. CONCLUSION. ........................................................................................................ 12

*Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order: (CV09-037 MJP) - 1*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Bush v. Pioneer Human Servs., No. 09-0518, 2010 WL 324432
  (W.D. Wash. Jan. 21, 2010) .................................................................................. 6, 11

In re Imperial Credit Indus., Inc. Sec. Litig., 252 F. Supp. 2d 1005
  (C.D. Cal. 2003) .......................................................................................................... 9

In re Washington Mut. Mortg. Backed Sec. Litig., 748 F. Supp. 2d 1246
  (W.D. Wash. 2010) ...................................................................................................... 8

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992) ............................... 6

Stamas v. Cty. of Madera, No. 09-00753, 2011 WL 826330
  (E.D. Cal. March 3, 2011) ......................................................................................... 11

**Statutes & Rules**

Fed. R. Civ. P. 16(b)(4) ........................................................................................................ 6

*Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order: (CV09-037 MJP) - 2*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

## I. INTRODUCTION.

Plaintiffs request an additional 76 days to take 14 depositions and, in the process, seek to squeeze the time (i) for affirmative expert reports and (ii) between summary judgment and trial. Defendants oppose Plaintiffs' request. The requested delay would be highly prejudicial to Defendants because, among other reasons, Defendants believe they have strong grounds for summary judgment and should not be forced to prepare for trial on issues (or an entire case) that might be dismissed at that stage, as would be inevitable under Plaintiffs' proposed schedule. Moreover, as set forth below, Plaintiffs' arguments made to justify this 76-day delay are meritless—any delay in deposition discovery is due to Plaintiffs' lack of diligence.

The Court has issued two scheduling orders in this case. Both provided roughly 125 days between the deadline for substantial completion of document production and the end of fact discovery. Fully aware of that schedule, Plaintiffs chose to serve extremely broad document requests on Defendants and an extremely broad document subpoena on non-party JPMorgan Chase Bank, N.A. ("JPMC"). In response, Defendants and JPMC expended considerable time, effort and resources to substantially complete their document productions—totaling nearly 28 million pages—in accordance with the applicable Court-ordered deadlines. After document discovery was substantially complete, Defendants worked diligently to schedule depositions on dates convenient to Plaintiffs, scheduling and then adjourning at Plaintiffs' request numerous depositions multiple times. In short, Defendants have scrupulously complied with their discovery obligations.

Plaintiffs, on the other hand, have not diligently prosecuted their case. Instead, Plaintiffs apparently did not adequately prepare to review the voluminous documents they requested, refused to take any depositions during the last three weeks of October and first week of November and waited nearly three months to review the largely duplicative loan files

*Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order: (CV09-037 MJP) - 1*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

they now claim are critical to their case. Put simply, Plaintiffs' proposed 76-day extension is not supported by good cause and their motion should be denied.

## II. PROCEDURAL HISTORY.

The Court's initial scheduling order required the parties to substantially complete document production by July 29, 2011, and to complete all fact discovery 125 days later, on December 1, 2011. Prior to the July 29 document discovery deadline, Defendant WaMu Capital Corporation ("WCC") produced over 3 million pages of responsive documents. (Defendants' Motion to Amend Scheduling Order, dated July 28, 2011 ("Defs.' Br.") at 4-5.) Also prior to that deadline, and pursuant to a subpoena, non-party JPMC produced over 9 million pages of documents to Plaintiffs. (Id.)

For the reasons set forth in detail in Defendants' July 28, 2011 Motion to Amend the Scheduling Order, it became clear that neither WCC nor JPMC, despite diligent efforts, would be able to substantially complete their respective document productions by the July 29 deadline. As a result, Defendants moved to amend the scheduling order. In doing so, Defendants made clear that WCC would be producing, among other things, documents from a WCC shared drive and that JPMC would be producing additional loan files. (Id. at 4.) Defendants also made clear that they were conducting additional document searches, which could lead to additional productions.

