THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION,<br><br>This Document Relates to: ALL CASES | Master Case No. 2:09-cv-00037 MJP<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' EXPEDITED MOTION TO AMEND SCHEDULING ORDER**<br><br>**NOTED ON MOTION CALENDAR: December 16, 2011**<br><br>**ORAL ARGUMENT REQUESTED** |

Reply Memorandum in Further Support of Plaintiffs'
Expedited Motion to Amend Scheduling Order
Case No. 2:09-cv-00037 MJP

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

## I. INTRODUCTION

In opposing Plaintiffs' motion to amend the scheduling order, Defendants fail to address a number of facts raised by Plaintiffs, which clearly demonstrate good cause supporting their motion: (1) Plaintiffs have been more than diligent in pursing, obtaining and reviewing the tens of millions of pages of documents produced by Defendants and JPMorgan Chase Bank N.A. ("JPMC"); (2) Plaintiffs were forced to wait many months to obtain the majority of emails and other important loan-related documents from Defendants and JPMC based on their statements concerning the purported difficulty in locating responsive documents; (3) Defendants, on the eve of the Court's deadline to complete production, engaged in a wholesale document "dump," producing over 400 boxes of hard-copy documents as well as 9,000 loan files and documents stored on computer media, many of which originated from the files of the individual defendants or other key former WaMu employees; and (4) Defendants continue to this very day to produce documents, including documents relating to loan put backs,[1] that are highly relevant to the issue of Defendants' failure to comply with their stated underwriting guidelines.

The only prejudice Defendants can point to stemming from the proposed amendment is that the time to file their summary judgment motions will be shortened. Such protestations of "prejudice" do not and cannot compare to the prejudice that Plaintiffs will suffer if they are not allowed to complete their review of the approximately 26 million documents and depose relevant witnesses.

### A. Good Cause Exists for the Modification of the Scheduling Order

As set forth in Plaintiffs' opening memorandum (ECF No. 351), the facts clearly establish that Plaintiffs have good cause to modify the Scheduling Order as they need to

---

[1] *See* Declaration of Anne Box filed concurrently herewith ("Box Decl."), Ex. A (December 13, 2011 Letter from Matthew Jackson to Josh Devore).

Reply Memorandum in Further Support of Plaintiffs'
Expedited Motion to Amend Scheduling Order - 1
Case No. 2:09-cv-00037 MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

complete their review of the documents and data in order to complete the remaining depositions.[2] Plaintiffs have diligently pursued discovery in this action, which has resulted in the production of over 26 million pages of documents. Plaintiffs have provided their clients for depositions, have taken or defended 27 depositions of party and non-party witnesses and have subpoenaed over 70 third parties seeking information concerning the Certificates at issue.

Throughout the spring and summer, Defendants and JPMC delayed production of substantive documents, specifically, email, and loan files. Just two days prior to the original discovery cut-off, when Defendants notified Plaintiffs of their intent to seek a modification of the production deadlines, Defendants were still in the process of identifying relevant sources of information from Washington Mutual Capital Corporation's ("WCC") email server and shared drive.[3]

Defendants have no response to these facts. Defendants' argument that an extension isn't warranted because "Plaintiffs knew exactly what had been produced and the potential volume and nature of the documents WCC and JPMC were set to produce"[4] is nonsensical as it presupposes Plaintiffs had the clairvoyance to know what information was contained in the documents and which witnesses to depose.

Defendants' mischaracterization of Plaintiffs' decision to not proceed with certain depositions as a lack of diligence is contrary to the facts. Plaintiffs made the reasonable decision not to depose certain witnesses prior to having received and reviewed relevant documents related to those witnesses. Defendants were well aware that, during the October 3 call referenced by Defendants in their brief in opposition,[5] Plaintiffs' production of a list of potential deponents was

---

[2]   *See E.E.O.C. v. Bonneville Hot Springs, Inc.*, No. 07-CV-5321, 2008 WL 3891272 (W.D. Wash. Aug. 19, 2008); Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE §1522.2 (3d ed. 2011).

