# EXHIBIT D



December 12, 2011

<u>**Via Email**</u>

| | |
|---|---|
| Eric S. Mattson | John D. Pernick |
| Sidley Austin LLP | Bingham McCutchen LLP |
| One South Dearborn | Three Embarcadero Center |
| Chicago, Illinois 60603 | San Francisco, CA 94111-4067 |
| | |
| | Michael A. Paskin |
| | CRAVATH, SWAINE & MOORE LLP |
| | 825 Eighth Avenue |
| | New York, NY 10019-7475 |

Re:  In Re Washington Mutual Mortgage Backed Securities Litigation
     Case No. C09-0037 (MJP)

Dear Eric, John and Michael:

By my letter dated November 16, I wrote to Eric and John to ask, by no later than November 23, for a response to my question as to whether there had been any loan putbacks. I also requested that you provide any relevant, responsive documents and testimony as to Topic 5 of Plaintiffs' March 24, 2011 (corrected April 1, 2011) F.R.C.P. Rule 30(b)(6) subpoena to Defendants and Topic 5 to Plaintiffs' April 8, 2011 F.R.C.P. Rule 45 subpoena to J.P. Morgan Chase ("JPMC") and related discovery concerning loan putbacks.

Given that we have been seeking this discovery for approximately nine months, and that neither Defendants nor JPMC have provided the discovery sought or stated that no such discovery exists, attached please find revised notices directed to your respective clients for January 12 and 13, 2012. Please note that the topic numbers are listed from the original notices we served on March 24 and April 8, 2011. We are willing to accommodate your clients' schedules for these depositions, subject to the existing scheduling order governing the completion of discovery. Additionally, we expect that any responsive documents, to the extent they exist, be produced no later than 14 days prior to the depositions.

Additionally, during Ms. Hebble's 30(b)(6) deposition, we were surprised to learn that she was testifying only on behalf of WCC and not WMAAC. Thus, we insist that Defendants prepare and produce a witness on all previously noticed topics on behalf of WMAAC, including

Eric S. Mattson
John D. Pernick
December 12, 2011
Page 2

those identified in the attached revised notice.  Alternatively, if it is your contention that no person is able to testify on behalf of WMAAC, we ask that you admit that WMAAC existed in name only, and that no persons ever actually worked for WMAAC.

      Please contact me with any questions, or whether the proposed dates are acceptable.  If you refuse to produce witnesses, we expect that you will seek a protective order from the Court.

                        Very truly yours,
                        SCOTT+SCOTT LLP

                        Joseph Guglielmo

JPG:tc