**EXHIBIT E**



Joshua S. Devore<br>
(202) 408-3748<br>
jdevore@cohenmilstein.com

October 6, 2011

**BY EMAIL**

Michael A. Paskin
Daniel Slifkin
Cravath Swain & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

      Re:   *In re Washington Mutual Mortgage-Backed Securities Litigation*,
              Civ. No. 09-0037-MJP (W.D. Wa)

Dear Michael and Daniel:

      Plaintiffs write in response to your letter dated September 29, 2011 ("September 29 Letter") and the letter from John D. Pernick to Joshua Devore dated September 15, 2011 ("September 15 Letter"), and to confirm our conversation of October 3, 2011, regarding the scheduling of depositions in this matter.

      The potential witnesses that Defendants identified in the September 15 Letter as "likely to have discoverable information" regarding the Plaintiffs are primarily either former employees of Plaintiffs, and no longer under their supervision, or individuals who have never been employees of Plaintiffs. As a result, we cannot provide dates of availability for many of these individuals. Furthermore, many of the witnesses identified by Defendants would have no relevant information to provide.

      For instance, neither of the witnesses identified as having discoverable information regarding Boilermakers, Mark Johnson and Manju Seal, have ever been employed by Boilermakers. We understand that both were employees of McMorgan & Company at one time. We do not represent these individuals. As you know, McMorgan has been previously

Michael A, Paskin
October 6, 2011
Page 2

represented in this action by counsel at New York Life, Deborah Levine, and you should direct inquiries regarding McMorgan employees to her.

The same holds true for the witnesses identified as having knowledge regarding Doral Bank.  Except for Glen Wakeman, who is a current employee of Doral Bank, the individuals listed are all former employees, no longer associated with Doral Bank.  As we discussed, please let us know the justification for your request to depose Mr. Wakeman, who is the CEO of Doral Bank.  Also, as we discussed, please send us a 30(b)(6) notice regarding the topics sought from a member of Doral's Asset/Liability Committee and we will endeavor to identify an appropriate witness.  Additionally, please let us know where you would like any Doral depositions to take place (we would propose New York City) so that we can coordinate available dates.

Further, Defendants have already deposed Marito Domingo at length.  While we believe a second deposition of Mr. Domingo would be unduly burdensome, we are amenable to entertaining your request if you are able to articulate the topics beyond those already covered that you believe you are entitled to depose him on   The remainder of witnesses identified as having discoverable information regarding Doral Bank, Megan Davidson and Roberto Reyna, are no longer employees of the bank and are not represented by Plaintiffs' counsel at this time.

Similarly, of the witnesses you identify as having discoverable information of Plaintiff Chicago PABF, the only employee you have identified, Sam Kunz, first became employed by PABF in May, 2008, after the WaMu investments were made.  As we informed you during our call on October 3, the remaining individuals you have identified with respect to Chicago PABF are or were employees of Wells Capital Management or Ernest Knupp, and not Chicago PABF.  As a result, we cannot provide dates of availability for these witnesses.

With regard to your September 29 Letter, Plaintiffs take issue with Defendants' zeal in scheduling these depositions in October and November given Defendants' inability to timely produce documents in response to Plaintiffs' requests for production.  Indeed, rather than timely producing documents in response to the Court's order on the motion to compel, Defendants and JPMC recently made over 400 boxes of hard-copy documents available for review.  The discovery cutoff date in this action has been extended until January 17, 2012 due to Defendants' delay in producing documents.  Plaintiffs will not rush into depositions until we have had a chance to review the relevant documents that Defendants are still producing.  As a result, Defendants should also be providing dates of availability for all witnesses in December, 2011 and January 2012.

Although Plaintiffs have reviewed and will continue to consider your proposed dates (as well as additional dates that should be suggested in December and January), Plaintiffs do not agree to be bound by Defendants' proposals.  Instead, we will schedule the remainder of our depositions, following this week's depositions of Messrs. Aaknes and Brown, in the coming weeks and as we learn additional facts.  Indeed, in light of this week's testimony, as of now

Michael A, Paskin
October 6, 2011
Page 3

Plaintiffs will adjourn the depositions of Ms. Feltgen or Ms. Gephardt to continue to review the documents. Plaintiffs will proceed with Ms. Abercrombie's deposition on the rescheduled date of October 13.

As we communicated to you on our October 3 call, we would ask that you obtain available dates in December and January of the "apex" or "higher-level" witnesses, as well as additional dates in November and early December for "lower level" witnesses. Moreover, it will be more efficient for all parties to arrange multiple depositions in the same city in the same week, so we ask that you keep that in mind. However, we do not believe there is any reason at this point to schedule any depositions on non-business days (as you proposed for Mr. Maimone) particularly in light of the increased costs of reporting services, etc. on weekends.

Finally, as we have communicated previously, all depositions noticed by Plaintiffs in Seattle will take place at Tousley Brain & Stephens PLLC.

Plaintiffs are available for an additional meet and confer on these issues at your convenience.

Sincerely,

*/s/ Joshua S. Devore*
Joshua S. Devore

JSD

cc: All Counsel of Record (via email)

1258214.2 2