UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE WASHINGTON MUTUAL
MORTGAGE BACKED SECURITIES
LITIGATION.

This Order Relates to: ALL CASES

LEAD CASE NO. C09-37MJP

ORDER GRANTING IN PART
PLAINTIFFS' MOTION TO AMEND

This matter comes before the Court on Plaintiffs' motion to amend the scheduling order. (Dkt. No. 351.) Having reviewed the motion, the response (Dkt. No. 354), the reply (Dkt. No. 357), and all related papers, the Court GRANTS in part the motion.

**Background**

Plaintiffs ask the Court to extend nearly all of the deadlines in this case by seventy-six days, except for the trial and pretrial dates on the theory that Defendants have not timely produced documents. On September 12, 2011, Defendants made available to Plaintiffs a large number of boxes of paper copy documents in San Francisco, California, and Monroe, Louisiana. This was the deadline for document production to be substantially complete in this case. (Dkt.

No. 335.) Plaintiffs claim that this production was late and that they will need seventy-six additional days beyond the discovery cut-off of January 17, 2012, to review the documents, prepare for depositions, and review any claims of privilege.

**Analysis**

Federal Rule of Civil Procedure 16(b) permits the extension of the case schedule only on a showing of good cause. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

Plaintiffs have demonstrated good cause only for a brief extension of the discovery deadline. The Court is aware that Defendants made available a large number of paper documents on September 12, 2011, with some rolling production thereafter. (See Dkt. No. 354 at 11 n.1.) The fact that these documents were produced at the deadline is not itself evidence of delay. The Court set this deadline more than four months before the end of discovery to provide the parties with sufficient time to complete discovery by January 17, 2012. While Plaintiffs have shown diligence in searching the documents in San Francisco, they have not shown why they delayed in their review of the Louisiana documents until December 7, 2011. (See Dkt. No. 351 at 9.) The Court does not find a clear record of diligence. Plaintiffs have also not explained why the documents in Louisiana are necessary to complete their remaining discovery and Defendants maintain that the documents themselves are duplicative. (See Dkt. No. 354 at 6-7.) Plaintiffs have provided support for only a brief extension to complete review of the documents produced in September, to review documents withheld for privilege, and to complete several depositions.

1       The Court is aware that Defendants have agreed to extend the discovery deadline to
2 February 10, 2012. The Court finds this extension to be both reasonable and a proper amount of
3 time for Plaintiffs to perform the additional discovery they claim to need. Plaintiffs have failed
4 to demonstrate why they need any more time than three-and-a-half weeks. This will be adequate
5 to accommodate the extra depositions Plaintiffs believe they need to take and to review any
6 further documents. (See Dkt. No. 351 at 10.)

7       The Court finds good cause to extend the discovery deadline to February 10, 2012. The
8 Court therefore GRANTS in part Plaintiffs' motion and sets February 10, 2012 as the date by
9 which fact discovery must be complete. The Court also sets the deadline to file motions related
10 to fact discovery to February 17, 2012.

11       The clerk is ordered to provide copies of this order to all counsel.

12       Dated this 27th day of December, 2011.

                                                  Marsha J. Pechman
                                                  United States District Judge