The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION,<br><br>This Document Relates to:  ALL CASES | Master Case No. C09-037 MJP<br><br>**DEFENDANTS' MOTION TO PRECLUDE USE OF UNTIMELY DISCLOSED WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)**<br><br>NOTE ON MOTION CALENDAR:<br>June 15, 2012<br><br>ORAL ARGUMENT REQUESTED |

*Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ...............................................................................................................1

BACKGROUND ................................................................................................................2

ARGUMENT......................................................................................................................4

    **I.**    Legal Standard. ........................................................................................4

    **II.**   Plaintiffs' Untimely Disclosed Witnesses Should Be Excluded Under Rule 37(c)...................................................................................7

        A.    Plaintiffs' Disclosures Are Untimely..............................................7

        B.    Plaintiffs' Untimely Disclosures Are Not Harmless........................7

        C.    Plaintiffs Lack Substantial Justification for Their Untimely Disclosures..........................................................................9

CONCLUSION..................................................................................................................10

*Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                                                        i

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

## TABLE OF AUTHORITES

Page(s)

**Cases**

Accentra Inc. v. Staples, Inc., No. CV 07-5862 ABC RZX, 2010 WL 8450890
    (C.D. Cal. Sept. 22, 2010)..................................................................................7, 8, 10

Am. Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States, No. 04-CV-
    1798 (CPS), 2009 WL 1617773 (E.D.N.Y. June 9, 2009) ............................................5

Antoine-Tubbs v. Local 513, Air Transp. Div., Transp. Workers Union of Am.,
    AFL-CIO, 50 F. Supp. 2d 601 (N.D. Tex. 1998)............................................................6

Baden Sports, Inc. v. Kabushiki Kaisha Molten, No. C06-210MJP, 2007 WL
    2285857 (W.D. Wash. Aug. 2, 2007) .......................................................................4, 6

Cambridge Elec. Corp. v. MGA Elec., Inc., 227 F.R.D. 313 (C.D. Cal. 2004)...............5, 8

Hagan v. Cal. Forensic Med. Grp., No. CIV S-07-1095 LKK/DAD, 2009 WL
    689740 (E.D. Cal. Mar. 5, 2009) ........................................................................ passim

Hoffman v. Constr. Prot. Servs., Inc., 541 F.3d 1175 (9th Cir. 2008).............................5, 9

Hoyle v. Freightliner, LLC, 650 F.3d 321 (4th Cir. 2011) ...................................................6

Marin v. Evans, No. CV-06-3090-RWH, 2008 WL 2937424 (E.D. Wash. July 23,
    2008) ................................................................................................................... passim

Nw. Pipeline Corp. v. Ross, No. C05-1605RSL, 2008 WL 1744617 (W.D. Wash.
    Apr. 11, 2008)..............................................................................................................5, 6, 9

Oracle USA, Inc. v. SAP AG, 264 F.R.D. 541 (N.D. Cal. 2009).................................6, 10

Quevedo v. Trans-Pac. Shipping, Inc., 143 F.3d 1255 (9th Cir. 1998) ...............................6

Thomas v. Paulson, 507 F. Supp. 2d 59 (D.D.C. 2007) .........................................5, 6, 8, 9

Torres v. City of L.A., 548 F.3d 1197 (9th Cir. 2008) .........................................................6

Whitford v. Mt. Baker Ski Area, Inc., No. C11-00112RSM, 2012 WL 895383
    (W.D. Wash. Mar. 15, 2012) ........................................................................................4

*Defendants' Motion To Preclude Use of Untimely
Disclosed Witnesses Pursuant to
Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                                                                     ii

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Wong v. Regents of the Univ. of Cal., 410 F.3d 1052 (9th Cir. 2005)............................6, 9

Wright v. Hyundai Motor Mfg. Ala., LLC, No. 2:08CV61-SRW, 2010 WL
    4739486 (M.D. Ala. Nov. 16, 2010)................................................................6, 7, 8, 9

Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101 (9th Cir. 2001)...............5, 6

**Statutes & Rules**

Local Civil Rule 7(g) ........................................................................................................1

Fed. R. Civ. P. 26.................................................................................................... passim

Fed. R. Civ. P. 37(c) ............................................................................................... passim

*Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                                    iii

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Defendants respectfully submit this motion pursuant to Federal Rule of Civil Procedure 37(c)(1) to preclude Plaintiffs from presenting testimony from, or otherwise making use of, 206 witnesses not timely disclosed by Plaintiffs under Federal Rule of Civil Procedure 26(a)(1). As required by Local Civil Rule 7(g), Defendants' request to strike the declarations of two of those witnesses (Diana Jeanty and Denise Luedtke), which were submitted by Plaintiffs in connection with their Opposition to Defendants' Motion for Summary Judgment, is included in Defendants' Reply in Further Support of Their Motion for Summary Judgment. However, because the instant motion is directed at the broader group of 206 individuals, it is filed separately pursuant to Local Civil Rule 7(g)(5).

## INTRODUCTION

On April 12, 2012, more than two months after the close of fact discovery, and one day before the deadline for summary judgment motions, Plaintiffs served a "Supplement to Fed. R. Civ. P. 26(a) Initial Disclosures," in which they identified 240 individuals "likely to have discoverable information in support of Plaintiffs' claims." (Declaration of Nicholas A. Jackson in Support of Defendants' Motion to Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1) ("Jackson Decl.") Ex. A.) Then, on May 9, 2012 (only two days before Plaintiffs' summary judgment opposition was due), Plaintiffs served a "Second Supplement to Fed. R. Civ. P. 26(a)(1) Initial Disclosures," wherein they identified an additional 22 individuals. (Jackson Decl. Ex. B.) 206 of those 262 individuals had never previously been disclosed as potential witnesses—their names had never appeared on either side's initial disclosures, interrogatory responses, document requests, or deposition schedules. (Jackson Decl. ¶ 3) (listing the 206 previously undisclosed witnesses).

*Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)       1

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Because the identities of those 206 new potential witnesses were hidden from Defendants until after discovery was over, Defendants had no opportunity to investigate their potential knowledge through written discovery or depositions, let alone develop facts to contradict or rebut any potentially negative testimony. Plaintiffs have already attempted to rely on two of their surprise witnesses—Jeanty and Luedtke, from whom Plaintiffs obtained declarations that were submitted as exhibits to their summary judgment opposition. Whether in connection with summary judgment or trial, it is clear that Plaintiffs are resorting to a "litigation by surprise" strategy, presumably due to their failure to compile evidence that supports their claims through legitimate discovery.

Plaintiffs' tactics are plainly improper under controlling Ninth Circuit caselaw and should not be countenanced. The declarations of Jeanty and Luedtke and any references to or arguments made in reliance thereon should be stricken for purposes of Defendants' fully briefed summary judgment motion, and Plaintiffs should be precluded from offering the testimony of any of the 206 untimely disclosed witnesses in any capacity in connection with any motion, hearing or trial.

## BACKGROUND

This litigation has been pending for over three years. Discovery commenced on October 25, 2010. (Dkt. 203.) Initial disclosures were exchanged on November 12, 2010. (Jackson Decl. Exs. C & D.) Between October 2010 and July 2011, Plaintiffs received a series of document productions totaling over 13 million pages, including loan origination files, working group lists, emails and other custodian documents. (Decl. of John D. Pernick in Support of Defendants' Motion to Amend Scheduling Order (Dkt. 288).) By the time document production was substantially completed on September 12, 2011 (Dkt. 335), over 26 million pages of documents had

*Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)         2

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   been produced to Plaintiffs.  (Decl. of Anne L. Box in Support of Plaintiffs' Expedited
2   Motion to Amend Scheduling Order, Ex. A (Dkt. 352-1).)

