THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates to: ALL CASES | Master Case No.: C09-0037 (MJP)<br><br>**PLAINTIFFS' RULE 7(g) SURREPLY TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>ORAL ARGUMENT REQUESTED |

*Plaintiffs' Rule 7(g) Surreply to
Defendants' Motion for Summary Judgment*
Case No. C09-037 MJP

1    Defendants include in their Reply in Further Support of Their Motion for Summary Judgment ("Def. Reply") [ECF No. 426] a series of arguments which are, in effect, motions *in limine* which should either be stricken in accordance with Local Rule 7(g), or to which Plaintiffs are entitled to respond. *See, e.g.*, *Hoffman v. Construction Protective Servs.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (Rule 37 motion to exclude witnesses is a motion in limine to which plaintiffs are entitled to respond); *Schneider v. Twin City Fire Ins. Co.*, No. C11-04-MJP, 2011 WL 5592588, at *4 (N.D. Wash. Nov. 16, 2011) (motion to strike granted for exhibits submitted with reply brief where party had no opportunity to respond). Specifically, by this Surreply, Plaintiffs seek to strike ¶¶2-4 of the Declaration of Defendants' litigation counsel, Hector Valdes (the "Valdes Decl.") [ECF No. 427], to respond to Defendants' request to exclude the Senate's investigative findings (the "PSI Report") as inadmissible hearsay and to strike the declarations of Diana Jeanty ("Jeanty Decl.") and Denise Luedtke ("Luedtke Decl."), a WaMu senior underwriter, and underwriting manager, respectively, under Fed. R. Civ. P. 37.

As to the Valdes Decl., Valdes, an attorney with Cravath, Swaine & Moore LLP, has not shown that he has the personal knowledge or is competent to testify under Fed. R. Civ. P. 56(c)(4) about the contents or integrity of 8.4 million pages of electronic files produced in this litigation. *See Paulsen v. PS Business Parks, L.P.*, No. C10-1031 MJP, 2011 WL 3419894, at *5 (W.D. Wash. Aug. 4, 2011) (under Fed. R. Civ. P. 56, supporting affidavit must be on personal knowledge); *Kennedy v. AJVS, Inc.*, No. C11-1231 MJP, 2012 WL 1748013 (W.D. Wash. May 15, 2012) (excluding unnecessary and inaccurate comments regarding exhibits). Valdes testifies that he "supervised a team of attorneys and legal assistants" who ran electronic searches to identify references to the Downey and Montebello Loan Fulfillment Centers ("LFCs") in 8,440,993 pages of electronic loan files (Valdes Decl., ¶2). This search is only meaningful if the electronic files he searched contained relevant information about the LFCs that originated the loans and if the electronic data is understandable and reliable. David Beck testified that, in fact,

*Plaintiffs' Rule 7(g) Surreply to*
*Defendants' Motion for Summary Judgment*       1
Case No. C09-037 MJP

WaMu did not track its loans by individual loan center. Beck Dep. (Pltfs.' Ex. 4[1]) at 83:5-84:4. The internal loan tapes Defendants submitted with their Motion for Summary Judgment (Def. Exs. 15-20) do not appear to contain this information, the columns of data contained in Exhibits 15-20 are hardly self-evident and Defendants have refused to produce or identify a key to decipher this electronic information. *See* the Declaration of Anne Box ("Box Decl."), ¶¶8-9. Finally, even those loans Valdes identifies as having been originated by the two California LFCs are suspect because they include references to mortgage loans on properties in Virginia, Massachusetts and New York. *See* Box Decl., ¶10.

As to the PSI Report, government investigative reports are assumed to be admissible under Fed. R. Evid. 803(8)(c) in the first instance and the burden is on Defendants to establish that they are not trustworthy. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 167 (1988); *also Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 778 (9th Cir. 2010) (party opposing introduction of public report as untrustworthy has burden of coming forward with negative factors). Congressional reports have been admitted as reliable where they are supported by voluminous documentary productions, key witness interviews, and public hearings. *Barry v. Trustees of Int'l Ass'n Full-Time Salaried Officers and Emps. of Outside Local Unions and District Counsel's (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 94-95 (D.D.C. 2006). Here, the Senate task force reviewed tens of millions of pages of documents, consulted with industry experts, and conducted over 150 interviews and depositions, including interviews of key deponents Cheryl Feltgen (Feltgen Dep. Pltfs.' Ex. 17 at 16:29-17:3) and David Schneider (Schneider Dep. Pltfs.' Ex. 61 at 43:17-44:5). Furthermore, the PSI held multiple days of public hearings and called Defendant David Beck, key deponents David Schneider, Randy Melby and several other top WaMu executives as witnesses. The PSI Report was further corroborated by the report of the U.S. Inspector General. (Pltfs.' Ex. 59 at 10-12.) Tellingly, Defendants do not challenge the admissibility of the Inspector General's report.

