THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates to: ALL CASES | Master Case No.: C09-0037 (MJP)<br><br>**DECLARATION OF ANNE BOX IN SUPPORT OF PLAINTIFFS' RULE 7(g) SURREPLY**<br><br>ORAL ARGUMENT REQUESTED |

*Declaration of Anne Box in Support of Plaintiffs' Rule 7(g) Surreply*
Case No. C09-037 MJP

I, Anne Box, hereby declare as follows under penalty of perjury pursuant to 28 U.S.C. §1746, that:

1.  I am an attorney licensed to practice in the State of California. I am employed by Scott+Scott LLP, which, along with Cohen Milstein Sellers & Toll PLLC, is lead counsel in this action. I have been actively engaged in discovery in this case and, in that capacity, I am familiar with documents filed, served, produced and reviewed by Plaintiffs' counsel, their employees, contractors, and experts. I have also been actively engaged in taking depositions in this case. Among other things, I retained a private investigative firm which located Diana Jeanty ("Jeanty") and Denise Luedtke ("Luedtke"), among many other potential witnesses who were identified in Lead Plaintiffs' Supplement to Fed. R. Civ. P. 26(a) Initial Disclosures served on April 12, 2012, and Lead Plaintiffs' Second Supplement to Fed. Civ. R. P. 26(a)(1) Initial Disclosures served on May 9, 2012 (collectively, the "Supplemental Disclosures").

2.  Attached as Exhibit A is a true and correct copy of Plaintiffs' First Set of Interrogatories to Defendants[1] dated July 5, 2011 (the "Interrogatories"). By Interrogatory No. 6, Plaintiffs requested Defendants "Identify all Persons with whom You discussed Your underwriting policies, procedures, or standards relating to the Certificates."

3.  Attached as Exhibit B is a true copy of Defendants' Responses and Objections to these Interrogatories, dated August 8, 2011. In their Answer to Interrogatory No. 6, Defendants objected that the request was "vague," "ambiguous," "unintelligible," "overbroad," "unduly burdensome," "incomplete," "oppressive" and "seeks a compilation or analysis of millions of pages of documents that have or will be produced by Defendants and third parties." In their response to Plaintiffs' request in Interrogatory No. 6 to identify the underwriting information, Defendants directed Plaintiffs to review, *inter alia*, the 1.7 million documents produced by JPMorgan Chase ("Chase") as of that time. *Id.*

---

[1] The Defendants in this action are WaMu Asset Acceptance Corporation, WaMu Capital Corporation, David Beck, Richard Careaga, Rolland Jurgens, and Diane Novak.

*Declaration of Anne Box in Support of Plaintiffs' Rule 7(g) Surreply*
Case No. C09-037 MJP

1

4. During August and September 2011, Chase and the Defendants produced an additional 25 million pages of documents, which Plaintiffs' counsel and their employees and contractors have uploaded, organized, searched and reviewed for purposes of conducting formal depositions and identifying evidence for the trial of this case. Several other lawyers and paralegals at Scott+Scott and Cohen Milstein, besides myself, have been engaged in this activity on virtually a full-time basis since the documents have been produced and depositions began. Our firms have been supported in this endeavor by an outside litigation support firm, which Plaintiffs have engaged at a cost, to date, of approximately $450,000.

5. Due to the difficulty of identifying and locating the relevant underwriter witnesses from this enormous production, I also retained a private investigative firm to locate and question potential witnesses from leads developed from the documents produced and other outside sources. Because Plaintiffs were limited to 25 percipient witness depositions and given that many of the underwriter witnesses resided outside of the subpoena power of this Court, this required the investigative firm to sift through lists of potential witnesses and attempt to locate, contact and interview hundreds of witnesses who might be willing to testify without formal process in order to identify which underwriter witnesses Plaintiffs might use "to support [their] claims" pursuant to Fed. R. Civ. P. 26(a)(1), either at summary judgment or at trial.

