**EXHIBIT A**

1
2

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

3
4
5
6
7
8

------------------------------------------------------------x

IN RE WASHINGTON MUTUAL                           :
MORTGAGE BACKED SECURITIES              :         Docket No.: C09-0037 (MJP)
LITIGATION                                                      :
                                                                       :
                                                                       :
This Document Relates to:                           :
ALL CASES                                                    :
                                                                       :

------------------------------------------------------------x

9

10

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS**

11

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Doral Bank of Puerto

12

Rico ("Doral Bank"), Policemen's Annuity and Benefit Fund of the City of Chicago ("Chicago

13

PABF") and Boilermakers National Annuity Trust ("Boilermakers Trust") (collectively "Plaintiffs")

14

by their counsel, hereby request that Defendants respond to the following Interrogatories within 30

15

days after service.  Plaintiffs reserve the right to amend, supplement, and correct their interrogatories

16
17

as necessary.

18

**DEFINITIONS**

19

As used herein, the following terms are defined as indicated:

20

1.        The terms "You," "Your" or "Defendants" mean each of the Defendants in this case,

21

*WaMu Asset Acceptance Corporation* ("WAAC")*, WaMu Capital Corporation* ("WCC")*, David*

22

*Beck, Richard Careaga, Rolland Jurgens, and Diane Novak*, and each of their current or former

23

subsidiaries, divisions, subdivisions, offices, joint ventures, parents, affiliated persons, predecessors,

24

and all present and former partners, directors, officers, employees, representatives, agents,

25

intermediaries, and other persons acting on behalf of any of the foregoing as defined above and

26

specifically includes any person who, directly or indirectly, owns or controls or who has owned or

27

controlled any Defendant.

28

- 1 -

2.      "Certificates" means, collectively or disjunctively, all securities issued pursuant to the following offerings:

| Series | Appx. Issue Date | Appx. Principal Amount | CUSIPs |
|---|---|---|---|
| WAMU 2006-AR7 | June 23, 2006 | $1,255,863,100 | 93363CAA7, 93363CAB5, 93363CAC3, 3363CAD1, 93363CAE9, 93363CAF6, 93363CAG4, 3363CAH2, 93363CAJ8, 93363CAK5, 93363CAL3, 3363CAM1, 93363CAN9, 93363CAP4, 93363CAQ2, 3363CAR0, 93363CAS8, 93363CAT6, 93363CAU3, 93363CAV1, 93363CAW9, 93363CAX7, 93363CAY5, 3363CAZ2, 93363CBA6 |
| WAMU 2006-AR16 | November 16, 2006 | $1,444,737,100 | 92925GAA1, 92925GAB9, 92925GAC7, 2925GAD5, 92925GAE3, 92925GAF0, 92925GAG8, 2925GAH6, 92925GAJ2, 92925GAK9, 92925GAL7, 2925GAM5, 92925GAN3, 92925GAP8, 92925GAQ6, 2925GAR4, 92925GAS2, 92925GAT0, 92925GAU7, 2925GAV5, 92925GAW3, 92925GAX1, 92925GAY9 |
| WAMU 2006-AR17 | November 17, 2006 | $1,124,131,100 | 92925DAA8, 92925DAB6, 92925DAC4, 2925DAD2, 92925DAE0, 92925DAF7, 92925DAG5, 2925DAH3, 92925DAJ9, 92925DAK6, 92925DAL4, 2925DAM2, 92925DAN0, 92925DAP5, 92925DAQ3, 2925DAR1, 92925DAS9, 92925DAT7, 92925DAU4, 92925DAV2, 92925DAW0, 92925DAX8, 92925DAY6 |
| WAMU 2007-HY1 | January 22, 2007 | $3,007,814,100 | 92925VAA8, 92925VAB6, 92925VAC4, 2925VAD2, 92925VAE0, 92925VAF7, |

| | | | |
|---|---|---|---|
| | | | **92925VAG5, 2925VAH3, 92925VAJ9, 92925VAK6, 92925VAL4, 2925VAM2, 92925VAN0, 92925VAP5, 92925VAQ3, 2925VAR1, 92925VAS9, 92925VAT7, 92925VAU4, 92925VAV2, 92925VAW0, 92925VAX8, 92925VAY6, 2925VAZ3, 92925VBA7, 92925VBB5, 92925VBC3, 92925VBD1, 92925VBE9, 92925VBF6, 92925VBG4, 92925VBH2, 92925VBJ8, 92925VBK5** |

3.      'Describe" means state the substance of the event, procedure, circumstance, communication, representation, conversation, meeting, transaction, occasion or other occurrence in question, the date, time, place and identity of all Persons present or participating, the statements made by each Person, actions taken by each Person, duration of the event or occurrence, the method or means of communication employed, the identity of all such Persons having knowledge of such occurrence as well as the date and means when and whereby such knowledge was first acquired.

