**EXHIBIT B**

THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION | NO. C09-0037 MJP<br><br>[Consolidated with: Case No. C09-0134MJP and Case No. C09-0137MJP]<br><br>**WAMU DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:   PLAINTIFFS

RESPONDING PARTY:   DEFENDANTS

SET NUMBER:   ONE

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and consistent with the limitations expressly contemplated by Rule 26, Defendants WaMu Asset Acceptance Corporation ("WAAC"), WaMu Capital Corporation ("WCC"), David Beck, Diane Novak, Rolland Jurgens and Richard Careaga ("Defendants") hereby object and respond to Lead Plaintiffs' ("Plaintiffs") first set of interrogatories, dated July 5, 2011, as follows.

I.   **PRELIMINARY STATEMENT**

These responses to the interrogatories are made solely for the purpose of this pending action and are based solely on information presently known to Defendants. Defendants have not fully completed the investigation of the facts relating to this case, have not fully completed their

discovery in this action and have not completed their preparation for trial. Further discovery, independent investigation, legal research and analysis may supply additional facts, add meaning to known facts and/or establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to, changes in and variations from the present responses. Therefore, these responses are made without prejudice to Defendants' right to produce, provide or introduce at time of motion or trial such further responsive information and documents as may be known to Defendants hereafter.

Each response is also subject to all appropriate objections (including, without limitation, objections concerning competency, relevancy, materiality, propriety and admissibility) which would require the exclusion of any statement contained herein were the interrogatory asked of, or any statement contained herein made by, a witness present and testifying in court. All such objections and grounds for objections involving or relating to the matters raised herein are reserved and may be introduced at the time of trial or other hearing.

## II.   GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated by reference into Defendants' response to each of the interrogatories, as if set forth in full:

1. Defendants object to each interrogatory to the extent that Plaintiffs' instructions accompanying the Interrogatories purport to impose burdens on Defendants that are inconsistent with, or not otherwise authorized by, the Federal Rules of Civil Procedure or the Western District of Washington's Local Rules. Defendants shall construe and respond to the interrogatories in a manner consistent with the Federal Rules of Civil Procedure and the Local Rules, and not otherwise.

2. Defendants object to each interrogatory to the extent it seeks information that is neither relevant to the claims or defenses at issue in the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3. Defendants object to each interrogatory, and the definitions and instructions preceding them, to the extent that they purport to require Defendant to provide

information that is not within their present knowledge, or is not obtainable through reasonable and good faith effort.

4. Defendants object to each interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine or any other applicable privilege or immunity, including the selective waiver doctrine. Such information will not be provided.

5. Defendants object to each interrogatory to the extent it seeks information in contravention of any confidentiality agreement, or that would violate the privacy rights of others or disclose the confidential information of individuals or other entities. Any such information provided in response to any interrogatory will be produced in accordance with and subject to the terms of the Stipulated Protective Order and the Stipulated Order Regarding "Clawback" of Inadvertently Produced Documents (the "Protective Order").

6. Defendants object to each interrogatory to the extent it seeks the production of documents that contain confidential or proprietary information, trade secrets or other confidential research, development, sensitive financial or commercial information of Defendants or third parties. To the extent such information might be produced pursuant to any interrogatory, they will be produced in accordance with and subject to the terms of the Protective Order.

7. Defendants object to each interrogatory to the extent it seeks information that is privileged and subject to the protections applicable to a governmental investigation, including, but not limited to, records or information related to the bank examination processes or the supervision of defendants by a bank regulator (*see, e.g.,* 12 C.F.R. 510.5) or compiled for law enforcement purposes.

8. Defendants object to each interrogatory to the extent it seeks information that they are prohibited from disclosing under applicable bank regulations and statutes or other applicable law.

9. The absence of a specific objection shall not be deemed to be an acknowledgment that the subject matter of the interrogatory is relevant to the litigation.

10. Defendants object to the disclosure of any information falling within any

3

of the foregoing general objections, and in the event any information falling within one or more such objections is disclosed in any of the following responses to the interrogatories, such disclosure is inadvertent and shall not constitute a waiver of the objection.

11. Without waiving any of these General Objections, each of which is expressly incorporated into each of Defendants' responses set forth below as if fully stated therein, Defendants respond to each interrogatory subject to the following additional express reservation of rights:

a. The right to object on any ground whatsoever to the admission into evidence or other use of any of the documents produced in response to any interrogatory at the trial of this matter, at any other proceeding in this matter or in any other action; and

b. The right to object on any ground whatsoever at any time to any demand for further responses to any interrogatory or to any other discovery procedures involving or relating to the subject matter of any interrogatory.

