1

2

The Honorable Marsha J. Pechman

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

10

IN RE WASHINGTON MUTUAL
MORTGAGE BACKED SECURITIES
LITIGATION,

11

This Document Relates to:  ALL CASES

12

13

14

15

16

17

Master Case No. C09-037 MJP

**DEFENDANTS' MOTION TO
PRECLUDE USE OF UNTIMELY
DISCLOSED EXPERT OPINIONS OF
IRA HOLT AND CHARLES D.
COWAN PURSUANT TO FED. R. CIV.
P. 37(c)(1)**

NOTE ON MOTION CALENDAR:
June 22, 2012

ORAL ARGUMENT REQUESTED

18

19

20

21

22

23

24

25

*Defendants' Motion To Preclude Use of Untimely
Disclosed Expert Opinions of Ira Holt and Charles D.
Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ ii

EXPLANATION OF CITATION FORMS ................................................ iv

INTRODUCTION ...........................................................................................1

BACKGROUND ............................................................................................3

ARGUMENT ..................................................................................................6

    I.      Legal Standard. ...........................................................................6

    II.     Mr. Holt's and Dr. Cowan's Untimely Disclosed Opinions Should
          Be Excluded Under Rule 37(c)(1). ...........................................8

          A.     The New Opinions Are Not Timely.................................8

          B.     Plaintiffs' Untimely Disclosures Are Not Harmless.......9

          C.     Plaintiffs Lack Substantial Justification For Their
                 Untimely Disclosures.....................................................11

CONCLUSION..............................................................................................12

*Defendants' Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                                              i

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

2

**TABLE OF AUTHORITIES**

3

**Page(s)**

4

**Cases**

5

Alvarado v. FedEx Corp., No. C 04-0098, 2006 WL 1761276 (N.D. Cal. June 27, 2006) ...................................................................................................................10

6

7

Ass'n of Christian Sch. Int'l v. Stearns, 678 F. Supp. 2d 980 (C.D. Cal. 2008) ...........8, 10

8

AT & T Wireless Servs. of Cal. LLC v. City of Carlsbad, No. 01cv2045-JM(LAB), 2002 WL 34537564 (S.D. Cal. Nov. 7, 2002) ...........................................12

9

Bess v. Cate, 422 F. App'x 569 (9th Cir. 2011) ...................................................................7

10

Carr v. Deeds, 453 F.3d 593 (4th Cir. 2006) .......................................................................6

11

Cecala v. Newman, 532 F. Supp. 2d 1118 (D. Ariz. 2007) .................................................8

12

Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188 (1st Cir. 2006)....................................11

13

Gallagher v. S. Source Packaging, LLC, 568 F. Supp. 2d 624 (E.D.N.C. 2008) ...............7

14

Hansen Beverage Co. v. Vital Pharm., Inc., No. 08-CV-1545-IEG (POR), 2010 WL 3069690 (S.D. Cal. Aug. 3, 2010) .........................................................................7

15

16

Hoffman v. Constr. Prot. Servs., Inc., 541 F.3d 1175 (9th Cir. 2008).........................6, 10

17

In re Viagra Prods. Liab. Litig., 658 F. Supp. 2d 936 (D. Minn. 2009) ...........................12

18

Lindner v. Meadow Gold Dairies, Inc., 249 F.R.D. 625 (D. Haw. 2008) ..................10, 11

19

Luke v. Emergency Rooms, P.S., No. C04-5759 FDB, 2008 WL 410672 (W.D. Wash. Feb. 12, 2008) ...................................................................................................8

20

Macaulay v. Anas, 321 F.3d 45 (1st Cir. 2003)..................................................................10

21

22

O'Connor v. Boeing N. Am., Inc., No. CV 97-1554 DT (RCx), 2005 WL 6035243 (C.D. Cal. Sept. 12, 2005).................................................................. 8, 9, 11

23

24

Oracle USA, Inc. v. SAP AG, 264 F.R.D. 541 (N.D. Cal. 2009)........................................7

25

*Defendants' Motion To Preclude Use of Untimely*
*Disclosed Expert Opinions of Ira Holt and Charles D.*
*Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                              ii

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

<u>Palmer v. Asarco Inc.</u>, No. 03-CV-0498-CVE-PJC, 2007 WL 2254343 (N.D.
   Okla. Aug. 3, 2007)..................................................................................................9

<u>Pluck v. BP Oil Pipeline Co.</u>, 640 F.3d 671 (6th Cir. 2011) ...................................9

<u>Plumley v. Mockett</u>, No. CV 04-2868-GHK (Ex), 2010 WL 8160423 (C.D. Cal.
   May 26, 2010).............................................................................................. passim

<u>Quevedo v. Trans-Pac. Shipping, Inc.</u>, 143 F.3d 1255 (9th Cir.1998) .............................12

<u>S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.</u>, 318 F.3d 592 (4th Cir.
   2003) ...........................................................................................................7, 10

<u>Salgado by Salgado v. Gen. Motors Corp.</u>, 150 F.3d 735 (7th Cir. 1998) ........................11

