The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION,<br><br>This Document Relates to:  ALL CASES | MASTER CASE NO. C09-037 MJP<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO EXCLUDE THE PROFFERED EXPERT TESTIMONY OF CHARLES D. COWAN AND IRA HOLT**<br><br>NOTED ON MOTION CALENDAR:<br>May 11, 2012<br><br>ORAL ARGUMENT REQUESTED |

Defendants' Reply in Further Support of Their Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

EXPLANATION OF CITATION FORMS ......................................................................... iii

I.   Dr. Cowan's Sampling Methodology is Flawed. ........................................................1

II.  Mr. Holt's Non-Random Selection of 424 Loans from Dr. Cowan's Initial
     Sample Is Flawed. .......................................................................................................3

III. Plaintiffs Cannot Cure Either Error By Reviewing the Remainder of Dr.
     Cowan's Sample. .........................................................................................................7

IV.  Mr. Holt Did Not Properly Apply WMB's Underwriting Guidelines. .......................8

CONCLUSION......................................................................................................................9

Defendants' Reply in Further Support of Their Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt
(CV09-037 MJP)

i

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Acosta v. Electrolux N. Am., No. 08-60213, 2008 WL 5246160 (S.D. Fla. Dec. 16, 2008) ..........8

Certified Eng'g Copier Sys., Inc. v. Nat'l City Commercial Capital Co. LLC., No. 2:07-CV-293 TS, 2009 WL 1324047 (D. Utah May 11, 2009) ..........3, 4

Chavez v. IBP, Inc., No. CV-01-5093-RHW, 2004 WL 5520002 (E.D. Wash. Dec. 8, 2004) ..........3

Claar v. Burlington N. R. R. Co., 29 F.3d 499 (9th Cir. 1994) ..........8

Many Cultures, One Message v. Clements, No. 10-CV-05253, 2011 WL 5515515 (W.D. Wash. Nov. 8, 2011) ..........4

MBIA Ins. Corp. v. Countrywide Home Loans, Inc., No. 602825/08, 2010 WL 5186702 (N.Y. Sup. Ct. Dec. 22, 2010) ..........2, 3

Radaszewski v. Maram, No. 01 C 9551, 2008 U.S. Dist. LEXIS 24923 (N.D. Ill. Mar. 26, 2008) ..........3

R.C. Olmstead, Inc. v. CU Interface, LLC, 606 F.3d 262 (6th Cir. 2010) ..........4

Recreational Devs. of Phoenix, Inc. v. City of Phoenix, 220 F. Supp. 2d 1054 (D. Ariz. 2002). ..........5

S. States Rack And Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592 (4th Cir. 2003) ..........7

Syncora Guarantee Inc. v. EMC Mortgage Corp., No. 09 Civ. 3106 (PAC), 2011 U.S. Dist. LEXIS 31305 (S.D.N.Y. Mar. 25, 2011) ..........3

U.S. v. W.R. Grace, 455 F. Supp. 2d 1181 (D. Mont. 2006) ..........4

**Statutes & Rules**

Fed. R. Civ. P. 26(a)(2)(B) ..........8

Fed. R. Evid. 403 ..........5

Fed. R. Evid. 702 ..........1, 5

Defendants' Reply in Further Support of Their Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt
(CV09-037 MJP)                    ii

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**EXPLANATION OF CITATION FORMS**

The following citation forms are used in this memorandum:

- "Defs. Br." for references to Defendants' Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt, dated April 25, 2012 (Dkt. 406).

- "Pls. Br." for references to Plaintiffs' Opposition to Defendants' Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt, dated May 25, 2012 (Dkt. 424).

- "Cowan Report" for references to the Expert Report of Plaintiffs' proposed expert, Dr. Charles D. Cowan, dated March 2, 2012, previously submitted as Exhibit 1 to the April 25, 2012 Declaration of J. Wesley Earnhardt (Dkt. 407).

