THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates to: ALL CASES | Master Case No.: C09-0037 (MJP)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO PRECLUDE USE OF UNTIMELY DISCLOSED WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)**<br><br>ORAL ARGUMENT REQUESTED |

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)
Case No. C09-037 MJP

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

ARGUMENT..................................................................................................................................4

    I.    Plaintiffs Did Not Violate Fed. R. Civ. P. 26 ................................................................. 4

        a.  Plaintiffs Were Under No Duty to Supplement Their Disclosures as to Joans and Bates....................................................................................................................................5

        b.  Plaintiffs' Disclosures of the Underwriter Witnesses Were Timely................................7

    II.    Sanctions Are Not Merited ........................................................................................... 7

        a.  Plaintiffs Are Substantially Justified in Their Disclosures ...............................................9

        b.  There Is No Harm to Defendants ....................................................................................10

        c.  Balancing Factors Weigh Against Sanctions .................................................................10

CONCLUSION.............................................................................................................................12

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)

Case No. C09-037 MJP        i

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arseneau v. Allstate Ins. Co.*,
   No. CV 09-117-M, 2010 WL 4362818 (D. Mont. Oct. 27, 2010) ................................... 5, 6, 7

*Baxter Healthcare Corp. v. Fresenius Med. Care Holding Inc.*,
   No. C 07-1359, 2009 WL 904152 (N.D. Cal. April 2, 2009) ............................................... 9

*Dey, L.P v. Ivax Pharm., Inc.*,
   233 F.R.D. 567 (C.D. Cal. 2005) ........................................................................................ 10

*Estate of Gonzalez v. Hickman*,
   No. ED CV 05-00660, 2007 WL 3237635 (C.D. Cal. June 28, 2007) ............................ 8, 10

*Herring v. AW Mfg., Inc.*,
   No. 1:11CV10-SA, 2012 WL 1848297 (N.D. Miss. May 21, 2012) ..................................... 7

*Hooker v. Fulton Cnty., Ga.*,
   No. CIVA105CV982GET, 2006 WL 2617142 (N.D. Ga. Sept. 12, 2006) ........................ 4, 6

*Intel Corp. v. VIA Tech., Inc.*,
   204 F.R.D. 450 (N.D. Cal. 2001) .......................................................................................... 7

*LaVigna v. State Farm Mut. Auto. Ins. Co.*,
   736 F. Supp. 2d 504 (N.D.N.Y. 2010) ................................................................................ 11

*Mid-America Table Wares, Inc. v. Mogi Trading Co., Ltd.*,
   100 F.3d 1353 (7th Cir. 1996) .............................................................................................. 8

*Pan American Grain Mfg. Co., Inc. v. Puerto Rico Ports Authority*,
   295 F.3d 108 (1st Cir. 2002) ................................................................................................. 9

*Powell v. Doe*,
   No. 03 C 224, 2004 WL 1444929 (N.D. Ill. June 28, 2004) ................................................ 6

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*,
   318 F.3d 592 (4th Cir. 2003) .............................................................................................. 10

*San Francisco Baykeeper v. West Bay Sanitary Dist.*,
   791 F. Supp. 2d 719 (N.D. Cal. 2011) .................................................................................. 9

*Sheppard v. River Valley Fitness One, L.P.*,
   428 F.3d 1 (1st Cir. 2005) ..................................................................................................... 9

*Umbenhower v. Copart, Inc.*,
   222 F.R.D. 672 (D. Kan. 2004) .......................................................................................... 10

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)
Case No. C09-037 MJP — ii

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

*Watts v. Hospitality Ventures, LLC*,
   No. 2:06-cv-1149, 2008 WL 220798 (M.D. Ala. Jan. 25, 2008)..............................................6

*Wegener v. Johnson*,
   527 F.3d 687 (8th Cir. 2008) ...................................................................................................8

*Weiland v. Linear Constr. Ltd.*,
   No. 00 C 6172, 2002 WL 31307622 (N.D. Ill. Oct. 15, 2002) ................................................6

*Wong v. Regents of the Univ. of Cal.*,
   410 F.3d 1052 (9th Cir. 2005) .................................................................................................8

*Yeti By Molly Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) .................................................................................................9

