# EXHIBIT 2

# Anne Box

| | |
|---|---|
| From: | Michael Paskin <MPaskin@cravath.com> |
| Sent: | Friday, June 01, 2012 11:05 AM |
| To: | Anne Box |
| Cc: | Beth Kaswan; Devore, Joshua; Janissa Strabuk; Wes Earnhardt (WEarnhardt@cravath.com); Hector Valdes; ldp@hcmp.com |
| Subject: | Re: Defendants' Motion to Preclude (ECF No. 428) |

Anne,

We disagree that a meet and confer is required on either our request to strike within the summary judgment reply (as we were required by local rule to make such request in our brief) or our motion to exclude (as Ninth Circuit caselaw confirms there is no meet and confer requirement for motions to exclude under 37(c)). Nevertheless, we take from your email that in response to our motion to exclude you intend to withdraw most of the untimely disclosed witnesses in your supplemental Rule 26(a) disclosures. Even so limited, your late attempt to supplement your list of potential witnesses is improper and we do not agree to your proposal. Your offer to allow us to depose those witnesses at this late stage would impose an excessive additional burden on defendants, particularly in light of all the work being done over the next few months in connection with expert depositions, Daubert and in limine motions, preparation of the pretrial order etc., not to mention that at some point the Court will likely hold oral argument on our summary judgment motion and we will all need to prepare for that and travel to Seattle for it. The cases we cited in our motion to exclude make clear that merely allowing the opposing party an opportunity to depose untimely-disclosed witnesses does not cure the problem -- indeed, simply allowing us to depose the individuals now would reward your improper and untimely disclosures. In addition, apart from the incremental burden of deposing those individuals at this late stage and long after discovery is over, plaintiffs' tactics have prevented defendants from utilizing the discovery process to gather additional evidence relevant to those witnesses that could be used later to rebut any testimony they might offer. And needless to say, having the ability to depose these witnesses at this stage cannot cure the problems created by using them in opposition to our summary judgment motion, which is now fully submitted.

I think you understand our position, and I think we understand yours. Nevertheless, if you would like to have a call to discuss the issue further, we are available to talk today at 5pm NY time.

Regards,

Michael

---

| | |
|---|---|
| From: | Anne Box <abox@scott-scott.com> |
| To: | "Michael Paskin (MPaskin@cravath.com)" <MPaskin@cravath.com>, "Wes Earnhardt (WEarnhardt@cravath.com)" <WEarnhardt@cravath.com> |
| Cc: | Beth Kaswan <bkaswan@scott-scott.com>, "Devore, Joshua" <JDEVORE@cohenmilstein.com>, Janissa Strabuk <jstrabuk@Tousley.com> |
| Date: | 05/31/2012 08:22 PM |
| Subject: | Defendants' Motion to Preclude (ECF No. 428) |

Michael and Wes,

With respect to your motion in limine to preclude the use of witnesses at trial, we would like to schedule a telephonic conference in accordance with Local Rule 7(d)(4). We would like to discuss a proposal to limit witnesses to be included as part of the draft pretrial order from those witnesses initially included on Lead Plaintiffs' Supplement to Fed. R. Civ. P. 26(a)(1) filed on April 12 2012 and the Second Supplement filed on May 9, 2012 ("Supplemental Disclosures"). The witnesses we propose to limit from the Supplemental Disclosures and consent to being deposed are as follows:

Teresa Bondurant

1

Karen Fridley
Diana Jeanty
Denise Luedke
Michelle Joans
Tim Bates

Please let us know when you are available to discuss.

Thanks


Anne Box, Attorney
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101

619.233.4565 Phone
619.233.0508 Fax
www.scott-scott.com


This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify Scott+Scott LLP immediately by telephone at 619.233.4565, or e-mail at abox@scott-scott.com and immediately delete this message and all its attachments.

[attachment "scott-scott5522.jpg" deleted by Michael Paskin/NYC/Cravath]

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone
other than a designated addressee is unauthorized. If you are not an intended recipient,
please delete this e-mail from the computer on which you received it.