THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates to: ALL CASES | Master Case No.: C09-0037 (MJP)<br><br>**DECLARATION OF JASON ROWE IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO PRECLUDE USE OF UNTIMELY DISCLOSED WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)**<br><br>ORAL ARGUMENT REQUESTED |

DECL. OF JASON ROWE IN SUPPORT OF PLAINTIFFS'
RESPONSE TO DEFS.' MOTION TO PRECLUDE USE
OF UNTIMELY DISCLOSED WITNESSES PURSUANT TO
FED. R. CIV. P. 37(c)(1)
Case No. C09-037 MJP

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

I, Jason Rowe, hereby declare as follows under penalty of perjury pursuant to 28 U.S.C. §1746, that:

1. That I am a licensed Private Investigator in California, license number AA9044. I have operated my business, Jason Rowe Investigation, since 1982 in California. If called as a witness, I could and would competently testify to the following facts, of which I have personal knowledge:

2. On approximately January 17, 2012 I was contacted by attorney Anne Box of Scott+Scott LLP, to investigate certain allegations in the complaint by the plaintiff investors in the Washington Mutual ("WaMu") Mortgage Backed Securities Litigation ("MBS") that are the of subject this litigation. The major focus of this investigation was to identify, locate, and interview witnesses, particularly with regard to WaMu's underwriting practices. I was to focus this effort on the time frame that related underwriting guidelines and policies were created; that those loans included in the subject MBS tranches were originated; and the times that prospectuses for the subject MBS were issued and marketed. For these purposes, I focused my efforts on the period of 2004 through 2007.

3. Through reading various documents filed in this case and researching WaMu's loan origination and company structure during the relevant times, I familiarized myself with the various titles that employees, including underwriters, were given by WaMu in the relevant period. I researched the media, blogs, and various databases, including public networking sites (the most common was LinkedIn), to identify former employees who worked in various capacities on the loan origination process. These included underwriters, managers, loan processors, closers, loan consultants, brokers, credit analysts, auditors, and others to a lesser degree. During the investigation I also reviewed WaMu documents produced in this matter, which provided leads to potential underwriter witnesses. In researching the profiles of these witnesses on LinkedIn particularly, leads were developed to former underwriters as LinkedIn profiles often include the identities of others in similar positions and links to their profiles.

DECL. OF JASON ROWE IN SUPPORT OF PLAINTIFFS'
RESPONSE TO DEFS.' MOTION TO PRECLUDE USE
OF UNTIMELY DISCLOSED WITNESSES PURSUANT TO
FED. R. CIV. P. 37(c)(1)
Case No. C09-037 MJP

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

1

4. I, along with staff members who assisted me in this process, reviewed profiles for hundreds of former WaMu employees, I estimate that this number exceeded 1,000. Of all former employees identified, those who met certain criteria, such as: worked in the related time period and held a position of interest; worked for long enough to have covered at least some of 2005 and/or 2006; worked in other capacities of interest; worked at certain locations of interest; or reflected other criteria of interest as the investigation progressed; were then located. Commercially available investigation databases were used to locate most witnesses, or contact information was developed using the internet for witnesses' current places of employment reflected on their profiles.

5. I used my normal practice of identifying witnesses in batches, then locating and attempting contacts. I conducted all witness contacts and interviews on this matter myself personally. Upon contacting prospective witnesses, I identified myself as a private investigator working for Scott+Scott which represents pension funds that invested in WaMu MBS containing loans primarily originated between 2004 and 2006. I described that the pension funds represented by counsel in this matter had filed suit on behalf of themselves and others who invested as well, against WaMu entities and certain of its officers; and that the case was in Federal Court in Seattle. If the witness agreed to be interviewed, I either conducted same at the time of contact or scheduled a time convenient for the witness.

6. As I made contacts and conducted interviews, my staff and I also continued to identify and locate additional prospects using the same methodology described above. Witnesses I interviewed also identified other witness prospects and these were located as well. If I did not immediately reach a prospect of interest, I continued to attempt periodically on an ongoing basis. After I completed interviews, I reported any factual information developed to attorneys at Scott+Scott.

