The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION,<br><br>This Document Relates to:  ALL CASES | Master Case No. C09-037 MJP<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO PRECLUDE USE OF UNTIMELY DISCLOSED WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)**<br><br>NOTED ON MOTION CALENDAR:<br>June 15, 2012<br><br>ORAL ARGUMENT REQUESTED |

*Defendants' Reply in Support of Their Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii
EXPLANATION OF CITATION FORMS ........................................................................... iv
I.    Witnesses Joans and Bates Should Be Excluded. .....................................................1
II.   Plaintiffs' Underwriter Witnesses Should Be Excluded. ..........................................4
III.  The Automatic Sanction of Exclusion is Appropriate. .............................................6
CONCLUSION.........................................................................................................................6

*Defendants' Reply in Support of Their Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Accentra Inc. v. Staples, Inc., No. CV 07-5862 ABC (RZx), 2010 WL 8450890 (C.D. Cal. Sept. 22, 2010) ................................................................................................4

Arseneau v. Allstate Ins. Co., No. CV 09-117-M-JCL, 2010 WL 4362818 (D. Mont. Oct. 27, 2010) ..........................................................................................................4

Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc., No. C 07-1359 PJH (JL), 2009 WL 904152 (N.D. Cal. Apr. 2, 2009) ................................................5

Estate of Gonzalez v. Hickman, No. ED CV 05-00660 MMM (RCx), 2007 WL 3237635 (C.D. Cal. June 28, 2007) ...............................................................................5, 6

Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188 (1st Cir. 2006) ..................................5

Hall v. City of Fairfield, No. 2:10-cv-00508-GEB-DAD, 2012 WL 1155666 (E.D. Cal. Apr. 5, 2012) .......................................................................................................1, 2

Hoffman v. Constr. Prot. Servs., Inc., 541 F.3d 1175 (9th Cir. 2008)...............................6

Hooker v. Fulton Cnty., Ga., No. CIVA105CV982GET, 2006 WL 2617142 (N.D. Ga. Sept. 12, 2006) ..............................................................................................3

Hoyle v. Freightliner, LLC, 650 F.3d 321 (4th Cir. 2011) ................................................2

Intel Corp. v. VIA Techs., Inc., 204 F.R.D. 450 (N.D. Cal. 2001).....................................5

Mayer v. Kemper Ins., Inc., No. 98 C 8124, 1999 WL 754684 (N.D. Ill. Sept. 10, 1999) .............1

Oracle USA, Inc. v. SAP AG, 264 F.R.D. 541 (N.D. Cal. 2009)..................................4, 6

Powell ex rel. Reed v. Doe, No. 03 C 224, 2004 WL 1444929 (N.D. Ill. June 28, 2004) ..............3

S.F. Baykeeper v. W. Bay Sanitary Dist., 791 F. Supp. 2d 719 (N.D. Cal. 2011) ..........................5

S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592 (4th Cir. 2003).................6

Wegener v. Johnson, 527 F.3d 687 (8th Cir. 2008).........................................................6

*Defendants' Reply in Support of Their Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                                       ii

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Wright v. Hyundai Motor Mfg. Ala., LLC, No. 2:08CV61-SRW, 2010 WL 4739486
    (M.D. Ala. Nov. 16, 2010)..................................................................................................2

Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101 (9th Cir. 2001)...........................4, 6

**Statutes & Rules**

Fed. R. Civ. P. 26................................................................................................................ passim

Fed. R. Civ. P. 37(c) ...................................................................................................................6

*Defendants' Reply in Support of Their Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                              iii

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**EXPLANATION OF CITATION FORMS**

The following citation forms are used in this memorandum:

- "Jackson Decl." for references to the Declaration of Nicholas A. Jackson, dated June 15, 2012, and documents attached as exhibits thereto.

- "Rowe Decl." for references to the Declaration of Jason Rowe, dated June 11, 2012 (Dkt. 441).

- "Box Decl." for references to the Declaration of Anne Box, dated June 11, 2012 (Dkt. 440), and documents attached as exhibits thereto.

- "Defs. Br." for references to Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1), dated May 25, 2012 (Dkt. 428).

- "Pls. Br." for references to Plaintiffs' Response to Defendants' Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1), dated June 11, 2012 (Dkt. 439).

