1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

IN RE WASHINGTON MUTUAL
MORTGAGE BACKED SECURITIES
LITIGATION,

This Document Relates to:  ALL CASES

Master Case No. C09-037 MJP

**DEFENDANTS' REPLY IN SUPPORT OF
THEIR MOTION TO PRECLUDE USE
OF UNTIMELY DISCLOSED EXPERT
OPINIONS OF IRA HOLT AND
CHARLES D. COWAN PURSUANT TO
FED. R. CIV. P. 37(c)(1)**

NOTE ON MOTION CALENDAR:
June 22, 2012

ORAL ARGUMENT REQUESTED

*Defendants' Reply in Support of Their Motion To
Preclude Use of Untimely Disclosed Expert Opinions of
Ira Holt and Charles D. Cowan Pursuant to
Fed. R. Civ. P. 37(c)(1) - (CV09-037 MJP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ ii

EXPLANATION OF CITATION FORMS ................................................................ iv

I.      Mr. Holt's Purported Findings Concerning 1,963 Additional Loans Are New
        Opinions Based on New Analyses That Were Required To Be Disclosed By the
        Expert Deadline. ........................................................................................... 1

II.     Plaintiffs' Failed Disclosure Is Not Substantially Justified or Harmless .......... 5

CONCLUSION ............................................................................................................. 6

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*Defendants' Reply in Support of Their Motion To
Preclude Use of Untimely Disclosed Expert Opinions of
Ira Holt and Charles D. Cowan Pursuant to
Fed. R. Civ. P. 37(c)(1)* - (CV09-037 MJP)          i

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3
**Cases**

4
Allgood v. Gen. Motors Corp., No. 102CV1077DFHTAB, 2006 WL 2669337 (S.D. Ind.
    Sept. 18, 2006) ................................................................................................................5

5

6
Cornell Research Found., Inc. v. Hewlett-Packard Co., No. 5:01-CV-1975 (NAM/DEP),
    2007 WL 4349135 (N.D.N.Y. Jan. 31, 2007) ..................................................................4

7
Dixie Steel Erectors, Inc. v. Grove U.S., L.L.C., No. CIV-04-390-F, 2005 WL 3558663
    (W.D. Okla. Dec. 29, 2005) ............................................................................................2

8

9
Emcore Corp. v. Optium Corp., No. 6-1202, 2008 WL 3271553 (W.D. Pa. Aug. 5,
    2008) ................................................................................................................................4

10

11
In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig., 643 F. Supp. 2d 471
    (S.D.N.Y. 2009) ..............................................................................................................2

12
Nw. Pipeline Corp. v. Ross, No. C05-1605RSL, 2008 WL 1744617 (W.D. Wash. Apr.
    11, 2008) ......................................................................................................................3, 6

13

14
Palmer v. Asarco Inc., No. 03-CV-0498-CVE-PJC, 2007 WL 2254343 (N.D. Okla. Aug.
    3, 2007) ........................................................................................................................5, 6

15

16
Plumley v. Mockett, No. CV 04-2868-GHK (Ex), 2010 WL 8160423 (C.D. Cal. May 26,
    2010) ................................................................................................................................2

17
Presstek, Inc. v. Creo, Inc., No. 05-cv-65-PB, 2007 WL 983820 (D.N.H. Mar. 30,
    2007) .............................................................................................................................4, 5

18

19
Quapaw Tribe of Okla. v. Blue Tee Corp., No. 03-CV-0846-CVE-PJC, 2010 WL
    3909204 (N.D. Okla. Sept. 29, 2010) ..............................................................................4

20
S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592 (4th Cir. 2003) .................3

21
Schmude v. Tricam Indus., Inc., 550 F. Supp. 2d 846 (E.D. Wis. 2008) ........................................4

22

23
Single Chip Sys. Corp. v. Intermec IP Corp., 495 F. Supp. 2d 1066, 1075 (S.D. Cal.
    2007) ................................................................................................................................5

24
Spurlock v. Fox, No. 3:09-cv-0756, 2010 WL 3807167 (M.D. Tenn. Sept. 23, 2010) ...................6

25

*Defendants' Reply in Support of Their Motion To
Preclude Use of Untimely Disclosed Expert Opinions of
Ira Holt and Charles D. Cowan Pursuant to
Fed. R. Civ. P. 37(c)(1) - CV09-037 MJP)*                     ii

