THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates to: ALL CASES | Master Case No.: C09-0037 (MJP)<br><br>**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO EXCLUDE THE PROFERRED EXPERT TESTIMONY OF JOHN GRAHAM**<br><br>NOTE ON MOTION CALENDAR:<br>July 20, 2012<br><br>ORAL ARGUMENT REQUESTED |

*Plaintiffs' Reply in Further Support of Their Motion to Exclude the Proferred Expert Testimony of John Graham*
Case No. C09-037 MJP

# **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

    I.     Mr. Graham's Report and Testimony Confirm that He Relied on an Incorrect Legal Standard ........................................................................................ 1

    II.    Mr. Graham Ignored Key Evidence in the Record .................................................. 2

        A.    Defendants Concede that Mr. Graham Ignored Testimony and Other Evidence Concerning David Beck ..................................................... 2

        B.    Defendants Concede that Mr. Graham Substituted an Unjustified Industry Standard for Evidence Concerning Michael Coyne's and WCC's Due Diligence Procedures ............................................................. 3

    III.   Mr. Graham's Failure to Consider Relevant Evidence Renders His Opinion Irrelevant .................................................................................................. 4

    IV.   Mr. Graham's Opinions Are Based on Speculation that Overwhelming Evidence Shows to be Incorrect ............................................................................ 5

CONCLUSION ............................................................................................................................. 5

*Plaintiffs' Reply in Further Support of Their Motion to Exclude the Proferred Expert Testimony of John Graham*
Case No. C09-037 MJP - i

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*SEC v. Pimco Advisors Fund Mgmt. LLC*,
    341 F. Supp. 2d 454 (S.D.N.Y. 2004)........................................................................................4

*Plaintiffs' Reply in Further Support of Their Motion to
Exclude the Proferred Expert Testimony of John Graham*
Case No. C09-037 MJP - ii

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

**PRELIMINARY STATEMENT**

In their attempt to save Mr. Graham's expert report from exclusion, Defendants either cite evidence in the record that *supports* exclusion of his opinion or completely fail to respond to Plaintiffs' arguments. Defendants' position is unsupported and the Court should grant Plaintiffs' motion.

**ARGUMENT**

**I.      Mr. Graham's Report and Testimony Confirm that He Relied on an Incorrect Legal Standard.**

Mr. Graham's expert opinions are irrelevant because they are based on a mistaken characterization of Plaintiffs' allegations, namely that "the underwriting guidelines ceased to exist." Motion to Exclude Proffered Testimony of John Graham ("Sealed Motion"), Dkt. 455, at 4. In defense, Defendants assert that Mr. Graham did not opine on whether the underwriting guidelines ceased to exist, nor did he depend on this statement of the case in performing the analysis and reaching the conclusions he did. Response to Sealed Motion to Exclude Proffered Testimony of John Graham ("Opp'n"), (ECF No. 473) at 2-3. The excerpts from the report and testimony that Defendants cite, however, belie their assertions and illustrate how precisely the opposite was true. According to Mr. Graham's March 2, 2012 expert report:

> [T]he issue in this case is as follows: "In essence, Plaintiffs allege the underwriting guidelines ceased to exist. If proven true, the absence of underwriting standards could make the identified statements [in the Offering Documents] misleading." ***Thus, my assessment is focused primarily on the due diligence conducted by WCC to reasonably investigate the accuracy of the Offering Documents on this point*** and, therefore, relates primarily to credit due diligence, not legal compliance or data integrity due diligence.

Mar. 2, 2012 Graham Rep. ¶ 15 (cited in Opp'n at 3) (emphasis added) (attached as Ex. 1 to the July 2, 2012 Declaration of John Jasnoch, (ECF No. 456) ("Jasnoch Decl.")). Thus, Mr. Graham himself has explicitly conceded that he depended on an incorrect statement of the case in issuing his opinions. Likewise, Mr. Graham stated the following in his deposition:

> Q.      . . . In Paragraph 15 [of your Opening Report], you make the statement, "As articulated by the court in its Order on Defendants' Motion to Dismiss, the

*Plaintiffs' Reply in Further Support of Their Motion to Exclude the Proferred Expert Testimony of John Graham*
Case No. C09-037 MJP - 1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

>   issue in this case is as follows," and then you quote the court's order. Do you see that?
>   A.   Yes.
>   . . .
>   *Q.   . . . [W]hen I read the report, it looks to me like you focused on credit due diligence because of the way you frame the issue in this case. Is that right?*
>   *A.   Correct.*
>   …
>   *Q.   And what was that based on, why did you focus only on that?*
>   *A.   Well, the—the question in the case . . .*

Graham Dep. 57:4-59:11 (cited in Opp'n at 4) (emphasis added) (attached as Ex. 2 to the Jasnoch Decl.). Thus, there is no question that Graham depended on an incorrect characterization of Plaintiffs' claims in reaching the conclusions he did. Doing so rendered his opinion unreliable.

