THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates to: ALL CASES | Master Case No.: C09-0037 (MJP)<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO PRECLUDE THE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, Ph.D.**<br><br>**Note on Motion Calendar:**<br>**July 20, 2012**<br><br>**ORAL ARGUMENT REQUESTED** |

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION
TO MOTION TO PRECLUDE PROFFERED EXPERT TESTIMONY OF
CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

    I.   Shifting Positions On the Standard Applied to Test for Corrective Disclosures ................ 1

    II.  Defendants Cannot Excuse Errors in Comparables ............................................................ 4

    III. New Explanation of Default Rate Predictions ................................................................... 6

CONCLUSION ...................................................................................................................... 6

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO
PRECLUDE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP - ii

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Cayuga Indian Nation of New York v. Pataki*,
   83 F. Supp. 2d 318 (N.D.N.Y. 2000) ..................................................................................6

*Dura Pharmaceuticals, Inc. v. Broudo*,
   544 U.S. 336 (2005) ............................................................................................................2

*In re Daou Systems, Inc.*,
   411 F.3d 1006 (9th Cir. 2005) ............................................................................................3

*In re Gilead Sciences Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ............................................................................................3

*In re Homestore.Com, Inc. Sec. Litig.*,
   No. CV 01-11115, 2011 WL 1564025 (C.D. Cal. April 22, 2011) ....................................4

*In re Oracle Corp. Sec. Litig.*,
   No. C 01-00988 SI, 2009 WL 1709050 (N.D. Cal. June 19, 2009) ...................................3

*Loeffel Steel Products, Inc. v. Delta Brands, Inc.*,
   387 F. Supp. 2d 794 (N.D. Ill. 2005) ..................................................................................6

*Plumbers' Union v. Nomura Asset Acceptance Corp.*,
   632 F.3d 762 (1st Cir. 2011) ..............................................................................................4

*R & R Intern., Inc. v. Manzen, LLC*,
   No. 09-60545-CIV, 2010 WL 3605234 (S.D. Fla. Sept. 12, 2010) ....................................6

*Richard v. Northwest Pipe Co.*,
   No. C9-5724RBL, 2011 WL 3813073 (W.D. Wash. Aug. 26, 2011) .................................3

*Securities & Exchange Commission v. Pimco Advisors Fund Management*,
   341 F. Supp 2d 454 (S.D.N.Y. 2004) .................................................................................5

*Teague v. Alternate Energy Holdings, Inc.*,
   No. 1:10-cv-00634-BLW, 2011 WL 6337611 (D. Idaho, Dec. 19, 2011) ..........................3

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO
PRECLUDE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP - iii

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

# INTRODUCTION

Defendants have put forth no valid argument as to why Christopher James should be permitted to testify or to offer his opinions as to "negative causation under Section 11." Dr. James' opinions are unreliable and irrelevant. Plaintiffs respectfully request the court enter an order precluding his testimony in this action.

# ARGUMENT

## I. Shifting Positions On the Standard Applied to Test for Corrective Disclosures

Defendants' first argument for the admissibility of Dr. James' testimony is that in forming his negative causation opinions he actually looked for "corrective disclosures" that related to more than Defendants' repeated and minimalistic interpretation of the case (whether WaMu "abandoned its underwriting" or whether underwriting standards "ceased to exist"). As background, Plaintiffs described how Dr. James' opinion relies upon an overly narrow summary of the claims of the case. In response, Defendants claim that Dr. James actually reviewed sources related to "either an abandonment of underwriting standards or to a general loosening of underwriting standards at WMB." Defendants' Opposition to Plaintiffs' Motion to Exclude the Testimony of Christopher James ("Dr. James") (ECF No. 478) ("Def. Br.") at 3. In support of that argument, however, Defendants cite to a highly misleading quotation from Dr. James' deposition wherein he claims that he saw "no evidence of a disclosure that indicates that heretofore undisclosed relaxation in underwriting standards are causing losses or leading to a decline in the value of *these securities at issue in this case.*" *Id.* (emphasis added). This deposition excerpt actually reveals Dr. James' minimalistic approach to loss causation that is wholly inappropriate.

