THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates to:  ALL CASES | Master Case No.:  C09-0037 (MJP)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE PROFERRED EXPERT TESTIMONY OF JAMES F. MILLER**<br><br>NOTE ON MOTION CALENDAR:<br>August 3, 2012<br><br><br>ORAL ARGUMENT REQUESTED |

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

Cohen, Milstein, Sellers
& Toll P.L.L.C.
Attorneys At Law
Washington

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT..................................................................................................1

ARGUMENT ..................................................................................................................................2

I.      Legal Standard ...................................................................................................................2

II.     Mr. Miller's Testimony Should Be Admitted ....................................................................3

       A.     Mr. Miller Is Qualified to Opine on Securities Due Diligence, Including MBS Due Diligence...............................................................................3

       B.     Mr. Miller's Testimony Is Both Reliable and Helpful ...........................................6

III.    Mr. Miller Should Be Allowed to Testify Concerning Errors KPMG Identified in the Loan Tapes .............................................................................................................9

CONCLUSION ............................................................................................................................ 10

Cohen, Milstein, Sellers
& Toll P.L.L.C.
Attorneys At Law
Washington

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP -

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Avila v. Willits Envtl. Remediation Trust*,
   633 F.3d 828 (9th Cir. 2011) ................................................................................................ 5

*Certain Underwriters at Lloyds, London v. Inlet Fisheries, Inc.*,
   389 F. Supp. 2d 1145 (D. Alaska 2005) ............................................................................... 6

*Compton v. Subaru of Am., Inc.*,
   82 F.3d 1513 (10th Cir. 1996) .............................................................................................. 5

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) .............................................................................................................. 2

*DSU Med. Corp. v. JMS Co., Ltd.*,
   296 F. Supp. 2d 1140 (N.D. Cal. 2003) ............................................................................... 3

*Hemmings v. Tidyman's Inc.*,
   285 F.3d 1174 (9th Cir. 2002) .............................................................................................. 3

*Jinro Am. Inc. v. Secure Invs., Inc.*,
   266 F.3d 993 (9th Cir. 2001) ................................................................................................ 2

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999) .............................................................................................................. 2

*Lust v. Merrell Dow Pharms., Inc.*,
   89 F.3d 594 (9th Cir. 1996) .................................................................................................. 2

*Many Cultures, One Message v. Clements*,
   830 F. Supp. 2d 1111 (W.D. Wash. 2011) ....................................................................... 2, 7

*Mukhtar v. Cal. State Univ.*,
   299 F.3d 1053 (9th Cir. 2002) .............................................................................................. 3

*Prest v. Jermstad*,
   No. 07cv1771 WQH (BLM), 2009 WL 3634114 (S.D. Cal. Oct. 30, 2009) ...................... 6

*Prime v. United States*,
   543 U.S. 1101 (2005) ............................................................................................................ 3

*Ralston v. Smith & Nephew Richards, Inc.*,
   275 F.3d 965 (10th Cir. 2001) .............................................................................................. 5

ii

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

Cohen, Milstein, Sellers
& Toll P.L.L.C.
Attorneys At Law
Washington

*Smith v. Pac. Bell Tel. Co.*,
   649 F. Supp. 2d 1073 (E.D. Cal. 2009) ................................................................................ 6

*Stilwell v. Smith & Nephew, Inc.*,
   482 F.3d 1187 (9th Cir. 2007) ........................................................................................... 2, 3

*United States v. Finch*,
   630 F.3d 1057 (8th Cir. 2011) ............................................................................................... 2

*United States v. Prime*,
   363 F.3d 1028 (9th Cir. 2004) ............................................................................................... 2

*In re Xerox Corp. Sec. Litig.*,
   746 F. Supp. 2d 402 (D. Conn. 2010) .................................................................................. 6

**OTHER AUTHORITIES**

Fed. R. Evid. 702 ...................................................................................................................... 2-3

31A Am. Jur. 2d Expert and Opinion Evidence § 23 .................................................................. 2

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

Cohen, Milstein, Sellers
& Toll P.L.L.C.
Attorneys At Law
Washington

## PRELIMINARY STATEMENT

Defendants move to exclude the testimony of Plaintiffs' due diligence expert, James F. Miller, on the basis that despite Mr. Miller's 18-year career as lead investment banker or lead capital markets banker on over 100 public offerings of securities at four different Wall Street firms, Mr. Miller knows nothing about due diligence of mortgage-backed securities ("MBS"). But Defendants assume, wrongly, that the Section 11 "due diligence" defense is somehow different for MBS than it is for other types of securities. It is not. Had that been the case, Congress would have created a separate due diligence defense specific to MBS.

