The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION,<br><br>This Document Relates to: ALL CASES | Master Case No. C09-037 MJP<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO EXCLUDE THE PROFFERED EXPERT TESTIMONY OF JAMES F. MILLER**<br><br>NOTE ON MOTION CALENDAR:<br>August 3, 2012<br><br>ORAL ARGUMENT REQUESTED |

*Defendants' Reply in Further Support of Their Motion To Exclude the Proffered Expert Testimony of James F. Miller* (CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. ........................................................................................................ ii

EXPLANATION OF CITATION FORMS. ............................................................................... iii

ARGUMENT. ...............................................................................................................................1

I.     Mr. Miller is Not Qualified To Opine on Mortgage-Backed Security Due Diligence. ...........................................................................................................................1

II.    Mr. Miller's Testimony Is Unhelpful Because He Failed To Conduct Any Expert Analysis and Does Not Have Any Relevant Experience. ......................................................4

III.   Testimony Concerning Alleged Misstatements Not at Issue Should Be Excluded. ............5

CONCLUSION ..............................................................................................................................6

*Defendants' Reply in Further Support of Their Motion To Exclude the Proffered Expert Testimony of James F. Miller* (CV09-037 MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Andrews v. Metro N. Commuter R.R. Co., 882 F.2d 705 (2d Cir. 1989) ........................................4

Certain Underwriters at Lloyds, London v. Inlet Fisheries, Inc., 389 F. Supp. 2d 1145 (D. Alaska 2005) ..............................................................................................................................3

Compton v. Subaru of America, Inc., 82 F.3d 1513 (10th Cir. 1996) ........................................2, 3

Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).........................................................6

In re Int'l Rectifier Sec. Litig., No. CV91-3357-RMT, 1997 WL 529600 (C.D. Cal. Mar. 31, 1997) ....................................................................................................................................2

In re Software Toolworks Inc. Sec. Litig., 50 F.3d 615 (9th Cir. 1995)..........................................6

In re Xerox Corp. Securities Litigation, 746 F. Supp. 2d 402 (D. Conn. 2010)..............................3

Ralston v. Smith & Nephew Richards, Inc., 275 F. 3d 965 (10th Cir.2001) ...............................2, 3

Smith v. Pac. Bell Tel. Co., 649 F. Supp. 2d 1073 (E.D. Cal. 2009).................................................5

United States v. Gonzalez-Maldonado, 115 F.3d 9 (1st Cir. 1997)..................................................4

United States v. Hanna, 293 F.3d 1080 (9th Cir. 2002)..................................................................4

*Defendants' Reply in Further Support of Their Motion To Exclude the Proffered Expert Testimony of James F. Miller* (CV09-037 MJP)   ii

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**EXPLANATION OF CITATION FORMS**

The following citation forms are used in this memorandum:

- "Defs. Br." for references to Defendants' Motion To Exclude the Proffered Expert Testimony of James F. Miller, dated July 2, 2012 (Dkt. No. 461).

- "Pls. Br." for references to Plaintiffs' Opposition to Defendants' Motion To Exclude the Proffered Expert Testimony of James F. Miller, dated July 30, 2012 (Dkt. No. 487).

- "Miller Dep." for references to excerpts from the transcript of the June 26, 2012 deposition of James F. Miller, previously submitted as Ex. 3 to the July 2, 2012 Declaration of Michael A. Sanfilippo (Dkt. No. 462).

- "Rebuttal Rep." for references to the Expert Report of Plaintiffs' proposed expert, James F. Miller, dated March 30, 2012, previously submitted as Ex. 2 to the July 2, 2012 Declaration of Michael A. Sanfilippo (Dkt. No. 462).

- "3/30/12 Graham Rep." for references to the expert rebuttal report of John Graham, dated March 30, 2012, previously submitted as Ex. 131 to the May 25, 2012 Declaration of Hector J. Valdes (Dkt. No. 427).

- "2nd Am. Compl." for references to Plaintiffs' Second Amended Consolidated Complaint for Violations of Sections 11, 12 and 15 of the Securities Act of 1933, dated April 1, 2010 (Dkt. No. 164).

