The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION,<br><br>This Document Relates to:  ALL CASES | Master Case No. C09-037 MJP<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE THE PROFFERED EXPERT TESTIMONY OF SCOTT D. HAKALA**<br><br>NOTE ON MOTION CALENDAR:<br>August 3, 2012<br><br>ORAL ARGUMENT REQUESTED |

*Defendants' Reply in Support of Their Motion to Exclude the Proffered Expert Testimony of Scott D. Hakala (CV09-037 MJP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES. ................................................................................................... ii

EXPLANATION OF CITATION FORMS. ............................................................................ iii

ARGUMENT. .............................................................................................................................1

I.     Dr. Hakala's Damages Method is Inconsistent and Cannot Be Replicated. ........................1

II.    Dr. Hakala's Use of Unreliable Price Data Over DCF is Unsupported in the Field............2

III.   Dr. Hakala's Method of Equating Price and Value is Contrary to Law. .............................6

CONCLUSION............................................................................................................................6

*Defendants' Reply in Support of Their Motion to Exclude the Proffered Expert Testimony of Scott D. Hakala (CV09-037 MJP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Daubert v. Merrell Dow Pharm., Inc., 43 F.3d 1311 (9th Cir. 1995) ........................................2, 4

Elcock v. Kmart Corp., 233 F.3d 734 (3d Cir. 2000) ........................................................................2

Miller v. Thane Int'l, Inc., 615 F.3d 1095 (9th Cir. 2010) ................................................................6

Akerman v. Oryx Communications, Inc., 810 F.2d 336 (2d Cir. 1987) ..........................................6

*Defendants' Reply in Support of Their Motion to Exclude the Proffered Expert Testimony of Scott D. Hakala (CV09-037 MJP)*   ii

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**EXPLANATION OF CITATION FORMS**

The following citation forms are used in this memorandum:

- "3/11/11 Hakala Decl." for references to the declaration of Scott Hakala, dated March 11, 2011, previously submitted as Ex. 117 to the April 13, 2012 Declaration of Jesse M. Weiss (Dkt. No. 384).

- "5/12/11 Hakala Dep." for references to the transcript of the May 12, 2011, deposition of Dr. Scott D. Hakala, previously submitted as Ex. 77 to the May 11, 2012 Declaration of John T. Jasnoch (Dkt. No. 415).

- "3/30/12 James Rep." for references to the expert rebuttal report of Defendants' proposed expert, Christopher James, Ph.D., dated March 30, 2012, previously submitted as Ex. 5 to the July 2, 2012 Declaration of Brendon DeMay (Dkt. No. 466).

- "6/8/12 Hakala Dep." for references to excerpts from the transcript of the June 8, 2012, deposition of Dr. Scott D. Hakala, previously submitted as Ex. 3 to the July 2, 2012 Declaration of Brendon DeMay (Dkt. No. 466).

- "Zissu Dep." for references to an excerpt from the transcript of the June 12, 2012, deposition of Dr. Anne Zissu, previously submitted as Ex. 1 to the July 2, 2012 Declaration of Brendon DeMay (Dkt. No. 466).

- "6/21/12 James Dep." for references to an excerpt from the transcript of the June 21, 2012, deposition of Dr. Christopher James, previously submitted as Ex. 4 to the July 2, 2012 Declaration of Brendon DeMay (Dkt. No. 466).

- "Hakala Bankr. Decl." for references to the declaration of Scott D. Hakala, Ph.D., CFA, dated January 17, 2012, previously submitted as Ex. 6 to the July 2, 2012 Declaration of Brendon DeMay (Dkt. No. 466).

- "PCAOB AU Section __" for references to excerpts from the Public Company Accounting Oversight Board Auditing Standards, previously submitted as Ex. A to the July 30, 2012 Declaration of Scott D. Hakala (Dkt. No. 490-2).

