The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates to: ALL CASES | No. 2:09-cv-00037 (MJP)<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT<br><br>NOTE ON MOTION CALENDAR: September 4, 2012 |

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................1

II.    FACTUAL BACKGROUND.............................................................................3

    A.    Nature of the Claims and Procedural History ......................................3

    B.    Summary of the Proposed Settlement..................................................5

III.   ARGUMENT.....................................................................................................7

    A.    The Proposed Settlement Satisfies the Criteria for Preliminary Approval .............7

    B.    The Settlement Is the Result of a Thorough, Rigorous, and Adversarial Process ...................................................................................9

    C.    The Settlement Merits Preliminary Approval and Class Members Should Be Given Notice and an Opportunity to Be Heard Concerning the Terms of the Settlement .....................................11

    D.    The Proposed Notice Satisfies Rules 23(d) and (e) and Due Process Requirements ......................................................................14

IV.   PROPOSED SCHEDULE OF EVENTS........................................................16

V.    CONCLUSION................................................................................................17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

1

## <u>TABLE OF AUTHORITIES</u>

2

3    *Churchill Village, L.L.C. v. G.E.*,
        361 F.3d 566 (9th Cir. 2004) .................................................................................11, 13, 14
4
     *Class Plaintiffs v. City of Seattle*,
5        955 F.2d 1268 (9th Cir. 1992) .........................................................................................7, 8, 15

6    *Denney v. Deutsche Bank AG*,
        443 F.3d 253 (2d Cir. 2006)...........................................................................................15
7
     *In re Broadwing, Inc. ERISA Litig.*,
8        252 F.R.D. 369 (S.D. Ohio 2006) ...................................................................................13

9    *In re MetLife Demutualization Litig.*,
        689 F. Supp. 2d 297 (E.D.N.Y. 2010) ............................................................................15
10
     *In re NVIDIA Corp. Driv. Litig.*,
11       No. C-06-06110, 2008 WL 5382544 (N. D. Cal. Dec. 22, 2008)............................................13
12
     *Linney v. Cellular Alaska P'ship*,
13       151 F.3d 1234 (9th Cir. 1998) .........................................................................................7, 13
14
     *Lundell v. Dell, Inc.*,
15       No. C05-3970, 2006 WL 3507938 (N.D. Cal. Dec. 5, 2006) ................................7, 10, 11, 13

16   *Mendoza v. Tucson School Dist. No. 1*,
        623 F.2d 1338 (9th Cir. 1980) .........................................................................................14, 15
17
     *Mullane v. Cent. Hanover Bank & Trust Co.*,
18       339 U.S. 306 (1950)........................................................................................................14

19   *Officers for Justice v. Civil Serv. Comm'n of City and County of San Francisco*,
        688 F.2d 615 (9th Cir. 1982) ...........................................................................................8
20
21   *Satchell v. Fed. Express Corp.*,
        No. C03-2659, 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) ..................................8
22
     *Van Bronkhorst v. Safeco Corp.*,
23       529 F.2d 943 (9th Cir. 1976) ...........................................................................................7

24   *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
        396 F.3d 96 (2d Cir. 2005)...............................................................................................15
25
26

27

28

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

*West v. Circle K Stores, Inc.*,
    No. CIV. S-04-0438, 2006 WL 1652598 (E.D. Cal. June 13, 2006)...................................7, 11

*Young v. Polo Retail, LLC*,
    No. C-02-4546, 2006 WL 3050861 (N.D. Cal. Oct. 25, 2006) ......................................7, 8, 10

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 23(e)(3) ................................................................................................................15
    Rule 23(e)(4)................................................................................................................15
    Rule 26(e)(4) ...............................................................................................................6, 9
    Rule 26(f)......................................................................................................................4, 6

**OTHER AUTHORITIES**

5 James Wm. Moore, *Moore's Federal Practice*
    ¶23.83[1] .......................................................................................................................8

**SCOTT+SCOTT LLP**
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

Lead Plaintiffs Doral Bank of Puerto Rico, Policemen's Annuity Benefit Fund of the City of Chicago, and Boilermakers National Annuity Trust (collectively, "Plaintiffs"), respectfully submit this Memorandum of Law in support of their unopposed motion for entry of an order (i) granting preliminary approval of the proposed settlement (the "Settlement") set forth in the Stipulation of Settlement dated September 4, 2012 (the "Stipulation"); (ii) approving the form and manner of giving notice of the proposed Settlement to the Class; and (iii) setting a hearing date for final approval of the Settlement and its terms, including the proposed Plan of Allocation (the "Settlement Fairness Hearing").[1]

