# EXHIBIT 1

THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates to: ALL CASES | Master Case No.: C09-0037 (MJP)<br><br>**[PROPOSED] NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES AND SETTLEMENT FAIRNESS HEARING** |

EXHIBIT 1

*IF YOU PURCHASED OR OTHERWISE ACQUIRED ANY OF THE FOLLOWING SECURITIES ("CERTIFICATES") ON OR BEFORE AUGUST 1, 2008, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT, AND YOUR RIGHTS WILL BE AFFECTED BY IT.*

**THE INCLUDED CERTIFICATES ARE:**

| Series | Tranche | CUSIP |
|---|---|---|
| WAMU 2006 - AR7 | 2A | 93363CAB5 |
| WAMU 2006 - AR17 | 1A | 92925DAA8 |
| WAMU 2006 - AR18 | 2A | 933637AC4 |
| WAMU 2006 - AR12 | 1A1 | 93363NAA3 |
| WAMU 2006 - AR16 | 3B1 | 92925GAP8 |
| WAMU 2006 - AR16 | 3B2 | 92925GAQ6 |
| WAMU 2006 - AR16 | 3B3 | 92925GAR4 |
| WAMU 2006 - AR16 | LB1 | 92925GAL7 |
| WAMU 2006 - AR16 | LB2 | 92925GAM5 |
| WAMU 2006 - AR16 | LB3 | 92925GAN3 |
| WAMU 2006 - AR16 | 2A1 | 92925GAC7 |
| WAMU 2007 - HY1 | 3A3 | 92925VAK6 |
| WAMU 2007 - HY1 | 1A1 | 92925VAA8 |

**A federal court authorized this Notice.  This is not a solicitation from a lawyer.**

**Settlement Fund:**  $26,000,000 in cash.

**The Lawsuit:**  The Settlement resolves class action litigation over whether WaMu Capital Corp., WaMu Asset Acceptance Corp. and certain of their current and former officers and directors (David Beck, Diane Novak, Rolland Jurgens and Richard Careaga) issued or signed false or misleading registration statements or prospectus supplements in connection with the offerings of the Certificates (the "Action").

**Attorney's Fees and Expenses:**  Plaintiffs' Counsel have litigated this Action on a contingent basis.  They have conducted this litigation and advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund.  This is customary in this type of litigation.  Plaintiffs' Counsel will apply to the Court for attorney's fees not to exceed 17% of the $26 million Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $4 million (exclusive of ongoing costs of the administration of the Settlement), plus interest, all to be paid from the Settlement Fund.

Deadlines:

    Submit Claim:    Postmarked not later than    _____

    [Request Exclusion:    Received no later than    _____]

File Objection:       Received no later than       _____

Court Hearing on Fairness of Settlement:       _____

For More Information:

Claims Administrator:
WaMu MBS Litigation
c/o The Garden City Group, Inc.
P.O. Box 9875
Dublin, OH 43017-5775
Tel.: (800) 757-9279

Plaintiff's Lead Counsel:

| | |
|---|---|
| Steven J. Toll, Esq. | David Scott, Esq. |
| Joshua S. Devore, Esq. | Beth Kaswan, Esq. |
| Christopher Lometti, Esq. | Anne Box, Esq. |
| Cohen Milstein Sellers & Toll PLLC | John Jasnoch, Esq. |
| 1100 New York Avenue, N.W. | Scott+Scott LLP |
| West Tower, Suite 500 | 707 Broadway, Suite 1000 |
| Washington, DC 20005 | San Diego, CA  92101 |
| Tel.: (202) 408-4600 | Tel.: (619) 233-4565 |
| Fax: (202) 408-4699 | Fax: (619) 233-0508 |

**Your legal rights are affected whether you act or do not act.  Read this Notice carefully.**

**Statement of Recovery**

Your recovery will depend on the amount of Certificates you purchased and the timing of your purchase, and any sales and pay-downs received.  Depending on the number of eligible Certificates that participate in the Settlement and when that Certificate was purchased and sold, the estimated average recovery is approximately 5% of the estimated maximum damages without any allowance for negative causation.  The actual recovery will depend on: (1) the number of claims filed; (2) when Class Members purchased or otherwise acquired their Certificates; (3) administrative costs, including the costs of notice; and (4) the amount awarded by the Court for attorneys' fees, costs, and expenses. Distributions to Class Members will be made based on the Plan of Allocation set forth in this Notice.  *See* the Plan of Allocation in ¶9.

