# EXHIBIT 2

| Must Be Postmarked No Later Than _____, 2012 | WAMU MBS LITIGATION<br>c/o The Garden City Group, Inc.<br>P.O. Box 9875<br>Dublin, OH 43017-5775<br>1-800-757-9279 |  MBS |



Claim Number:

Control Number:

# PROOF OF CLAIM FORM

**YOU MUST SUBMIT THIS PROOF OF CLAIM FORM POSTMARKED BY _____, 2012 TO BE ELIGIBLE TO SHARE IN THE SETTLEMENT.**

**TABLE OF CONTENTS**                                                                PAGE #

PART I - CLAIMANT IDENTIFICATION ........................................................................ 2

PART II - SCHEDULE OF TRANSACTIONS IN MORTGAGE PASS-THROUGH CERTIFICATES ....... 3-5

PART III - RELEASE OF CLAIMS AND SIGNATURE ........................................................ 6-7

REMINDER CHECKLIST ............................................................................................ 8

**Important** - This form should be completed IN CAPITAL LETTERS using BLACK or DARK BLUE ballpoint/fountain pen. Characters and marks used should be similar in the style to the following:

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z 1 2 3 4 5 6 7 0

## PART I - CLAIMANT IDENTIFICATION

**Claimant or Representative Contact Information:**
The Claims Administrator will use this information for all communications relevant to this Claim (including the check, if eligible for payment). If this information changes, you MUST notify the Claims Administrator in writing at the address above.

**Beneficial Owner's Name (First, Middle, Last)     / Joint Owner's Name:**

**Street Address:**

**City:**

**State**                                                                                                                                **Zip Code:**

**Foreign Province**                                                          **Foreign Country**

**Daytime Telephone Number:**                                  **Evening Telephone Number:**

**Last 4 digits of Claimant Social Security Number/Taxpayer ID Number:**

**Record Owner's Name (if known and different from Beneficial Owner listed above):**

**Check appropriate box (check only one box):**

☐ Individual/Sole Proprietor            ☐ Joint Owners            ☐ Pension Plan
☐ Corporation                          ☐ Partnership             ☐ Trust
☐ IRA                                  ☐ Other(describe:_____)

**NOTE:** Separate Proof of Claim Forms should be submitted for each separate legal entity (e.g., a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name). Conversely, a single Proof of Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (e.g., a Corporation with multiple brokerage accounts should include all transactions in certificates on one Proof of Claim Form, no matter how many accounts the transactions were made in).

**NOTICE REGARDING ELECTRONIC FILES:** Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the website at www.gcginc.com or you may email the Claims Administrator at eClaim@gcginc.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at eClaim@gcginc.com to inquire about your file and confirm it was received and acceptable.



3

## PART II - SCHEDULE OF TRANSACTIONS IN MORTGAGE PASS-THROUGH CERTIFICATES

The eligible securities include the following:

| Code | Series | Tranche | CUSIP |
|------|--------|---------|-------|
| C01 | WAMU 2006 - AR7 | 2A | 93363CAB5 |
| C02 | WAMU 2006 - AR17 | 1A | 92925DAA8 |
| C03 | WAMU 2006 - AR18 | 2A | 933637AC4 |
| C04 | WAMU 2006 - AR12 | 1A1 | 93363NAA3 |
| C05 | WAMU 2006 - AR16 | 3B1 | 92925GAP8 |
| C06 | WAMU 2006 - AR16 | 3B2 | 92925GAQ6 |
| C07 | WAMU 2006 - AR16 | 3B3 | 92925GAR4 |

| Code | Series | Tranche | CUSIP |
|------|--------|---------|-------|
| C08 | WAMU 2006 - AR16 | LB1 | 92925GAL7 |
| C09 | WAMU 2006 - AR16 | LB2 | 92925GAM5 |
| C10 | WAMU 2006 - AR16 | LB3 | 92925GAN3 |
| C11 | WAMU 2006 - AR16 | 2A1 | 92925GAC7 |
| C12 | WAMU 2007 - HY1 | 3A3 | 92925VAK6 |
| C13 | WAMU 2007 - HY1 | 1A1 | 92925VAA8 |

