The Honorable Marsha J. Pechman



09-CV-00037-JGM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates to: ALL CASES | Master Case No.: C09-0037 (MJP)<br><br>CLASS ACTION<br><br>ORDER AND FINAL JUDGMENT |

On the 11th day of January, 2013, a hearing having been held before this Court to determine: (a) whether the terms of the proposed settlement ("Settlement") described in the Stipulation of Settlement dated September 4, 2012 (the "Stipulation"), are fair, reasonable and adequate, and should be approved by the Court; (b) whether the proposed allocation of the Net Settlement Fund (the "Plan of Allocation") is fair and reasonable and should be approved by the Court; (c) whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release of the Released Claims as against the Released Persons, as set forth in the Stipulation, should be ordered; (d) whether the application of Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (e) such other matters as the Court might deem appropriate; and

ORDER AND FINAL JUDGMENT
C09-0037 (MJP) – Page 1                    EXHIBIT B

1  The Court having considered all matters submitted to it at the hearing held on Jan. 11,
2  2013 and otherwise; and

3  It appearing that a Notice of Proposed Settlement of Class Action, Motion for Attorneys'
4  Fees and Reimbursement of Expenses and Settlement Fairness Hearing ("Notice") substantially
5  in the form approved by the Order for Notice and Hearing dated Sept 19, 2012 was mailed
6  to all persons and entities reasonably identifiable who purchased the Certificates that are the
7  subject of the Action, except those persons and entities excluded from the definition of the Class;
8  and

9  It appearing that a Summary Notice of Pendency and Proposed Settlement of Class
10 Action ("Summary Notice") substantially in the form approved by the Court in the Order for
11 Notice and Hearing was published pursuant to the specifications of the Court, and that a website
12 was used for further availability of the Notice to the Class;

13 NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED
14 THAT:

15 1. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all
16 Class Members and Defendants.

17 2. Unless otherwise defined herein, all capitalized terms used herein shall have the
18 same meanings as set forth and defined in the Stipulation.

19 3. The Court hereby finds that the Notice distributed to the Class provided the best
20 notice practicable under the circumstances. The Notice provided due and adequate notice of
21 these proceedings and the matters set forth herein, including the Settlement and Plan of
22 Allocation of the Settlement Fund, to all persons and entities entitled to such notice, and the
23 Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure,
24 Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by
25 the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.
26 A full opportunity has been offered to the Class Members to object to the proposed Settlement

ORDER AND FINAL JUDGMENT
C09-0037 (MJP) – Page 2                      EXHIBIT B

and to participate in the hearing thereon. Thus, it is hereby determined that all Class Members are bound by this Order and Final Judgment.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement is approved as fair, reasonable and adequate. Plaintiffs and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

5. The Action is hereby dismissed with prejudice and without costs.

6. Plaintiffs and the Class, on behalf of themselves and each of their respective past or present officers, directors, shareholders, employees, agents, attorneys, general or limited partners, managers, members, affiliates, parents, subsidiaries, issues, heirs, spouses, representatives, successors and assigns, and any persons they represent, shall release and forever discharge, and shall forever be enjoined from instituting, commencing or prosecuting, any and all Released Claims against any and all of the Released Persons, whether or not they have submitted a Proof of Claim.

7. Upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and their successors and assigns, shall release and forever discharge each and every one of the Settled Defendants' Claims, and shall forever be enjoined from instituting, commencing or prosecuting the Settled Defendants' Claims.

8. The Court finds that all parties to the Action and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

9. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a) offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any

1   liability, negligence, fault, or wrongdoing of Defendants;

2       (b)   offered or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statements or written document approved or made by any Defendant;

       (c)   offered or received against Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to, or for any other reason, as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder including to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

       (d)   construed against Defendants or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

       (e)   construed as, or received in evidence as, an admission, concession or presumption against the Plaintiffs or the Class that any of its claims are without merit or that damages recoverable under any of the complaints filed in the Action would not have exceeded the Settlement Fund.

      10.   The Released Persons may file the Stipulation and/or this Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

ORDER AND FINAL JUDGMENT
C09-0037 (MJP) – Page 4         EXHIBIT B

11. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12. A separate order shall be entered to approve Plaintiffs' Counsel's application for fees and reimbursement of costs and expenses, and the reimbursement of costs and expenses of Lead Plaintiffs, as allowed by the Court. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the Plan of Allocation or Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses.

13. Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

14. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SIGNED this 11 day of January, 2013

THE HONORABLE MARSHA J. PECHMAN
UNITED STATES DISTRICT JUDGE