THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates to: ALL CASES | Master Case No. 2:09-cv-00037-MJP<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER FOR DISTRIBUTION OF CLASS SETTLEMENT FUND AND REIMBURSEMENT OF PLAINTIFFS' COUNSEL'S EXPENSES.** |

This matter comes before the Court on Lead Counsel's Application in Support of an Order for Distribution of Class Settlement Fund and Reimbursement of Plaintiffs' Counsel's Expenses, made pursuant to Paragraph 10 of the Stipulation of Settlement (the "Stipulation") approved by this Court on January 11, 2013, which requires Lead Counsel to apply to the Court, on notice to Defendants' Counsel, for an order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of claims submitted herein and approving any fees and expenses of the Claims Administrator not previously applied for, and directing payment of the Net Settlement Fund to Authorized Claimants.

**NOW, THEREFORE**, upon review of Lead Counsel's Application for an Order for Distribution of Class Settlement Fund and the accompanying Affidavit of Stephen J. Cirami of

The Garden City Group, Inc., the Claims Administrator, and upon all prior proceedings herein, and after due deliberation, the Court hereby finds and orders as follows:

1. At least 30 (thirty) days have passed since the filing of Lead Counsel's Application for an Order for Distribution of Class Settlement Fund, and no claimant has filed a response to such Application.

2. The administrative determinations of the Claims Administrator accepting the claims as indicated in Exhibit B to the Affidavit of Stephen J. Cirami are approved, and said claims are accepted.

3. The administrative determinations of the Claims Administrator rejecting the claims as described in the Affidavit of Stephen J. Cirami are approved, and said claims are rejected.

4. The balance of the Settlement Fund and interest accrued thereon after deducting the payments and reserves previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the eligible claimants listed in Exhibit B to the Affidavit of Stephen J. Cirami in proportion to the Recognized Loss allocated to each such eligible claimant.

5. The payments to be distributed to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 120 DAYS AFTER ISSUE DATE." Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and/or contact any eligible claimant who has not cashed his, her or its distribution within said time.

6. The Garden City Group, Inc. shall be paid the sum of $216,492.56 from the Settlement Fund and the interest accrued thereon for the balance of its fees and expenses incurred and to be incurred in connection with the services performed and to be performed in giving notice to the Class, preparing tax returns for the Settlement Fund, processing the Proofs of Claim, and administering and distributing the Net Settlement Fund.

7. If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have

Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (a) first to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, which were not previously authorized by the Court to be paid, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution; (b) second to pay any additional settlement administration fees and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if Lead Counsel determines that such second distribution is economically feasible.  If, four (4) months after such second distribution, if undertaken, or if such second distribution is not undertaken four (4) months after the initial distribution, any funds remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, the Claims Administrator shall transfer any funds remaining in the Net Settlement Fund to the Council of Institutional Investors' Research and Education Fund, a nonprofit, nonpartisan 501(c)(3) organization.

8.     All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

9. The Claims Administrator is authorized to discard paper or hard copies of the Proofs of Claim and supporting documents not less than one year after the distribution of the Net Settlement Fund to the Authorized Claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the Authorized Claimants.

10. This Court retains jurisdiction over any further application or matter that may arise in connection with this Action.

11. No claim submitted after November 21, 2013 may be included in the initial distribution for any reason whatsoever.

12. The Court hereby awards Plaintiffs' Counsel reimbursement of litigation expenses in the amount of $43,435.86.  The Court finds that the expenses are reasonable and typical of expenses billed by attorneys to paying clients in the marketplace.

SIGNED this _____ day of _____ 2013.

_____
**THE HONORABLE MARSHA J. PECHMAN**
**UNITED STATES DISTRICT JUDGE**

.