Plaintiffs opposed the requested extension. Notably, at around the time of their opposition, Plaintiffs were seeking to take 30 fact depositions (the parties subsequently agreed to 25). (See Defendants' Reply in Support of Motion to Amend Scheduling Order, dated Aug. 5, 2011 ("Defs' Reply Br.") at 3.) Plaintiffs knew exactly what had been produced and the potential volume and nature of the documents WCC and JPMC were set to produce. Yet Plaintiffs did not hint that the schedule then in place, and the 125 days it effectively allowed for deposition discovery, should be changed or extended. To the contrary, in its opposition to Defendants' Motion to Amend, Plaintiffs advocated keeping that schedule. (Plaintiffs'

*Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order: (CV09-037 MJP) - 2*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Opposition to Defendants' Motion to Amend Scheduling Order, dated Aug. 3, 2011 ("Pls.' Opp. Br.") at 2.)

While the parties awaited the Court's decision on Defendants' Motion to Amend, WCC and JPMC continued producing documents to Plaintiffs. By mid-August, WCC had produced the vast majority of the remainder of its responsive, non-privileged electronic documents (amounting to approximately 1.4 million additional pages).

On September 9, 2011, having been presented with the salient details about WCC's and JPMC's previous and upcoming productions, and the fact that searches for responsive documents were ongoing and might uncover additional documents, the Court granted in part Defendants' motion to extend the schedule, setting September 12, 2011 as the deadline for substantial completion of document discovery and January 17, 2012 (128 days later) as the date on which fact discovery must close. The Court's Order in no way shortened the period between substantial completion of document production and the discovery cut-off; instead, it lengthened it by three days. Plaintiffs thus had substantially more time to review the earlier-produced documents than they would have had under the initial schedule.

On September 12, 2011, in accordance with the Court's September 9 Order, both WCC and JPMC substantially completed their respective document productions. (Decl. of Anne Box in Support of Plaintiffs' Expedited Motion to Amend Scheduling Order, dated Dec. 8, 2011 ("Box Decl.") Ex. A.) WCC produced 403,500 pages of electronic documents collected from the WCC shared drive (as discussed in Defendants' Motion to Amend) and also made available to Plaintiffs for inspection and copying 203 boxes of archived hard copy documents, from which Plaintiffs identified only 12,000 pages of responsive materials. (Id.; Plaintiffs' Expedited Motion and Memorandum to Amend Scheduling Order, dated Dec. 8, 2011) ("Pls.' Br.") at 6 n.10.) On the same day, JPMC made available for inspection and copying 190 boxes of Washington Mutual Bank hard copy documents and 9,000 boxes of hard copy loan origination files that, as Plaintiffs know, are largely <u>duplicative</u> of the imaged

*Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order: (CV09-037 MJP) - 3*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

loan files that already had been produced to Plaintiffs.  (Box Decl. Ex. A.)  It is true, as Plaintiffs point out, that JPMC has yet to produce servicing files (i.e., files relating to the collection of principal and interest payments from borrowers after the mortgage is funded), but those documents are irrelevant to the witnesses Plaintiffs seek to depose.  At most, those files will be relevant to the parties' expert reports, which are not due until February 28, 2012.

On September 15, following substantial completion of document production, Defendants promptly sent Plaintiffs a list of witnesses whom Defendants sought to depose, requested that Plaintiffs do the same and proposed that the parties meet and confer to "create as soon as possible a joint deposition calendar that will enable the parties to conduct fact depositions in an efficient manner, consistent with the fact discovery deadline set by the Court".  (Declaration of Michael A. Paskin in Support of Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order, dated Dec. 14, 2011 ("Paskin Decl.") Ex. B.)  Within days after receiving Plaintiffs' list, Defendants offered dates for 14 of the 21 depositions that Plaintiffs sought, spaced across October, November and early December.  (See Paskin Decl. Ex. D.)