[3]   *See* Box Decl., Ex. B (July 28, 2011 email from John Pernick to Joseph Guglielmo and Josh Devore).

[4]   Defendants' Opposition to Plaintiffs' Expedited Motion to Amend Scheduling Order, ECF No 254 ("Defs.' Opp.") at 2.

[5]   *See* Defs.' Opp. at 7, 12.

Reply Memorandum in Further Support of Plaintiffs'
Expedited Motion to Amend Scheduling Order - 2
Case No. 2:09-cv-00037 MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

not an indication that Plaintiffs were, at that time, going to depose each witness listed, nor was it an invitation to have Defendants *unilaterally* schedule the depositions as they saw fit to gain a tactical advantage.[6] Thus, Defendants' complaint that they proposed deposition dates in October only to have Plaintiffs cancel such dates is misleading and meritless.

Defendants have no real response to the fact that they and JPMC have produced over 14.6 million pages of documents *after* the date the Court originally set in July for their productions to be complete. Indeed, only a few short months ago Defendants admitted to not having searched through key data and document sets belonging to WCC custodians and thus needing until August to review and produce such information.[7] And Defendants' contention that Plaintiffs waited until only recently to review the 9,000 loan files made available in Monroe, Louisiana,[8] ignores the fact that these files were not made available during the many months that Defendants were supposed to have gathered and produced their documents. Indeed, a log of such documents was not provided to Plaintiffs until October 26, 2011. *See* ECF No. 352-3. This timing and the timing of the productions in San Francisco, well after the original July 29 production deadline (*see* ECF. No. 352-1), are clear examples of Defendants' dilatory tactics and undermine Defendants' claim that they have "scrupulously complied with their discovery obligations." *See* Defs' Opp. at 1.

Furthermore, Defendants and JPMC have withheld approximately 78,250 documents on the basis of privilege. There should be no question that Plaintiffs are entitled to have time to evaluate and, if necessary, challenge Defendants' and JPMC's respective assertions of privilege. For example, thousands of documents relating to Defendant Careaga have been withheld as privileged. Defendants and JPMC cannot refute the fact that privilege logs and reports from

---

[6]   *See* Box Decl., Ex. E (October 6, 2011 letter from Josh Devore to Michael Paskin and Daniel Slifkin).
[7]   *See* Box Decl., Ex. C. (July 12, 2011 email from John Pernick to Joseph Guglielmo).
[8]   Defs.' Opp. at 8, n.1.

Reply Memorandum in Further Support of Plaintiffs'
Expedited Motion to Amend Scheduling Order - 3
Case No. 2:09-cv-00037 MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Defendants and JPMC were not produced until October 25, 2011 and October 26, 2011 respectively. *See* ECF Nos. 352-2 and 352-3. Plaintiffs have been diligent in examining Defendants' and JPMC's privilege logs and addressing potential issues concerning the logs. If necessary, Plaintiffs will move the Court to compel improperly withheld documents. For this reason alone, additional time should be afforded Plaintiffs to properly determine what documents on these massive privilege logs and reports should be produced.

With respect to the current deposition schedule, Defendants have acknowledged that the parties are unable to meet the current deadlines and have offered an extension of approximately 24 days. *See* Defs.' Opp. at 12. Defendants fail to address Plaintiffs' argument that the completion of at least 14 depositions, not including any depositions Defendants intend to take, within the current deadline is highly prejudicial to Plaintiffs and would still require depositions to occur almost daily.[9] Dates have not been proposed or agreed to for the following witnesses: Cliff Rossi, David Schneider, Glenn Wakeman, Hugh Boyle,[10] Richard Careaga, and Steve Rotella.