3   In their "Rule 26(a)(1) Initial Disclosures," filed on November 12, 2010,
4   Plaintiffs identified 33 individuals or entities likely to have discoverable information
5   supporting their claims.  (Jackson Decl. Ex. C.)  They amended those disclosures on
6   March 14, 2011, adding three more individuals.

7   Plaintiffs took 23 fact depositions.  (Jackson Decl. ¶ 2.)  Despite their only
8   remaining claim being based on the allegation that WMB systematically disregarded its
9   underwriting guidelines, Plaintiffs deposed only one witness in WMB's underwriting
10  department—Mark Brown, who was the Head of Underwriting during the relevant
11  period.  They deposed no day-to-day underwriters or underwriting managers and no
12  individuals who worked at any of WaMu's Loan Fulfillment Centers ("LFC"), instead
13  focusing their efforts in discovery entirely on individuals who worked at the corporate
14  level of WaMu.  (Id.)

15  Fact discovery closed on February 10, 2012.  Over two months later, on
16  April 12, 2012 (the day before summary judgment motions were due), Plaintiffs served a
17  "Supplement to Fed. R. Civ. P. 26(a) Initial Disclosures," in which they identified 240
18  additional individuals "likely to have discoverable information in support of Plaintiffs'
19  claims," each of whom was identified as having worked at WaMu in some capacity.
20  (Jackson Decl. Ex. A.)  Declarant Jeanty was on that list.  On May 9, 2012, Plaintiffs
21  served a "Second Supplement to Fed. R. Civ. P. 26(a)(1) Initial Disclosures," in which
22  they identified 22 more individuals, including declarant Luedtke.  (Jackson Decl. Ex. B.)
23  Of the 262 new individuals in the April and May supplemental disclosures, 206 had not
24  previously been listed on either side's initial or supplemental Rule 26(a)(1) disclosures or
25

*Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                    3

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

otherwise been deposed or identified as a potential witness during the course of discovery.  (Jackson Decl. ¶ 3.)

Defendants moved for summary judgment on April 13, 2012.  On May 11, 2012, Plaintiffs opposed Defendants' motion.  In connection with that opposition, Plaintiffs submitted declarations from two of their newly disclosed witnesses, Jeanty and Luedtke.

**ARGUMENT**

Plaintiffs' conduct violates both the letter and spirit of the discovery rules. Accordingly, the declarations of Diane Jeanty and Denise Luedtke and any references to or arguments made in reliance thereon should be stricken, and Plaintiffs should be precluded from offering testimony of any of the 206 untimely disclosed witnesses in any capacity in connection with any motion, hearing or trial.

I.   **Legal Standard.**

The purpose of Rule 26(a)(1) is to "provide a mechanism for making relevant information available to the litigants . . . so that they can prepare for trial."  See Whitford v. Mt. Baker Ski Area, Inc., No. C11-00112RSM, 2012 WL 895383, at *4 (W.D. Wash. Mar. 15, 2012).  In furtherance of that purpose,

> "Federal Rule 26(a) requires every party to identify individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses.  Fed.R.Civ.P. 26(a)(1)(A).  Federal Rule 26(e) requires parties to supplement their initial disclosures under Rule 26(a) 'if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'  Fed. R. Civ. P. 26(e)(1)."

Baden Sports, Inc. v. Kabushiki Kaisha Molten, No. C06-210MJP, 2007 WL 2285857, at *1 (W.D. Wash. Aug. 2, 2007) (emphasis added).

*Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                           4

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   Rule 37(c)(1) "gives teeth to these requirements" by forbidding the use of
2 any information not properly disclosed under Rule 26(a) on a motion, at a hearing, or at
3 trial. Hoffman v. Constr. Prot. Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008) (citing
4 Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001))
5 (internal quotations omitted); Fed. R. Civ. P. 37(c)(1). "The purpose of Rule 37(c) is to
6 prevent the practice of sandbagging an adversary with new evidence." Am. Friends of
7 Yeshivat Ohr Yerushalayim, Inc. v. United States, No. 04-CV-1798 (CPS), 2009 WL
8 1617773, at *6 (E.D.N.Y. June 9, 2009) (internal citation and quotation marks omitted).

9   Rule 37(c)'s exclusion of untimely disclosed evidence "is an 'automatic
10 sanction' that ordinarily 'provides a strong inducement for disclosure.'" Hagan v. Cal.
11 Forensic Med. Grp., No. CIV S071095 LKK/DAD, 2009 WL 689740, at *3 (E.D. Cal.
12 Mar. 5, 2009) (quoting Fed. R. Civ. P. 37(c) Advisory Committee Note (1993)); see also
13 Yeti by Molly, 259 F.3d at 1106 (Rule 37(c) "clearly contemplates stricter adherence to
14 discovery requirements, and harsher sanctions for breaches of th[e] rule"). "Courts have
15 upheld the use of the sanction even when a litigant's entire cause of action or defense has
16 been precluded." Yeti by Molly, 259 F.3d at 1106.

17   "Under Rule 37[(c)], exclusion of evidence not disclosed is appropriate
18 unless the failure to disclose was substantially justified or harmless." Hoffman, 541 F.3d
19 at 1179; see also Nw. Pipeline Corp. v. Ross, No. C05-1605RSL, 2008 WL 1744617, at
20 *8-9 (W.D. Wash. Apr. 11, 2008). Untimely disclosure is not harmless when it deprives
21 an opposing party of the opportunity to investigate the new evidence through discovery
22 and depositions, to develop facts to contradict or rebut this information, and to adequately
23 prepare for trial. See Marin v. Evans, No. CV-06-3090-RWH, 2008 WL 2937424, at *8
24 (E.D. Wash. July 23, 2008); Cambridge Elec. Corp. v. MGA Elec., Inc., 227 F.R.D. 313,
25 325 (C.D. Cal. 2004); Thomas v. Paulson, 507 F. Supp. 2d 59, 80 (D.D.C. 2007)

*Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)        5

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

(untimely disclosure denied defendant opportunity to depose witness "and thereby test the statements made in the affidavit"). Further, disruption to the Court's schedule is itself sufficient harm to warrant the exclusion of untimely disclosed evidence. See, e.g., Nw. Pipeline, 2008 WL 1744617, at *9-10; Hagan, 2009 WL 689740, at *3; Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir. 2005).

The burden of establishing either exception is on the party facing the sanction. Torres v. City of L.A., 548 F.3d 1197, 1213 (9th Cir. 2008); Yeti by Molly, 259 F.3d at 1107. In the Ninth Circuit, a showing of bad faith is not required before imposing sanctions for Rule 37(c) violations. Oracle USA, Inc. v. SAP AG, 264 F.R.D. 541, 545 (N.D. Cal. 2009) (citing Yeti by Molly, 259 F.3d at 1106).

Thus, in the Ninth Circuit, when a party fails timely to disclose potential witnesses pursuant to Rule 26(a)(1), and cannot establish that its failure was substantially justified or harmless, the Court should exclude such witnesses' testimony, both at summary judgment and trial. The cases in support of that proposition are legion. See, e.g., Marin, 2008 WL 2937424 (excluding statements from previously undisclosed witnesses on summary judgment); Hagan, 2009 WL 689740 (same); Baden Sports, Inc., 2007 WL 2285857 (excluding witness at trial who was not disclosed until after end of discovery); Wong, 410 F.3d at 1062 (excluding at summary judgment untimely disclosed expert witnesses under Rule 37(c), which has identical application to Rule 26 expert disclosures); Quevedo v. Trans-Pac. Shipping, Inc., 143 F.3d 1255, 1258 (9th Cir. 1998) (same); see also Hoyle v. Freightliner, LLC, 650 F.3d 321, 329-30 (4th Cir. 2011) (excluding undisclosed witness statements on summary judgment); Wright v. Hyundai Motor Mfg. Ala., LLC, No. 2:08CV61-SRW, 2010 WL 4739486, at *2-4 (M.D. Ala. Nov. 16, 2010) (same); Thomas, 507 F. Supp. 2d at 80-81 (same); Antoine-Tubbs v.

*Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)     6

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Local 513, Air Transp. Div., Transp. Workers Union of Am., AFL-CIO, 50 F. Supp. 2d 601, 608 (N.D. Tex. 1998), aff'd 190 F.3d 537 (5th Cir. 1999) (same).

## II. Plaintiffs' Untimely Disclosed Witnesses Should Be Excluded Under Rule 37(c).

### A. Plaintiffs' Disclosures Are Untimely.

The Court required the parties to serve initial disclosures by November 11, 2010. (Dkt. 207.) Plaintiffs then were obligated to timely supplement their disclosures if and when they learned that additional witnesses might have relevant information in support of their claims. Fed. R. Civ. P. 26(e); Marin, 2008 WL 2937424, at *7-8 (even though discovery had not yet closed, excluding witnesses that party failed to timely disclose after learning they had relevant information). Absent substantial justification, Plaintiffs were required to disclose any new witnesses prior to the close of discovery at the latest. See Accentra Inc. v. Staples, Inc., No. CV 07-5862 ABC RZX, 2010 WL 8450890, at *7 (C.D. Cal. Sept. 22, 2010) (noting that Rule 26(e) allows supplementation, not the addition of "new witnesses who intend to offer entirely new evidence following the close of discovery"); Hagan, 2009 WL 689740 (excluding witness statement disclosed one month after close of discovery). Plaintiffs failed to follow those basic rules, and the degree of their violation—206 new witnesses disclosed more than two months after the close of discovery and on the eve of summary judgment (and even later)—goes far beyond the level of sanctionable conduct described in the numerous cases cited herein.

### B. Plaintiffs' Untimely Disclosures Are Not Harmless.

Plaintiffs' actions are not "harmless." "'Harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." Wright, 2010 WL 4739486, at *4 (discussing the limited examples of "harmless" violations envisioned by the Advisory Committee Notes to the 1993 Amendments to Rule

*Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)   7

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

37(c)).  Given the timing and extent of Plaintiffs' late disclosures, it is inconceivable that they are the result of an "honest mistake."

It is equally clear that Defendants did not have knowledge that Plaintiffs might seek to support their claims with the testimony of those 206 witnesses.  Plaintiffs' late disclosures harmed Defendants by preventing them from using the discovery process to learn what evidence Plaintiffs might use to support their claims, to challenge that evidence through cross-examination, or to develop their own evidence in response.  That harm has already manifested itself in the form of the surprise declarations of Jeanty and Luedtke that Plaintiffs submitted in opposition to summary judgment—Defendants were both unaware that Plaintiffs might seek to rely on such "evidence" and deprived of any opportunity to depose the witnesses and "thereby test the statements made" in the two declarations.  Thomas, 507 F. Supp. 2d at 80; see also Cambridge Elec., 227 F.R.D. at 324 ("Learning of plaintiff's liability theories only after they had filed their motion for summary judgment placed defendants at a distinct disadvantage and constituted unfair surprise."); Wright, 2010 WL 4739486, at *4.

Defendants will continue to be harmed by Plaintiffs' misconduct because it will prevent them from adequately preparing for trial.  See Marin, 2008 WL 2937424, at *8; Cambridge Elec., 227 F.R.D. at 325 (lost opportunity to investigate untimely disclosed evidence was not harmless); Thomas, 507 F. Supp. 2d at 80.  "The bare ability to cross-examine the witnesses at trial does not ameliorate this prejudice" and is not an adequate substitute for full discovery, especially in a case of this size and complexity.  See Accentra, 2010 WL 8450890, at *7.