---

[1] "Pltfs.' Ex." refers to documents attached as exhibits to the Declaration of John T. Jasnoch, dated May 11, 2012 [ECF No. 415].

*Plaintiffs' Rule 7(g) Surreply to Defendants' Motion for Summary Judgment*
Case No. C09-037 MJP

2

1    Moreover, Defendants David Beck and witnesses David Schneider and Randy Melby were each confronted with the Report's findings in their depositions and given an opportunity to testify in response. Beck Dep. Pltfs.' Ex. 5 at 61-68; Schneider Dep. Pltfs.' Ex. 61 at 57-66; Melby Dep. Pltfs.' Ex. 62 at 152-55. Defendants offer only their *ipsa dixit* that the Report is "inherently politicized" and the findings irrelevant, relying upon district court cases in other jurisdictions that were decided before *Beech Aircraft* and *Sullivan*. This is inadequate to satisfy their burden to preclude this evidence. *Id.*, 623 F.3d at 778.

Finally, Defendants' efforts to strike the Jeanty Decl. and Luedtke Decl. should be denied because the failure to earlier disclose their identities was either substantially justified or harmless under Fed. R. Civ. P. 37 and 26(a)(1). *See Hoffman*, 541 F.3d at 1179. Despite Plaintiffs' request in Interrogatory No. 6 to "Identify all Persons with whom You discussed your underwriting policies, procedures, or standards relating to the Certificates," Defendants identified no one. *See* Box Decl., Ex. A. Plaintiffs have been diligently wading through 27 million pages of documents largely produced in August and September 2011, and only with the assistance of their private investigator, recently identified the underwriter witnesses. *See* Box Decl., ¶¶4-5. Contrary to Defendants' arguments, the testimony of this type of witness, the PSI Report, and the other evidence Plaintiffs offered in opposition to Defendants' summary judgment motion is precisely the type of showing which Courts have held is adequate to sustain an MBS plaintiff's Section 11 case. *See, e.g.*, *Fed. Housing Fin. Agency v. USB Americas, Inc.*, No. 11 Civ. 5201, 2012 WL 1570856, at *20 (S.D.N.Y. May 4, 2012); *In re Bear Stearns Mort. Pass-Through Cert. Litig.*, No. 08 Civ. 8053, 2012 WL 1076216, at *16 (S.D.N.Y. Mar. 30, 2012). For all these reasons, the Valdes Decl. should be stricken and Defendants' requests to preclude Plaintiffs' evidence denied.

Dated: May 30, 2012                    Respectfully submitted,
                                       **SCOTT+SCOTT LLP**

                                        /s/ Beth Kaswan
                                       Beth Kaswan (admitted *pro hac vice*)

*Plaintiffs' Rule 7(g) Surreply to*              3
*Defendants' Motion for Summary Judgment*
Case No. C09-037 MJP

500 Fifth Avenue, 40th Floor
New York, New York 10110
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
Email: bkaswan@scott-scott.com

Anne L. Box (admitted *pro hac vice*)
John T. Jasnoch (admitted *pro hac vice*)
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: 619-233-4565
Fax: 619-233-0508
E-mail: abox@scott-scott.com
         jjasnoch@scott-scott.com


**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll
Joshua S. Devore (admitted *pro hac vice*)
S. Douglas Bunch (admitted *pro hac vice*)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
         jdevore@cohenmilstein.com
         dbunch@cohenmilstein.com

Christopher Lometti (admitted *pro hac vice*)
Daniel B. Rehns (admitted *pro hac vice*)
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: clometti@cohenmilstain.com
         drehns@cohenmilstein.com

*Lead Counsel for the Class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TOUSLEY BRAIN STEPHENS PLLC**
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com
   jstrabuk@tousley.com

*Liaison Counsel for Plaintiffs and the Class*

*Plaintiffs' Rule 7(g) Surreply to
Defendants' Motion for Summary Judgment*
Case No. C09-037 MJP

5

CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 30, 2012.

   /s/ Anne L. Box
Anne L. Box
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: 619-233-4565
Fax: 619-233-0508
E-mail: abox@scott-scott.com