6. I provided names of potential underwriter witnesses to the investigative firm that I or my team was able to derive from a search through the millions of pages of documents produced by Defendants and Chase. In an abundance of caution, I included these potential witnesses on the Supplemental Disclosures, in addition to other potential witnesses located by the investigative firm, which was still in the process of locating and contacting the witnesses.

7. On or about April 26, 2012, an initial interview of Luedtke was conducted by the investigative firm and Luedtke agreed to give a declaration at the end of April 2012. This declaration was signed on May 9, 2012. On or about March 30, 2012, Jeanty was interviewed and agreed to sign a declaration. This declaration was signed on May 7, 2012. Defendants never made a request to depose Jeanty or Luedtke past the fact discovery cutoff, despite the fact that

*Declaration of Anne Box in Support of Plaintiffs' Rule 7(g) Surreply*
Case No. C09-037 MJP

2

1  two other fact witnesses testified after the February 10, 2012 fact discovery cutoff. *See* ECF No. 362. Additionally, all of the 12 expert witnesses are, by consent, testifying beyond the discovery cut-off in order to accommodate the witnesses' and counsel's schedules. Thus, had Defendants met and "conferred" under Local Rule 7(d)(4) over what is essentially a "motion *in limine*," Plaintiffs would have agreed to Defendants' deposing Jeanty and Luedtke out of time, making their Motion to Preclude Use of Untimely Disclosed Witnesses unnecessary.

8. With respect to the millions of pages of electronic and hard copy mortgage loan files that have been produced, I sought unsuccessfully to have our experts identify a viable and cost-effective method for isolating which of the mortgage loans underlying the Certificates in this case originated out of the Montebello and Downey Loan Fulfillment Centers ("LFCs"). Additionally, David Beck testified in his deposition on January 18, 2012, that WaMu did not track its mortgage loans by loan center. Beck Tr. (Pltfs.' Ex. 4) at 83:5-84:4.

9. The significance and reliability of data contained in WaMu's electronic loan files is not self-evident. *See, e.g.*, the April 1, 2008 email from Lowery to Fortunato, attached as Exhibit C. After Defendants filed the internal loan tapes with their Motion for Summary Judgment (Defendants' Exs. 15-20), I requested that Defendants provide document code mapping charts pertaining to these exhibits; Defendants denied this request. *See* Exhibit D.

10. As such, without further information, Plaintiffs are unable to evaluate or adequately respond to the testimony of Hector Valdes, Esq. ("Valdes") contained in his declaration concerning the extent to which mortgage loans underlying Plaintiffs' Certificates were originated from the Montebello and Downey LFCs. Having reviewed the locations of the mortgage properties for loans contained in Defendants' Ex. 17 to the Motion for Summary Judgment that were identified by Valdes as having originated from Downey and Montebello, it appears that whatever data Valdes was using is unreliable since several of the mortgaged

properties were not located in California. Specifically, Loan #3011242066 in Ex. 17, Row #181 is purportedly located in Manassas, Virginia; Loan #3011534835 in Ex. 17, Row #584 is

*Declaration of Anne Box in Support of Plaintiffs' Rule 7(g) Surreply*
Case No. C09-037 MJP

3

1 | purportedly located in North Andover, Massachusetts; and Loan #3011093758 in Ex. 17, Row
2 | #826 is purportedly located in Centerport, New York.
3 |     Executed this 30th day of May 2012, in San Diego, California.

*(signature)*

Anne L. Box
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619-233-4565
Fax: 619-233-0508
E-mail: abox@scott-scott.com

*Declaration of Anne Box in Support of*
*Plaintiffs' Rule 7(g) Surreply*
Case No. C09-037 MJP

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 30, 2012.

    /s/ Anne L. Box
Anne L. Box
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619-233-4565
Fax: 619-233-0508
E-mail: abox@scott-scott.com

*Declaration of Anne Box in Support of Plaintiffs' Rule 7(g) Surreply*
Case No. C09-037 MJP

5