4.      The "Loans" or "Certificate Collateral" means any or all of the residential home loans underlying or collateralizing the Certificates.

5.      The term "identify" when referring to a person (defined above), mean to state, for each person, that person's employer, title, job responsibilities, their current and last known address and telephone number(s), dates of employment, and current place of employment if they no longer work for you

6.      The term "identify" when used in any context other than as defined above shall mean a description of the subject to be identified and specification of the documents or communications in which the subject is or was recorded, the date of the document(s) which is being described or referred, author(s), addressee(s), recipient(s), including blind copyee(s) and all other information necessary to fully identity the subject.

7.      The terms "and" and "or" are to be read interchangeably so as to give a particular request in which either or both is used the broadest possible meaning.

8.      "Concerning" means concerning, relating to, referring to, reflecting, describing, evidencing or constituting.

9.      "Document" or "documents" shall be synonymous in meaning and equal in scope to the usage of this term in Rule 34 of the Federal Rules of Civil Procedure and includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  A draft or non-identical copy is considered a separate document.

10.     "Person" is defined as any natural person or any business, legal or governmental entity or association.

11.     "Putback" means the repurchase or substitution of a mortgage loan by the mortgage loan seller as described in the section entitled "Description of the Securities – Representations and Warranties Regarding the Mortgage Loans; Remedies for Breach" in the prospectuses pursuant to which the Certificates were offered.

12.     "Rating Agencies" means any National Recognized Statistical Rating Organization.

13.     "Servicer" means any party performing the role of Servicer or Sub-Servicer as defined in the Certificates' Prospectus Supplements, including but not limited to, Washington Mutual Bank.

14.     "Trustee" means, conjunctively and/or disjunctively, without limitation, any Person who owns or controls the Loans for the benefit of the owners of the Certificates.

15.     "Working Party Lists" means the Washington Mutual Working Party Lists which identify those individuals involved in the offer and sale of the Certificates..

## II.     INSTRUCTIONS

1.      If any response to any of the *below* interrogatories falls within the scope of any interrogatory but is not being provided, or is being provided only in part, pursuant to any claim of privilege or confidentiality, please provide a response that contains the following information:

- 4 -

1    (a) the nature of the privilege claimed (*i.e.*, attorney-client, work-product, *etc.*);

2    (b) the name of the person or entity claiming privilege and the name of the

3    attorney, if any, with respect to whom the privilege is claimed; and

4    (c) the facts upon which you rely as the basis for claiming any privilege as to the

5    specific information.

6    2.    In responding to these interrogatories, you shall provide responsive information

7    that is in your possession, custody or control.

8    3.    You shall answer each interrogatory separately, fully, in writing, and under oath,

9    unless it is objected to.  If you cannot provide all the information requested in each interrogatory,

10   you shall provide the information you can provide, describe the efforts made to obtain the

11   information you cannot provide, identify the source of this information, and identify the last-known

12   location or last-known custodian.

13   4.    The definitions, instructions, and rules of construction set forth in Rule 33(b) of

14   the Federal Rules of Procedure are incorporated herein by reference.

15   5.    When asked to "identify" a policy or methodology, provide the title of the

16   relevant policy or methodology, the division or department that communicated that policy of

17   methodology, the date of the policy or methodology, and its substance or subject matter.

18   6.    If an interrogatory cannot be responded to fully, after due diligence is exercised to

19   secure the full answer, specify the reasons for your inability to answer the interrogatory.

20   7.    These interrogatories shall be deemed continuing so as to require the amendment

21   with any additional responsive information you may become aware of between the time of your

22   initial response and the time of trial.

**RELEVANT TIME PERIOD**

23

24   Unless otherwise stated within a specific request, the relevant time period for these

25   Interrogatories is January 1, 2005 to the present.

**INTERROGATORIES**

26

27   **INTERROGATORY NO. 1:**

28   Identify and describe all assets that Defendants possess.

1   **RESERPONSE TO INTERROGATORY NO. 1:**

2

3

4

   **INTERROGATORY NO. 2:**

5

6       Identify and describe the total amount that can be used to satisfy any claim concerning

7   the Certificates.

8   **RESERPONSE TO INTERROGATORY NO. 2:**

9

10

11  **INTERROGATORY NO. 3:**

12

13      Identify all insurance policies and the amounts that remain in such policies that can be

14  used to satisfy any judgment in this action.

15  **RESERPONSE TO INTERROGATORY NO. 3:**

16

17

18  **INTERROGATORY NO. 4**

19

20      For each insurance policy identified in response to Interrogatory No. 3, please identify

21  any claim against any Person, regardless of whether they are a defendant in this action, for which

22  said insurance policies could be used to satisfy any judgment.

23  **RESERPONSE TO INTERROGATORY NO. 4:**

24

25  **INTERROGATORY NO. 5:**

26

27      Identify and describe all persons who are pursuing claims against Defendants concerning

28  any of the Certificates, including any certificates issued by WAAC and underwritten by WCC,

1   the amount sought by such claim(s), whether any monies have been paid for such claim(s), the

2   nature of such proceeding(s), that status of such proceeding(s).