## III.   OBJECTIONS TO DEFINITIONS

Defendants object to the instructions and definitions that precede the requests for production, on the grounds that, and to the extent to which, they make the requests overbroad, vague, ambiguous, and incomprehensible and to the extent that they seek to impose on Defendants obligations not contemplated by the Federal Rules of Civil Procedure or the Western District of Washington Local Rules. Defendants will interpret the instructions and definitions to be consistent with the Federal Rules of Civil Procedure or the Western District of Washington Local Rules.

The following objections to instructions and definitions ("Objections to Definitions and Instructions") are incorporated by reference into each of Defendants' responses to the requests, as if set forth in full:

1. Defendants object to the definition of the terms "You" and "Your" and "Defendants" as referring to each of defendants in this action, as well as each of its "current or former subsidiaries, divisions, subdivisions, offices, joint ventures, parents, affiliated persons,

1 predecessors, and all present and former partners, directors, officers, employees, representatives, agents, intermediaries, and other persons acting on behalf of any of the foregoing as defined above and specifically includes any person who, directly or indirectly, owns or controls or who has owned or controlled any Defendant" on the grounds that the definition is vague, ambiguous, overly broad, and includes persons and entities of which Defendants may have no knowledge, or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.

2. Defendants object to the definition of the term "Certificates" in so far as the list accompanying the definition omits at least two of the offerings that are in issue in this action. To avoid excess effort and duplication, Defendants will interpret the word Certificates to include the Certificates issued as part of the WaMu 2006-AR12 and WaMu 2006-AR18 transactions.

3. Defendants object to the definition of the term "Describe" as overbroad and unduly burdensome and as requiring information that Defendants likely will not have in their possession or information that is not attainable through reasonable means. To the extent possible, Defendants will construe the term in this definition in accordance with its ordinary and accepted meaning.

4. Defendants object to the definition of the term "Loans" or "Certificate Collateral" as overbroad, unduly burdensome, vague and ambiguous. To the extent possible, Defendants will construe the terms in this definition in accordance with their ordinary and accepted meaning.

5. Defendants object to the definition of the term "Identify" (with respect to persons and in other context) as overbroad and unduly burdensome and as requiring information that Defendants likely will not have in their possession or information that is not attainable through reasonable means. To the extent possible, Defendants will construe the term in this definition in accordance with its ordinary and accepted meaning.

6. Defendants object to the definition of the term "Rating Agencies" as overbroad, unduly burdensome, vague and ambiguous. To the extent possible, Defendants will

5

construe the term in this definition in accordance with its ordinary and accepted meaning.

7. Defendants object to the definition of the term "Servicer" as overbroad, unduly burdensome, vague and ambiguous. To the extent possible, Defendants will construe the term in this definition in accordance with its ordinary and accepted meaning.

8. Defendants object to the definition of the term "Trustee" as overbroad, unduly burdensome, vague and ambiguous. To the extent possible, Defendants will construe the term in this definition in accordance with its ordinary and accepted meaning.

9. Defendants object to the definition of the term "Working Party Lists" as overbroad, unduly burdensome, vague and ambiguous. To the extent possible, Defendants will construe the terms in this definition in accordance with its ordinary and accepted meaning.

IV. OBJECTIONS TO INSTRUCTIONS

1. Defendants object to Instruction 1 and all its subparts to the extent it seeks to impose on Defendants discovery obligations exceeding or inconsistent with the Federal Rules of Civil Procedure or the Western District of Washington Local Rules. Defendants also object to the Instruction as overbroad and unduly burdensome and as requiring information that Defendants likely will not have in their possession or information that is not attainable through reasonable means.

2. Defendants object to Instructions 3, 5 and 6 to the extent they seek to impose on Defendants discovery obligations exceeding or inconsistent with the Federal Rules of Civil Procedure or the Western District of Washington Local Rules. Defendants also object to the Instruction as overbroad and unduly burdensome and as requiring information that Defendants likely will not have in their possession or information that is not attainable through reasonable means.

V. OBJECTIONS TO THE TIME PERIOD

Defendants object to plaintiffs' proposed time period to the extent that it seeks information from "January 1, 2005 to the present." A reasonable time period is October 1, 2005 through December 31, 2007 with regard to the interrogatories seeking information relating to the

6

claims and defenses in this action.