<u>Shaba v. United States</u>, No. 07cv738-WQH-CAB, 2009 WL 482350 (S.D. Cal.
   Feb. 23, 2009) .........................................................................................................8

<u>Wong v. Regents of the Univ. of Cal.</u>, 410 F.3d 1052 (9th Cir. 2005)............................10

<u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101 (9th Cir. 2001)..............6, 7

**Statutes & Rules**

Fed. R. Civ. P. 26 ....................................................................................... passim

Fed. R. Civ. P. 37(c) .................................................................................... passim

*Defendants' Motion To Preclude Use of Untimely
Disclosed Expert Opinions of Ira Holt and Charles D.
Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                        iii

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

**EXPLANATION OF CITATION FORMS**

2

The following citation forms are used in this memorandum:

3

4

- "Jackson Decl." for references to the Declaration of Nicholas A. Jackson, dated June 7, 2012, and documents attached as exhibits thereto.

5

6

7

- "Cowan Report" for references to the Expert Report of Plaintiffs' proposed expert, Dr. Charles D. Cowan, dated March 2, 2012, previously submitted as Exhibit 1 to the April 25, 2012 Declaration of J. Wesley Earnhardt (Dkt. 407).

8

9

10

- "Cowan Decl." for references to the Daubert Motion Declaration of Charles D. Cowan, dated May 25, 2012, previously submitted by Plaintiffs as Exhibit 2 to the May 25, 2012 Declaration of Daniel B. Rehns (Dkt. 425).

11

12

- "Holt Report" for references to the Expert Report of Plaintiffs' proposed expert, Ira Holt, dated March 2, 2012, previously submitted as Exhibit 2 to the April 25, 2012 Declaration of J. Wesley Earnhardt (Dkt. 407).

13

14

15

- "5/11/12 Holt Decl." for references to the Summary Judgment Motion Declaration of Ira Holt, dated May 11, 2012, previously submitted by Plaintiffs as Exhibit 11 to the May 11, 2012 Declaration of John T. Jasnoch (Dkt. 415).

16

17

- "5/25/12 Holt Decl." for references to the Daubert Motion Declaration of Ira Holt, dated May 25, 2012, previously submitted by Plaintiffs as Exhibit 1 to the May 25, 2012 Declaration of Daniel B. Rehns (Dkt. 425).

18

19

20

- "Ostendorf Report" for references to the Expert Report of Defendants' proposed expert, George Ostendorf, dated March 30, 2012, previously submitted as Exhibit 3 to the April 25, 2012 Declaration of J. Wesley Earnhardt (Dkt. 407).

21

22

- "12/19/11 Transcript" for references to the Official Transcript of Telephone Conference held on December 19, 2011, before Judge Marsha J. Pechman (Dkt. 361).

23

24

25

*Defendants' Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                                         iv

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

Defendants respectfully submit this motion pursuant to Federal Rule of

2 Civil Procedure 37(c)(1) to preclude Plaintiffs from offering any opinion or testimony

3 from Ira Holt or Charles D. Cowan on any motion, hearing or at trial that is premised on a

4 review of any loans other than the 424 loans discussed in their expert reports dated March

5 2, 2012. The relief Defendants seek in this motion is alternative to the relief sought in

6 Defendants' Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and

7 Ira Holt (Dkt. 406). If the Court grants Defendants' <u>Daubert</u> motion and excludes the

8 testimony of Dr. Cowan and Mr. Holt in its entirety, the instant motion will be moot.

9

## INTRODUCTION

10

On March 2, 2012, Plaintiffs served the Expert Report of Ira Holt, which

11 purported to assess whether certain loans underlying the securitizations at issue complied

12 with Washington Mutual Bank's ("WMB") underwriting guidelines. Though Plaintiffs'

13 purported statistical sampling expert, Dr. Cowan, originally selected a sample of 2,387

14 loans for Mr. Holt to review (from the over 14,000 loans underlying the securitizations),

15 Mr. Holt's March 2 expert report offered his opinions as to only 424 of those loans.

16 (Holt Report at 1-2.)

17

On May 25, 2012, months after the deadline for expert reports and

18 rebuttals had passed, Plaintiffs attempted for the first time to offer Mr. Holt's opinions

19 about <u>an additional 1,027 loans</u>—more than double the number of loans that were the

20 subject of Mr. Holt's timely filed expert report—and purportedly the result of an

21 additional 3,437.55 hours of work by Mr. Holt and his team. (5/25/12 Holt Decl. at 1.)

22 Worse yet, Plaintiffs have not provided Defendants any disclosure whatsoever of the

23 basis for Mr. Holt's new opinions, or even identified which loans Mr. Holt reviewed and

24 which ones he believed were "materially defective." (Jackson Decl. ¶ 2.)