- "Cowan Decl." for references to the Daubert Motion Declaration of Charles D. Cowan, dated May 25, 2012, previously submitted by Plaintiffs as Exhibit 2 to the May 25, 2012 Declaration of Daniel B. Rehns (Dkt. 425).

- "Holt Report" for references to the Expert Report of Plaintiffs' proposed expert, Ira Holt, dated March 2, 2012, previously submitted as Exhibit 2 to the April 25, 2012 Declaration of J. Wesley Earnhardt (Dkt. 407).

- "Holt Decl." for references to the Daubert Motion Declaration of Ira Holt, dated May 25, 2012, previously submitted by Plaintiffs as Exhibit 1 to the May 25, 2012 Declaration of Daniel B. Rehns (Dkt. 425).

- "Wecker Report" for references to the Expert Report of Defendants' proposed expert, Dr. William E. Wecker, dated March 30, 2012, previously submitted as Exhibit 4 to the April 25, 2012 Declaration of J. Wesley Earnhardt (Dkt. 407).

- "M. Jackson Decl." for references to the Declaration of Matthew S. Jackson, dated June 6, 2012.

- "8/17/06 CUG" for references to the version of WMB's Conventional Underwriting Guidelines dated August 17, 2006, previously submitted as Exhibit 8 to the April 25, 2012 Declaration of J. Wesley Earnhardt (Dkt. 407).

Defendants' Reply in Further Support of Their Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt
(CV09-037 MJP)                                   iii

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

## I. Dr. Cowan's Sampling Methodology is Flawed.

The bases on which Defendants move to exclude Dr. Cowan's sample of 2,387 loans remain unchallenged:

1. Plaintiffs do not dispute that characteristics of a sample can be extrapolated to the broader population only if the sample was selected in a statistically valid random manner. (See Defs. Br. at 5-6; Cowan Report at 9.)

2. Plaintiffs do not dispute that a sample is statistically random only if <u>every</u> member of the broader population has a non-zero probability of being selected for inclusion in the sample. (See Defs. Br. at 7; Cowan Decl. at 7 ("If the elements are arranged in random order and if the elements are selected with equal probability, systematic sampling produces a simple random nonreplacement sample.").)

3. Plaintiffs do not dispute that Dr. Cowan's methodology did not result in every loan having a non-zero probability of selection; rather, over eleven percent of the total population (1,492 of 13,425 loans) had <u>zero</u> chance of inclusion in the sample. (See Defs. Br. at 3; Cowan Decl. at 8.)

Plaintiffs thus concede that Dr. Cowan's sample was not selected in a statistically valid random manner. That failure is fatal to his attempted extrapolation of Mr. Holt's opinions to the full population of loans. (Defs. Br. at 5-7.)

Plaintiffs spend much of their opposition arguing that interval sampling is a reliable methodology. That is beside the point—Defendants do not argue that interval sampling is <u>per se</u> unreliable. Instead, Dr. Cowan did not "reliably appl[y]" interval sampling because his selection interval was greater than the number of possibilities for the starting point, which indisputably means that some loans had <u>zero</u> possibility of being included in the sample. (Defs. Br. at 3, 7); Fed. R. Evid. 702.

Defendants' Reply in Further Support of Their Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt
(CV09-037 MJP)                                1

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   The textbook excerpts Plaintiffs cite confirm that the selection interval utilized may not exceed the number of initial candidates. For example, the Cochran textbook states that one must "take a unit at random from the first $k$ units and every $k$th unit thereafter." (Pls. Br. at 7.) Similarly, the Levy & Lemeshow textbook explains that interval sampling is done by "choosing a random number j between 1 and k, and selecting the elements labeled j, j+k, j+2k, j+3k, . . . ." (Pls. Br. at 8.) In both cases, the upper limit of the initial selection range, "k", is <u>equal to</u> the selection interval (also "k"). Therefore, neither text supports Dr. Cowan's methodology, in which the selection interval (4.53) was <u>greater than</u> the number of possible initial starting points (4). (See <u>id.</u>)