**STATUTES, RULES AND REGULATIONS**

Federal Rules Civil Procedure
   Rule 26...................................................................................................................................4
   Rule 26(a)........................................................................................................................1, 2, 8
   Rule 26(a)(1)...................................................................................................................4, 5, 7
   Rule 26(a)(1)(A) .....................................................................................................................8
   Rule 26(a)(1)(A)(i)..................................................................................................................5
   Rule 26(a)(3)...........................................................................................................................7
   Rule 26(e).....................................................................................................................1, 4, 5, 7
   Rule 33 ...................................................................................................................................1
   Rule 37 ..........................................................................................................................5, 8, 10
   Rule 37(a)...............................................................................................................................1
   Rule 37(c)(1)......................................................................................................................4, 8

**OTHER AUTHORITIES**

8 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE
   §2049.1...................................................................................................................................6
   §2050......................................................................................................................................8

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)
Case No. C09-037 MJP                                iii

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

**INTRODUCTION**

By their motion to preclude the use of untimely disclosed witnesses ("Defs. Mot."), Defendants[1] seek Rule 37(a) sanctions to have this Court preclude Plaintiffs from making use of critical witnesses at trial, on the purported grounds that Plaintiffs failed to timely supplement their initial disclosures under Rule 26(a) and (e).  By this motion Defendants seek to obtain a litigation advantage for delays caused by their own contumacious conduct in failing to respond, in good faith, to Plaintiffs' interrogatories seeking to identify knowledgeable witnesses – and to supplement their own Rule 33 interrogatory responses – to provide the identities of former WaMu officers, which were either known by them or reasonably accessible to them, but not to the Plaintiffs.  Defendants seek, essentially, to have this Court impose draconian sanctions based on a perverse interpretation of the discovery obligations provided by the Federal Rules of Civil Procedure.  As stated herein: (1) Plaintiffs were under no obligation to supplement their initial disclosures for witnesses known by Defendants but not Plaintiffs, or witnesses identified in formal depositions and deposition exhibits; (2) Plaintiffs timely supplemented their initial disclosures for the identities of underwriter witnesses as they learned them; and (3) sanctions are not otherwise warranted.

For the reasons stated below, Plaintiffs request that this Court deny Defendants' motion in its entirety and permit the use of six witnesses who are among those that Defendants have moved to preclude from testifying at trial:  Michelle Joans ("Joans"), Timothy Bates ("Bates"), Teresa Bondurant ("Bondurant"), Karen Fridley ("Fridley"), Denise Luedtke ("Luedtke") and Diana Jeanty ("Jeanty").

---

[1] Defendants in this action are WaMu Asset Acceptance Corporation ("WMAAC"), WaMu Capital Corporation ("WCC"), David Beck ("Beck"), Richard Careaga ("Careaga"), Rolland Jurgens ("Jurgens"), and Diane Novak ("Novak").  Washington Mutual Inc. ("WMI") was the parent of Washington Mutual Bank ("WMB"), which was itself the parent of WCC and WMAAC.  WMI, WMB, WCC and WMAAC are referred to collectively as "WaMu."

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)

Case No. C09-037 MJP      1

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

**STATEMENT OF FACTS**

Plaintiffs timely served their initial disclosures on November 12, 2011 (the "Initial Disclosures"), as mandated by Fed. R. Civ. P. 26(a). Those disclosures revealed the knowledgeable individuals associated with the Plaintiffs-investors, and information about the Defendants and their affiliates that counsel had learned through their informal investigation of the facts of this case. *See* Declaration of Anne Box ("Box Decl.," ¶3). Plaintiffs did not identify Joans, Bates, Bondurant, Fridley, Luedtke or Jeanty because Plaintiffs had not yet discovered their existence. *Id.*

On July 5, 2011 Plaintiffs served their interrogatories on Defendants[2] which sought, *inter alia*, to learn the identity of the witnesses who were knowledgeable about WaMu's underwriting policies, procedures or standards. Defendants, on August 8, 2011 responded, in pertinent part, as follows:

> Defendants further object to the interrogatory on the grounds that the interrogatory seeks a compilation of or analysis of millions of pages of documents that have been or will be produced by Defendants and third parties in this action, and is unduly burdensome and oppressive, and the burden of ascertaining the answer will be substantially the same for either party.
>
> * * *
>
> Defendants direct Plaintiffs to the productions made in this case, including the approximately 1.7 million documents produced by third party JPMorgan Chase Bank, N.A., as well as the 70,000 documents produced by Defendants.