7. I identified Teresa Bondurant ("Bondurant") on LinkedIn and located her using a locate database. I first contacted Teresa Bondurant on 2/1/12 and conducted an interview. I

DECL. OF JASON ROWE IN SUPPORT OF PLAINTIFFS'
RESPONSE TO DEFS.' MOTION TO PRECLUDE USE
OF UNTIMELY DISCLOSED WITNESSES PURSUANT TO
FED. R. CIV. P. 37(c)(1)
Case No. C09-037 MJP

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

2

reported the substance of this interview to Scott+Scott on 2/6/12. I re-contacted Bondurant on 2/16/12 and conducted a follow-up interview, mainly to identify other witness prospects in the Seattle area. From 2/22/12 to 4/26/12, I made periodic attempts to contact Bondurant for purposes of requesting her to provide a declaration describing the same factual statements she made to me in the interview of 2/1/12. I had further discussions with Bondurant on 4/27/12 about her willingness to testify by a declaration. I had final discussions with Bondurant in early May about her willingness to testify by declaration, however, she ultimately declined.

8. I identified Karen Fridley ("Fridley") on LinkedIn and then located her through a locate database. I first contacted her on 3/12/12 and conducted an interview. I reported the substance of this interview to Scott+Scott on 3/16/12. I re-contacted Fridley on 3/16/12 to conduct a follow-up interview and also discussed with her the possibility of testifying by declaration. On 4/9/12, Fridley declined to testify by declaration.

9. I identified Diane Jeanty ("Jeanty") on LinkedIn and located her using a locate database. I first contacted her on 3/30/12 and conducted an interview. I reported the substance of this interview to Scott+Scott on 3/30/12. I re-contacted Jeanty later the same day to conduct a follow-up interview, and discussed the possibility of her testifying by declaration. On 5/7/12, Jeanty signed her declaration and I transferred her signed declaration to Scott+Scott, which is attached hereto as Exhibit A.

10. I identified Denise Luedtke ("Luedtke") on LinkedIn and located her using a locate database. I first contacted her on 4/26/12 and conducted an interview. I also discussed the

DECL. OF JASON ROWE IN SUPPORT OF PLAINTIFFS'
RESPONSE TO DEFS.' MOTION TO PRECLUDE USE
OF UNTIMELY DISCLOSED WITNESSES PURSUANT TO
FED. R. CIV. P. 37(c)(1)
Case No. C09-037 MJP

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

3

| | |
|---|---|
| 1 | possibility of her testifying by declaration. On 5/9/12, Luedtke signed her declaration, which I |
| 2 | then transferred to Scott+Scott the same day, which is attached hereto as Exhibit B. |
| 3 | I declare under penalty of perjury that the foregoing is true. |
| 4 | Executed at Tarzana, CA on June 11, 2012. |

*/s/ Jason Rowe*
Jason Rowe
Jason Rowe Investigations
18321 Ventura Blvd., Suite 840
Tarzana, CA 91356
Telephone: (818) 609-1500
Fax: (818) 996-1700 (Fax)
Email: JasonJRA@aol.com

DECL. OF JASON ROWE IN SUPPORT OF PLAINTIFFS'
RESPONSE TO DEFS.' MOTION TO PRECLUDE USE
OF UNTIMELY DISCLOSED WITNESSES PURSUANT TO
FED. R. CIV. P. 37(c)(1)
Case No. C09-037 MJP                    4

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 11, 2012.

/s/ Anne L. Box
Anne L. Box
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619-233-4565
Fax: 619-233-0508
E-mail: abox@scott-scott.com

DECL. OF JASON ROWE IN SUPPORT OF PLAINTIFFS'
RESPONSE TO DEFS.' MOTION TO PRECLUDE USE
OF UNTIMELY DISCLOSED WITNESSES PURSUANT TO
FED. R. CIV. P. 37(c)(1)
Case No. C09-037 MJP

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

5