*Defendants' Reply in Support of Their Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)    iv

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1    Over two months after the close of fact discovery, and the day before summary
2 judgment motions were due (and later), Plaintiffs disclosed for the first time they might use the
3 testimony of 206 previously undisclosed witnesses to support their claims.  Plaintiffs now have
4 reduced that number to six, revealing for the first time the witnesses they actually intend to use
5 and demonstrating that even their untimely disclosure put Defendants to the task of finding a
6 needle in a haystack.  Plaintiffs were required to disclose witnesses they might use to support
7 their claims during discovery.  Plaintiffs' failure to comply with their discovery obligations and
8 the Court's scheduling order was neither substantially justified nor harmless, and the late-
9 disclosed witnesses should be excluded.

**I.    Witnesses Joans and Bates Should Be Excluded.**

    Plaintiffs argue that they had no obligation to disclose Michelle Joans or Tim
Bates under Rule 26(a)(1) because Defendants "always knew of their existence."  (Pls. Br. at 5,
10.)  Leaving aside that those individuals did not ever work for the Defendants but were among
tens of thousands of former employees of non-party WMB, the Rule 26(a)(1) requirements do
not turn on whether an adverse party knows an individual "exists"; instead, Rule 26 requires each
party to disclose the witnesses it "may use to support its claims or defenses."  Fed. R. Civ. P.
26(a)(1)(A)(i); Hall v. City of Fairfield, No. 2:10-cv-00508-GEB-DAD, 2012 WL 1155666, at
*3 (E.D. Cal. Apr. 5, 2012).  "[T]he discovery rules place the burden on the party seeking to rely
on a witness to disclose that witness.  The discovery rules do not obligate corporate defendants to
survey their workforce and try to anticipate possible witnesses for the adverse party."  Mayer v.
Kemper Ins., Inc., No. 98 C 8124, 1999 WL 754684, at *1 (N.D. Ill. Sept. 10, 1999).  Even if
Defendants knew that Joans and Bates were former WMB employees, they could not possibly
have known of Plaintiffs' intent to rely upon their testimony to support their claims.

    Plaintiffs did not previously indicate to Defendants their intention potentially to
offer testimony from Joans or Bates.  References to Joans or Bates in documents, depositions, or

*Defendants' Reply in Support of Their Motion To
Preclude Use of Untimely Disclosed Witnesses Pursuant
to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                                    1

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

other discovery materials do not alert Defendants that their testimony might be offered in support of Plaintiffs' claims. Hall, 2012 WL 1155666, at *3 (opposing party "cannot realistically have been expected to recognize these officers as potential witnesses just because their names may have appeared in some of the documents produced in this case"); Wright v. Hyundai Motor Mfg. Ala., LLC, No. 2:08CV61-SRW, 2010 WL 4739486, at *3 (M.D. Ala. Nov. 16, 2010) (deposition testimony did not "suggest even remotely that [the party] intended to or might offer testimony from . . . these individuals"); Hoyle v. Freightliner, LLC, 650 F.3d 321, 330 (4th Cir. 2011) (references in deposition testimony and discovery responses "insufficient to alert Defendant that [the person] was a potential witness"). Indeed, those prior references only reinforce that Plaintiffs should have disclosed Joans and Bates much earlier, i.e. as soon as Plaintiffs deemed them potential witnesses. Plaintiffs' reliance on the Advisory Committee Notes to the 1993 Amendments to Rule 26 is misplaced. (Pls. Br. at 5-6.) Those notes referred to a prior version of Rule 26(a), which required the disclosure of "each individual likely to have discoverable information relevant to disputed facts," and not the current version of the Rule that is focused on disclosure of evidence that the disclosing party "may use to support its claims." Fed. R. Civ. P. 26(a)(1)(A)(i). Although individuals with discoverable information might be capable of revelation by mention at a deposition, the identity of potential witnesses (as required by the current Rule) cannot be.

Production of certain depositions from an unrelated proceeding does not satisfy Plaintiffs' witness disclosure obligations. On January 3, 2012, Plaintiffs produced a CD containing nine depositions from a shareholder suit against WMI. (Jackson Decl. ¶ 2.) Neither those documents—required to be produced pursuant to Defendants' document requests—nor the accompanying cover letter (Box Decl. Ex. 1) indicated that Plaintiffs might use the deponents as witnesses in this case. Nor is that inference plausible, as five of the seven other witnesses on the

*Defendants' Reply in Support of Their Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)    2

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

CD are not on Plaintiffs' list of 206 new witnesses (or any prior disclosures by either side). (Jackson Decl. ¶ 2.)