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Thompson v. Doane Pet Care Co., 470 F.3d 1201 (6th Cir. 2006) ................................................2

**Statutes & Rules**

Fed. R. Civ. 26 ............................................................................................................1, 2, 6

Fed. R. Civ. 37(c)............................................................................................................4, 6

*Defendants' Reply in Support of Their Motion To*
*Preclude Use of Untimely Disclosed Expert Opinions of*
*Ira Holt and Charles D. Cowan Pursuant to*
*Fed. R. Civ. P. 37(c)(1) -* CV09-037 MJP)     iii

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

## EXPLANATION OF CITATION FORMS

2

The following citation forms are used in this memorandum:

3

4

- "Sanfilippo Decl." for references to the Declaration of Michael A. Sanfilippo, dated June 22, 2012, and documents attached as exhibits thereto.

5

6

- "5/25/12 Holt Decl." for references to the Daubert Motion Declaration of Ira Holt, dated May 25, 2012, previously submitted by Plaintiffs as Exhibit 1 to the May 25, 2012 Declaration of Daniel B. Rehns (Dkt. 425).

7

8

- "Defs. Br." for references to Defendants' Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1), dated June 7, 2012 (Dkt. 435).

9

10

- "Pls. Br." for references to Plaintiffs' Opposition to Defendants' Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1), dated June 18, 2012 (Dkt. 444).

11

12

- "Holt Report" for references to the Expert Report of Plaintiffs' proposed expert, Ira Holt, dated March 2, 2012, previously submitted as Exhibit 2 to the April 25, 2012 Declaration of J. Wesley Earnhardt (Dkt. 407).

13

14

- "Ostendorf Report" for references to the Expert Report of Defendants' proposed expert, George Ostendorf, dated March 30, 2012, previously submitted as Exhibit 3 to the April 25, 2012 Declaration of J. Wesley Earnhardt (Dkt. 407).

15

16

- "Judgment on Pleadings Opp." for references to Plaintiffs' Opposition to Defendants' Motion for Judgment on the Pleadings, dated Sept. 16, 2011 (Dkt. 327).

17

18

- "Class Cert. Hearing Transcript" for references to the Corrected Verbatim Report of Proceedings Before the Honorable Marsha J. Pechman on October 13, 2011 (Dkt. 343).

19

20

- "12/19/11 Transcript" for references to the Official Transcript of Telephone Conference held on December 19, 2011, before Judge Marsha J. Pechman (Dkt. 361).

21

22

23

24

25

*Defendants' Reply in Support of Their Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1) - (CV09-037 MJP)*     iv

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1    Plaintiffs do not dispute that they received the relevant loan files in mid-2011 and

2   designed a sample to review by December 2011, but then waited until February 2012 (less than a

3   month before the expert deadline) to commence that review.  (Defs. Br. at 3.)  Having offered

4   opinions as to only 424 loans by the expert report deadline, Mr. Holt now purports to opine on an

5   additional 1,027 loans (and intends to continue opining on nearly 1,000 more through the eve of

6   trial)—in what Plaintiffs term an "elaboration" on his prior report.  Mr. Holt and his staff have

7   already spent over 3,400 hours on this "elaboration," and responding to his untimely new

8   opinions (if they are ever disclosed) would require Defendants to expend similar resources when

9   the parties should be preparing for trial.  Moreover, it is now clear that Plaintiffs do not intend to

10  make any disclosure at all of Mr. Holt's specific conclusions or underlying data for the additional

11  loans, without which Defendants  are denied the ability to assess or respond to his opinions.

12  Plaintiffs' untimely expansion of the scope of Mr. Holt's opinions and simultaneous failure to

13  provide Defendants any reasonable opportunity to respond should be rejected.

14  I.    **Mr. Holt's Purported Findings Concerning 1,963 Additional Loans Are New**
        **Opinions Based on New Analyses That Were Required To Be Disclosed By the**
15      **Expert Deadline.**

16         Mr. Holt was engaged "to review a sample of loans for their compliance with

17  Washington Mutual's underwriting."  (Holt Report at 1.)  He reviewed a sample of 424 loans and

18  opined "based on [his] experience as an underwriter" as to whether each loan complied with

19  WMB's underwriting guidelines or was, in his view, "materially defective."  (Id. at 1-3.)  Those

20  loan-level conclusions were the entire substance of Mr. Holt's opinion.