## II.   Mr. Graham Ignored Key Evidence in the Record.

### A.   Defendants Concede that Mr. Graham Ignored Testimony and Other Evidence Concerning David Beck.

Defendants do not dispute that Mr. Graham ignored documents and testimony, both in this case and before the U.S. Senate, concerning Defendant David Beck, who was a central player in the mortgage loan underwriting at WaMu. Defendants' excuse for this oversight is that Mr. Graham concluded that the evidence was irrelevant. Defendants do not explain, however, how Mr. Graham could possibly have concluded that the evidence was irrelevant when he testified under oath that he did not read it.

In any event, despite Defendants' contentions to the contrary, Mr. Beck's testimony and documents are clearly relevant to assessment of WCC's due diligence. As outlined in Plaintiffs' motion, Mr. Beck is a Defendant who signed the Registration Statement, was a member of WCC's Board of Directors, was a voting member of the WaMu Home Loans Risk Management Committee, and was the individual to whom everyone at WCC ultimately reported. *See* Ex. 3 to the Jasnoch Decl. Indeed, as head of WaMu's Capital Markets organization, he was the person most responsible for WCC's due diligence. *Id.* Mr. Beck also had actual knowledge of the inadequacy of the underwriting for the mortgage loans underlying the Offerings, and in particular, had knowledge of the changes in underwriting guidelines for the mortgage loans

*Plaintiffs' Reply in Further Support of Their Motion to Exclude the Proferred Expert Testimony of John Graham*
Case No. C09-037 MJP - 2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

originated by WaMu.  *See* Exs. 4-8 to the Jasnoch Decl.  Furthermore, Mr. Beck testified under oath to the Senate that he was aware of fraud in connection with the sale of securitized mortgage loans and was aware that various mortgage loans had underwriting defects.  *See* Ex. 9 to the Jasnoch Decl.  Defendants fail to respond to any of this evidence and merely assert that because Mr. Graham concluded (apparently without reading it) that this evidence was irrelevant, he was entitled to disregard it.  Defendants' excuses, made in retrospect, are unavailing.  Mr. Graham's failure to consider this critical evidence renders his opinion unreliable.

> **B. Defendants Concede that Mr. Graham Substituted an Unjustified Industry Standard for Evidence Concerning Michael Coyne's and WCC's Due Diligence Procedures.**

Mr. Michael Coyne was the individual at WCC in charge of selecting loans from the pool to create a due diligence sample.  Like Mr. Beck, Mr. Coyne knew of changes to WaMu's credit policies that allowed more marginal loans, yet did not expand the sample size.  *See* Ex. 10 to the Jasnoch Decl.  Most importantly, however, when Mr. Coyne and Capital Group identified underwriting errors in the purportedly representative sample, at their request WMB corrected the problems or replaced the problem loans in the sample but not in the remaining 90% of the mortgage loans in the offering.  Nor did they disclose in the offering documents the errors which, based on the sample's results, continued to exist in 90% of the loans.  *See* Ex. 4 to the May 11, 2012 Declaration of John Jasnoch in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (ECF No. 415).

Mr. Graham brushes away all of these facts and concludes, based purely on what he describes as the "industry standard," that WaMu complied with its due diligence obligations. Indeed, the excerpt of Mr. Graham's report cited by Defendants confirms that the "industry standard" was the benchmark for his analysis:

> In my experience . . . these sample sizes [for the securitizations at issue] were appropriate and consistent with industry standards during the relevant time period for a number of reasons. . . .

*Plaintiffs' Reply in Further Support of Their Motion to Exclude the Proferred Expert Testimony of John Graham*
Case No. C09-037 MJP - 3

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

March 2, 2012 Graham Rep. ¶ 52 (cited in Opp'n at 7); *see also* Opp'n at 7 ("Mr. Graham, having 'worked for nearly 17 years in the residential mortgage industry . . . ,' has the 'knowledge, skill, experience, training, or education, . . . to offer an opinion on whether the due diligence sample sizes were industry standard and reasonable."). But just because Mr. Graham says that WaMu's due diligence was adequate, that doesn't make it so, and Defendants do not dispute Plaintiffs' authority on that point. *See* Mot. at 9 (citing, *inter alia*, *Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."). Nor do Defendants refute Plaintiffs' argument that a so-called "industry standard" is irrelevant if, as here, the standard is developed by a rogue industry. *Id.*; *SEC v. Pimco Advisors Fund Mgmt. LLC*, 341 F. Supp. 2d 454, 471-72 (S.D.N.Y. 2004). Indeed, Defendants admit that Mr. Graham's definition of the "industry standard" was based, in part, on his work with WaMu itself to underwrite WaMu's mortgage-backed securities. Opp'n at 8. Thus, rather than an impartial independent expert, Mr. Graham is truly just a friendly fact witness being highly compensated for his favorable testimony.