In this quotation, Dr. James "explains" that he looked for disclosures surrounding relaxation of underwriting standards that were specifically tied to the loans at issue in this case. He concludes that he found no single disclosure saying that the underwriting standards were relaxed in connection with Plaintiffs' specific loan pools. This, however, is neither the theory of

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO
PRECLUDE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP - 1

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

Plaintiffs' case nor the appropriate standard of analysis for loss causation purposes. It is, instead, an exacting and restrictive view that finds no basis in the law.

The law is clear that if the market learned any aspect of the truth or if the truth began to "leak" out, that is sufficient for loss causation purposes. *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 342 (2005). Plaintiffs have alleged that the truth began to leak out as early as 2007, although not in the manner that Dr. James suddenly insists is necessary. Ironically, in his first expert report in this case, Dr. James actively espoused this same rationale for imputing knowledge of WaMu's weaker underwriting to investors who purchased late in the class period when seeking to demonstrate their "differential knowledge" for purposes of defeating class certification:

> Increased knowledge of the alleged underwriting deficiencies can be imputed to plaintiffs who purchased later in the putative class period due to availability of additional information regarding mortgage group/security performance relative to expectations, as well as public discussions regarding mortgage performance and the potential role of underwriting issues.
>
> * * *
>
> Given these data and discussions, it is reasonable to assume that putative class members, particularly sophisticated putative class members, may have drawn inferences about underwriting practices from the performance data that they received. Differential knowledge for certain later purchases can also be imputed from lower prices and ratings downgrades.

*See* excerpts of Expert Report of Prof. Christopher M. James, dated June 22, 2011, (ECF No. 278), ¶¶89, 97. Yet Dr. James now espouses precisely the opposite to advance Defendants' desired loss causation opinions; *i.e.,* that this revealed information did not correspond to any losses.

Now, according to Defendants, Dr. James meant to say that he found "no evidence" of any disclosure linking WMB's "loosening" of underwriting standards to the higher defaults on the mortgages in this case. Dr. James' original thesis that some in the market may have begun to suspect that the higher losses in the offerings were caused by WMB's generally loosened

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO
PRECLUDE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP - 2

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

underwriting – and that this was enough to show loss causation – is on all fours with *In re Daou Systems, Inc.*, 411 F.3d 1006, 1026-27 (9th Cir. 2005), where the earnings surprise led certain market analysts to "speculate" that the company was cooking the books, and particularly with *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008). In *Gilead*, there was a disclosure of practices that did not cause a market reaction, but later reported lowered revenues that linked the two did. The Ninth Circuit found this sufficient for loss causation purposes.

Here, in 2007, disclosures concerning suspect underwriting with respect to subprime loans entered the market. In 2008, disclosures were made regarding poor underwriting for option ARM loans. For example, the April 14, 2008 *Seattle Times* article specifically discusses loosened lending standards, limited documentation, "liar loans," quantity over quality, and greater risk tolerance in regards particularly to option ARM loans. *See*, Exhibit 83 to Dec. of John T. Jasnoch in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (ECF No. 418-5). Additionally, in 2008, there was an increase in defaults in Plaintiffs' loan pools. The increase began to raise questions as to whether those defaults were due to the same problems disclosed as early as 2007. It is the combined events that demonstrate loss causation here.

Plaintiffs have not alleged, nor need they, that there was a single corrective disclosure specifically related to their loan pools and relaxed underwriting standards. In fact, the law is patently clear that, even after the decision in *In re Oracle Corp. Sec. Litig.*, No. C 01-00988 SI, 2009 WL 1709050 (N.D. Cal. June 19, 2009), the decision so vigorously pressed by Defendants to entitle them to summary judgment, there need not be a complete disclosure that links up perfectly to the loss at issue, as Dr. James now seems to opine. For example, in *Richard v. Northwest Pipe Co.*, No. C9-5724RBL, 2011 WL 3813073 (W.D. Wash. Aug. 26, 2011), this Court specifically noted that, as to loss causation, "[t]he truth need not be disclosed through a single, complete disclosure." *Id.* at *3 (citing *In re Daou Sys.*, 411 F.3d at 1026-27). Similarly, in *Teague v. Alternate Energy Holdings, Inc.*, No. 1:10-cv-00634-BLW, 2011 WL 6337611, at

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO
PRECLUDE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP - 3