Indeed, in criticizing Mr. Miller for standing outside the MBS industry, Defendants have put their finger on precisely the reason Plaintiffs retained him: for his independence. Plaintiffs allege that WaMu's due diligence was deficient, and whether WaMu's due diligence compared favorably to the "industry standard" for MBS offerings is completely irrelevant (and indeed, entirely unhelpful to Defendants) when, as Plaintiffs also allege, due diligence was woefully inadequate across the industry. Mr. Miller, because of his extensive due diligence experience outside the world of MBS, is uniquely able to opine on how WaMu's due diligence fell short of what Section 11 requires of *any* underwriter of securities – not just MBS.

Accordingly, the fact that, as Defendants assert, Mr. Miller did not "conduct any expert analyses or empirical studies" of MBS due diligence, study any "professional articles or academic publications" about MBS due diligence, or make reference to the "industry standard" for MBS due diligence is unsurprising, and has no bearing on his qualifications as an expert. Mr. Miller is an expert in the field of due diligence for *all* securities, including MBS. He is qualified to testify on that subject and his testimony is reliable and helpful to the jury. The jury is entitled to hear that testimony, and the jury – not Defendants – can decide what weight to give it.

Defendants' separate assertion, that Mr. Miller should be precluded from testifying about errors that KPMG identified in the loan tapes, is baseless. Such an assertion rests on Defendants'

- 1 -

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

narrow and biased interpretation of Plaintiffs' claims which this Court rejected in its order on Defendants' motion for summary judgment. Contrary to Defendants' assertion, testimony on this issue bears on the quality of WaMu's due diligence and is therefore highly relevant.

The Court should deny Defendants' motion.

**ARGUMENT**

**I.   Legal Standard**

Federal Rule of Evidence 702 allows admission of "scientific, technical, or other specialized knowledge" by an expert witness under several conditions. Fed. R. Evid. 702. As a "general principle … Rule 702 is applied consistent with the liberal thrust of the Federal Rules and their general approach of relaxing the traditional barriers to opinion testimony." *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993) (quotation marks omitted)); *see also* 31A Am. Jur. 2d *Expert and Opinion Evidence* § 23. Although the proponent of the expert has the burden of proving admissibility, *Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996), "[d]oubts . . . should generally be resolved in favor of admissibility." *United States v. Finch*, 630 F.3d 1057, 1062 (8th Cir. 2011) (quotation marks omitted).

A "threshold matter" is the qualification of the expert. *Many Cultures, One Message v. Clements*, 830 F. Supp. 2d 1111, 1137 (W.D. Wash. 2011) (citing *Henricksen v. ConocoPhillips Co.*, 605 F. Supp. 2d 1142, 1153 (E.D. Wash. 2009)). The expert witness should be "qualified . . . by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. In addition to this preliminary question, "Rule 702 embodies the twin concerns of reliability . . . and helpfulness." *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (quotation marks omitted).

The reliability requirement ensures that "testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (quoting *Daubert*, 509 U.S. at 592). The reliability inquiry is flexible and depends on the circumstances of each case. *United States v. Prime*, 363 F.3d 1028, 1032-34 (9th Cir. 2004),

- 2 -

Cohen, Milstein, Sellers
& Toll P.L.L.C.
Attorneys At Law
Washington

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

1 vacated on other grounds and remanded by *Prime v. United States*, 543 U.S. 1101 (2005).

2 Rule 702's helpfulness requirement is the capacity of the testimony to "help the trier of fact." Fed. R. Evid. 702. The question is whether the testimony is relevant. "Whether testimony is helpful within the meaning of Rule 702 is in essence a relevancy inquiry." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1184 (9th Cir. 2002). To meet this requirement, there should be "a link between the expert's testimony and the matter to be proved." *Stilwell*, 482 F.3d at 1192.

Rule 702, therefore, is a "gatekeeper to exclude junk science" from the courtroom. *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1063 (9th Cir. 2002) (quotation marks omitted). The goal is to "ensure accurate and unbiased decision-making by the trier of fact." *Id.* Indeed, the prospective jury is the "central concern" of Rule 702. *Id.* at 1063 n.7. The gatekeeping role, however, "is not intended to supplant the adversary system or the role of the jury . . . . nor is it to transform a *Daubert* hearing into a trial." *DSU Med. Corp. v. JMS Co., Ltd.*, 296 F. Supp. 2d 1140, 1147 (N.D. Cal. 2003) (quoting *Maiz v. Virani*, 253 F.3d 641, 666 (11th Cir. 2001) and *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002)).