*Defendants' Reply in Further Support of Their Motion To Exclude the Proffered Expert Testimony of James F. Miller* (CV09-037 MJP)                                iii

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

## I. Mr. Miller is Not Qualified To Opine on Mortgage-Backed Security Due Diligence.

Plaintiffs argue that because Mr. Miller has experience with due diligence for equities and corporate bonds, he is an expert in due diligence for securities, and because mortgage-backed securities are a type of security, Mr. Miller must be an expert in due diligence for mortgage-backed securities ("MBS"). (Pls. Br. at 1, 5.) Plaintiffs' attempted syllogism fails.

Plaintiffs provide no factual support for the key premise of their argument, which they repeat four times, that "Mr. Miller is an expert in the field of due diligence for all securities, including MBS." (Pls. Br. at 1 (emphasis in original); see id. at 3, 5, 6.) Nor could they. Mr. Miller admits that he has no experience, let alone expertise, with MBS or due diligence of MBS; in fact, he has "never worked on an offering of mortgage-backed securities" in "any capacity" and has "never conducted due diligence on a public offering in mortgage-backed securities." (Miller Dep. 40:13–23; 41:23–42:2; 42:24–43:3.)

As Defendants explained in their opening brief (see Defs. Br. at 2–3, 5–6), due to significant differences between MBS and equity securities and corporate debt securities, due diligence for MBS is fundamentally distinct from the only type of due diligence that Mr. Miller has ever known. While the value of corporate equities and bonds is tied to the financial health of the issuing company (Miller Dep. 26:10–27:6), the value of mortgage-backed securities is not. In fact, mortgage-backed securities are, by design, quarantined from the financial health of the issuing entity. (See Defs. Br. at 3.) Mortgage-backed securities derive their value solely from the monthly principal and interest payments made by the borrowers whose mortgages form the collateral pool. (Miller Dep. 9:25–10:14; 13:19–14:11.) As a result, MBS due diligence focuses on the characteristics of the underlying loans. (See Defs. Br. at 3.) Mr. Miller has no experience grading loans, comparing loan files to underwriting guidelines or conducting any type of loan file review at all. (Miller Dep. 44:19–45:5.) As a result, he is completely unqualified to determine whether WCC adequately investigated the risks of Plaintiffs' investments or whether

*Defendants' Reply in Further Support of Their Motion To Exclude the Proffered Expert Testimony of James F. Miller* (CV09-037 MJP)   1

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

those risks were adequately disclosed.

Plaintiffs argue that "Mr. Miller's ability to contrast the due diligence customarily conducted in public offerings [of non-MBS] to the due diligence conducted on offerings of MBS is a benefit, not a detriment, to the jury." (Pls. Br. at 6.) But comparing how due diligence for other types of securities—backed by completely different sources of income and carrying completely different types of risk—relates to due diligence for MBS is not relevant and would only confuse the jury. Plaintiffs also argue that "whether WaMu's due diligence compared favorably to the 'industry standard' for MBS offerings is completely irrelevant (and indeed, entirely unhelpful to Defendants) when, as Plaintiffs also allege, due diligence was woefully inadequate across the industry." (Id. at 1.) But neither Mr. Miller nor Plaintiffs point to any evidence that due diligence practices across the entire MBS industry were inadequate. Accordingly, customary practices for MBS due diligence are directly relevant in determining the reasonableness of due diligence in Section 11 cases. See In re Int'l Rectifier Sec. Litig., No. CV91-3357-RMT (BQRX), 1997 WL 529600, at *11 (C.D. Cal. Mar. 31, 1997) (upholding a due diligence defense under section 11 claim because "the Underwriters have amply conformed with, if not exceeded, the industry standards in this area").

Because Mr. Miller applied due diligence guidelines for equity securities and corporate debt (Pls. Br. at 7), Mr. Miller fixated on certain procedures—such as a review of "non-public documents that are important to an assessment of the issuer's business and financial position" (Pls. Br. at 4 (quoting Rebuttal Rep. at 6–7))—that are not germane to MBS due diligence. Conversely, Mr. Miller conducted no independent review to determine the percentage of loans in the due diligence sample that were graded EV3 for credit reasons and whether any trend appeared in those grades. (3/30/12 Graham Rep. at 8–10.) Thus, Mr. Miller's lack of experience caused him to focus on irrelevant facts instead of crucial ones.