- "FAS 157" for references to Financial Accounting Standards Board, Statement of Financial Accounting Standards No. 157, previously submitted as Ex. B to the July 30, 2012 Declaration of Scott D. Hakala (Dkt. No. 490-2).

- "USPAP" for references to excerpts from The Appraisal Foundation, Uniform Standards of Professional Appraisal Practice (2010-11 ed.), previously submitted as Ex. C to the July 30, 2012 Declaration of Scott D. Hakala (Dkt. No. 490-2).

*Defendants' Reply in Support of Their Motion to Exclude the Proffered Expert Testimony of Scott D. Hakala (CV09-037 MJP)* — iii

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

- "Mot." for references to Defendants' Memorandum of Law in Support of Their Motion to Exclude the Proffered Expert Testimony of Scott D. Hakala, dated July 2, 2012.

- "Opp." for references to Plaintiffs' Opposition to Defendants' Motion to Exclude the Proffered Expert Testimony of Scott D. Hakala, dated July 30, 2012.

*Defendants' Reply in Support of Their Motion to Exclude the Proffered Expert Testimony of Scott D. Hakala (CV09-037 MJP)*    iv

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Defendants WaMu Capital Corp. ("WCC"), WaMu Asset Acceptance Corp. ("WAAC"), David Beck, Diane Novak, Rolland Jurgens and Richard Careaga (collectively, "Defendants") respectfully submit this reply in support of their motion to exclude the proffered expert testimony of Scott D. Hakala, Ph.D.

## I. Dr. Hakala's Damages Method is Inconsistent and Cannot Be Replicated.

Plaintiffs do not disagree that Dr. Hakala's damages calculations must be consistent in order to be admissible. Yet, Plaintiffs do not even attempt to defend Dr. Hakala's admissions that he violated his own hierarchy of rules to apply when choosing a price that reflects "value". (See Mot. at 4–5, 8–9.) And Plaintiffs offer no argument that Dr. Hakala's damages calculations here and in the Bankruptcy Court are actually consistent with one another. Nor could they, because a damages calculation of $435 million is not consistent with a damages calculation for the same securities on the same valuation date of $559 million.

Rather than attempt to reconcile Dr. Hakala's shifting damages calculations, Plaintiffs argue only that the Court should overlook Dr. Hakala's damages calculation in Bankruptcy Court because (a) Dr. Hakala's bankruptcy calculation was not based on the "purchase and sale transaction data" that he used in preparing his damages opinion here; and (b) Dr. Hakala did not have sufficient time to conduct his bankruptcy calculation. (Opp. at 8.) Neither excuse is credible.

Plaintiffs' first excuse is unsound because Dr. Hakala's bankruptcy calculation explicitly states that he did take into account actual transaction data: "The securities prices in Exhibit B-Summary are derived primarily from FT Interactive matrix prices. Where FT Interactive did not have price quotes, price information was obtained from matrix prices from Thomson Financial and from observed actual sale prices reported subsequent to August 4, 2008." (Hakala Bankr. Decl. ¶1 (emphasis added).) In both his bankruptcy calculation and his damages calculation here, Dr. Hakala had access to, and relied upon, the same crucial categories of data.

*Defendants' Reply in Support of Their Motion to Exclude the Proffered Expert Testimony of Scott D. Hakala (CV09-037 MJP)*   1

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  The difference is that here he abandoned the rules he used in Bankruptcy Court and arrived at a
2  vastly higher damages number.  Dr. Hakala has failed to apply a consistent methodology that
3  yields consistent results, and his shifting conclusions demonstrate that his valuation method is ad
4  hoc, biased and unreliable.  "If [the expert's] testing did not generate consistent results, [the
5  expert's] method would be exposed as unreliable because it is subjective and unreproducible."
6  Elcock v. Kmart Corp., 233 F.3d 734, 747 (3d Cir. 2000).