## I.    INTRODUCTION

The proposed Settlement now submitted to the Court for preliminary approval provides for the payment of twenty-six million dollars ($26,000,000.00) in cash (the "Settlement Fund") for the benefit of the Class.  As discussed in detail below, Plaintiffs and their counsel Scott+Scott LLP and Cohen Milstein Sellers & Toll PLLC ("Lead Counsel") submit that the proposed Settlement is in the best interests of the Class and represents a significant recovery, particularly in light of the risks of litigation and to collectability of a judgment.  Accordingly, Plaintiffs respectfully move for preliminary approval and submit this Memorandum of Law in support of the proposed Settlement.

Plaintiffs, along with defendants WaMu Asset Acceptance Corp. ("WMAAC"), WaMu Capital Corp. ("WCC"), David Beck, Diane Novak, Rolland Jurgens, and Richard Careaga (together, the "Defendants") (with Plaintiffs, the "Parties"), believe that the proposed Settlement is fair, reasonable and adequate and should be preliminarily approved.  The Settlement, which was only achieved after comprehensive pre-discovery investigation by counsel; significant

---

[1]    Unless otherwise noted, all capitalized terms are defined in the Stipulation.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
C09-0037 (MJP)                                    1

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

formal discovery, including the review of more than 27 million pages of documents, the exchange of 20 expert reports, 12 expert depositions and 39 fact depositions; the filing of motions to dismiss, for summary judgment, under *Daubert* and *in limine*; extensive trial preparation; and several rounds of mediation that were ultimately driven by the limitations in the extent of Defendants' assets to fund a settlement and a lack of available directors and officers ("D&O") insurance, provides an immediate and significant recovery for the Class in the face of substantial challenges to any recovery after continued litigation, trial and appeals.   In consideration for the payment of $26,000,000, the Settlement will result in the dismissal of the Second Amended Consolidated Complaint for Violations of Sections 11, 12 and 15 of the Securities Act of 1933, filed on April 1, 2010 (the "Complaint") with prejudice and the release of all related claims against Defendants in the Litigation.

As outlined herein, Lead Counsel have conducted an extensive investigation of the claims and the underlying events alleged in the Complaint, have engaged in aggressive and probing discovery, consulted with experts on all aspects of the case, and researched the applicable law with respect to the claims of Plaintiffs and the Class against Defendants and the potential defenses thereto.  Based on this, Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Settlement are fair, reasonable and adequate to the Class Members and in their best interests, and have agreed to the Settlement after considering: (a) the substantial benefits that Plaintiffs and the Class will receive from settlement of the Action; (b) the risks, costs, and uncertainties of ongoing litigation, including with respect to Defendants' ultimate ability to pay a judgment; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
C09-0037 (MJP)                    2

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

## II.   FACTUAL BACKGROUND

### A.   Nature of the Claims and Procedural History

On January 12, 2009, the above-captioned class action was filed against defendants Washington Mutual Bank, WMAAC, WCC, Beck, Novak, Thomas Green, Jurgens, Careaga, Deutsche Bank Trust Company Americas, Christiana Bank & Trust Company, for various WaMu Mortgage Pass-Though Certificates (the "Certificates" or "Securitizations") in the United States District Court for the Western District of Washington alleging violations of the Securities Act of 1933 (the "Securities Act").  The Action sought redress for alleged violations of Section 11 of the Securities Act related to the public offering of the Certificates.  Each Certificate was offered to the public pursuant to a Registration Statement and Prospectus Supplement (together, the "Offering Documents").  Plaintiffs alleged that those Offering Documents contained misstatements and omissions concerning the underwriting practices employed by Defendants in originating the mortgage loans which comprised the collateral loan pool for the Certificates.

On August 14, 2009, the Court consolidated *Boilermakers National Annuity Trust Fund v. WaMu Mortgage Pass Through Certificates*, No. 09-0037MJP (the "Boilermakers Action"), *New Orleans Employees' Retirement System and MARTA/ATU Local 732 Employees Retirement Plan v. Washington Mutual Bank*, No. 09-0134MJP (the "New Orleans I Action"), and *New Orleans Employees' Retirement System v. The First American Corporation*, No. 09-0137MJP (the "New Orleans II Action") into a single action under case number C09-0037MJP (the "Boilermakers Consolidated Action") and later appointed lead counsel and liaison counsel in the two actions. On March 24, 2010, this Court then consolidated the Boilermakers Consolidated Action and the Doral Action under case number C09-0037MJP (hereinafter, the "Action").