**The Circumstances of the Settlement**

The principal reason for Lead Plaintiffs' consent to the Settlement is the limited ability of Defendants to pay a judgment, and to provide a benefit to the Class Members now.  This benefit must be compared to the risk that no recovery might be achieved after a contested trial, and likely appeals, possibly years into the future. While Lead Counsel were prepared to go to trial and were confident in their ability to present a case, they recognize that a trial is a risky proposition and that Lead Plaintiffs and the Class might not have prevailed.  The claims advanced by the Class involve numerous complex legal and factual issues, requiring extensive

expert testimony. Lead Counsel recognize that there are substantial obstacles that Lead Plaintiffs and the Class would have had to overcome to prevail on their liability claims. Even if Lead Plaintiffs had prevailed on their liability claims, they would still need to prevail over Defendants' defense that the losses incurred in the Certificates were caused by factors other than the alleged misrepresentations in the offering documents, such as the general decline in the economy and housing market. Moreover, even if Lead Plaintiffs had prevailed and obtained a judgment for damages, collecting on such a judgment would have been difficult or impossible, as the Defendants had limited resources and would have been unable to pay the full amount of the judgment Lead Plaintiffs would have sought at trial. If in response to a judgment, Defendants filed for bankruptcy, any recovery would likely have been delayed for years.

In the face of these risks, this Settlement enables the Class to recover a substantial amount now. As a result, Lead Plaintiffs and Lead Counsel believe this Settlement is fair and reasonable and provides a reasonable recovery to the Class.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

**SUBMIT A CLAIM FORM** – The only way to receive a payment.

**[EXCLUDE YOURSELF** – Receive no payment. This is the only option that allows you to participate in another lawsuit against the Defendants or the Released Parties concerning the legal claims being released in this case.]

**OBJECT** – You may write to the Court if you do not like this Settlement, the Plan of Allocation, or the request for attorney's fees and expenses.

**GO TO A HEARING** – You may ask to speak in Court about the fairness of the Settlement.

**DO NOTHING** – Receive no payment.

- These rights and options – *and the deadlines to exercise them* – are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and, if there are any appeals, after they are resolved. Please be patient.

|     |                                                                                    | PAGE |
| --- | ---------------------------------------------------------------------------------- | ---- |
| 1.  | Why did I receive this Notice package?                                             | 4    |
| 2.  | What is this lawsuit about?                                                        | 4    |
| 3.  | Why is this Action a class action?                                                 | 5    |
| 4.  | Why is there a Settlement?                                                         | 5    |
| 5.  | How do I know if I am part of the Settlement?                                      | 5    |
| 6.  | I am still not sure whether I am included.                                         | 5    |
| 7.  | What does the Settlement provide?                                                  | 6    |
| 8.  | How much will my payment be?                                                       | 6    |
| 9.  | How much of the Settlement do I get in comparison to other Class members?          | 6    |

Field Code Changed

10. What purchase and sale information do I need to obtain and submit with the Proof of Claim?……………………..…………………………………………10
11. How will I receive a payment?..................................................................................10
12. When will I receive my payment?.............................................................................10
13. What am I giving up through the Settlement? ....................................................... 10
14. [How do I exclude myself from the Settlement?..................................................11]
15. [If I do not exclude myself, can I sue the Defendants for the same thing later? 11]
16. [If I exclude myself, can I receive a payment from this Settlement?...................11]
17. Do I have a lawyer in this case? ............................................................................. 12
18. How will the lawyers be paid? ................................................................................ 12
19. How do I tell the Court that I do not like the Settlement? .................................... 12
20. [What is the difference between objecting to the Settlement and excluding myself from the Class? ........................................................................... 13]
21. When and where will the Court decide whether to approve the Settlement? ..... 13
22. Do I have to come to the hearing? ......................................................................... 13
23. May I speak at the hearing?.................................................................................... 13
24. What happens if I do nothing at all?...................................................................... 13
25. Are there more details about the Settlement?....................................................... 13

### BASIC INFORMATION

**1.    Why did I receive this Notice package?**

You or someone in your family or organization may have purchased WaMu Mortgage Pass-Through Certificates Series 2006-AR7 tranche 2A; 2006-AR12 tranche 1A1; 2006-AR16 tranche 2A1, LB1, LB2, LB3, 3B1, 3B2 and 3B3; 2006 AR-17 tranche 1A; 2006-AR18 tranche 2A1; and 2007-HY1 tranches 1A1 and 3A3 (the "Certificates").