1. **PURCHASES AND ACQUISITIONS**: List all Purchases and Acquisitions of Mortgage Pass-Through Certificates between **June 1, 2006** and **August 1, 2008**, inclusive (Must be documented):

| Code* | Trade Date(s) List Chronologically (Month/Day/Year) | Face Value at Time of Purchase | Price Per $1,000 of Original Face Value | Total Cost (Excluding fees, commissions and interest adjustments) |
|-------|------|------|------|------|
| | / / | | . | . |
| | / / | | . | . |
| | / / | | . | . |
| | / / | | . | . |
| | / / | | . | . |

* use information in table above

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐
IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED



4

## PART II - SCHEDULE OF TRANSACTIONS IN MORTGAGE PASS-THROUGH CERTIFICATES (CONT.)

2. **PURCHASES AND ACQUISITIONS:** Total Face Value of Purchases and Acquisitions of Mortgage Pass-Through Certificates between **August 2, 2008** through the close of business on **July 31, 2012** (For balance purposes only):

| Code* | Face Value at Time of Purchase | Price Per $1,000 of Original Face Value |
|---|---|---|
| | | |

3. **SALES:** List all Sales of Mortgage Pass-Through Certificates that were sold through the close of business on **July 31, 2012** (Must be documented):

| Code* | Trade Date(s) List Chronologically (Month/Day/Year) | Face Value at Time of Sale | Price Per $1,000 of Original Face Value | Total Proceeds (Excluding fees, commissions and interest adjustments) |
|---|---|---|---|---|
| | / / | | | |
| | / / | | | |
| | / / | | | |
| | / / | | | |

* use information in table on page 3 of this claim form

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐

IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED



5

## PART II - SCHEDULE OF TRANSACTIONS IN MORTGAGE PASS-THROUGH CERTIFICATES (CONT.)

**4.** **PRINCIPAL PAYMENTS:** List all Principal Payments received on Mortgage Pass-Through Certificates through the close of business on **July 31, 2012**. (Attach documentation if available):

| Code* | Total Proceeds (Excluding fees, commissions and interest adjustments) |
|---|---|
| | . |

**5.** **CERTIFICATES HELD:** List all Mortgage Pass-Through Certificates that continue to be held at the close of business on **July 31, 2012**. (Attach documentation if available):

| Code* | Face Value Held |
|---|---|
| | . . . . . |

* use information in table on page 3 of this claim form

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐

IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED



| PART III - RELEASE OF CLAIMS AND SIGNATURE |
|---|

### The Release

Pursuant to the proposed Settlement, and on the Effective Date, Plaintiffs and other members of the Class who do not exclude themselves will release and forever discharge, and will forever be enjoined from prosecuting, the Released Claims (defined below) against the Released Parties (also defined below).

### Definitions

The "Defendants" include WaMu Asset Acceptance Corp. ("WMAAC"), WaMu Capital Corp ("WCC"), David Beck, Diane Novak, Rolland Jurgens, and Richard Careaga. "Released Persons" include: the Defendants; JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. and their affiliates (collectively, "JPMC"); Washington Mutual Bank ("WMB") and all other entities that were owned directly or indirectly by Washington Mutual, Inc. ("WMI") as of the time immediately prior to the commencement of the FDIC receivership on September 25, 2008 (collectively, with WMB, the "WaMu Affiliates"); the Federal Deposit Insurance Corporation in its capacity as receiver for WMB; together with each of Defendants', JPMC's and the WaMu Affiliates' past or present subsidiaries, parents, successors and predecessors, their officers, directors, shareholders, partners, agents, employees, attorneys, insurers, spouses and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors-in-interest or assigns of the Defendants, JPMC and the WaMu Affiliates. "Released Persons", however, does not include WMI itself, WMI Investment Corp. or Washington Mutual, Inc. Liquidating Trust ("WMILT"), or their successors.

"Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, including rights of appeal, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class, and/or individual in nature, including both known claims and "Unknown Claims" (as defined below), (1) that have been asserted in this Action by Plaintiffs on behalf of the Class, whether before or after certification of the Class, against any of the Released Persons; or (2) that could have been asserted in this Action, or in any other action or forum by or on behalf of the Plaintiffs and/or the members of the Class or any of them against any of the Released Persons which arise out of or are based upon or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action, excluding claims asserted in *Policemen's Annuity and Benefit Fund of the City of Chicago v. Bank of America, et al.*, United States District Court, Southern District of New York, Case No. 1:12-cv-02865-KBF (the "Trustee Action"). "Released Claims" also includes all rights of appeal from any prior decision of the Court in this Action. "Released Claims" shall not include any proofs of claims that Plaintiffs have filed in the Bankruptcy Cases (as defined below) or which might be refiled on behalf of the Class upon the satisfaction of conditions contained within the Order and Stipulation Resolving Debtors' Amended Thirty-Second Omnibus Objection (Substantive) with Respect to Claim Nos. 3812 and 2689 (the "Bankruptcy Stipulation") and the Order Denying MBS Plaintiffs' Motion to Classify Asserted Class Claim as a Class 12 Claim, Finding Proofs of Claim Nos. 4064 and 4069 Prematurely Filed by the MBS Plaintiffs and Granting WMI Liquidating Trust Authority to Release the Reserve in Connection Therewith that come within the scope of the foregoing release, including without limitation proof of claim nos. 3812, 2689, 4064 and 4069. "Bankruptcy Cases" means the chapter 11 cases of WMI and WMI Investment in the United States Bankruptcy Court for the District of Delaware, administratively consolidated as Case No. 08-12229 (MFW).

"Unknown Claims" includes any and all Released Claims which Plaintiffs or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which if known by him, her or it might have affected his, her, or its decision(s) with respect to the Settlement, including any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."


| PART III - RELEASE OF CLAIMS AND SIGNATURE (CONT.) |
|---|

I (We) hereby acknowledge full and complete satisfaction of, and do hereby release, dismiss, and forever discharge each and every Released Claim (including Unknown Claims) against each and all of the Released Persons as defined above,

1. that the Claimant(s) is (are) a Class Member(s), as defined herein and in the Notice;
2. that I (we) have not filed a request for exclusion from the Class and that I (we) do not know of any request for exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in the Certificates at issue herein;
3. that I (we) own(ed) the Certificates identified in the Proof of Claim Form, or that, in signing and submitting this Proof of Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;
4. that Claimant(s) may be eligible to receive a distribution from the Net Settlement Fund;
5. that I (we) agree to furnish such additional information with respect to this Proof of Claim Form as the parties, the Claims Administrator or the Court may require;
6. that I (we) waive trial by jury, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this Proof of Claim Form;
7. that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof; and
8. that I (we) have included information requested above about all of my (our) transactions in the Certificates;

I (We) declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Proof of Claim Form are true and correct and that the documents submitted herewith are true and genuine.

Executed this _____ day of _____ in _____.
(Month) (Year)      (City, State, Country)

_____     _____
Signature of Claimant      Date

_____
Print your name here

_____     _____
Signature of Joint Claimant, if any      Date

_____
Print your name here

**If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:**

_____     _____
Signature of person signing on behalf of Claimant      Date

_____
Print your name here

_____
Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, custodian, etc.

| REMINDER CHECKLIST |
|---|

1. Please sign the Release of Claims and Signature Section of the Proof of Claim Form.

2. If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Please remember to attach supporting documents.

4. **DO NOT SEND** ORIGINALS OF ANY SUPPORTING DOCUMENTS.

5. Keep a copy of your Proof of Claim Form and all documentation submitted for your records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-800-757-9279.

7. If you move, please send your new address to:

**WAMU MBS LITIGATION**
**c/o The Garden City Group, Inc.**
**P.O. Box 9875**
**Dublin, OH 43017-5775**
**1-800-757-9279**

**Do not use highlighter on the Proof of Claim Form or supporting documentation.**

**THIS PROOF OF CLAIM FORM MUST BE POSTMARKED NO LATER THAN _____, 2012, AND MUST BE MAILED TO:**

**WAMU MBS LITIGATION**
**c/o The Garden City Group, Inc.**
**P.O. Box 9875**
**Dublin, OH 43017-5775**
**1-800-757-9279**