On October 3, Plaintiffs stated that that they would not agree to **any** of the 14 dates offered by Defendants, except for four witnesses whose deposition dates previously had been agreed upon.  (See Paskin Decl. Ex. E.)  Plaintiffs deposed two of those witnesses on October 4 and 5.  On October 6, Plaintiffs adjourned two of the three remaining depositions scheduled in October, refused to take any additional October depositions and requested that Defendants provide "dates of availability for all witnesses in **December 2011, and January 2012**".  (See id.) (emphasis added.)  On October 19, Defendants proposed an additional 11 deposition dates across mid-November, December and early January. (See Paskin Decl. Ex. G.)

Plaintiffs have deposed 10 fact witnesses, and 11 additional fact witnesses are on calendar to be deposed by Plaintiffs prior to or very shortly after the January 17 cut-off. Plaintiffs have not accepted dates proposed by Defendants for three witnesses—Mr. Beck on

*Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order: (CV09-037 MJP) - 4*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

January 18, Mr. Schneider on January 11 and Clifford Rossi on January 19.  (See Paskin Decl. Ex. L.)

On November 9, the parties held a meet and confer.  Plaintiffs took the position that they needed additional time to complete fact depositions.  (Paskin Decl. ¶ 2.)  Defendants disagreed that the schedule should be extended, but expressed a willingness to hold a few depositions shortly after the January 17 cut-off if, despite the parties' best efforts, it proved too difficult to schedule the requested depositions in the time allotted.  (Id.)  Ultimately, Defendants offered to stipulate to an extension of the discovery cut-off to February 10, 2012, provided that the other dates on the schedule remained unchanged.  (Pls.' Br. at 4 n.8; Paskin Decl. ¶2.)  Defendants pointed out that any more of an extension would prevent the parties' affirmative experts, whose reports are due on February 28, from having a full discovery record on which to opine.  (Id.)  Plaintiffs said this was not a problem for them because, unlike Defendants, they did not anticipate proffering expert testimony dependent upon a review of the testimony of fact witnesses.  (Id.)

Following the meet and confer, Plaintiffs emailed Defendants proposing a fact discovery extension to February 29, which Defendants rejected for the reasons articulated during the meet and confer.  (See Paskin Decl. Ex. I.)  On December 8, 2012—four weeks after the meet and confer—Plaintiffs filed the instant motion, seeking to move the close of fact discovery to April 2, and claiming that they need an additional 76 days to prepare for the remaining depositions they seek to take.

Defendants recognize that, as a practical matter, many of the remaining fact depositions now will have to be taken in January, and Defendants have agreed that some depositions can take place after the January 17, 2011 discovery cut-off.  But there is no valid reason why all fact depositions cannot be completed by early February at the latest.  Any longer extension would prejudice Defendants by reducing the time between close of fact

*Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order: (CV09-037 MJP) - 5*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  discovery and the deadline for exchange of affirmative expert reports, and by compressing
2  later deadlines in the case, including with respect to summary judgment.

### III.   ARGUMENT.

A scheduling order set by the Court "may be modified only for good cause and with the judge's consent". Fed. R. Civ. P. 16(b)(4). Good cause "primarily considers the diligence of the party seeking the amendment". Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If the moving "party was not diligent, the inquiry should end". Id.; see also Bush v. Pioneer Human Servs., No. 09-0518, 2010 WL 324432, at *4 (W.D. Wash. Jan. 21, 2010) (finding that defendant had not shown good cause for an extension and that plaintiff would be prejudiced by an extension of the expert disclosure deadline). Although the focus of the inquiry is on the moving party's diligence, a motion to extend a Rule 16(b) scheduling order may also be denied where it would unreasonably prejudice the non-moving party. See Id. at *4.

### A.   Plaintiffs' Motion Is Not Supported By Good Cause.

#### 1.   Document Production.

Plaintiffs attempt to justify their purported need for additional time to prepare for upcoming depositions by arguing that WCC's and JPMC's document productions were dilatory. That argument is without merit.