Moreover, Plaintiffs may depose additional individuals depending on what testimony is obtained from the previously noticed witnesses. In opposing the continuance, Defendants make the incredible argument that, "if Plaintiffs actually have a need to take these 'additional' depositions, they could have identified and attempted to schedule them at a point much earlier in the discovery process." *See* Defs.' Opp. at 10. However, as anyone involved in discovery knows, in order to determine whether additional discovery and depositions are necessary, one

---

[9] Currently, the remaining schedule for depositions is as follows: December 21, 2011 – Mark Hillis; January 5, 2012 – Melissa Martinez; January 10, 2012 – Defendant Steven Fortunato, James Tiegen; January 13, 2012 – Donald Wilhelm, Defendant Diane Novak and third party Jose B. Zamora; and January 18, 2012 – Defendant David Beck.

[10] When Plaintiffs requested that Defendants accept service for Mr. Boyle's deposition, Defendants stated that they could not locate him. However, Plaintiffs were able to locate Mr. Boyle as a current officer of a banking institution located in Barbados. Once Plaintiffs contacted Mr. Boyle and informed him that they sought his testimony, Mr. Boyle's attorney, in Seattle, contacted Plaintiffs stating that Plaintiffs needed to go through the Hague Service Convention to serve him. Notably, Mr. Boyle is a U.S. resident with property in the Seattle area.

Reply Memorandum in Further Support of Plaintiffs'
Expedited Motion to Amend Scheduling Order - 4
Case No. 2:09-cv-00037 MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

needs to first review the documents and then take initial depositions to confirm what, if any, additional information needs to be discovered. Defendants' failure to make their 30(b)(6) witness available to testify on behalf of WCC until September 14, 2011, along with not yet having made a 30(b)(6) witness available to testify on behalf of Defendant Washington Mutual Asset Acceptance Corporation, has delayed and impacted the scheduling of percipient witness.[11]

A continuance of the fact discovery cut-off of 76 days – until April 2, 2012, will allow the parties time to complete the review of documents and related loan files and properly schedule the remaining depositions of party and non-party witnesses. Given the circumstances, good cause has clearly been met.

### B. There Is No Prejudice to Defendants

Defendants make no argument of substance that they will be prejudiced other than a vague claim that they will have less time to spend on summary judgment briefing and motions *in limine*. *See* Defs.' Opp. at 11-12. If Defendants believe that they have such "strong grounds" for summary judgment as they state, there is nothing preventing Defendants from filing for summary judgment now as the proposed schedule simply provides deadlines. Given that there is nothing prohibiting Defendants from filing at any time, delaying the deadline to file summary judgment motions is of no consequence. Moreover, the prejudice, if any, to Defendants is clearly outweighed by the prejudice to Plaintiffs if they are not allowed sufficient time to complete discovery. Given that Plaintiffs do not propose to amend the trial date, there is simply no prejudice to allowing the parties to complete discovery.[12]

///

///

---

[11] *See* Box Decl., Ex. D (December 12, 2011 letter to John Pernick, Eric Mattson and Michael Paskin).

[12] *See Lisker v. City of Los Angeles*, No. CV 09-09374, 2011 WL 3420665, at *1 (C.D. Cal. Aug. 4, 2011) (citing 6A Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE §1522.2 (3d ed. 1990)).

Reply Memorandum in Further Support of Plaintiffs'
Expedited Motion to Amend Scheduling Order - 5
Case No. 2:09-cv-00037 MJP

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

## II. CONCLUSION

For the reasons set forth herein as well as in Plaintiffs' motion, Plaintiffs respectfully request that the Court grant Plaintiffs' motion and amend the discovery schedule.