In addition, the disruption to the schedule set by this Court is itself sufficient harm to warrant the exclusion of Plaintiffs' untimely new witnesses.  If a party's failure to make timely disclosures "could be remedied by the Court simply

*Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                                   8

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

shrugging its metaphorical shoulders and pushing back deadlines several months," "the Court could never impose a Rule 37(c) sanction." Nw. Pipeline, 2008 WL 1744617, at *9 (internal citation and quotation marks omitted); see also Hagan, 2009 WL 689740, at *3; Wong, 410 F.3d at 1062 (exclusion appropriate in light of disruption to court's schedule); Hoffman, 541 F.3d at 1180 (same). Indeed, allowing additional discovery in the late stages of a case in lieu of exclusion is not an adequate cure for untimely disclosures, but rather a reward to the non-disclosing party for its misconduct. See Thomas, 507 F. Supp. 2d. at 80-81 (any result except exclusion, including reopening discovery, "would serve to encourage untimely disclosure of witnesses and would be inherently unfair to the defendant"); Hagan, 2009 WL 68970, at *2 (untimely witness disclosures deprived opposing party from preparing an "appropriate response" including "depositions of these witnesses and a search for other evidence that can be used to refute their testimony, measures that are no longer possible without significant modification of this court's and the parties' schedules").

  C. <u>Plaintiffs Lack Substantial Justification for Their Untimely Disclosures.</u>

  To establish substantial justification, the non-disclosing party's position must have a reasonable basis in law and fact. Wright, 2010 WL 4739486, at *4; Hagan, 2009 WL 689740, at *2 (substantial justification not established where "no reasonable person could have believed that the disclosure was not required"). A litigant cannot wait until the moment they decide to use a particular witness's testimony to disclose that witness's identity; instead, they must do so as soon as they learn the witness may have relevant information. Marin, 2008 WL 2937424, at *7 ("It is not unfair or unreasonable to expect Plaintiffs to . . . identify the witnesses they needed [to prove their claims] on a timely basis, regardless of whether Defendants challenged the sufficiency of the proof of the elements in motions for summary judgment."); Hagan, 2009 WL 689740, at *1.

*Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP) 9

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Plaintiffs have no justification for failing to supplement their disclosures until two months after the close of fact discovery. Indeed, it is hard to imagine any event that could justify Plaintiffs disclosing hundreds of new witnesses a mere day before Defendants' summary judgment motion was due (and some a month later still). To the contrary, everything about the circumstances of Plaintiffs' disclosure makes plain it was a deliberate strategy to gain an advantage in responding to Defendants' summary judgment motion with surprise evidence and in trying to force Defendants to prepare for trial without having any idea of how Plaintiffs might present their case. Even apart from the extreme untimeliness of the disclosures, Plaintiffs plainly buried the names of the witnesses they actually intend to use—Jeanty and Luedtke (and perhaps others at trial)—among hundreds of names, so as to render it impossible for Defendants to "prepare an appropriate response." Hagan, 2009 WL 689740, at *2.

Simply put, "there is no excuse for only now gathering information for a major aspect [of the case] that Plaintiffs argue was part of the case from the outset. . . . This information should have been gathered long ago, well prior to . . . the discovery cutoff." Oracle, 264 F.R.D. at 543, 553-54. "Rule 26(e) allows a party to 'supplement or correct' disclosures under Rule 26(a), not to add new witnesses who intend to offer entirely new evidence following the close of discovery." Accentra, 2010 WL 8450890, at *7.

**CONCLUSION**

For the foregoing reasons, and on the basis of the authorities cited, Defendants respectfully request that the Court strike the declarations of Diane Jeanty and Denise Luedtke and any references to or arguments made in reliance thereon, and preclude Plaintiffs from offering the testimony of any of the 206 untimely disclosed

*Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                        10

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

witnesses in any capacity in connection with any motion, hearing or at the trial of this matter.