3   **RESERPONSE TO INTERROGATORY NO. 5:**

4

5

6

7   **INTERROGATORY NO. 6:**

8        Identify all Persons with whom You discussed Your underwriting policies, procedures, or

9   standards relating to the Certificates during the time period of January 1, 2006 through

10  **RESERPONSE TO INTERROGATORY NO. 6:**

11

12

13

14  **INTERROGATORY NO. 7:**

15       Identify each Person who purchased any of the Certificates during the Relevant Time

16  Period.

17  **RESERPONSE TO INTERROGATORY NO. 7:**

18

19

20

21  **INTERROGATORY NO. 8:**

22       Identify any Putback that has been requested or occurred concerning any of the

23  Certificates or any certificates issued by WAAC and underwritten by WCC.

24  **RESERPONSE TO INTERROGATORY NO. 8:**

25

26

27  **INTERROGATORY NO. 9:**

28

1    For each of the Certificates, please identify and describe the due diligence You undertook

2  to ensure that the Loans met Your underwriting policies, procedures, and standards, including all

3  steps taken by You and on Your behalf, the work performed, and the identity of any documents

4  reflecting such due diligence.

5  **RESERPONSE TO INTERROGATORY NO. 9:**

6

7

8

9  Dated: July 5, 2011

10

11                                    /s/ Joseph P. Guglielmo
                                  Joseph P. Guglielmo
                                  **SCOTT+SCOTT LLP**

12                                500 Fifth Avenue, 40th Floor
                                  New York, New York 10110

13                                Telephone: (212) 223-6444
                                  Facsimile: (212) 223-6334

14

15                                Hal Cunningham
                                  **SCOTT+SCOTT LLP**

16                                707 Broadway, 10th Floor
                                  San Diego, California

17                                Telephone: (619) 233-4565
                                  Facsimile: (619) 233-0508

18

19                                    -and-

20                                *Counsel for Policemen's Annuity and Benefit Fund of
                                  the City of Chicago and the Proposed Class*

21

22

23                                Kim D. Stephens, P.S., WSBA #11984
                                  **TOUSLEY BRAIN STEPHENS PLLC**

24                                1700 Seventh Avenue, Suite 2200
                                  Seattle, Washington  98101-4416

25                                Tel:    206.682.5600
                                  Fax:    206.682.2992

26

27                                *Liaison Counsel for the Class*

28

1

2          Joel P. Laitman
           Christopher Lometti
3          Daniel Rehns
           Kenneth Rehns
4          **COHEN MILSTEIN SELLERS & TOLL PLLC**
           88 Pine Street, 14th Floor
5          New York, N.Y. 10005

6                          -and-

7          Steven J. Toll
           Julie Reiser
8          Joshua Devore
           Matthew B. Kaplan
9          **COHEN MILSTEIN SELLERS & TOLL PLLC**
           1100 New York Avenue, N.W.
10         Suite 500, West Tower
           Washington, D.C. 20005
11         Tel.:  (202) 408-4600
           Fax:  (202) 408-4699
12

13
           *Counsel for Doral Bank of Puerto Rico and*
14         *Boilermakers National Annuity Trust and the*
           *Proposed Class*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERIFICATE OF SERVICE**

2

This is to certify that a true and correct copy of the forgoing was served today

3

4

July 5, 2011 to all counsel of record via Electronic Mail and First Class Mail in sealed

5

envelope with all fees prepaid to the addressed listed below:

6

**HILLIS CLARK MARTIN & PETERSON, P.S.**
Louis D. Peterson, WSBA #5776

7

Brian C. Free, WSBA #35788
1221 Second Avenue, Suite 500

8

Seattle WA 98101-2925
Telephone:  (206) 623-1745

9

Facsimile:  (206) 623-7789
Email:        ldp@hcmp.com

10

bcf@hcmp.com

11

12

**BINGHAM MCCUTCHEN LLP**
John D. Pernick (admitted pro hac vice)

13

Jee Young You (admitted pro hac vice)
Three Embarcadero Center

14

San Francisco, CA  94111-4067
Telephone: (415) 393-2000

15

Facsimile: (415) 393-2286
Email:        john.pernick@bingham.com

16

jeeyoung.you@bingham.com

17

*Attorneys for Defendants WaMu Asset Acceptance Corporation, WaMu Capital Corporation, David Beck, Richard Careaga, Rolland Jurgens, and Diane Novak*

18

19

20

21

*/s/ Joseph P. Guglielmo*
*Joseph P. Guglielmo*

22

*SCOTT+SCOTT LLP*
*500 Fifth Avenue, 40th Floor*

23

*New York, New York 10110*
*Telephone: (212) 223-6444*

24

*Facsimile: (212) 223-6334*

25

26

27

28