## VI. OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify and describe all assets that Defendants possess.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants incorporate herein each of the foregoing General Objections and Objections to Definitions, Instructions and the Time Period. Defendants further object to the interrogatory on the ground that its use of the terms "assets" and "possess" render it vague, ambiguous, and unintelligible and overbroad and unduly burdensome. Defendants further object to the interrogatory on the grounds that information regarding Defendants assets is neither relevant to the claims or defenses at issue in the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants WCC and WAAC will produce copies of their balance sheets as of the July 2011 month end in response to this interrogatory.

**INTERROGATORY NO. 2:**

Identify and describe the total amount that can be used to satisfy any claim concerning the Certificates.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants incorporate herein each of the foregoing General Objections and Objections to Definitions, Instructions and the Time Period. Defendants further object to the interrogatory on the ground that its use of the terms "total amount," "can be used" and "satisfy any claim concerning the Certificates" render it vague, ambiguous, and unintelligible and overbroad and unduly burdensome. Defendants further object to the interrogatory on the grounds that it calls for a legal conclusion and for information that is neither relevant to the claims or defenses at issue in the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:**

Identify all insurance policies and the amounts that remain in such policies that can be

1 used to satisfy any judgment in this action.

2 **RESPONSE TO INTERROGATORY NO. 3:**

3       Defendants incorporate herein each of the foregoing General Objections and Objections
4 to Definitions, Instructions and the Time Period. Defendants further object to the interrogatory
5 on the ground that its use of the terms "amount that remains in such policies" and "used to satisfy
6 any judgment" render it vague, ambiguous, and unintelligible and overbroad and unduly
7 burdensome. Defendants further object to the interrogatory on the grounds that it calls for
8 information that is neither relevant to the claims or defenses at issue in the litigation nor
9 reasonably calculated to lead to the discovery of admissible evidence. Without waiving the
10 foregoing objections and based on information available to them and their understanding of the
11 vague and ambiguous terms used in this request, Defendants respond as follows:

12       Defendants refer Plaintiffs to Defendants' production made on November 17, 2010,
13 November 29, 2010, and February 22, 2011, documents bates-labeled WAMUDEFS00000001-
14 583, 136488-136526, which are the insurance policies from 2007-2009 that Defendants believe
15 to be relevant.

16 **INTERROGATORY NO. 4:**

17       For each insurance policy identified in response to Interrogatory No. 3, please identify
18 any claim against any Person, regardless of whether they are a defendant in this action, for which
19 said insurance policies could be used to satisfy any judgment.

20 **RESPONSE TO INTERROGATORY NO. 4:**

21       Defendants incorporate herein each of the foregoing General Objections and Objections
22 to Definitions, Instructions and the Time Period. Defendants further object to the interrogatory
23 on the ground that its use of the terms "claim against any Person" and "for which said insurance
24 policies could be used to satisfy any judgment" render it vague, ambiguous, and unintelligible
25 and overbroad and unduly burdensome. Defendants further object to the interrogatory on the
26 ground that the interrogatory seeks information that is neither relevant to the claims or defenses
27 at issue in the litigation nor reasonably calculated to lead to the discovery of admissible
28 evidence. Without waiving the foregoing objections and based on information available to them

1    and their understanding of the vague and ambiguous terms used in this request, Defendants

2    respond as follows:

3           In addition to the instant action, Defendants are aware of the following claims made

4    against one or more of them that might be covered under the insurance policies produced by

5    Defendants.

6-7       • *Allstate Bank v. JPMorgan Chase N.A. et al.*, Case No. 11-CV-01869-DAB (S.D.N.Y.)

8-9       • *Cambridge Place Investment Mgmt. v. Morgan Stanley et al.*, Case No. 10-cv-11376-NMG (D. Mass.)

10-11       • *Cambridge Place Investment Mgmt. v. Morgan Stanley et al.*, Case No. 11-0555 (Superior Court of Suffolk Co., MA)

12-13       • *Federal Home Loan Bank of Chicago v. Banc of America Securities*, Case No. 10-2-36526+H2-5 SEA (Superior Court of King Co., WA)

14-15       • *Federal Home Loan Bank of Indianapolis v. Banc of America Mortgage Sec., Inc.*, Case No. 10-CV-01463 (S.D. In.)