25

*Defendants' Motion To Preclude Use of Untimely*
*Disclosed Expert Opinions of Ira Holt and Charles D.*
*Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)               1

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1            Plaintiffs' attempt to submit new expert opinions well after the deadline

2 for expert disclosures violates Fed. R. Civ. P. 26(a)(2)(B) and the Court's scheduling

3 order.  This is not the first time Plaintiffs have attempted to make untimely disclosures to

4 Defendants' detriment.  (<u>See</u> Defendants' Motion to Preclude Use of Untimely Disclosed

5 Witnesses (Dkt. 428).)  If permitted, Plaintiffs' untimely expert disclosure will prejudice

6 Defendants, who will be forced to review and rebut as many as 1,963 new and distinct

7 expert opinions—if and when Plaintiffs actually disclose them—that Plaintiffs have thus

8 far taken three months to develop.  Indeed, at his current pace, Mr. Holt will not complete

9 his additional review until late August/early September, over five months after the expert

10 disclosure deadline and virtually on the eve of trial.  During this time, the parties must

11 prepare for thirteen expert depositions and related <u>Daubert</u> challenges, pretrial motions,

12 and a complex trial.  Plaintiffs' untimely disclosure will cause substantial disruption to

13 the Court's and the parties' schedules.

14            Moreover, the situation is of Plaintiffs' own making.  They have had

15 access to the loan files that Mr. Holt is reviewing since September 2011, well before the

16 expert report deadline.  In December 2011, they told the Court they were planning to re-

17 underwrite nearly 2,500 loans.  But, according to information produced with Mr. Holt's

18 expert report, his team apparently did not begin reviewing those files until the beginning

19 of February 2012, less than one month before the deadline for expert disclosures.  The

20 Court already determined that the discovery schedule provided adequate time for

21 Plaintiffs to review the document production in this case in connection with Plaintiffs'

22 effort to extend the fact discovery cutoff, which deadline came over a full month before

23 the expert disclosure deadlines (and thus represented an even tighter schedule for the

24 parties).  Plaintiffs' lack of diligence should not be rewarded.

25

*Defendants' Motion To Preclude Use of Untimely
Disclosed Expert Opinions of Ira Holt and Charles D.
Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)          2

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1      Accordingly, Mr. Holt's and Dr. Cowan's untimely disclosed expert

2  opinions should be excluded under Fed. R. Civ. P. 37(c)(1) and Ninth Circuit caselaw.

3  Specifically, should Mr. Holt and Dr. Cowan be permitted to testify at all, Plaintiffs

4  should be precluded from offering on any motion, hearing or at trial, any opinion or

5  testimony from Mr. Holt or Dr. Cowan that is premised on anything other than the 424

6  loans discussed in their expert reports dated March 2, 2012.

7                          **BACKGROUND**

8      This litigation has been pending for over three years.  Discovery

9  commenced on October 25, 2010.  (Dkt. 203.)  The files for the loans underlying the

10  securitizations at issue, which were the primary subject of Mr. Holt's review, were

11  produced to Plaintiffs by non-party WMB in electronic form between July 25 and

12  September 10, 2011.  (Jackson Decl. Exs. 1-2.)  The underwriting guidelines applicable

13  to those loans were produced on September 6, 2011.  (Jackson Decl. Ex. 3.)  A largely

14  duplicative set of hard copy loan files was made available to Plaintiffs on September 12,

15  2011.  (Decl. of Anne L. Box in Support of Plaintiffs' Expedited Motion to Amend

16  Scheduling Order, Ex. A (Dkt. 352-1).)  Despite having access to the loan files for

17  approximately six months prior to submitting expert reports, the filenames and other

18  metadata of the backup files produced with Mr. Holt's report indicate that his team did

19  not commence its review of the loan files until early February 2012, less than one month

20  before his report was to be submitted.  (Jackson Decl. ¶ 3-4.)

21      Plaintiffs served Mr. Holt's and Dr. Cowan's expert reports on March 2,

22  2012.[1]  Dr. Cowan's report took Mr. Holt's opinions about the 424 loans he reviewed and

23

24  _____
[1] The Court's scheduling order provided for the exchange of initial expert reports on February 28, 2012 and rebuttal reports on March 27, 2012.  (Dkt. 335.)  Plaintiffs requested and Defendants agreed to extend those dates to March 2 and March 30, 2012, respectively, which had no impact on the deadlines for any Court filings.  (Jackson Decl. ¶ 5.)

*Defendants' Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                   3

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  purported to extrapolate them to the broader universe of loans.  (Cowan Report at 10.)

2  Despite the requirement of Fed. R. Civ. P. 26(a)(2)(B) that a party disclose the basis for

3  its experts' opinions and the facts and data considered in forming those opinions, it was

4  not until March 13, 2012, after repeated requests from Defendants, that Plaintiffs finished

5  producing the backup data from Mr. Holt's review.  (Jackson Decl. Ex. 4.)  That data

6  consisted of a master spreadsheet that contained, for each of the 424 loans, Mr. Holt's

7  team's responses to a 120-question survey about the loans, including identification of the

8  specific claimed deficiencies associated with some of the loans.  (Ostendorf Report ¶

9  110.)  The backup data also included individual worksheets containing the calculations

10  Mr. Holt's team performed in evaluating each of the 424 loans.  (Id. ¶ 116.)

11          Defendants' underwriting expert, George Ostendorf, along with a team of

12  re-underwriters, reviewed the relevant loan files, applicable underwriting guidelines and

13  Mr. Holt's backup data to respond to each of the claimed deficiencies in the 178 loans

14  that Mr. Holt deemed "materially defective."  (Id. ¶ 111-16.)  On March 30, 2012,

15  Defendants served Mr. Ostendorf's expert report, which responded to Mr. Holt's

16  assertions about the reviewed loans and demonstrated that the vast majority of Mr. Holt's

17  claimed deficiencies were without merit.  (Id. ¶ 22.)