Plaintiffs argue that "Dr. Wecker proposes" to use an interval <u>less than</u> the number of candidates for the initial selection and that such approach would assign some loans multiple chances to be selected. (Pls. Br. at 10.) Dr. Wecker and Defendants proposed no such thing. As is clear from the example in Dr. Wecker's report, the only reliable alternative (and the only method consistent with the textbooks upon which Plaintiffs purport to rely) is to use an interval <u>equal to</u> the number of potential starting points. (Wecker Report at 9.) That option would have avoided the problems in Dr. Cowan's methodology (excluding certain loans) and the problems in the straw man alternative he and Plaintiffs posit (giving certain loans two chances to be included). Plaintiffs offer no explanation for why Dr. Cowan did not use an interval equal to the number of options for the starting point.

Plaintiffs' cases do not support their arguments. Plaintiffs state that "the very sampling methodology Dr. Cowan employed in this case was also endorsed by the court" in <u>MBIA Insurance Corporation v. Countrywide Home Loans, Inc.</u>, No. 602825/08, 2010 WL 5186702 (N.Y. Sup. Ct. Dec. 22, 2010). (Pls. Br. at 8.) But the

Defendants' Reply in Further Support of Their Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt
(CV09-037 MJP)     2

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

defendants' challenge to Dr. Cowan's opinion in that case was not premised on the size of the selection interval, and the case is silent on that issue. MBIA, 2010 WL 5186702, at *5. The court in Syncora Guarantee Inc. v. EMC Mortgage Corp., No. 09 Civ. 3106 (PAC), 2011 U.S. Dist. LEXIS 31305 (S.D.N.Y. Mar. 25, 2011), did not analyze any particular sampling methodology at all; that decision stands—at most—for the basic proposition that the characteristics of a statistically valid random sample can be extrapolated to a broader population. Id. at *10.

Finally, Plaintiffs argue there is no reason to believe the 11.1 percent of excluded loans had different FICO scores, LTV ratios or documentation types than the loans potentially included in the sample. (Pls. Br. at 10.) However, Dr. Cowan's post-hoc tinkering is no substitute for the selection of a statistically valid, random sample— indeed, a random sample is the only foundation that can reliably support extrapolation. See Certified Eng'g Copier Sys., Inc. v. Nat'l City Commercial Capital Co. LLC., No. 2:07-CV-293 TS, 2009 WL 1324047, at *5 (D. Utah May 11, 2009); Chavez v. IBP, Inc., No. CV-01-5093-RHW, 2004 WL 5520002, at *8-11 (E.D. Wash. Dec. 8, 2004); Radaszewski v. Maram, No. 01 C 9551, 2008 U.S. Dist. LEXIS 24923, at *29 (N.D. Ill. Mar. 26, 2008). Moreover, even if such a cure were possible—and it is not—Plaintiffs make no attempt to show the excluded loans were similar to the included loans with respect to the only relevant characteristic that Mr. Holt purports to assess: compliance with WMB's underwriting guidelines.

## II. Mr. Holt's Non-Random Selection of 424 Loans from Dr. Cowan's Initial Sample is Flawed.

As Dr. Cowan states in his March 2 report, the ability to extrapolate Mr. Holt's conclusions to the broader population depends upon the "mechanism of randomization." (Cowan Report at 9.) Dr. Cowan further asserts, without explanation,

Defendants' Reply in Further Support of Their Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt
(CV09-037 MJP)                                3

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

that the 424 loans Mr. Holt reviewed "are random subsets of the full set of loans selected." (Id. at 7.) But, as Defendants previously demonstrated, however Mr. Holt may have selected the 424 loans he reviewed, it was not a random selection. (Defs. Br. at 8-9; see also Wecker Report at 21-22 (providing mathematical proof that the 424 loans were not representative of either Dr. Cowan's initial sample or the total loan population).)