Defendants' response that they could not ascertain the witnesses knowledgeable about WaMu's underwriting was disingenuous. Defendant Beck, one of the signators of Defendant WMAAC's Registration Statement for the six offerings in this case (the "Offerings"), in addition to heading the Capital Markets group within the WMI Home Loans division, also was a voting member of the Home Loan Management Risk Committee ("HLMRC"), the committee responsible for the underwriting guidelines used by WMB to originate and underwrite the

---

[2] Plaintiffs' First Set of Interrogatories to Defendants ("Interrogatories") is attached as Exhibit A to the May 30, 2012 Declaration of Anne Box ("Box 5/30/12 Decl."). The WaMu Defendants' Response to these Interrogatories ("WaMu Interr. Responses") is attached as Exhibit B to the Box 5/30/12 Decl.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)
Case No. C09-037 MJP — 2

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

1  mortgage loans in the Offerings. The Secretary of that Committee was Joans (one of the
2  witnesses Defendants seek to preclude from testifying), so that Beck presumably knew her
3  identity when the responses to the interrogatories were signed. When, in September 2008, the
4  FDIC seized WMB and sold the Bank's assets to J.P. Morgan Chase ("Chase"), many of the
5  former officers of WMB and WMI went to work for Chase, including Beck and David Schneider
6  ("Schneider"), the then president of the WMI Home Loans division, and a WMI Senior Vice
7  President. As of the time of his January 24, 2012 deposition, Schneider was still employed by
8  Chase. Schneider is a Defendant in the related §10(b) case brought by the former investors in
9  WMI.

10  Bates, another witness Defendants seek to preclude from testifying, was a Senior Vice
11  President of WMI in charge of Credit Risk management, and between January 2008 through
12  June 2008, ran the Corporate Credit Review (the "CCR") group, the group which reviewed the
13  performance of the Home Loans division and which wrote many of the reports Defendants
14  offered in their summary judgment motion. *See* Box Decl. ¶9.

15  Both Joans and Bates were deposed in the related §10(b) case brought by WMI's
16  shareholders. On or about November 21, 2011, Plaintiffs obtained copies of various depositions
17  of WaMu's former officers, including Joans and Bates, taken in the §10(b) case. On January 3,
18  2012, by the letter attached as Exhibit 1 to the Box Decl., copies of these transcripts were sent to,
19  *inter alia*, John Pernick of Bingham McCutchen, and Michael Paskin of Cravath, Swaine &
20  Moore, two of the attorneys signing Defendants' Motion to Preclude.

21  After the WaMu Interr. Responses directed Plaintiffs to review the first 1.7 million
22  documents produced by Chase to identify the witnesses that were knowledgeable about WaMu's
23  underwriting, Chase produced another 26 million pages of documents as of September 12, 2011,
24  *see* Defs. Mot. at 2-3, and from September 2011 to February 10, 2012, Plaintiffs took 22 fact
25  witness depositions, and defended five depositions taken by Defendants. *See* Box Decl., ¶2.

26  Also, Plaintiffs retained a private investigator to use leads identified in the produced
27  documents to locate underwriters who actually underwrote WaMu mortgage loans and knew the

28  PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)

Case No. C09-037 MJP                         3

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

actual practices employed to qualify WaMu borrowers. This was a painstaking process, involving the review of approximately 1,000 names. *See* the Declaration of Jason Rowe ("Rowe Decl."), ¶4, filed herewith. As the Rowe and Box Declarations describe, the names of potential underwriter witnesses were provided to Defendants as they were discovered.

**ARGUMENT**

Before Defendants can succeed in their efforts to impose sanctions under Fed. R. Civ. P. 37(c)(1), they must first establish that Plaintiffs have violated obligations under Fed. R. Civ. P. 26(e) to supplement their Rule 26(a)(1) initial disclosures. *See, e.g.*, *Hooker v. Fulton Cnty., Ga.*, No. CIVA105CV982GET, 2006 WL 2617142, at *3-*4 (N.D. Ga. Sept. 12, 2006) (Plaintiff claimed she was harmed by a failure to disclose and moved for sanctions under 37(c)(1). Court held, however, that before it was required to address that issue, Plaintiff must first show that Defendants failed to disclose information required by 26(a) or to amend under 26(e)). Quite simply, Defendants cannot demonstrate Plaintiffs violated these rules. First, as to Joans and Bates, these witnesses were fully disclosed in the course of discovery. As to Fridley, Bondurant, Jeanty, and Luedtke, Plaintiffs disclosed their identities as Plaintiffs learned them, and neither Rule 26(e) or 26(a)(1) requires more.