Plaintiffs' attempt to blame their untimely witness disclosure on Defendants' response to an interrogatory is also misplaced. (Pls. Br. at 2.) Contrary to Plaintiffs' representation, that interrogatory did not seek "the identity of the witnesses who were knowledgeable about WaMu's underwriting policies, procedures or standards." (Pls. Br. at 2.) Instead, it asked: "Identify all Persons with whom You discussed Your underwriting policies, procedures, or standards relating to the Certificates during the time period of January 1, 2006 through [sic]." (Jackson Decl. Ex. 1 at 7.) Putting aside that Defendants did not engage in loan origination (and therefore had no "underwriting policies"), the only way to respond to that vague and overbroad request would have been to review every document about underwriting produced by non-party J.P. Morgan Chase Bank, which Plaintiffs were equally capable of doing. (See Jackson Decl. Ex. 2 at 11-12.) Moreover, Plaintiffs later modified that interrogatory to seek only the identity of "persons who were involved with and have direct knowledge of Defendants' <u>due diligence</u> relating to Defendants' underwriting policies, procedures and/or standards as they pertained to the Certificates during the Relevant Period"; none of the witnesses Plaintiffs now seek to use was involved in due diligence. (Jackson Decl. Ex. 3 at 2 (emphasis added).) Notably, Plaintiffs never moved to compel any further response.

Plaintiffs also fail to distinguish the numerous Ninth Circuit cases cited by Defendants, instead relying on a series of inapposite, mostly out-of-circuit cases that do not involve the sort of large, complex litigation at issue here. <u>See, e.g.</u>, <u>Hooker v. Fulton Cnty., Ga.</u>, No. CIVA105CV982GET, 2006 WL 2617142, at *3 (N.D. Ga. Sept. 12, 2006) (employment discrimination case against public library, where disclosure was made <u>during discovery</u>); <u>Powell ex rel. Reed v. Doe</u>, No. 03 C 224, 2004 WL 1444929, at *2-3 (N.D. Ill. June 28, 2004) (eyewitnesses to sole incident of alleged excessive force upon which entire lawsuit was premised

*Defendants' Reply in Support of Their Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                3

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

had been specifically identified as such during discovery; four witnesses who were not disclosed until last day of discovery were excluded); Arseneau v. Allstate Ins. Co., No. CV 09-117-M-JCL, 2010 WL 4362818, at *1-2 (D. Mont. Oct. 27, 2010) (auto accident case, where disclosure occurred before close of discovery).

Plaintiffs' attempt to distinguish Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101 (9th Cir. 2001) based on the greater delay at issue there (Pls. Br. at 9) already has been rejected by another court presiding over a large, complex litigation like this one. See Oracle USA, Inc. v. SAP AG, 264 F.R.D. 541, 554 (N.D. Cal. 2009). "The magnitude of this case . . . dwarfs cases like Yeti by Molly . . . . [F]ar more time is already necessary for adequate trial preparation in light of the existing complexity and scope of this case . . . ." Id.

## II.   Plaintiffs' Underwriter Witnesses Should Be Excluded.

Plaintiffs do not dispute they were required to disclose the four underwriter witnesses, but argue their supplemental disclosure was "timely" because they purportedly had not yet located or decided to use certain witnesses until well after the close of fact discovery. (Pls. Br. at 7.) Plaintiffs' lack of diligence in prosecuting their case—including the fact that they first contacted a private investigator only 24 days before the close of fact discovery (see Rowe Decl. ¶ 2)—cannot unilaterally redefine what the Court's scheduling Order plainly required. Indeed, the Court has previously determined that Plaintiffs have not demonstrated their diligence in reviewing the documents produced to warrant an extension of fact discovery beyond the deadline set forth in the Order (Dkt. 362 at 2-3), particularly given that there are two capable firms sharing the role of lead counsel for Plaintiffs. (Dkt. 343 at 6-8.)