21         Plaintiffs now argue that Mr. Holt's determinations about purported defects in

22  1,963 additional loan files are not new opinions (and need not be disclosed) because those

23  individual determinations, in the aggregate, purportedly are consistent with the conclusions he

24  reached regarding the original 424 loans.  (Pls. Br. at 2-4.)  Plaintiffs are wrong.  Carried to its

25  logical conclusion, their position would nullify Rule 26(a)(2)'s requirement that expert reports

*Defendants' Reply in Support of Their Motion To*
*Preclude Use of Untimely Disclosed Expert Opinions of*
*Ira Holt and Charles D. Cowan Pursuant to*
*Fed. R. Civ. P. 37(c)(1) - (CV09-037 MJP)*          1

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   contain "a complete statement of **all opinions** the witness will express **and the basis and**

2   **reasons** for them" and would allow Plaintiffs to expand their analysis uninhibited by adversarial

3   testing or Court deadlines under the guise of "reinforcing" or "elaborating" on an opinion based

4   only on a small percentage of the loan sample and underlying data.  See Plumley v. Mockett, No.

5   CV 04-2868-GHK (Ex), 2010 WL 8160423, at *2 (C.D. Cal. May 26, 2010) (untimely attempts

6   to "strengthen or deepen opinions expressed in the original report" "circumvent the full

7   disclosure requirement implicit in Rule 26"); Dixie Steel Erectors, Inc. v. Grove U.S., L.L.C.,

8   No. CIV-04-390-F, 2005 WL 3558663, at *8 (W.D. Okla. Dec. 29, 2005) (party cannot "send[]

9   its expert back to the drawing board or back into the laboratory to do significant additional work

10   after the original report has been rendered").

11           Mr. Holt's purported findings regarding the nearly 2,000 previously un-reviewed

12   loans are not a mere "elaboration" on his original opinions, but rather new conclusions based on

13   new (and still undisclosed) analyses.  Indeed, even assuming Mr. Holt spent seven hours on each

14   loan in his initial review, he has already spent considerably more time on his "elaboration" than

15   on his report.  (See Holt Report at 7 (noting each of the 424 original loans took "up to several

16   hours" to review).)  The out-of-circuit cases Plaintiffs cite for the unremarkable observation that

17   an expert is not limited to the literal contents of his report are inapposite.  See, e.g., Thompson v.

18   Doane Pet Care Co., 470 F.3d 1201, 1202-04 (6th Cir. 2006) (accountant could testify that

19   opinions were based on GAAP without having specifically stated those "magic words" in his

20   report); In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig., 643 F. Supp. 2d 471, 482

21   (S.D.N.Y. 2009) (nondisclosure of actual market share percentage in initial report did not render

22   it incomplete, where report "spelled out precisely how to perform the exceedingly simple

23   calculation" and disclosed necessary data).

24           The "rules of expert disclosure are designed to allow an opponent to examine an

25   expert opinion for flaws and to develop counter-testimony through that party's own experts."

*Defendants' Reply in Support of Their Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1)* - (CV09-037 MJP)    2

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1    S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 598 (4th Cir. 2003); see

2    also Nw. Pipeline Corp. v. Ross, No. C05-1605RSL, 2008 WL 1744617, at *10 (W.D. Wash.

3    Apr. 11, 2008) (untimely disclosure of additional expert opinions deprives opponent of ability to

4    "contradict or rebut").  Defendants are denied the opportunity to do that because Plaintiffs have

5    failed timely to disclose Mr. Holt's new opinions, let alone the supporting data and analysis.

6    Plaintiffs contend they need not disclose Mr. Holt's new opinions because his "methodology"

7    has not changed.  (Pls. Br. at 6, 11.)  That is wrong.  Under Mr. Holt's "methodology," the

8    evaluation of an individual loan's adherence to the underwriting guidelines is a highly fact-

9    specific, judgment-based determination not susceptible to mechanical application.  Mr. Holt did

10   not employ an algorithm that could be applied to additional loans, bypassing the need for a file-

11   by-file analysis; instead, his conclusions require a review of the loan file at issue and application

12   of judgment and "experience as an underwriter" (Holt Report at 2).  Plaintiffs do not suggest

13   otherwise.  Thus, Mr. Holt's initial report provides no key from which Defendants can identify or

14   respond to the purported issues he might opine exist in the 1,963 additional loans.