Accordingly, Mr. Graham's reliance on an "industry standard," as opposed to evidence in the record concerning Mr. Coyne and WaMu's due diligence process, renders his opinion unreliable.

### III. Mr. Graham's Failure to Consider Relevant Evidence Renders His Opinion Irrelevant.

In their motion, Plaintiffs present extensive legal authority supporting the exclusion of expert opinions when those opinions fail to consider relevant evidence. Mot. at 10. Defendants do not dispute that fundamental test of reliability. Instead, Defendants argue, as before, that the evidence Mr. Graham failed to consider was not relevant. Opp'n at 8-9.

For the reasons outlined above, evidence including (i) documents concerning inclusion of fraudulent loans in the loan pools; (ii) Mr. Beck's deposition testimony and testimony before the

*Plaintiffs' Reply in Further Support of Their Motion to Exclude the Proferred Expert Testimony of John Graham*
Case No. C09-037 MJP - 4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Senate; and (iii) the PSI report are absolutely central to an evaluation of the adequacy of WaMu's due diligence process, and Mr. Graham's choice to exclude that evidence from his analysis renders his opinion unreliable.

Moreover, the fact that the PSI report "did not even exist at the time WCC performed due diligence on the pools," Opp'n at 8, is entirely beside the point and has no bearing on the document's relevance. Plaintiffs do not contend that WCC should have read the PSI report but rather that Graham should have informed himself about what WCC, and particularly Beck, actually knew at the time he signed the offering documents. Nor could Mr. Graham's "years of experience" have possibly informed his decision of whether to disregard this critical evidence as irrelevant. *See* Opp'n at 9.

**IV.   Mr. Graham's Opinions Are Based on Speculation that Overwhelming Evidence Shows to be Incorrect.**

Mr. Graham opines that an originator or issuer is incentivized by the prospect of future securitizations to provide full and accurate disclosure in the offering documents. *See* Mot. at 11; Opp'n at 10. But that is simply not true. Indeed, the Dodd-Frank Act was enacted precisely because of the financial crisis brought on by the industry's reckless securitizations. Excerpts from the June 28, 2012 Declaration Transcript of Adam J. Levitin at 167-69, attached to the accompanying Declaration of S. Douglas Bunch ("Bunch Decl.") as Ex. 1; *see also* Exhibit 922 to the June 21, 2010 Deposition of Christopher M. James, Ph.D., attached to the Bunch Decl. as Ex. 2 ("Many analysts believe that, during the housing boom of the 2000's, the widespread securitization of residential mortgages fundamentally altered the incentives of key players in the loan origination and funding process."). Mr. Graham does not purport to have any expertise on this subject. Thus, his opinion is pure speculation and should be excluded.

### CONCLUSION

For the foregoing additional reasons, the Court should grant Plaintiffs' motion and exclude Mr. Graham's report and expert testimony.

*Plaintiffs' Reply in Further Support of Their Motion to Exclude the Proferred Expert Testimony of John Graham*
Case No. C09-037 MJP - 5

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

| | | |
|---|---|---|
| 1 | Dated: July 20, 2012 | Respectfully submitted, |
| 2 | | |
| 3 | | **TOUSLEY BRAIN STEPHENS PLLC** |

By:  s/ Kim D. Stephens
By:  s/ Janissa A. Strabuk
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com
        jstrabuk@tousley.com

*Liaison Counsel for Plaintiffs and the Class*

**COHEN MILSTEIN SELLERS &
TOLL PLLC**
Steven J. Toll
Joshua S. Devore (admitted *pro hac vice*)
S. Douglas Bunch (admitted *pro hac vice*)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
        jdevore@cohenmilstein.com
        dbunch@cohenmilstein.com

Christopher Lometti (admitted *pro hac vice*)
Daniel B. Rehns (admitted *pro hac vice*)
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: clometti@cohenmilstain.com
        drehns@cohenmilstein.com