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

*5-*6 (D. Idaho, Dec. 19, 2011), a court held that the defendants there were insisting on too simplistic of a loss causation analysis and overlooking the Ninth Circuit's analysis in *Gilead*. Finally, in *In re Homestore.Com, Inc. Sec. Litig.*, No. CV 01-11115 RSWL, 2011 WL 1564025, at *2 (C.D. Cal. April 22, 2011), the court found that a disclosure "need only reveal an aspect of the fraud" and that loss causation there was shown by the surprise of market analysts in reaction to press releases. *See also Plumbers' Union v. Nomura Asset Acceptance Corp.*, 632 F.3d 762 (1st Cir. 2011) (linkage between the general disclosure of poor underwriting and the offerings was shown by a sharp decline in credit ratings).

In sum, even with the third iteration of Dr. James' opinion, he still performed an analysis that was too narrow under the law. He failed to take into account the applicable standard for loss causation purposes when there is a disclosure and a later event that, coupled together, caused the market to react. His opinion is thus, as a legal matter, irrelevant.

**II.     Defendants Cannot Excuse Errors in Comparables**

Defendants next try to maintain the admissibility of Dr. James' testimony by claiming that his comparables are adequate, and that their inclusion does not affect his negative causation opinion. Neither argument holds water. Defendants first argue that inclusion of Countrywide and IndyMac by Dr. James as comparables was appropriate because he had seen "no evidence" that underwriting standards at those companies ceased to exist. Def. Br. at 7. This, however, is simply nonsense. Despite Dr. James' denials, however, in his deposition in this case, he grudgingly admitted that he had, in fact, known about the Inspector General's "material loss review" on IndyMac, which concluded that IndyMac had failed, in part, as a result of its deficient underwriting. Declaration of Amanda F. Lawrence in Support of Plaintiffs' Reply to Defendants' Opposition to Motion to Exclude the Proffered Expert Testimony of Christopher James ("Lawrence Decl."), Exh. 1 at 103, 105-08; and he similarly knew of the proposed $8.5 billion settlement involving Countrywide's violations of its underwriting representations. *Id.* at

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO
PRECLUDE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP - 4

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

148-49. Dr. James also admitted knowing about the *Seattle Times* article dated January 15, 2008 discussing Countrywide's reduced documentation (or "liar" loans). *Id.* at 116.

Furthermore, Defendants focus only on the inclusion of Countrywide and IndyMac offerings as comparables and claim that removal of those two do not change Dr. James' conclusion that WMB loans somehow still performed as well as or better than the comparison loans. As a preliminary matter, Defendants have provided no support for this analysis that removes the billions of Alt-A offerings by IndyMac and Countrywide. Should the Court permit Dr. James to testify, Dr. James should be required to produce the back up for this suspect analysis. However, regardless of whether Dr. James' back up does what he says, this argument still fails for numerous reasons. First of all, Countrywide and IndyMac are only two of the inappropriate comparables considered by Dr. James. In fact, Dr. James was shown a list at his deposition of his comparable loan originators and specifically testified that a great number of them had filed for bankruptcy, had their assets seized, or employed underwriting practices that lead to their own demise. *Id.* at 134-38. Therefore, removal of Countrywide and IndyMac alone would not change the corrupted nature of the remaining comparables. Their removal would likewise be inadequate because many of Dr. James' other comparable offerings included a significant number of loans actually originated by both Countrywide and IndyMac.

In conclusion, the entire basis of Dr. James' conclusion is a comparison to the industry. He uses this comparison to conclude that, based on the performance of comparables, WMB loans performed on par with industry standards. His basis, however, cannot possibly stand because he completely fails to take into account that virtually every issuer or originator in his sample was subject to allegations of improper, deficient or fraudulent underwriting practices— *i.e.* the entire industry is thus both suspect and contaminated. As opined and demonstrated by Plaintiffs' expert, Dr. Adam Levitin, "degradation of underwriting guidelines was endemic throughout the industry" and "it's not at all surprising that Washington Mutual's loans performed similarly to the

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO
PRECLUDE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP - 5

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

rest of the industry. They're all poorly underwritten essentially…." Lawrence Decl., Exh. 2 (Deposition Transcript of Adam Levitin), at 7:24-25; 8:2-5.