**II. Mr. Miller's Testimony Should Be Admitted**

    **A. Mr. Miller Is Qualified to Opine on Securities Due Diligence, Including MBS Due Diligence**

Defendants contend that Plaintiffs have proffered Mr. Miller as an expert on MBS due diligence and nothing else and then, ignoring his undisputed qualifications as an expert in the area of due diligence, recite a list of reasons why he supposedly knows nothing about MBS. But Mr. Miller is without question an expert on due diligence of *all* securities, including MBS, having worked on the due diligence of over 100 public offerings of securities at four nationally-recognized investment banking firms. Mr. Miller has testified and written at length in this case, moreover, regarding how the same basic due diligence procedures that apply to corporate securities directly apply to the MBS at issue here. For all securities, including MBS, the underwriter must:

- 3 -

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

Cohen, Milstein, Sellers
& Toll P.L.L.C.
Attorneys At Law
Washington

- Review publicly available analyst reports regarding the company (sponsor/ depositor) and relevant asset pools;
- Review non-public documents that are important to an assessment of the issuer's business and financial position and the relevant asset pools, including periodic management reports and projections;
- Review the performance of the asset pool and similar pools versus historical and expected performance;
- For fixed income securities, independently evaluate the reasonableness of the credit ratings assigned to the offering by the rating agencies;
- Review such materials as appropriate to understand the asset pool and the market dynamics in which those assets are created;
- Obtain comfort letters meeting the underwriters' minimum requirements;
- Have counsel review all foundation documents for and material contracts of the issuer;
- Obtain opinions from Issuer's counsel that states they are not aware of any misstatement or omission in the prospectus (known as 10b-5 opinions);
- Determine whether there are noteworthy negative facts or concerns about the asset pool already recognized by an underwriter's own organization and/or by others within the underwriting syndicate;
- Take such other measures as necessary to provide an understanding of the relevant facts concerning the issuer, in the context of the particular offering.

3/30/12 Miller Rep. at 6-7 (attached as Ex. 2 to the 7/2/12 Declaration of Michael A. Sanfilippo ("Sanfilippo Decl." ECF No. 462)). Having carefully researched whether these same procedures were followed with respect to the Offerings at issue in this case, Mr. Miller concluded that WaMu's due diligence departed from customary due diligence in at least the following ways:

- WCC's underwriting manual is a work flow diagram rather than the type of instructive policies and procedures manual typically maintained by underwriting firms – a criticism also voiced by the SEC;
- Due diligence was the responsibility of a single person rather than a team of people;
- Due diligence sample sizes were smaller than those specified in WaMu's own Underwriting Procedure manual, resulting in no diligence whatsoever being done on 95% of the loans in the pools;
- WaMu failed to verify the accuracy of the data in the loan tapes, even after errors were identified in samples examined by KPMG;

- 4 -

Cohen, Milstein, Sellers & Toll P.L.L.C.
Attorneys At Law
Washington

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

|   |   |   |
|---|---|---|
| 1 | -- | The underwriter and depositor/issuer of the Offerings used the same legal counsel, a highly unusual arrangement; and |
| 2 | -- | Rather than being approved one at a time by a committee, approvals for the Offerings came from a single individual who approved them *en masse* on a weekly basis. |

*Id.* at 18-38. Unable to dispute these findings, it is unsurprising that Defendants would resort to an attack on Mr. Miller's qualifications. The truth, however, is that, regardless of what Defendants' claimed version of an "industry standard" for underwriting MBS might have been, WaMu's due diligence standards fell woefully short of customary underwriting due diligence, and Mr. Miller is indisputably qualified to opine on what proper due diligence would have entailed.

Defendants' authorities on this point, which all feature experts whose areas of specialty lay completely outside the issues upon which they were asked to opine, are all inapposite. The first case Defendants cite, *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969-70 (10th Cir. 2001), is illustrative. There, the court excluded the testimony of an orthopedic surgeon who had been retained to testify about bone healing but knew nothing about surgical warnings, on which she was asked to opine. According to the court, "as long as an expert stays 'within the reasonable confines of [her] subject area,' . . . 'a lack of specialization does not affect the admissibility of [the expert] opinion, but only its weight.'" *Compton v. Subaru of Am., Inc.*, 82 F.3d 1513, 1520 (10th Cir. 1996) (quoting *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1100 (10th Cir. 1991)), *cert. denied*, *Subaru of Am., Inc. v. Compton*, 519 U.S. 1042 (1996). But, in contrast to this case, the testimony of an orthopedic surgeon who attempts to testify to an issue completely outside her knowledge should be excluded.