Plaintiffs cite Ralston v. Smith & Nephew Richards, Inc. and Compton v. Subaru

*Defendants' Reply in Further Support of Their Motion To Exclude the Proffered Expert Testimony of James F. Miller* (CV09-037 MJP)     2

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  of America, Inc. (Pls. Br. at 5), but they gloss over whether Mr. Miller satisfies what Ralston
2  termed the "dispositive question," which is whether the purported expert has remained "'within
3  the reasonable confines' of [the expert's] subject area." Ralston, 275 F.3d 965, 970 (10th Cir.
4  2001) (quoting Compton, 82 F.3d 1513, 1520 (10th Cir. 1996)).  Mr. Miller has ventured far
5  beyond the "reasonable confines" of his expertise into a subject on which he has no prior
6  experience or specialized knowledge.  Thus, even according to Plaintiffs' own authority, Mr.
7  Miller should be excluded.
8         Plaintiffs attempt to distinguish Defendants' authorities by stating that
9  Defendants' cases "feature experts whose areas of specialty lay completely outside the issues
10 upon which they were asked to opine." (Pls. Br. at 5.)  Even if that were an accurate description
11 of Defendants' cases, they still would require Mr. Miller's exclusion—he has no experience with
12 mortgages or MBS, let alone with MBS due diligence.  But that is not what the cases say.  For
13 instance, in Certain Underwriters at Lloyds, London v. Inlet Fisheries, Inc., the court excluded a
14 proposed expert, despite his 45 years of broad experience in the marine insurance industry,
15 because he lacked experience underwriting the specific type of marine pollution insurance
16 policies at issue.  389 F. Supp. 2d 1145, 1150–54 (D. Alaska 2005).  And in In re Xerox Corp.
17 Securities Litigation, plaintiffs claimed that an expert in "financial restructuring" could opine on
18 "restructurings" generally because he had broad "experience with disclosure requirements for
19 accurately describing a company or transactions."  746 F. Supp. 2d 402, 415–17 (D. Conn.
20 2010).  The court rejected those arguments and excluded the testimony because the expert had no
21 experience in the particular type of restructuring ("operational" restructuring) at issue.  Id.
22 Plaintiffs cannot distinguish those authorities.  Mr. Miller's experience in due diligence for
23 equity and corporate debt does not qualify him as an expert in the due diligence of MBS.
24
25

*Defendants' Reply in Further Support of Their Motion To Exclude the Proffered Expert Testimony of James F. Miller* (CV09-037 MJP)          3

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

## II. Mr. Miller's Testimony Is Unhelpful Because He Failed To Conduct Any Expert Analysis and Does Not Have Any Relevant Experience.

Plaintiffs argue that Mr. Miller's opinions would be helpful to the jury because he reviewed a portion of the discovery record and applied his experience in interpreting it. (Pls. Br. at 6–7.) That is not sufficient. Expert testimony should be excluded if jurors, after listening to the testimony and exhibits, can understand the facts and reach their own conclusions about what the admissible evidence shows. Andrews v. Metro N. Commuter R.R. Co., 882 F.2d 705, 708 (2d Cir. 1989). Mr. Miller admits that his opinions are based solely on his own "common sense" interpretation of the discovery record. (See Miller Dep. 93:22–94:3.) And, because Mr. Miller's "common sense" is not informed by any relevant experience (see id. at 41:23–42:6; 42:21–44:10), the jury is equally capable of reviewing the evidence and forming its own "common sense" conclusions. Mr. Miller does not explain any facts in the record that fact witnesses cannot explain; he merely regurgitates the contents of the discovery that Plaintiffs' counsel told him to read. "By appearing to put the expert's stamp of approval on the [party's] theory, such testimony might unduly influence the jury's own assessment of the inference that is being urged." United States v. Hanna, 293 F.3d 1080, 1087 (9th Cir. 2002) (quoting United States v. Gonzalez-Maldonado, 115 F.3d 9, 17–18 (1st Cir. 1997)).