7        Plaintiffs' second excuse is unsound because the suggestion that Dr. Hakala did
8  not have enough time to conduct a thorough analysis before submitting his bankruptcy
9  calculation is contradicted by the record.  Dr. Hakala has been working on this case since, at the
10 latest, March 2011.  (See 3/11/11 Hakala Decl.)  In May 2011, Dr. Hakala testified that he had
11 already begun preparing his damages analysis using actual transaction data as of August 4, 2008.
12 (See 5/12/11 Hakala Dep. 122:15–123:6 ("Q. Do you have any prices from August 2008?  A.
13 Yes. . . . [W]e had two price [quote] sources as well as transactions.  We were able to look at
14 transactions before and after dates and interpolate from transaction data as well.").)  Thus, any
15 implication that Dr. Hakala did not have enough time to prepare the sworn declaration he
16 submitted to the Bankruptcy Court in January 2012 is false—or is at least the self-induced effect
17 of his own delay.

18 **II.    Dr. Hakala's Use of Unreliable Price Data Over DCF is Unsupported in the Field.**

19        Under Daubert, "experts must explain precisely how they went about reaching
20 their conclusions and point to some objective source—a learned treatise, the policy statement of
21 a professional association, a published article in a reputable scientific journal or the like—to
22 show that they have followed the scientific method, as it is practiced by (at least) a recognized
23 minority of scientists in their field."  Daubert v. Merrell Dow Pharm., Inc., 43 F.3d 1311, 1319
24 (9th Cir. 1995).  Plaintiffs attempt to meet that standard by pointing to various accounting and
25 appraisal texts that supposedly endorse Dr. Hakala's method.  Those texts, however, do not

*Defendants' Reply in Support of Their Motion to Exclude the Proffered Expert Testimony of Scott D. Hakala (CV09-037 MJP)*   2

1 support Dr. Hakala's method and in fact prove that Dr. Hakala's method is disfavored.

2 <u>First</u>, Plaintiffs argue that PCAOB and FASB accounting guidelines endorse using actual transaction prices and price quotations rather than a discounted cash flow analysis ("DCF") to value Certificates like those at issue here. But those sources specify that the preference for actual transaction prices and price quotations over a DCF presupposes that the asset at issue is traded in "an active market" such that price information is a reliable indicator of value. (<u>See</u> PCAOB AU Section 328.19, <u>cited in</u> Opp. at 10; <u>see also</u> PCAOB AU Section 328.10 ("For example, management may be able to refer to published price quotations in an active market to determine fair value for marketable securities held by the entity."); FAS 157-12, <u>cited in</u> Opp. at 5 (giving "the highest priority to quoted prices (unadjusted) in active markets for identical assets or liabilities").) Plaintiffs quote from the PCAOB standards on this issue but omit that crucial qualifier; the quotation reads in full:

> "The measurement of fair value may be relatively simple for certain assets or liabilities, for example, **investments that are bought and sold in active markets that provide readily available and reliable information on the prices at which actual exchanges occur. For those items, the existence of published price quotations in an active market is the best evidence of fair value. The measurement of fair value for other assets or liabilities may be more complex.** A specific asset may not have an observable market price or may possess such characteristics that it becomes necessary for management to estimate its fair value based on the best information available in the circumstances (for example, a complex derivative financial instrument). **The estimation of fair value may be achieved through the use of a valuation method (for example, a model premised on discounting of estimated future cash flows)**." (<u>See</u> PCAOB AU Section 328.08, <u>cited in</u> Opp. at 4 (emphasis added).)

Plaintiffs' own sources confirm that the use of transaction data and price quotations to establish value requires a showing that the trading market is active; Dr. Hakala, however, admitted that the market for the securities at issue is not active and is not efficient. He specifically stated that the market does not meet the court-approved <u>Cammer</u> test for efficiency and that trading in the market is infrequent:

*Defendants' Reply in Support of Their Motion to Exclude the Proffered Expert Testimony of Scott D. Hakala (CV09-037 MJP)*     3

> "Generally the <u>Cammer</u> factors were not satisfied in the sense that the courts would require. Yes, I did look at that issue. There are some <u>Cammer</u> factors which might be met or partially met, but, in general, **the trades were not frequent enough** and the price reactions were not immediate enough to meet the <u>Cammer</u> factors." (6/8/12 Hakala Dep. 81:10–16 (emphasis added).)