Once the case was consolidated, on April 1, 2010, Plaintiffs filed their Second Amended Consolidated Complaint (the "Complaint" defined above) asserting claims under Sections 11, 12

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

and 15 of the Securities Act, 15 U.S.C. §§77k, 77l, and 77o, against defendants WMAAC, WCC, Beck, Novak, Green, Jurgens, Careaga, Thomas Lehmann, Stephen Fortunato, David Wilhelm, Moody's Investors Services, Inc. ("Moody's), and McGraw-Hill Companies, Inc., inclusive of its Standard & Poor's Rating Services division ("S&P") (Moody's and S&P are the "Rating Agencies").  Within the month, Defendants filed motions to dismiss the Complaint.  The Court granted in part and denied in part Defendants' motions to dismiss, dismissing Plaintiffs' claims against the Rating Agencies and certain individual defendants.

Plaintiffs moved for class certification, which this Court granted, in part, on October 21, 2011 and certified a class consisting of all persons or entities who purchased or otherwise acquired the following Certificates: 2006 AR-7 tranche 2A; 2006 AR-12 tranche 1A1; 2006 AR-16 tranches 2A1, LB1, LB2, LB3, 3B1, 3B2, and 3B3; 2006 AR-17 tranche 1A; 2006 AR-18 tranche 2A1; and 2007-HY1 tranches 1A1 and 3A3 (collectively, the "Certificates"), on or before August 1, 2008 pursuant and/or traceable to their Registration Statements and accompanying Prospectuses filed with the SEC and who were damaged thereby (the "Class"). Plaintiffs took an unsuccessful Rule 26(f) appeal to broaden the Class.   Prior to and in conjunction with class certification, both Plaintiffs and Defendants proffered experts who opined on issues related to the cohesiveness of the Class.

Following decision on the motion to dismiss, extensive discovery ensued.  To begin with, the Parties served document requests and interrogatories on each other and served subpoenas for the production of documents by third parties.  This resulted in the production and review of over 27 million pages of documents.  The depositions of 39 fact witnesses were taken.  Additionally, each side proffered experts on several aspects of the case.  A total of 20 opening and rebuttal expert reports were produced by 12 experts, several of whom sat for a second round of depositions.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
C09-0037 (MJP)                                    4

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

On April 13, 2012, Defendants filed a motion for summary judgment, which was supported by several volumes of deposition testimony and documents.  Plaintiffs opposed this motion, also with the submission of volumes of factual evidence and additional expert submissions.  Oral argument was heard on July 12, 2012, and the Court subsequently denied Defendants' motion for summary judgment in its entirety on July 23, 2012.  Also, from May through July 2012, the Parties filed *Daubert* motions to exclude or limit the scope of the testimony of several experts as well as motions *in limine* to exclude various categories of evidence in preparation for trial.  In accordance with the Court's pre-trial procedures, exhibits and deposition transcripts were designated and detailed objections to the proffered exhibits and testimony exchanged.

All of these matters led to a series of mediations and settlement negotiations, conducted with the assistance of a series of eminent mediators, including a former federal district court judge and a sitting bankruptcy judge.  As a result of the most recent mediation, the Parties reached an agreement on the resolution of this Action.  On September 4, 2012, the Parties executed the Settlement Agreement, which is subject to the approval of the Court.  Plaintiffs, while continuing to believe their case is meritorious, recognize the significant risks of going forward.  Defendants adamantly deny that they did anything wrong, and have similarly expressed their belief that they will prevail at trial.  The Defendants also explained that they have limited assets, and Plaintiffs were concerned that Defendants might not be able to pay a judgment or might even declare bankruptcy in the event of a substantial adverse judgment.

## B.    Summary of the Proposed Settlement

The Settlement will be funded by a $26 million cash payment by or on behalf of the Defendants.   These monies will be paid into an escrow account within 21 calendar days following the Court's entry of the proposed Order for Notice and Hearing providing for Notice to

PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
C09-0037 (MJP)                                             5

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

1   Class Members and scheduling a Settlement Fairness Hearing.  As the period for Class Members

2   to opt out of the Class following this Court's class certification decision and Rule 26(f) appeal

3   has only recently expired, the Settling Parties do not propose to provide a second opportunity for

4   Class Members to opt out of the Class in connection with the Settlement, but have allowed for

5   proposed language to be added to the Settlement papers to provide for a right of exclusion should

6   the Court so order, in accordance with Fed. R. Civ. P. 26(e)(4).