If this description applies to you, you have a right to know about a proposed settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement and Plan of Allocation. If the Court approves them, and after any objection or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, the Plan of Allocation, your legal rights, what benefits are available, who is eligible for them, and how to receive them.

**2.    What is this lawsuit about?**

The Settlement resolves class action litigation over whether WaMu Capital Corp., WaMu Asset Acceptance Corp. and certain of their current and former officers and directors (David Beck, Diane Novak, Rolland Jurgens and Richard Careaga) issued or signed false or misleading registration statements or prospectus supplements in connection with the offerings of the Certificates.

**3.    Why is this Action a class action?**

In a class action, one or more people called class representatives sue on behalf of people who have similar claims. All of these people who have similar claims are referred to collectively as a "Class" or individually as "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Court Judge Marsha J. Pechman of the United States District Court for the Western District of Washington is in charge of this class action. The case is known as *In re: Washington Mutual Mortgage Backed Securities Litigation*, Case No. C09-0037 (MJP).

**4.     Why is there a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost and risks of further litigation and trial. As explained above, Plaintiffs and their attorneys think the Settlement is best for all Class Members.

### WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine whether you are a Class Member.

**5.     How do I know if I am part of the Settlement?**

The Class includes all persons or entities who *purchased or otherwise acquired the Certificates listed on the first page of this Notice on or before August 1, 2008, and who were damaged thereby.* If you did not sell all your Certificates before February 25, 2008, you may have suffered damages.

**6.     I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator Garden City Group, Inc., by phone at (800) 757-9279, by facsimile at (855) 687-2630, email at info@WAMUMBSLitigation.com, visit their website at www.WAMUMBSLitigation.com, or you can fill out and return the Proof of Claim and Release form ("Claim Form") described in question 11, to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE

**7.     What does the Settlement provide?**

Defendants have agreed to pay $26 million in cash into the Settlement Fund. The balance of this fund, after payment of Court-approved attorneys' fees and expenses, taxes, and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund"), will be divided among all Class Members who submit valid Claim Forms.

**8.     How much will my payment be?**

If you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of valid Claim Forms that Class Members submit, how many Certificates you purchased, and when you bought and sold your Certificates. By following the Plan of Allocation described below, you can calculate your "Recognized Claim." The Claims Administrator will distribute the Net Settlement Fund according to the Plan of Allocation after the deadline for submission of Claim Forms has passed.

The Claims Administrator will determine each Class Member's *pro rata* share of the Net Settlement Fund based upon each Class Member's valid "Recognized Claim." The Recognized

Claim formula is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Class Members pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Class Members with valid claims.

## PLAN OF ALLOCATION

**9.   How much of the Settlement do I get in comparison to other Class Members?**

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Claim Forms ("Authorized Claimants") under the following Plan of Allocation proposed by Plaintiffs. Defendants deny that they made any material misrepresentations or failed to disclose any material information, or that the prices of the Certificates were artificially inflated.

Lead Counsel has consulted its damage expert and developed the Plan of Allocation to calculate how Class Members will share in the Net Settlement Fund. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation set forth here.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's approved claim. If, however, as expected, the amount in the Net Settlement Fund is not sufficient to permit payment of the total approved claim of each Authorized Claimant, then each Authorized Claimant will be paid the percentage of the Net Settlement Fund that each Authorized Claimant's approved claim bears to the total of the approved claims of all Authorized Claimants – *i.e.*, the Class Member's *pro rata* share of the Net Settlement Fund. Receipt of these monies by each Authorized Claimant will be deemed full and complete payment from the Settlement of his/her/its approved claim.