First, Plaintiffs mischaracterize the productions made by WCC. It is not the case, as Plaintiffs misleadingly suggest, that WCC's production prior to July 29, 2011 consisted predominantly of documents previously produced to the Senate Permanent Subcommittee on Investigations ("PSI") (see Pls.' Br. at 1 n.1 (misleadingly lumping JPMC's and WCC's productions together to suggest otherwise)), or that WCC produced the bulk of its documents after July 29, 2011 (see Pls.' Br. at 5 (same)). To the contrary, WCC (i) did not make any productions to the PSI (let alone produce PSI documents to Plaintiffs) and (ii) produced to Plaintiffs more than half of its responsive documents (consisting of over 2 million pages from

*Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order: (CV09-037 MJP) - 6*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

WCC email archives) prior to July 29, 2011.  (See supra at 2-3.)  WCC produced the vast majority of the remainder of its responsive, non-privileged documents (amounting to approximately 1.4 million pages) in early and mid-August.  (Id. at 3.)  On the September 12 deadline, WCC produced 403,500 pages of electronic documents and made available to Plaintiffs for inspection and copying 203 boxes of archived hard copy documents (from which Plaintiffs identified only 12,000 pages that they deemed worth copying).  (See Pls.' Br. at 6 n.10; Box Decl. Ex. A).  Although that is a large volume of materials, the record is plain that WCC produced the vast majority of its documents well before the September 12 deadline.

Second, Plaintiffs mischaracterize the production made by non-party JPMC.  Plaintiffs complain that JPMC produced millions of pages of documents from its production to the PSI (see Pls.' Br. at 1 n.1), but fail to mention that it did so because Plaintiffs subpoenaed JPMC for "[a]ll documents provided to the U.S. Senate Permanent Subcommittee on Investigations concerning mortgage lending and securitizations".  (Paskin Decl. Ex. A) (emphasis added).  That production contains documents that "do not pertain to this case" (Pls.' Br. at 1 n.1) because (i) Plaintiffs' subpoena did not limit its request for PSI documents to documents that were relevant to this case and (ii) Plaintiffs and JPMC have agreed upon a protocol for JPMC's production of documents whereby JPMC is not required to review documents for responsiveness, but rather, in exchange for not pursuing cost-sharing, has agreed to produce all non-privileged documents that hit agreed upon terms.  (See Paskin Decl. Exs. A; J; Box Decl. Ex. C)

In addition to that PSI production, prior to September 12, 2011, JPMC had produced (i) over 4 million pages of responsive emails and other documents from previously-identified custodians; (ii) underwriting guidelines applicable to the loans backing the Certificates at issue; (iii) electronic images of the origination records for all of the 14,190 loans underlying the six trusts then at issue (except for files relating to the 957 loans that have been held back pending entry of the parties' Supplemental Confidentiality Stipulation and Order Relating to

*Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order: (CV09-037 MJP) - 7*

Loan File Productions); and (iv) 35,234 pages of documents from loan number searches. (Box. Decl. Exs. A; C.) Thus, JPMC also produced the vast majority of its documents before the September 12 deadline.

On September 12, JPMC made available for inspection and copying in Monroe, Louisiana 9,000 boxes of hard copy loan origination files, which, as discussed in Defendants' Motion to Amend, largely <u>are cumulative of</u> the loan file images already produced to Plaintiffs. (Def's Br. at 4; Box. Decl. Ex. C.) In fact, it is Defendants' understanding that a number of the loan files in those boxes are <u>100% identical</u> to the loan file images; the others contain some documents that were not scanned in the ordinary course of business and thus are absent from the imaged files.[1] Plaintiffs have not asked a single deposition witness a single question about any materials from a loan file. Plaintiffs cannot credibly claim that JPMC's September 12 production of largely duplicative loan files provides good cause for an extension to the deposition schedule.