DATED: December 16, 2011         **TOUSLEY BRAIN STEPHENS PLLC**

    /s/ Janissa A. Strabuk
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com
       jstrabuk@tousley.com

*Liaison Counsel for Plaintiffs and the Class*

**SCOTT+SCOTT LLP**
Anne L. Box (admitted *pro hac vice*)
Hal D. Cunningham (admitted *pro hac vice*)
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
Email: abox@scott-scott.com
       hcunningham@scott-scott.com

Joseph P. Guglielmo (admitted *pro hac vice*)
500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
Email: jguglielmo@scott-scott.com

Reply Memorandum in Further Support of Plaintiffs'
Expedited Motion to Amend Scheduling Order - 6
Case No. 2:09-cv-00037 MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll
Julie Goldsmith Reiser
Joshua S. Devore (admitted *pro hac vice*)
S. Douglas Bunch (admitted *pro hac vice*)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email:  stoll@cohenmilstein.com
           jreiser@cohenmilstein.com
           jdevore@cohenmilstein.com
           dbunch@cohenmilstein.com

Joel P. Laitman (admitted *pro hac vice*)
Christopher Lometti (admitted *pro hac vice*)
Daniel B. Rehns (admitted *pro hac vice*)
150 East 52nd Street, Thirtieth Floor
New York, NY 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email:  jlaitman@cohenmilstein.com
           clometti@cohenmilstain.com
           drehns@cohenmilstein.com

*Lead Counsel for the Class*

Reply Memorandum in Further Support of Plaintiffs'
Expedited Motion to Amend Scheduling Order - 7
Case No. 2:09-cv-00037 MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

# CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record and additional persons listed below:

**2:09-cv-00037-MJP Notice has been electronically mailed to:**

Adam Zurofsky    azurofsky@cahill.com

Anne L. Box    abox@scott-scott.com, efile@scott-scott.com

Barry Robert Ostrager    bostrager@stblaw.com, managingclerk@stblaw.com

Bradley T. Meissner    bmeissner@fenwick.com

Brian C Free    bcf@hcmp.com, gcp@hcmp.com

Brian O O'Mara    bomara@rgrdlaw.com, e_file_sd@rgrdlaw.com, johnkg@rgrdlaw.com

Bruce Earl Larson    blarson@karrtuttle.com, psteinfeld@karrtuttle.com

Christopher E Lometti    clometti@cohenmilstein.com

Corey E Delaney    corey.delaney@dlapiper.com, patrick.smith@dlapiper.com, richard.hans@dlapiper.com

Daniel Slifkin    dslifkin@cravath.com

Daniel B Rehns    drehns@cohenmilstein.com, efilings@cohenmilstein.com

Darren J Robbins    e_file_sd@csgrr.com

David Daniel Hoff    dhoff@tousley.com, efile@tousley.com

David M Balabanian    david.balabanian@bingham.com

Dennis H Walters    dwalters@karrtuttle.com, wbarker@karrtuttle.com

Douglas C McDermott    doug@mcdermottnewman.com, eric@mcdermottnewman.com

Evan R. Chesler    echesler@cravath.com

Reply Memorandum in Further Support of Plaintiffs'
Expedited Motion to Amend Scheduling Order - 8
Case No. 2:09-cv-00037 MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | Floyd Abrams    fabrams@cahill.com |
| 2 | Frank Busch    frank.busch@bingham.com, frank.downing@bingham.com |
| 3 | Gavin Williams Skok    gskok@riddellwilliams.com, jsherred@riddellwilliams.com, lmoore@riddellwilliams.com |
| 4 | |
| 5 | Geoffrey M Johnson    gjohnson@scott-scott.com, efile@scott-scott.com |
| 6 | J. Wesley Earnhardt    wearnhardt@cravath.com |
| 7 | James J. Coster    jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com |
| 8 | |
| 9 | Janissa Ann Strabuk    jstrabuk@tousley.com, lrolling@tousley.com, mhottman@tousley.com, wcruz@tousley.com |
| 10 | Jee Young You    jeeyoung.you@bingham.com |
| 11 | Joel P Laitman    jlaitman@cohenmilstein.com |
| 12 | |
| 13 | John D Lowery    jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com |
| 14 | John D Pernick    john.pernick@bingham.com |
| 15 | Jonathan Gardner    jgardner@labaton.com |
| 16 | Joseph P Guglielmo    jguglielmo@scott-scott.com, efile@scott-scott.com |
| 17 | Joshua M. Rubins    jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com |
| 18 | Joshua S. Devore    jdevore@cohenmilstein.com, efilings@cohenmilstein.com |
| 19 | Julie Goldsmith Reiser    jreiser@cohenmilstein.com |
| 20 | |
| 21 | Kenneth J Pfaehler    kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com |
| 22 | Kenneth M Rehns    krehns@cohenmilstein.com |
| 23 | Kevin P Chavous    kchavous@sonnenschein.com |
| 24 | Kim D Stephens    kstephens@tousley.com, cbonifaci@tousley.com, lrolling@tousley.com, wcruz@tousley.com |
| 25 | |