DATED this 25th day of May, 2012.

**HILLIS CLARK MARTIN & PETERSON, P.S.**
By:  /s/ Louis D. Peterson
Louis D. Peterson, WSBA #5776
Brian C. Free, WSBA #35788
1221 Second Avenue, Suite 500
Seattle, WA 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789
Email: ldp@hcmp.com
          bcf@hcmp.com

**BINGHAM MCCUTCHEN LLP**
By:  */s/ John D. Pernick*
David M. Balabanian (admitted *pro hac vice*)
John D. Pernick (admitted *pro hac vice*)
Frank Busch (admitted *pro hac vice*)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
Email:  david.balabanian@bingham.com
           john.pernick@bingham.com
           frank.busch@bingham.com

*Attorneys for Defendants WaMu Asset Acceptance Corp., WaMu Capital Corp., David Beck, Richard Careaga, Rolland Jurgens, and Diane Novak*

*Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                              11

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**CRAVATH, SWAINE & MOORE LLP**
**By:** /s/ Michael A. Paskin
Evan R. Chesler (admitted *pro hac vice*)
Thomas G. Rafferty (admitted *pro hac vice*)
Daniel Slifkin (admitted *pro hac vice*)
Michael A. Paskin (admitted *pro hac vice*)
Wes Earnhardt (admitted *pro hac vice*)
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
Email:  echesler@cravath.com;
        trafferty@cravath.com;
        dslifkin@cravath.com;
        mpaskin@cravath.com;
        wearnhardt@cravath.com

*Attorneys for Defendants WaMu Asset Acceptance Corp. and WaMu Capital Corp.*

---

*Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                    12

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of May, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam Zurofsky azurofsky@cahill.com

Amanda F. Lawrence alawrence@scott-scott.com

Anne L. Box abox@scott-scott.com

Barry Robert Ostrager bostrager@stblaw.com, managingclerk@stblaw.com

Bradley T. Meissner bradley.meissner@dlapiper.com

Brian O. O'Mara bo'mara@rgrdlaw.com, e_file_sd@rgrdlaw.com

Christopher E Lometti clometti@cohenmilstein.com

Daniel B Rehns drehns@cohenmilstein.com, efilings@cohenmilstein.com

Darren J Robbins e_file_sd@csgrr.com

David Daniel Hoff dhoff@tousley.com, efile@tousley.com

Douglas C McDermott doug@mcdermottnewman.com, eric@mcdermottnewman.com

Daniel Slifkin dslifkin@cravath.com

Edward C. Signaigo esignaigo@scott-scott.com

Evan R. Chesler echesler@cravath.com

Floyd Abrams fabrams@cahill.com

Gavin Williams Skok gskok@riddellwilliams.com, jsherred@riddellwilliams.com, lmoore@riddellwilliams.com

Geoffrey M Johnson gjohnson@scott-scott.com, efile@scott-scott.com

Hal D Cunningham hcunningham@scott-scott.com, efile@scott-scott.com, halcunningham@gmail.com