16-17       • *Federal Home Loan Bank of San Francisco v. Deutsche Bank et al.*, Case No. CGC-10-497839 (Superior Court of San Francisco, CA)

18       • *FHLB Boston v. Ally Financial, Inc*, Case No. 11-1533 (Mass State)

19-20       • *Massachusetts Mutual Life Insurance Company v. JPMorgan Chase Bank N.A. et al.*, Case No. 3:11-cv-30094 (D. Mass)

21-22       • *Union Central Life Ins. Co. v. Credit Suisse First Boston Mortgage Secs. Corp.*, Case No. 11-cv-2890 (S.D.N.Y.)

23           In addition, Defendants are aware of claims brought against former Washington Mutual

24    Bank officers and directors in the following actions:

25-26       • *In re Washington Mutual Inc., Securities Litigation*, Case No. 08-md-1919 (W.D. Wash.)

27-28       • *Solton v. Killinger, et al.*, Case No. 09-CV-664 (W.D. Wash.), consolidated with *City of San Buenaventura v. Killinger, et al.*, as *In re Washington Mutual Inc.*

9

*California Securities Litigation*, Lead Case No. C09-664 under *In re Washington Mutual Inc. Securities, Derivative and ERISA Litigation*, No. 2:08-md-1919 MJP (W.D. Wash.)

- *Sweet et al. v. Killinger, et al.*, Case No. 09-CV-1718 (W.D. Wash.), consolidated with *In re Washington Mutual Inc. Securities Litigation*, No. 2:08-md-1919 MJP; Lead Case No. C08-0387 (W.D. Wash.)
- *Flaherty & Crumrine Preferred Income Fund Inc., et al. v. Killinger, et al.*, Case No. C09-1756 MJP (W.D. Wash.)
- *FDIC v. Killinger, et al.*, Case No. 11-459 (W.D. Wash.)

In addition, the National Credit Union Administration and Federal Housing Finance Agency have issued subpoenas seeking documents relating to various offerings by entities insured under these policies, and those investigations could, potentially, lead to additional claims. Defendants believe there may be other claims that potentially implicate the policies, but are without sufficient knowledge to provide information about such claims.

**INTERROGATORY NO. 5:**

Identify and describe all persons who are pursuing claims against Defendants concerning any of the Certificates, including any certificates issued by WAAC and underwritten by WCC, the amount sought by such claim(s), whether any monies have been paid for such claim(s), the nature of such proceeding(s), that status of such proceeding(s).

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants incorporate herein each of the foregoing General Objections and Objections to Definitions, Instructions and the Time Period. Defendants further object to the interrogatory on the ground that its use of the terms "pursuing claims against Defendants" and "concerning any of the Certificates, including any certificates issued by WAAC and underwritten by WCC" render it vague, ambiguous, and unintelligible and overbroad and unduly burdensome. Defendants further object to the interrogatory on the ground that its use of the term "Certificates" in the interrogatory is inconsistent with the definition provided by Plaintiffs in its Definitions section, and renders it vague, ambiguous, unintelligible and overbroad and unduly burdensome.

10

Defendants' response is limited to the offerings at issue in this action. Defendants further object to the interrogatory on the ground that the information sought is publicly available. Defendants further object to the interrogatory on the ground that the interrogatory seeks information that is neither relevant to the claims or defenses at issue in the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections and based on information available to them and their understanding of the vague and ambiguous terms used in this request, Defendants respond as follows:

The Federal Home Loan Bank of Chicago, in *Federal Home Loan Bank of Chicago v. Banc of America Securities*, Case No. 10-2-36526+H2-5 SEA (Superior Court of King Co., WA), is pursuing claims relating to a security issued in the WaMu 2006-AR12 offering. The Court in that action recently denied defendants' motions to dismiss and the case is proceeding with initial discovery. The Federal Home Loan Bank of Indianapolis, in *Federal Homes Loan Bank of Indianapolis v. Banc of America Mortgage Securities, Inc., et al.*, Cause No. 1:10-cv-1463-WTL-DML (S.D. Ind.), *remanded to* Cause No. 49D05-1010-PL-045071 (Marion Sup. Ct.), is pursuing claims relating to a security issued in the WaMu 2007-HY1 offering. Massachusetts Mutual Life Insurance Company, in *Massachusetts Mutual Life Insurance Company v. JPMorgan Chase Bank N.A. et al.*, Case No. 3:11-cv-30094 (D. Mass), is pursuing claims relating to a security issued in the WaMu 2006-AR7 offering.