18          Expert discovery closed on April 3, 2012.  (Dkt. 335.)[2]  Defendants filed a

19  Motion for Summary Judgment on April 13, 2012.  (Dkt. 383.)  Among other things, the

20  motion explained why Mr. Holt's and Dr. Cowan's opinions did not create a triable issue

21  of fact as to whether WMB abandoned its underwriting guidelines.  Defendants also

22  requested that Mr. Holt's opinion be stricken from consideration on the motion for

23  summary judgment for reasons to be stated in a then-forthcoming Daubert motion.  (Id. at

24

25  [2] By agreement, the parties agreed to proceed with most of their experts' depositions during June 2012, with no impact to any filing dates in the Court's scheduling order.

*Defendants' Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                              4

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

40-41.)  On May 11, 2012, Plaintiffs filed their summary judgment opposition.  (Dkt. 414.)  Plaintiffs' brief was accompanied by a new declaration from Mr. Holt that mentioned his review of additional loans for purposes of reporting certain purported factual information about the documentation programs under which those loans were issued, but did not offer any new opinions about whether those loans complied with WMB's underwriting guidelines.  (5/11/12 Holt Decl. at 1.)

On April 25, 2012, Defendants filed a Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt.  (Dkt. 406.)  Defendants argued, among other things, that due to errors in Dr. Cowan's selection methodology for the 2,387-loan sample and in Mr. Holt's selection of 424 loans from that sample, Mr. Holt's conclusions could not be extrapolated beyond the 424 loans he reviewed.

On May 25, 2012, Plaintiffs filed their opposition to that motion.  (Dkt. 424.)  Their brief was accompanied by new declarations from Dr. Cowan and Mr. Holt in which they attempted for the first time to opine on an additional 1,027 loans from Dr. Cowan's sample, purportedly the result of 3,437.55 more hours of work by Mr. Holt and his team <u>after</u> the submission of his expert report.  (Cowan Decl. at 2, 17-18; 5/25/12 Holt Decl. at 1.)  That effort appears to be part of an ongoing attempt by Plaintiffs to avoid the consequences of Mr. Holt's flawed selection methodology by reviewing all of Dr. Cowan's 2,387-loan sample.  At their current pace, that process would not be completed until late August/early September—virtually the eve of trial.

Plaintiffs have not yet disclosed any information regarding the bases of Mr. Holt's opinions regarding those 1,027 loans.  (Jackson Decl. ¶ 2.)  As such, Defendants have no way to know which loans he has reviewed, which loans he has deemed "materially defective," what the claimed defects are or why Mr. Holt believes they are defective—depriving Defendants of the ability to respond to Mr. Holt's untimely

*Defendants' Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)* (CV09-037 MJP)          5

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

assertions.  Disclosure now—much less disclosure made closer to trial when Plaintiffs presumably will complete their re-underwriting process—cannot cure the prejudice that this late disclosure already has caused Defendants.

## ARGUMENT

### I.    **Legal Standard.**

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony.  Expert witnesses must provide a report that includes "a complete statement of **all opinions** the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added).  "A party must make these disclosures at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  "Rule 26 disclosures are often the <u>centerpiece</u> of discovery in litigation that uses expert witnesses."  <u>Carr v. Deeds</u>, 453 F.3d 593, 604 (4th Cir. 2006).

Rule 37(c)(1) "gives teeth to these requirements" by forbidding the use of any information not properly disclosed under Rule 26(a) on a motion, at a hearing, or at trial.  <u>Hoffman v. Constr. Prot. Servs., Inc.</u>, 541 F.3d 1175, 1179 (9th Cir. 2008) (citing <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001)).  Rule 37(c)'s exclusion of untimely disclosed evidence is an "automatic sanction" that "provides a strong inducement for disclosure."  <u>Yeti by Molly</u>, 259 F.3d at 1106 (quoting Fed. R. Civ. P. 37(c) Advisory Committee Note (1993)).

Rule 37(c)(1) "excludes untimely expert witness testimony, unless the '[party's] failure to disclose the required information is substantially justified or harmless.'"  <u>Plumley v. Mockett</u>, No. CV 04-2868-GHK (Ex), 2010 WL 8160423, at *1 (C.D. Cal. May 26, 2010) (quoting <u>Yeti by Molly</u>, 259 F.3d at 1106).  The burden of establishing either exception is on the party facing the sanction.  <u>Yeti by Molly</u>, 259 F.3d at 1107.  In the Ninth Circuit, a showing of bad faith is not required before imposing

*Defendants' Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)* (CV09-037 MJP)                6

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

sanctions under Rule 37(c).  Oracle USA, Inc. v. SAP AG, 264 F.R.D. 541, 545 (N.D. Cal. 2009) (citing Yeti by Molly, 259 F.3d at 1106); see also S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003) ("[E]xcluding evidence only when the nondisclosing party acted in bad faith would undermine the basic purpose of Rule 37(c)(1): preventing surprise and prejudice to the opposing party . . . .").