Mr. Holt's report does not explain the methodology he used to select those 424 loans, and neither Mr. Holt nor Plaintiffs have explained that selection process in response to Defendants' statistical proof that they are not a valid random sample. Instead, Plaintiffs criticize Defendants for not deposing Mr. Holt prior to bringing the instant motion. (Pls. Br. at 12.) That is misplaced—it is Plaintiffs' burden to demonstrate the reliability of their expert's methodology, Many Cultures, One Message v. Clements, No. 10-CV-05253, 2011 WL 5515515, at *15 (W.D. Wash. Nov. 8, 2011), and "[u]nder Rule 26(a), a report must be complete such that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial." R.C. Olmstead, Inc. v. CU Interface, LLC, 606 F.3d 262, 271 (6th Cir. 2010). Plaintiffs' failure to satisfy the requirements of Rule 26(a) is an independent basis to exclude Mr. Holt's opinions.

Mr. Holt's non-random selection of the 424 loans he reviewed renders inadmissible Dr. Cowan's extrapolation of Mr. Holt's opinions (in addition to Dr. Cowan's errors in taking the initial sample, discussed above, which are independent bases to exclude his opinion). (Defs. Br. at 7-9); see, e.g., Certified Eng'g, 2009 WL 1324047, at *5; U.S. v. W.R. Grace, 455 F. Supp. 2d 1181, 1189 (D. Mont. 2006).

In turn, the inability to extrapolate his loan-specific opinions to the full population renders inadmissible Mr. Holt's opinions about the 424 loans he reviewed. Tellingly, Plaintiffs do not even respond to Defendants' argument that, absent the ability

Defendants' Reply in Further Support of Their Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt
(CV09-037 MJP)                                    4

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

to extrapolate, Mr. Holt's opinion should be excluded both as not "helpful" to the trier of fact under Rule 702, and prejudicial and misleading pursuant to Rule 403. (Defs. Br. at 10-11); see, e.g., Recreational Devs. of Phoenix, Inc. v. City of Phoenix, 220 F. Supp. 2d 1054, 1061-62 (D. Ariz. 2002).

The arguments Plaintiffs do make to try to rescue Mr. Holt's sample of 424 loans should be rejected. First, Plaintiffs contend Dr. Wecker incorrectly assumed "the subset of 424 should be distributed exactly the same as the 13,425" and argue that those loans "can only be compared now to the 2,387 loans." (Cowan Decl. at 14; Pls. Br. at 12.) But Dr. Wecker performed precisely the comparison Plaintiffs accuse him of ignoring, concluding that the probability of "the Holt 424 arising as a random subset of Dr. Cowan's sample [i.e., of the 2,387 loans] is less than 1 in $10^{140}$." (Wecker Report at 21 (emphasis added).) Plaintiffs offer no response to that overwhelming mathematical evidence of non-randomness.

Second, Plaintiffs argue that because the strata into which Dr. Cowan divided the 13,425 loans were of different sizes, "it shouldn't be a surprise" that certain strata were not represented among Mr. Holt's 424 loans. (Cowan Decl. at 14-15; Pls. Br. at 12.) That argument misses the point. Defendants' proof that Mr. Holt's sample was not randomly selected is not premised on the mere fact that it missed certain strata, but rather on the mathematical evidence that it is virtually impossible for a random sample of 424 loans to miss and underrepresent as many strata and loan pools as Mr. Holt's sample did. (Wecker Report at 20-21, 23-30.) Those analyses specifically took account of the size of the strata and loan pools. (Id. at 23-29.) As just one example, Mr. Holt reviewed 63 of the 89 loans that Dr. Cowan selected from loan pool 2949, but zero of the almost identically-sized 90-loan sample Dr. Cowan drew from loan pool 2951. (Id. at 23-24.)