Thus, Defendants have failed to establish any colorable basis for the imposition of sanctions, because there has been no discovery violation, at least not on Plaintiffs' part. Even if, however, Plaintiffs had an obligation to supplement earlier, it is clear that: (a) Plaintiffs were substantially justified in the timing of their disclosures; and (b) Defendants suffered no harm as a result. Finally the harsh sanction Defendants propose is wholly unwarranted, where, as here, Plaintiffs have proceeded in good faith. Therefore, the law is clear that Defendants' motion must be denied.

**I.     Plaintiffs Did Not Violate Fed. R. Civ. P. 26**

First and foremost, Plaintiffs did not violate Fed.R.Civ.P 26(a)(1). Defendants seek to expand the requirements of Rule 26 and overlook its purpose. In fact, the mandates for Rule 26 have been relaxed over time. *See, e.g.*, Advisory Committee Notes to 2000 Amendments to Fed.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)

Case No. C09-037 MJP                    4

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

R. Civ. P. 26(a)(1), which served to "narrow considerably" any disclosure obligations. *Arseneau v. Allstate Ins. Co.*, No. CV 09-117-M, 2010 WL 4362818, at *4, n.4 (D. Mont. Oct. 27, 2010).

Rule 26(a)(1)(A)(i) reads that a party must initially provide the opposing party with:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment

Plaintiffs did this on November 12, 2010. As of that date, Plaintiffs were unaware of any of the names disclosed in April and May of 2012, and thus, there can be no dispute that they complied with Rule 26(a)(1). Therefore, Defendants' flawed argument is instead that Plaintiffs violated Rule 26(e) which provides as follows:

> (e) SUPPLEMENTING DISCLOSURES AND RESPONSES.
>
> (1) *In General.* A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Plaintiffs did not violate Rule 26(e) because two of the six individuals Plaintiffs propose to designate as trial witnesses were already known to Defendants and, with respect to the remaining four, Plaintiffs timely disclosed their identities as they learned them.

### a. **Plaintiffs Were Under No Duty to Supplement Their Disclosures as to Joans and Bates**

As described above, Joans and Bates were senior corporate officers, well known to Beck and Schneider. The depositions of Joans and Bates taken in the related §10(b) case were provided to the very defense counsel who signed the motion to preclude. Thus, there could not be a clearer case where Rule 26(e) does not require Plaintiffs to supplement their disclosures on pain of Rule 37 sanctions.

The Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(e) provide that there is "no obligation to provide supplemental or corrective information that has been

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)

Case No. C09-037 MJP                5

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

1  otherwise made known to the parties in writing or during the discovery process, as when a
2  witness not previously disclosed is identified during the taking of a deposition . . . ." *See also* 8
3  Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, §2049.1 (3d ed.
4  updated 2012) ("there is no need as a matter of form to submit a supplemental disclosure to
5  include information already revealed by a witness in a deposition or otherwise through formal
6  discovery").

7  　　　　The law is replete with examples of cases where the mere mention of a witness's name at
8  a deposition, let alone submission of an entire deposition transcript, alleviates any duty of
9  supplemental disclosure. *See, e.g.*, *Watts v. Hospitality Ventures, LLC*, No. 2:06-cv-1149, 2008
10 WL 220798, at *2 (M.D. Ala. Jan. 25, 2008) (because a proposed witness's name was mentioned
11 during another deposition and in emails between the parties, no obligation to supplement
12 disclosure); *Arseneau*, 2010 WL 4362818, at *3 (the duty to supplement with a name not
13 previously disclosed did not exist because information was made known during the discovery
14 process); *Powell v. Doe*, No. 03 C 224, 2004 WL 1444929, at *3 (N.D. Ill. June 28, 2004)
15 (Defendants sought to bar two employees from testifying because they were not included in
16 initial 26(a) list but identified during another deposition.  Court held there was no duty to
17 supplement under 26(e)); *Weiland v. Linear Constr. Ltd.*, No. 00 C 6172, 2002 WL 31307622, at
18 *2 (N.D. Ill. Oct. 15, 2002) (same); *Hooker*, 2006 WL 2617142, at *3-*4 (same).