Untimely disclosures after the close of discovery are not substantially justified when they result from Plaintiffs' own delay. See Accentra Inc. v. Staples, Inc., No. CV 07-5862 ABC (RZx), 2010 WL 8450890, at *7 (C.D. Cal. Sept. 22, 2010) (plaintiff "comes nowhere close to justifying why it did not undertake its efforts until the very end of discovery"); Oracle,

*Defendants' Reply in Support of Their Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)            4

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  264 F.R.D. at 543 ("There is no excuse for only now gathering information for a major aspect"
2  of plaintiff's case that was apparent from the outset); <u>Gagnon v. Teledyne Princeton, Inc.</u>, 437
3  F.3d 188, 197 (1st Cir. 2006) (no substantial justification when Plaintiffs' own choice of strategy
4  causes the delay which led it to miss scheduling order deadlines).  Plaintiffs' own private
5  investigator makes clear that his search was based primarily on online sources (like the
6  professional networking website, LinkedIn) available to Plaintiffs long before a single document
7  was produced in discovery.  (Rowe Decl. ¶ 3.)  Plaintiffs' decision to have a single investigator
8  personally contact each of the individuals he identified (from a list of over 1,000 candidates)
9  likely further exacerbated their unjustified delay.  (<u>Id.</u> ¶ 4-5.)  And even after their investigator
10 interviewed certain of the underwriter witnesses, Plaintiffs waited months to disclose them.  (<u>See</u>
11 Rowe Decl. ¶ 7-8) (Bondurant interviewed February 1, 2012, Fridley interviewed March 12,
12 2012).

13      Plaintiffs' position finds no support in the cases they cite.  <u>See</u> <u>Estate of Gonzalez</u>
14 <u>v. Hickman</u>, No. ED CV 05-00660 MMM (RCx), 2007 WL 3237635, at *6-8 (C.D. Cal. June 28,
15 2007) (experts not excluded where <u>parties agreed</u> to extended deadline; court <u>excluded</u> another
16 untimely disclosed expert, emphasizing harm to Defendants and Court that could not be cured by
17 late depositions); <u>Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.</u>, No. C 07-1359
18 PJH (JL), 2009 WL 904152, at *1-3 (N.D. Cal. Apr. 2, 2009) (supplement 8 days after close of
19 discovery and based in part on deposition from witness not made available until last day of
20 discovery; also no harm to adversary because supplement did not raise issues requiring
21 response); <u>S.F. Baykeeper v. W. Bay Sanitary Dist.</u>, 791 F. Supp. 2d 719 (N.D. Cal. 2011)
22 (discovery was <u>not</u> closed until two months after summary judgment motion and declarations
23 filed, <u>see</u> 2d Amend. Case Mgmt. & Pretrial Order, No. 3:09-cv-05676 (Dkt. 36)); <u>Intel Corp. v.</u>
24 <u>VIA Techs., Inc.</u>, 204 F.R.D. 450, 451-52 (N.D. Cal. 2001) (declarations from <u>timely disclosed</u>
25 witnesses allowed).

*Defendants' Reply in Support of Their Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                5

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**III.     The Automatic Sanction of Exclusion is Appropriate.**

When untimely Rule 26 disclosure is not substantially justified or harmless, exclusion under Rule 37(c) is "a self-executing, automatic sanction." Estate of Gonzalez, 2007 WL 3237635, at *3 (internal quotations omitted).  The out-of-circuit cases cited by Plaintiffs only affirm that.  S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 n. 2 (4th Cir. 2003) (exclusion is "automatic"; "alternative sanctions . . . are primarily intended to apply when a party fails to disclose evidence helpful to an opposing party"); Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008) ("The district court may exclude the information or testimony as a self-executing sanction . . . .").  Moreover, in the Ninth Circuit, bad faith or willfulness is not a requirement for exclusion of evidence under Rule 37(c).  Hoffman v. Constr. Prot. Servs., Inc., 541 F.3d 1175, 1180 (9th Cir. 2008); Yeti by Molly, 259 F.3d at 1106; Oracle, 264 F.R.D. at 545; see also S. States Rack, 318 F.3d at 596 ("excluding evidence only when the nondisclosing party acted in bad faith would undermine the basic purpose of Rule 37(c)(1): preventing surprise and prejudice to the opposing party").