15          Plaintiffs' argument that Defendants could have re-underwritten loans themselves

16   (Pls. Br. at 2) misses the point.  Defendants are not required to offer their own post-hoc opinion

17   based on "re-underwriting"—the contemporaneous record already makes plain that WMB had

18   sound underwriting practices and that the overwhelming majority of loans reflect acceptable

19   credit decisions (see Defendants' Motion for Summary Judgment (Dkt. 383) at 5-24), and

20   Plaintiffs themselves previously asserted (when it suited their purposes at the time) that a loan-

21   by-loan review was "immaterial."  (See Judgment on Pleadings Opp. at 2 n.6; Class Cert.

22   Hearing Transcript at 25:1-19.)  The only reason Defendants reviewed individual loan files is to

23   respond to Mr. Holt's opinions, and that cannot be done without timely and full disclosure of

24   those opinions and the basis for them.  But Plaintiffs have withheld even the most basic facts

25   about Mr. Holt's new opinions, including which loans Mr. Holt deems "materially defective."

*Defendants' Reply in Support of Their Motion To
Preclude Use of Untimely Disclosed Expert Opinions of
Ira Holt and Charles D. Cowan Pursuant to
Fed. R. Civ. P. 37(c)(1) - (CV09-037 MJP)*          3

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   See Quapaw Tribe of Okla. v. Blue Tee Corp., No. 03-CV-0846-CVE-PJC, 2010 WL 3909204,

2   at *4 (N.D. Okla. Sept. 29, 2010) (excluding untimely supplemental expert opinions that applied

3   analysis from initial report to newly sampled data, noting that "defendants must be given a

4   reasonable opportunity for their own experts" to consider the new findings).

5          In addition, Plaintiffs do not—and cannot—dispute the numerous Ninth Circuit

6   cases that have held that untimely expert opinions offered to bolster earlier ones should be

7   excluded under Rule 37(c) absent a showing of substantial justification or harmlessness.  (See

8   Defs. Br. at 7-12.)  A party cannot "attempt[] to bolster [its expert's] previously disclosed

9   opinions and immunize them from attack" by conducting additional tests after the disclosure

10  deadline.  Presstek, Inc. v. Creo, Inc., No. 05-cv-65-PB, 2007 WL 983820, at *5 (D.N.H. Mar.

11  30, 2007).  Plaintiffs' conduct is even more objectionable because they have not actually

12  disclosed Mr. Holt's new opinions or the basis for those new opinions.

13         The largely out-of-circuit cases from which Plaintiffs selectively quote do not

14  help them.  Those cases address reformulations of previously disclosed expert opinions, not new

15  opinions based on long-available, but previously un-reviewed, evidence.  See, e.g., Emcore Corp.

16  v. Optium Corp., No. 6-1202, 2008 WL 3271553, at *3-5 (W.D. Pa. Aug. 5, 2008); Cornell

17  Research Found., Inc. v. Hewlett-Packard Co., No. 5:01-CV-1974 (NAM/DEP), 2007 WL

18  4349135, at *20 (N.D.N.Y. Jan. 31, 2007) (declining to exclude declaration that "d[id] not

19  interject new materials or theories that were not disclosed in his comprehensive reports in this

20  matter" and simply explained or "reiterate[d] information and opinions set forth in meticulous

21  detail in his expert reports"); Schmude v. Tricam Indus., Inc., 550 F. Supp. 2d 846, 854 (E.D.

22  Wis. 2008) aff'd, 556 F.3d 624 (7th Cir. 2009) (minor clarification on point that was "not

23  significant to [expert's] opinion" and was already known and discussed by opponent's expert).

24         Finally, Plaintiffs' portrayal of Mr. Holt's continued re-underwriting as an attempt

25  to respond to Defendants' Daubert motion (filed in late April 2012) is belied by their own prior

*Defendants' Reply in Support of Their Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1) - (CV09-037 MJP)*

4

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1    statements.  Plaintiffs indicated to the Court in December 2011 that they intended to re-

2    underwrite approximately 2,500 loans.  (12/19/11 Transcript at 3, 15.)  Regardless, Mr. Holt's

3    additional loan review is not a defense of his original opinions in response to criticism, but rather

4    an attempt to cure his failures through untimely new testing.  That is prohibited.  Palmer v.