---

*Plaintiffs' Reply in Further Support of Their Motion to
Exclude the Proferred Expert Testimony of John Graham*
Case No. C09-037 MJP - 6

**SCOTT+SCOTT LLP**
Anne L. Box (admitted *pro hac vice*)
John T. Jasnoch (admitted *pro hac vice*)
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
Email: abox@scott-scott.com
        jjasnoch@scott-scott.com

Beth Kaswan (admitted *pro hac vice*)
Amanda F. Lawrence (admitted *pro hac vice*)
500 Fifth Avenue, 40th Floor
New York, New York 10110
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
Email: bkaswan@scott-scott.com
        alawrence@scott-scott.com

*Lead Counsel for the Class*

*Plaintiffs' Reply in Further Support of Their Motion to
Exclude the Proferred Expert Testimony of John Graham*
Case No. C09-037 MJP - 7

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

# CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record and additional persons listed below:

**2:09-cv-00037-MJP Notice has been electronically mailed to:**

Steve W. Berman (Terminated) steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

Larry Steven Gangnes gangnesl@lanepowell.com, docketing-sea@lanepowell.com, donnellyjossm@lanepowell.com, gracen@lanepowell.com

David Daniel Hoff dhoff@tousley.com, efile@tousley.com

Stellman Keehnel stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com

Paul Joseph Kundtz pkundtz@riddellwilliams.com, jsherred@riddellwilliams.com, lmoore@riddellwilliams.com

Bruce Earl Larson (Terminated) blarson@karrtuttle.com, psteinfeld@karrtuttle.com

John D Lowery jlowery@riddellwilliams.com

Louis David Peterson ldp@hcmp.com, smp@hcmp.com

Stephen M. Rummage (Terminated) steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com

Kim D Stephens kstephens@tousley.com, cbonifaci@tousley.com, lrolling@tousley.com, wcruz@tousley.com

Robert D Stewart stewart@kiplinglawgroup.com

Dennis H Walters (Terminated) dwalters@karrtuttle.com, wbarker@karrtuttle.com

Mike Liles, Jr (Terminated) mliles@karrtuttle.com

Steven P Caplow (Terminated) stevencaplow@dwt.com, jasonSchattenkerk@dwt.com, patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com

Janissa Ann Strabuk jstrabuk@tousley.com, lrolling@tousley.com, mhottman@tousley.com, wcruz@tousley.com

*Plaintiffs' Reply in Further Support of Their Motion to Exclude the Proferred Expert Testimony of John Graham*
Case No. C09-037 MJP - 8

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1  Walter Eugene Barton (Terminated) gbarton@karrtuttle.com, danderson@karrtuttle.com,
2  nrandall@karrtuttle.com

3  Gavin Williams Skok gskok@riddellwilliams.com, jsherred@riddellwilliams.com,
   lmoore@riddellwilliams.com
4
5  David M Balabanian david.balabanian@bingham.com

6  Douglas C McDermott doug@mcdermottnewman.com, eric@mcdermottnewman.com

7  Susan L Hoffman susan.hoffman@bingham.com

8  Steven J Toll stoll@cohenmilstein.com, efilings@cohenmilstein.com

9  John D Pernick john.pernick@bingham.com

10 Steven W Fogg sfogg@corrcronin.com, hpowell@corrcronin.com, reception@corrcronin.com

11 Brian C Free bcf@hcmp.com, bkp@hcmp.com
12
13 Christopher M Huck (Terminated) buck@kdg-law.com

14 Rogelio Omar Riojas omar.riojas@dlapiper.com, karen.hansen@dlapiper.com

15 Timothy Michael Moran moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com

16 Richard A Speirs rspeirs@cohenmilstein.com

17 Bradley T. Meissner bmeissner@fenwick.com

18 Geoffrey M Johnson gjohnson@scott-scott.com, efile@scott-scott.com
19
20 Mary Kay Vyskocil mvyskocil@stblaw.com

21 Barry Robert Ostrager bostrager@stblaw.com, managingclerk@stblaw.com

22 Richard F Hans richard.hans@dlapiper.com, dorinda.castro@dlapiper.com

23 S Douglas Bunch dbunch@cohenmilstein.com

24 Darren J Robbins e_file_sd@csgrr.com

25 Jonathan Gardner jgardner@labaton.com

26 Daniel B Rehns drehns@cohenmilstein.com, efilings@cohenmilstein.com
27
28 *Plaintiffs' Reply in Further Support of Their Motion to Exclude the Proferred Expert Testimony of John Graham*
Case No. C09-037 MJP - 9

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1  Joel P Laitman jlaitman@cohenmilstein.com