As the Court held in *Securities & Exchange Commission v. Pimco Advisors Fund Management*, 341 F. Supp 2d 454, 471-72 (S.D.N.Y. 2004), the idea that "everyone was doing it" is not a viable defense to a charge of securities fraud. Therefore, Dr. James' opinion as to negative causation is unreliable and irrelevant because he fails to account for certain fundamental realities in his comparables pool. *See, e.g.*, *R & R Intern., Inc. v. Manzen, LLC*, No. 09-60545-CIV, 2010 WL 3605234, at *13 (S.D. Fla. Sept. 12, 2010) (expert's testimony excluded as unreliable due to comparables as "…sampling choice lies at the heart of an expert's methodology"); *Loeffel Steel Products, Inc. v. Delta Brands, Inc*., 387 F. Supp. 2d 794, 812 (N.D. Ill. 2005) (expert testimony on economic loss barred due to choice of comparables); *Cayuga Indian Nation of New York v. Pataki*, 83 F. Supp. 2d 318 (N.D.N.Y. 2000) (expert opinion excluded as unreliable and irrelevant due to comparable).

### III. New Explanation of Default Rate Predictions

Defendants' final argument for the admissibility of Dr. James' opinions concerns his default rate predictions. In their moving brief, Plaintiffs pointed out that his default rate predictions did not add up to the actual default rates, as they are required to. In their brief, Defendants *admit* that the rates must sum one another. In the face of this error which Plaintiffs' experts discovered, Defendants then suggest a new explanation: that it is only when grouping together the WMB loans and the non-WMB loans that the actual and predicted rates do not add up. Def. Br. at 11-12. It is simply too late for Dr. James to rewrite his opinion.[1]

### **CONCLUSION**

For the reasons stated herein, Plaintiffs respectfully ask that this Court preclude the report and testimony of Defendants' proffered expert, Dr. Christopher James.

---

[1] If Dr. James is permitted to again shift his opinion to correct his errors, he should be ordered to produce his support, including the evidence of when it was prepared.

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO
PRECLUDE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP - 6

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

Dated: July 20, 2012

Respectfully submitted,
**TOUSLEY BRAIN STEPHENS PLLC**

By: *s/ Kim D. Stephens*
By: *s/ Janissa A. Strabuk*
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com
          jstrabuk@tousley.com

*Liaison Counsel for Plaintiffs and the Class*

**SCOTT+SCOTT LLP**

Beth Kaswan (admitted *pro hac vice*)
Amanda F. Lawrence (admitted *pro hac vice*)
500 Fifth Avenue, 40th Floor
New York, New York 10110
Telephone: (212) 223-6444
Fax: (212) 223-6334
Email: bkaswan@scott-scott.com
          alawrence@scott-scott.com

Anne L. Box (admitted *pro hac vice*)
John T. Jasnoch (admitted *pro hac vice*)
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: 619-233-4565
Fax: 619-233-0508
Email: abox@scott-scott.com
          jjasnoch@scott-scott.com

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO PRECLUDE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP - 7

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

|    |                                                        |
|----|--------------------------------------------------------|
| 1  | **COHEN MILSTEIN SELLERS & TOLL PLLC**                 |
| 2  | Steven J. Toll                                         |
|    | Joshua S. Devore (admitted *pro hac vice*)             |
| 3  | S. Douglas Bunch (admitted *pro hac vice*)             |
|    | 1100 New York Avenue, N.W.                             |
| 4  | Suite 500, West Tower                                  |
| 5  | Washington, DC 20005                                   |
|    | Telephone: (202) 408-4600                              |
| 6  | Fax: (202) 408-4699                                    |
|    | Email: stoll@cohenmilstein.com                         |
| 7  | jdevore@cohenmilstein.com                              |
|    | dbunch@cohenmilstein.com                               |
| 8  |                                                        |
| 9  | Christopher Lometti (admitted *pro hac vice*)          |
|    | Daniel B. Rehns (admitted *pro hac vice*)              |
| 10 | 88 Pine Street, 14th Floor                             |
|    | New York, New York 10005                               |
| 11 | Telephone: (212) 838-7797                              |
| 12 | Facsimile: (212) 838-7745                              |
|    | Email: clometti@cohenmilstain.com                      |
| 13 | drehns@cohenmilstein.com                               |
| 14 | *Lead Counsel for the Class*                           |