Here, Mr. Miller has opined on the quality of WaMu's due diligence of the Offerings at issue in this litigation. Mr. Miller is unquestionably qualified to opine on the due diligence of public offerings of securities, and as MBS are a type of security, due diligence of MBS falls "within the reasonable confines of [Mr. Miller's] subject area." *Ralston*, 275 F.3d at 970 (quoting *Compton*, 82 F.3d at 1520); *see also Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 839 (9th Cir. 2011) (citing *Ralston*). Defendants' other cases are not to the contrary. *See Smith v.*

- 5 -

Cohen, Milstein, Sellers
& Toll P.L.L.C.
Attorneys At Law
Washington

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

1  *Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1095 (E.D. Cal. 2009) (finding expert in GPS
2  technology and computer forensics was unqualified to testify concerning a company's decision to
3  terminate an employee); *Certain Underwriters at Lloyds, London v. Inlet Fisheries, Inc.*, 389 F.
4  Supp. 2d 1145, 1152-54 (D. Alaska 2005) (excluding an expert who, although he had general
5  knowledge of the marine insurance industry, lacked experience underwriting marine pollution
6  insurance policies or any insurance policies); *In re Xerox Corp. Sec. Litig.*, 746 F. Supp. 2d 402,
7  415-17 (D. Conn. 2010) (expert on financial restructuring was not qualified to opine on
8  operational restructuring).  In none of these cases was an expert on a broad subject area asked to
9  testify on a particular issue within the confines of that subject area, as Mr. Miller has been asked
10 to do here.  Additionally, Defendants' reliance on *Prest v. Jermstad*, No. 07cv1771 WQH (BLM),
11 2009 WL 3634114, at *4 (S.D. Cal. Oct. 30, 2009), is misplaced.  There, the court found the
12 witness qualified to opine on the diagnosis and treatment of fibromyalgia, but excluded the
13 testimony for other reasons.

14     Accordingly, Mr. Miller, who is indisputably an expert on the due diligence of public
15 offerings of securities, is qualified to opine on the quality of due diligence of the Offerings of
16 MBS at issue.  Indeed, where, as here, Plaintiffs have alleged that the MBS industry as a whole
17 failed to carry out proper due diligence procedures, an objective expert on due diligence outside
18 the MBS industry would be even more helpful to the jury than an insider.  Mr. Miller's ability to
19 contrast the due diligence customarily conducted in public offerings to the due diligence
20 conducted on offerings of MBS is a benefit, not a detriment, to the jury.

21     **B.**    **Mr. Miller's Testimony Is Both Reliable and Helpful**

22     Defendants argue that, even assuming Mr. Miller is qualified (and he is), his testimony is
23 nonetheless unreliable and unhelpful because "he failed to conduct any expert analysis" and "did
24 virtually no work" in this case.  Defendants' Motion to Exclude the Proffered Expert Testimony
25 of James F. Miller ("Motion to Exclude Miller Testimony") (ECF No. 461) at 7-8.  Defendants'
26 assertion is plainly wrong.  Mr. Miller testified that he has spent at least 100 hours working on

- 6 -

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

Cohen, Milstein, Sellers
& Toll P.L.L.C.
Attorneys At Law
Washington

this case. Miller Dep. 79:20-80:4 (attached to the accompanying Declaration of S. Douglas Bunch as Ex. 1). He has written two reports totaling fifty pages and relied upon, among other things, the depositions of ten fact witnesses, the prospectus supplements, transcripts of Senate hearings, and numerous documents produced during discovery. Ex. A to the 3/30/12 Miller Rep. (attached as Ex. 2 to the Sanfilippo Decl., ECF No. 462). The results of Mr. Miller's investigation draw clear conclusions about the quality of WaMu's due diligence, or lack thereof. Using the same guidelines he has used in the more than 100 public offerings he has worked on in the past, Mr. Miller examined WaMu's due diligence procedures and found them to be deficient for highly specific, concrete reasons. Defendants may disagree with Mr. Miller's analysis, but they cannot credibly contend that he did *no* analysis at all. Defendants also cannot contend that Mr. Miller will not be valuable in explaining to the jury how, in his experience, WaMu fell short of customary due diligence procedures – an issue that would otherwise be highly complex and difficult for the jury to understand. Explaining and interpreting such issues for the jury is precisely what an expert does. *Many Cultures*, 830 F. Supp. 2d at 1143 ("It is well settled that . . . . [e]xperts 'interpret and analyze factual evidence.'" (citing *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999))).