Plaintiffs try to excuse their expert's lack of a basic understanding of the record as the result of "word games," an unfair "memory test," "semantics" and even "badgering from Defendants' counsel." (Pls. Br. at 8.) Those excuses (and accusations) miss the mark. The following line of open-ended questions is the "repeated badgering" to which Plaintiffs refer:

> Q. In this case, and focusing on the year 2006, what channels did Washington Mutual Bank originate mortgage loans, through what channels? . . .
> Q. Have you heard reference to the conduit channel? . . .
> Q. What is the conduit channel? . . .
> Q. Well, what's the difference, if you know, between the conduit channel and the correspondent channel? . . .

*Defendants' Reply in Further Support of Their Motion To Exclude the Proffered Expert Testimony of James F. Miller* (CV09-037 MJP)   4

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

> Q.  What percentage of the loans backing the offerings at issue in this case were originated through the conduit channel? . . .
> Q.  I understand you can't give me an exact number, but just ballparking what number of loans -- . . .
> Q.  What's  -- what's your best estimate? . . . (Miller Dep. 14:12–17:4.)

Defendants asked Mr. Miller these and other open-ended questions about fundamental aspects of the case, including which channels originated the loans at issue (id.; id. at 20:7–19), who the Defendants are (id. at 18:2–19:4), which WaMu entities were involved in the securitizations at issue (id. at 17:15–17), which documents he excluded from his review as irrelevant (id. at 21:21–22:20) and whether he reviewed the underwriting guidelines at issue here (id. at 92:13–93:12).

Mr. Miller's inaccurate responses to those basic questions show that he is in no position to help the jury understand the record (even if that were a proper subject of expert testimony) because he does not have even a basic understanding of the record himself.  For example, he stated that he did not rely on evidence related to prime loans (id. at 21:21–22:20), that WMB's underwriting guidelines did not exist in a usable format (id. at 92:13–93:12) and that WMMSC (a completely unrelated WaMu subsidiary) was involved in securitizing the MBS at issue (id. at 17:15–17).  Mr. Miller's misunderstanding is an independent basis on which to exclude his testimony.  Smith v. Pac. Bell Tel. Co., 649 F. Supp. 2d 1073, 1096 (E.D. Cal. 2009) (expert testimony is admissible only if expert knows facts that would enable him to express an accurate conclusion).

### III.  Testimony Concerning Alleged Misstatements Not at Issue Should Be Excluded.

Plaintiffs argue that KPMG's data review is relevant to whether WCC can be held liable for alleged misstatements regarding underwriting guidelines, but KPMG's review is related neither to those claims nor to Defendants' due diligence defense to those claims.

First, Plaintiffs suggest that Defendants' position "depends on an overly narrow, biased interpretation of Plaintiffs' claims."  (Pls. Br. at 9.)  But allegations regarding KPMG's

*Defendants' Reply in Further Support of Their Motion To Exclude the Proffered Expert Testimony of James F. Miller* (CV09-037 MJP)                        5

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

data review have nothing to do with WMB's underwriting and, therefore, are not within the scope of any claim in the operative complaint. (See 2nd Am. Compl. at 46–69.) To be clear, no matter how broadly the claims are interpreted to be, Plaintiffs' claims that survived dismissal and summary judgment indisputably are related to underwriting, but as Mr. Miller admits, KPMG's review is not related to underwriting, i.e., "[t]he process by which an originator determines whether to originate a mortgage loan." (Miller Dep. 88:20–89:7.)