There is <u>no dispute</u> that the Certificates at issue were not actively traded. (<u>See</u> <u>id.</u>; 3/30/12 James Rep. ¶22 ("available evidence shows that the Securities were extremely thinly traded"; "there was no Security-level analyst coverage"; "the Securities were not traded on an exchange and investors had no assurance of any secondary market"; "market participants had no readily available source of transactions data"); 6/21/12 James Dep. 16:6–17:12.) Accordingly, the parties' expert financial economists agree that, according to the texts Plaintiffs cite, the precondition for relying on price data is not met. Plaintiffs have not met the requirement that Dr. Hakala's method is accepted or even practiced in the industry. <u>See</u> <u>Daubert</u>, 43 F.3d at 1319.

Similarly, the texts upon which Plaintiffs rely also state that actual transaction prices may be used as true value only if they represent trades "between willing parties, that is, other than in a forced or liquidation sale" (<u>see</u> PCAOB AU Section 328.03 (quoting FAS 7)), but Dr. Hakala does not describe <u>any</u> analysis that he conducted to determine whether a particular transaction reflects a distressed price in a liquidation sale.[1] This failure to account for—or even investigate—another precondition for relying on transaction prices renders his methods unreliable according to Plaintiffs' own authorities.

As for Dr. Hakala's lament that a DCF is "too assumptive" (Opp. at 9 (quoting 6/8/12 Hakala Dep. 44:20)), Plaintiffs' own sources again demonstrate that excuse is without merit. PCAOB standards acknowledge that a DCF requires making assumptions about future

---

[1] For example, Dr. Hakala conducted no analysis to determine whether his selected price of 45.00 for AR7-2A was the result of a liquidation sale even though it is nearly 40% lower than a transaction price six weeks earlier, 20% below a transaction price three weeks later and 20% below price quotations 2–3 weeks before and after. The outlier price of 45.00 should have been analyzed to determine whether it was artificially low due to a liquidation, but Dr. Hakala failed to conduct that analysis as required by the FASB standards that Plaintiffs cite as authoritative.

*Defendants' Reply in Support of Their Motion to Exclude the Proffered Expert Testimony of Scott D. Hakala (CV09-037 MJP)*     4

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  conditions, and the PCAOB standards provide guidance on which data and information should be
2  considered in developing those assumptions.  (See PCAOB AU Section 328.05–.06, 328.26–39.)
3  Dr. Hakala has not substantiated his claim that DCF is too difficult or that it is not possible to
4  find contemporaneous information that would allow one to estimate what market participants
5  were projecting at the time.  As noted above, valuation standards explicitly endorse DCF for
6  financial instruments that, like the Certificates here, are not actively traded.  In other words,
7  "making assumptions" is what financial economists like Dr. Hakala are paid to do.[2]

8  Plaintiffs' sources further demonstrate that Dr. Hakala's practice of using
9  transaction prices that post-date August 4, 2008, is unreliable.  The PCAOB guidelines make
10 clear that a valuation will rely on information as of the valuation date, and post-dated
11 information may be used during a subsequent audit as a type of "sanity check" on the original
12 valuation, not as the valuation itself.  (See PCAOB AU Section 328.41; Zissu Dep. 105:18–106:8
13 (agreeing that it is "basic finance" that a valuation as of a certain date "is based on the
14 information that you have available at that time").)  By contrast, Dr. Hakala used transaction
15 prices from weeks after August 4, 2008, as a substitute for value as of August 4.  And although
16 "the Appraisal Foundation" requires the appraiser to "determine a logical cutoff" for using post-
17 hoc information (USPAP at Statement 3), Dr. Hakala never applied such a cutoff; for example,
18 for AR7-2A, he deemed a price as of September 8 to be too late, yet for AR17-1A, he used a
19 price as of September 26 (see 3/30/12 James Rep. Ex. 5).