7        The detailed terms of the Settlement are set forth in the Stipulation.  The $26 million in

8   cash, less attorneys' fees and any expenses awarded by the Court,[2] including notice and

9   administration expenses, and any taxes payable from the Settlement Fund (the "Net Settlement

10   Fund"), will be distributed to Authorized Claimants (*i.e.*, Class Members who file timely and

11   valid Proof of Claim and Release forms) in accordance with the Plan of Allocation described

12   fully in the Notice of Proposed Settlement of Class Action, Motion for Attorney's Fees and

13   Reimbursement of Expenses and Settlement Fairness Hearing ("Notice"), which is Exhibit A  to

14   the Stipulation.  The Plan of Allocation, which was developed by Plaintiffs' damages expert, is

15   based on his and Plaintiffs' theory of loss causation and damages, without regard to the

16   allowance of any amount for negative causation under Section 11(e) of the Securities Act, and

17   treats all potential claimants in a fair and equitable fashion.  Each Authorized Claimant will be

18   paid the *pro rata* share of the Net Settlement Fund based on each Authorized Claimant's

19   Recognized Claim as defined in the Plan of Allocation.  The *pro rata* share is based on each

20   Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized

21   Claimants.

---

[2]     Lead Counsel will file a written request with the Court for an award of attorneys' fees and expenses incurred in connection with the prosecution of the Litigation as well as reimbursement to Plaintiffs of their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class.  Lead Counsel have committed to request no more than 17% of the Settlement as a fee, which is significantly below their lodestar in this case.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
C09-0037 (MJP)                                      6

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

As set forth below, the Settlement meets the standards for preliminary approval as it falls well within the range of possible approval, was the product of hard-fought litigation and arm's-length settlement negotiations between experienced counsel, and contains no facial deficiencies. The proposed form of the Notice advises Class Members of the key elements of and considerations in evaluation of the Settlement, and the proposed notice program is the best practicable under the circumstances, and should be approved.

## III.   ARGUMENT

### A.   The Proposed Settlement Satisfies the Criteria for Preliminary Approval

"The Ninth Circuit has stated that 'there is an overriding public interest in settling and quieting litigation,' and this is 'particularly true in class action suits.'" *Lundell v. Dell, Inc.*, No. C05-3970, 2006 WL 3507938, at *3 (N.D. Cal. Dec. 5, 2006) (citing *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976)); *see also Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998); *West v. Circle K Stores, Inc.*, No. CIV. S-04-0438, 2006 WL 1652598, at *1 (E.D. Cal. June 13, 2006).

Approval of a class action settlement normally proceeds in two stages:   preliminary approval, followed by notice to the class, and then final approval.  *See, e.g.*, *West*, 2006 WL 1652598, at *2.  This case is now at the first stage of the process.  Standards governing whether preliminary approval should be granted have "both a procedural and a substantive component." *Young v. Polo Retail, LLC*, No. C-02-4546, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006). The court in *Young*, quoting from the *Manual for Complex Litigation* and *Newberg on Class Actions*, explained the procedure as follows,

> "[i]f the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing . . . ." *Manual for Complex Litigation*, Second §30.44 (1985).  In addition, "[t]he court may find that the settlement proposal contains some merit, is within the range of reasonableness required for a settlement offer, or is presumptively valid."  *Newberg on Class Actions* §11.25 (1992).

2006 WL 3050861, at *5 (omission in original); *see also Satchell v. Fed. Express Corp.*, No. C03-2659, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) (granting preliminary approval after finding proposed settlement was non-collusive, had no obvious defects, and was within the range of possible settlement approval).  The issue of whether a proposed settlement should be approved is within the sound discretion of the district court, which should be exercised in the context of public policy strongly favoring the pretrial settlement of class action lawsuits.  *See Class Plaintiffs*, 955 F.2d at 1276; *Officers for Justice v. Civil Serv. Comm'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

Preliminary approval does not require the Court to make a final determination that a settlement is fair, reasonable, and adequate.  Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to class members.  *See* 5 James Wm. Moore, *Moore's Federal Practice* ¶23.83[1], at 23-336.2 to 23-339 (3d ed. 2001).  In considering a potential settlement, the Court need not engage in a trial on the merits.  *Officers for Justice*, 688 F.2d at 625.  Preliminary approval of a settlement should be granted if the proposed settlement falls within the range of what could be found "fair, adequate and reasonable" so that notice may be given to the proposed class and a hearing for final approval can be scheduled.  *Id.*; *Class Plaintiffs*, 955 F.2d at 1276.