**Eligible Certificates and Principal Amounts**

The Certificates in the certified Class and the total principal amounts outstanding for each Certificate in U.S. dollars as of August 1, 2008 and July 31, 2012 are as follows:

| __CUSIP__ | __Description__ | __Original Principal__ | __Remaining Principal- August 1, 2008__ | __Remaining Principal- July 31, 2012__ |
|---|---|---|---|---|
| 93363CAB5 | WAMU 2006-AR7-2A | 477,031,000 | 325,061,940 | 215,567,631 |
| 93363NAA3 | WAMU 2006-AR12-1A1 | 429,891,000 | 208,103,808 | 39,611,592 |
| 92925GAC7 | WAMU 2006-AR16-2A1 | 176,137,000 | 121,885,656 | 52,192,638 |
| 92925GAL7 | WAMU 2006-AR16-LB1 | 19,043,000 | 19,024,873 | - |
| 92925GAM5 | WAMU 2006-AR16-LB2 | 7,616,000 | 7,608,750 | - |
| 92925GAN3 | WAMU 2006-AR16-LB3 | 4,760,000 | 4,755,469 | - |
| 92925GAP8 | WAMU 2006-AR16-3B1 | 7,594,000 | 7,588,984 | - |
| 92925GAQ6 | WAMU 2006-AR16-3B2 | 3,796,000 | 3,793,493 | - |

| 92925GAR4 | WAMU 2006-AR16-3B3 | 2,277,000 | 2,275,496 | - |
| 92925DAA8 | WAMU 2006-AR17-1A | 496,869,000 | 358,734,284 | 256,781,420 |
| 9336374AC4 | WAMU 2006-AR18-2A1 | 133,944,000 | 96,578,502 | 39,486,960 |
| 92925VAA8 | WAMU 2007-HY1-1A1 | 603,886,000 | 496,519,646 | 496,519,646 |
| 92925VAK6 | WAMU 2007-HY1-3A3 | 77,090,000 | 77,090,000 | 74,924,817 |
| | Totals/Average | 2,439,934,000 | 1,729,020,900 | 1,175,084,704 |

You are eligible to participate in the Settlement if you: (i) purchased the Certificate between June 1, 2006 and August 1, 2008; and (ii) sold the Certificate or continued to hold the Certificate after February 25, 2008, provided you suffered losses of your principal basis and meet certain statutory requirements.

**Method for Calculating Your Recognized Claim**

*Definitions and General Method*

With certain statutory limitations, your eligible claim is generally equal to your deemed basis in the Certificate minus the price you have been deemed to receive upon the sale of the Certificate, or the current value of your Certificate if you continue to hold it.

Your deemed basis is equal to your deemed purchase price less the principal payments you have received before your sale of the Certificates, or to the time of this Settlement if you continue to hold the Certificates.

The deemed purchase price is the lesser of (i) your purchase price in dollars (excluding fees, commissions and interest adjustments); or (ii) the "par value" or principal balance remaining on the Certificate at the date of your purchase.

The deemed sales price is subject to certain limitations depending upon the date of your sale of the Certificates. If you sold your Certificates before the complaint in this case was filed on August 1, 2008, the deemed sales price will be what you sold the Certificates for (excluding fees, commissions or interest adjustments). If you sold after August 1, 2008, but before this Settlement (assuming a cut-off of July 31, 2012), your deemed sales price can be no lower than the value of the Certificates on August 1, 2008. The August 1, 2008 values for each of the Certificates are set forth in Table 1 below. If you continue to hold your Certificates or have sold them after this Settlement (*i.e.*, July 31, 2012), the deemed sales price can also be no less than the values at the time of the Settlement. Those values are set forth in Table 2 below.

*Detailed Calculations and Reference Tables*

In order to calculate your recognized claim ("Recognized Claim") for purposes of allocating the Settlement proceeds, perform the following calculations depending upon the date of the sale of your Certificates:

1. For each Certificate sold on or before August 1, 2008, the Recognized Claim shall be the following:

    The deemed purchase price less the principal payments you received prior to sale (your basis) minus your sale proceeds (excluding adjustments for fees, commissions and interest).