<u>Third</u>, Plaintiffs cannot credibly claim that their request for loan servicing files from JPMC is a reason to extend the fact discovery deadline. Plaintiffs have not identified any individual they seek to depose who has had any involvement with loan servicing and they have asked no questions relating to that topic in any deposition. That is not surprising given that the core issue in this case relates to the <u>origination</u> of the mortgage loans that back the securities at issue and whether, in originating those mortgages, the applicable underwriting

---

[1] Plaintiffs appear to suggest that Defendants are somehow responsible for Plaintiffs not inspecting loan files until December 7, 2011—three months after they were made available—or that they were not aware of the number of loan files available for review until they arrived for inspection. (<u>See</u> Pls.' Br. at 2 nn. 4&5.) That is wrong. Those loan files were available to Plaintiffs on a rolling basis starting on September 12. Contrary to Plaintiffs' assertion, Mr. Pernick did not state in his September 12, 2011 letter that there were only 4,000 loan files, but that, as of that date, 4,000 loan files were available for immediate review and "that the rest will be available in Monroe within the next week or so". (Box Ex. A.) Moreover, on October 26, 2011, JPMC sent Plaintiffs a full list of the 9,180 loan files that JPMC had collected and made available in Monroe. (<u>See</u> Box Decl. Ex. C.) Still, Plaintiffs waited until December 7 to inspect those files.

*Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order: (CV09-037 MJP) - 8*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

guidelines "ceased to exist".  In re Washington Mut. Mortg. Backed Sec. Litig., 748 F. Supp. 2d 1246, 1255 (W.D. Wash. 2010).

        2.        Depositions.

Plaintiffs argue that good cause exists for their motion because multiple "depositions are scheduled to be conducted from the date of [Plaintiffs'] motion through January 18, 2012, and [that] under the current schedule, many of these depositions will be double or triple-tracked".  (Pls.' Br. at 3)  That argument must fail, as the record makes clear that Plaintiffs' own delays are entirely to blame for this outcome:

- In September, Defendants requested a list of the witnesses Plaintiffs would seek to depose and, once Defendants received that list, offered deposition dates for 14 of those 21 witnesses in October, November and December.  (Paskin Decl. Ex. B.)

- On October 3, Plaintiffs stated that that they would not agree to **any** of the new dates offered by Defendants.  (Paskin Decl. Ex. E)

- Plaintiffs then refused to take any additional October depositions and requested that Defendants provide "dates of availability for **all witnesses in December, 2011 and January 2012**".  (Id.) (emphasis added).

- On October 19, pursuant to Plaintiffs' request, Defendants proposed an additional 11 deposition dates across mid-November, December and early January.  (Paskin Decl. Ex. G.)  Although Plaintiffs accepted some of those dates, they delayed others, causing Defendants to have to reschedule a number of witnesses multiple times.

Because it is occasioned by Plaintiffs' own lack of diligence, the fact that the parties will have to proceed with multiple depositions in January cannot constitute good cause for Plaintiffs' motion.  See In re Imperial Credit Indus., Inc. Sec. Litig., 252 F. Supp. 2d 1005, 1017 (C.D. Cal. 2003).  Indeed, the Court granted Plaintiffs' motion to appoint two large plaintiffs' firms as lead counsel precisely so that the firms could "share[] in the labor" without duplicating work.  (See Dkt. No. 345 at 16.)

*Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order: (CV09-037 MJP) - 9*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Plaintiffs' claim that their "need for additional depositions is good cause" likewise does not withstand scrutiny. (Pls.' Br. at 7.) Plaintiffs claim to need nine "additional depositions" but identify only five witnesses they seek to depose who were not on their list from September 23, 2011—Melissa Martinez, Cliff Rossi and James Tiegen (all of whom were first identified to Defendants as intended deposition witnesses in late October), Kerry Killinger (whose counsel was first contacted by Plaintiffs on November 30, 2011) and Jose Zamora (whom, Defendants understand, Plaintiffs only recently contacted). (See Paskin Decl. Exs. F; H; K; Paskin Decl. ¶3.) Of the other witnesses listed as "proposed" or "pending" in Plaintiffs' brief, three are individuals whom Defendants will depose, and the rest were on Plaintiffs' initial list, and thus are not "additional" witnesses.