Reply Memorandum in Further Support of Plaintiffs'
Expedited Motion to Amend Scheduling Order - 9
Case No. 2:09-cv-00037 MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Larry Steven Gangnes gangnesl@lanepowell.com, docketing-sea@lanepowell.com, donnellyjossm@lanepowell.com, gracen@lanepowell.com

Leslie D Davis ldavis@sonnenschein.com

Louis David Peterson ldp@hcmp.com, smp@hcmp.com

Mary Kay Vyskocil mvyskocil@stblaw.com

Matthew B. Kaplan mkaplan@cohenmilstein.com, efilings@cohenmilstein.com

Michael A. Paskin mpaskin@cravath.com

Michael H. Barr mbarr@sonnenschein.com

Mike Liles , Jr mliles@karrtuttle.com

Paul Scarlato pscarlato@labaton.com, ElectronicCaseFiling@labaton.com

Paul Joseph Kundtz pkundtz@riddellwilliams.com, mbergquam@riddellwilliams.com, mdowns@riddellwilliams.com

Richard A Speirs rspeirs@cohenmilstein.com

Richard F Hans richard.hans@dlapiper.com, dorinda.castro@dlapiper.com

Robert D Stewart stewart@kiplinglawgroup.com

Rogelio Omar Riojas omar.riojas@dlapiper.com, karen.hansen@dlapiper.com, nina.marie@dlapiper.com

S Douglas Bunch dbunch@cohenmilstein.com

Stellman Keehnel stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com

Stephen M. Rummage steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com

Steve W. Berman steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

Steven J Toll stoll@cohenmilstein.com, efilings@cohenmilstein.com

Steven P Caplow stevencaplow@dwt.com, jasonSchattenkerk@dwt.com, patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com

Reply Memorandum in Further Support of Plaintiffs'
Expedited Motion to Amend Scheduling Order - 10
Case No. 2:09-cv-00037 MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1  Steven W Fogg    sfogg@corrcronin.com, hpowell@corrcronin.com, reception@corrcronin.com

2  Susan L Hoffman    susan.hoffman@bingham.com

3  Tammy Roy    troy@cahill.com

4

5  Theo J. Robins    theo.robins@bingham.com

6  Thomas G. Rafferty    trafferty@cravath.com

7  Timothy Michael Moran    moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com

8  Walter Eugene Barton    gbarton@karrtuttle.com, danderson@karrtuttle.com,
   nrandall@karrtuttle.com
9

10 Walter W. Noss    wnoss@scott-scott.com, efile@scott-scott.com

11 **2:09-cv-00037-MJP Notice will not be electronically mailed to:**

12 WaMu Officer Defendants Securities MDL

13 Dated December 16, 2011.

14                                             By: /s/ Janissa A. Strabuk
                                                Kim D. Stephens, WSBA #11984
15                                              Janissa A. Strabuk, WSBA #21827
                                                1700 Seventh Avenue, Suite 2200
16                                              Seattle, Washington 98101
                                                Telephone: (206) 682-5600
17                                              Facsimile: (206) 682-2992
                                                Email: kstephens@tousley.com
18                                                      jstrabuk@tousley.com

19                                              *Liaison Counsel for Plaintiffs and the Proposed*
20                                              *Class*

21

22

23

24

25

Reply Memorandum in Further Support of Plaintiffs'
Expedited Motion to Amend Scheduling Order - 11
Case No. 2:09-cv-00037 MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992