Hector J. Valdes hvaldes@cravath.com

*Certificate of Service*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1. Hollis Lee Salzman (Terminated) hsalzman@labaton.com,
 ElectronicCaseFiling@labaton.com
2. James J. Coster jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com
3. Janissa Ann Strabuk jstrabuk@tousley.com, lrolling@tousley.com,
 wcruz@tousley.com
4. Jason T Jasnoch jjasnoch@scott-scott.com, efile@scott-scott.com
5. Jesse M. Weiss jweiss@cravath.com
6. Joel P Laitman jlaitman@cohenmilstein.com
7. John D Lowery jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com
8. John D. Pernick john.pernick@bingham.com
9. John T. Jasnoch jjasnoch@scott-scott.com
10. Jonathan Gardner jgardner@labaton.com
11. Joseph P Guglielmo jguglielmo@scott-scott.com, efile@scott-scott.com
12. Joseph A. Fonti (Terminated) jfonti@labaton.com, ElectronicCaseFiling@labaton.com
13. Joshua M. Rubins jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com
14. Joshua S. Devore jdevore@cohenmilstein.com, efilings@cohenmilstein.com
15. Julie Goldsmith Reiser jreiser@cohenmilstein.com
16. Julie Hwang (Terminated) jhwang@labaton.com, ElectronicCaseFiling@labaton.com
17. J. Wesley Earnhardt wearnhardt@cravath.com
18. Kenneth J Pfaehler kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com
19. Kenneth M Rehns krehns@cohenmilstein.com
20. Kerry F Cunningham kerry.cunningham@dlapiper.com
21. Kevin P Chavous kchavous@sonnenschein.com
22. Kim D Stephens kstephens@tousley.com, cbonifaci@tousley.com,
 lrolling@tousley.com, wcruz@tousley.com

*Certificate of Service*
(CV09-037 MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   Larry Steven Gangnes gangnesl@lanepowell.com, docketingsea@lanepowell.com,
2   donnellyjossm@lanepowell.com, sebringl@lanepowell.com
3   Leslie D Davis ldavis@sonnenschein.com
4   Mary Kay Vyskocil mvyskocil@stblaw.com
5   Matthew B. Kaplan mkaplan@cohenmilstein.com, efilings@cohenmilstein.com
6   Michael A. Paskin mpaskin@cravath.com
7   Michael H. Barr mbarr@sonnenschein.com
8   Nancy A Pacharzina (Terminated) npacharzina@tousley.com, mhottman@tousley.com
9   Paul Scarlato pscarlato@labaton.com, ElectronicCaseFiling@labaton.com
10  Paul Joseph Kundtz pkundtz@riddellwilliams.com, mbergquam@riddellwilliams.com,
11  mdowns@riddellwilliams.com
12  Richard A Speirs rspeirs@cohenmilstein.com
13  Richard F Hans richard.hans@dlapiper.com, dorinda.castro@dlapiper.com
14  Robert D Stewart stewart@kiplinglawgroup.com
15  Rogelio Omar Riojas omar.riojas@dlapiper.com, karen.hansen@dlapiper.com,
16  nina.marie@dlapiper.com
17  Ryan Wagenleitner rwagenleitner@scott-scott.com
18  S Douglas Bunch dbunch@cohenmilstein.com
19  Serena Rich ardson (Terminated) srichardson@labaton.com,
20  ElectronicCaseFiling@labaton.com
21  Stellman Keehnel stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com
22  Stephen M. Rummage steverummage@dwt.com, jeannecadley@dwt.com,
23  seadocket@dwt.com
24  Steve W. Berman steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com
25  Steven J Toll stoll@cohenmilstein.com, efilings@cohenmilstein.com

Steven P Caplow stevencaplow@dwt.com, jasonSchattenkerk@dwt.com,

*Certificate of Service*
(CV09-037 MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com

2  Steven W Fogg sfogg@corrcronin.com, hpowell@corrcronin.com,

3  reception@corrcronin.com

4  Susan L. Hoffman susan.hoffman@bingham.com

5  Tammy Roy troy@cahill.com

6  Thomas G. Rafferty trafferty@cravath.com

7  Timothy Michael Moran moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com

8  Walter W. Noss wnoss@scott-scott.com, efile@scott-scott.com

9  DATED this 25th day of May, 2012 at Seattle, Washington.

By: /s/ Louis D. Peterson
Louis D. Peterson, WSBA #5776
1221 Second Avenue, Suite 500
Seattle, WA 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789
Email: ldp@hcmp.com

*Certificate of Service*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789