**INTERROGATORY NO. 6:**

Identify all Persons with whom You discussed Your underwriting policies, procedures, or standards relating to the Certificates during the time period of January 1, 2006 through

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants incorporate herein each of the foregoing General Objections and Objections to Definitions, Instructions and the Time Period. Defendants further object to the interrogatory on the ground that its use of the terms "discussed Your underwriting policies, procedures or standards relating to the Certificates" render it vague, ambiguous, and unintelligible and overbroad and unduly burdensome. Defendants further object to the interrogatory on the ground

1  that it is incomplete, and fails to provide a limitation as to time, and therefore, vague, ambiguous,
2  and unintelligible and overbroad and unduly burdensome. Defendants further object to the
3  interrogatory on the grounds that the interrogatory seeks a compilation of or analysis of millions
4  of pages of documents that have been or will be produced by Defendants and third parties in this
5  action, and is unduly burdensome and oppressive, and the burden of ascertaining the answer will
6  be substantially the same for either party. *See* Fed. R. Civ. P. 33(d). Without waiving the
7  foregoing objections and based on information available to them and their understanding of the
8  vague and ambiguous terms used in this request, Defendants respond as follows:

Defendants direct Plaintiffs to the productions made in this case, including the approximately 1.7 million documents produced by third party JPMorgan Chase Bank, N.A., as well as the 70,000 documents produced by Defendants. Due to the sweeping nature of the interrogatory, Defendants are unable to provide further detail regarding which documents might enable Plaintiffs to locate and identify documents with the specific information requested.

**INTERROGATORY NO. 7:**

Identify each Person who purchased any of the Certificates during the Relevant Time Period.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendants incorporate herein each of the foregoing General Objections and Objections to Definitions, Instructions and the Time Period. Defendants further object to the interrogatory on the ground that terms "purchased any of the Certificates" and "during the Relevant Time Period" render it vague, ambiguous, and unintelligible and overbroad and unduly burdensome. Without waiving the foregoing objections and based on information available to them and their understanding of the vague and ambiguous terms used in this request, Defendants respond as follows:

Defendants direct Plaintiffs to the trading records (bates no. WAMUDEFS000136527), produced to Plaintiffs on March 1, 2011. These records contain the identities of persons that traded in the Certificates through WCC, and other relevant information regarding the trades. Defendants also direct Plaintiffs to the trading records produced by third parties in response to

12

Plaintiffs' subpoenas containing information regarding transactions in the Certificates conducted through those third parties.

**INTERROGATORY NO. 8:**

Identify any Putback that has been requested or occurred concerning any of the Certificates or any certificates issued by WAAC and underwritten by WCC.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendants incorporate herein each of the foregoing General Objections and Objections to Definitions, Instructions and the Time Period. Defendants further object to the interrogatory on the ground that terms "Putbacks that has been requested or occurred" and "concerning any of the Certificates or any certificates issued by WAAC and underwritten by WCC" render it vague, ambiguous, and unintelligible and overbroad and unduly burdensome. Defendants further object to the interrogatory on the ground that its use of the term "Certificates" in the interrogatory is inconsistent with the definition provided by Plaintiffs in its Definitions section, and renders it vague, ambiguous, unintelligible and overbroad and unduly burdensome. Defendants' response is limited to the offerings at issue in this action. Defendants further object to the interrogatory on the ground that the interrogatory seeks information that is neither relevant to the claims or defenses at issue in the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the interrogatory on the ground that the interrogatory seeks information that is not in Defendants' possession.

Without waiving the foregoing objections and based on information available to them and their understanding of the vague and ambiguous terms used in this request, Defendants respond as follows:

Defendants are not aware of repurchase demands that were made upon Defendants. Defendants believe that repurchase demands, if any, were made directly upon the servicer, Washington Mutual Bank, or, following the placement of Washington Mutual Bank into FDIC receivership and the sale of certain Washington Mutual Bank assets and liabilities, to JPMorgan Chase Bank, N.A.

1 **INTERROGATORY NO. 9:**

2     For each of the Certificates, please identify and describe the due diligence You undertook
3 to ensure that the Loans met Your underwriting policies, procedures, and standards, including all
4 steps taken by You and on Your behalf, the work performed, and the identity of any documents
5 reflecting such due diligence.