Rule 26(e) provides a limited ability to supplement expert disclosures, but only to "permit[] a party to correct inadvertent errors or omissions."  Gallagher v. S. Source Packaging, LLC, 568 F. Supp. 2d 624, 630 (E.D.N.C. 2008).  The supplementation rule does not narrow a party's obligation to disclose all of an expert's opinions in the initial Rule 26(a)(2) report.  The rule cannot be used to bolster an earlier disclosure with "a new and improved expert report", id. at 31, or "to sandbag one's opponent with claims and issues which should have been included in the expert witness' report", Plumley, 2010 WL 8160423, at *2.  Allowing "a party to introduce new opinions after the disclosure deadline under the guise of a supplement . . . would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports."  Id.

When a party cannot establish that its failure to timely disclose an opinion in its expert report was substantially justified or harmless, courts in the Ninth Circuit routinely exclude those new opinions.  See, e.g., Bess v. Cate, 422 F. App'x 569, 571-72 (9th Cir. 2011) (affirming exclusion of new expert opinion which "exceeded the scope of the expert's report in violation of Federal Rule of Civil Procedure 26(a)(2)(B)"); Plumley, 2010 WL 8160423, at *2-3 (excluding new expert opinion submitted months after the expert disclosure deadline and close of discovery); Hansen Beverage Co. v. Vital Pharm., Inc., No. 08-CV-1545-IEG (POR), 2010 WL 3069690, at *2 (S.D. Cal. Aug. 3, 2010) (excluding new expert opinions not previously disclosed in report); Shaba

*Defendants' Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                                        7

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

v. United States, No. 07cv738-WQH-CAB, 2009 WL 482350, at *4-5 (S.D. Cal. Feb. 23, 2009) (holding same, where discovery and scheduling order deadlines had passed); Luke v. Emergency Rooms, P.S., No. C04-5759 FDB, 2008 WL 410672, at *3-4 (W.D. Wash. Feb. 12, 2008) aff'd sub nom. Luke v. Family Care & Urgent Med. Clinics, 323 F. App'x 496 (9th Cir. 2009) (same); Ass'n of Christian Sch. Int'l v. Stearns, 678 F. Supp. 2d 980, 987 (C.D. Cal. 2008) aff'd, 362 F. App'x 640 (9th Cir. 2010) (holding same, even though trial date had not yet been set); Cecala v. Newman, 532 F. Supp. 2d 1118, 1156-57 (D. Ariz. 2007) aff'd, 379 F. App'x 584 (9th Cir. 2010) (excluding new expert opinion disclosed two and a half months after expert disclosure deadline); O'Connor v. Boeing N. Am., Inc., No. CV 97-1554 DT (RCx), 2005 WL 6035243, at *7 (C.D. Cal. Sept. 12, 2005) (holding same, where opinions were disclosed two months after close of expert discovery and less than two months before trial).

## II.   Mr. Holt's and Dr. Cowan's Untimely Disclosed Opinions Should Be Excluded Under Rule 37(c)(1).

### A.   The New Opinions Are Not Timely.

The deadline for expert reports was March 2, 2012.  (Jackson Decl. ¶ 5.) Rule 26(a)(2) required Plaintiffs to disclose a "complete statement of all [Mr. Holt's and Dr. Cowan's] opinions" by that deadline. Fed. R. Civ. P. 26(a)(2)(B)(i).  In his March 2 report and accompanying disclosures, Mr. Holt opined only upon 424 loans, and Dr. Cowan's purported extrapolation was premised solely on that review.  (Holt Report at 1; Cowan Report at 10.)  Responding to Mr. Holt's opinions required a detailed, highly fact-specific review of the voluminous loan files and the guidelines applicable to the particular loan product at issue in each file in order to assess Mr. Holt's claimed deficiencies and make the ultimate determination whether each loan substantially complied with WMB's underwriting guidelines.  (Ostendorf Report ¶ 111-18.)  Because

*Defendants' Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)* (CV09-037 MJP)                    8

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Mr. Holt's opinions with regard to the 1,963 loans outside his initial sample were not included in his March 2 report, any opinions about those loans are untimely.

"Supplementation under [Rule 26] means correcting inaccuracies, or filling the interstices of an incomplete report <u>based on information that was not available at the time of the initial disclosure</u>." <u>O'Connor</u>, 2005 WL 6035243, at *9 (emphasis and alteration in original). By contrast, "a supplemental report that states additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)." <u>Plumley</u>, 2010 WL 8160423, at *2; <u>O'Connor</u>, 2005 WL 6035243, at *8 ("Filing a supplemental report does not permit a party to promulgate new and different opinions on the eve of trial."). Untimely supplementation of "questionable expert testimony" following a <u>Daubert</u> challenge is a particularly inappropriate use of Rule 26(e). <u>Palmer v. Asarco Inc.</u>, No. 03-CV-0498-CVE-PJC, 2007 WL 2254343, at *4 (N.D. Okla. Aug. 3, 2007); <u>Pluck v. BP Oil Pipeline Co.</u>, 640 F.3d 671, 681 (6th Cir. 2011) (excluding supplemental report that "serve[d] as a transparent attempt to reopen the Daubert inquiry after the weaknesses in the expert's prior testimony have been revealed").