Defendants' Reply in Further Support of Their Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt
(CV09-037 MJP)   5

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  Dr. Wecker's conclusion regarding the astronomically low probability that Mr. Holt's
2  sample was randomly selected therefore remains unchallenged by Plaintiffs.
3         Third, in an effort to cure Mr. Holt's methodological flaws, Plaintiffs
4  state, "[t]o the extent Mr. Holt's raw results were not representative of the entire
5  population of loans, Dr. Cowan poststratified the results such that extrapolation to the
6  entire population was sound." (Pls. Br. at 12, 17.) Plaintiffs point to no authority
7  suggesting that "post-stratification" relieves them of the need to select a statistically valid
8  random sample, nor could they. Dr. Cowan previously conceded that "randomization" is
9  a <u>prerequisite</u> to extrapolation (Cowan Report at 9), and the authorities cited by
10 Defendants unanimously agree (Defs. Br. at 5-6, 9). Indeed, Dr. Cowan's "post-
11 stratification" is merely a response to Defendants' assertion that Mr. Holt's selection was
12 <u>biased</u> in favor of loans with the lowest FICO scores.[1]  (<u>See</u> Cowan Decl. at 15-17.) It
13 does not purport to respond to the argument that Mr. Holt's selection was <u>not random</u>—
14 whether purposefully biased or not. (<u>See</u> Defs. Br. at 9 ("<u>in addition to not being random</u>,
15 the 424 loans reviewed by Mr. Holt constituted a severely biased sample . . . .").)
16        Fourth, Dr. Cowan's weighting of the results of Mr. Holt's review based
17 on the proportion of loans reviewed from each securitization does nothing to correct
18 deviations from the broader universe with respect to any of the other characteristics of
19 those loans (such as loan amount, LTV ratio, property type, etc.). Nor could any such
20 adjustment correct for the only characteristic on which Mr. Holt purports to opine:
21 whether the loans complied with WMB's underwriting guidelines.

---

[1] Dr. Cowan's response also does not rebut Defendants' bias argument. It remains undisputed that the <u>number</u> of loans Mr. Holt deemed materially defective was inflated substantially by Mr. Holt's selection of an inordinate number of low FICO score loans. (Defs. Br. at 4, 9.)

Defendants' Reply in Further Support of Their Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt
(CV09-037 MJP)                              6

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Fifth, Plaintiffs and Dr. Cowan make several references to alleged difficulties in reviewing what they call the "mountain of loan files" or the "morass of materials thrown at [them] by the Defendants." (Pls. Br. at 11; Cowan Decl. at 15.) The implication, that Defendants are somehow to blame for Mr. Holt's inability to review a random sample of loans, is simply wrong. In fact, the electronic loan files produced by non-party JPMC are text-searchable and include a "loan number" field that can be used to retrieve the relevant files. (M. Jackson Decl. ¶ 3.) The notion that Dr. Cowan could not have generated a random list of loan numbers and instructed Mr. Holt to proceed through it in a systematic manner is frivolous.

### III. Plaintiffs Cannot Cure Either Error By Reviewing the Remainder of Dr. Cowan's Sample.

Perhaps Plaintiffs' clearest acknowledgement of Mr. Holt's flawed, non-random selection methodology is that Mr. Holt has continued (and apparently will continue) to review the loans in Dr. Cowan's sample. (Cowan Decl. at 17-19.) For reasons detailed herein and in Defendants' Motion to Preclude Use of Untimely Disclosed Expert Opinions (Dkt. 435), that is improper and should be rejected.

First, as discussed above in Section I, Dr. Cowan's sample of 2,387 loans is flawed, and even if Mr. Holt were to review all those loans his opinions still could not be extrapolated to the total population.

Second, the submission of new opinions about new loans months after the March 2, 2012 submission of expert reports flies in the face of the Court's scheduling order and the purpose of the discovery rules. The purpose of expert disclosures—the deadline for which Plaintiffs did not move to extend—is to allow the parties adequate time to respond to the opinions of the other side's experts, to depose those experts on the basis of the disclosed opinions and to prepare adequately for trial. See, e.g., S. States

Defendants' Reply in Further Support of Their Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt
(CV09-037 MJP)                                7

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  Rack And Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 598 (4th Cir. 2003);

2  Acosta v. Electrolux N. Am., No. 08-60213, 2008 WL 5246160, at *5-6 (S.D. Fla. Dec.

3  16, 2008). Plaintiffs simply should have selected a valid random sample in the first

4  place. That they failed to do so does not afford them license to disregard the expert

5  disclosure deadline.