19 　　　　Not only did Plaintiffs provide Defendants in this case with the deposition transcripts of
20 Joans and Bates, both were mentioned numerous times during the depositions taken in this case.
21 *See* Box Decl., ¶8.  Indeed, Joans was the author of the May 2006 "Liar Loans" email string on
22 which Beck was questioned at length.  *See* Beck Dep. (Ex. 3 to Jasnoch Decl. (ECF No. 415) at
23 106-17).  Additionally, a cursory search of the documents produced in this litigation reveals that
24 the names Michelle Joans and Timothy Bates are listed on literally ***tens of thousands of***
25 ***documents***, many of which were used as exhibits in depositions.  Therefore, Plaintiffs had no
26 duty to supplement their disclosures with the names of Joans and Bates but did so out of an
27 abundance of caution to avoid the very type of formalistic motion Defendants have brought here.

28 PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)

Case No. C09-037 MJP                    6

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

### b. Plaintiffs' Disclosures of the Underwriter Witnesses Were Timely

As to Luedtke, Jeanty, Fridley, and Bondurant, Plaintiffs' supplementations of their initial disclosures were timely. Rule 26(e) mandates supplementation "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Courts have interpreted this to mean disclosure of individuals or witnesses once discovered or once a party decides to use such witnesses. For example, in *Arseneau*, 2010 WL 4362818, at *3, the court permitted witnesses to testify for a multitude of reasons, one of which being that supplemental disclosure was timely. In so holding, the court noted that pursuant to Fed. R. Civ. P. 26 (a)(3), a party is only obligated to supplement its disclosures when the party determines that it may use a witness that it did not previously intend to use. *See also Herring v. AW Mfg., Inc.*, No. 1:11CV10-SA, 2012 WL 1848297, at *2 (N.D. Miss. May 21, 2012) (Court refused to strike late-supplemented discovery response "as Plaintiff disclosed the witness soon after she determined him to have discoverable information."); *Intel Corp. v. VIA Tech., Inc.*, 204 F.R.D. 450, 451 (N.D. Cal. 2001) ("As the deadline for summary judgment nears in any civil case, it is customary for counsel to solicit declarations . . . . In this process, it would be unreasonable and burdensome (and rarely, if ever, done in practice) to require all sides to augment any . . . disclosure lists each and every time they obtain a declaration for potential use on summary judgment").

## II. Sanctions Are Not Merited

As stated above, Plaintiffs have not violated Rule 26(a)(1) or Rule 26(e) and thus there is no reason to impose a sanction. However, should the Court determine that an inquiry into the appropriateness of sanctions is necessary, Plaintiffs respectfully submit that they were substantially justified in the timing of their disclosure and that Defendants were not harmed thereby. At a minimum, the sanction of striking the declarations and testimony of Plaintiffs' proposed six witnesses is unwarranted, because, contrary to Defendants' insinuations, there is no evidence that Plaintiffs have proceeded in bad faith to "sandbag" the Defendants.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)

Case No. C09-037 MJP  7

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

To begin with, a Court has wide discretion in deciding whether to impose a sanction. *See* 8 FEDERAL PRACTICE AND PROCEDURE, §2050. "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Estate of Gonzalez v. Hickman*, No. ED CV 05-00660, 2007 WL 3237635, at *3 (C.D. Cal. June 28, 2007) (citing *Mid-America Table Wares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1361 (7th Cir. 1996)). "When a party fails to provide information . . . in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing Fed. R. Civ. P. 37(c)(1)).

Here, Defendants seek the extreme sanction of preventing witnesses from presenting testimony at trial – merely because Plaintiffs attempted in good faith to provide all witness information Plaintiffs had, contemporaneously, as their investigator was developing it. Plaintiffs provided Defendants with lengthy lists of potential witnesses as they were being whittled down so that Defendants ***would not*** be surprised, not to "hide the ball" as Defendants suggest. Defs. Mot. at 2. To sanction Plaintiffs for stretching to avoid prejudice to Defendants as the dates for summary judgment and trial approached would turn Rule 37 on its head.