Plaintiffs' untimely disclosure is not substantially justified and their offer to permit Defendants to depose the underwriter witnesses cannot cure the harm already inflicted—including the already-missed opportunity to address this untimely evidence in their summary judgment motion and to develop rebuttal evidence through discovery.  (Defs. Br. at 8-9.) Defendants also "have been making enormous efforts to timely prepare an extremely complex case for trial" (Pls. Br. at 11)—based on the record actually developed during discovery. Allowing Plaintiffs' tactics to succeed would reward them for their delay.

**CONCLUSION**

Defendants respectfully request that the Court grant Defendants' Motion to Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1).

*Defendants' Reply in Support of Their Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)                                              6

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   DATED this 15th day of June, 2012.

2

3                                   **HILLIS CLARK MARTIN & PETERSON, P.S.**
                                By:  /s/ Louis D. Peterson

4                                   Louis D. Peterson, WSBA #5776
                                Brian C. Free, WSBA #35788

5                                   1221 Second Avenue, Suite 500
                                Seattle, WA 98101-2925

6                                   Telephone: (206) 623-1745
                                Facsimile: (206) 623-7789

7                                   Email: ldp@hcmp.com
                                            bcf@hcmp.com

8

9                                   **BINGHAM MCCUTCHEN LLP**
                                **By:**  */s/ John D. Pernick*

10                                  David M. Balabanian (admitted *pro hac vice*)
                                John D. Pernick (admitted *pro hac vice*)

11                                  Frank Busch (admitted *pro hac vice*)
                                Three Embarcadero Center

12                                  San Francisco, CA 94111-4067
                                Telephone: (415) 393-2000

13                                  Facsimile: (415) 393-2286
                                Email:  david.balabanian@bingham.com

14                                              john.pernick@bingham.com
                                          frank.busch@bingham.com

15
                                *Attorneys for Defendants WaMu Asset Acceptance*

16                                  *Corp., WaMu Capital Corp., David Beck, Richard*
                                *Careaga, Rolland Jurgens, and Diane Novak*

17

18

19

20

21

22

23

24

25

---

*Defendants' Reply in Support of Their Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)

7

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**CRAVATH, SWAINE & MOORE LLP**
**By:** */s/ Michael A. Paskin*
Evan R. Chesler (admitted *pro hac vice*)
Daniel Slifkin (admitted *pro hac vice*)
Michael A. Paskin (admitted *pro hac vice*)
Wes Earnhardt (admitted *pro hac vice*)
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
Email:  echesler@cravath.com;
     dslifkin@cravath.com;
     mpaskin@cravath.com;
     wearnhardt@cravath.com

*Attorneys for Defendants WaMu Asset Acceptance Corp. and WaMu Capital Corp.*

---

*Defendants' Reply in Support of Their Motion To Preclude Use of Untimely Disclosed Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1)*
(CV09-037 MJP)

8

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of June, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam Zurofsky azurofsky@cahill.com

Amanda F. Lawrence alawrence@scott-scott.com

Anne L. Box abox@scott-scott.com

Barry Robert Ostrager bostrager@stblaw.com, managingclerk@stblaw.com

Bradley T. Meissner bradley.meissner@dlapiper.com

Brian O. O'Mara bo'mara@rgrdlaw.com, e_file_sd@rgrdlaw.com

Christopher E Lometti clometti@cohenmilstein.com

Daniel B Rehns drehns@cohenmilstein.com, efilings@cohenmilstein.com

Darren J Robbins e_file_sd@csgrr.com

David Daniel Hoff dhoff@tousley.com, efile@tousley.com

Douglas C McDermott doug@mcdermottnewman.com, eric@mcdermottnewman.com

Daniel Slifkin dslifkin@cravath.com

Edward C. Signaigo esignaigo@scott-scott.com

Evan R. Chesler echesler@cravath.com

Floyd Abrams fabrams@cahill.com

Gavin Williams Skok gskok@riddellwilliams.com, jsherred@riddellwilliams.com, lmoore@riddellwilliams.com

Geoffrey M Johnson gjohnson@scott-scott.com, efile@scott-scott.com

Hal D Cunningham hcunningham@scott-scott.com, efile@scott-scott.com, halcunningham@gmail.com

Hector J. Valdes hvaldes@cravath.com

Hollis Lee Salzman (Terminated) hsalzman@labaton.com, ElectronicCaseFiling@labaton.com