5    Asarco Inc., No. 03-CV-0498-CVE-PJC, 2007 WL 2254343, at *3-4 (N.D. Okla. Aug. 3, 2007)

6    (expert cannot bolster initial opinions in response to Daubert challenge through additional testing

7    which he "could have performed . . . in a timely fashion"); Presstek, 2007 WL 983820, at *5

8    (expert cannot "conduct additional tests to respond to criticism leveled by an opposing party's

9    experts after agreed-upon disclosure deadlines have passed").  Mr. Holt's ongoing review bears

10   no relation to the kind of supplementation allowed in the cases Plaintiffs cite.  See, e.g., Allgood

11   v. Gen. Motors Corp., No. 102CV1077DFHTAB, 2006 WL 2669337, at *4-5 (S.D. Ind. Sept. 18,

12   2006) (supplemental opinions merely responded to specific criticisms or "harmlessly repeat[ed]

13   information" from previous reports and thus did not "ambush" opponent with new information);

14   Single Chip Sys. Corp. v. Intermec IP Corp., 495 F. Supp. 2d 1066, 1075 (S.D. Cal. 2007) ("the

15   majority of the opinions [in the supplemental disclosure] were given extensive discussion" in

16   earlier disclosures, and court declined to rely on other undisclosed opinions).

17   **II.    Plaintiffs' Failed Disclosure Is Not Substantially Justified or Harmless.**

18             Plaintiffs do not dispute that they failed to start reviewing loan files, which they

19   have had since mid-2011, until 29 days before their expert report was due.  (Defs. Br. at 3.)  The

20   expert disclosure deadlines in this case have been in place since September 2011 (Dkt. 335), but

21   Plaintiffs have never sought relief from those deadlines.  (Defs. Br. at 12.)

22             Plaintiffs have not met their burden to show substantial justification.  (See Defs.

23   Br. at 11-12); Presstek, 2007 WL 983820, at *7 (excluding supplemental expert opinions based

24   on additional testing because party had "no good explanation for its failure to have [its expert]

25   perform the tests described in the supplemental disclosure at a time when it could have included

*Defendants' Reply in Support of Their Motion To
Preclude Use of Untimely Disclosed Expert Opinions of
Ira Holt and Charles D. Cowan Pursuant to
Fed. R. Civ. P. 37(c)(1) - (CV09-037 MJP)*          5

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   the results in its initial disclosure"); <u>Palmer</u>, 2007 WL 2254343, at *3-4.  Nor have Plaintiffs

2   shown harmlessness—to the contrary, their refusal to disclose Mr. Holt's new opinions or the

3   underlying data continues to harm Defendants by denying them the opportunity to respond.

4   Plaintiffs do not dispute that the review of each loan is a laborious, fact- and time-intensive

5   process.  (See Defs. Br. at 8.)  Mr. Holt explained that "some [loan] files exceed[] 2,100 pages in

6   length" and that review "can take up to several hours for each loan, even for an experienced

7   underwriter." (Holt Report at 7; <u>see also</u> Sanfilippo Decl. ¶ 2 & Ex. 1 (exhibit from Mr.

8   Ostendorf's report illustrating complexity of analyzing a single loan).)  Plaintiffs have not only

9   given themselves a nearly four month head start on this process (which has already taken them in

10  excess of 3,437 hours of work (5/25/12 Holt Decl. at 1)), but apparently intend to preserve that

11  advantage by <u>never</u> producing any supporting information about Mr. Holt's new analyses.

12         Defendants' ability to depose Mr. Holt does not cure the harm.  Seven hours of

13  questioning by counsel could not possibly uncover sufficient information about Mr. Holt's views

14  on each of the 1,963 additional loans to enable Defendants' expert substantively to respond to

15  Mr. Holt's conclusions.  See <u>Nw. Pipeline</u>, 2008 WL 1744617, at *9-10 (expert deposition does

16  not cure untimely disclosed opinions because opponent deprived of ability to "contradict or

17  rebut" through own expert, and would disrupt Court's schedule and "render Rule 37(c)(1)

18  toothless"); <u>Spurlock v. Fox</u>, No. 3:09-cv-0756, 2010 WL 3807167, at *4 (M.D. Tenn. Sept. 23,

19  2010) ("To create an exception to Rule 26 when a party declines to depose a witness would

20  defeat one of the primary purposes of Rule 26.").

## CONCLUSION

22         Defendants respectfully request that the Court grant Defendants' Motion to

23  Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan.