2  Christopher E Lometti clometti@cohenmilstein.com

3  Michael H. Barr mbarr@sonnenschein.com

4

5  Kenneth J Pfaehler kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com

6  Leslie D Davis ldavis@sonnenschein.com

7  Kevin P Chavous kchavous@sonnenschein.com

8  Paul Scarlato pscarlato@labaton.com, ElectronicCaseFiling@labaton.com

9  Frank Busch frank.busch@bingham.com, andrew.obach@bingham.com

10  Joseph P Guglielmo jguglielmo@scott-scott.com, efile@scott-scott.com

11

12  Kenneth M Rehns krehns@cohenmilstein.com, efilings@cohenmilstein.com

13  Adam Zurofsky azurofsky@cahill.com

14  Tammy Roy troy@cahill.com

15  Floyd Abrams fabrams@cahill.com

16  James J. Coster jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

17  Joshua M. Rubins jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

18  Theo J. Robins theo.robins@bingham.com

19

20  Brian O O'Mara bomara@rgrdlaw.com, e_file_sd@rgrdlaw.com, johnkg@rgrdlaw.com

21  Joshua S. Devore jdevore@cohenmilstein.com, efilings@cohenmilstein.com

22  Julie Goldsmith Reiser jreiser@cohenmilstein.com

23  Jee Young You jeeyoung.you@bingham.com

24  Walter W. Noss wnoss@scott-scott.com, efile@scott-scott.com

25  Anne L. Box abox@scott-scott.com, edewan@scott-scott.com, efile@scott-scott.com

26  Evan R. Chesler echesler@cravath.com

27

28  *Plaintiffs' Reply in Further Support of Their Motion to Exclude the Proferred Expert Testimony of John Graham*
Case No. C09-037 MJP - 10

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1  Thomas G. Rafferty trafferty@cravath.com

2  Daniel Slifkin dslifkin@cravath.com

3
   Michael A. Paskin mpaskin@cravath.com
4
   J. Wesley Earnhardt wearnhardt@cravath.com
5
6  Jesse M. Weiss jweiss@cravath.com

7  John T Jasnoch jjasnoch@scott-scott.com, efile@scott-scott.com

8  Edward C. Signaigo esignaigo@scott-scott.com, efile@scott-scott.com

9  Hector J Valdes hvaldes@cravath.com

10 Ryan Wagenleitner rwagenleitner@scott-scott.com
11
   Amanda F. Lawrence alawrence@scott-scott.com
12

13 **2:09-cv-00037-MJP Notice will not be electronically mailed to:**

14 WaMu Officer Defendants Securities MDL
15
   **2:09-cv-00134-MJP Notice has been electronically mailed to:**
16
17 Naumon A Amjed namjed@btkmc.com, knguyen@btkmc.com

18 John A. Kehoe jkehoe@btkmc.com

19 Sharan Nirmul snirmul@btkmc.com

20 Joseph A. Fonti jfonti@labaton.com, ElectronicCaseFiling@labaton.com

21 Serena Richardson srichardson@labaton.com, ElectronicCaseFiling@labaton.com
22
   **2:09-cv-00134-MJP Notice will not be electronically mailed to:**
23
24 WaMu Officer Defendants Securities MDL

25 **2:09-cv-00137-MJP Notice has been electronically mailed to:**

26 Christopher M Huck huck@kdg-law.com

27

28 *Plaintiffs' Reply in Further Support of Their Motion to
   Exclude the Proferred Expert Testimony of John Graham*
   Case No. C09-037 MJP - 11

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Hollis Lee Salzman hsalzman@labaton.com, ElectronicCaseFiling@labaton.com

**2:09-cv-00137-MJP Notice will not be electronically mailed to:**

WaMu Officer Defendants Securities MDL

Julie Hwang
LABATON SUCHAROW LLP
140 BROADWAY
FLOOR 34
NEW YORK, NY 10005

**2:09-cv-01557-MJP Notice has been electronically mailed to:**

Gavin Williams Skok azurofsky@cahill.com, fabrams@cahill.com, troy@cahill.com

**2:09-cv-01557-MJP Notice will not be electronically mailed to:**

WaMu Officer Defendants Securities MDL

Dated July 20, 2012.

                                        By:  s/ Kim D. Stephens
                                        By:  s/ Janissa A. Strabuk
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com
         jstrabuk@tousley.com

*Liaison Counsel for Plaintiffs and the Class*

*Plaintiffs' Reply in Further Support of Their Motion to
Exclude the Proferred Expert Testimony of John Graham*
Case No. C09-037 MJP - 12

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992