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO
PRECLUDE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP - 8

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

# CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record and additional persons listed below:

**2:09-cv-00037-MJP Notice has been electronically mailed to:**

Steve W. Berman (Terminated) steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

Larry Steven Gangnes gangnesl@lanepowell.com, docketing-sea@lanepowell.com, donnellyjossm@lanepowell.com, gracen@lanepowell.com

David Daniel Hoff dhoff@tousley.com, efile@tousley.com

Stellman Keehnel stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com

Paul Joseph Kundtz pkundtz@riddellwilliams.com, jsherred@riddellwilliams.com, lmoore@riddellwilliams.com

Bruce Earl Larson (Terminated) blarson@karrtuttle.com, psteinfeld@karrtuttle.com

John D Lowery jlowery@riddellwilliams.com

Louis David Peterson ldp@hcmp.com, smp@hcmp.com

Stephen M. Rummage (Terminated) steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com

Kim D Stephens kstephens@tousley.com, cbonifaci@tousley.com, lrolling@tousley.com, wcruz@tousley.com

Robert D Stewart stewart@kiplinglawgroup.com

Dennis H Walters (Terminated) dwalters@karrtuttle.com, wbarker@karrtuttle.com

Mike Liles, Jr (Terminated) mliles@karrtuttle.com

Steven P Caplow (Terminated) stevencaplow@dwt.com, jasonSchattenkerk@dwt.com, patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com

Janissa Ann Strabuk jstrabuk@tousley.com, lrolling@tousley.com, mhottman@tousley.com, wcruz@tousley.com

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO PRECLUDE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP - 9

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

1  Walter Eugene Barton (Terminated) gbarton@karrtuttle.com, danderson@karrtuttle.com, nrandall@karrtuttle.com

2
3  Gavin Williams Skok gskok@riddellwilliams.com, jsherred@riddellwilliams.com, lmoore@riddellwilliams.com

4  David M Balabanian david.balabanian@bingham.com

5  Douglas C McDermott doug@mcdermottnewman.com, eric@mcdermottnewman.com

6  Susan L Hoffman susan.hoffman@bingham.com

7
8  Steven J Toll stoll@cohenmilstein.com, efilings@cohenmilstein.com

9  John D Pernick john.pernick@bingham.com

10  Steven W Fogg sfogg@corrcronin.com, hpowell@corrcronin.com, reception@corrcronin.com

11  Brian C Free bcf@hcmp.com, bkp@hcmp.com

12  Christopher M Huck (Terminated) buck@kdg-law.com

13  Rogelio Omar Riojas omar.riojas@dlapiper.com, karen.hansen@dlapiper.com

14
15  Timothy Michael Moran moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com

16  Richard A Speirs rspeirs@cohenmilstein.com

17  Bradley T. Meissner bmeissner@fenwick.com

18  Geoffrey M Johnson gjohnson@scott-scott.com, efile@scott-scott.com

19  Mary Kay Vyskocil mvyskocil@stblaw.com

20  Barry Robert Ostrager bostrager@stblaw.com, managingclerk@stblaw.com

21  Richard F Hans richard.hans@dlapiper.com, dorinda.castro@dlapiper.com

22
23  S Douglas Bunch dbunch@cohenmilstein.com

24  Darren J Robbins e_file_sd@csgrr.com

25  Jonathan Gardner jgardner@labaton.com

26  Daniel B Rehns drehns@cohenmilstein.com, efilings@cohenmilstein.com

27
28

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO PRECLUDE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP - 10