At the same time they assert he did virtually no work in this matter, Defendants ironically criticize Mr. Miller for relying on "a set of discovery documents" in forming his opinions. Mot. at 8. It is hard to imagine, however, what could be more important for Mr. Miller to review in this case than the evidence produced during discovery. Indeed, Mr. Miller's work would be incomplete had he not reviewed such materials; it is not as if Mr. Miller could have mounted his own independent investigation of WaMu outside the formal discovery process. Furthermore, although Defendants suggest that Mr. Miller should have conducted studies or read journal articles or textbooks about MBS due diligence, Mot. at 1, that assumes, as noted above, that the customary, albeit deficient, MBS due diligence process is the appropriate benchmark for comparison that satisfies Defendants' due diligence defense under Section 11. For the reasons

- 7 -

Cohen, Milstein, Sellers
& Toll P.L.L.C.
Attorneys At Law
Washington

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

1   described above, Plaintiffs contend that it is not.  Finally, unlike Defendants' due diligence

2   expert, Mr. Robert Graham, Mr. Miller actually looked at and took into account all relevant facts

3   in this case pertinent to conducting proper due diligence – *e.g.*, fraud in the underlying loans; the

4   testimony of the head of WCC, David Beck; and Senate testimony.  Indeed, of the two books and

5   articles Mr. Graham appears to have relied upon, neither appears to have been about MBS due

6   diligence.  *See* 3/2/2012 Graham Rep. at 53 (attached as Ex. 7 to the Sanfilippo Decl., ECF No.

7   462).

8          Finally, Defendants' contention that "Mr. Miller . . . [is] either unaware of or mistaken

9   about the basic facts of this case" is plainly wrong, and Defendants' effort to subject Mr. Miller to

10  a memory test about the facts of this case during his deposition does not help them.  Mot. at 9.

11  Defendants assert, for example, that Mr. Miller's testimony should be excluded because he

12  testified in error that conduit loans make up 5-10% of the underlying loan pools.  *Id.*  What

13  Defendants fail to mention is that, after repeated badgering from Defendants' counsel, Mr. Miller

14  testified that he did not know the answer and then gave his "best estimate" as to the number of

15  conduit loans in the pools.  Miller Dep. 16:7-17:4 (attached as Ex. 3 to the Sanfilippo Decl., ECF

16  No. 462).  Defendants' other examples of Mr. Miller's so-called lack of knowledge about the case

17  also fall short.  *See, e.g.*, *id.* at 17:5-17 (quizzing Mr. Miller on different WaMu corporate

18  entities); *Id.* at 21:21-22:20 (discussing the semantics of "prime" versus "Alt-A" loans); *Id.* at

19  92:13-93:12 (confusing the distinction between underwriting due diligence and underwriting of

20  mortgage loans).  Defendants' word games cannot be held against Mr. Miller, and do not

21  disqualify him from testifying.

22         Indeed, contrary to Defendants' assertions, Mr. Miller testified to a full understanding of

23  how WaMu's due diligence process worked:

24      Q:    Describe for me your understanding of WCC's credit due
        diligence process for the offerings at issue.
25      A:    So WCC had an individual named Mr. Coyne who was
        charged with managing the credit due diligence process. Mr.
26      Coyne, upon being told an offering was pending, would take the
        initial loan pool, review the tape and select from that loan pool a
27

28  - 8 -

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

Cohen, Milstein, Sellers
& Toll P.L.L.C.
Attorneys At Law
Washington

> sample which was, according to his testimony, approximately 50 percent random sampled and 50 percent adversely sampled.
> He would then retain in each of those six offerings an independent due diligence outfit called the Capital Group who would send individuals to the facility where the loan files were held and essentially re-underwrite or check the loan files to look for compliance with the guidelines then current for those particular mortgage products.
> Mr. Coyne would receive reports from the Capital Group which would specify whether the loans in the sample were rated EV1, EV2 or EV3, which indicated whether they were in full compliance, partial compliance or not in compliance with the guidelines.
> And then he would assess whether or not there were -- I always get this word wrong -- but mitigating circumstances or factors that would overcome whatever the particular deficiency in the loan file might be to see whether or not those loans would be included in the asset pool and reject whichever loans could not be cured or were in violation of the -- of the guidelines.