Second, Plaintiffs, without any supporting authority, suggest that KPMG's data review "is clearly relevant to one of Defendants' main defenses in this case, namely their Section 11 'due diligence' defense." (Pls. Br. at 9.) Contrary to Plaintiffs' assertion, only the diligence on the particular statements about underwriting that Plaintiffs alleged were misleading is relevant to Defendants' due diligence defense in this case. See In re Software Toolworks Inc. Sec. Litig., 50 F.3d 615, 622–23 (9th Cir. 1995). In In re Software Toolworks, the Ninth Circuit considered whether the defendant had established due diligence defenses to multiple different statements alleged to be misleading under Section 11. Id. In reviewing the defense as it applied to any particular alleged misstatement, the Court evaluated only the diligence that was relevant to that statement. Id. Mr. Miller agreed that data due diligence is not related to underwriting or credit due diligence. (See Miller Dep. 88:8–11; 88:20–89:7.) As a result, KPMG's data review is not related to the due diligence defense that is at issue in this case. Mr. Miller's testimony concerning this subject should be excluded. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 591 (1993) ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.") (citation and internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons and those set forth in their opening brief, Defendants respectfully request that the Court exclude the proffered expert testimony of James Miller.

*Defendants' Reply in Further Support of Their Motion To Exclude the Proffered Expert Testimony of James F. Miller* (CV09-037 MJP)    6

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  Dated this the 3rd day of August, 2012.

3  **HILLIS CLARK MARTIN & PETERSON, P.S.**
By:  /s/ Louis D. Peterson
Louis D. Peterson, WSBA #5776
Brian C. Free, WSBA #35788
1221 Second Avenue, Suite 500
Seattle, WA 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789
Email: ldp@hcmp.com
       bcf@hcmp.com

**BINGHAM MCCUTCHEN LLP**
By:  /s/ John D. Pernick
David M. Balabanian (admitted *pro hac vice*)
John D. Pernick (admitted *pro hac vice*)
Frank Busch (admitted *pro hac vice*)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
Email: david.balabanian@bingham.com
       john.pernick@bingham.com
       frank.busch@bingham.com

*Attorneys for Defendants WaMu Asset Acceptance Corp., WaMu Capital Corp., David Beck, Richard Careaga, Rolland Jurgens, and Diane Novak*

---

*Defendants' Reply in Further Support of Their Motion To Exclude the Proffered Expert Testimony of James F. Miller* (CV09-037 MJP)       7

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**CRAVATH, SWAINE & MOORE LLP**
By: /s/ Michael A. Paskin
Evan R. Chesler (admitted *pro hac vice*)
Daniel Slifkin (admitted *pro hac vice*)
Michael A. Paskin (admitted *pro hac vice*)
Wes Earnhardt (admitted *pro hac vice*)
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
Email: echesler@cravath.com;
dslifkin@cravath.com;
mpaskin@cravath.com;
wearnhardt@cravath.com

*Attorneys for Defendants WaMu Asset Acceptance Corp. and WaMu Capital Corp.*

*Defendants' Reply in Further Support of Their Motion To Exclude the Proffered Expert Testimony of James F. Miller* (CV09-037 MJP)    8

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

# CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam Zurofsky     azurofsky@cahill.com

Amanda F. Lawrence - alawrence@scott-scott.com

Barry Robert Ostrager     bostrager@stblaw.com, managingclerk@stblaw.com

Beth A. Kaswan - bkaswan@scott-scott.com

Bradley T. Meissner     bradley.meissner@dlapiper.com

Brian O. O'Mara     bo'mara@rgrdlaw.com, e_file_sd@rgrdlaw.com

Christopher E Lometti     clometti@cohenmilstein.com

Daniel B Rehns     drehns@cohenmilstein.com, efilings@cohenmilstein.com

Darren J Robbins     e_file_sd@csgrr.com

David Daniel Hoff     dhoff@tousley.com, efile@tousley.com

David R. Scott - drscott@scott-scott.com

Douglas C McDermott     doug@mcdermottnewman.com, eric@mcdermottnewman.com

Floyd Abrams     fabrams@cahill.com

Gavin Williams Skok     gskok@riddellwilliams.com, jsherred@riddellwilliams.com, lmoore@riddellwilliams.com

Geoffrey M Johnson     gjohnson@scott-scott.com, efile@scott-scott.com

Hal D Cunningham     hcunningham@scott-scott.com, efile@scott-scott.com, halcunningham@gmail.com

Hector J. Valdes - hvaldes@cravath.com

Hollis Lee Salzman (Terminated)     hsalzman@labaton.com, ElectronicCaseFiling@labaton.com