20 Lastly, Plaintiffs argue that requiring Dr. Hakala to conduct a DCF places the

---

[2] As Plaintiffs' expert, Prof. Zissu, testified, a DCF is not merely "the appropriate way to value an RMBS investment . . . it's the only way."  (Zissu Dep. 104:7–12.)  Plaintiffs assert that she was referring only to the method of pricing an initial offering before any transactions have occurred.  (Opp. at 10.)  That is not what she said.  Prof. Zissu testified that as time goes by after conducting a DCF on a MBS, investors will revise their DCF calculations to account for new information, not that investors will abandon the DCF method: "Well, the price of a security changes over time for different reasons.  One is, you don't -- you're not dealing with the same projected cash flows.  The other one -- well -- so, basically that's what it is. . . .  If I am pricing a security [on] October 31st, 2000, that's based on the projected cash flows from that point on until maturity.  If then I look at that same security at December 31st, 2000, the price is going to be different."  (Zissu Dep. 105:5–23.)

*Defendants' Reply in Support of Their Motion to Exclude the Proffered Expert Testimony of Scott D. Hakala (CV09-037 MJP)*          5

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

burden on Plaintiffs to prove loss causation. (Opp. at 9–10.) That argument is wrong, and Plaintiffs cite no authority to support it. Nothing about a DCF requires Dr. Hakala "to prove up the credit losses attributable to Defendants' poor underwriting". (Id. at 10.) A DCF requires only an estimation of future profits and losses discounted to the valuation date; it does not require "proof" of the causes of those profits and losses.

### III. Dr. Hakala's Method of Equating Price and Value is Contrary to Law.

Plaintiffs argue that prices can be used as value even in an inefficient market. (Id. at 6–8.) That argument, however, relies on a misreading of Miller v. Thane International, Inc., 615 F.3d 1095 (9th Cir. 2010), and that case is distinguishable.[3] Thane does not stand for the broad proposition that price automatically equals value even if the Cammer efficiency factors are not met. Rather, Thane held that the failure to show an "immediate [price] response" (a characteristic of Cammer-efficient markets) was irrelevant because it did not affect the economic analysis that was in question. Id. at 1103. Here, by contrast, the "immediate response" and "trading volume" Cammer factors, among others, are critical—the Certificates often were not traded for weeks or months, yet Dr. Hakala attempts to use prices to divine value as of a specific date during those long stretches.[4] Under the circumstances, there is no economic or legal basis to conclude that prices equal value for the purposes of Section 11(e).

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude the proffered expert testimony of Dr. Scott D. Hakala.

---

[3] Plaintiffs also misread Akerman v. Oryx Communications, Inc., 810 F.2d 336 (2d Cir. 1987). The court there did not hold that market prices can be reliable indicators of value when markets are inefficient. In that case, there was no evidence—much less agreement by the parties' expert economists—that the market was inefficient, and the court discussed "thin market[s]" only to explain the "internal inconsistency" of the plaintiff's assertion that the market was inefficient, which directly contradicted the other statistical evidence that the plaintiff had introduced. Id. at 343.

[4] Accordingly, Dr. Hakala's assertion that the market is "informationally efficient" is beside the point.

*Defendants' Reply in Support of Their Motion to Exclude the Proffered Expert Testimony of Scott D. Hakala (CV09-037 MJP)*    6

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Dated this the 3rd day of August, 2012.