As outlined in the proposed Order for Notice and Hearing, if preliminary approval is granted, Plaintiffs will notify Class members of the Settlement by mailing the Notice and Proof of Claim to them.  The Notice advises Class members of the essential terms of the Settlement, of information regarding Lead Counsel's fee and expense application, and of the proposed plan for

PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
C09-0037 (MJP)                                         8

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

allocating the Settlement proceeds among Class Members.  The Notice explains how Class Members may object and be heard on the Settlement.  Although the Settlement and Notice do not include a right to opt out for Class Members who failed to do so when the Class was certified, agreed language has been drafted to add that right should the Court so order in accordance with Fed. R. Civ. P. 26(e)(4).  This language is added in brackets in the Notice.  The Notice also notifies Class Members of the date, time, and place of the Settlement Fairness Hearing.  The proposed notice plan also requires that Plaintiffs publish the Summary Notice in the form submitted with this motion.

       As summarized below, preliminary approval of the Settlement should be granted because it is well within the range of possible approval.

       **B.**       **The Settlement Is the Result of a Thorough, Rigorous, and Adversarial Process**

       The procedural history of this case demonstrates an undeniably arm's-length, adversarial relationship between the Parties.  Indeed, the Parties intensely litigated virtually every issue in this Action, including the sufficiency of the allegations in the Complaint, the parameters of discovery, class certification, summary judgment, the qualifications and scope of expert opinions contained in 20 expert reports, and motions *in limine*.  On the issue of class certification alone, Defendants deposed each of the named plaintiffs, as well as their financial advisors, and Plaintiffs' expert on class certification issues.  Plaintiffs similarly deposed Defendants' expert on these issues.  Leading up to potential trial, Defendants filed motions to exclude or limit the scope of the opinions of four of Plaintiffs' experts as well as separate motions *in limine*.  For their part, Plaintiffs sought to exclude two of Defendants' experts and likewise filed motions *in limine*.  In connection with the joint pre-trial order, thousands of pages of deposition transcripts were designated and line-by-line evidentiary objections were identified.   Similarly, each side

identified their positions on the admissibility and authenticity of more than a thousand trial exhibits contained on the Parties' exhibit lists.  This type of hard-fought litigation plainly demonstrates that there was no collusion between the Parties, and that all Parties were well-informed of the strengths and weaknesses of the case prior to settlement.

The settlement negotiations were also arm's-length and thorough, as evidenced by several face-to-face mediation sessions, including those conducted by a sitting bankruptcy judge and a former U.S. District Court judge.  Numerous informal efforts to discuss settlement followed the formal mediation meetings.  Only the final mediation meeting conducted after this Court issued its decision denying summary judgment succeeded in reaching an agreement.  Throughout the mediation process, the Parties exchanged several mediation briefs and had full and frank discussions concerning the merits and risks in the case.

Finally, it is important to recognize that counsel for all Parties in this case are highly experienced class action securities litigators.  As such, they are well versed in the issues involved in litigating a securities class action, and fully capable of determining the strengths and weaknesses of a particular case.  Their decision to settle this case on the aforementioned terms after more than three years of vigorous litigation and fact finding weighs in favor of the Court granting preliminary and final approval.  *See Lundell*, 2006 WL 3507938, at *3-*4.

In sum, the history of this litigation, the use of well-regarded mediators to assist in the settlement process, and the informed decision-making of experienced counsel all militate in favor of finding that the Settlement is "the product of serious, informed, non-collusive negotiations."  *Young*, 2006 WL 3050861, at *5 (internal quotation marks and citations omitted).

Plaintiffs' Memorandum in Support of Unopposed
Motion for Preliminary Approval of Settlement
C09-0037 (MJP)                              10

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

C.   **The Settlement Merits Preliminary Approval and Class Members Should Be Given Notice and an Opportunity to Be Heard Concerning the Terms of the Settlement**

"[A]t this preliminary approval stage, the court need only 'determine whether the proposed settlement is within the range of possible approval.'"  *West*, 2006 WL 1652598, at *11 (citation omitted).  This Settlement, which obligates $26 million in cash to be paid by or on behalf of the Defendants, clearly is within such a range and merits consideration by all of the members of the Class.