2. For each Certificate sold after August 1, 2008, but on or before July 31, 2012, the Recognized Claim shall be the lesser of the following:
    a. your basis minus your sale proceeds (excluding adjustments for fees, commissions and interest); or
    b. your basis minus the amount of principal remaining at the time of sale times the values as set forth in Table 1 below.
3. For each Certificate held (not sold) until at least the time of Settlement (July 31, 2012), the Recognized Claim shall be the lesser of the following:
    a. your basis minus the amount of principal remaining at the time of sale times the values as set forth in Table 1 below; or
    b. your basis minus the amount of principal remaining as of the Settlement times the values as set forth in Table 2 below.

These calculations are only applicable for Certificates purchased *before* August 1, 2008.

Table 1 Values as of August 1, 2008

| CUSIP | Description | Value as a Percentage of Principal Remaining |
|---|---|---|
| 93363CAB5 | WAMU 2006-AR7-2A | 45.00 |
| 93363NAA3 | WAMU 2006-AR12-1A1 | 94.74 |
| 92925GAC7 | WAMU 2006-AR16-2A1 | 90.00 |
| 92925GAL7 | WAMU 2006-AR16-LB1 | 41.80 |
| 92925GAM5 | WAMU 2006-AR16-Pd LB2 | 5.83 |
| 92925GAN3 | WAMU 2006-AR16-LB3 | 4.49 |
| 92925GAP8 | WAMU 2006-AR16-3B1 | 12.00 |
| 92925GAQ6 | WAMU 2006-AR16-3B2 | 5.37 |
| 92925GAR4 | WAMU 2006-AR16-Pd3B3 | 3.32 |
| 92925DAA8 | WAMU 2006-AR17-1A | 57.23 |
| 9336374AC4 | WAMU 2006-AR18-2A1 | 90.53 |
| 92925VAA8 | WAMU 2007-HY1-1A1 | 72.69 |
| 92925VAK6 | WAMU 2007-HY1-3A3 | 69.44 |

Table 2:  Values as of Settlement

| CUSIP | Description | Value as a Percentage of Principal Remaining |
|---|---|---|
| 93363CAB5 | WAMU 2006-AR7-2A | 67.85 |
| 93363NAA3 | WAMU 2006-AR12-1A1 | 72.92 |
| 92925GAC7 | WAMU 2006-AR16-2A1 | 73.34 |
| 92925GAL7 | WAMU 2006-AR16-LB1 | 0.00 |
| 92925GAM5 | WAMU 2006-AR16-Pd LB2 | 0.00 |
| 92925GAN3 | WAMU 2006-AR16-LB3 | 0.00 |
| 92925GAP8 | WAMU 2006-AR16-3B1 | 0.00 |
| 92925GAQ6 | WAMU 2006-AR16-3B2 | 0.00 |
| 92925GAR4 | WAMU 2006-AR16-Pd3B3 | 0.00 |
| 92925DAA8 | WAMU 2006-AR17-1A | 68.95 |
| 9336374AC4 | WAMU 2006-AR18-2A1 | 74.36 |
| 92925VAA8 | WAMU 2007-HY1-1A1 | 69.28 |
| 92925VAK6 | WAMU 2007-HY1-3A3 | 82.24 |

Purchases and sales of Certificates shall be matched on a first-in-first-out (FIFO) basis.

**Additional Information**

The Court has not made any finding that the Released Persons are liable to the Class or that the Class has suffered any compensable damages, nor has the Court made any finding that the Recognized Claims under this Plan of Allocation are an accurate measure of damages.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim" from transactions in the Certificates.  **The Recognized Claim formulas set forth above are not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial; nor is the Recognized Claim an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.**  The Recognized Claim formulas are the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in the Certificates are subtracted from all losses.  There will be no Recognized Claim attributable to short sales.

**Acquisition by Gift, Inheritance or Operation of Law**

If a Class Member acquired Certificates by way of gift, inheritance, or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.  In such instances, the recipient must provide documentation of the original purchase in addition to the transfer.

**Payments Less than $10.00**

A payment to any Class Member that would amount to less than $10.00 in total will not be included in the calculation of the Net Settlement Fund, and no payment will be distributed to these Class Members because of the excessive administrative costs that would be incurred.

**HOW YOU RECEIVE A PAYMENT – SUBMITTING A CLAIM FORM**

The Net Settlement Fund shall be distributed to Class Members (or the representative of such Class Members including, without limitation, agents, administrators, executors, heirs, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns) who submit a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe ("Authorized Claimants").