Plaintiffs provide no support for their assertion that they only just learned of these witnesses as a result of "information uncovered in the completed depositions, as well as information contained in recently produced documents" (Pls.' Br. at 7), and the assertion is highly dubious. Plaintiffs' list includes Kerry Killinger, the President and CEO of Washington Mutual Inc., as well as Jose Zamora, whose name appears on a number of documents that Plaintiffs marked and discussed at the deposition of WCC's 30(b)(6) witness, Helaine Hebble, on September 14, 2011. (Sept. 14, 2011 Deposition of Helaine Hebble at 183:18-21 ("So, Michael Coyne is writing to JB Zamora talking about 170 loan sample for the AR7 deal?"); id. at 202:15-20 ("Now, explain to me what Michael Coyne, if you can, means when he's e-mailing JB Zamora about and asking him to kindly identify and provide DD results for any resubs in the AR7 population attached.").) If Plaintiffs actually have a need to take these "additional" depositions, they could have identified and attempted to schedule them at a point much earlier in the discovery process. Moreover, the parties would have had more flexibility to schedule these and other remaining depositions over the next several weeks had Plaintiffs been more diligent in scheduling and taking depositions in October and early November.

*Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order: (CV09-037 MJP) - 10*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

3.     Privilege Log.

Plaintiffs claim that "[g]ood cause is also present as a result of the voluminous privilege logs produced by [WCC] and JPMC on October 25 and 26, 2011, respectively". (Pls.' Br. at 3.)  Plaintiffs are wrong.  The only deposition witness Plaintiffs identify as having documents withheld as privileged is Richard Careaga, an in-house attorney at WMB and an officer of WaMu Asset Acceptance Corp., who communicated frequently with outside counsel in connection with securitizations.  Mr. Careaga's deposition, which Plaintiffs recently canceled, had been scheduled for December 8.  If Plaintiffs wished to challenge WCC's privilege calls (of which, contrary to Plaintiffs' suggestion, there are only 40), or request that JPMC review a subset of the Careaga-related documents reflected on its privilege screen index, Plaintiffs had over a month to do so.[2]  Instead, they waited until November 28, 2011—10 days before Mr. Careaga's scheduled deposition—to raise the issue.  Particularly in view of their lack of diligence, Plaintiffs cannot credibly claim that the purported need to reschedule Mr. Careaga's deposition constitutes good cause.

**B.     Plaintiffs' Proposed Scheduling Order Is Unreasonable And Would Prejudice Defendants.**

Plaintiffs' proposed extension is unreasonable because pushing the discovery cut-off to April would leave only five months to complete expert reports, expert depositions, summary judgment briefing, motions in limine and pre-trial preparation before commencement of trial.  See Stamas v. Cty. of Madera, No. 09-00753, 2011 WL 826330, at *7 (E.D. Cal. March 3, 2011).

Among other things, Plaintiffs' proposed schedule would shorten the period between the close of fact discovery and the deadline for expert report submissions—which undoubtedly constitutes prejudice, as, according to Plaintiffs, it would uniquely impact

---

[2] JPMC has not produced a privilege log, but rather has provided Plaintiffs with an index of responsive documents that have hit upon JPMC's privilege screen, in accordance with the agreed upon production protocol.  (See Box Decl. Ex. C.)

*Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order: (CV09-037 MJP) - 11*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Defendants. (See supra p. 5). See Bush, 2010 WL 324432, at *4. More importantly, it would leave only 14 days between the completion of summary judgment briefing and the deadline to file motions in limine. Thus, the schedule all but guarantees that the parties would be drafting motions in limine—as well as preparing witnesses, trial exhibits and other materials in anticipation of trial—before knowing whether Defendants' summary judgment motion will dispose of this case in its entirety (or, at a minimum, narrow the issues to be tried).

## IV.   CONCLUSION.

For the foregoing reasons, Plaintiffs' proposed extension is unreasonable and not supported by good cause. Defendants respectfully request that Plaintiffs' Expedited Motion to Amend Scheduling Order be denied. To the extent more time is needed to complete fact depositions, Defendants submit that an extension of the fact discovery cut-off to February 10, 2012 is more than sufficient.

DATED this 14th day of December, 2011.