6 **RESPONSE TO INTERROGATORY NO. 9:**

7     Defendants incorporate herein each of the foregoing General Objections and Objections
8 to Definitions, Instructions and the Time Period. Defendants further object to the interrogatory
9 on the ground that terms "due diligence" and "undertook" and "to ensure that the Loans met
10 Your underwriting policies, procedures, and standards" and "all steps taken…the work
11 performed…reflecting such due diligence" render it vague, ambiguous, and unintelligible and
12 overbroad and unduly burdensome. Defendants further object on the ground that the term "Your
13 underwriting" is vague, ambiguous and unintelligible in that none of the Defendants is a loan
14 originator and, therefore, none of them has underwriting policies or guidelines. Defendants
15 further object to the interrogatory on the grounds that the interrogatory is unduly burdensome
16 and oppressive. Without waiving the foregoing objections and based on information available to
17 them and their understanding of the vague and ambiguous terms used in this request, Defendants
18 respond as follows.

19     The loans underlying the six offerings at issue were originated by Washington Mutual
20 Bank ("WMB"). Once a loan population was identified for securitization from the WMB-
21 originated loans, WCC engaged a third party due diligence vendor, which, in the case of the six
22 offerings at issue, was the Capital Group. The Capital Group conducted underwriting due
23 diligence on a sample of the loans in the initial loan population, then provided a report.
24 Defendants direct Plaintiffs to the Capital Group's final due diligence reports, (bates nos. WCC
25 02703796- 02703800 [2006-AR7], 02716449- 02716453 [2006-AR12], 02700619- 02700623
26 [2006-AR16], 02700614-02700618 [2006-AR17], 02675175- 02675179 [2006-AR18],
27 02703817- 02703821 [2007-HY1]), which were produced to Plaintiffs on August 8, 2011, which
28 lists the loans that were reviewed by the Capital Group, the results of the vendor's due diligence,

1 and other relevant information regarding the loans.

DATED: August 8, 2011

| BINGHAM McCUTCHEN LLP | HILLIS CLARK MARTIN & PETERSON |
|---|---|
| By: _/s/ John D. Pernick/_<br>John D. Pernick (*Pro Hac Vice*)<br>David M. Balabanian (*Pro Hac Vice*)<br>Jee Young You (*Pro Hac Vice*)<br>Frank Busch (*Pro Hac Vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Tel:    (415) 393-2544<br>Fax:   (415) 262-9203<br>Email: david.balabanian@bingham.com<br>            john.pernick@bingham.com<br>            jee_young.you@bingham.com<br>            frank.busch@bingham.com<br>- and -<br>Susan L. Hoffman (*Pro Hac Vice*)<br>355 South Grand Avenue, Suite 4400<br>Los Angeles, CA 90071-3106<br>Tel:    (213) 680-6454<br>Fax:   (213) 680-6499<br>Email: susan.hoffman@bingham.com<br>- and –<br>Theo J. Robins (*Pro Hac Vice*)<br>Bingham McCutchen LLP<br>399 Park Avenue,<br>New York, NY 10022-4689<br>Tel: (212) 705-7000 Fax: (212) 702-3680<br>Email: theo.robins@bingham.com | Louis D. Peterson, WSBA #5776<br>Brian C. Free, WSBA #35788<br>1221 Second Ave, Suite 500<br>Seattle, WA 98101-2925<br>Tel:    (206) 470-7646<br>Fax:   (206) 623-7789<br>Email: bcf@hcmp.com<br>            ldp@hcmp.com<br><br>*Counsel for Defendants WaMu Asset Acceptance Corporation, WaMu Capital Corporation, David Beck, Diane Novak, Rolland Jurgens and Richard Careaga* |

15

WaMu Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories

**CERTIFICATE OF SERVICE**

I am over 18 years of age, not a party to this action and employed in the County of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-4067. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

Today I served the foregoing **WAMU DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** by causing a true and correct copy of the above to be placed in the United States Mail at San Francisco, California in sealed envelope(s) with postage prepaid, addressed as follows:

Kim D. Stephens
Janissa A. Strabuk
Nancy A. Pacharzina
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101

Arthur L. Shingler III
Hal D. Cunningham
SCOTT+SCOTT LLP
600 B Street, Suite 1500
San Diego, California 92101

Joel P. Laitman
Christopher Lometti
Daniel B. Rehns
COHEN MILSTEIN SELLERS & TOLL PLLC
150 East 52nd Street, Thirtieth Floor
New York, New York 10022

Steven J. Toll
Julie Goldsmith Reiser
Joshua S. Devore
Matthew B. Kaplan
S. Douglas Bunch
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005

Joseph P. Guglielmo
SCOTT+SCOTT LLP
500 Fifth Avenue, 40th Floor
New York, NY 10110

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on August 8, 2011.

_____
Anna Lee