Because Mr. Holt's new opinions regarding additional loans outside of the initial 424 are not based on new information that was unavailable at the time of his expert report, those opinions (and any attempted extrapolation based on those opinions) should be excluded. <u>Plumley</u>, 2010 WL 8160423, at *2.

   B.  <u>Plaintiffs' Untimely Disclosures Are Not Harmless.</u>

If Plaintiffs are permitted to offer untimely expert opinions regarding up to 1,963 additional loans—a process they may not complete until the eve of trial—Defendants will be forced to spend thousands of hours to review at least hundreds of additional loan files to respond to Mr. Holt's claimed deficiencies (assuming that at some

---

*Defendants' Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)     9

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  point Plaintiffs even provide Defendants with the backup data necessary to perform such

2  review), at a time when the Court's scheduling order provides that Defendants should be

3  preparing for the September 17, 2012, trial date.  Exclusion is the only proper remedy

4  when allowing the untimely disclosure would force the Court to choose between forcing

5  defendants to go to trial without adequate preparation or to reopen discovery and

6  substantially disrupt the schedule.  See Macaulay v. Anas, 321 F.3d 45, 52-53 (1st Cir.

7  2003); see also Hoffman, 541 F.3d 1175, 1180 (9th Cir. 2008); Wong v. Regents of the

8  Univ. of Cal., 410 F.3d 1052, 1060-62 (9th Cir. 2005); Alvarado v. FedEx Corp., No. C

9  04-0098 SI, 2006 WL 1761276, at *4 (N.D. Cal. June 27, 2006) ("[T]he Court does not

10  have resources to spare in order to manage cases in which counsel create foreseeable

11  delay through violation of the rules.").  And impairing Defendants' ability to prepare an

12  effective expert rebuttal is not harmless.  S. States Rack & Fixture, 318 F.3d at 598

13  ("[R]ules of expert disclosure are designed to allow an opponent to examine an expert

14  opinion for flaws and to develop counter-testimony through that party's own experts");

15  Ass'n of Christian Sch., 678 F. Supp. 2d at 987 (opponent's inability to rebut untimely

16  opinions after the end of discovery not harmless); Lindner v. Meadow Gold Dairies, Inc.,

17  249 F.R.D. 625, 641-42 (D. Haw. 2008) (discovery violations which led to possibility of

18  additional rounds of expert disclosures and case delays not harmless).

19         The harm to Defendants is magnified, and increases every day, by

20  Plaintiffs' failure to disclose the basis for the new opinions.  The practical effect of that

21  tactic is that Plaintiffs have given themselves a three-month head start that cannot be

22  recovered even if they now disclose the backup for Mr. Holt's new opinions to

23  Defendants, as they are indisputably required to do under Rule 26(a)(2)(B).

24

25

*Defendants' Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                    10

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C.     Plaintiffs Lack Substantial Justification For Their Untimely Disclosures.

"[A] continuing responsibility rests on parties to investigate their causes of action."  Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188, 196 (1st Cir. 2006) (affirming no substantial justification for late expert disclosure where plaintiff delayed investigating until late in the case).  Therefore, late supplementation of expert testimony is not substantially justified when the new opinions are based on information available to the expert at the time of his initial report.  See O'Connor, 2005 WL 6035243, at *7, 9 (permitting supplements based on previously available information "would essentially allow for the unlimited bolstering of expert opinions") (emphasis in original); Lindner, 249 F.R.D. at 638 (excluding additional testing to supplement and confirm conclusions of earlier tests because new testing could have been done in a timely fashion and included in the initial expert report); Salgado by Salgado v. Gen. Motors Corp., 150 F.3d 735, 743 (7th Cir. 1998) (improper to untimely supplement expert report with information readily available prior to court-ordered discovery deadlines).

Mr. Holt's and Dr. Cowan's untimely new opinions are not based on new evidence.  Plaintiffs have had the relevant loan files since September 2011.  (Jackson Decl. Exs. 1-2.)  In fact, in December 2011, Plaintiffs' openly acknowledged to the Court their plan to re-underwrite "about 2,500 loan files."  (12/19/11 Transcript at 3, 15.) However, they apparently did not start reviewing the loan files until February 2012. (Jackson Decl. ¶ 3-4.)  Had Plaintiffs commenced that review earlier, they might have completed it on time.