6         Third, even if the untimely disclosure of Mr. Holt's new opinions were

7  appropriate, Plaintiffs have made no disclosure of the underlying basis for those opinions.

8  See Fed. R. Civ. P. 26(a)(2)(B). Indeed, for the loans he reviewed since March 2—a

9  process that Plaintiffs imply is still ongoing—there is no disclosure of the defects

10  identified or even the loans involved, making it impossible for Defendants to respond to

11  Mr. Holt's conclusions.[2] And disclosure now—or whenever Plaintiffs complete the

12  process—cannot make up for the many months during which Defendants have been

13  deprived of meaningful disclosure, particularly in light of the September 17 trial date.[3]

14  **IV.   Mr. Holt Did Not Properly Apply WMB's Underwriting Guidelines.**

15         Mr. Holt did not reliably apply WMB's underwriting guidelines. First, as

16  Mr. Holt now effectively concedes, his calculation of DTI and LTV ratios for all loans

17  with the potential for negative amortization—which encompass 61% of the loans he

18  deemed "materially defective" (Defs. Br. at 12-13)—was based not on any requirement

19  of WMB's guidelines, as he previously claimed, but on his own view of "best industry

20  practice[s]." (See Holt. Decl. at 2; Pls. Br. at 13-14.) Specifically, the upward

---

[2] In addition, that Mr. Holt is underwriting additional loans after already having offered the opinion that 37 percent of the loans are "materially defective" seriously undermines the reliability of any new opinions. See Claar v. Burlington N. R. R. Co., 29 F.3d 499, 502-03 (9th Cir. 1994) ("Coming to a firm conclusion first and then doing research to support it is the antithesis of [the scientific] method.").

[3] Mr. Holt still has approximately another 1,000 loans to review. At the current pace, his team would not complete its work until late August/early September. The resulting new expert opinions on the eve of trial are plainly impermissible and would give Defendants no meaningful ability to evaluate or respond to Plaintiffs' proposed evidence.

Defendants' Reply in Further Support of Their Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt
(CV09-037 MJP)                                              8

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

adjustment of loan amounts he required for purposes of calculating DTI and LTV was based only on his view that it constituted a "prudent" underwriting practice, despite detailed provisions regarding DTI and LTV calculations in WMB's guidelines having no such requirement. (Holt Decl. at 2; Defs. Br. at 12.) Further, while Mr. Holt now points to a source for the other negative amortization adjustment he required (adding 1% to the qualifying interest rate), the unmarked page he attaches as Exhibit 3 to his declaration was not disclosed as a basis for the opinions presented in his report (Holt Report at 2), and there is no foundation in the record to establish what that document is, when it was in effect or how it relates to WMB's guidelines.

Second, while Mr. Holt claims the 80% reduction in retirement assets refers only to funds used for down payments and closing costs, the document he cites refutes that. (Holt. Decl. Ex. 4 (reduction applies when retirement assets used for "down payment, closing costs, **or cash reserves**").) The section of the guidelines Mr. Holt suggests is "more apt" actually applies to a type of loan not at issue here—conforming fixed rate mortgages underwritten through Fannie Mae's "Desktop Underwriter-Expanded Approval" program. (Holt Decl. Ex. 5; Pls. Br. at 14; 8/17/06 CUG at 8-2.)

Third, with respect to compensating factors, Plaintiffs' argument that "[i]ndividual transactions may require higher or lower reserves" does nothing to justify Mr. Holt's fixed requirement of twelve months, especially when the guidelines for certain products required only two months' worth of reserves. (Pls. Br. at 16; Defs. Br. at 15.)

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendants' opening brief, Defendants respectfully request that the Court exclude the proffered expert testimony of Dr. Charles Cowan and Mr. Ira Holt.

Defendants' Reply in Further Support of Their Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt
(CV09-037 MJP)                                              9

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1 | Dated this the 8th day of June, 2012.