A party may avoid sanctions under Rule 37 if untimely disclosure was either (1) substantially justified; or (2) harmless. The Advisory Committee Notes to 1993 Amendment to Rule 37 provide that "[l]imiting the automatic sanction to violations 'without substantial justification,' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations: *e.g.*, the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of potential witness known to all parties . . . ." "Deadlines must not be enforced mindlessly." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).[3]

---

[3] Unless otherwise noted, all citations are omitted and emphasis is added.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)

Case No. C09-037 MJP                8

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

1  Plaintiffs informed Defendants of the witnesses many months before trial and all efforts
2 to accommodate Defendants have been met with resistance. Defendants spend much of their
3 motion discussing and relying on *Yeti By Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,
4 1106 (9th Cir. 2001) to justify the imposition of sanctions here. However, *Yeti By Molly* is
5 clearly inapposite. In that case, the Court imposed the sanction of excluding a witness from
6 testifying due to a party's failure to comply with discover deadlines when after two and one-half
7 years following the close of discovery, and just 28 days prior to trial, defendant disclosed a
8 witness's report. For the many reasons discussed herein, the case at hand bears no resemblance
9 to *Yeti By Molly*.

### a. <u>Plaintiffs Are Substantially Justified in Their Disclosures</u>

11  To begin with, should Plaintiffs' supplements to their disclosures be found to have been
12 delayed, such delay was substantially justified. Of note is that "[a] substantial justification is one
13 that 'could satisfy a reasonable person.'" *Pan American Grain Mfg. Co., Inc. v. Puerto Rico
14 Ports Authority*, 295 F.3d 108, 117 (1st Cir. 2002). Substantially justified "does not mean
15 'justified to a high degree' but only 'justified in substance or in the main – that is, justified to a
16 degree that could satisfy a reasonable person.'" *Sheppard v. River Valley Fitness One, L.P.*, 428
17 F.3d 1, 12 (1st Cir. 2005). Several analogous cases from within this Circuit reinforce Plaintiffs'
18 position. For example, in *San Francisco Baykeeper v. West Bay Sanitary Dist.*, 791 F. Supp. 2d
19 719, 734-35 (N.D. Ca. 2011), the Court found that disclosure of witnesses and documents was
20 "substantially justified" even when disclosed after the close of discovery and at the summary
21 judgment stage. The Court made this decision based on the fact that Plaintiffs' investigation into
22 the elements of the case was ongoing while preparing that motion and thus they could not have
23 known of witnesses and documents to be used for trial at an earlier date.

24  Likewise, in *Baxter Healthcare Corp. v. Fresenius Med. Care Holding Inc.*, No. C 07-
25 1359, 2009 WL 904152, at *3 (N.D. Cal. April 2, 2009), the Court denied a motion for sanctions
26 that sought to preclude evidence and witnesses provided after fact discovery concluded. The
27 Court noted that: "[g]iven the complexity of the issues in this case and the flurry of activity

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)
Case No. C09-037 MJP         9

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

toward the end of the fact discovery, the Court finds that [Defendant] had a substantial justification for supplementing its answer after the close of fact discovery and hereby DENIES Plaintiffs' motion." *See also Estate of Gonzalez*, 2007 WL 3237635, at *6 (untimely disclosure of expert reports was substantially justified and harmless because opinions contained in reports were based on information that could only be obtained through discovery).  Both *San Francisco Baykeeper* and *Baxter Healthcare* are exactly on point in this case.

### b. There Is No Harm to Defendants

Tardy disclosure can be excused if such disclosure is found to be "harmless."  It has been held that the failure to disclose is harmless when the party entitled to disclosure is not prejudiced. *Umbenhower v. Copart, Inc.*, 222 F.R.D. 672, 675 (D. Kan. 2004).  Here, there is no harm as to Joans and Bates because Defendants always knew of their existence.  As to the remaining four witnesses, Plaintiffs have offered to permit Defendants to take their depositions out of time, but this offer has been rebuffed.  *See* ¶2 and Ex. 2 to Box Decl.

### c. Balancing Factors Weigh Against Sanctions

In addition to looking at whether the supplemental disclosures were "substantially justified" and "harmless" in deciding whether to impose sanctions under Rule 37, courts often weigh various factors:

> In determining whether to preclude introduction of evidence pursuant to FRCP 37, courts consider (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence.