*Certificate of Service*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1. James J. Coster jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com
2. Janissa Ann Strabuk jstrabuk@tousley.com, lrolling@tousley.com, wcruz@tousley.com
3. Jason T Jasnoch jjasnoch@scott-scott.com, efile@scott-scott.com
4. Jesse M. Weiss jweiss@cravath.com
5. Joel P Laitman jlaitman@cohenmilstein.com
6. John D Lowery jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com
7. John D. Pernick john.pernick@bingham.com
8. John T. Jasnoch jjasnoch@scott-scott.com
9. Jonathan Gardner jgardner@labaton.com
10. Joseph P Guglielmo jguglielmo@scott-scott.com, efile@scott-scott.com
11. Joseph A. Fonti (Terminated) jfonti@labaton.com, ElectronicCaseFiling@labaton.com
12. Joshua M. Rubins jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com
13. Joshua S. Devore jdevore@cohenmilstein.com, efilings@cohenmilstein.com
14. Julie Goldsmith Reiser jreiser@cohenmilstein.com
15. Julie Hwang (Terminated) jhwang@labaton.com, ElectronicCaseFiling@labaton.com
16. J. Wesley Earnhardt wearnhardt@cravath.com
17. Kenneth J Pfaehler kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com
18. Kenneth M Rehns krehns@cohenmilstein.com
19. Kerry F Cunningham kerry.cunningham@dlapiper.com
20. Kevin P Chavous kchavous@sonnenschein.com
21. Kim D Stephens kstephens@tousley.com, cbonifaci@tousley.com, lrolling@tousley.com,
22.     wcruz@tousley.com
23. Larry Steven Gangnes gangnesl@lanepowell.com, docketingsea@lanepowell.com,
24.     donnellyjossm@lanepowell.com, sebringl@lanepowell.com
25. Leslie D Davis ldavis@sonnenschein.com

Mary Kay Vyskocil mvyskocil@stblaw.com

*Certificate of Service*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1. Matthew B. Kaplan mkaplan@cohenmilstein.com, efilings@cohenmilstein.com
2. Michael A. Paskin mpaskin@cravath.com
3. Michael H. Barr mbarr@sonnenschein.com
4. Nancy A Pacharzina (Terminated) npacharzina@tousley.com, mhottman@tousley.com
5. Paul Scarlato pscarlato@labaton.com, ElectronicCaseFiling@labaton.com
6. Paul Joseph Kundtz pkundtz@riddellwilliams.com, mbergquam@riddellwilliams.com,
7.    mdowns@riddellwilliams.com
8. Richard A Speirs rspeirs@cohenmilstein.com
9. Richard F Hans richard.hans@dlapiper.com, dorinda.castro@dlapiper.com
10. Robert D Stewart stewart@kiplinglawgroup.com
11. Rogelio Omar Riojas omar.riojas@dlapiper.com, karen.hansen@dlapiper.com,
12.    nina.marie@dlapiper.com
13. Ryan Wagenleitner rwagenleitner@scott-scott.com
14. S Douglas Bunch dbunch@cohenmilstein.com
15. Serena Rich ardson (Terminated) srichardson@labaton.com, ElectronicCaseFiling@labaton.com
16. Stellman Keehnel stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com
17. Stephen M. Rummage steverummage@dwt.com, jeannecadley@dwt.com,
18.    seadocket@dwt.com
19. Steve W. Berman steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com
20. Steven J Toll stoll@cohenmilstein.com, efilings@cohenmilstein.com
21. Steven P Caplow stevencaplow@dwt.com, jasonSchattenkerk@dwt.com,
22.    patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com
23. Steven W Fogg sfogg@corrcronin.com, hpowell@corrcronin.com,
24.    reception@corrcronin.com
25. Susan L. Hoffman susan.hoffman@bingham.com

Tammy Roy troy@cahill.com

*Certificate of Service*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  Thomas G. Rafferty trafferty@cravath.com

2  Timothy Michael Moran moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com

3  Walter W. Noss wnoss@scott-scott.com, efile@scott-scott.com

4  DATED this 15th day of June, 2012 at Seattle, Washington.

          By: /s/ Louis D. Peterson
          Louis D. Peterson, WSBA #5776
          1221 Second Avenue, Suite 500
          Seattle, WA 98101-2925
          Telephone: (206) 623-1745
          Facsimile: (206) 623-7789
          Email: ldp@hcmp.com

*Certificate of Service*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789