24

25

*Defendants' Reply in Support of Their Motion To Preclude Use of Untimely Disclosed Expert Opinions of Ira Holt and Charles D. Cowan Pursuant to Fed. R. Civ. P. 37(c)(1) - (CV09-037 MJP)*

6

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

DATED this 22nd day of June, 2012.

2

3        **HILLIS CLARK MARTIN & PETERSON, P.S.**
         By:  /s/ Louis D. Peterson

4        Louis D. Peterson, WSBA #5776
         Brian C. Free, WSBA #35788

5        1221 Second Avenue, Suite 500
         Seattle, WA 98101-2925

6        Telephone: (206) 623-1745
         Facsimile: (206) 623-7789

7        Email: ldp@hcmp.com
                bcf@hcmp.com

8

9        **BINGHAM MCCUTCHEN LLP**
         **By:**  */s/ John D. Pernick*

10       David M. Balabanian (admitted *pro hac vice*)
         John D. Pernick (admitted *pro hac vice*)

11       Frank Busch (admitted *pro hac vice*)
         Three Embarcadero Center

12       San Francisco, CA 94111-4067
         Telephone: (415) 393-2000

13       Facsimile: (415) 393-2286
         Email:  david.balabanian@bingham.com

14               john.pernick@bingham.com
                 frank.busch@bingham.com

15
         *Attorneys for Defendants WaMu Asset Acceptance*
16       *Corp., WaMu Capital Corp., David Beck, Richard*
         *Careaga, Rolland Jurgens, and Diane Novak*

17

18

19

20

21

22

23

24

25

*Defendants' Reply in Support of Their Motion To*
*Preclude Use of Untimely Disclosed Expert Opinions of*
*Ira Holt and Charles D. Cowan Pursuant to*
*Fed. R. Civ. P. 37(c)(1) - (CV09-037 MJP)*        7

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**CRAVATH, SWAINE & MOORE LLP**
**By:** */s/ Michael A. Paskin*
Evan R. Chesler (admitted *pro hac vice*)
Daniel Slifkin (admitted *pro hac vice*)
Michael A. Paskin (admitted *pro hac vice*)
Wes Earnhardt (admitted *pro hac vice*)
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
Email:  echesler@cravath.com;
        dslifkin@cravath.com;
        mpaskin@cravath.com;
        wearnhardt@cravath.com

*Attorneys for Defendants WaMu Asset Acceptance*
*Corp. and WaMu Capital Corp.*

---

*Defendants' Reply in Support of Their Motion To*
*Preclude Use of Untimely Disclosed Expert Opinions of*
*Ira Holt and Charles D. Cowan Pursuant to*
*Fed. R. Civ. P. 37(c)(1) - (CV09-037 MJP)*

8

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of June, 2012, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

Adam Zurofsky azurofsky@cahill.com

Amanda F. Lawrence alawrence@scott-scott.com

Anne L. Box abox@scott-scott.com

Barry Robert Ostrager bostrager@stblaw.com, managingclerk@stblaw.com

Bradley T. Meissner bradley.meissner@dlapiper.com

Brian O. O'Mara bo'mara@rgrdlaw.com, e_file_sd@rgrdlaw.com

Christopher E Lometti clometti@cohenmilstein.com

Daniel B Rehns drehns@cohenmilstein.com, efilings@cohenmilstein.com

Darren J Robbins e_file_sd@csgrr.com

David Daniel Hoff dhoff@tousley.com, efile@tousley.com

Douglas C McDermott doug@mcdermottnewman.com, eric@mcdermottnewman.com

Daniel Slifkin dslifkin@cravath.com

Edward C. Signaigo esignaigo@scott-scott.com

Evan R. Chesler echesler@cravath.com

Floyd Abrams fabrams@cahill.com

Gavin Williams Skok gskok@riddellwilliams.com, jsherred@riddellwilliams.com,

   lmoore@riddellwilliams.com

Geoffrey M Johnson gjohnson@scott-scott.com, efile@scott-scott.com

Hal D Cunningham hcunningham@scott-scott.com, efile@scott-scott.com,

   halcunningham@gmail.com

Hector J. Valdes hvaldes@cravath.com

Hollis Lee Salzman (Terminated) hsalzman@labaton.com,  ElectronicCaseFiling@labaton.com

*Certificate of Service*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   James J. Coster jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