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

1  Joel P Laitman jlaitman@cohenmilstein.com

2  Christopher E Lometti clometti@cohenmilstein.com

3  Michael H. Barr mbarr@sonnenschein.com

4  Kenneth J Pfaehler kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com

5  Leslie D Davis ldavis@sonnenschein.com

6  Kevin P Chavous kchavous@sonnenschein.com

7  Paul Scarlato pscarlato@labaton.com, ElectronicCaseFiling@labaton.com

8  
9  Frank Busch frank.busch@bingham.com, andrew.obach@bingham.com

10 Joseph P Guglielmo jguglielmo@scott-scott.com, efile@scott-scott.com

11 Kenneth M Rehns krehns@cohenmilstein.com, efilings@cohenmilstein.com

12 Adam Zurofsky azurofsky@cahill.com

13 Tammy Roy troy@cahill.com

14 Floyd Abrams fabrams@cahill.com

15 James J. Coster jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

16 
17 Joshua M. Rubins jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

18 Theo J. Robins theo.robins@bingham.com

19 Brian O O'Mara bomara@rgrdlaw.com, e_file_sd@rgrdlaw.com, johnkg@rgrdlaw.com

20 Joshua S. Devore jdevore@cohenmilstein.com, efilings@cohenmilstein.com

21 Julie Goldsmith Reiser jreiser@cohenmilstein.com

22 Jee Young You jeeyoung.you@bingham.com

23 Walter W. Noss wnoss@scott-scott.com, efile@scott-scott.com

24 
25 Anne L. Box abox@scott-scott.com, edewan@scott-scott.com, efile@scott-scott.com

26 Evan R. Chesler echesler@cravath.com

27 
28 PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO
PRECLUDE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP - 11

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

Thomas G. Rafferty trafferty@cravath.com

Daniel Slifkin dslifkin@cravath.com

Michael A. Paskin mpaskin@cravath.com

J. Wesley Earnhardt wearnhardt@cravath.com

Jesse M. Weiss jweiss@cravath.com

John T Jasnoch jjasnoch@scott-scott.com, efile@scott-scott.com

Edward C. Signaigo esignaigo@scott-scott.com, efile@scott-scott.com

Hector J Valdes hvaldes@cravath.com

Ryan Wagenleitner rwagenleitner@scott-scott.com

**2:09-cv-00037-MJP Notice will not be electronically mailed to:**

WaMu Officer Defendants Securities MDL

**2:09-cv-00134-MJP Notice has been electronically mailed to:**

Naumon A Amjed namjed@btkmc.com, knguyen@btkmc.com

John A. Kehoe jkehoe@btkmc.com

Sharan Nirmul snirmul@btkmc.com

Joseph A. Fonti jfonti@labaton.com, ElectronicCaseFiling@labaton.com

Serena Richardson srichardson@labaton.com, ElectronicCaseFiling@labaton.com

**2:09-cv-00134-MJP Notice will not be electronically mailed to:**

WaMu Officer Defendants Securities MDL

**2:09-cv-00137-MJP Notice has been electronically mailed to:**

Christopher M Huck huck@kdg-law.com

Hollis Lee Salzman hsalzman@labaton.com, ElectronicCaseFiling@labaton.com

**2:09-cv-00137-MJP Notice will not be electronically mailed to:**

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO
PRECLUDE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP - 12

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

WaMu Officer Defendants Securities MDL

Julie Hwang
LABATON SUCHAROW LLP
140 BROADWAY
FLOOR 34
NEW YORK, NY 10005

**2:09-cv-01557-MJP Notice has been electronically mailed to:**

Gavin Williams Skok azurofsky@cahill.com, fabrams@cahill.com, troy@cahill.com

**2:09-cv-01557-MJP Notice will not be electronically mailed to:**

WaMu Officer Defendants Securities MDL

Dated July 20, 2012.

                            By:  s/ Kim D. Stephens
                            By:  s/ Janissa A. Strabuk
                            Kim D. Stephens, WSBA #11984
                            Janissa A. Strabuk, WSBA #21827
                            1700 Seventh Avenue, Suite 2200
                            Seattle, Washington 98101
                            Telephone: (206) 682-5600
                            Facsimile: (206) 682-2992
                            Email: kstephens@tousley.com
                                    jstrabuk@tousley.com

                            *Liaison Counsel for Plaintiffs and the Class*

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO PRECLUDE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP - 13

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

Plaintiffs respond to and again request that the Court enter an order precluding the testimony of Dr. James as to "negative causation" under Section 11. As described in Plaintiffs' moving brief dated July 2, 2012 (ECF No. 457) and herein,

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO PRECLUDE PROFFERED EXPERT TESTIMONY OF CHRISTOPHER JAMES, PH.D.
Case No. C09-037 MJP - 14

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565