*Id.* at 98:24-100:10.

Accordingly, Mr. Miller is informed about the basic facts of this case, including the facts underlying the issues on which he was asked to opine. His testimony is both reliable and helpful and should be admitted.

**III. Mr. Miller Should Be Allowed to Testify Concerning Errors KPMG Identified in the Loan Tapes**

Defendants assert, separately, that Mr. Miller should not be allowed to testify at trial concerning the errors that KPMG identified in the loan tapes. Motion to Exclude Miller Testimony (ECF No. 461) at 11-12. Defendants assert that such evidence constitutes "a new theory of liability" that would prejudice them, and, in any event, such evidence is not relevant to any claim or defense, is thus unhelpful, and should be excluded. *Id.*

As discussed in Plaintiffs' Memorandum in Opposition to Defendants' Motion in Limine (ECF No. 476), Defendants' assertion depends on an overly narrow, biased interpretation of Plaintiffs' claims, which the Court soundly rejected in denying Defendants' motion for summary judgment. In any event, Mr. Miller explains in his expert report how this evidence is clearly relevant to one of Defendants' main defenses in this case, namely their Section 11 "due diligence" defense. 3/30/12 Miller Rep. at 24-25 (attached as Ex. 2 to the Sanfilippo Decl.). In

- 9 -

Cohen, Milstein, Sellers & Toll P.L.L.C.
Attorneys At Law
Washington

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

particular, Mr. Miller explains that if KPMG had found errors in the loan tapes for between 17% and 97% of the loans they sampled, then it follows "that similar error rates would apply to the loan tapes as a whole, thereby rendering the data disclosed in the tables contained in the prospectus supplements and the loan tapes provided to investors to be similarly unreliable." *Id.* at 24. Indeed, Mr. Miller cites Defendant Beck's testimony that the whole purpose of sampling was to "understand what the characteristics and deficiencies were of the broader population." Beck Dep. at 47:12-15 (attached as Ex. 4 to the 5/11/12 Declaration of John T. Jasnoch, ECF No. 415). Mr. Miller opines that it was not reasonable for WaMu to ignore the implications that KPMG's reports had for the loan pools as a whole, and that WaMu's due diligence was therefore deficient. Again, defendants may disagree with this conclusion, but the jury is entitled to hear it and to give it the weight it deserves.

Accordingly, Mr. Miller should be allowed to testify to the errors KPMG identified in the loan tapes.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Exclude the Proffered Expert Testimony of James F. Miller (ECF No. 461) should be denied.

Cohen, Milstein, Sellers
& Toll P.L.L.C.
Attorneys At Law
Washington

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

Dated: July 30, 2012

Respectfully submitted,

**TOUSLEY BRAIN STEPHENS PLLC**

By: s/ Janissa A. Strabuk
By: s/ Kim D. Stephens
Janissa A. Strabuk, WSBA #21827
Kim D. Stephens, WSBA #11984
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com
       jstrabuk@tousley.com

*Liaison Counsel for Plaintiffs and the Class*

COHEN MILSTEIN SELLERS &
TOLL PLLC
Steven J. Toll
Joshua S. Devore (admitted *pro hac vice*)
S. Douglas Bunch (admitted *pro hac vice*)
1100 new York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
       jdevore@cohenmilstein.com
       dbunch@cohenmilstein.com

Christopher Lometti (admitted *pro hac vice*)
Daniel B. Rehns (admitted *pro hac vice*)
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
Email: clometti@cohenmilstein.com
       drehns@cohenmilstein.com

SCOTT+SCOTT LLP
Anne L. Box (admitted *pro hac vice*)
John T. Jasnoch (admitted *pro hac vice*)
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
Email: abox@scott-scott.com
       jjasnoch@scott-scott.com

- 11 -

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

Cohen, Milstein, Sellers
& Toll P.L.L.C.
Attorneys At Law
Washington

Beth Kaswan (admitted *pro hac vice*)
Amanda F. Lawrence (admitted *pro hac vice*)
500 Fifth Avenue, 40th Floor
New York, New York 10110
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
Email: bkaswan@scott-scott.com
alawrence@scott-scott.com

*Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record and additional persons listed below:

**2:09-cv-00037-MJP Notice has been electronically mailed to:**

Steve W. Berman (Terminated) steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

Larry Steven Gangnes gangnesl@lanepowell.com, docketing-sea@lanepowell.com, donnellyjossm@lanepowell.com, gracen@lanepowell.com

David Daniel Hoff dhoff@tousley.com, efile@tousley.com

Stellman Keehnel stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com

Paul Joseph Kundtz pkundtz@riddellwilliams.com, jsherred@riddellwilliams.com, lmoore@riddellwilliams.com

Bruce Earl Larson (Terminated) blarson@karrtuttle.com, psteinfeld@karrtuttle.com

John D Lowery jlowery@riddellwilliams.com

Louis David Peterson ldp@hcmp.com, smp@hcmp.com

Stephen M. Rummage (Terminated) steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com

Kim D Stephens kstephens@tousley.com, cbonifaci@tousley.com, lrolling@tousley.com, wcruz@tousley.com

Robert D Stewart stewart@kiplinglawgroup.com

- 12 -

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

Cohen, Milstein, Sellers & Toll P.L.L.C.
Attorneys At Law
Washington

1  Dennis H Walters (Terminated) dwalters@karrtuttle.com, wbarker@karrtuttle.com

2  Mike Liles, Jr (Terminated) mliles@karrtuttle.com

3  Steven P Caplow (Terminated) stevencaplow@dwt.com, jasonSchattenkerk@dwt.com, patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com