James J. Coster     jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com

Janissa Ann Strabuk     jstrabuk@tousley.com, lrolling@tousley.com, wcruz@tousley.com

Jason T Jasnoch jjasnoch@scott-scott.com, efile@scott-scott.com

Joel P Laitman     jlaitman@cohenmilstein.com

John D Lowery     jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com

Jonathan Gardner     jgardner@labaton.com

Joseph P Guglielmo     jguglielmo@scott-scott.com, efile@scott-scott.com

*Certificate of Service - (CV09-037 MJP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

| | |
|---|---|
| 1 | Joseph A. Fonti (Terminated)    jfonti@labaton.com, ElectronicCaseFiling@labaton.com |
| 2 | Joshua M. Rubins    jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com |
| 3 | Joshua S. Devore    jdevore@cohenmilstein.com, efilings@cohenmilstein.com |
| 4 | Julie Goldsmith Reiser    jreiser@cohenmilstein.com |
| | Julie Hwang (Terminated)    jhwang@labaton.com, ElectronicCaseFiling@labaton.com |
| 5 | Kenneth J Pfaehler    kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com |
| 6 | Kenneth M Rehns    krehns@cohenmilstein.com |
| 7 | Kerry F Cunningham    kerry.cunningham@dlapiper.com |
| 8 | Kevin P Chavous    kchavous@sonnenschein.com |
| 9 | Kim D Stephens    kstephens@tousley.com, cbonifaci@tousley.com, lrolling@tousley.com, wcruz@tousley.com |
| 10 | Larry Steven Gangnes    gangnesl@lanepowell.com, docketing-sea@lanepowell.com, donnellyjossm@lanepowell.com, sebringl@lanepowell.com |
| 11 | Leslie D Davis    ldavis@sonnenschein.com |
| 12 | Mary Kay Vyskocil    mvyskocil@stblaw.com |
| 13 | Michael H. Barr    mbarr@sonnenschein.com |
| 14 | Nancy A Pacharzina (Terminated)    npacharzina@tousley.com, mhottman@tousley.com |
| 15 | Paul Scarlato    pscarlato@labaton.com, ElectronicCaseFiling@labaton.com |
| 16 | Paul Joseph Kundtz    pkundtz@riddellwilliams.com, mbergquam@riddellwilliams.com, mdowns@riddellwilliams.com |
| 17 | Richard A Speirs    rspeirs@cohenmilstein.com |
| 18 | Richard F Hans    richard.hans@dlapiper.com, dorinda.castro@dlapiper.com |
| 19 | Robert D Stewart    stewart@kiplinglawgroup.com |
| 20 | Rogelio Omar Riojas    omar.riojas@dlapiper.com, karen.hansen@dlapiper.com, nina.marie@dlapiper.com |
| 21 | Ryan Wagenleitner - rwagenleitner@scott-scott.com |
| 22 | S Douglas Bunch    dbunch@cohenmilstein.com |
| 23 | Serena Rich ardson (Terminated)    srichardson@labaton.com, ElectronicCaseFiling@labaton.com |
| 24 | Stellman Keehnel    stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com |
| 25 | Stephen M. Rummage    steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com |
| 26 | Steve W. Berman    steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com |
| 27 | Steven J Toll    stoll@cohenmilstein.com, efilings@cohenmilstein.com |
| 28 | |

*Certificate of Service - (CV09-037 MJP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Steven P Caplow    stevencaplow@dwt.com, jasonSchattenkerk@dwt.com, patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com

Steven W Fogg    sfogg@corrcronin.com, hpowell@corrcronin.com, reception@corrcronin.com

Tammy Roy    troy@cahill.com

Timothy Michael Moran    moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com

Walter W. Noss    wnoss@scott-scott.com, efile@scott-scott.com

DATED this 3rd day of August, 2012 at Seattle, Washington.

By    s/ Louis D. Peterson
Louis D. Peterson, WSBA #5776
1221 Second Avenue, Suite 500
Seattle WA 98101-2925
Telephone:  (206) 623-1745
Facsimile:  (206) 623-7789
Email:  ldp@hcmp.com

*Certificate of Service - (CV09-037 MJP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789