          **HILLIS CLARK MARTIN & PETERSON, P.S.**
          By:  /s/ Louis D. Peterson
          Louis D. Peterson, WSBA #5776
          Brian C. Free, WSBA #35788
          1221 Second Avenue, Suite 500
          Seattle, WA 98101-2925
          Telephone: (206) 623-1745
          Facsimile: (206) 623-7789
          Email: ldp@hcmp.com
                 bcf@hcmp.com

          **BINGHAM MCCUTCHEN LLP**
          By:  /s/ John D. Pernick
          David M. Balabanian (admitted *pro hac vice*)
          John D. Pernick (admitted *pro hac vice*)
          Frank Busch (admitted *pro hac vice*)
          Three Embarcadero Center
          San Francisco, CA 94111-4067
          Telephone: (415) 393-2000
          Facsimile: (415) 393-2286
          Email: david.balabanian@bingham.com
                 john.pernick@bingham.com
                 frank.busch@bingham.com

*Attorneys for Defendants WaMu Asset Acceptance Corp., WaMu Capital Corp., David Beck, Richard Careaga, Rolland Jurgens, and Diane Novak*

*Defendants' Reply in Support of Their Motion to Exclude the Proffered Expert Testimony of Scott D. Hakala (CV09-037 MJP)* — 7

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**CRAVATH, SWAINE & MOORE LLP**
By: /s/ Michael A. Paskin
Evan R. Chesler (admitted *pro hac vice*)
Daniel Slifkin (admitted *pro hac vice*)
Michael A. Paskin (admitted *pro hac vice*)
Wes Earnhardt (admitted *pro hac vice*)
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
Email: echesler@cravath.com;
       dslifkin@cravath.com;
       mpaskin@cravath.com;
       wearnhardt@cravath.com

*Attorneys for Defendants WaMu Asset Acceptance Corp. and WaMu Capital Corp.*

---

*Defendants' Reply in Support of Their Motion to Exclude the Proffered Expert Testimony of Scott D. Hakala (CV09-037 MJP)*    8

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of August, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- Adam Zurofsky     azurofsky@cahill.com
- Amanda F. Lawrence - alawrence@scott-scott.com
- Barry Robert Ostrager     bostrager@stblaw.com, managingclerk@stblaw.com
- Beth A. Kaswan - bkaswan@scott-scott.com
- Bradley T. Meissner     bradley.meissner@dlapiper.com
- Brian O. O'Mara     bo'mara@rgrdlaw.com, e_file_sd@rgrdlaw.com
- Christopher E Lometti     clometti@cohenmilstein.com
- Daniel B Rehns     drehns@cohenmilstein.com, efilings@cohenmilstein.com
- Darren J Robbins     e_file_sd@csgrr.com
- David Daniel Hoff     dhoff@tousley.com, efile@tousley.com
- David R. Scott - drscott@scott-scott.com
- Douglas C McDermott     doug@mcdermottnewman.com, eric@mcdermottnewman.com
- Floyd Abrams     fabrams@cahill.com
- Gavin Williams Skok     gskok@riddellwilliams.com, jsherred@riddellwilliams.com, lmoore@riddellwilliams.com
- Geoffrey M Johnson     gjohnson@scott-scott.com, efile@scott-scott.com
- Hal D Cunningham     hcunningham@scott-scott.com, efile@scott-scott.com, halcunningham@gmail.com
- Hector J. Valdes - hvaldes@cravath.com
- Hollis Lee Salzman (Terminated)     hsalzman@labaton.com, ElectronicCaseFiling@labaton.com
- James J. Coster     jcoster@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com
- Janissa Ann Strabuk     jstrabuk@tousley.com, lrolling@tousley.com, wcruz@tousley.com
- Jason T Jasnoch     jjasnoch@scott-scott.com, efile@scott-scott.com
- Joel P Laitman     jlaitman@cohenmilstein.com
- John D Lowery     jlowery@riddellwilliams.com, dhammonds@riddellwilliams.com
- Jonathan Gardner     jgardner@labaton.com
- Joseph P Guglielmo     jguglielmo@scott-scott.com, efile@scott-scott.com