The fairness and adequacy of the Settlement is further underscored by taking into account the obstacles the Class faced in ultimately succeeding on the merits, as well as the expense and likely duration of this litigation.  *See Churchill Village, L.L.C. v. G.E.*, 361 F.3d 566, 575 (9th Cir. 2004) (citing risk, expense, complexity, and likely duration of further litigation as factors supporting final approval of settlement); *Lundell*, 2006 WL 3507938, at *3 ("The likelihood of Plaintiffs' success on the merits if the case were to proceed to trial is a key consideration in assessing the fairness, adequacy, and reasonableness of a settlement.").

Here, Plaintiffs contend that Defendants made materially false and misleading statements and omissions in the Offering Documents and thereby misled Plaintiffs about the true credit quality of the Washington Mutual Bank ("WMB") mortgage loans underlying their Certificates, and the actual credit policies and underwriting practices used by WMB to originate and approve these loans.  Plaintiffs contended that certain statements were false and misleading because, *inter alia*:  WaMu fundamentally changed its credit approach and policies to increase "gain on sale"; credit policies and practices were changed to approve fraudulent loans; underwriting guidelines were systematically lowered to approve loans to uncreditworthy borrowers;  loans were approved and securitized despite red flags that they were fraudulent; and exceptions to underlying guidelines were routinely made without legitimate compensating factors.  Plaintiffs contended

PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
C09-0037 (MJP)                         11

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

that these misstatements and omissions caused their losses.  Defendants vehemently contested, and continue to deny, Plaintiffs' allegations about the quality of loans underlying the Certificates, the adequacy of the disclosures in the Offering Documents and the causes of the Plaintiffs' losses.

Even if Plaintiffs' misrepresentation claims had been accepted by the jury, the Parties would have hotly debated issues of loss causation, "negative causation," and the proper methodologies for computing damages.  Defendants, for example, contend that it was the global market, or "macroeconomic" factors, that caused Plaintiffs' losses and that the securitized loans performed the same, if not better than, the market during the relevant time period.  Defendants also contend that even if Plaintiffs could prove that the Class suffered losses attributable to misstatements by Defendants, the recoverable damages would be far less than Plaintiffs assert – if any at all.

Plaintiffs acknowledge the risk in proving damages and recognize the risk that a jury might not find liability or that Defendants' actions caused their losses, or that, even if a jury reached findings favorable to the Class, it might substantially reduce the amount of recoverable damages.  There is no doubt that the case both sides would present at trial would be both complex and nuanced, and would include a "battle of the experts" on the arcana of damages calculations as well as underwriting standards.  The results of the trial would almost certainly not end the litigation, as one side would likely appeal, and it is quite possible that both sides would do so in the event that the jury found for the Class, but substantially reduced the damages sought. In the absence of a settlement, Class Members would have to wait several more years before they obtained any relief, even assuming they were successful and overcame every obstacle, and assuming Defendants had remaining assets to fund a settlement.   "These risks must be considered in assessing the fairness of the Settlement, which guarantees against a result that

PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
C09-0037 (MJP)                              12

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

would leave the Settlement Class without any recovery from Defendant, or with less than the Settlement offers." *Lundell*, 2006 WL 3507938, at *3. Indeed, "the difficulty Plaintiffs would encounter in proving their claims, the substantial litigation expenses, and a possible delay in recovery due to the appellate process, provide justifications for this Court's approval of the proposed Settlement." *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 373-74 (S.D. Ohio 2006).

> As the Ninth Circuit recently noted:
>
> The outcome of this action was by no means a foregone conclusion. Had Federal Plaintiffs continued to litigate, they would have faced a host of potential risks and costs, including . . . high costs associated with lengthy and complex litigation, potential loss on summary judgment, and risks associated with trial, should the case progress that far. Indeed, even a favorable judgment at trial may face post-trial motions and even if liability were established, the amount of recoverable damages is uncertain. The Settlement eliminates these and other risks of continued litigation, including the very real risk of no recovery after several years of litigation.

*In re NVIDIA Corp. Driv. Litig.*, No. C-06-06110, 2008 WL 5382544, at *3 (N. D. Cal. Dec. 22, 2008); *see Churchill Village*, 361 F.3d at 576 (citing risk, expense, complexity, and likely duration of further litigation as factors supporting final approval of settlement). Taking into account the risks of proving liability and damages at trial, as well as the precarious financial condition of the Defendants, the proposed $26 million Settlement is an extremely good result for the Class. As the Ninth Circuit has pointed out, the very essence of settlement is compromise and a settlement can be acceptable even though it may amount to only a fraction of the potential recovery. *Linney*, 151 F.3d at 1242.