10. **What purchase and sale information do I need to obtain and submit with the Proof of Claim?**

In order for us to determine your share of the Settlement and for you to receive a payment in this Settlement, you must submit the following information for each Certificate you purchased:

(i) the trade (not the settlement) date of purchase;
(ii) the amount of principal remaining on the Certificate(s) at the date of purchase;
(iii) the purchase price paid excluding fees, commissions and interest adjustments or the purchase price per $1.00 or $100 of principal excluding such adjustments;
(iv) the trade date of sale (not settlement date);
(v) the amount of principal remaining on the Certificate(s) at the date of sale;
(vi) the amount of principal remaining on the Certificates as of July 31, 2012 if the Certificates are held through that date; and

    (vii) the sales proceeds in dollars for the Certificate(s) excluding adjustments for fees, commissions and interest or the sales price per $1.00 or $100 of principal excluding such adjustments.

If available, also submit (a) the amount of principal payments received for each Certificate between the purchase date and sale date or through July 31, 2012; (b) the principal factor at the date of purchase and at the date of sale.

### 11. How will I receive a payment?

To qualify for a payment, you must be an eligible Class Member and you must submit a Claim Form. This form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form requests, sign it, and mail it in an envelope postmarked not later than _____. Retain a copy of everything you mail in case the materials are lost or destroyed during shipping. Do not send originals of your brokerage or other statements.

### 12. When will I receive my payment?

The Court will hold a hearing on ___ to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals, if any are filed, can be resolved, and resolving them can take time, perhaps several years. In addition, the Claims Administrator must process all of the Claim Forms. The processing is complicated and will take many months. Please be patient.

### 13. What am I giving up through the Settlement?

If the Settlement is approved and you are a member of the Class, you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the Released Parties (defined below) about the claims being released in this Settlement.

Pursuant to the proposed Settlement, and on the Effective Date, Plaintiffs and other members of the Class who do not exclude themselves will release and forever discharge, and will forever be enjoined from prosecuting, the Released Claims (defined below) against the Released Parties (also defined below).

The "Defendants" include WaMu Asset Acceptance Corp. ("WMAAC"), WaMu Capital Corp ("WCC"), David Beck, Diane Novak, Rolland Jurgens, and Richard Careaga. "Released Persons" include: the Defendants; JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. and their affiliates (collectively, "JPMC"); Washington Mutual Bank ("WMB") and all other entities that were owned directly or indirectly by Washington Mutual, Inc. ("WMI") as of the time immediately prior to the commencement of the FDIC receivership on September 25, 2008 (collectively, with WMB, the "WaMu Affiliates"); the Federal Deposit Insurance Corporation in its capacity as receiver for WMB; together with each of Defendants', JPMC's and the WaMu Affiliates' past or present subsidiaries, parents, successors and predecessors, their officers, directors, shareholders, partners, agents, employees, attorneys, insurers, spouses and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors-in-interest or assigns of the Defendants, JPMC and the WaMu Affiliates. "Released Persons" does not include WMI itself, WMI Investment Corp. and the Washington Mutual, Inc. Liquidating Trust ("WMILT"), and their successors.

"Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, including rights of appeal, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class, and/or individual in nature, including both known claims and "Unknown Claims"

(as defined below), (1) that have been asserted in this Action by Plaintiffs on behalf of the Class, whether before or after certification of the Class, against any of the Released Persons; or (2) that could have been asserted in this Action, or in any other action or forum by or on behalf of the Plaintiffs and/or the members of the Class or any of them against any of the Released Persons which arise out of or are based upon or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action, excluding claims asserted in *Policemen's Annuity and Benefit Fund of the City of Chicago v. Bank of America, et al.*, United States District Court, Southern District of New York, Case No. 1:12-cv-02865-KBF (the "Trustee Action").  "Released Claims" also includes all rights of appeal from any prior decision of the Court in this Action. "Released Claims" shall not include any proofs of claims that Plaintiffs have filed in the Bankruptcy Cases or which might be refiled on behalf of the Class upon the satisfaction of conditions contained within the Order and Stipulation Resolving Debtors' Amended Thirty-Second Omnibus Objection (Substantive) with Respect to Claim Nos. 3812 and 2689 (the "Bankruptcy Stipulation") and the Order Denying MBS Plaintiffs' Motion to Classify Asserted Class Claim as a Class 12 Claim, Finding Proofs of Claim Nos. 4064 and 4069 Prematurely Filed by the MBS Plaintiffs and Granting WMI Liquidating Trust Authority to Release the Reserve in Connection Therewith that come within the scope of the foregoing release, including without limitation proof of claim nos. 3812, 2689, 4064 and 4069.