                HILLIS CLARK MARTIN & PETERSON P.S.

                By   s/ Brian C. Free
                      Louis D. Peterson, WSBA #5776
                      Brian C. Free, WSBA #35788
                      Hillis Clark Martin & Peterson P.S.
                      1221 Second Avenue, Suite 500
                      Seattle WA 98101-2925
                      Tel:  (206) 623-1745 Fax:  (206) 623-7789
                      Email: ldp@hcmp.com; bcf@hcmp.com

                BINGHAM MCCUTCHEN LLP
                ADMITTED *PRO HAC VICE*

| | |
|---|---|
| Susan L. Hoffman | David M. Balabanian |
| Bingham McCutchen LLP | John D. Pernick |
| 355 South Grand Avenue, Suite 4400 | Jee Young You |
| Los Angeles, CA 90071-3106 | Frank Busch |
| Tel: (213) 680-6400 | Bingham McCutchen LLP |
| Fax: (213) 680-6499 | Three Embarcadero Center |
| Email:  susan.hoffman@bingham.com | San Francisco, CA  94111-4067 |
| | Tel: (415) 393-2000 Fax:  (415) 393-2286 |
| | Email: davidbalabanian@bingham.com; |
| | john.pernick@bingham.com; |

*Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order: (CV09-037 MJP) - 12*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

jeeyoung.you@bingham.com
frank.busch@bingham.com

Theo J. Robins
Bingham McCutchen LLP
399 Park Avenue,
New York, NY  10022-4689
Tel: (212) 705-7000 Fax:  (212) 702-3680
Email:  theo.robins@bingham.com

Attorneys for Defendants
Washington Mutual Asset Acceptance Corporation, Washington Mutual Capital Corporation,
David Beck, Richard Careaga, Rolland Jurgens, and Diane Novak

CRAVATH, SWAINE & MOORE LLP
ADMITTED *PRO HAC VICE*
Evan R. Chesler
Thomas G. Rafferty
Daniel Slifkin
Michael A. Paskin
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, NY 10019
Tel: (212) 474-1000 Fax:  (212) 474-3700
Email: echesler@cravath.com;
trafferty@cravath.com; dslifkin@cravath.com;
mpaskin@cravath.com;
wearnhardt@cravath.com

Attorneys for Defendants
Washington Mutual Asset Acceptance Corporation and Washington Mutual Capital Corporation

*Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order: (CV09-037 MJP) - 13*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of December, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- Adam Zurofsky   azurofsky@cahill.com
- Barry Robert Ostrager   bostrager@stblaw.com, managingclerk@stblaw.com
- Bradley T. Meissner   bradley.meissner@dlapiper.com
- Brian O. O'Mara   bo'mara@rgrdlaw.com, e_file_sd@rgrdlaw.com
- Christopher E Lometti   clometti@cohenmilstein.com
- Corey E Delaney   corey.delaney@dlapiper.com, kerry.cunningham@dlapiper.com, patrick.smith@dlapiper.com, richard.hans@dlapiper.com
- Daniel B Rehns   drehns@cohenmilstein.com, efilings@cohenmilstein.com
- Darren J Robbins   e_file_sd@csgrr.com
- David Daniel Hoff   dhoff@tousley.com, efile@tousley.com
- Douglas C McDermott   doug@mcdermottnewman.com, eric@mcdermottnewman.com
- Floyd Abrams   fabrams@cahill.com
- Gavin Williams Skok   gskok@riddellwilliams.com, jsherred@riddellwilliams.com, lmoore@riddellwilliams.com
- Geoffrey M Johnson   gjohnson@scott-scott.com, efile@scott-scott.com
- Hal D Cunningham   hcunningham@scott-scott.com, efile@scott-scott.com, halcunningham@gmail.com
- Hollis Lee Salzman (Terminated)   hsalzman@labaton.com, ElectronicCaseFiling@labaton.com
- James J. Coster   jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com
- Janissa Ann Strabuk   jstrabuk@tousley.com, lrolling@tousley.com, wcruz@tousley.com
- Joel P Laitman   jlaitman@cohenmilstein.com
- John D Lowery   jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com
- Jonathan Gardner   jgardner@labaton.com
- Joseph P Guglielmo   jguglielmo@scott-scott.com, efile@scott-scott.com
- Joseph A. Fonti (Terminated)   jfonti@labaton.com, ElectronicCaseFiling@labaton.com
- Joshua M. Rubins   jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com
- Joshua S. Devore   jdevore@cohenmilstein.com, efilings@cohenmilstein.com