The Court already has considered the volume of documents (including loan files) produced in this case and determined that the discovery schedule gave Plaintiffs sufficient time to review them.  (Dkt. 362 at 2-3.)  Rejecting Plaintiffs' request for a 76-day extension to the fact discovery deadline, the "Court [did] not find a clear

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

record of diligence" by Plaintiffs and permitted only a short extension agreed to by

Defendants.  (Id. at 2.)  Given that ruling, Plaintiffs cannot now reasonably argue that the

burden of reviewing documents they have had since September 2011 substantially

justifies their failure to comply with the Court's scheduling order.  Moreover, Plaintiffs

have never raised any concern about their ability to comply with the expert discovery

schedule, either in connection with their request for an extension of the fact discovery

deadline or at any other time.  Their choice to unilaterally submit new expert declarations

only after Defendants pointed out flaws in their analysis rather than timely seeking

scheduling relief from the Court is an independent ground for exclusion.  See Quevedo v.

Trans-Pac. Shipping, Inc., 143 F.3d 1255, 1258 (9th Cir.1998) (refusing to consider late-

filed expert report where plaintiff could have asked for an extension of time); In re

Viagra Prods. Liab. Litig., 658 F. Supp. 2d 936, 947 (D. Minn. 2009) ("A party's

untimely disclosure is not substantially justified when the party was aware of the need for

a late disclosure but failed to move for an extension of the deadline."); AT & T Wireless

Servs. of Cal. LLC v. City of Carlsbad, No. 01cv2045-JM(LAB), 2002 WL 34537564, at

*8 (S.D. Cal. Nov. 7, 2002) (same).

## CONCLUSION

For the foregoing reasons, and on the basis of the authorities cited,

Defendants respectfully request that the Court preclude Plaintiffs from offering any

opinion or testimony from Mr. Holt or Dr. Cowan on any motion, hearing or at trial that

is premised on a review of any loans other than the 424 loans discussed in their expert

reports dated March 2, 2012.  To the extent the Court grants Defendants' Motion to

Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt (Dkt. 406)

and excludes the testimony of Mr. Holt and Dr. Cowan in their entirety, there is no need

for the Court to decide the instant motion.

*Defendants' Motion To Preclude Use of Untimely
Disclosed Expert Opinions of Ira Holt and Charles D.
Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                         12

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  DATED this 7th day of June, 2012.

2

3                                          **HILLIS CLARK MARTIN & PETERSON, P.S.**
                                           By:  /s/ Louis D. Peterson
4                                          Louis D. Peterson, WSBA #5776
                                           Brian C. Free, WSBA #35788
5                                          1221 Second Avenue, Suite 500
                                           Seattle, WA 98101-2925
6                                          Telephone: (206) 623-1745
                                           Facsimile: (206) 623-7789
7                                          Email: ldp@hcmp.com
                                                   bcf@hcmp.com
8

9                                          **BINGHAM MCCUTCHEN LLP**
                                           **By:**  */s/ John D. Pernick*
10                                         David M. Balabanian (admitted *pro hac vice*)
                                           John D. Pernick (admitted *pro hac vice*)
11                                         Frank Busch (admitted *pro hac vice*)
                                           Three Embarcadero Center
12                                         San Francisco, CA 94111-4067
                                           Telephone: (415) 393-2000
13                                         Facsimile: (415) 393-2286
                                           Email:  david.balabanian@bingham.com
14                                                   john.pernick@bingham.com
                                                     frank.busch@bingham.com
15
                                           *Attorneys for Defendants WaMu Asset*
16                                         *Acceptance Corp., WaMu Capital Corp.,*
                                           *David Beck, Richard Careaga, Rolland*
17                                         *Jurgens, and Diane Novak*

18

19

20

21

22

23

24

25

*Defendants' Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                      13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**CRAVATH, SWAINE & MOORE LLP**
**By:** */s/ Michael A. Paskin*
Evan R. Chesler (admitted *pro hac vice*)
Thomas G. Rafferty (admitted *pro hac vice*)
Daniel Slifkin (admitted *pro hac vice*)
Michael A. Paskin (admitted *pro hac vice*)
Wes Earnhardt (admitted *pro hac vice*)
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
Email:  echesler@cravath.com;
       trafferty@cravath.com;
       dslifkin@cravath.com;
       mpaskin@cravath.com;
       wearnhardt@cravath.com

*Attorneys for Defendants WaMu Asset*
*Acceptance Corp. and WaMu Capital Corp.*

*Defendants' Motion To Preclude Use of Untimely*
*Disclosed Expert Opinions of Ira Holt and Charles D.*
*Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)           14

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of June, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam Zurofsky azurofsky@cahill.com

Amanda F. Lawrence alawrence@scott-scott.com

Anne L. Box abox@scott-scott.com

Barry Robert Ostrager bostrager@stblaw.com, managingclerk@stblaw.com

Bradley T. Meissner bradley.meissner@dlapiper.com

Brian O. O'Mara bo'mara@rgrdlaw.com, e_file_sd@rgrdlaw.com

Christopher E Lometti clometti@cohenmilstein.com

Daniel B Rehns drehns@cohenmilstein.com, efilings@cohenmilstein.com

Darren J Robbins e_file_sd@csgrr.com

David Daniel Hoff dhoff@tousley.com, efile@tousley.com

Douglas C McDermott doug@mcdermottnewman.com, eric@mcdermottnewman.com

Daniel Slifkin dslifkin@cravath.com

Edward C. Signaigo esignaigo@scott-scott.com

Evan R. Chesler echesler@cravath.com

Floyd Abrams fabrams@cahill.com

Gavin Williams Skok gskok@riddellwilliams.com, jsherred@riddellwilliams.com, lmoore@riddellwilliams.com