**HILLIS CLARK MARTIN & PETERSON, P.S.**
By: /s/ Louis D. Peterson
Louis D. Peterson, WSBA #5776
Brian C. Free, WSBA #35788
1221 Second Avenue, Suite 500
Seattle, WA 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789
Email: ldp@hcmp.com
　　　bcf@hcmp.com

**BINGHAM MCCUTCHEN LLP**
**By:** /s/ John D. Pernick
David M. Balabanian (admitted *pro hac vice*)
John D. Pernick (admitted *pro hac vice*)
Frank Busch (admitted *pro hac vice*)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
Email:  david.balabanian@bingham.com
　　　　john.pernick@bingham.com
　　　　frank.busch@bingham.com

*Attorneys for Defendants WaMu Asset Acceptance Corp., WaMul Capital Corp., David Beck, Richard Careaga, Rolland Jurgens, and Diane Novak*

Defendants' Reply in Further Support of Their Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt
(CV09-037 MJP)　　　　　　10

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**CRAVATH, SWAINE & MOORE LLP**
By: */s/ Michael A. Paskin*
Evan R. Chesler (admitted *pro hac vice*)
Daniel Slifkin (admitted *pro hac vice*)
Michael A. Paskin (admitted *pro hac vice*)
Wes Earnhardt (admitted *pro hac vice*)
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
Email: echesler@cravath.com;
dslifkin@cravath.com;
mpaskin@cravath.com;
wearnhardt@cravath.com

*Attorneys for Defendants WaMu Asset Acceptance Corp. and WaMu Capital Corp.*

Defendants' Reply in Further Support of Their Motion to Exclude the Proffered Expert Testimony of Charles D. Cowan and Ira Holt
(CV09-037 MJP)   11

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of June, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam Zurofsky azurofsky@cahill.com

Amanda F. Lawrence alawrence@scott-scott.com

Anne L. Box abox@scott-scott.com

Barry Robert Ostrager bostrager@stblaw.com, managingclerk@stblaw.com

Bradley T. Meissner bradley.meissner@dlapiper.com

Brian O. O'Mara bo'mara@rgrdlaw.com, e_file_sd@rgrdlaw.com

Christopher E Lometti clometti@cohenmilstein.com

Daniel B Rehns drehns@cohenmilstein.com, efilings@cohenmilstein.com

Darren J Robbins e_file_sd@csgrr.com

David Daniel Hoff dhoff@tousley.com, efile@tousley.com

Douglas C McDermott doug@mcdermottnewman.com, eric@mcdermottnewman.com

Daniel Slifkin dslifkin@cravath.com

Edward C. Signaigo esignaigo@scott-scott.com

Evan R. Chesler echesler@cravath.com

Floyd Abrams fabrams@cahill.com

Gavin Williams Skok gskok@riddellwilliams.com, jsherred@riddellwilliams.com, lmoore@riddellwilliams.com

Geoffrey M Johnson gjohnson@scott-scott.com, efile@scott-scott.com

Hal D Cunningham hcunningham@scott-scott.com, efile@scott-scott.com, halcunningham@gmail.com