*Dey, L.P v. Ivax Pharm., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005) (citing *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003)).

As reiterated throughout this brief, there is no surprise to Defendants in the disclosure of Joans and Bates, and Plaintiffs have offered to limit the number of newly discovered underwriter witnesses to only four.  Allowing use of the declarations and the persons disclosed would not disrupt the trial.  Trial is over three months away.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)
Case No. C09-037 MJP — 10

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

1    Further, the testimony of the six witnesses at dispute here has substantial importance to
2    Plaintiffs' case. The importance of Jeanty and Luedtke is abundantly clear from their affidavits
3    submitted in support of Plaintiffs' opposition to summary judgment. Fridley and Bondurant also
4    have knowledge about whether underwriting guidelines were followed as they worked in the
5    loan fulfillment center within this Court's subpoena range. The importance of Joans and Bates
6    can be demonstrated by the numerous times these individuals were mentioned in the depositions
7    and the tens of thousands of documents. Indeed, Joans was the author of the infamous "liar
8    loans" email string on which Beck testified at length in his deposition. *See* Beck Dep. (Ex. 3 to
9    Jasnoch Decl. (ECF No. 415) at 106-17).

10    Finally, the declarations submitted with the opposition demonstrate that the delay in
11    supplementing Plaintiffs' disclosures was not done in bad faith, and Defendants' insinuations to
12    the contrary are nothing but that. Any delays were caused, first, because Defendants buried the
13    relevant needles in a haystack of over 27 million pages of documents and second, by the amount
14    of activity occurring at the close of discovery for such a massive case. This weighs strongly in
15    favor of denying Defendants' motion for imposition of sanctions. *See, e.g.*, *LaVigna v. State*
16    *Farm Mut. Auto Ins. Co.*, 736 F. Supp. 2d 504, 511-12 (N.D.N.Y.) (decision to disclose the
17    witness and offer an affidavit "was made in reaction to the changing trajectory of the case, and
18    was not made deceptively or in bad faith" and thus declined to impose sanctions). Defendants'
19    efforts to exploit a situation of their own making becomes transparent when considering
20    Defendants' insistence that even Joans and Bates should be precluded as witnesses in this case.
21    Therefore, what emerges from a consideration of the proposed factors is that Plaintiffs have been
22    making enormous efforts to timely prepare an extremely complex case for trial with Defendants
23    attempting to trip them up at every opportunity.

28    PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)

Case No. C09-037 MJP                         11

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

# CONCLUSION

For the reasons stated herein, Defendants' motion should be denied.

Dated: June 11, 2012

Respectfully submitted,
**SCOTT+SCOTT LLP**

  /s/ Beth Kaswan
Beth Kaswan (admitted *pro hac vice*)
500 Fifth Avenue, 40th Floor
New York, New York 10110
Telephone: (212) 223-6444
Fax: (212) 223-6334
Email: bkaswan@scott-scott.com

Anne L. Box (admitted *pro hac vice*)
John T. Jasnoch (admitted *pro hac vice*)
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: 619-233-4565
Fax: 619-233-0508
Email:  abox@scott-scott.com
            jjasnoch@scott-scott.com


**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll
Joshua S. Devore (admitted *pro hac vice*)
S. Douglas Bunch (admitted *pro hac vice*)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Fax: (202) 408-4699
Email: stoll@cohenmilstein.com
            jdevore@cohenmilstein.com
            dbunch@cohenmilstein.com

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)

Case No. C09-037 MJP                  12

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

Christopher Lometti (admitted *pro hac vice*)
Daniel B. Rehns (admitted *pro hac vice*)
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: clometti@cohenmilstain.com
          drehns@cohenmilstein.com

*Lead Counsel for the Class*

**TOUSLEY BRAIN STEPHENS PLLC**
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com
          jstrabuk@tousley.com

*Liaison Counsel for Plaintiffs and the Class*

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE USE OF UNTIMELY DISCLOSED
WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)

Case No. C09-037 MJP

13

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 11, 2012.

　/s/ Anne L. Box　
Anne L. Box
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: 619-233-4565
Fax: 619-233-0508
Email:  abox@scott-scott.com

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO PRECLUDE USE OF UNTIMELY DISCLOSED WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)
Case No. C09-037 MJP            14

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565