2   Janissa Ann Strabuk jstrabuk@tousley.com, lrolling@tousley.com,

3       wcruz@tousley.com

4   Jason T Jasnoch jjasnoch@scott-scott.com, efile@scott-scott.com

5   Jesse M. Weiss jweiss@cravath.com

6   Joel P Laitman jlaitman@cohenmilstein.com

7   John D Lowery jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com

8   John D. Pernick john.pernick@bingham.com

9   John T. Jasnoch jjasnoch@scott-scott.com

10  Jonathan Gardner jgardner@labaton.com

11  Joseph P Guglielmo jguglielmo@scott-scott.com, efile@scott-scott.com

12  Joseph A. Fonti (Terminated) jfonti@labaton.com, ElectronicCaseFiling@labaton.com

13  Joshua M. Rubins jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

14  Joshua S. Devore jdevore@cohenmilstein.com, efilings@cohenmilstein.com

15  Julie Goldsmith Reiser jreiser@cohenmilstein.com

16  Julie Hwang (Terminated) jhwang@labaton.com, ElectronicCaseFiling@labaton.com

17  J. Wesley Earnhardt wearnhardt@cravath.com

18  Kenneth J Pfaehler kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com

19  Kenneth M Rehns krehns@cohenmilstein.com

20  Kerry F Cunningham kerry.cunningham@dlapiper.com

21  Kevin P Chavous kchavous@sonnenschein.com

22  Kim D Stephens kstephens@tousley.com, cbonifaci@tousley.com, lrolling@tousley.com,

23  wcruz@tousley.com

24  Larry Steven Gangnes gangnesl@lanepowell.com, docketingsea@lanepowell.com,

25      donnellyjossm@lanepowell.com, sebringl@lanepowell.com

Leslie D Davis ldavis@sonnenschein.com

*Certificate of Service*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   Mary Kay Vyskocil mvyskocil@stblaw.com

2   Matthew B. Kaplan mkaplan@cohenmilstein.com, efilings@cohenmilstein.com

3   Michael A. Paskin mpaskin@cravath.com

4   Michael H. Barr mbarr@sonnenschein.com

5   Nancy A Pacharzina (Terminated) npacharzina@tousley.com, mhottman@tousley.com

6   Paul Scarlato pscarlato@labaton.com, ElectronicCaseFiling@labaton.com

7   Paul Joseph Kundtz pkundtz@riddellwilliams.com, mbergquam@riddellwilliams.com,

8       mdowns@riddellwilliams.com

9   Richard A Speirs rspeirs@cohenmilstein.com

10  Richard F Hans richard.hans@dlapiper.com, dorinda.castro@dlapiper.com

11  Robert D Stewart stewart@kiplinglawgroup.com

12  Rogelio Omar Riojas omar.riojas@dlapiper.com, karen.hansen@dlapiper.com,

13      nina.marie@dlapiper.com

14  Ryan Wagenleitner rwagenleitner@scott-scott.com

15  S Douglas Bunch dbunch@cohenmilstein.com

16  Serena Rich ardson (Terminated) srichardson@labaton.com,

17      ElectronicCaseFiling@labaton.com

18  Stellman Keehnel stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com

19  Stephen M. Rummage steverummage@dwt.com, jeannecadley@dwt.com,

20      seadocket@dwt.com

21  Steve W. Berman steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

22  Steven J Toll stoll@cohenmilstein.com, efilings@cohenmilstein.com

23  Steven P Caplow stevencaplow@dwt.com, jasonSchattenkerk@dwt.com,

24      patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com

25  Steven W Fogg sfogg@corrcronin.com, hpowell@corrcronin.com,

        reception@corrcronin.com

*Certificate of Service*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1    Susan L. Hoffman susan.hoffman@bingham.com

2    Tammy Roy troy@cahill.com

3    Thomas G. Rafferty trafferty@cravath.com

4    Timothy Michael Moran moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com

5    Walter W. Noss wnoss@scott-scott.com, efile@scott-scott.com

6    DATED this 22nd day of June, 2012 at Seattle, Washington.

7                                          By:  /s/ Louis D. Peterson
                                           Louis D. Peterson, WSBA #5776
8                                          1221 Second Avenue, Suite 500
                                           Seattle, WA 98101-2925
9                                          Telephone: (206) 623-1745
                                           Facsimile: (206) 623-7789
10                                         Email: ldp@hcmp.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Certificate of Service*
(CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789