4

5  Janissa Ann Strabuk jstrabuk@tousley.com, lrolling@tousley.com, mhottman@tousley.com, wcruz@tousley.com

6  Walter Eugene Barton (Terminated) gbarton@karrtuttle.com, danderson@karrtuttle.com, nrandall@karrtuttle.com

7

8  Gavin Williams Skok gskok@riddellwilliams.com, jsherred@riddellwilliams.com, lmoore@riddellwilliams.com

9  David M Balabanian david.balabanian@bingham.com

10  Douglas C McDermott doug@mcdermottnewman.com, eric@mcdermottnewman.com

11  Susan L Hoffman susan.hoffman@bingham.com

12  Steven J Toll stoll@cohenmilstein.com, efilings@cohenmilstein.com

13  John D Pernick john.pernick@bingham.com

14  Steven W Fogg sfogg@corrcronin.com, hpowell@corrcronin.com, reception@corrcronin.com

15  Brian C Free bcf@hcmp.com, bkp@hcmp.com

16  Christopher M Huck (Terminated) buck@kdg-law.com

17  Rogelio Omar Riojas omar.riojas@dlapiper.com, karen.hansen@dlapiper.com

18  Timothy Michael Moran moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com

19  Richard A Speirs rspeirs@cohenmilstein.com

20  Bradley T. Meissner bmeissner@fenwick.com

21  Geoffrey M Johnson gjohnson@scott-scott.com, efile@scott-scott.com

22  Mary Kay Vyskocil mvyskocil@stblaw.com

23  Barry Robert Ostrager bostrager@stblaw.com, managingclerk@stblaw.com

24  Richard F Hans richard.hans@dlapiper.com, dorinda.castro@dlapiper.com

25  S Douglas Bunch dbunch@cohenmilstein.com

26  Darren J Robbins e_file_sd@csgrr.com

27

28

Cohen, Milstein, Sellers & Toll P.L.L.C.
Attorneys At Law
Washington

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

| | |
|---|---|
| 1 | Jonathan Gardner jgardner@labaton.com |
| 2 | Daniel B Rehns drehns@cohenmilstein.com, efilings@cohenmilstein.com |
| 3 | Joel P Laitman jlaitman@cohenmilstein.com |
| 4 | Christopher E Lometti clometti@cohenmilstein.com |
| 5 | Michael H. Barr mbarr@sonnenschein.com |
| 6 | Kenneth J Pfaehler kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com |
| 7 | Leslie D Davis ldavis@sonnenschein.com |
| 8 | Kevin P Chavous kchavous@sonnenschein.com |
| 9 | Paul Scarlato pscarlato@labaton.com, ElectronicCaseFiling@labaton.com |
| 10 | Frank Busch frank.busch@bingham.com, andrew.obach@bingham.com |
| 11 | Joseph P Guglielmo jguglielmo@scott-scott.com, efile@scott-scott.com |
| 12 | Kenneth M Rehns krehns@cohenmilstein.com, efilings@cohenmilstein.com |
| 13 | Adam Zurofsky azurofsky@cahill.com |
| 14 | Tammy Roy troy@cahill.com |
| 15 | Floyd Abrams fabrams@cahill.com |
| 16 | James J. Coster jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com |
| 17 | Joshua M. Rubins jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com |
| 18 | Theo J. Robins theo.robins@bingham.com |
| 19 | Brian O O'Mara bomara@rgrdlaw.com, e_file_sd@rgrdlaw.com, johnkg@rgrdlaw.com |
| 20 | Joshua S. Devore jdevore@cohenmilstein.com, efilings@cohenmilstein.com |
| 21 | Julie Goldsmith Reiser jreiser@cohenmilstein.com |
| 22 | Jee Young You jeeyoung.you@bingham.com |
| 23 | Walter W. Noss wnoss@scott-scott.com, efile@scott-scott.com |
| 24 | Anne L. Box abox@scott-scott.com, edewan@scott-scott.com, efile@scott-scott.com |
| 25 | Evan R. Chesler echesler@cravath.com |
| 26 | Thomas G. Rafferty trafferty@cravath.com |
| 27 | |
| 28 | |

Cohen, Milstein, Sellers & Toll P.L.L.C.
Attorneys At Law
Washington

- 14 -

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

| | |
|---|---|
| 1 | Daniel Slifkin dslifkin@cravath.com |
| 2 | Michael A. Paskin mpaskin@cravath.com |
| 3 | J. Wesley Earnhardt wearnhardt@cravath.com |
| 4 | Jesse M. Weiss jweiss@cravath.com |
| 5 | John T Jasnoch jjasnoch@scott-scott.com, efile@scott-scott.com |
| 6 | Edward C. Signaigo esignaigo@scott-scott.com, efile@scott-scott.com |
| 7 | Hector J Valdes hvaldes@cravath.com |
| 8 | Ryan Wagenleitner rwagenleitner@scott-scott.com |
| 9 | **2:09-cv-00037-MJP Notice will not be electronically mailed to:** |
| 10 | WaMu Officer Defendants Securities MDL |
| 11 | **2:09-cv-00134-MJP Notice has been electronically mailed to:** |
| 12 | Naumon A Amjed namjed@btkmc.com, knguyen@btkmc.com |
| 13 | John A. Kehoe jkehoe@btkmc.com |
| 14 | Sharan Nirmul snirmul@btkmc.com |
| 15 | Joseph A. Fonti jfonti@labaton.com, ElectronicCaseFiling@labaton.com |
| 16 | Serena Richardson srichardson@labaton.com, ElectronicCaseFiling@labaton.com |
| 17 | **2:09-cv-00134-MJP Notice will not be electronically mailed to:** |
| 18 | WaMu Officer Defendants Securities MDL |
| 19 | **2:09-cv-00137-MJP Notice has been electronically mailed to:** |
| 20 | Christopher M Huck huck@kdg-law.com |
| 21 | Hollis Lee Salzman hsalzman@labaton.com, ElectronicCaseFiling@labaton.com |
| 22 | **2:09-cv-00137-MJP Notice will not be electronically mailed to:** |
| 23 | WaMu Officer Defendants Securities MDL |
| 24 | Julie Hwang |
| 25 | LABATON SUCHAROW LLP<br>140 BROADWAY |
| 26 | FLOOR 34<br>NEW YORK, NY 10005 |
| 27 | |
| 28 | - 15 - |

Cohen, Milstein, Sellers
& Toll P.L.L.C.
Attorneys At Law
Washington

Plaintiffs' Opposition to Defendants' Motion to Exclude
the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

**2:09-cv-01557-MJP Notice has been electronically mailed to:**

Gavin Williams Skok azurofsky@cahill.com, fabrams@cahill.com, troy@cahill.com

**2:09-cv-01557-MJP Notice will not be electronically mailed to:**

WaMu Officer Defendants Securities MDL

Dated July 30, 2012.

By:  s/ Kim D. Stephens
By:  s/ Janissa A. Strabuk
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: kstephens@tousley.com
        jstrabuk@tousley.com

*Liaison Counsel for Plaintiffs and the Class*

- 16 -

Plaintiffs' Opposition to Defendants' Motion to Exclude
 the Proffered Expert Testimony of James F. Miller –
Case No. C09-037 MJP

Cohen, Milstein, Sellers
& Toll P.L.L.C.
Attorneys At Law
Washington