*Certificate of Service - (CV09-037 MJP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

| | |
|---|---|
| 1 | Joseph A. Fonti (Terminated)   jfonti@labaton.com, ElectronicCaseFiling@labaton.com |
| 2 | Joshua M. Rubins   jrubins@ssbb.com, jregan@ssbb.com, managingclerk@ssbb.com |
| 3 | Joshua S. Devore   jdevore@cohenmilstein.com, efilings@cohenmilstein.com |
| 4 | Julie Goldsmith Reiser   jreiser@cohenmilstein.com |
|   | Julie Hwang (Terminated)   jhwang@labaton.com, ElectronicCaseFiling@labaton.com |
| 5 | Kenneth J Pfaehler   kenneth.pfaehler@snrdenton.com, nicole.reeber@snrdenton.com |
| 6 | Kenneth M Rehns   krehns@cohenmilstein.com |
| 7 | Kerry F Cunningham   kerry.cunningham@dlapiper.com |
| 8 | Kevin P Chavous   kchavous@sonnenschein.com |
| 9 | Kim D Stephens   kstephens@tousley.com, cbonifaci@tousley.com, lrolling@tousley.com, wcruz@tousley.com |
| 10 | Larry Steven Gangnes   gangnesl@lanepowell.com, docketing-sea@lanepowell.com, donnellyjossm@lanepowell.com, sebringl@lanepowell.com |
| 11 | Leslie D Davis   ldavis@sonnenschein.com |
| 12 | Mary Kay Vyskocil   mvyskocil@stblaw.com |
| 13 | Michael H. Barr   mbarr@sonnenschein.com |
| 14 | Nancy A Pacharzina (Terminated)   npacharzina@tousley.com, mhottman@tousley.com |
| 15 | Paul Scarlato   pscarlato@labaton.com, ElectronicCaseFiling@labaton.com |
| 16 | Paul Joseph Kundtz   pkundtz@riddellwilliams.com, mbergquam@riddellwilliams.com, mdowns@riddellwilliams.com |
| 17 | Richard A Speirs   rspeirs@cohenmilstein.com |
| 18 | Richard F Hans   richard.hans@dlapiper.com, dorinda.castro@dlapiper.com |
| 19 | Robert D Stewart   stewart@kiplinglawgroup.com |
| 20 | Rogelio Omar Riojas   omar.riojas@dlapiper.com, karen.hansen@dlapiper.com, nina.marie@dlapiper.com |
| 21 | Ryan Wagenleitner - rwagenleitner@scott-scott.com |
| 22 | S Douglas Bunch   dbunch@cohenmilstein.com |
| 23 | Serena Rich ardson (Terminated)   srichardson@labaton.com, ElectronicCaseFiling@labaton.com |
| 24 | Stellman Keehnel   stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com |
| 25 | Stephen M. Rummage   steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com |
| 26 | Steve W. Berman   steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com |
| 27 | Steven J Toll   stoll@cohenmilstein.com, efilings@cohenmilstein.com |
| 28 | |

*Certificate of Service - (CV09-037 MJP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  Steven P Caplow     stevencaplow@dwt.com, jasonSchattenkerk@dwt.com,
2         patrickwatts@dwt.com, seadocket@dwt.com, sheilarowden@dwt.com

3  Steven W Fogg     sfogg@corrcronin.com, hpowell@corrcronin.com,
         reception@corrcronin.com

4  Tammy Roy     troy@cahill.com

5  Timothy Michael Moran     moran@kiplinglawgroup.com, cannon@kiplinglawgroup.com

6  Walter W. Noss     wnoss@scott-scott.com, efile@scott-scott.com

   D<small>ATED</small> this 3rd day of August, 2012 at Seattle, Washington.

                                        By    s/ Louis D. Peterson
                                            Louis D. Peterson, WSBA #5776
                                            1221 Second Avenue, Suite 500
                                            Seattle WA 98101-2925
                                            Telephone:  (206) 623-1745
                                            Facsimile:  (206) 623-7789
                                            Email:  ldp@hcmp.com

*Certificate of Service - (CV09-037 MJP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789