In light of the foregoing, the proposed Settlement meets the standards for preliminary and final approval. *See Lundell*, 2006 WL 3507938, at *3 (granting final approval of class action

PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
C09-0037 (MJP)                          13

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

settlement and noting that "[t]his Settlement is the product of uncertainty and careful risk/benefit analyses on both sides").

### D.     The Proposed Notice Satisfies Rules 23(d) and (e) and Due Process Requirements

Lead Counsel propose that mailed and published notice be given in the form of the Notice and Summary Notice, attached as exhibits to the Order for Notice and Hearing.  Notice to the Class in the form and in the manner set forth in the Order for Notice and Hearing will fulfill the requirements of due process, comply with the Federal Rules of Civil Procedure, and inform Class members of the Settlement and their opportunity to appear and be heard at the Settlement Fairness Hearing.

Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Mendoza v. Tucson School Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980).   Lead Counsel and the Claims Administrator propose to mail copies of the Notice and the Proof of Claim by first-class mail to all persons and entities who appear in Defendants' records as well as to brokers and other nominees who might have purchased the Certificates on Class Members' behalf.  In addition, Lead Counsel intends to publish a Summary Notice once in *The Investor's Business Daily* and provide a link to the Notice and the Proof of Claim on the Claims Administrator's website.  The proposed notice program fulfills the requirements of due process because the proposed Notice alerts and informs those members of the Class who can be identified through reasonable efforts of all of the information set forth above.

The form and substance of the Notices are also sufficient.  "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"  *Churchill Village*, 361 F.3d at

575 (quoting *Mendoza*, 623 F.2d at 1352).   The proposed form of Notice describes in plain English the terms of the Settlement, the considerations that caused Lead Counsel and Plaintiffs to conclude that the Settlement is fair and adequate, the maximum fees and expenses that Lead Counsel will seek, the procedure for objecting to the Settlement, the procedure for participating in the Settlement, and the date and place of the Settlement Fairness Hearing.   Although the Notice does not permit a new opportunity for exclusion to Class Members who did not earlier exercise their rights to exclude themselves from the Class, it is not necessary to again provide Class Members with an opportunity to opt out at the settlement stage.  Fed. R. Civ. P. 23(e)(4) states that a Court "may" allow a new opportunity to request exclusion, but "[t]he decision whether to approve a settlement that does not allow a new opportunity to elect exclusion is confided to the court's discretion."  *Denney v. Deutsche Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006) (quoting Adv. Comm. 2003 Notes to Fed. R. Civ. P. 23(e)(3)).   Here, because Class Members were given "notice of the action[s], the opportunity to opt out, notice of the proposed Settlement, and the opportunity to object," the Court is not required to afford "a second opportunity to opt out."  *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005) (citing *Class Plaintiffs*, 955 F.2d at 1289).   Here, as in the cited cases, Class Members were required to opt out at the class notice stage if they did not wish to be bound by any judgment or settlement.  *See also In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 345-46 (E.D.N.Y. 2010).

In sum, the Notice will fairly apprise Class Members of the Settlement and their options with respect thereto, and fully satisfies all due process requirements.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
C09-0037 (MJP)                                          15

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

## IV.    PROPOSED SCHEDULE OF EVENTS

If the Court grants preliminary approval to the proposed Settlement, the Parties respectfully submit the following procedural schedule for the Court's review[3]:

| Event | Time for Compliance |
|---|---|
| (1) Date by which the Claims Administrator shall cause a copy of the Notice and the Proof of Claim to be mailed by first class mail to all Class Members who can be identified with reasonable effort (the "Notice Date") | 30 calendar days after the Court's entry of the Order for Notice and Hearing |
| (2) Deadline for publishing Summary Notice in *The Investor's Business Daily* | 10 calendar days after the Notice Date |
| (3) Deadline for Filing Proofs of Claim | 150 calendar days following the Notice Date |
| (4) Filing of memoranda in support of approval of the Settlement and Plan of Allocation and in support of Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses | 21 days before the Settlement Fairness Hearing |
| (5) Deadline for filing Objections; to be received by the Claims Administrator and Lead Counsel by this date | Not later than 14 calendar days before the Settlement Fairness Hearing |
| (6) Filing of memoranda in response to any objections to the Settlement | 7 days before the Settlement Fairness Hearing |
| (7) Settlement Fairness Hearing | Approximately 84 days following issuance of the Order for Notice and Hearing, or later at the Court's convenience |