"Unknown Claims" includes any and all Released Claims which Plaintiffs or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which if known by him, her or it might have affected his, her, or its decision(s) with respect to the Settlement, including any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

"Bankruptcy Cases" means the chapter 11 cases of WMI and WMI Investment in the United States Bankruptcy Court for the District of Delaware, administratively consolidated as Case No. 08-12229 (MFW).

If the proposed Settlement is approved by the Court and becomes final, all Released Claims will be dismissed on the merits and with prejudice as to all Class Members who have not excluded themselves from the Class.  All Defendants will also release all claims they hold against the Plaintiffs and the Class Members that relate to the institution, prosecution or settlement of this Action.

### [EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and you want to keep the right to sue or continue to sue the Defendants on your own about the same claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement.  This is referred to as "opting out" of the Class.  If you have previously opted out of the Class in connection with a prior notice informing you of the certification of the Class, you are already excluded from the Class and do not need to opt out again.

**14.   How do I exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must send a letter by U.S. mail (or an express mail carrier) stating that you want to be excluded from *In re: Washington Mutual Mortgage Backed Securities Litigation*, Case No. C09-0037 (MJP).  You must include your name; address; telephone number; your signature; the amount of Certificates you purchased or otherwise acquired up to and including August 1, 2008; the amount sold during this time period,

if any; and the dates of such purchase, acquisitions, and sales. Your Request for Exclusion must be sent to:

>WaMu MBS Litigation
>c/o The Garden City Group, Inc.
>P.O. Box 9875
>Dublin, OH 43017-5775

Please keep a copy of everything you send by mail, in case it is lost or destroyed during shipping.

Your Request for Exclusion must be **received** no later than _____. You cannot exclude yourself over the phone or by e-mail. If you ask to be excluded, you are not eligible to receive any Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit and you will be able to pursue the claims that are being released in this Settlement at your own expense.

### 15.   If I do not exclude myself, can I sue the Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants or the Released Parties for the claims being released by this Settlement. If you have a pending lawsuit relating to the claims being released in this case against any of the Defendants, speak to your lawyer in that case immediately and give him/her this packet. Remember, the exclusion deadline is _____.

### 16.   If I exclude myself, can I receive a payment from this Settlement?

No. If you exclude yourself, you cannot send in a Claim Form. But, you may sue, continue to sue, or be part of a different lawsuit asserting the claims being released in this Settlement against the Defendants or the Released Parties.]

**THE LAWYERS REPRESENTING YOU**

### 17.   Do I have a lawyer in this case?

The Court has decided that the law firms of Cohen Milstein Sellers & Toll PLLC and Scott + Scott LLP are qualified to represent you and the other Class Members. These law firms are called "Lead Counsel." You will not be individually charged for the lawyers' work. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18.   How will the lawyers be paid?

Plaintiffs' Counsel will apply to the Court for attorney's fees not to exceed 17% of the $26 million Settlement Fund and for reimbursement of their out-of-pocket expenses up to $4 million, which they paid or are payable in this litigation, plus interest on these amounts at the same rate as earned by the Settlement Fund. *The amounts approved by the Court will be paid from the Settlement Fund.* Class Members are not personally liable for any fees or expenses of Plaintiffs' Counsel.

The attorney's fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Plaintiffs' Counsel have not been paid for their services for conducting this litigation on behalf of Plaintiffs and the Class nor for their substantial out-of-pocket expenses. The request is well within the range of fees awarded to class

counsel under similar circumstances in other cases of this type.  The Court may, however, award less than this amount.