*Certificate of Service - 1*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

| | |
|---|---|
| 1 | Julie Goldsmith Reiser     jreiser@cohenmilstein.com |
| 2 | Julie Hwang (Terminated)    jhwang@labaton.com, ElectronicCaseFiling@labaton.com |
| 3 | Kenneth J Pfaehler     kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com |
| 4 | Kenneth M Rehns     krehns@cohenmilstein.com |
| | Kerry F Cunningham     kerry.cunningham@dlapiper.com |
| 5 | Kevin P Chavous     kchavous@sonnenschein.com |
| 6 | Kim D Stephens     kstephens@tousley.com, cbonifaci@tousley.com, lrolling@tousley.com, wcruz@tousley.com |
| 7 | |
| 8 | Larry Steven Gangnes     gangnesl@lanepowell.com, docketing-sea@lanepowell.com, donnellyjossm@lanepowell.com, sebringl@lanepowell.com |
| 9 | Leslie D Davis     ldavis@sonnenschein.com |
| 10 | Mary Kay Vyskocil     mvyskocil@stblaw.com |
| 11 | Matthew B. Kaplan     mkaplan@cohenmilstein.com, efilings@cohenmilstein.com |
| 12 | Michael H. Barr     mbarr@sonnenschein.com |
| | Nancy A Pacharzina (Terminated)    npacharzina@tousley.com, mhottman@tousley.com |
| 13 | Paul Scarlato     pscarlato@labaton.com, ElectronicCaseFiling@labaton.com |
| 14 | Paul Joseph Kundtz     pkundtz@riddellwilliams.com, mbergquam@riddellwilliams.com, mdowns@riddellwilliams.com |
| 15 | |
| 16 | Richard A Speirs     rspeirs@cohenmilstein.com |
| 17 | Richard F Hans     richard.hans@dlapiper.com, dorinda.castro@dlapiper.com |
| | Robert D Stewart     stewart@kiplinglawgroup.com |
| 18 | Rogelio Omar Riojas     omar.riojas@dlapiper.com, karen.hansen@dlapiper.com, nina.marie@dlapiper.com |
| 19 | |
| 20 | S Douglas Bunch     dbunch@cohenmilstein.com |
| 21 | Serena Rich ardson (Terminated)    srichardson@labaton.com, ElectronicCaseFiling@labaton.com |
| 22 | Stellman Keehnel     stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com |
| 23 | Stephen M. Rummage     steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com |
| 24 | Steve W. Berman     steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com |
| 25 | Steven J Toll     stoll@cohenmilstein.com, efilings@cohenmilstein.com |
| 26 | Steven P Caplow     stevencaplow@dwt.com, jasonSchattenkerk@dwt.com, patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com |
| 27 | |
| 28 | Steven W Fogg     sfogg@corrcronin.com, hpowell@corrcronin.com, reception@corrcronin.com |

*Certificate of Service - 2*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1. Tammy Roy    troy@cahill.com
2. Timothy Michael Moran    moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com
3. Walter W. Noss    wnoss@scott-scott.com, efile@scott-scott.com

DATED this 16th day of 2011 at Seattle, Washington.

By___s/ Brian C. Free_____
Brian C. Free, WSBA #35788
1221 Second Avenue, Suite 500
Seattle WA 98101-2925
Telephone:  (206) 623-1745
Facsimile:  (206) 623-7789
Email:  bcf@hcmp.com

Opposition brief.docx

*Certificate of Service  - 3*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789