Geoffrey M Johnson gjohnson@scott-scott.com, efile@scott-scott.com

Hal D Cunningham hcunningham@scott-scott.com, efile@scott-scott.com, halcunningham@gmail.com

Hector J. Valdes hvaldes@cravath.com

*Certificate of Service*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   Hollis Lee Salzman (Terminated) hsalzman@labaton.com,

2        ElectronicCaseFiling@labaton.com

3   James J. Coster jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

4   Janissa Ann Strabuk jstrabuk@tousley.com, lrolling@tousley.com,

5        wcruz@tousley.com

6   Jason T Jasnoch jjasnoch@scott-scott.com, efile@scott-scott.com

7   Jesse M. Weiss jweiss@cravath.com

8   Joel P Laitman jlaitman@cohenmilstein.com

9   John D Lowery jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com

10  John D. Pernick john.pernick@bingham.com

11  John T. Jasnoch jjasnoch@scott-scott.com

12  Jonathan Gardner jgardner@labaton.com

13  Joseph P Guglielmo jguglielmo@scott-scott.com, efile@scott-scott.com

14  Joseph A. Fonti (Terminated) jfonti@labaton.com, ElectronicCaseFiling@labaton.com

15  Joshua M. Rubins jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

16  Joshua S. Devore jdevore@cohenmilstein.com, efilings@cohenmilstein.com

17  Julie Goldsmith Reiser jreiser@cohenmilstein.com

18  Julie Hwang (Terminated) jhwang@labaton.com, ElectronicCaseFiling@labaton.com

19  J. Wesley Earnhardt wearnhardt@cravath.com

20  Kenneth J Pfaehler kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com

21  Kenneth M Rehns krehns@cohenmilstein.com

22  Kerry F Cunningham kerry.cunningham@dlapiper.com

23  Kevin P Chavous kchavous@sonnenschein.com

24  Kim D Stephens kstephens@tousley.com, cbonifaci@tousley.com,

25        lrolling@tousley.com, wcruz@tousley.com

*Certificate of Service*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   Larry Steven Gangnes gangnesl@lanepowell.com, docketingsea@lanepowell.com,

2        donnellyjossm@lanepowell.com, sebringl@lanepowell.com

3   Leslie D Davis ldavis@sonnenschein.com

4   Mary Kay Vyskocil mvyskocil@stblaw.com

5   Matthew B. Kaplan mkaplan@cohenmilstein.com, efilings@cohenmilstein.com

6   Michael A. Paskin mpaskin@cravath.com

7   Michael H. Barr mbarr@sonnenschein.com

8   Nancy A Pacharzina (Terminated) npacharzina@tousley.com, mhottman@tousley.com

9   Paul Scarlato pscarlato@labaton.com, ElectronicCaseFiling@labaton.com

10  Paul Joseph Kundtz pkundtz@riddellwilliams.com, mbergquam@riddellwilliams.com,

11       mdowns@riddellwilliams.com

12  Richard A Speirs rspeirs@cohenmilstein.com

13  Richard F Hans richard.hans@dlapiper.com, dorinda.castro@dlapiper.com

14  Robert D Stewart stewart@kiplinglawgroup.com

15  Rogelio Omar Riojas omar.riojas@dlapiper.com, karen.hansen@dlapiper.com,

16       nina.marie@dlapiper.com

17  Ryan Wagenleitner rwagenleitner@scott-scott.com

18  S Douglas Bunch dbunch@cohenmilstein.com

19  Serena Rich ardson (Terminated) srichardson@labaton.com,

20       ElectronicCaseFiling@labaton.com

21  Stellman Keehnel stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com

22  Stephen M. Rummage steverummage@dwt.com, jeannecadley@dwt.com,

23       seadocket@dwt.com

24  Steve W. Berman steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

25  Steven J Toll stoll@cohenmilstein.com, efilings@cohenmilstein.com

Steven P Caplow stevencaplow@dwt.com, jasonSchattenkerk@dwt.com,

*Certificate of Service*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1    patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com

2    Steven W Fogg sfogg@corrcronin.com, hpowell@corrcronin.com,

3    reception@corrcronin.com

4    Susan L. Hoffman susan.hoffman@bingham.com

5    Tammy Roy troy@cahill.com

6    Thomas G. Rafferty trafferty@cravath.com

7    Timothy Michael Moran moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com

8    Walter W. Noss wnoss@scott-scott.com, efile@scott-scott.com

9    DATED this 7th day of June, 2012 at Seattle, Washington.

10                                   By:  /s/ Louis D. Peterson
                                     Louis D. Peterson, WSBA #5776
11                                   1221 Second Avenue, Suite 500
                                     Seattle, WA 98101-2925
12                                   Telephone: (206) 623-1745
                                     Facsimile: (206) 623-7789
13                                   Email: ldp@hcmp.com

*Certificate of Service*
(CV09-037 MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789