Hector J. Valdes hvaldes@cravath.com

Certificate of Service
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1. Hollis Lee Salzman (Terminated) hsalzman@labaton.com,
2. ElectronicCaseFiling@labaton.com
3. James J. Coster jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com
4. Janissa Ann Strabuk jstrabuk@tousley.com, lrolling@tousley.com,
5. wcruz@tousley.com
6. Jason T Jasnoch jjasnoch@scott-scott.com, efile@scott-scott.com
7. Jesse M. Weiss jweiss@cravath.com
8. Joel P Laitman jlaitman@cohenmilstein.com
9. John D Lowery jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com
10. John D. Pernick john.pernick@bingham.com
11. John T. Jasnoch jjasnoch@scott-scott.com
12. Jonathan Gardner jgardner@labaton.com
13. Joseph P Guglielmo jguglielmo@scott-scott.com, efile@scott-scott.com
14. Joseph A. Fonti (Terminated) jfonti@labaton.com, ElectronicCaseFiling@labaton.com
15. Joshua M. Rubins jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com
16. Joshua S. Devore jdevore@cohenmilstein.com, efilings@cohenmilstein.com
17. Julie Goldsmith Reiser jreiser@cohenmilstein.com
18. Julie Hwang (Terminated) jhwang@labaton.com, ElectronicCaseFiling@labaton.com
19. J. Wesley Earnhardt wearnhardt@cravath.com
20. Kenneth J Pfaehler kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com
21. Kenneth M Rehns krehns@cohenmilstein.com
22. Kerry F Cunningham kerry.cunningham@dlapiper.com
23. Kevin P Chavous kchavous@sonnenschein.com
24. Kim D Stephens kstephens@tousley.com, cbonifaci@tousley.com,
25. lrolling@tousley.com, wcruz@tousley.com

Certificate of Service
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

| | |
|---|---|
| 1 | Larry Steven Gangnes gangnesl@lanepowell.com, docketingsea@lanepowell.com, |
| 2 | donnellyjossm@lanepowell.com, sebringl@lanepowell.com |
| 3 | Leslie D Davis ldavis@sonnenschein.com |
| 4 | Mary Kay Vyskocil mvyskocil@stblaw.com |
| 5 | Matthew B. Kaplan mkaplan@cohenmilstein.com, efilings@cohenmilstein.com |
| 6 | Michael A. Paskin mpaskin@cravath.com |
| 7 | Michael H. Barr mbarr@sonnenschein.com |
| 8 | Nancy A Pacharzina (Terminated) npacharzina@tousley.com, mhottman@tousley.com |
| 9 | Paul Scarlato pscarlato@labaton.com, ElectronicCaseFiling@labaton.com |
| 10 | Paul Joseph Kundtz pkundtz@riddellwilliams.com, mbergquam@riddellwilliams.com, |
| 11 | mdowns@riddellwilliams.com |
| 12 | Richard A Speirs rspeirs@cohenmilstein.com |
| 13 | Richard F Hans richard.hans@dlapiper.com, dorinda.castro@dlapiper.com |
| 14 | Robert D Stewart stewart@kiplinglawgroup.com |
| 15 | Rogelio Omar Riojas omar.riojas@dlapiper.com, karen.hansen@dlapiper.com, |
| 16 | nina.marie@dlapiper.com |
| 17 | Ryan Wagenleitner rwagenleitner@scott-scott.com |
| 18 | S Douglas Bunch dbunch@cohenmilstein.com |
| 19 | Serena Rich ardson (Terminated) srichardson@labaton.com, |
| 20 | ElectronicCaseFiling@labaton.com |
| 21 | Stellman Keehnel stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com |
| 22 | Stephen M. Rummage steverummage@dwt.com, jeannecadley@dwt.com, |
| 23 | seadocket@dwt.com |
| 24 | Steve W. Berman steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com |
| 25 | Steven J Toll stoll@cohenmilstein.com, efilings@cohenmilstein.com |

Certificate of Service
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  Steven P Caplow stevencaplow@dwt.com, jasonSchattenkerk@dwt.com,
2  patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com
3  Steven W Fogg sfogg@corrcronin.com, hpowell@corrcronin.com,
4  reception@corrcronin.com
5  Susan L. Hoffman susan.hoffman@bingham.com
6  Tammy Roy troy@cahill.com
7  Thomas G. Rafferty trafferty@cravath.com
8  Timothy Michael Moran moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com
9  Walter W. Noss wnoss@scott-scott.com, efile@scott-scott.com
10 DATED this 8th day of June, 2012 at Seattle, Washington.

By: /s/ Louis D. Peterson
Louis D. Peterson, WSBA #5776
1221 Second Avenue, Suite 500
Seattle, WA 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789
Email: ldp@hcmp.com

Certificate of Service
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789