Certain of the events set forth above are tied to the date on which the Settlement Fairness Hearing will be held; Plaintiffs respectfully request that it be scheduled for approximately 84

[3]    By way of an example, if this Court were to enter the preliminary approval order by September 14, 2012 and set a Settlement Fairness Hearing 12 weeks thereafter (or December 7, 2012), the dates each event would occur would be: (1) October 15, 2012, (2) October 25, 2012, (3) March 15, 2013, (4) November 16, 2012 (5) November 23, 2012, (6) November 30, 2012, and (7) December 7, 2012.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
C09-0037 (MJP)                    16

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

days after the entry of the proposed Order for Notice and Hearing.  If this schedule is not convenient for the Court, Lead Counsel requests that the Court use at least the same or greater intervals between each event listed in the proposed schedule to provide all Parties sufficient time to comply with the proposed Order for Notice and Hearing and to provide Class Members with sufficient time to review the terms of the Settlement, consider their options and act accordingly.

V.     CONCLUSION

        For the reasons set forth above, Plaintiffs respectfully request that the Court enter the Order for Notice and Hearing: (1) preliminarily approving the proposed Settlement;  (2) directing the dissemination of notice to the members of the Class; (3) setting a date by which objections, if any, to the Settlement, the Plan of Allocation, or the application for the award of attorneys' fees and expenses must be served and filed; (4) setting a date by which Class Members wishing to participate in the Settlement must submit properly completed Proofs of Claim and supporting documents; and (5) scheduling a date and time for a hearing to consider whether to grant final judicial approval of the Settlement.

Dated:  September 4, 2012                    Respectfully submitted,

                                             **SCOTT+SCOTT LLP**


                                              /s/ Beth Kaswan
                                             David R. Scott (admitted *pro hac vice*)
                                             Beth Kaswan (admitted *pro hac vice*)
                                             Amanda F. Lawrence (admitted *pro hac vice*)
                                             500 Fifth Avenue, 40th Floor
                                             New York, New York 10110
                                             Telephone: (212) 223-6444
                                             Fax: (212) 223-6334
                                             Email: drscott@scott-scott.com
                                                     bkaswan@scott-scott.com
                                                     alawrence@scott-scott.com

PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
C09-0037 (MJP)                          17

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

1
2
3
4
5

Anne L. Box (admitted *pro hac vice*)
John T. Jasnoch (admitted *pro hac vice*)
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, California 92101
Telephone: (619) 233-4565
Fax: (619) 233-0508
Email:  abox@scott-scott.com
          jjasnoch@scott-scott.com

6
7
8
9
10
11
12

**COHEN MILSTEIN SELLERS &
TOLL PLLC**
Steven J. Toll
Joshua S. Devore (admitted *pro hac vice*)
S. Douglas Bunch (admitted *pro hac vice*)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Fax: (202) 408-4699
Email: stoll@cohenmilstein.com
          jdevore@cohenmilstein.com
          dbunch@cohenmilstein.com

13
14
15
16
17

Christopher Lometti (admitted *pro hac vice*)
Daniel B. Rehns (admitted *pro hac vice*)
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: (212) 838-7797
Fax: (212) 838-7745
Email: clometti@cohenmilstain.com
          drehns@cohenmilstein.com

18

*Lead Counsel for the Class*

19
20
21
22
23

**TOUSLEY BRAIN STEPHENS PLLC**
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Fax: (206) 682-2992
Email: kstephens@tousley.com
          jstrabuk@tousley.com

24

*Liaison Counsel for Plaintiffs and the Class*

25
26
27
28

PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
C09-0037 (MJP)                    18

SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

1

<u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on September 4, 2012, I caused the foregoing to be electronically

3 filed with the Clerk of the Court using the CM/ECF system which will send notification of such

4 filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify

5 that I caused the foregoing document or paper to be mailed via the United States Postal Service

6 to the non-CM/ECF participants indicated on the Manual Notice List.

7          I certify under penalty of perjury under the laws of the United States of America that the

8 foregoing is true and correct.  Executed on September 4, 2012.

9

10                               /s/ Beth Kaswan
                                 Beth Kaswan
11                               Scott+Scott LLP
                                 500 Fifth Avenue, 40th Floor
12                               New York, New York 10110
                                 Telephone: (212) 223-6444
13                               Fax: (212) 223-6336
                                 Email: bkaswan@scott-scott.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28