**OBJECTING TO THE SETTLEMENT**

19. **How do I tell the Court that I do not like the Settlement?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it.  To object, you must send a letter saying that you object to the Settlement in *In re: Washington Mutual Mortgage Backed Securities Litigation*, Case No. C09-0037 (MJP).  Be sure to include your name; address; telephone number; your signature; the face value of the Certificates you purchased or otherwise acquired; the number sold, if any; and the reasons you object to the Settlement.  Any objection to the Settlement must be mailed or delivered such that it is received by each of the following no later than _____:

*Court*:

Clerk of the Court
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
700 Stewart Street
Seattle, Washington, 98101

*Plaintiffs' Lead Counsel*:

| | |
|---|---|
| Steven J. Toll, Esq. | David Scott, Esq. |
| Joshua S. Devore, Esq. | Beth Kaswan, Esq. |
| Christopher Lometti, Esq. | Anne Box, Esq. |
| Cohen Milstein Sellers & Toll PLLC | John Jasnoch, Esq. |
| 1100 New York Avenue, N.W. | Scott+Scott LLP |
| West Tower, Suite 500 | 707 Broadway, Suite 1000 |
| Washington, DC 20005 | San Diego, CA  92101 |
| Tel.: (202) 408-4600 | Tel.: (619) 233-4565 |
| Fax: (202) 408-4699 | Fax: (619) 233-0508 |

*Counsel for Defendants WaMu Capital Corp. and WaMu Asset Acceptance Corp*:

Evan R. Chesler, Esq.
Daniel Slifkin, Esq.
Michael A. Paskin, Esq.
Wes Earnhardt, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

*Counsel for Defendants*:

David M. Balabanian, Esq.
John D. Pernick, Esq.
Frank Busch, Esq.
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA  94111-4067

[**20. What is the difference between objecting to the Settlement and excluding myself from the Class?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object *only if* you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.]

## THE COURT'S FAIRNESS HEARING

**21. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing at _____, on _____, at the United States District Courthouse, Courtroom _____, 700 Stewart Street, Seattle, Washington, 98101. At this hearing the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have requested in writing by _____ to speak at the hearing. The Court may also consider Plaintiffs' Counsel's application for attorney's fees and reimbursement of expenses.

**22. Do I have to come to the hearing?**

No. Lead Counsel will answer any questions Judge Pechman may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection is received on time, the Court will consider it. You may also pay your own lawyer to attend, but this is not necessary.

**23. May I speak at the hearing?**

You may ask the Court for permission to speak at the hearing. To do so, you must send a letter stating your intention to appear in *In re: Washington Mutual Mortgage Backed Securities Litigation*, Case No. C09-0037 (MJP). Be sure to include your full name, address, telephone number, your signature, and the face value of Certificates you purchased or otherwise acquired. Your notice of intention to appear must be **received** no later than _____, and be sent to the Clerk of the Court, Lead Counsel, and Defendants' Counsel, at the addresses listed in question 18. [You cannot speak at the hearing if you exclude yourself from the Settlement.]

## IF YOU DO NOTHING

**24. What happens if I do nothing at all?**

If you do nothing, you will receive no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or the Released Parties about the same claims being released in this Settlement.

## OBTAINING MORE INFORMATION

**25. Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the Stipulation of Settlement dated September 4, 2012. You can obtain a copy of the Stipulation or more information about the Settlement by contacting the Claims Administrator by facsimile at ____, by phone at (800) 757-9279, or by visiting [http://www.gcginc.com/. You can also obtain a copy of the Stipulation from the Clerk's Office at the United States District Court for the Western District of Washington, U.S. Courthouse, 700 Stewart Street, Lobby Level, Seattle, Washington 98101, during regular business hours.

**SPECIAL NOTICE TO NOMINEES**

If you purchased or otherwise acquired Certificates up to and including August 1, 2008, for the beneficial interest of a person or organization other than yourself, the Court has directed that within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such persons or entities, or (2) provide a list of the names and addresses of such persons or entities to the Claims Administrator:

> WaMu MBS Litigation
> c/o The Garden City Group, Inc.
> P.O. Box 9875
> Dublin, OH 43017-5775
> Tel.: (800) 757-9279

If you choose to mail the Notice and Claim Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

In either case, you may obtain reimbursement for your advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: September ___, 2012

> BY ORDER OF THE COURT
> UNITED STATES DISTRICT COURT
> WESTERN DISTRICT OF WASHINGTON